1   that the District Court was aware of the Bankruptcy Case, its effects, and its implications, and that

2   the District Court made its ruling in that context. [1]

3         B.     The Orders are Final and the Proceedings Appropriate

4        At the initial Cash Collateral hearing, from time to time, this Court expressed its concern

5   regarding the procedural posture of the subject District Court Orders, particularly whether they

6   were final in that there was nothing left but to appeal to the 11th Circuit. In that respect, the Debtor

7   has already filed an appeal of both the Omnibus Order and the Clarification Order. A true and

8   correct copy of the Notice of Appeal is attached as Exhibit "M". It is then clear that the Orders of

9   the District Court at issue here are final determinations, not some interim relief pending further

10   adjudication, and they are being treated as final by the Debtor.

11        Moreover, there was no need for the Receiver in the District Court Action to institute a

12   separate plenary proceeding to litigate whether the reserve funds are Receivership property. The

13   District Court's decision to institute a summary proceeding in the District Court Action to

14   ultimately determine that the reserve funds are, indeed, Receivership property was entirely proper

15   because the District Court Action consists, in part, of a receivership proceeding.

16        Issues concerning entitlement to disputed receivership property are typically determined via

17   summary proceedings in the federal court equity receivership context because they save time and

18   money, important considerations for maximizing distributions to legitimately-defrauded investors

19   in any receivership. See SEC v. Wencke, 783 F.2d 829, 837-38 (9th Cir. 1986) (stating that claims

20   of non-parties to property claimed by receivers can be resolved via summary proceedings, which

21   reduce the time necessary to settle disputes, decrease litigation costs and prevent dissipation of

22   receivership assets, as long as there is notice to the non-party and an opportunity to be heard, and

23

24   [1] The Federal Receiver hereby informs this Court that on September 24, 2007 the District Court

25   denied his emergency motion to compel debtor to wire transfer the Receivership Funds on or before Tuesday, September 26, pending this Bankruptcy Court's decision on the Motion. A true and correct copy of the Order is attached as Exhibit "N". This denial, however, does not change

26   anything. The prior rulings and the inapplicability of the automatic stay are not affected, and there

27   is nothing expressed or implied by this order that raises any argument regarding any issue herein or requires interpretation.

28

-5-

1  thus satisfy due process); CFTC v. Topworth Int'l, Ltd., 205 F.3d 1107, 1113 (9th Cir. 2000)

2  (finding that summary procedure was appropriate when party had opportunity to brief issues and

3  defend itself at hearing); SEC vs. Universal Fin., 760 F.2d 1034, 1037 (9th Cir. 1985) (finding that

4  summary proceeding was appropriate when party had ability to take discovery and file briefs,

5  which would have occurred in plenary proceeding); SEC v. Lincoln Thrift Ass'n, 577 F.2d 600,

6  609 (9th Cir. 1978) (finding that district court did not abuse its discretion when conducting

7  summary proceeding).

8      Orders concerning ownership interests entered as a result of summary proceedings are final,

9  appealable orders when such orders resolve the issue of ownership of property. See Topworth

10 Int'l, Ltd., 205 F.3d at 1111-12 (finding that turnover order stating that $300,000 belonged to one

11 party, and not another, was final, appealable order because order disposed of all rights in property).

12     Finally, Integretel had the ability to brief the issue of whether the Receivership Funds are

13 Receivership property in no less than three separate briefs – i.e., a Response to the Receiver's

14 Revised Motion to Show Cause, a Motion to Modify Prior Injunctive Orders, and a Motion to Stay

15 Contract Claims.  Integretel also had the opportunity for oral argument on the issue before the

16 District Court at the hearing on April 12, 2007 in the District Court.  Integretel has clearly had an

17 opportunity to be heard on the issue in the District Court Action via a properly-administered

18 summary proceeding.

19     C.    The District Court has Prior and On Going Jurisdiction over the Receivership Funds

20     The issues in this matter which may appear complex are those pertaining to the jurisdiction

21 over the Receivership Property and proceedings.  As discussed above, this issue should not exist

22 because the District Court has already specifically and expressly ruled that the Receivership Funds

23 are property of the Federal Receiver's Estate and not the Bankruptcy Estate.  Judicial authority

24 demonstrates that those findings, as expressed in the District Court's Clarification Order, were an

25 appropriate exercise of the District Court's jurisdiction.

26     The SEC v. Wolfson, 309 B.R. 612 (D. Utah 2004) is factually and conceptually identical to

27 the matter herein.  There, the SEC prosecuted a civil fraud action against a group of defendants

28 who subsequently filed Chapter 11 Petitions.  These defendants sought to dismiss the SEC's

-6-

1  contempt motion, which, as here, had been brought to enforce previous District Court orders. In

2  particular, four hours before the District Court was to hear that contempt motion, the defendants

3  filed their petitions. The SEC, nevertheless, proceeded with the motion, and defendants argued that

4  further proceedings were barred by the automatic stay. After briefing, the District Court found that

5  the automatic stay did not apply and it granted the SEC's motions, as here, by entering a contempt

6  order expanding the receivership.

7       The District Court initially addressed jurisdiction. It found that it had jurisdiction to

8  determine its jurisdiction and to decide whether the automatic stay is applicable to this litigation.

9       "At the outset, the Court finds that it has jurisdiction to determine its own

10      jurisdiction, as well as to decide whether the automatic stay is applicable to the

11      instant litigation. See In re Baldwin-United Corp. Litig., 765 F.2d 343, 347 (2nd

12      Cir.1985) ("The Court in which the litigation claimed to be stayed is pending has

13      jurisdiction to determine not only its own jurisdiction but also the precise question

14      whether the proceeding pending before it is subject to the automatic stay.");

15      Securities & Exchange Comm'n v. Bilzerian, 131 F.Supp.2d 10, 13-14

16      (D.D.C.2001); Securities & Exchange Comm'n v. First Fin. Group of Tex., 645

17      F.2d 429, 437-40 (5th Cir.1981); cf. In re Pincombe, 256 B.R. 774, 781

18      (Bankr.N.D.Ill.2000) (stating that because the § 362(b)(4) exception takes effect

19      immediately, a governmental agency is not required to seek relief from the stay

20      before continuing proceedings against a debtor)."

21  Wolfson, supra, at 617.

22      The Wolfson Court went on to discuss the District Court's concurrent jurisdiction with the

23  bankruptcy court to determine the effect of the bankruptcy proceeding and the status of property

24  and held, "because the District Court's jurisdiction attached first in time, it was superior."

25      "This Court has concurrent jurisdiction with the Bankruptcy Court to determine

26      the effect of the bankruptcy proceeding on this case. See United States Dep't of

27      Housing & Urban Dev't v. Cost Control Marketing & Sales Mgm't, 64 F.3d 920,

28      927 n. 11 (4th Cir.1995) (citing Brock v. Morysville Body Works, Inc. 829 F.2d

-7-

1    383 (3rd Cir.1987)), cert. denied,517 U.S. 1187, 116 S.Ct. 1673, 134 L.Ed.2d 777

2    (1996); see also In re Dolen, 265 B.R. 471, 476 (Bankr.M.D.Fla.2001) (noting

3    that "[t]he district court has concurrent jurisdiction with the bankruptcy court to

4    determine the extent to which the Section 362 automatic stay limits the actions of

5    the Commission in its ability to pursue the pending district court action.")

6    Further, as the Cost Control court noted, "because the district court's jurisdiction

7    attached first in time, it was superior." Id.; see also United States v. Delta

8    Distributors Co., Inc., 1996 WL 460112 (June 21, 1996 S.D.W.Va.) (finding that

9    "because this Court's jurisdiction attached first in time, it is superior.").

10   Similarly, in Klass v. Klass, the court determined that "[t]he clearly predominant

11   rule is that jurisdiction is concurrent, and that the court in which the non-

12   bankruptcy case is pending may determine the effect of the stay on that case."

13       377 Md. 13, 831 A.2d 1067, 1071 (App.2003) (citing numerous federal cases).

14   Wolfson, supra, at 617-618.

15       Here, as in Wolfson cases cited therein, the District Court has jurisdiction over the property,

16   concurrent jurisdiction over the effect of the bankruptcy proceedings, and its jurisdiction is superior

17   to that of the Bankruptcy Court because it was exercised first. In addition, the District Court's

18   jurisdiction extends to determine the effect of the automatic stay on the case before it, and it has

19   exercised that jurisdiction as well.

20

21                                          **III.**

22                                     **CONCLUSION**

23       It is simply beyond argument that the Receivership Funds have already been adjudged by

24   the District Court's superior jurisdiction as the Receivership property and not property of the

25   Bankruptcy Estate or the Debtor. As a consequence, the Debtor has no right to use that property in

26   respect of its motion for Cash Collateral or otherwise. This Court is respectfully requested to order

27   immediate turnover of the Receivership Property, or to require that it be segregated and accounted

28

                                            -8-

1   for.  In any event, this Court is respectfully requested to provide in any Cash Collateral order that

2   the Debtor is not authorized to use, transfer or otherwise dispose of the Receivership Funds.

3

4   Dated:  September 23, 2007                    DANNING, GILL, DIAMOND & KOLLITZ, LLP

5

6                                                By:  _____

7                                                     WALTER K. OETZELL
                                                     Attorneys for David R. Chase, Court-
8                                                     Appointed Receiver of Access One
                                                     Communications, Inc., and Network One
9                                                     Services, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC.,
et al.

     Defendants.

_____/

## ORDER GRANTING MOTION FOR CLARIFICATION AS TO SCOPE OF STAY

THIS CAUSE comes before the Court pursuant to the FTC's Emergency Motion for Clarification That the Automatic Stay Does Not Apply to the FTC's Law Enforcement Action and the Ongoing Contempt Proceeding, filed September 21, 2007 [DE 618].

Integretel became a Defendant in this action on September 21, 2006. Unbeknownst to the Court, Integretel was holding more than $1.35 million in reserve funds that belonged to two of the Nationwide defendants, Access One and Network One, in spite of several provisions of the Temporary Restraining Order in Preliminary Injunction requiring it to turn said funds over to the Receiver. When the Receiver learned of the existence of these funds, it filed its Motion for an Order to Show Cause Why Integretel Should Not Be Held in Contempt. On Friday, September 14, 2007, this Court issued its Omnibus Order in which it ruled that the reserve funds are the property of the receivership estate and ordered Integretel to pay the current reserve funds, amounting to $1,762,762.56, immediately to the Receiver. The Court also ordered Integretel to show cause in writing within 10 days why it should not be held in contempt for failing to turn

**EXHIBIT L**

**10**

2

over the reserve funds. Two days later, on September 16, 2007, Integretel filed a petition for

Chapter 11 bankruptcy in the United States Bankruptcy Court, Northern District of California,

San Jose Division, Case No. 07-52890. Integretel maintains in its bankruptcy filings that it

"currently owes nothing to Receiver." Integretel further maintains that "it will ultimately

prevail... with respect to amounts which are the subject and required to be paid under the

[Omnibus Order]." On September 20, 2007 **[DE 617]**, the Court stayed this proceeding against

Integretel pursuant to 11 U.S.C. § 362(a). The FTC requests that this Court clarify that the

automatic bankruptcy stay does not apply to the prosecution of its enforcement action or the

ongoing contempt proceeding.

