credit consumers within one to two billing cycles on a future bill, often without any detailed inquiry into consumers' basis for complaint.

38. The Aggregator Defendants receive from the LECs payments for the purported collect call charges. The Aggregator Defendants retain their fees for the billing, collection, customer inquiry, and other services they provide to the Nationwide Defendants before forwarding the balance of the payments to the Nationwide Defendants.

39. In May 2005, Integretel ceased submitting bills to the LECs on behalf of Defendant Access One because of "excessive consumer complaints" and Access One's "inability to provide adequate proof of the integrity of its billing transactions." Despite several requests, Access One refused to provide Integretel with a list of the third party carrier data files evidencing the calls that Access One submitted for billing or a list of the companies that submitted call records to Access One for billing.

40. Similarly, in December 2005, the BSG Defendants ceased submitting collect call charges to the LECs on behalf of Defendant Nationwide.

41. Between July 2004 and August 2005, gross revenue generated for calls billed by the BSG Defendants on behalf of Defendant Nationwide totaled more than $20 million. The BSG Defendants credited consumers at least $2 million. Many additional consumers sought and received refunds from Nationwide.

42. Between October 2004 and June 2005, gross revenue generated for calls billed by Defendant Integretel on behalf of Defendant Access One totaled more than $4.4 million. Integretel credited consumers at least $300,000. Many additional consumers sought and received refunds from Access One.

43. Despite high rates of refund, Nationwide and Access One have garnered more than fifteen million dollars from their billing efforts. The Aggregator Defendants have also received a portion of the funds paid by consumers.

44. Defendant Farr has received over $5 million of these proceeds despite being incarcerated at the Palm Beach County Jail since October 2004. Defendant M.L. Farr has received more than $2 million from Nationwide.

**VIOLATIONS OF SECTION 5 OF THE FTC ACT**

45. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "deceptive" or "unfair" acts and practices in or affecting commerce. Misrepresentations or omissions of material fact constitute "deceptive" acts or practices pursuant to Section 5(a) of the FTC Act. Moreover, under Section 5(n) of the FTC Act, an act or practice is "unfair" if it causes or is likely to cause substantial injury to consumers that is not reasonably avoidable by consumers and is not outweighed by countervailing benefits to consumers or to competition. 15 U.S.C. § 45(n).

**COUNT ONE**

**Deceptive Billing Practices**

46. In numerous instances, Defendants represent or have represented, expressly or by implication, that a consumer was obligated to pay a charge for a collect telephone call on the consumer's telephone bill.

47. In truth and in fact, in numerous instances, the consumer was not obligated to pay the charge, because:

(1) the collect call underlying the charge was never made; or

(2) the charge for the collect call was not authorized.

48. Therefore, Defendants' practices as described in Paragraph 46 are deceptive and violate Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## COUNT TWO

### Unfair Billing Practices

49. In numerous instances, Defendants, directly or indirectly, bill or have billed a consumer for a collect telephone call that the consumer did not receive or did not authorize.

50. These billing practices cause or are likely to cause substantial injury to consumers that is not reasonably avoidable and is not outweighed by countervailing benefits to consumers or competition.

51. Therefore, Defendants' practices as described in Paragraph 49 are unfair and violate Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

52. Defendants' violations of Section 5 of the FTC Act, 15 U.S.C. § 45(a), as set forth above, have caused and are likely to continue to cause substantial injury to consumers. In addition, Defendants have been unjustly enriched as a result of their unlawful practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

\\

\\

\\

\\

**THIS COURT'S POWER TO GRANT RELIEF**

53. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary equitable relief, including consumer redress, disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the Federal Trade Commission.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the Federal Trade Commission, requests that this Court, as authorized by Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and pursuant to its own equitable powers:

1. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief.

2. Permanently enjoin Defendants from violating Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), as alleged in this complaint.

3. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations, including, but not limited to, rescission of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.

\\

\\

\\

\\

\\

4. Award the Commission the costs of bringing this action, as well as any other equitable relief that the Court may determine to be just and proper.

Dated: September 14, 2006

Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel
Federal Trade Commission
600 Pennsylvania Ave., N.W., Room 286
Washington, D.C. 20580

Laura Kim (A550099)
lkim@ftc.gov
Telephone: 202-326-3734
Facsimile: 202-326-3395
Michael J. Davis (A5501005)
mdavis@ftc.gov
Telephone: 202-326-2458
Facsimile: 202-326-3395
Collot Guerard (A5500480)
cguerard@ftc.gov
Telephone: 202-326-3338
Facsimile: 202-326-3395

Exhibit 4

MAGISTRATE JUDGE VITUNAC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIV-RYSKAMP

Case No. 06-80180 - CIV- (__________)

FEDERAL TRADE COMMISSION,

Plaintiff,

vs.

NATIONWIDE CONNECTIONS, INC.
ACCESS ONE COMMUNICATIONS, INC.
NETWORK ONE SERVICES, INC.
WILLOUGHBY FARR
MARY LOU FARR
YARET GARCIA
ERIKA RIABOUKHA
QAADIR KAID,

Defendants.

**COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF**

2006 FEB 27 AM 9:40
S.D. OF FLA.-FT.L.

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), for its complaint alleges as follows:

1. The Commission brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain preliminary and permanent injunctive relief, including rescission, restitution, redress, disgorgement, and other equitable relief for Defendants' deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §§ 45(a), 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

3. Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c).

**PLAINTIFF**

4. Plaintiff, the Federal Trade Commission, is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41 *et seq.* The Commission is charged, *inter alia*, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The Commission is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate.

**DEFENDANTS**

5. Defendant Nationwide Connections, Inc. ("Nationwide") is a Florida corporation with its principal place of business located at 215 Fifth Street, Suite 306, West Palm Beach, Florida 33401. At various times, Nationwide also has represented its principal place of business to be 222 Lakeview Avenue, Suite 160, Box 157, West Palm Beach, Florida 33401. Defendant Nationwide transacts or has transacted business in this District.

6. Defendant Access One Communications, Inc. ("Access One") is a Florida corporation with its principal place of business located at 222 Lakeview Avenue, Suite 160, Box 157, West Palm Beach, Florida 33401. Defendant Access One transacts or has transacted business in this District.

7. Defendant Network One Services, Inc. ("Network One") is a Florida corporation with its principal place of business located at 222 Lakeview Avenue, Suite 160, West Palm

Beach, Florida 33401. Defendant Network One transacts or has transacted business in this District.