    The FTC's prosecution of this action to protect consumers from unfair and deceptive

trade practices is excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4), the

governmental regulatory exception to the stay. The statute provides as follows:

> (b) the filing of a petition under section 30 1,302, or 303 of this
> title... does not operate as a stay-...
>
> (4) under (1), (2), (3), or (6) of subsection (a) of this section, of the
> commencement or continuation of an action or proceeding by a
> governmental unit...to enforce such governmental unit's...police
> power and regulatory power, including the enforcement of a
> judgment other than a money judgment....

Thus, to the extent provided in the aforementioned section, governmental regulatory or police

actions are excepted from the automatic stay of:

> (1)    the commencement or continuation... of a judicial,
>        administrative, or other action or proceeding against the
>        debtor...;



3

(2)    the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the [bankruptcy] case...;

(3)    any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;... [and]

(6)    any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case....

11 U.S.C. § 362(a). The legislative history specifically states that this exception applies to suits by the government "to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar regulatory laws." H.R. Rep. No. 989, 95th Cong., 2d Sess. 52, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5838.

Various courts have recognized that actions brought by the FTC pursuant to 15 U.S.C. § 53(b), Section 13(b) of the FTC Act, are not subject to the automatic stay. See In re First Alliance Mortgage Co., 264 B.R. 634, 647-51 (C.D. Cal. 2001) (reversing the Bankruptcy Court in holding that FTC's action to enforce consumer protection unfair lending loss falls within the 11 U.S.C. § 362(b)(4) exemption from the stay); FTC v. American Standard Credit Systems, 874 F. Supp. 1080, 1083 (C.D. Cal. 1994).

The FTC also seeks monetary relief, including disgorgement, restitution and consumer redress. The dual purposes of determining unlawful behavior by making such behavior more expensive and holding violating parties accountable bring this action squarely within the police and regulatory powers exemption. See SEC v. Brennan, 230 F.3d 65, 72 (2d Cir. 2000) ("When the government seeks to impose financial liability on a party, it is plainly acting in its police or regulatory capacity..."). Accordingly, the exemption permits continuation of this action for

4

injunctive relief against Integretel and the entry of a money judgment against same.

Nor is the contempt proceeding stayed. First, the automatic stay applies only to protect property of the bankruptcy estate or property of the debtor. See 11 U.S.C. § 362(a)(2). The Court has already ruled that the reserve funds are neither the property of the "bankruptcy estate" nor Integretel. Second, the 11 U.S.C. § 362(b)(4) exception also applies to civil contempt proceedings brought by a governmental unit in the exercise of its police or regulatory powers. See SEC v. Bilzerian, 131 F. Supp. 2d 10, 14 (D.D.C. 2001) (civil contempt proceeding falls within the exception; incarceration of debtor subsequent to failure to provide financial information as required by purgation provision in prior disgorgement order). Finally, the bankruptcy filing does not deprive this Court of its inherent power to enforce the integrity of its orders. "[C]ontempt orders to uphold the dignity of the court are excepted from the automatic stay." NRLB v. Sawulski, 158 B.R. 971, 975 (E.D. Mich. 1993). Accordingly, it is hereby

ORDERED AND ADJUDGED that the motion is GRANTED. The commencement of Integretel's bankruptcy case does not stay either the pending contempt proceeding against Integretel, including the turnover order, or the FTC's prosecution of this consumer protection action against Integretel. The September 20, 2007 Order staying proceedings against Integretel is VACATED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 21ˢᵗ day of September, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80180-Civ-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

NATIONWIDE CONNECTIONS, INC.,
*et. al.*,

        Defendants.

_____/

### Notice of Appeal

Defendant The Billing Resource d/b/a Integretel ("Integretel") hereby appeals to the

United States Court of Appeals for the Eleventh Circuit from the following orders:

1. The "Omnibus Order" dated September 13, 2007 and entered on September 14, 2007

   (Docket Entry 610) and

2. The "Order Granting Motion for Clarification as to Scope of Stay" dated and entered

   on September 21, 2007 (Docket Entry 619).

Please take further notice that there is a related appeal currently pending in the United

States Court of Appeals for the Eleventh Circuit, *Federal Trade Commission v. Nationwide*

*Connections, Inc.*,  Eleventh Circuit Court Case No. 06-16635-E.

Dated: September 24, 2007.

## EXHIBIT M

**14**

Respectfully submitted,

*/s/ Neal Goldfarb*
Richard H. Gordin, Pro hac vice
Neal Goldfarb, Pro hac vice
TIGHE PATTON ARMSTRONG TEASDALE PLLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20006
rgordin@tighepatton.com
ngoldfarb@tighepatton.com
Tel.:   (202) 454-2800
Fax:    (202) 454-2805

*/s/ Scott B. Newman*
Scott B. Newman, Florida Bar No. 339717
Martin J. Alexander, Florida Bar. No. 346845
HOLLAND & KNIGHT LLP
222 Lakeview Ave., Suite 1000
West Palm Beach, Florida 33401
scott.newman@hklaw.com
marty.alexander@hklaw.com
Tel.:   (561) 833-2000
Fax:    (561) 650-8399

*Counsel for The Billing Resource d/b/a Integretel*

TO THE CLERK:

A copy of this notice of appeal should be sent to the attorneys and unrepresented parties

listed on the accompanying service list.

*/s/ Scott B. Newman*
Scott B. Newman

-2-

**15**

## Certificate of Service

I HEREBY CERTIFY that on September 24, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ Scott B. Newman
Scott B. Newman

16

**SERVICE LIST**
**Federal Trade Commission vs. Nationwide Connection, Inc., et al**
**Case No. 06-80180-Civ-Ryskamp/Vitunac**

## CM/ECF Notice List:

LAURA M. KIM, ESQ.
lkim@ftc.gov and ereid@ftc.gov
MICHAEL J. DAVIS, ESQ.
mdavis@ftc.gov
COLLOT GUERARD, ESQ.
cguerard@ftc.gov and cguerard@comcast.net
RICHARD McKEWEN, ESQ.
rmckewen@ftc.gov
ROBERT SCHOSHINSKI, ESQ.
rschoshinski@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., N.W., Room 286
Washington, DC 20580
202-326-3734 telephone (Kim)
202-326-3395 facsimile
*Attorneys for Plaintiff Federal Trade
Commission*

MARK D. JOHNSON, ESQ.
MarkDJohnsonPA@bellsouth.net
Mark D. Johnson, P.A.
10 Central Parkway, Suite 210
Stuart, Florida 34994
772-223-7700 telephone
772-223-1177 facsimile
*Attorneys for Defendants, Yaret Garcia, Erika
Riaboukha and Qaadir Kaid*

MICHAEL GARRETT AUSTIN, ESQ.
maustin@mwe.com
305-347-6517 telephone
STEVEN E. SIFF, ESQ.
ssiff@mwe.com
305-347-6511 telephone
McDermott Will & Emery LLP
201 S Biscayne Boulevard
Suite 2200
Miami, FL 33131-4336
347-6500 facsimile
*Attorneys for Defendants Billing Concepts, Inc.,
ACI Billing Services, Inc. d/b/a OAN, and BSG
Clearing Solutions North America, LLC*

ANDREW G. BERG, ESQ.
ABerg@kslaw.com
CAROLYN TAPIE, ESQ.
ctapie@kslaw.com
KEVIN DINAN, ESQ.
KDinan@kslaw.com
JOHN-DAVID THOMAS, ESQ.
jthomas@kslaw.com
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-4704
202-737-0500 telephone
202-626-3737 facsimile
*Attorneys for Defendants Billing Concepts,
Inc., ACI Billing Services, Inc. d/b/a OAN, and
BSG Clearing Solutions North America, LLC*

**17**

ROSANNE BRADY, ESQ.
Rosanne@macalusolaw.com
PETER N. MACALUSO, ESQ.
peter@macalusolaw.com
The Law Office of Peter N. Macaluso
3302 N. Tampa Street
Tampa, FL 33603
813-251-2831 telephone
813-228-7004 facsimile
*Attorneys for Crossclaim defendant/Third-party
defendant Ronny Morrillo*


DERICK J. RODGERS, ESQ.
drodgers@lawdcm.com
Davis Cedillo & Mendoza Inc
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, TX 78212
210-822-6666 telephone
210-822-1151 facsimile
*Attorneys for Defendants Billing Concepts, Inc.,
ACI Billing Services, Inc. d/b/a OAN, and BSG
Clearing Solutions North America, LLC*


DIANE NOLLER WELLS, ESQ.
dwells@devinegoodman.com
Devine Goodman Pallet & Wells, PA
777 Brickell Avenue, Suite 850
Miami, FL 33131
305-374-8200 telephone
305-374-8208 facsimile
*Attorneys for Second Churchill Way,LLC*


HENRY W. JOHNSON
hjohnson@jzwlawfirm.com
Hume & Johnson
1401 University Drive, Suite 301
Coral Springs, FL 33071
954-755-9880 telephone
*Attorneys for Interested Party John J. Smith*

JEFFREY C. SCHNEIDER, ESQ.
jcs@tewlaw.com
PATRICK J. RENGSTL
pjr@tewlaw.com
MICHELLE T. VISIEDO-HIDALGO, ESQ.
mtv@tewlaw.com
Tew Cardenas LLP
Four Seasons Tower—15th Floor
1441 Brickell Avenue
Miami, FL 33131
305-539-2481 telephone
305-536-1116 facsimile
*Attorneys for Receiver David R. Chase*


GARY M. DUNKEL, ESQ.
dunkelg@gtlaw.com
JASON H. OKLESHEN, ESQ.
okleshenj@gtlaw.com
Greenberg Traurig
Phillips Point – East Tower, Suite 300-E
777 South Flagler Drive
West Palm Beach, FL 33401
561-650-7900 telephone
561-655-6222 facsimile
*Attorneys for Interested Party BHD/Web, LLC*


MICHAEL WOODBURY, ESQ.
michael.woodbury@woodbury-santiago.com
Two Datran Center—Penthouse 1A
9130 South Dadeland Boulevard
Miami, FL 33156
305-669-9570 telephone
305-669-8616 facsimile
*Attorneys for Grunspan Trust, et al*


JOHN W. CHAPMAN, JR., ESQ.
jchapman@nhlslaw.com
Norton Hammersley Lopez & Skokos
1819 Main Street, Suite 610
Sarasota, FL 34236
941-954-4691 telephone
941-954-2128 facsimile
*Attorneys for ThirdParty Plaintiff Systems &
Services Technologies*