8. Defendant Willoughby Farr is the chief operating officer of Access One and a director of Network One. Farr also is a de facto officer and principal in Nationwide. At all times material to this complaint, Defendant Farr, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide, Access One, and Network One, including the acts and practices set forth in this complaint. Defendant Farr resides in and transacts or has transacted business in this District.

9. Defendant Mary Lou Farr ("M.L. Farr"), a/k/a Marie Louise Farr, was a director of Nationwide and is a de facto officer and principal in Nationwide and Access One. Defendant M.L. Farr is Defendant Farr's mother. At all times material to this complaint, Defendant M.L. Farr, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint. Defendant M.L. Farr resides in and transacts or has transacted business in this District.

10. Defendant Yaret Garcia is the president of Nationwide and a former director of Access One. At all times material to this complaint, Defendant Garcia, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint. Defendant Garcia resides in and transacts or has transacted business in this District.

11. Defendant Erika Riaboukha is the president of Access One. At all times material to this complaint, Defendant Riaboukha, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint. Defendant Riaboukha resides in and transacts or has transacted business in this District.

12. Defendant Qaadir Kaid is the president of Network One. At all times material to this complaint, Defendant Kaid, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide, Access One, and Network One, including the acts and practices set forth in this complaint. Defendant Kaid resides in and transacts or has transacted business in this District.

**COMMON ENTERPRISE**

13. Corporate Defendants Nationwide, Access One, and Network One have operated as a common enterprise while engaging in the deceptive and unfair acts and practices alleged below. Individual Defendants Farr, M.L. Farr, Garcia, Riaboukha, and Kaid have formulated, directed, controlled or had authority to control, or participated in the acts and practices of the Corporate Defendants that comprise the common enterprise.

**COMMERCE**

14. At all times relevant to this complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS PRACTICES

15. Since at least January 2004, Defendants have initiated phone charges that appear on consumers' monthly telephone bills for purported long distance collect calls. These phone charges purport to be for collect calls the consumers received and accepted on particular dates and times. The charges are to be paid by consumers along with the other phone charges on consumers' monthly bills.

16. However, in numerous circumstances, the collect call charges initiated by Defendants are for calls that were not received or authorized by consumers. Rather, these charges are unlawfully "crammed" by Defendants onto consumers' phone bills.

17. Defendants ostensibly initiate these phone charges on consumers' bills on behalf of client long distance service providers for whom they act as a "billing aggregator." As "billing aggregators," Defendants ostensibly compile purported call data from their client long distance carriers for billing.

18. Defendants submit their aggregated billing data in the name of Network One to a call verification service that queries its databases to determine whether the purported collect calls were placed to telephone numbers that are eligible for collect call billing.

19. Thereafter, Defendants forward this billing data to larger billing aggregators, OAN Services, Inc. ("OAN") or Integretel, Inc. ("Integretel"). These larger billing aggregators have business relationships with consumers' local exchange carriers ("LECs"), including Verizon, Qwest, SBC, and other major local phone service carriers. The LECs then include the charges for these purported calls on a separate bill page in consumers' monthly telephone bills.

Frequently, the collect call charges billed on behalf of Defendants appear on the last page of a consumer's multi-page telephone bill.

20. The per-call charges to consumers initiated by Defendants typically amount to between $5.00 and $8.00, including associated taxes and fees.

21. Numerous consumers report that they did not receive or authorize the collect calls for which they are billed by Defendants. In fact, in numerous instances, Defendants initiate charges for collect calls to telephone lines that are dedicated to mechanical devices such as computers or fax machines. Similarly, in many cases, nobody was present at the location assigned to the telephone number to accept the purported collect calls. Consumers also report that their caller ID logs have no record of the collect calls that were purportedly made or authorized.

22. In those instances where consumers notice the charges, they often try to contact OAN, Integretel, or the Defendants to request a refund for these collect call charges. Some consumers have difficulty getting through to a customer service agent. In most cases, however, Defendants credit consumers within one to two billing cycles on a future bill, often without any detailed inquiry into consumers' basis for complaint.

23. In May 2005, Integretel ceased submitting bills to the LECs on behalf of Access One because of "excessive consumer complaints" and Access One's "inability to provide adequate proof of the integrity of its billing transactions." Despite several requests, Access One refused to provide Integretel with a list of the third party carrier data files evidencing the calls

that Access One submitted for billing or a list of the companies that submitted call records to Access One for billing.

24. Similarly, in December 2005, OAN discontinued processing billing transactions for Nationwide.

25. Between July 2004 and August 2005, gross revenue generated for calls billed by OAN on behalf of Nationwide totaled more than $20 million. OAN credited consumers at least $2 million. Many additional consumers sought and received refunds from Nationwide.

26. Despite high rates of refund, Nationwide and Access One have garnered more than fifteen million dollars from their billing efforts.

27. Defendant Farr has received over $5 million of these proceeds despite being incarcerated at the Palm Beach County Jail since October 2004. Defendant M.L. Farr has received more than $2 million from Nationwide.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

28. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "deceptive" or "unfair" acts and practices in or affecting commerce. Misrepresentations or omissions of material fact constitute "deceptive" acts or practices pursuant to Section 5(a) of the FTC Act. Moreover, under Section 5(n) of the FTC Act, an act or practice is "unfair" if it causes or is likely to cause substantial injury to consumers that is not reasonably avoidable by consumers and is not outweighed by countervailing benefits to consumers or to competition. 15 U.S.C. § 45(n).

**COUNT ONE**

**Deceptive Billing Practices**

29. In numerous instances, Defendants represent or have represented, expressly or by implication, that a consumer was obligated to pay a charge for a collect telephone call on the consumer's telephone bill.

30. In truth and in fact, in numerous instances, the consumer was not obligated to pay the charge, because:

(1) the collect call underlying the charge was never made; or

(2) the charge for the collect call was not authorized.

31. Therefore, Defendants' practices as described in Paragraph 29 are deceptive and violate Section 5 of the FTC Act, 15 U.S.C. § 45(a).

**COUNT TWO**

**Unfair Billing Practices**

32. In numerous instances, Defendants, directly or indirectly, bill or have billed a consumer for a collect telephone call that the consumer did not receive or did not authorize.

33. These billing practices cause or are likely to cause substantial injury to consumers that is not reasonably avoidable and is not outweighed by countervailing benefits to consumers or competition.

34. Therefore, Defendants' practices as described in Paragraph 32 are unfair and violate Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

35. Defendants' violations of Section 5 of the FTC Act, 15 U.S.C. § 45(a), as set forth above, have caused and are likely to continue to cause substantial injury to consumers. In addition, Defendants have been unjustly enriched as a result of their unlawful practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

36. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary equitable relief, including consumer redress, disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the Federal Trade Commission.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Federal Trade Commission, requests that this Court, as authorized by Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and pursuant to its own equitable powers:

1. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief.