RER-12          0789

ROBERT M. WEINBERGER, ESQ.
rmw@fcohenlaw.com
Cohen Norris Scherer Weinberger & Wolmer
712 U.S. Highway 1, Suite 400
North Palm Beach, FL 33408
*Attorneys for Interested Party Denise McCann*

THOMAS G. LONG, ESQ.
tlong@barnettbolt.com
HILDEGUND P. WANDERS, ESQ.
Barnett Bolt Kirkwood & Long
601 Bayshore Boulevard, Suite 700
Tampa, FL 33606
813-253-2020 telephone
813-251-6711 facsimile
*Attorney for BMW Financial Services*

ROBERT VOSS FITZSIMMONS, ESQ.
rvf@kubickidraper.com
Kubicki Draper
City National Bank Building
25 W Flagler Street, Penthouse
Miami, FL 33130-1712
305-982-6741 telephone
305-374-7846 facsimile
*Attorneys for AmeriCredit Financial Services*

CHAD A. DEAN, ESQ.
chad@schuylaw.com
Schuyler Stewart Smith
118 West Adams Street, #800
Jacksonville, FL 32202
904-353-5884 telephone
904-353-5994 facsimile
*Attorneys for Primus Automotive Financial Services and Ford Motor Co. Credit Co.*

BRUCE ERIC BLOCH, ESQ.
sblawfirm@aol.com
Sapurstein & Bloch PA
9700 South Dixie Highway, Suite 1000
Miami, FL 33156
305-670-9500 telephone
305-670-6900 facsimile
*Attorneys for J P Morgan Chase Bank, N.A.*

THEODORE J. LEOPOLD, ESQ.
tleopold@riccilaw.com
Ricci Leopold
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
561-684-6500 telephone
561-515-2610 facsimile
*Attorneys for Interested Party Mercantile Bank*

**Manual Notice List:  (via U.S. Mail)**

WILLOUGHBY FARR, Inmate No. 653974
Avon Park Correctional Institution
PO Box 1100
County Road 64 East
Avon Park, FL 33926-1100
*Defendant, Pro Se*

MARY LOU FARR
c/o James Stonehill
1006 Churchill Circle South
West Palm Beach, FL 33405
*Defendant, Pro Se*

MICHAEL DAVID McDONOUGH, ESQ.
12794 Forest Hill Blvd., Suite 19D
Wellington, FL 33414
561-791-0590 telphone
*Attorney for Crossclaim defendants/Third-party defendants German Miranda and Jesus Sandoval*

Jessy Mendoza
6117 Blue Grass Circle
Lake Worth, FL 33463

**19**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

      Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC., et al.

      Defendants.

_____/

### ORDER DENYING RECEIVER'S EMERGENCY MOTION IN FURTHERANCE OF THE PENDING CONTEMPT PROCEEDING

THIS CAUSE comes before the Court pursuant to the Receiver's Emergency Motion in Furtherance of Pending Contempt Proceeding, filed September 24, 2007 [DE 623]. Integretel objected to the motion on September 24, 2007 [DE 622].

On September 16, 2007, Integretel filed a petition for Chapter 11 bankruptcy in the United States Bankruptcy Court, Northern District of California, San Jose Division, Case No. 07-52890. The Bankruptcy Court conducted a hearing on Friday, September 21, 2007 on Integretel's Motion for Use of Cash Collateral. During the hearing, Integretel argued that it need not transfer the reserve funds to the Receiver. The Bankruptcy Judge has requested additional briefing, with said briefs to be filed and served on Monday, September 24, 2007. A hearing on the Motion for Use of Cash Collateral has been rescheduled for Wednesday, September 26, 2007 at 2:15 p.m., Pacific Time.

The Receiver requests that Integretel wire transfer before 5:00 p.m., Eastern Standard

## EXHIBIT   N

**20**

2

Time, on Tuesday, September 25, 2007, the $1,762,762.56 in reserve funds that this Court had specifically ordered Integretel to "immediately" transferred to the Receiver. In the event that Integretel does not effect said transfer, the Receiver requests that Integretel's designated control person, Ken Dawson, appear before this Court in person on September 26, 2007.

The Court declines to grant the Receiver its requested relief on the grounds that the Bankruptcy Court should have the opportunity to make its own determination as to Integretel's motion. Accordingly, it is hereby

ORDERED AND ADJUDGED that the motion, filed September 24, 2007 [DE 623], is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 24th day of September, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

**RER - 13**

1 | HOWARD KOLLITZ (State Bar No. 059611)
WALTER K. OETZELL (State Bar No. 109769)
2 | STEVEN J. SCHWARTZ (State Bar No. 200586)
DANNING, GILL, DIAMOND & KOLLITZ, LLP
3 | 2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
4 | Telephone: (310) 277-0077
Facsimile: (310) 277-5735
5 | E-mail    sschwartz@dgdk.com

6 | JEFFREY C. SCHNEIDER
TEW CARDENAS LLP
7 | Four Seasons Tower, Fifteenth Floor
1441 Brickell Avenue
8 | Miami, Florida 33131-3407
Telephone: (305) 539-2481
9 | Facsimile: (305) 536-1116

10 | Co-Counsel for Creditor David R. Chase, Federal Receiver
of Access One Communications, Inc., and Network One
11 | Services, Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re | ) Case No. 07-52890-ASW |
| | ) |
| THE BILLING RESOURCE, dba Integretal, a | ) Chapter 11 |
| California corporation, | ) |
| | ) **SECOND REQUEST FOR JUDICIAL** |
| Debtor. | ) **NOTICE OF DAVID R. CHASE,** |
| | ) **FEDERAL RECEIVER, IN** |
| Taxpayer's Identification No. 33-0289863 | ) **OPPOSITION TO: (1) EMERGENCY** |
| | ) **MOTION FOR USE OF CASH** |
| | ) **COLLATERAL AND GRANTING** |
| | ) **REPLACEMENT LIENS; (2)** |
| | ) **EMERGENCY MOTION FOR ORDER** |
| | ) **AUTHORIZING USE OF EXISTING** |
| | ) **BANK ACCOUNTS AND CASH** |
| | ) **MANAGEMENT SYSTEMS; AND (3) EX** |
| | ) **PARTE APPLICATION FOR ORDER** |
| | ) **APPROVING KEN DAWSON AS** |
| | ) **DEBTOR'S DESIGNATED** |
| | ) **RESPONSIBLE INDIVIDUAL** |
| | ) |
| | ) Date:    September 26, 2007 |
| | ) Time:    2:15 p.m. |
| | ) Ctrm:    3020 |
| | ) |
| _____ | ) |

-1-

314330.02 [XP]    24774

1 **TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY**
2 **JUDGE:**

3   Pursuant to Rule 201(d) of the Federal Rules of Evidence, David R. Chase, the duly
4 appointed, qualified and acting Receiver serving under the authority of the United States District
5 Court for the Southern District of Florida in pending case number 06-80180-CIV-RYSKAMP,
6 entitled Federal Trade Commission vs. Nationwide Connections, Inc., Access One
7 Communications, Inc., Network One Connections, Inc., et al. (the "District Court Action"), hereby
8 requests that this Court take judicial notice of the following Orders entered in the District Court
9 Action:

10   1.   A copy of the ORDER STAYING PROCEEDINGS AGAINST DEFENDANT
11 THE BILLING RESOURCE, D/B/A INTEGRETAL, dated September 20, 2007, is attached hereto
12 as **Exhibit K**.

13   2.   A copy of the ORDER GRANTING MOTION FOR CLARIFICATION AS TO
14 SCOPE OF STAY, dated September 21, 2007, is attached hereto as **Exhibit L**, which order vacates
15 the Order Staying Proceedings dated Sept. 20, 2007 (Exhibit K).

16   3.   A copy of the Notice of Appeal filed by the Debtor in the District Court Action,
17 dated September 24, 2007, is attached hereto as **Exhibit M**.

18   4.   A copy of the ORDER DENYING RECEIVER'S EMERGENCY MOTION IN
19 FURTHERANCE OF THE PENDING CONTEMPT PROCEEDING, dated September 24, 2007,
20 is attached hereto as **Exhibit N**.

21

22 Dated: September 26, 2007          DANNING, GILL, DIAMOND & KOLLITZ, LLP

23
24                                   By: _____
25                                   STEVEN J. SCHWARTZ
26                                   Attorneys for David R. Chase, Court-
                                     Appointed Receiver of Access One
27                                   Communications, Inc., and Network One
                                     Services, Inc.
28

-2-

314330.02 [XP]    24774

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC.

FEDERAL TRADE COMMISSION,

      Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC., ET AL.,

      Defendants.

_____/

### ORDER STAYING PROCEEDINGS AGAINST DEFENDANT THE BILLING RESOURCE, D/B/A INTEGRETEL

THIS CAUSE comes before the Court pursuant to the Notice of Bankruptcy, filed September 17 , 2007 [DE 612]. Defendant The Billing Resource, d/b/a Integretel, indicates that it filed a petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, San Jose Division, Case No. 07-52890. Accordingly, the instant action against The Billing Resource, d/b/a Integretel, is subject to the automatic stay set forth in 11 U.S.C. § 362. The automatic stay granted by 11 U.S.C. § 362(a) will remain in effect until the bankruptcy case is dismissed or closed, or until such earlier times as set forth in 11 U.S.C. § 362(c), (d), (e) or (f).

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 20th day of September, 2007.

                                    S/Kenneth L. Ryskamp
                                    KENNETH L. RYSKAMP
                                    UNITED STATES DISTRICT JUDGE

## EXHIBIT K

03

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC.,
et al.

     Defendants.

_____/

## ORDER GRANTING MOTION FOR CLARIFICATION AS TO SCOPE OF STAY

THIS CAUSE comes before the Court pursuant to the FTC's Emergency Motion for

Clarification That the Automatic Stay Does Not Apply to the FTC's Law Enforcement Action

and the Ongoing Contempt Proceeding, filed September 21, 2007 **[DE 618]**.