2. Permanently enjoin Defendants from violating Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), as alleged in this complaint.

3. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations, including, but not limited to, rescission of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.

4. Award the Commission the costs of bringing this action, as well as any other equitable relief that the Court may determine to be just and proper.

Dated: February 24, 2006

Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel

Laura M. Kim
Robert S. Kaye
Attorneys for the Federal Trade Commission
600 Pennsylvania Ave., NW, Room 238
Washington, D.C. 20580
(202) 326-3734 (Kim)
(202) 326-2215 (Kaye)
(202) 326-3395 FACSIMILE

Exhibit 6

FILED by JW D.C.
FEB 27 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE
VITUNAC

Case No. 06-80180 - CIV- CIV-RYSKAMP

FEDERAL TRADE COMMISSION,

Plaintiff,

vs.

NATIONWIDE CONNECTIONS, INC.,
ACCESS ONE COMMUNICATIONS, INC.,
NETWORK ONE SERVICES, INC.,
WILLOUGHBY FARR,
MARY LOU FARR,
YARET GARCIA,
ERIKA RIABOUKHA,
QAADIR KAID,

Defendants.

[redacted] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

FILED UNDER SEAL

Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), has filed a Complaint for Injunctive and Other Equitable Relief, including consumer redress, and has moved *ex parte* for a temporary restraining order and for an order to show cause why a preliminary injunction should not be granted pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

The Court has considered the pleadings, declarations, exhibits, and memoranda filed in support of the Commission's motion and finds that:

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto;

2. There is good cause to believe that Defendants Nationwide Connections, Inc., Access



One Communications, Inc., Network One Services, Inc., Willoughby Farr, Mary Lou Farr, Yaret Garcia, Erika Riaboukha, and Qaadir Kaid have engaged and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the Plaintiff is therefore likely to prevail on the merits of this action;

3. The evidence set forth in the Commission's Memorandum of Points and Authorities in Support of its *Ex Parte* Motion for TRO ("Memorandum"), and the accompanying declarations and exhibits, demonstrates that Defendants have engaged in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act by engaging in widespread unauthorized billing of collect telephone calls. There is good cause to believe that Defendants will continue such illegal actions if not restrained from doing so by Order of this Court;

4. There also is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief will result from the sale, transfer, or other disposition or concealment by Defendants of their assets or business records, unless Defendants are immediately restrained and enjoined by Order of this Court;

5. The Commission has not provided notice to Defendants due to the likelihood that advance notice of this action will cause Defendants to abscond with or destroy discoverable evidence and conceal or dissipate assets. The Commission's request for this emergency *ex parte* relief is not the result of any lack of diligence on the Commission's part, but instead is based upon the nature of Defendants' unlawful conduct;

6. Weighing the equities and considering the FTC's likelihood of ultimate success, a temporary restraining order, including an asset freeze, appointment of a temporary

receiver, immediate access to Defendants' business premises, an accounting of assets, preservation of business records, and providing other equitable relief is in the public interest; and

7. Fed. R. Civ. P. 65(c) does not require security of the United States or an officer or agency thereof for the issuance of a restraining order.

**DEFINITIONS**

For the purpose of this temporary restraining order ("TRO" or "Order"), the following definitions shall apply:

A. **"Assets"** means any legal or equitable interest in, right to, or claim to any real or personal property of any Defendant, or held for the benefit of any Defendant, wherever located, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," "notes" (as these terms are defined in the Uniform Commercial Code), chattels, leaseholds, contracts, mails, other deliveries, shares of stock, lists of participants, intellectual property, accounts, credits, receivables, cash, and trusts, including, but not limited to, any other trust held for the benefit of any Defendant, any Defendant's minor children, or any Defendant's spouse.

B. **"Defendants"** means Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Willoughby Farr, Mary Lou Farr, Yaret Garcia, Erika Riaboukha, and Qaadir Kaid.

C. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence,

including e-mail and instant messages, photographs, audio and video recordings, computer records, whether active or inactive, and any other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

D. **"Long Distance Service Provider"** means an entity that transports long distance telephone calls.

E. **"Plaintiff"** means the Federal Trade Commission.

F. **"Receiver"** shall mean the temporary receiver appointed in Paragraph VII of this Order. The term "receiver" also includes any deputy receivers as may be named by the temporary receiver.

G. **"Receivership Defendants"** means Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc. and any d/b/as of the aforementioned entities.

**PROHIBITED BUSINESS ACTIVITIES**

**I.**

**IT IS THEREFORE ORDERED** that Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from directly or indirectly misrepresenting, expressly or by implication, that a consumer is obligated to pay any charge on a telephone bill that has not been expressly authorized by the consumer.

**ASSET FREEZE**

**II.**

**IT IS FURTHER ORDERED** that Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, shares of stock, or other assets, or any interest therein, wherever located, that are: (1) owned or controlled by any Defendant, in whole or in part, for the benefit of any Defendant; (2) in the actual or constructive possession of any Defendant; or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, including, but not limited to, Cripple Creek Holdings, LLC, and any assets held by or for, or subject to access by, any of Defendants, at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository of any kind;

B. Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant or any Defendant's minor child or any Defendant's spouse, or subject to access by any of them;

C. Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant;

D. Obtaining a personal or secured loan; and

E. Incurring liens or other encumbrances on real property, personal property or other assets in the name, singly or jointly, of any Defendant.

*Provided further*, the assets affected by this Paragraph shall include: (1) all assets of Defendants as of the time this Order was entered; and (2) for assets obtained after the time this Order was entered, only those assets of Defendants that are derived from the actions alleged in the Commission's Complaint.

**FINANCIAL REPORTS AND ACCOUNTING**

**III.**

**IT IS FURTHER ORDERED** that Defendants, within five (5) days of service of this Order, shall:

A. Prepare and deliver to counsel for the FTC completed financial statements on the forms attached to this Order as Attachments A and B, for themselves, individually or as corporations, and for each business entity under which they conduct business, or of which they are an officer, and for each trust of which they are a trustee. The financial statements shall be accurate as of the date of entry of this Order; and

B. Provide the Commission with a statement, verified under oath and accurate as of the date of entry of this Order, detailing the name, address, and telephone number for each accountant, financial planner, investment advisor, stock broker, or other person who provided any Defendant with financial, business, or tax advice or services since January 1, 2004.

*Provided further,* the Commission and the Temporary Receiver are immediately authorized to issue subpoenas to demand the production of documents from any person or entity

relating to the nature, status, extent, location or other relevant information relating to Defendants' assets, income, and financial records.