Integretel became a Defendant in this action on September 21, 2006. Unbeknownst to the

Court, Integretel was holding more than $1.35 million in reserve funds that belonged to two of

the Nationwide defendants, Access One and Network One, in spite of several provisions of the

Temporary Restraining Order in Preliminary Injunction requiring it to turn said funds over to the

Receiver. When the Receiver learned of the existence of these funds, it filed its Motion for an

Order to Show Cause Why Integretel Should Not Be Held in Contempt. On Friday, September

14, 2007, this Court issued its Omnibus Order in which it ruled that the reserve funds are the

property of the receivership estate and ordered Integretel to pay the current reserve funds,

amounting to $1,762,762.56, immediately to the Receiver. The Court also ordered Integretel to

show cause in writing within 10 days why it should not be held in contempt for failing to turn

**EXHIBIT L**

04

2

over the reserve funds. Two days later, on September 16, 2007, Integretel filed a petition for

Chapter 11 bankruptcy in the United States Bankruptcy Court, Northern District of California,

San Jose Division, Case No. 07-52890. Integretel maintains in its bankruptcy filings that it

"currently owes nothing to Receiver." Integretel further maintains that "it will ultimately

prevail... with respect to amounts which are the subject and required to be paid under the

[Omnibus Order]." On September 20, 2007 **[DE 617]**, the Court stayed this proceeding against

Integretel pursuant to 11 U.S.C. § 362(a). The FTC requests that this Court clarify that the

automatic bankruptcy stay does not apply to the prosecution of its enforcement action or the

ongoing contempt proceeding.

    The FTC's prosecution of this action to protect consumers from unfair and deceptive

trade practices is excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4), the

governmental regulatory exception to the stay. The statute provides as follows:

> (b) the filing of a petition under section 30 1,302, or 303 of this
> title... does not operate as a stay-...

> (4) under (1), (2), (3), or (6) of subsection (a) of this section, of the
> commencement or continuation of an action or proceeding by a
> governmental unit...to enforce such governmental unit's...police
> power and regulatory power, including the enforcement of a
> judgment other than a money judgment....

Thus, to the extent provided in the aforementioned section, governmental regulatory or police

actions are excepted from the automatic stay of:

> (1)    the commencement or continuation... of a judicial,
> administrative, or other action or proceeding against the
> debtor...;

05

3

 (2) the enforcement, against the debtor or against property of
the estate, of a judgment obtained before the
commencement of the [bankruptcy] case...;

 (3) any act to obtain possession of property of the estate or of
property from the estate or to exercise control over property
of the estate;... [and]

 (6) any act to collect, assess, or recover a claim against the
debtor that arose before the commencement of the
[bankruptcy] case....

11 U.S.C. § 362(a). The legislative history specifically states that this exception applies to suits

by the government "to prevent or stop violation of fraud, environmental protection, consumer

protection, safety, or similar regulatory laws." H.R. Rep. No. 989, 95th Cong., 2d Sess. 52,

*reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5838.

 Various courts have recognized that actions brought by the FTC pursuant to 15 U.S.C. §

53(b), Section 13(b) of the FTC Act, are not subject to the automatic stay. See In re First

Alliance Mortgage Co., 264 B.R. 634, 647-51 (C.D. Cal. 2001) (reversing the Bankruptcy Court

in holding that FTC's action to enforce consumer protection unfair lending loss falls within the

11 U.S.C. § 362(b)(4) exemption from the stay); FTC v. American Standard Credit Systems, 874

F. Supp. 1080, 1083 (C.D. Cal. 1994).

 The FTC also seeks monetary relief, including disgorgement, restitution and consumer

redress. The dual purposes of determining unlawful behavior by making such behavior more

expensive and holding violating parties accountable bring this action squarely within the police

and regulatory powers exemption. See SEC v. Brennan, 230 F.3d 65, 72 (2d Cir. 2000) ("When

the government seeks to impose financial liability on a party, it is plainly acting in its police or

regulatory capacity..."). Accordingly, the exemption permits continuation of this action for

06

4

injunctive relief against Integretel and the entry of a money judgment against same.

Nor is the contempt proceeding stayed. First, the automatic stay applies only to protect property of the bankruptcy estate or property of the debtor. See 11 U.S.C. § 362(a)(2). The Court has already ruled that the reserve funds are neither the property of the "bankruptcy estate" nor Integretel. Second, the 11 U.S.C. § 362(b)(4) exception also applies to civil contempt proceedings brought by a governmental unit in the exercise of its police or regulatory powers. See SEC v. Bilzerian, 131 F. Supp. 2d 10, 14 (D.D.C. 2001) (civil contempt proceeding falls within the exception; incarceration of debtor subsequent to failure to provide financial information as required by purgation provision in prior disgorgement order). Finally, the bankruptcy filing does not deprive this Court of its inherent power to enforce the integrity of its orders. "[C]ontempt orders to uphold the dignity of the court are excepted from the automatic stay." NRLB v. Sawulski, 158 B.R. 971, 975 (E.D. Mich. 1993). Accordingly, it is hereby

ORDERED AND ADJUDGED that the motion is GRANTED. The commencement of Integretel's bankruptcy case does not stay either the pending contempt proceeding against Integretel, including the turnover order, or the FTC's prosecution of this consumer protection action against Integretel. The September 20, 2007 Order staying proceedings against Integretel is VACATED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 21st day of September, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80180-Civ-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

      Plaintiff,

vs.

NATIONWIDE CONNECTIONS, INC.,
*et. al.*,

      Defendants.
_____/

### Notice of Appeal

Defendant The Billing Resource d/b/a Integretel ("Integretel") hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the following orders:

1. The "Omnibus Order" dated September 13, 2007 and entered on September 14, 2007 (Docket Entry 610) and

2. The "Order Granting Motion for Clarification as to Scope of Stay" dated and entered on September 21, 2007 (Docket Entry 619).

Please take further notice that there is a related appeal currently pending in the United States Court of Appeals for the Eleventh Circuit, *Federal Trade Commission v. Nationwide Connections, Inc.*, Eleventh Circuit Court Case No. 06-16635-E.

Dated: September 24, 2007.

# EXHIBIT M

08

Respectfully submitted,

/s/ Neal Goldfarb
Richard H. Gordin, Pro hac vice
Neal Goldfarb, Pro hac vice
TIGHE PATTON ARMSTRONG TEASDALE PLLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20006
rgordin@tighepatton.com
ngoldfarb@tighepatton.com
Tel.:   (202) 454-2800
Fax:   (202) 454-2805

/s/ Scott B. Newman
Scott B. Newman, Florida Bar No. 339717
Martin J. Alexander, Florida Bar. No. 346845
HOLLAND & KNIGHT LLP
222 Lakeview Ave., Suite 1000
West Palm Beach, Florida 33401
scott.newman@hklaw.com
marty.alexander@hklaw.com
Tel.:   (561) 833-2000
Fax:   (561) 650-8399

*Counsel for The Billing Resource d/b/a Integretel*

TO THE CLERK:

A copy of this notice of appeal should be sent to the attorneys and unrepresented parties

listed on the accompanying service list.

/s/ Scott B. Newman
Scott B. Newman

09

-2-

### Certificate of Service

I HEREBY CERTIFY that on September 24, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ Scott B. Newman
Scott B. Newman

10

**SERVICE LIST**
**Federal Trade Commission vs. Nationwide Connection, Inc., et al**
**Case No. 06-80180-Civ-Ryskamp/Vitunac**

**CM/ECF Notice List:**

LAURA M. KIM, ESQ.
lkim@ftc.gov and ereid@ftc.gov
MICHAEL J. DAVIS, ESQ.
mdavis@ftc.gov
COLLOT GUERARD, ESQ.
cguerard@ftc.gov and cguerard@comcast.net
RICHARD McKEWEN, ESQ.
rmckewen@ftc.gov
ROBERT SCHOSHINSKI, ESQ.
rschoshinski@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., N.W., Room 286
Washington, DC 20580
202-326-3734 telephone (Kim)
202-326-3395 facsimile
*Attorneys for Plaintiff Federal Trade*
*Commission*

MARK D. JOHNSON, ESQ.
MarkDJohnsonPA@bellsouth.net
Mark D. Johnson, P.A.
10 Central Parkway, Suite 210
Stuart, Florida 34994
772-223-7700 telephone
772-223-1177 facsimile
*Attorneys for Defendants, Yaret Garcia, Erika*
*Riaboukha and Qaadir Kaid*

MICHAEL GARRETT AUSTIN, ESQ.
maustin@mwe.com
305-347-6517 telephone
STEVEN E. SIFF, ESQ.
ssiff@mwe.com
305-347-6511 telephone
McDermott Will & Emery LLP
201 S Biscayne Boulevard
Suite 2200
Miami, FL 33131-4336
347-6500 facsimile
*Attorneys for Defendants Billing Concepts, Inc.,*
*ACI Billing Services, Inc. d/b/a OAN, and BSG*
*Clearing Solutions North America, LLC*

ANDREW G. BERG, ESQ.
ABerg@kslaw.com
CAROLYN TAPIE, ESQ.
ctapie@kslaw.com
KEVIN DINAN, ESQ.
KDinan@kslaw.com
JOHN-DAVID THOMAS, ESQ.
jthomas@kslaw.com
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-4704
202-737-0500 telephone
202-626-3737 facsimile
*Attorneys for Defendants Billing Concepts,*
*Inc., ACI Billing Services, Inc. d/b/a OAN, and*
*BSG Clearing Solutions North America, LLC*

11

ROSANNE BRADY, ESQ.
Rosanne@macalusolaw.com
PETER N. MACALUSO, ESQ.
peter@macalusolaw.com
The Law Office of Peter N. Macaluso
3302 N. Tampa Street
Tampa, FL 33603
813-251-2831 telephone
813-228-7004 facsimile
*Attorneys for Crossclaim defendant/Third-party*
*defendant Ronny Morrillo*

DERICK J. RODGERS, ESQ.
drodgers@lawdcm.com
Davis Cedillo & Mendoza Inc
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, TX 78212
210-822-6666 telephone
210-822-1151 facsimile
*Attorneys for Defendants Billing Concepts, Inc.,*
*ACI Billing Services, Inc. d/b/a OAN, and BSG*
*Clearing Solutions North America, LLC*

DIANE NOLLER WELLS, ESQ.
dwells@devinegoodman.com
Devine Goodman Pallet & Wells, PA
777 Brickell Avenue, Suite 850
Miami, FL 33131
305-374-8200 telephone
305-374-8208 facsimile
*Attorneys for Second Churchill Way, LLC*

HENRY W. JOHNSON
hjohnson@jzwlawfirm.com
Hume & Johnson
1401 University Drive, Suite 301
Coral Springs, FL 33071
954-755-9880 telephone
*Attorneys for Interested Party John J. Smith*

JEFFREY C. SCHNEIDER, ESQ.
jcs@tewlaw.com
PATRICK J. RENGSTL
pjr@tewlaw.com
MICHELLE T. VISIEDO-HIDALGO, ESQ.
mtv@tewlaw.com
Tew Cardenas LLP
Four Seasons Tower—15th Floor
1441 Brickell Avenue
Miami, FL 33131
305-539-2481 telephone
305-536-1116 facsimile
*Attorneys for Receiver David R. Chase*

GARY M. DUNKEL, ESQ.
dunkelg@gtlaw.com
JASON H. OKLESHEN, ESQ.
okleshenj@gtlaw.com
Greenberg Traurig
Phillips Point – East Tower, Suite 300-E
777 South Flagler Drive
West Palm Beach, FL 33401
561-650-7900 telephone
561-655-6222 facsimile
*Attorneys for Interested Party BHD/Web, LLC*