**FOREIGN ASSET REPATRIATION**

**IV.**

**IT IS FURTHER ORDERED** that, within five (5) business days following the service of this Order, the Defendants shall:

A. Provide the Commission and the Receiver with a full accounting of all funds, documents, and assets outside of the United States that are: (1) titled in the name, individually or jointly, of the Defendants or the spouse of any Defendant; or (2) held by any person or entity for the benefit of the Defendants; or (3) under the direct or indirect control, whether jointly or singly, of the Defendants;

B. Transfer to the territory of the United States and deliver to the Receiver all funds, documents, and assets located in foreign countries that are: (1) titled in the name, individually or jointly, of any Defendant; or (2) held by any person or entity, for the benefit of any Defendant; or (3) under any Defendant's direct or indirect control, whether jointly or singly; and

C. Provide the Commission access to all records of accounts or assets of the Defendants held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order (Attachment C).

**INTERFERENCE WITH REPATRIATION**

**V.**

**IT IS FURTHER ORDERED** that Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise,

are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Paragraph IV of this Order, including but not limited to:

A. Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Paragraph IV of this Order; and

B. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Paragraph IV of this Order.

**RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS**

**VI.**

**IT IS FURTHER ORDERED** that, pending determination of the Plaintiff's request for a preliminary injunction, any financial or brokerage institution, business entity, or person served with a copy of this Order that holds, controls, or maintains custody of any account or asset of any Defendant, or has held, controlled or maintained custody of any such account or asset at any time since the date of entry of this Order, shall:

A. Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset except by further order of the Court;

B. Deny the Defendants access to any safe deposit box that is:

1. titled in any Defendants' name, individually or jointly; or

2. otherwise subject to access by any Defendant;

C. Provide the Commission's counsel, within five (5) business days of receiving a copy of this Order, a sworn statement setting forth:

1. the identification number of each such account or asset titled in the name, individually or jointly, of a Defendant, or held on behalf of, or for the benefit of a Defendant;

2. the balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3. the identification of any safe deposit box that is titled in the name, individually or jointly, of a Defendant, or is otherwise subject to access by a Defendant.

D. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to each such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution, account custodian, or other aforementioned entity may arrange for the Commission to

obtain copies of any such records which the Commission seeks.

## APPOINTMENT OF TEMPORARY RECEIVER

### VII.

**IT IS FURTHER ORDERED** that David Chase, Esq. is appointed Temporary Receiver for the Receivership Defendants. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with all Local Rules and laws governing federal equity receivers.

## RECEIVER'S DUTIES

### VIII.

**IT IS FURTHER ORDERED** that the Temporary Receiver is authorized and directed to accomplish the following:

A. Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B. Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by, or are under the direction, possession, custody, or control of, the Receivership Defendants. The Receiver shall assume control over the

income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Defendants. *Provided, however,* that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices alleged in the Complaint in this matter, without prior Court approval;

C. Take all steps necessary to secure each location from which the Receivership Defendants operate their business. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and video taping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security;

D. Conserve, hold, and manage all assets of the Receivership Defendants, and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendants,

including, but not limited to, obtaining an accounting of the assets and preventing unauthorized transfer, withdrawal, or misapplication of assets;

E. Enter into contracts and purchase insurance as advisable or necessary;

F. Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

G. Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

H. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

I. Have the sole authority to hire legal counsel on behalf of any of the Receivership Defendants;

J. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of or exercising the authority granted by this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

K. Institute, compromise, adjust, appear in, intervene in, or become party to such

actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

L. Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants, as the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

M. Continue to conduct the business, or cease operation of the business, of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the businesses profitably and lawfully, if at all; *provided that*, the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the businesses can be lawfully operated at a profit using the assets of the receivership estate;

N. Immediately issue subpoenas and conduct discovery, including depositions, to obtain documents, records, and information pertaining to the receivership on behalf of the receivership estate;

O. Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account. The Receiver shall serve copies of monthly account statements on

all parties;

P. Maintain accurate records of all receipts and expenditures that he makes as Receiver; and

Q. Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

**COOPERATION WITH THE TEMPORARY RECEIVER**

**IX.**

**IT IS FURTHER ORDERED** that Defendants and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing information to the Receiver that the Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic file, or telephonic data in any medium; and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver. Defendants and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly:

A. Transacting any of the business of the Receivership Defendants;

B. Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants, including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically-stored records, or any other papers of any kind or nature;

C. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

D. Excusing debts owed to the Receivership Defendants;

E. Failing to notify the Receiver of any asset, including accounts, of a Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets; and

F. Doing any act or refraining from any act whatsoever to interfere with the Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

**DELIVERY OF RECEIVERSHIP PROPERTY**

**X.**

**IT IS FURTHER ORDERED** that:

A. Immediately upon service of this Order upon them, or within such period as may be permitted by the Receiver, Defendants shall transfer or deliver possession, custody, and control of the following to the Receiver:

1. All assets of the Receivership Defendants;

2. All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

3. All assets belonging to members of the public now held by the Receivership Defendants; and

4. All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

B. In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or other thing and to deliver it to the Receiver.

**TRANSFER OF FUNDS TO THE RECEIVER**

**XI.**

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers and other financial institutions and depositories of any kind, and all third-party billing agents, local exchange carriers, common carriers, and other telecommunications companies shall cooperate with all reasonable requests of the FTC and the Receiver relating to implementation of this Order, including transferring funds at the Receiver's direction and producing records related to the assets and sales of the Receivership Defendants.

**COMPENSATION OF RECEIVER**

**XII.**

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**RECEIVER'S BOND**

**XIII.**

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $10,000.00 with sureties to be approved by the Court, conditioned upon the Receiver well and truly performing the duties of the office, and abiding by and performing all acts the Court directs.

**ACCESS TO BUSINESS OFFICES AND RECORDS**

**XIV.**

**IT IS FURTHER ORDERED** that the FTC and the Receiver, and their representatives, agents, and assistants, shall have immediate access to all business premises and storage facilities, owned, controlled, or used by Defendants, including, but not limited to, 215 Fifth Street, Suite 306, West Palm Beach, Florida 33401. The FTC and the Receiver are authorized to employ the assistance of law enforcement officers, as they deem necessary to effect service and peacefully implement this Order. The FTC and the Receiver may exclude Defendants and Defendants' employees from the business premises during the immediate access. The purpose of the immediate access shall be to effect service and to inspect and copy documents and computer data, including but not limited to, correspondence, emails, financial data, and other documents concerning Defendants' business practices and assets.