MICHAEL WOODBURY, ESQ.
michael.woodbury@woodbury-santiago.com
Two Datran Center—Penthouse 1A
9130 South Dadeland Boulevard
Miami, FL 33156
305-669-9570 telephone
305-669-8616 facsimile
*Attorneys for Grunspan Trust, et al*

JOHN W. CHAPMAN, JR., ESQ.
jchapman@nhlslaw.com
Norton Hammersley Lopez & Skokos
1819 Main Street, Suite 610
Sarasota, FL 34236
941-954-4691 telephone
941-954-2128 facsimile
*Attorneys for ThirdParty Plaintiff Systems &*
*Services Technologies*

-5-

12

ROBERT M. WEINBERGER, ESQ.
rmw@fcohenlaw.com
Cohen Norris Scherer Weinberger & Wolmer
712 U.S. Highway 1, Suite 400
North Palm Beach, FL 33408
*Attorneys for Interested Party Denise McCann*

THOMAS G. LONG, ESQ.
tlong@barnettbolt.com
HILDEGUND P. WANDERS, ESQ.
Barnett Bolt Kirkwood & Long
601 Bayshore Boulevard, Suite 700
Tampa, FL 33606
813-253-2020 telephone
813-251-6711 facsimile
*Attorney for BMW Financial Services*

ROBERT VOSS FITZSIMMONS, ESQ.
rvf@kubickidraper.com
Kubicki Draper
City National Bank Building
25 W Flagler Street, Penthouse
Miami, FL 33130-1712
305-982-6741 telephone
305-374-7846 facsimile
*Attorneys for AmeriCredit Financial Services*

CHAD A. DEAN, ESQ.
chad@schuylaw.com
Schuyler Stewart Smith
118 West Adams Street, #800
Jacksonville, FL 32202
904-353-5884 telephone
904-353-5994 facsimile
*Attorneys for Primus Automotive Financial
Services and Ford Motor Co. Credit Co.*

BRUCE ERIC BLOCH, ESQ.
sblawfirm@aol.com
Sapurstein & Bloch PA
9700 South Dixie Highway, Suite 1000
Miami, FL 33156
305-670-9500 telephone
305-670-6900 facsimile
*Attorneys for J P Morgan Chase Bank, N.A.*

THEODORE J. LEOPOLD, ESQ.
tleopold@riccilaw.com
Ricci Leopold
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
561-684-6500 telephone
561-515-2610 facsimile
*Attorneys for Interested Party Mercantile Bank*

**Manual Notice List: (via U.S. Mail)**

WILLOUGHBY FARR, Inmate No. 653974
Avon Park Correctional Institution
PO Box 1100
County Road 64 East
Avon Park, FL 33926-1100
*Defendant, Pro Se*

MARY LOU FARR
c/o James Stonehill
1006 Churchill Circle South
West Palm Beach, FL 33405
*Defendant, Pro Se*

MICHAEL DAVID McDONOUGH, ESQ.
12794 Forest Hill Blvd., Suite 19D
Wellington, FL 33414
561-791-0590 telphone
*Attorney for Crossclaim defendants/Third-party
defendants German Miranda and Jesus
Sandoval*

Jessy Mendoza
6117 Blue Grass Circle
Lake Worth, FL 33463

13

RER-13       0805

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC., et al.

     Defendants.

_____/

### ORDER DENYING RECEIVER'S EMERGENCY MOTION IN FURTHERANCE OF THE PENDING CONTEMPT PROCEEDING

THIS CAUSE comes before the Court pursuant to the Receiver's Emergency Motion in Furtherance of Pending Contempt Proceeding, filed September 24, 2007 [DE 623]. Integretel objected to the motion on September 24, 2007 [DE 622].

On September 16, 2007, Integretel filed a petition for Chapter 11 bankruptcy in the United States Bankruptcy Court, Northern District of California, San Jose Division, Case No. 07-52890. The Bankruptcy Court conducted a hearing on Friday, September 21, 2007 on Integretel's Motion for Use of Cash Collateral. During the hearing, Integretel argued that it need not transfer the reserve funds to the Receiver. The Bankruptcy Judge has requested additional briefing, with said briefs to be filed and served on Monday, September 24, 2007. A hearing on the Motion for Use of Cash Collateral has been rescheduled for Wednesday, September 26, 2007 at 2:15 p.m., Pacific Time.

The Receiver requests that Integretel wire transfer before 5:00 p.m., Eastern Standard

**EXHIBIT N**

14

2

Time, on Tuesday, September 25, 2007, the $1,762,762.56 in reserve funds that this Court had specifically ordered Integretel to "immediately" transferred to the Receiver. In the event that Integretel does not effect said transfer, the Receiver requests that Integretel's designated control person, Ken Dawson, appear before this Court in person on September 26, 2007.

The Court declines to grant the Receiver its requested relief on the grounds that the Bankruptcy Court should have the opportunity to make its own determination as to Integretel's motion. Accordingly, it is hereby

ORDERED AND ADJUDGED that the motion, filed September 24, 2007 [DE 623], is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 24th day of September, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

15

# RER - 14

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  STEVEN B. SACKS, Cal. Bar No. 98875
   JEFFREY K. REHFELD, Cal. Bar No. 188128
4  ORI KATZ, Cal. Bar No. 209561
   Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4106
   Telephone:    415-434-9100
6  Facsimile:    415-434-3947
   Email:        mahrens@sheppardmullin.com
7                ssacks@sheppardmullin.com
                 jrehfeld@sheppardmullin.com
8                okatz@sheppardmullin.com

9  Proposed Attorneys for THE BILLING RESOURCE,
   dba INTEGRETEL
10
                 UNITED STATES BANKRUPTCY COURT
11                NORTHERN DISTRICT OF CALIFORNIA
                        [SAN JOSE DIVISION]
12

| | |
|---|---|
| 13  In re | Case No. 07-52890 |
| 14  THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | Chapter 11 |
| 15                        Debtor. | |
| 16  Tax ID: 33-0289863 | Adv. Proc. No. 07-05156 |
| 17 | **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION AND DECLARATORYRELIEF** |
| 18  THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | |
| 19                        Plaintiff, | |
| 20 | Date:       September 26, 2007 |
| 21         v. | Time:       2:15 p.m. |
| 22  FEDERAL TRADE COMMISSION, and DAVID R. CHASE, not individually, but solely in his | Place:      United States Bankruptcy Court:       280 South First Street |
| 23  capacity as receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network | San Jose, California |
| 24  One Services, Inc., 411TXT, Inc., CELL-INFO-USA, INC., Enhanced Billing Services, Inc., Toll | Judge:      Arthur S. Weissbrodt Courtroom: 3020 |
| 25  Free Connect, Inc., Cripple Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's | |
| 26  Gone, LLC, The Other One, LLC, Turn on Your Love Light, LLC, China Cat Sunflower, LLC, Lazy | |
| 27  River Road Holdings, LLC, | |
|                        Defendant. | |
| 28 | |

1  **TO THE DEFENDANTS:  FEDERAL TRADE COMMISSION, AND DAVID R. CHASE,**[1]
**AND THEIR RESPECTIVE ATTORNEYS OF RECORD, THE UNITED STATES**
2  **TRUSTEE, AND CERTAIN PARTIES IN INTEREST INCLUDING THEIR ATTORNEYS**
**OF RECORD:**
3

4          The Billing Resource, dba Integretel, a California corporation and the plaintiff in

5  this action ("Plaintiff" or the "Debtor"), hereby files this motion (the "Emergency Motion") and

6  moves the Court on an emergency basis for a temporary restraining order and an order to show

7  cause why a preliminary injunction should not be entered against the Federal Trade Commission

8  (the "FTC"), David R. Chase (the "Receiver") and all persons acting in concert or participating

9  with the FTC and the Receiver, or either of them.

10          This Emergency Motion is made pursuant to Section 105 of the Bankruptcy Code,

11  Bankruptcy Local Rules 1001-2(a)(54), 7007-1 and 9013-1 and Northern District Local Rule 65-1.

12                                    DISCUSSION

13          By way of the Emergency Motion the Debtor seeks to stay the proceedings against

14  the Debtor in the action (the "Florida Action") brought by the FTC against the Debtor in the

15  United States District Court for the Southern District of Florida (the "Florida Court"), including

16  the enforcement of orders made in the Florida Action for the payment of money.  Among those

17  orders is an order (the "Payment Order") for the Debtor to pay the Receiver an amount in excess

18  of $1.7 million.  The Florida Court has ruled the Payment Order is not subject to the automatic

19  stay.  The Debtor strenuously disagrees with that ruling and has filed an appeal to the Eleventh

20  Circuit Court of Appeals.  Only this Court, however, can issue a stay pursuant to Bankruptcy Code

21  section 105 based upon its consideration of the Debtor's reorganization and the effect of the

22  Florida Action on this bankruptcy case.

23

24

_____

25  [1] References in this motion to "David R. Chase" are to David R. Chase not individually, but solely
in his capacity as receiver for the following entities: Nationwide Connections, Inc., Access One
26  Communications, Inc. ("Access One"), Network One Services, Inc. ("Network One"), 411TXT,
Inc., CELL-INFO-USA, INC., Enhanced Billing Services, Inc., Toll Free Connect, Inc., Cripple
27  Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's Gone, LLC, The Other One,
LLC, Turn on Your Love Light, LLC, China Cat Sunflower, LLC, Lazy River Road Holdings,
28  LLC, or certain of them, not individually.

W02-WEST:FKA\400327174.3

EMERGENCY MOTION FOR TRO AND OSC RE
PRELIMINARY INJUNCTION

1        The Debtor seeks a temporary restraining order and an order to show cause why a

2  preliminary injunction should not be issued. Such relief is sought on the basis that: (a) the Debtor

3  has a reasonable likelihood of a successful reorganization, (b) the Debtor will suffer irreparable

4  harm and severe hardship if it is required to defend the Florida Action or comply with the Payment

5  Order, (c) no serious hardship will befall the FTC or the Receiver if the Florida Action is stayed,

6  (d) serious questions are raised regarding the protection of the Debtor's rights under the

7  Bankruptcy Code, and the balance of hardships tips strongly in favor of the granting a temporary

8  restraining order and a preliminary injunction, and (e) granting a stay under these circumstances

9  consistent with the public interest. Each of these points is discussed in detail in the concurrently

10  filed memorandum of points and authorities (the "Memorandum") in support of this Emergency

11  Motion and the other supporting papers.

12        Pursuant to Federal Rule of Bankruptcy Procedure 7065, the Debtor requests that

13  such a temporary restraining order be issued without compliance with Federal Rule of Civil

14  Procedure 65(c). Unless the Debtor obtains immediate relief from this Court, the Debtor will be

15  unable to stay in business, pursue reorganization under Chapter 11, or treat its unsecured

16  prepetition creditors equally.