A. The FTC and the Receiver and its representatives, agents, and assistants, shall have the right to remove documents from the above-listed premises in order that they may be inspected, inventoried, and copied.

B. The FTC shall return any removed documents to the Receiver within five (5)

business days, or such time as is agreed upon by the FTC and the Receiver.

C. Defendants and all employees or agents of Defendants shall provide the FTC and the Receiver with any necessary means of access to documents and records, including, without limitation, the locations of Defendants' business premises, keys and combinations to locks, computer access codes, and storage area access information.

D. If any computers containing information related to the business practices or finances of the Defendants are at a location other than those listed herein, including, but not limited to the personal residences of the Defendants, then immediately upon service of this Order upon them Defendants shall produce to the Receiver all such computers. In order to prevent the destruction of computer data, upon service of this order upon Defendants, any computers containing such information shall be powered down (turned off) in the normal course for the operating systems used on such computers and shall not be used until produced for copying and inspection, along with any codes needed for access.

E. Within forty-eight (48) hours of service of this Order each Defendant shall produce to the Receiver a list of all agents, employees, officers, servants and those persons in active concert and participation with them, who have been associated or done business with the Receivership Defendants.

**DEFENDANTS' ACCESS TO THEIR BUSINESS PREMISES**

**XV.**

**IT IS FURTHER ORDERED** that the Receiver shall allow the Defendants and their representatives reasonable access to the premises of the Receivership Defendants. The purpose of this access shall be to inspect and copy any and all books, records, accounts, and other property

owned by or in the possession of the Receivership Defendants. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

**PRESERVATION OF RECORDS**

**XVI.**

**IT IS FURTHER ORDERED** that Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, writing over, or otherwise disposing of, in any manner, directly or indirectly, any documents or records of any kind that relate to the business practices or business or personal finances of Defendants, including but not limited to, computerized files and storage media, contracts, accounting data, correspondence, advertisements, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records of any kind that relate to the business practices or business or personal finances of Defendants.

**RECORD KEEPING/BUSINESS OPERATIONS**

**XVII.**

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from:

A. Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money; and

B. Creating, operating, or exercising any control over any business entity, including

any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

**IDENTIFICATION OF PROVIDERS AND CUSTOMERS**

**XVIII.**

**IT IS FURTHER ORDERED** that Defendants shall:

A. Within five (5) days of service of this Order, prepare and deliver to Plaintiffs a completed statement, verified under oath and accurate as of the date of entry of this Order, identifying each long distance service provider that provided services to consumers in connection with any collect calls that were billed on behalf of Defendants; and

B. Within ten (10) days of service of this Order, prepare and deliver to counsel for Plaintiff a completed statement, verified under oath and accurate as of the date of entry of this Order, detailing the collect calls that were billed on behalf of Defendants during 2005, including the calling telephone numbers, the recipient telephone numbers, and the date and time of the calls.

**RECORD KEEPING/BUSINESS OPERATIONS**

**XIX.**

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from:

A. Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money; and

B. Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

**STAY OF ACTIONS**

**XX.**

**IT IS FURTHER ORDERED** that:

A. Except by leave of this Court, during pendency of the receivership ordered herein, Defendants, and all customers, principals, investors, creditors, stockholders, lessors, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of the Defendants, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective attorneys, servants, agents and employees, be and are hereby stayed from:

1. Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding against a Receivership Defendant, except that such actions may be filed to toll any applicable statute of limitations;

2. Accelerating the due date of any obligation or claimed obligation against a Receivership Defendant; filing or enforcing any lien against a Receivership Defendant; taking or attempting to take possession, custody, or control of any asset of a Receivership Defendant; attempting to foreclose, forfeit,

alter, or terminate any interest in any asset of a Receivership Defendant, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3. Executing, issuing, serving, or causing the execution, issuance or service of, any legal process against a Receivership Defendant, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not;

4. Causing any Receivership Defendant to be placed in involuntary bankruptcy; or

5. Doing any act or thing whatsoever to interfere with the Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants.

B. This paragraph does not stay the commencement or continuation of a criminal action or proceeding.

**DISTRIBUTION OF ORDER BY DEFENDANTS**

**XXI.**

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate marketer, sub-affiliate marketer, affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, agent,

attorney, spouse and representative of Defendants, and shall, within ten (10) days from the date of entry of this Order, provide the Commission with a sworn statement that Defendants have complied with this provision of the Order, which statement shall include the names, physical addresses, and e-mail addresses of each such person or entity who received a copy of the Order.

**SERVICE OF ORDER**

**XXII.**

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission or email, upon any financial institution or other entity or person that may have possession, custody, or control of any documents of any Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

**CONSUMER CREDIT REPORTS**

**XXIII.**

**IT IS FURTHER ORDERED** that, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning Defendants to the Commission.

**SERVICE OF PLEADINGS**

**XXIV.**

**IT IS FURTHER ORDERED** that Plaintiff shall serve on Defendants copies of this Order, complaint, and supporting memoranda, affidavits and other evidence. Defendants shall serve on the Commission all memoranda, affidavits and other evidence on which Defendants intend to rely at the preliminary injunction hearing set in this matter not later than 4:00 p.m.

(Eastern time) on the third calendar day prior to the hearing date. The Commission shall file with the Court and deliver to counsel that have entered an appearance any additional affidavits upon which it intends to rely in connection with the Commission's request for a preliminary injunction no later than 24 hours before the time scheduled for the preliminary injunction hearing.

**DURATION OF TEMPORARY RESTRAINING ORDER**

**XXV.**

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on March 9, 2006 at 5:00 pm., unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed ten (10) days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

**ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**

**XXVI.**

**IT IS FURTHER ORDERED,** pursuant to Federal Rule of Civil Procedure 65(b), that Defendants shall appear before this Court on the 8 day of March, 2006, at 10:00 o'clock a.m., to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against Defendants, enjoining them from further violations of Section 5(a) of the Federal Trade Commission Act, continuing the freeze of their assets, and imposing such additional relief as may be appropriate.

**SERVICE UPON PLAINTIFF**

**XXVII.**

**IT IS FURTHER ORDERED** that, with regard to any correspondence or pleadings

related to this Order, service on the Commission shall be performed electronically or by overnight mail to the attention of Laura Kim at the Federal Trade Commission, 600 Pennsylvania Avenue, NW, Room H-238, Washington, DC 20580.

**RETENTION OF JURISDICTION**

**XXVIII.**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED,** this 27 day of February, 2006, at 11:45a.m.

[signature]
UNITED STATES DISTRICT JUDGE
Kenneth L. Ryskamp

cc: Laura M. Kim, Esq.
Robert S. Kaye, Esq.