17        A proposed order granting the relief requested in this Emergency Motion, including

18  the requested temporary restraining order is attached to this Emergency Motion as Exhibit A. A

19  copy of the complaint filed in the above-referenced adversary proceedings is attached to the

20  Declaration of Steven B. Sacks as Exhibit C.

21        The relief sought is based on this Emergency Motion, the accompanying

22  Memorandum, the concurrently filed declarations of Ken Dawson (the "Dawson Declaration"),

23  Steven B. Sacks (the "Sacks Declaration"), and Neal Goldfarb (the "Goldfarb Declaration"), the

24  Proposed Order, the record in this bankruptcy case and this adversary proceeding, and any

25  admissible evidence presented to the Court at or prior to the hearing on this Emergency Motion.

26        WHEREFORE, the Debtor requests that the Court: (a) grant the relief requested in

27  this Emergency Motion and enter a temporary restraining order and an order to show cause why a

28

1  preliminary injunction should not be entered as requested, and (b) grant such other relief as the

2  Court deems necessary and appropriate.

3  Dated:  September 24, 2007

4                                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6          By      /s/ Steven B. Sacks

7                                    MICHAEL H. AHRENS
                                     STEVEN B. SACKS

8                                Proposed Attorneys for Plaintiff and Debtor, The
9                                Billing Resource, dba Integretel

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:FKA\400327174.4

EMERGENCY MOTION FOR TRO AND OSC RE
PRELIMINARY INJUNCTION

# EXHIBIT A

1   SHEPPARD, MULLIN, RICHTER &
    HAMPTON LLP
2     A Limited Liability Partnership
      Including Professional Corporations
3   MICHAEL H. AHRENS,
    Cal. Bar No. 44766
4   STEVEN B. SACKS,
    Cal. Bar No. 98875
5   ORI KATZ, Cal. Bar No. 209561
    Four Embarcadero Center, 17th Floor
6   San Francisco, California  94111-4106
    Telephone:    415-434-9100
7   Facsimile:    415-434-3947

8   Proposed Attorneys for The Billing
    Resource, dba Integretel
9

10              UNITED STATES BANKRUPTCY COURT
                NORTHERN DISTRICT OF CALIFORNIA
11                   [SAN JOSE DIVISION]

12  | In re | Case No. 07-52890 |
13  | THE BILLING RESOURCE, dba | Chapter 11 |
14  | INTEGRETEL, a California corporation, | |
15  | Debtor. | |
16  | | |

17  | THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | Adv. Proc. No. 07-05156 |
18  | Plaintiff, | **[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND DECLARATORY RELIEF** |
19  | v. | |
20  | FEDERAL TRADE COMMISSION, and DAVID R. CHASE, not individually, but | |
21  | solely in his capacity as receiver for Nationwide Connections, Inc., Access One | Date:     September 26, 2007 |
22  | Communications, Inc., Network One Services, Inc., 411TXT, Inc., CELL-INFO-USA, INC., | Time:     2:15 p.m. |
23  | Enhanced Billing Services, Inc., Toll Free | Place:    United States Bankruptcy Court |
24  | Connect, Inc., Cripple Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's | 280 South First Street |
25  | Gone, LLC, The Other One, LLC, Turn on Your Love Light, LLC, China Cat Sunflower, | San Jose, California |
26  | LLC, Lazy River Road Holdings, LLC, | Judge:    Hon. Arthur S. Weissbrodt |
27  | Defendant. | Courtroom: 3020 |

28

---

W02-WEST:FJR\400327504.2          [PROPOSED] TEMPORARY RESTRAINING ORDER AND
                                  ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

TO THE DEFENDANTS:  FEDERAL TRADE COMMISSION, and DAVID R. CHASE, not individually, but solely in his capacity as receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., 411TXT, Inc., CELL-INFO-USA, INC., Enhanced Billing Services, Inc., Toll Free Connect, Inc., Cripple Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's Gone, LLC, The Other One, LLC, Turn on Your Love Light, LLC, China Cat Sunflower, LLC, Lazy River Road Holdings, LLC, HIS ATTORNEYS OF RECORD, AND THE UNITED STATES TRUSTEE,·

   **YOU ARE HEREBY ORDERED TO SHOW CAUSE** at ___:__ __.m. on _____

___, 2007, or as soon thereafter as counsel may be heard in the courtroom of the Honorable Arthur

S. Weissbrodt, located at 280 South First Street, San Jose, California, Courtroom 3020 (the "Order

to Show Cause re Preliminary Injunction and Declaratory Relief Hearing"), why the following

actions should not be restrained and enjoined pending the entry of a plan confirmation order in this

bankruptcy case:

   (1) the pursuit by you, your officers, agents, servants, employees and attorneys and those

in active concert or participation with you or them, of any relief against The Billing Resource, dba

Integretel (the "Debtor" or "Integretel"), the Debtor's property, and/or property of the Debtor's

bankruptcy estate in that certain action captioned <u>Federal Trade Commission v. Nationwide</u>

<u>Connections, Inc., et al.</u>, Case No. 06-80180-Civ-Ryskamp (the "Florida Action") pending in the

United States District Court for the Southern District of Florida (the "Florida Court"); and

   (2) the implementation or enforcement as to the Debtor of that certain Omnibus Order (the

"Payment Order"), entered on the docket by the Florida Court in the Florida Action on September

14, 2007, which Payment Order among other things requires the Debtor to pay certain funds into

the Florida Court's registry.

   **YOU ARE ALSO HEREBY ORDERED THAT** the following actions are restrained and

enjoined pending the Order to Show Cause re Preliminary Injunction and Declaratory Relief

Hearing:

   (1) the pursuit by you, your officers, agents, servants, employees and attorneys and those

in active concert or participation with you or them, of any relief against The Billing Resource, dba

-1-

1  Integretel (the "Debtor" or "Integretel"), the Debtor's property, and/or property of the Debtor's

2  bankruptcy estate in the Florida Action pending in the Florida Court; and

3      (2) the implementation or enforcement as to the Debtor of the Payment Order.

4      **IT IS ALSO HEREBY ORDERED THAT** this "Temporary Restraining Order And

5  Order To Show Cause Re Preliminary Injunction And Declaratory Relief" (the "Order To Show

6  Cause") and all supporting pleadings and papers must be served by the Debtor on Defendants by

7  personal service, email or overnight delivery by no later than _____ ___, 2007, and proof of

8  service thereof shall be filed no later than _____ ___, 2007.  Any response or opposition to this

9  Order To Show Cause must be filed and served personally or by email on the Debtor's counsel no

10  later than _____ ___, 2007, and proof of service shall be filed no later than _____ ___,

11  2007.  The Debtor may, but is not required to, file and serve a reply to any response or opposition

12  prior to the Order to Show Cause re Preliminary Injunction and Declaratory Relief Hearing.

13

14                              ** END OF ORDER **

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

W02-WEST:FJR\400327504.2

[PROPOSED] TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

1              COURT SERVICE LIST

2    Office of the U.S. Trustee
     Office of the U.S. Trustee
3    Attn: Edwina Dowell, Esq.
     280 South First Street, Room 268
4    San Jose, CA 95113

5    The Billing Resource dba Integretel
     The Billing Resource dba Integretel
6    Attn: Ken Dawson
     5883 Rue Ferrari
7    San Jose, CA 95138

8    Proposed counsel for The Billing Resource dba Integretel
     Sheppard, Mullin, Richter & Hampton LLP
9    Attn: Michael H. Ahrens, Esq.
     4 Embarcadero Center, 17th Floor
10   San Francisco, CA 94111-4106

11   David R. Chase, Receiver
     David R. Chase, Receiver for Access One Communications,
12            Inc. and Network One Services, Inc.
     David R. Chase, P.A.
13   Wachovia Center-Penthouse
     1909 Tyler Street
14   Hollywood, FL 33020

15   Counsel for the Receiver David R. Chase
     Jeffrey C. Schneider, Esq.
16   Michelle T. Visiedo, Esq.
     Tew Cardenas LLP
17   Four Seasons Tower – 15th Floor
     1441 Brickell Avenue
18   Miami, FL 33131

19   Counsel for the Receiver David R. Chase
     Walter Oetzell, Esq.
20   Danning, Gill, Diamond & Kollitz, LLP
     2029 Century Park East, Third Floor
21   Los Angeles, CA 90067-2904

22   Counsel for the Federal Trade Commission
     Laura M. Kim, Esq.
23   Michael J. Davis, Esq.
     Collot Guerard, Esq.
24   Federal Trade Commission
     600 Pennsylvania Avenue, NW, Room 286
25   Washington, DC 20580

26   Federal Trade Commission
     Associate Director, Division of Marketing Practices
27   Federal Trade Commission, H-238
     600 Pennsylvania Avenue, N.W.
28

-3-

W02-WEST:FJR\400327504.2

[PROPOSED] TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

1 | Washington, D.C.  20580

2 | Notice for Federal Trade Commission
United States Attorney
3 | (For Federal Trade Commission)
450 Golden Gate Avenue
4 | San Francisco, CA  94102

5 | Notice for Federal Trade Commission
United States Attorney
6 | (For Federal Trade Commission)
150 Almaden Boulevard, Suite 900
7 | San Jose, CA  95113

8 | Notice for Federal Trade Commission
United States Attorney
9 | Civil Division
Attn:  Civil Process Clerk
10 | 450 Golden Gate Avenue
San Francisco, CA  94102-3400

11 |

12 | Notice for Federal Trade Commission
United States Attorney
Civil Division
13 | Attn:  Civil Process Clerk
150 Almaden Boulevard, Suite 900
14 | San Jose, CA  95113

15 | Notice for Federal Trade Commission
United States Department of Justice
16 | Civil Trial Section, Western Region
Box 683, Ben Franklin Station
17 | Washington, DC  20044

18 | Notice for Federal Trade Commission
U.S. Department of Justice
19 | Office of the Attorney General
950 Pennsylvania Avenue, NW
20 | Washington, DC  20530-0001

21

22

23

24

25

26

27

28

-4-

[PROPOSED] TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  STEVEN B. SACKS, Cal. Bar No. 98875
   JEFFREY K. REHFELD, Cal. Bar No. 188128
4  ORI KATZ, Cal. Bar No. 209561
   Four Embarcadero Center, 17th Floor
5  San Francisco, California  94111-4106
   Telephone:    415-434-9100
6  Facsimile:    415-434-3947

7  Proposed Attorneys for The Billing Resource, dba
   Integretel
8
                    UNITED STATES BANKRUPTCY COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                         [SAN JOSE DIVISION]
11

12  | In re | Case No. 07-52890 |
13  | THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | Chapter 11 |
14  | Debtor. | |
15  | Tax ID: 33-0289863 | |
16  | | |
17  | THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | Adv. Proc. No. 07-05156 |

18  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND DECLARATORY RELIEF**

   Plaintiff,

19       v.