Attachment A

# FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2. "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.** **Information About You**

Your Full Name ____________________ Social Security No. ____________

Place of Birth ____________ Date of Birth __________ Drivers License No. __________

Current Address ____________________ From (Date) __________

Rent or Own? ______ Telephone No. ____________ Facsimile No. ____________

E-Mail Address ____________________ Internet Home Page ____________

Previous Addresses for past five years:

Address ____________________ Rent or Own? ______ From/Until ____________

Address ____________________ Rent or Own? ______ From/Until ____________

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used ____________________

**Item 2.** **Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name ____________________ Social Security No. ____________

Place of Birth ____________________ Date of Birth ____________

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s) during which they were used ____________________

Address (if different from yours) ____________________

From (Date) ____________ Rent or Own? ______ Telephone No. ____________

Employer's Name and Address ____________________

Job Title ____________ Years in Present Job ______ Annual Gross Salary/Wages $ __________

**Item 3.** **Information About Your Previous Spouse**

Previous Spouse's Name & Address ____________________

____________________ Social Security No. ____________ Date of Birth ____________

**Item 4.** **Contact Information**



Initials ________

Name & Address of Nearest Living Relative or Friend ______________________________

______________________________ Telephone No. ______________

**Item 5.** **Information About Dependents Who Live With You**

▸Name ______________________ Date of Birth ______________

Relationship ______________________ Social Security No. ______________

▸Name ______________________ Date of Birth ______________

Relationship ______________________ Social Security No. ______________

▸Name ______________________ Date of Birth ______________

Relationship ______________________ Social Security No. ______________

**Item 6.** **Information About Dependents Who Do Not Live With You**

▸Name & Address ______________________________

Date of Birth ____________ Relationship ____________ Social Security No. ____________

▸Name Address ______________________________

Date of Birth ____________ Relationship ____________ Social Security No. ____________

▸Name & Address ______________________________

Date of Birth ____________ Relationship ____________ Social Security No. ____________

**Item 7.** **Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.,* health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

▸Company Name & Address ______________________________

Dates Employed: From (Month/Year) ______________ To (Month/Year) ______________

Positions Held with Beginning and Ending Dates ______________________________

______________________________

**Item 7. continued**



Initials ________

Income Received: This year-to-date: $____________ ______: $____________

20____: $____________ ______: $____________

______: $____________ ______: $____________

▸Company Name & Address ____________________

Dates Employed: From (Month/Year) ____________ To (Month/Year) ____________

Positions Held with Beginning and Ending Dates ____________________

____________________

Income Received: This year-to-date: $____________ ______: $____________

20____: $____________ ______: $____________

______: $____________ ______: $____________

▸Company Name & Address ____________________

Dates Employed: From (Month/Year) ____________ To (Month/Year) ____________

Positions Held with Beginning and Ending Dates ____________________

____________________

Income Received: This year-to-date: $____________ ______: $____________

20____: $____________ ______: $____________

______: $____________ ______: $____________

**Item 8.** **Pending Lawsuits Filed by You or Your Spouse**

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address ____________________

Court's Name & Address ____________________

Docket No. ____________ Relief Requested ____________ Nature of Lawsuit ____________

____________ Status ____________________

**Item 9.** **Pending Lawsuits Filed Against You or Your Spouse**

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency. (List

 Initials ________

lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address ______________________________

Court's Name & Address ______________________________

Docket No. ____________ Relief Requested ____________ Nature of Lawsuit ____________

____________________ Status ______________________________

**Item 10.** **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |

**Item 11.** **Business Interests**

List all businesses for which you, your spouse, or your dependents are an officer or director.

•Business' Name & Address ______________________________

Business Format (*e.g.*, corporation) ____________ Description of Business ____________

____________________ Position(s) Held, and By Whom ______________________________

•Business' Name & Address ______________________________

Business Format (*e.g.*, corporation) ____________ Description of Business ____________

____________________ Position(s) Held, and By Whom ______________________________

•Business' Name & Address ______________________________

Business Format (*e.g.*, corporation) ____________ Description of Business ____________

____________________ Position(s) Held, and By Whom ______________________________



Initials ________

## FINANCIAL INFORMATION: ASSETS AND LIABILITIES

**REMINDER: "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.**

**Item 12.** **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents. The term "cash" includes currency and uncashed checks.

Cash on Hand $________________ Cash Held For Your Benefit $________________

| Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

**Item 13.** **U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Name on Account | Type of Obligation | Security Amount | Maturity Date |
|---|---|---|---|
| | | $ | |
| | | $ | |
| | | $ | |

**Item 14.** **Publicly Traded Securities and Loans Secured by Them**



Initials ________

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Issuer ______________________ Type of Security ______________ No. of Units Owned _______

Name on Security ______________ Current Fair Market Value $________ Loan(s) Against Security $________

Broker House, Address ____________________________________ Broker Account No. ___________

▸Issuer ______________________ Type of Security ______________ No. of Units Owned _______

Name on Security ______________ Current Fair Market Value $________ Loan(s) Against Security $________

Broker House, Address ____________________________________ Broker Account No. ___________

**Item 15.** **Other Business Interests**

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Business Format ______________________ Business' Name & Address ______________________

__________________________________________________________ Ownership % __________

Owner (e.g., self, spouse) ________________________ Current Fair Market Value $________________

▸Business Format ______________________ Business' Name & Address ______________________

__________________________________________________________ Ownership % __________

Owner (e.g., self, spouse) ________________________ Current Fair Market Value $________________

**Item 16.** **Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents**

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

▸Opposing Party's Name & Address ____________________________________________

Court's Name & Address ____________________________________ Docket No. ___________

Nature of Lawsuit ______________________ Date of Judgment ___________ Amount $__________

▸Opposing Party's Name & Address ____________________________________________

Court's Name & Address ____________________________________ Docket No. ___________

Nature of Lawsuit ______________________ Date of Judgment ___________ Amount $__________

**Item 17.** **Other Amounts Owed to You, Your Spouse, or Your Dependents**



Initials ________

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. ______________________________

Original Amount Owed $__________ Current Amount Owed $__________ Monthly Payment $__________

**Item 18. Life Insurance Policies**

List all life insurance policies held by you, your spouse, or your dependents.