20  FEDERAL TRADE COMMISSION, and
21  DAVID R. CHASE, not individually, but
   solely in his capacity as receiver for
22  Nationwide Connections, Inc., Access One
   Communications, Inc., Network One Services,
23  Inc., 411TXT, Inc., CELL-INFO-USA, INC.,
   Enhanced Billing Services, Inc., Toll Free
24  Connect, Inc., Cripple Creek Holdings, LLC,
   Built to Last, LLC, Not Fade Away, LLC, He's
25  Gone, LLC, The Other One, LLC, Turn on
   Your Love Light, LLC, China Cat Sunflower,
26  LLC, Lazy River Road Holdings, LLC,

27       Defendants.

28

Date:      September 26, 2007
Time:      2:15 p.m.
Place:     United States Bankruptcy Court
           280 South First Street
           San Jose, California
Judge:     Hon. Arthur S. Weissbrodt
Courtroom: 3020

W02-WEST:5SS1\400436007.4

MEMORANDUM OF P&A'S RE EMERGENCY
MOTION FOR TRO . . .

RER-14          0818

## TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................... 1

II.     FACTUAL STATEMENT ....................................................................... 4

        A.      The Debtor's Business. ........................................................... 4

        B.      The Florida Action and the Debtor's Bankruptcy Filing. ................ 5

        C.      Irreparable Injury Will Occur Absent A Stay Of The Payment Order
                And The Florida Action......................................................... 8

        D.      The Debtor Has a Reasonable Likelihood of a Successful
                Reorganization................................................................... 10

III.    RELIEF REQUESTED ........................................................................ 10

IV.     ARGUMENT....................................................................................... 11

        A.      The Court Has Authority Under Section 105 to Stay the Florida
                Action. ............................................................................. 11

        B.      The Debtor Has Shown Entitlement to a Stay Under the Preliminary
                Injunction Standard in this Circuit. ......................................... 11

                1.      The Debtor Has a Reasonable Likelihood of a Successful
                        Reorganization......................................................... 12

                2.      The Debtor Will Suffer Irreparable and Severe Hardship if
                        Required to Defend the Florida Action or Comply with the
                        Payment Order........................................................... 13

                3.      No Serious Hardship will Befall the FTC or the Receiver if the
                        Florida Action is Stayed. .............................................. 14

                4.      Serious Questions Are Raised And The Balance Of Hardships
                        Tips Strongly In Favor Of Granting A TRO And Preliminary
                        Injunction.............................................................. 15

                5.      Granting a Stay is not Inconsistent with the Public Interest. ......... 16

V.      NOTICE............................................................................................. 17

VI.     CONCLUSION .................................................................................... 17

-i-

1

<u>TABLE OF AUTHORITIES</u>

2

FEDERAL CASES

3

4
<u>In re Bonner Mall Partnership</u>,
2 F.3d 899, 915 (9th Cir. 1993), <u>dismissed as moot</u>, 513 U.S. 18 (1994)...............................16

5
<u>Canter v. Canter (In re Canter)</u>,
299 F.3d 1150 (9th Cir. 2002).........................................................................................1

6

7
<u>Caribbean Marine Services Co. v. Baldrige</u>,
844 F.2d 668 (9th Cir. 1988)........................................................................................13

8
<u>FTC v. First Alliance Mortgage Co. (In re First Alliance Mortgage Co.)</u>,
264 B.R. 634 (C.D. Calif. 2001)...................................................................................13

9
<u>Gruntz v. County of Los Angeles (In re Gruntz)</u>,
202 F.3d 1074 (9th Cir. 2000).......................................................................................11

10
<u>Homestead Holdings, Inc. v. Broome & Wellington (In re PTI Holding Corp.)</u>,
346 B.R. 820 (Bankr. D. Nev. 2006).......................................................................12, 14

11

12
<u>NLRB v. Bildisco & Bildisco</u>,
465 U.S. 513 (1984).......................................................................................................16

13
<u>NLRB v. Superior Forwarding, Inc.</u>,
762 F.2d 695 (8th Cir. 1985).........................................................................................13

14
<u>Save Our Sonoran, Inc. v. Flowers</u>,
408 F.3d 1113 (9th Cir. 2005).......................................................................................12

15

16
<u>Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)</u>,
___ F.3d ___, 2007 WL. 2555941,
07 Cal. Daily Op. Serv. 10,857 (9th Cir. 9/7/2007) ...............................................11-12

17
<u>Walsh v. West Virginia (In re Security Gas & Oil, Inc.)</u>,
70 B.R. 786 (Bankr. N.D. Cal. 1987)............................................................................11

18

19

FEDERAL STATUTES

20
11 U.S.C.
21
§ 105 ........................................................................................1, 3, 11-12
§ 362(b)(4)...............................................................................1-2, 11

22
28 U.S.C.
§ 157(b)(2)(K) .................................................................................3

23

24

MISCELLANEOUS

25
H.R.Rep. No. 95-595 (1977) .........................................................................................11

26

27

28

-ii-

MEMORANDUM OF P&A'S RE EMERGENCY
MOTION FOR TRO . .

# I.

# **INTRODUCTION**

The Billing Resource, dba Integretel, a California corporation (the "Debtor" or "Integretel"), the plaintiff in the above-captioned adversary proceeding and the debtor in the underlying bankruptcy case, seeks on an emergency basis an order from this Court staying pursuant to Section 105 of the Bankruptcy Code the proceedings against the Debtor in the action brought by the Federal Trade Commission (the "FTC") in the United States District Court for the Southern District of Florida (the "Florida Court"), including the enforcement of orders made in the Florida Action for the payment of money. Unless the Debtor obtains relief from this Court, the Debtor will be unable to stay in business, pursue reorganization under Chapter 11, or treat its unsecured prepetition creditors equally.

The Florida Action "threaten[s] the integrity" of the bankruptcy estate, which is "precisely" the instance in which "Section 105 contemplates injunctive relief." Canter v. Canter (In re Canter), 299 F.3d 1150, 1155 (9th Cir. 2002) (citation omitted). The Florida Court has issued an order for the Debtor to pay a receiver appointed in the Florida Action (the "Receiver") an amount in excess of $1.7 million (the "Payment Order"), which the Florida Court has ruled is not subject to the automatic stay. The Debtor strenuously disagrees with that ruling, and has filed an appeal to the Eleventh Circuit Court of Appeals.[1] Only this Court, however, can issue a stay pursuant to Bankruptcy Code section 105 based upon its consideration of the Debtor's reorganization and the effect of the Florida Action on this bankruptcy case. This Court can and should use its powers under Section 105 independently of the issue of whether the Florida Court's ruling concerning the automatic stay is correct.

---

[1] Integretel concedes that the FTC's prosecution of the Florida Action is not subject to the automatic stay pursuant to 11 U.S.C. § 362(b)(4). However, the Debtor contends that the Receiver's efforts to enforce the Amended Preliminary Injunction against Integretel and his demand for payment of over $1.7 million to the receivership estate are stayed and the Debtor has appealed the Florida Court's orders insofar as it ruled differently. The Debtor is seeking a stay pending appeal of this portion of the District Court's order.

-1-

1   Moreover, the Debtor needs the immediate ruling of this Court because the
2   Receiver persists in efforts to collect money from the Debtor without regard to the
3   Debtor's bankruptcy.  Most recently, the Receiver filed an emergency motion with the
4   Florida Court asking it to order payment by Tuesday, September 25, 2007 or to have the
5   Debtor's president appear in Florida on the following day.  (A copy of the Receiver's
6   "Emergency Motion in Furtherance of Pending Contempt Proceeding" is attached to the
7   Sacks Declaration as Exhibit A).  The Receiver was well aware that the debtor does not
8   presently have authority to use any funds until a cash management order is submitted and
9   entered and acknowledged in his motion that this Court has not granted the Debtor the use
10  of cash collateral and has set a further hearing on that matter for Wednesday, September 26
11  at 2:15 p.m.  The Florida Court denied this motion "on the grounds that the Bankruptcy
12  Court should have the opportunity to make its own determination as to Integretel's
13  motion,"[2] demonstrating that the payment issues need to be immediately addressed by this
14  Court.  The Debtor has therefore filed this motion on an emergency basis for a hearing on
15  shortened time.

16  In addition to requesting that the enforcement of the Payment Order be enjoined, the
17  Debtor requests that this Court enjoin the Florida Action entirely to afford the Debtor time
18  to file and confirm a plan of reorganization.  The Florida Action is extremely burdensome
19  to the Debtor as the result of the substantial attorneys' fees required in relation to the
20  Debtor's business and the diversion of management attention away from reorganization.
21  While the Florida Court has held that the Florida Action falls within the automatic stay
22  exception contained in Section 362(b)(4) of the Bankruptcy Code, it should nonetheless be
23  stayed so that it does not force the Debtor out of business as opposed to merely regulating
24  the Debtor's activities.  The Debtor no longer does business with the customers whose
25  improper activities prompted the institution of the Florida Action.  The FTC has never
26  sought a preliminary injunction against the Debtor in the Florida Action.  The Receiver,

27  _____
[2] See Sacks Declaration, Exhibit B.
28

-2-

W02-WEST:5SS1\400436007.4                MEMORANDUM OF P&A'S RE EMERGENCY
MOTION FOR TRO . .

RER-14        0822

1   acting on behalf of the estates of two former customers of the Debtor, claims that the
2   customers' prepetition claims against the Debtor for the payment of "reserves" withheld
3   from them constitute a property interest in the Debtor's cash based on an injunction issued
4   by the Florida Court.  The Debtor maintains that any obligation to the Receiver was a
5   prepetition payment obligation akin to every other unsecured creditor's claim.  That dispute
6   is within the core jurisdiction of this Court, which is charged with determining, among
7   other things, the validity, extent, or priority of liens.  28 U.S.C. § 157(b)(2)(K).  In the
8   meantime, the Debtor should be afforded an opportunity to pursue reorganization of its
9   business without being required to continue paying very significant attorneys' fees and
10  devoting substantial management and staff time to the Florida Action.

11          Unless the Florida Action is enjoined, the bankruptcy estate may be diminished by
12  the over $1.7 million claimed by the Receiver in connection with the former customers'
13  prepetition claims against the Debtor, which would violate the Bankruptcy Code's
14  principle of equal distribution to creditors.  This payment, and the very significant
15  attorneys' fees being consumed by the Florida Action, would interfere with the Debtor's
16  ability to stay in business and reorganize for the benefit of all of its creditors.