▸Insurance Company's Name, Address, & Telephone No. ______________________________

______________________________

Insured __________________ Beneficiary __________________ Face Value $__________

Policy No. __________ Loans Against Policy $__________ Surrender Value $__________

▸Insurance Company's Name, Address, & Telephone No. ______________________________

______________________________

Insured __________________ Beneficiary __________________ Face Value $__________

Policy No. __________ Loans Against Policy $__________ Surrender Value $__________

**Item 19. Deferred Income Arrangements**

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Name on Account __________________ Type of Plan __________ Date Established __________

Trustee or Administrator's Name, Address & Telephone No. ______________________________

______________________________

Account No. __________________ Surrender Value $__________

▸Name on Account __________________ Type of Plan __________ Date Established __________

Trustee or Administrator's Name, Address & Telephone No. ______________________________

______________________________

Account No. __________________ Surrender Value $__________

**Item 20. Personal Property**

List all personal property, by category, whether held for personal use or for investment, including but not limited to,

furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**Item 21.** **Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles**

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Vehicle Type ________ Make ________ Model ________ Year ______

Registered Owner's Name ________ Registration State & No. ________

Address of Vehicle's Location ________

Purchase Price $________ Current Value $________ Account/Loan No. ________

Lender's Name and Address ________

Original Loan Amount $________ Current Loan Balance $________ Monthly Payment $________

▸Vehicle Type ________ Make ________ Model ________ Year ______

Registered Owner's Name ________ Registration State & No. ________

Address of Vehicle's Location ________

Purchase Price $________ Current Value $________ Account/Loan No. ________

Lender's Name and Address ________

Original Loan Amount $________ Current Loan Balance $________ Monthly Payment $________

**Item 21. Continued**

▸Vehicle Type ________ Make ________ Model ________ Year ______

Registered Owner's Name ________________ Registration State & No. ________________

Address of Vehicle's Location ________________

Purchase Price $________ Current Value $________ Account/Loan No. ________

Lender's Name and Address ________________

Original Loan Amount $________ Current Loan Balance $________ Monthly Payment $________

**Item 22.** **Real Property**

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

►Type of Property________________ Property's Location________________

Name(s) on Title and Ownership Percentages________________

Acquisition Date________ Purchase Price $________ Current Value $________

Basis of Valuation________________ Loan or Account No.________

Lender's Name and Address________________

Current Balance On First Mortgage $________ Monthly Payment $________

Other Loan(s) (describe)________________ Current Balance $________

Monthly Payment $________ Rental Unit?________ Monthly Rent Received $________

►Type of Property________________ Property's Location________________

Name(s) on Title and Ownership Percentages________________

Acquisition Date________ Purchase Price $________ Current Value $________

Basis of Valuation________________ Loan or Account No.________

Lender's Name and Address________________

Current Balance On First Mortgage $________ Monthly Payment $________

Other Loan(s) (describe)________________ Current Balance $________

Monthly Payment $________ Rental Unit?________ Monthly Rent Received $________

**Item 23.** **Credit Cards**

List each credit card held by you, your spouse, or your dependents. Also list any other credit cards that you, your spouse, or your dependents use.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**Item 24. Taxes Payable**

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |
| | $ | |

**Item 25. Judgments or Settlements Owed**

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party's Name & Address ____________________

Court's Name & Address ____________________ Docket No. __________

Nature of Lawsuit ____________________ Date __________ Amount $ __________



Initials ________

**Item 26.** **Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

•Name & Address of Lender/Creditor ____________________

Nature of Liability ____________________ Name(s) on Liability ____________________

Date of Liability ____________ Amount Borrowed $ ____________ Current Balance $ ____________

Payment Amount $ ____________ Frequency of Payment ____________

•Name & Address of Lender/Creditor ____________________

Nature of Liability ____________________ Name(s) on Liability ____________________

Date of Liability ____________ Amount Borrowed $ ____________ Current Balance $ ____________

Payment Amount $ ____________ Frequency of Payment ____________

## OTHER FINANCIAL INFORMATION

**Item 27.** **Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. *Provide a copy of each signed tax return that was filed during the last three years.*

| Tax Year | Name(s) on Return | Refund Expected |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

**Item 28.** **Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years. *Provide a copy of each application, including all attachments.*

| Name(s) on Application | Name & Address of Lender |
|---|---|
| | |
| | |
| | |

**Item 29.** **Trusts and Escrows**

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity. *Provide copies of all executed trust documents.*

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

**Item 30.** **Transfers of Assets**

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer. For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |



Initials ________

## SUMMARY FINANCIAL SCHEDULES

**Item 31. Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand (Item 12) | $______ | Credit Cards (Item 23) | $______ |
| Cash in Financial Institutions (Item 12) | $______ | Motor Vehicles - Liens (Item 21) | $______ |
| U.S. Government Securities (Item 13) | $______ | Real Property - Encumbrances (Item 22) | $______ |
| Publicly Traded Securities (Item 14) | $______ | Loans Against Publicly Traded Securities (Item 14) | $______ |
| Other Business Interests (Item 15) | $______ | Taxes Payable (Item 24) | $______ |
| Judgments or Settlements Owed to You (Item 16) | $______ | Judgments or Settlements Owed (Item 25) | $______ |
| Other Amounts Owed to You (Item 17) | $______ | Other Loans and Liabilities (Item 26) | $______ |
| Surrender Value of Life Insurance (Item 18) | $______ | Other Liabilities (Itemize) | |
| Deferred Income Arrangements (Item 19) | $______ | __________ | $______ |
| Personal Property (Item 20) | $______ | __________ | $______ |
| Motor Vehicles (Item 21) | $______ | __________ | $______ |
| Real Property (Item 22) | $______ | __________ | $______ |
| Other Assets (Itemize) | | __________ | $______ |
| __________ | $______ | __________ | $______ |
| __________ | $______ | __________ | $______ |
| __________ | $______ | __________ | $______ |
| __________ | $______ | __________ | $______ |
| Total Assets | $______ | Total Liabilities | $______ |



Initials ______

**Item 32.** **Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $________ | Mortgage Payments for Residence(s) | $________ |
| Fees, Commissions, and Royalties | $________ | Property Taxes for Residence(s) | $________ |
| Interest | $________ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $________ |
| Dividends and Capital Gains | $________ | Car or Other Vehicle Lease or Loan Payments | $________ |
| Gross Rental Income | $________ | Food Expenses | $________ |
| Profits from Sole Proprietorships | $________ | Clothing Expenses | $________ |
| Distributions from Partnerships, S-Corporations, and LLCs | $________ | Utilities | $________ |
| Distributions from Trusts and Estates | $________ | Medical Expenses, Including Insurance | $________ |
| Distributions from Deferred Income Arrangements | $________ | Other Insurance Premiums | $________ |
| Social Security Payments | $________ | Other Transportation Expenses | $________ |
| Alimony/Child Support Received | $________ | Other Household Expenses | $________ |
| Gambling Income | $________ | Other Expenses (Itemize) | |
| Other Income (Itemize) | | ________________ | $________ |
| ________________ | $________ | ________________ | $________ |
| ________________ | $________ | ________________ | $________ |
| ________________ | $________ | ________________ | $________ |
| Total Income | $________ | Total Expenses | $________ |