17          This is an appropriate case to issue a stay under Section 105 because if the Debtor is
18  forced out of business by the regulatory action, there will be nothing left to regulate.  Not
19  only would that outcome deny the Debtor the right to proceed under Chapter 11, but it
20  would be harmful to the Debtor's customers, who would not be able to easily switch their
21  business to one of the two other companies providing this service.  If the Debtor is forced
22  out of business, then there will be only two full-service competitors left in the billing
23  aggregator industry, a result seemingly at odds with the FTC's statutory mandate to foster
24  competition.  If the Debtor fails, the Debtor's employees would be deprived of their jobs.

25          The Court should enter an injunction pursuant to Section 105 of the Bankruptcy
26  Code against the prosecution of the Florida Action as to the Debtor.

27

28

-3-

MEMORANDUM OF P&A'S RE EMERGENCY
MOTION FOR TRO . .

1

## II.

2

### FACTUAL STATEMENT[3]

3  A.    **The Debtor's Business.**

4      The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy

5  Code on September 16, 2007 (the "Petition Date").  The Debtor is operating its business

6  pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  On September 19, 2007, the

7  Debtor filed an adversary proceeding against the FTC and the Receiver for declaratory and

8  injunctive relief based on the allegations herein.  (A copy of the complaint in the adversary

9  proceeding is attached to the Sacks Declaration as Exhibit C).

10     The Debtor was formed in 1988 based on a need for aggregators to facilitate billing

11  and collections on behalf of smaller telecommunications companies that provided

12  "alternative operator services" ("AOS") which otherwise could not afford to compete with

13  the larger local exchange carriers ("LECs" or "Telcos") such as AT&T.

14     AOS involves providing long-distance calling on an occasional or as-needed basis

15  in situations where often the consumer uses the service provider's assets or services

16  without the consumer or the service provider knowing each other's identity.  For example,

17  a service provider owning the service contract for a hotel chain has no idea as to the

18  identity of the consumer using its phones.  If an AOS provider facilitates a collect call it

19  needs a way to bill the consumer for that call.

20     The Debtor addressed a significant industry void by creating a service bureau

21  focused entirely on billing-related services for AOS providers and others needing a means

22  of billing consumers for their services.  As the cornerstone to its billing capability, the

23  Debtor maintains a full complement of billing and collection agreements with an estimated

24  ─────────────

[3] The factual statements herein are supported by the concurrently filed declarations of Ken
25  Dawson (the "Dawson Declaration"), Neal Goldfarb (the "Goldfarb Declaration") and
Steven B. Sacks (the "Sacks Declaration") in support of the Emergency Motion, the
26  complaint in this adversary proceeding, the other papers of record, and upon such further
oral and documentary evidence as may be presented prior to or at the time of the hearing
27  on the Emergency Motion.

28

W02-WEST:5SS1\400436007.4                    MEMORANDUM OF P&A'S RE EMERGENCY
                                                              MOTION FOR TRO . .

1 1,400 or more LECs and independent service providers so that it can place calls made
2 through an AOS on a LEC bill.  This infrastructure enables telecommunication service
3 providers to incorporate their charges within the phone bills of more than 90% of business
4 and residential consumers throughout the United States and Canada.

5      The Debtor quickly established itself as a leader in providing LEC billing solutions
6 for diverse and emerging products and services.  The Debtor presently offers a complete
7 array of complementary services including internet-delivered management and settlement
8 reporting, direct billing, customer care and collection support.  As a strategic back-room
9 business partner, the Debtor frees its clients to focus their efforts on promoting and selling
10 products and services.

11      The Debtor has served thousands of service providers over the years.  The vast
12 majority of the processed billings have been in support of smaller sized businesses that
13 otherwise would not have been able to compete.  It is the competitive pressure of these
14 smaller companies that has forced down the rates charged to consumers by the larger
15 telecommunication companies.

16      The Debtor has approximately thirty-seven employees.  Twenty-two of those
17 employees have been with the company for over five years, and thirteen have been with
18 the Debtor for over ten years.  In addition, the Debtor's services support, through
19 outsourced relationships, approximately 20-30 call center personnel in several different
20 call centers who are employed by a third-party vendor.

21 B.    **The Florida Action and the Debtor's Bankruptcy Filing.**

22      On February 27, 2006, the Federal Trade Commission (the "FTC") commenced a
23 lawsuit (i.e., the Florida Action) against three AOS providers, including Access One
24 Communications, Inc. ("Access One") and Network One Services, Inc. ("Network One"),
25 as well as their principals, alleging deceptive and unfair practices for unauthorized billing
26 of charges on phone bills – referred to as "cramming" – in violation of the Federal Trade
27
28

-5-

MEMORANDUM OF P&A'S RE EMERGENCY
MOTION FOR TRO . .

1    Commission Act (the "FTCA").[4]    Access One and Network One had previously been
2    customers of the Debtor (the "Prior Customers").    The Florida Court entered a temporary
3    restraining order and later a preliminary injunction.    The Florida Court appointed the
4    Receiver as the receiver for the defendants and certain of their affiliates.    An "Amended
5    Preliminary Injunction Order" was filed on September 25, 2006.    On or about September
6    21, 2006, the FTC filed an amended complaint which included claims against the Debtor
7    and another billing aggregator.

8          The FTC alleged in its Amended Complaint that the Debtor caused certain of the
9    Prior Customers' fraudulent charges to be placed on end users' phone bills and that the
10   Debtor was liable under the FTCA in spite of the fact that the LECs, not the Debtor,
11   perform the billing.

12         The FTC has sought injunctive relief against the Debtor as well as monetary redress
13   including restitution for the allegedly defrauded consumers.    There has been no finding
14   that the Debtor violated the FTCA.

15         The Debtor voluntarily stopped providing services for the Prior Customers over a
16   year prior to the FTC's filing of its Amended Complaint.    At the time that it stopped
17   providing services, the Debtor stopped making payments to the Prior Customers and
18   instead made a determination under the contracts with the Prior Customers that all further
19   amounts received from LECs on account of their billings should be booked as reserves.
20   This was done because of the Debtor's possible exposure to claims for refunds of the Prior
21   Customers' Billing Transactions.

22         Whenever the Debtor allocated an amount to the reserves for the Prior Customers,
23   the Debtor made a bookkeeping entry for that amount.    However, the Debtor does not have
24   a corresponding asset, such as a bank account, that contains the monies that were allocated
25   as reserves from the Prior Customers.    Moreover, there is no segregated account containing

26   [4] The Florida Action is captioned Federal Trade Commission v. Nationwide Connections,
27   Inc., et al., Case No. 06-80180-Civ-Ryskamp, United States District Court for the Southern
     District of Florida.

28

-6-

MEMORANDUM OF P&A'S RE EMERGENCY
MOTION FOR TRO . .

RER-14      0826

1 the reserves of any customer, including either of the Prior Customers. The Debtor does not
2 have enough monies to cover the full amount of reserves for all of the Debtor's customers.

3    In contrast to the FTC's allegations, the Debtor asserted that the Prior Customers'
4 wrongful conduct caused great injury to the Debtor, including by causing the Debtor to
5 incur fees and expenses to defend the FTC action.

6    The Receiver is seeking to collect all assets of the Prior Customers. Toward that
7 end, the Receiver sought relief in the Florida Action by motion against the Debtor. The
8 Receiver asserted that the Debtor owes the Prior Customers the amount that the Debtor
9 booked as reserves for the Prior Customers, which the Receiver alleged was an asset of the
10 Prior Customers, in an amount in excess of $1.7 million. The Receiver further alleged that
11 the Debtor had violated the Amended Preliminary Injunction Order and should be held in
12 contempt for failing to turn over the sums demanded by the Receiver.

13    The Debtor filed a response opposing such relief on numerous grounds, including
14 that at the most, any rights the Prior Customers—and therefore the Receiver, who stood in
15 their shoes—had with respect to the reserves were simply those rights of a general,
16 unsecured creditor. The Debtor also asserted that it had offsetting claims against the Prior
17 Customers which exceeded the amount of the Prior Customers' alleged reserves.    In
18 particular, to the extent the Debtor has any liability in the Florida Action, it arises from the
19 misconduct of the Prior Customers, not the Debtor, and the Prior Customers are liable to
20 the Debtor for such liability, as well as the costs and fees incurred in the Florida Action.
21 These costs and fees, and the liability asserted against the Debtor in the Florida Action, far
22 exceed the amount of any sums withheld from the Prior Customers as reserves.

23    The Florida Court entered an order on September 14, 2007 (the "Payment Order")
24 requiring that the Debtor pay over the amounts sought by the Receiver into a segregated
25 receivership account. See Sacks Declaration, Exh. D. The Payment Order was entered
26 upon the motion of the Receiver, not the FTC.

27    The Florida Court has since ruled that the Florida Action and the Payment Order are
28 not subject to the automatic stay and that the Florida Court can continue with its contempt

-7-

MEMORANDUM OF P&A'S RE EMERGENCY
MOTION FOR TRO . .

RER-14      0827

1    proceedings. See Sacks Declaration, Exh. E.

2        The Debtor has expended over $700,000 in legal fees and costs to date in defending
3    the Florida Action. That case is set for trial in February 2008. The Debtor expects that
4    unless the FTC is enjoined from proceeding as to the Debtor and the Receiver is enjoined
5    from enforcing the Payment Order that it will be required to spend as much as $1 million
6    in legal fees and costs in defending the matter. These fees will be incurred in completing
7    discovery, responding to an expected dispositive motion by the FTC, prosecuting the
8    Debtor's appeal from the Florida Court's Payment Order and related rulings, preparing for
9    trial and conducting a trial expected to consume 10-20 trial days. See Goldfarb
10   Declaration.

11       The Debtor has also had to devote substantial and valuable management and
12   employee time and resources to the Florida Action. Given the schedule in that case, the
13   Debtor's management will need to be diverted even more is issue and would be forced to
14   further incur such items, to the detriment of its reorganization efforts, if this action were
15   not stayed as against the Debtor.

16       The Debtor believes that it will ultimately prevail in the Florida Action, and that it
17   will ultimately be held to owe nothing to the Receiver. However, the Debtor could not pay
18   the money sought by the Receiver and still continue its normal operations. The Debtor
19   requested that the Receiver agree to a stay to the implementation and enforcement of the
20   Payment Order. The Receiver refused. The Debtor thereafter filed for bankruptcy
21   protection.

22   C.   **Irreparable Injury Will Occur Absent A Stay Of The Payment Order And The**
23        **Florida Action.**

24       The Debtor filed for bankruptcy protection because it could not continue its
25   operations and pay over $1.7 million to the Receiver. Nor can it afford to have the Florida
26   Action continue at the outset of this case, when it will divert its management's attention
27   from the reorganization effort and cost very significant attorneys' fees and costs that the
28   Debtor cannot afford. The Debtor can only proceed with a successful reorganization if the

-8-

W02-WEST:5SS1\400436007.4                    MEMORANDUM OF P&A'S RE EMERGENCY
                                                           MOTION FOR TRO . .

                                                           RER-14         0828