Initials ________

00226

RER-32 1583

## ATTACHMENTS

**Item 33.** **Documents Attached to this Financial Statement**

List all documents that are being submitted with this financial statement.

| Item No. Document Relates To | Description of Document |
| --- | --- |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

______________________ ______________________________

(Date) Signature

Attachment B

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF CORPORATE DEFENDANT**

---

**Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2. In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3. When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

5. Type or print legibly.

6. An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

---

## BACKGROUND INFORMATION

**Item 1.** **General Information**

Corporation's Full Name ____________________

Primary Business Address ____________________ From (Date) ________

Telephone No. ____________ Fax No. ____________

E-Mail Address ____________ Internet Home Page ____________

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address ____________________ From/Until ________

Address ____________________ From/Until ________

Address ____________________ From/Until ________

All predecessor companies for past five years:

Name & Address ____________________ From/Until ________

Name & Address ____________________ From/Until ________

Name & Address ____________________ From/Until ________

**Item 2.** **Legal Information**

Federal Taxpayer ID No. ____________ State & Date of Incorporation ____________

State Tax ID No. ________ State ________ Profit or Not For Profit ________

Corporation's Present Status: Active ________ Inactive ________ Dissolved ________

If Dissolved: Date dissolved ____________ By Whom ____________

Reasons ____________________

Fiscal Year-End (Mo./Day) ________ Corporation's Business Activities ____________

**Item 3.** **Registered Agent**

Name of Registered Agent ____________________

Address ____________________ Telephone No. ________



Initials ________

**Item 4.** **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | % Owned |
| --- | --- |
| | |
| | |
| | |
| | |

**Item 5.** **Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |
| | | |

**Item 6.** **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
| --- | --- |
| | |
| | |
| | |
| | |
| | |



Initials ________

**Item 7.** **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| | | |
| | | |
| | | |

State which of these businesses, if any, has ever transacted business with the corporation ____________________

______________________________________________

**Item 8.** **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

State which of these businesses, if any, have ever transacted business with the corporation ____________________

______________________________________________

**Item 9.** **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| | | |
| | | |
| | | |



Initials ________

**Item 10.** **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Item 11.** **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|---|---|
| | |
| | |
| | |
| | |

**Item 12.** **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |



Initials ________

**Item 13.** **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address ____________________

Court's Name & Address ____________________

Docket No.__________ Relief Requested__________ Nature of Lawsuit__________

__________ Status ____________________

Opposing Party's Name & Address ____________________

Court's Name & Address ____________________

Docket No.__________ Relief Requested__________ Nature of Lawsuit__________

__________ Status ____________________

Opposing Party's Name & Address ____________________

Court's Name & Address ____________________

Docket No.__________ Relief Requested__________ Nature of Lawsuit__________

__________ Status ____________________

Opposing Party's Name & Address ____________________

Court's Name & Address ____________________

Docket No.__________ Relief Requested__________ Nature of Lawsuit__________

__________ Status ____________________

Opposing Party's Name & Address ____________________

Court's Name & Address ____________________

Docket No.__________ Relief Requested__________ Nature of Lawsuit__________

__________ Status ____________________

Opposing Party's Name & Address ____________________

Court's Name & Address ____________________

Docket No.__________ Relief Requested__________ Nature of Lawsuit__________

__________ Status ____________________

 Initials ______

**Item 14.** **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address ______________________________

Court's Name & Address ______________________________

Docket No.______________ Relief Requested ______________ Nature of Lawsuit ______________

______________________________ Status ______________________________

Opposing Party's Name & Address ______________________________

Court's Name & Address ______________________________

Docket No.______________ Relief Requested ______________ Nature of Lawsuit ______________

______________________________ Status ______________________________

Opposing Party's Name & Address ______________________________

Court's Name & Address ______________________________

Docket No.______________ Relief Requested ______________ Nature of Lawsuit ______________

______________________________ Status ______________________________

Opposing Party's Name & Address ______________________________

Court's Name & Address ______________________________

Docket No.______________ Relief Requested ______________ Nature of Lawsuit ______________

______________________________ Status ______________________________

Opposing Party's Name & Address ______________________________

Court's Name & Address ______________________________

Docket No.______________ Relief Requested ______________ Nature of Lawsuit ______________

______________________________ Status ______________________________

Opposing Party's Name & Address ______________________________

Court's Name & Address ______________________________

Docket No.______________ Relief Requested ______________ Nature of Lawsuit ______________

______________________________ Status ______________________________



Initials ________

**Item 15.** **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date ______________ Termination Date ______________ Docket No. ______________

If State Court: Court & County ______________ If Federal Court: District ______________

Disposition ______________

**Item 16.** **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

**FINANCIAL INFORMATION**

**REMINDER: When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.** **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/ State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |

**Item 18.** **Financial Statements**



Initials ________

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Item 19.** **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 17 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|---|---|---|---|---|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payables | $ | | | |
| Receivables | $ | | | |

**Item 20.** **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $________ Cash Held for the Corporation's Benefit $________

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

**Item 21.** **Government Obligations and Publicly Traded Securities**

 Initials ______

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer ______________________ Type of Security/Obligation ______________________

No. of Units Owned _________ Current Fair Market Value $______________ Maturity Date ____________

Issuer ______________________ Type of Security/Obligation ______________________

No. of Units Owned _________ Current Fair Market Value $______________ Maturity Date ____________

**Item 22.** **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property______________________ Property's Location______________________

Name(s) on Title and Ownership Percentages______________________________________

Current Value $______________ Loan or Account No. ______________________

Lender's Name and Address______________________________________________

Current Balance On First Mortgage $____________ Monthly Payment $____________

Other Loan(s) (describe)______________________________ Current Balance $____________

Monthly Payment $______________ Rental Unit?______________ Monthly Rent Received $__________

Type of Property______________________ Property's Location______________________

Name(s) on Title and Ownership Percentages______________________________________

Current Value $______________ Loan or Account No. ______________________

Lender's Name and Address______________________________________________

Current Balance On First Mortgage $____________ Monthly Payment $____________

Other Loan(s) (describe)______________________________ Current Balance $____________

Monthly Payment $______________ Rental Unit?______________ Monthly Rent Received $__________

**Item 23.** **Other Assets**

 Initials ________