computer access codes, and storage area access information.

C.      To the extent that Defendants have not complied with Section XIV of the TRO,

each Defendant shall produce to the Receiver a list of all agents, employees, officers, servants and

those persons in active concert and participation with them, who have been associated or done

business with the Receivership Defendants.

## DEFENDANTS' ACCESS TO THEIR BUSINESS PREMISES

## XV.

**IT IS FURTHER ORDERED** that the Receiver shall allow the Defendants and their

representatives reasonable access to the premises of the Receivership Defendants. The purpose of

this access shall be to inspect and copy any and all books, records, accounts, and other property

owned by or in the possession of the Receivership Defendants. The Receiver shall have the

discretion to determine the time, manner, and reasonable conditions of such access.

## PRESERVATION OF RECORDS

## XVI.

**IT IS FURTHER ORDERED** that Defendants, and those persons in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise,

are hereby restrained and enjoined from destroying, erasing, mutilating, concealing, altering,

transferring, writing over, or otherwise disposing of, in any manner, directly or indirectly, any

documents or records of any kind that relate to the business practices or business or personal

finances of Defendants, including but not limited to, computerized files and storage media,

contracts, accounting data, correspondence, advertisements, handwritten notes, telephone logs,

telephone scripts, receipt books, ledgers, personal and business canceled checks and check

00302

RER-32      1659

registers, bank statements, appointment books, copies of federal, state or local business or

personal income or property tax returns, and other documents or records of any kind that relate to

the business practices or business or personal finances of Defendants.

## RECORD KEEPING/BUSINESS OPERATIONS

## XVII.

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from:

A.    Failing to create and maintain documents that, in reasonable detail, accurately,

fairly, and completely reflect their incomes, disbursements, transactions, and use of money; and

B.    Creating, operating, or exercising any control over any business entity, including

any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first

providing the Commission with a written statement disclosing:  (1) the name of the business

entity; (2) the address and telephone number of the business entity; (3) the names of the business

entity's officers, directors, principals, managers and employees; and (4) a detailed description of

the business entity's intended activities.

## IDENTIFICATION OF PROVIDERS AND CUSTOMERS

## XVIII.

**IT IS FURTHER ORDERED** that, to the extent that Defendants have not complied with

Section XVIII of the TRO, Defendants shall:

A.    Prepare and deliver to counsel for Plaintiff a completed statement, verified under

oath and accurate as of the date of entry of this Order, identifying each long distance service

provider that provided services to consumers in connection with any collect calls that were billed

on behalf of Defendants; and

00303

B.    Prepare and deliver to counsel for Plaintiff a completed statement, verified under

oath and accurate as of the date of entry of this Order, detailing the collect calls that were billed on

behalf of Defendants during 2005, including the calling telephone numbers, the recipient

telephone numbers, and the date and time of the calls.

## STAY OF ACTIONS

### XIX.

**IT IS FURTHER ORDERED** that:

A.    Except by leave of this Court, during pendency of the receivership ordered herein,

Defendants, and all customers, principals, investors, creditors, stockholders, lessors, and other

persons seeking to establish or enforce any claim, right, or interest against or on behalf of the

Defendants, and all others acting for or on behalf of such persons, including attorneys, trustees,

agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective

attorneys, servants, agents and employees, be and are hereby stayed from:

1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or

proceeding against a Receivership Defendant, except that such actions may

be filed to toll any applicable statute of limitations;

2.    Accelerating the due date of any obligation or claimed obligation against a

Receivership Defendant; filing or enforcing any lien against a Receivership

Defendant; taking or attempting to take possession, custody, or control of

any asset of a Receivership Defendant; attempting to foreclose, forfeit,

alter, or terminate any interest in any asset of a Receivership Defendant,

whether such acts are part of a judicial proceeding, are acts of self-help, or

22

00304

otherwise;

3.    Executing, issuing, serving, or causing the execution, issuance or service

of, any legal process against a Receivership Defendant, including, but not

limited to, attachments, garnishments, subpoenas, writs of replevin, writs of

execution, or any other form of process whether specified in this Order or

not;

4.    Causing any Receivership Defendant to be placed in involuntary

bankruptcy; or

5.    Doing any act or thing whatsoever to interfere with the Receiver managing,

or taking custody, control, or possession of, the assets or documents subject

to this receivership, or to harass or interfere with the Receiver in any way,

or to interfere in any manner with the exclusive jurisdiction of this Court

over the assets or documents of the Receivership Defendants.

B.    This paragraph does not stay: (a) the commencement or continuation of a criminal

action or proceeding; or (b) any action brought against Willoughby Farr or Mary Lou Farr

concerning any claim or action unrelated to Receivership assets.

## DISTRIBUTION OF ORDER BY DEFENDANTS

### XX.

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this

Order to each affiliate marketer, sub-affiliate marketer, affiliate, billing aggregator, subsidiary,

division, sales entity, successor, assign, officer, director, employee, independent contractor, client

company, agent, attorney, spouse and representative of Defendants, and shall, within ten (10) days

00305

from the date of entry of this Order, provide the Commission with a sworn statement that

Defendants have complied with this provision of the Order, which statement shall include the

names, physical addresses, and e-mail addresses of each such person or entity who received a

copy of the Order.

## SERVICE OF ORDER

### XXI.

IT IS FURTHER ORDERED that copies of this Order may be served by any means,

including facsimile transmission or email, upon any financial institution or other entity or person

that may have possession, custody, or control of any documents of any Defendant, or that may

otherwise be subject to any provision of this Order. Service upon any branch or office of any

financial institution shall effect service upon the entire financial institution.

## CONSUMER CREDIT REPORTS

### XXII.

IT IS FURTHER ORDERED that, pursuant to Section 604(1) of the Fair Credit

Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer

report concerning Defendants to the Commission.

## SERVICE UPON PLAINTIFF

### XXIII.

IT IS FURTHER ORDERED that, with regard to any correspondence or pleadings

related to this Order, service on the Commission shall be performed electronically or by overnight

mail to the attention of Laura Kim at the Federal Trade Commission, 600 Pennsylvania Avenue,

NW, Room H-238, Washington, DC 20580.

24

00306

RER-32    1663

## RETENTION OF JURISDICTION

### XXIV.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all

purposes.


SO ORDERED, this 2ⁿ day of September, 2006, at ____.m.


KENNETH L. RYSKAMP
United States District Judge

CC: all parties and
counsel of record

00307

RER-32    1664

**Exhbiit 10**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80180-Civ-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

        Plaintiff,

   vs.

NATIONWIDE CONNECTIONS, INC.,
*et. al.*,

        Defendants.

_____/

### Declaration of Steven A. Lancellotta

1.  I am a member of the firm of Tighe Patton Armstrong Teasdale PLLC in Washington,

D.C. I am counsel for defendant The Billing Resource, d/b/a Integretel (formerly known as

Integretel, Incorporated) ("Integretel"). I submit this declaration in opposition to the receiver's

motion for an order requiring Integretel to show cause why it should not be held in contempt of

court.

2.  I have read the declaration of Richard H. Gordin, which summarizes certain events

relating to the issue of service of process on Integretel.

3.  Early in the evening of October 5, Mr. Gordin left the country. In his absence, I

handled communications with the FTC regarding the issue of service.

4.  Integretel authorized us to accept service effective on October 10. On that date I sent

counsel for the FTC a letter by fax stating that we were authorized to accept service of the

previously delivered documents effective on October 10, and asking him to contact me

immediately if that was not acceptable to the FTC. Counsel for the FTC did not contact me in

response to the letter. A true and correct copy of my October 10 letter is attached hereto as Exhibit 1.

5. Later in the day on October 10, I spoke by telephone with FTC attorney Laura Kim, who confirmed that Integretel would be deemed to have been served on October 10.

6. On October 11, Mr. Gordin and I were copied on a letter from Ms. Kim to the Receiver's counsel, Jeffrey Schneider, concerning certain assets that the FTC alleged belong to the receivership estate. I then sent to Mr. Schneider a letter explaining why we believed that Integretel was not in possession of any assets belonging to the receivership estate. A copy of that letter is attached to the Receiver's show-cause motion as part of Exhibit 4.

7. Mr. Schneider sent me an email on October 12 in which he stated that he had reviewed my letter to him and suggested that we speak the next morning. I agreed to that suggestion, and on the morning of October 13 I spoke with Mr. Schneider. Also participating in that conversation were Neal Goldfarb of my firm and our local counsel, Scott Newman of Holland & Knight.

8. In that conversation we disputed Mr. Schneider's claim that Integretel was required to turn over the amount of the reserves to the Receiver. We also discussed the possibility of resolving the dispute without the Receiver's seeking relief from the Court, but were unable to reach an agreement. Mr. Schneider filed his show-cause motion later that day.

I DECLARE under penalty of perjury that the foregoing is true to the best of my knowledge, information, and belief.

Executed on October 30, 2006.

Steven A. Lancellotta

-2-

00309

RER-32    1666

# Exhibit 1

# TIGHE PATTON ARMSTRONG TEASDALE, PLLC

ATTORNEYS AT LAW

1747 PENNSYLVANIA AVENUE, N.W.
Third Floor
WASHINGTON, DC 20006-4604

———

TELEPHONE (202) 454-2800
FACSIMILE (202) 454-2805
www.tighepatton.com

STEVEN A. LANCELLOTTA
WRITER'S DIRECT DIAL: (202) 454-2836
EMAIL: slancellotta@tighepatton.com

October 10, 2006

**VIA FACSIMILE & FIRST-CLASS MAIL**

Michael J. Davis, Esquire
Federal Trade Commission
600 Pennsylvania Avenue, NW
Room H-288
Washington, DC 20580

Re:    *Federal Trade Commission v. Nationwide Connections, Inc., et al.*

Dear Mr. Davis:

This is to follow up on Richard Gordin's letter to you of October 5, 2006 regarding the issue of service of the summons and first amended complaint on The Billing Resource.

We have consulted with our client, and we are authorized to accept the Federal Express delivery that Mr. Gordin received on October 5 as constituting service of the summons and first amended complaint, effective as of today. Therefore, the deadline for filing a responsive motion or pleading would begin to run today, not on October 5.

We assume this will be acceptable to the staff. If it is not, please let me know immediately.

Sincerely,

Steven A. Lancellotta

00311

RER-32      1668

# Exhibit 11

**PlnDue, DsclsDue**

## U.S. Bankruptcy Court
## Northern District of California (San Jose)
## Bankruptcy Petition #: 07-52890

*Assigned to:* Judge Arthur S. Weissbrodt                    *Date Filed:* 09/16/2007
Chapter 11
Voluntary
Asset

*Debtor*                                        represented by **Jeffrey K. Rehfeld**
**The Billing Resource**                                      Sheppard, Mullin, Richter and
5883 Rue Ferrari                                             Hampton
San Jose, CA 95138                                           4 Embarcadero Center 17th Fl.
Tax id: 33-0289863                                           San Francisco, CA 94111
*dba*                                                        (415) 434-9100
**Integretel**                                               Email:
*aka*                                                        jrehfeld@sheppardmullin.com
**Integretel Billing Solutions**

**Michael H. Ahrens**
Sheppard, Mullin, Richter and
Hampton
4 Embarcadero Center 17th Fl.
San Francisco, CA 94111
(415) 434-9100
Email:
mahrens@sheppardmullin.com

**Ori Katz**
Sheppard, Mullin, Richter and
Hampton
4 Embarcadero Center 17th Fl.
San Francisco, CA 94111
(415) 434-9100
Email:
okatz@sheppardmullin.com

**Steven B. Sacks**
Sheppard, Mullin, Richter and
Hampton
4 Embarcadero Center 17th Fl.
San Francisco, CA 94111
(415) 434-9100
Email:
ssacks@sheppardmullin.com

00312

RER-32      1669

**Responsible Ind**
**Ken Dawson**
5883 Rue Ferrari
San Jose, CA 95138
(408) 362-4000

**U.S. Trustee**
**Office of the U.S. Trustee / SJ**
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004
( )

**Creditor Committee**
**Official Committee Of Unsecured Creditors**
Pachulski Stang Ziehl & Jones LLP
150 California Street
15th Floor
San Francisco, CA 94111-4500
(415) 263-7000

represented by **John D. Fiero**
Pachulski, Stang, Ziehl, Young and Jones
150 California St. 15th Fl.
San Francisco, CA 94111-4500
(415) 263-7000
Email: jfiero@pszyjw.com

**Trustee Attorney**
**Raymond P. Bolanos**
AT&T Services, Inc.
525 Market St., 20th Floor
San Francisco, CA 94105
U.S.A.
(415) 778-1357

represented by **Bobby C. Lawyer**
Pacific Telesis Group Legal Dept.
140 New Montgomery St. #1025
San Francisco, CA 94105
(415) 778-1213
Email: bl2153@att.com

| Filing Date | # | Docket Text |
|---|---|---|
| 09/16/2007 | 1 | Chapter 11 Voluntary Petition, Fee Amount $1039, Filed by The Billing Resource. Order Meeting of Creditors due by 9/24/2007.Incomplete Filings due by 10/1/2007. (Katz, Ori) CORRECTIVE ENTRY: COURT REMOVED SECTION 521 FILINGS DUE DEADLINE. COURT ADDED DEBTOR'S ALIAS NAME TO CM/ECF TO MATCH VOLUNTARY PETITION PDF. ERROR: CREDITORS NOT UPLOADED INTO CM/ECF AT THE TIME OF FILING. ATTORNEY TO TAKE IMMEDIATE ACTION. Modified on 9/17/2007 (er, ). (Entered: 09/16/2007) |
| 09/16/2007 | 2 | Declaration of Ken Dawson in Support of *Authority to Sign and File Voluntary Petition* (RE: related document(s)1 Voluntary Petition (Chapter 11)). Filed by Debtor The Billing Resource. (Katz, Ori) (Entered: 09/16/2007) |
| 09/16/2007 | 3 | List of 30 Largest Unsecured Creditors Filed by Debtor The Billing Resource (Katz, Ori) CORRECTIVE ENTRY: COURT MODIFIED DOCKET TEXT |

00313

| | | |
|---|---|---|
| | | TO MATCH PDF. Modified on 9/18/2007 (er, ). (Entered: 09/16/2007) |
| 09/16/2007 | | Receipt of filing fee for Voluntary Petition (Chapter 11)(07-52890) [misc,volp11] (1039.00). Receipt number 4629782, amount $1039.00 (U.S. Treasury) (Entered: 09/16/2007) |
| 09/16/2007 | 4 | Creditor Matrix Filed by Debtor The Billing Resource (Katz, Ori) (Entered: 09/16/2007) |
| 09/16/2007 | 5 | Statement of Corporate Ownership *Under Bankruptcy Rule 1007(a)(1)* Filed by Debtor The Billing Resource (Katz, Ori) (Entered: 09/16/2007) |
| 09/16/2007 | 6 | Application to Designate Ken Dawson as Responsible Individual Filed by Debtor The Billing Resource (Attachments: # 1 Exhibit A) (Katz, Ori) (Entered: 09/16/2007) |
| 09/16/2007 | 7 | Emergency Motion *for Order Authorizing Use of Existing Cash Management System and Bank Accounts* Filed by Debtor The Billing Resource (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Declaration of Ken Dawson) (Katz, Ori) (Entered: 09/16/2007) |
| 09/16/2007 | | First Meeting of Creditors with 341(a) meeting to be held on 10/17/2007 at 11:00 AM at San Jose Room 130. Proof of Claim due by 01/15/2008. (admin, ) (Entered: 09/16/2007) |
| 09/17/2007 | 8 | Emergency Motion to Use Cash Collateral *and Granting Replacement Liens* Filed by Debtor The Billing Resource, dba Integretel (Attachments: # 1 Exhibit A through D# 2 Exhibit E) (Katz, Ori) (Entered: 09/17/2007) |
| 09/17/2007 | 9 | Declaration of Ken Dawson in Support of *Emergency Motion for Use of Cash Collateral and Granting Replacement Liens* (RE: related document(s)8 Motion to Use Cash Collateral). Filed by Debtor The Billing Resource, dba Integretel (Attachments: # 1 Exhibit A through F# 2 Exhibit G through K) (Katz, Ori) (Entered: 09/17/2007) |
| 09/17/2007 | 10 | Statement of Debtor *re Cash Collateral and Certification in Connection With Same* (RE: related document(s)8 Motion to Use Cash Collateral). Filed by Debtor The Billing Resource, dba Integretel (Katz, Ori) (Entered: 09/17/2007) |
| 09/18/2007 | 11 | Notice of Hearing (RE: related document(s)8 Emergency Motion to Use Cash Collateral *and Granting Replacement Liens* Filed by Debtor The Billing Resource, dba Integretel (Attachments: # (1) Exhibit A through D# (2) Exhibit E) (Katz, Ori), 7 Emergency Motion *for Order Authorizing Use of Existing Cash Management System and Bank Accounts* Filed by Debtor The Billing Resource, dba Integretel (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Declaration of Ken Dawson) (Katz, Ori)). Hearing scheduled for 9/20/2007 at 02:00 PM at San Jose Courtroom 3020 - |

00314

10/10/2007 10:55 AM
RER-32    1671

| | | Weissbrodt. Filed by Debtor The Billing Resource (Katz, Ori) (Entered: 09/18/2007) |
|---|---|---|
| 09/18/2007 | 12 | Order To File Required Documents and Notice Regarding Dismissal. . (er, ) (Entered: 09/18/2007) |
| 09/18/2007 | 13 | Unsecured Creditors Committee Acceptance or Rejection Form (er, ) (Entered: 09/18/2007) |
| 09/18/2007 | 14 | Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, and Deadlines (Generated) (er, ) (Entered: 09/18/2007) |
| 09/18/2007 | 15 | Notice of Status Conference to be held on 10/26/2007 at 02:00 PM at San Jose Courtroom 3020 - Weissbrodt. (er, ) (Entered: 09/18/2007) |
| 09/18/2007 | 16 | Certificate of Service *by Facsimile* (RE: related document(s)11 Notice of Hearing,, ). (Katz, Ori) (Entered: 09/18/2007) |
| 09/18/2007 | 17 | Certificate of Service *by Electronic Mail* (RE: related document(s)1 Voluntary Petition (Chapter 11), Voluntary Petition (Chapter 11), 11 Notice of Hearing,,, 8 Motion to Use Cash Collateral, 7 Motion Miscellaneous Relief, 9 Declaration,, 10 Statement). (Katz, Ori) (Entered: 09/18/2007) |
| 09/18/2007 | 18 | Certificate of Service *by Facsimile* (RE: related document(s)11 Notice of Hearing,, ). (Katz, Ori) (Entered: 09/18/2007) |
| 09/19/2007 | 19 | Certificate of Service (RE: related document(s)1 Voluntary Petition (Chapter 11), Voluntary Petition (Chapter 11), 2 Declaration, 11 Notice of Hearing,,, 8 Motion to Use Cash Collateral, 7 Motion Miscellaneous Relief, 9 Declaration,, 10 Statement). (Katz, Ori) (Entered: 09/19/2007) |
| 09/19/2007 | 20 | Request for Notice *Request for Special Notice and Inclusion on Mailing List by Public Communications Services, Inc. with Proof of Service* Filed by Creditor Public Communications Services, Inc. (Cohen, Leslie) (Entered: 09/19/2007) |
| 09/19/2007 | 21 | Objection *of PCS to Debtor's Emergency Motion for Use of Cash Collateral and Granting Replacement Liens with proof of service* (RE: related document(s)8 Motion to Use Cash Collateral). Filed by Creditor Public Communications Services, Inc. (Cohen, Leslie) (Entered: 09/19/2007) |
| 09/19/2007 | 22 | Declaration of Tommie Joe in Support of Objection to *Debtor's Emergency Motion for Use of Cash Collateral and Granting Replacement Liens with proof of service* (RE: related document(s)21 Objection, 8 Motion to Use Cash Collateral). Filed by Creditor Public Communications Services, Inc. (Attachments: # 1 Exhibit # 2 Exhibit Pages 51 to 55 with proof of service) (Cohen, Leslie) **CORRECTIVE ENTRY: COURT ADDED LINKAGE** |

00315

RER-32       1672

| | | |
|---|---|---|
| | | **TO DOCUMENT #21, WHICH THIS DECLARATION SUPPORTS.** Modified on 9/20/2007 (cvt, ). (Entered: 09/19/2007) |
| 09/19/2007 | 23 | Notice of Continued Hearing *at the Request of the Court* (RE: related document(s)8 Emergency Motion to Use Cash Collateral *and Granting Replacement Liens* Filed by Debtor The Billing Resource, dba Integretel (Attachments: # (1) Exhibit A through D# (2) Exhibit E) (Katz, Ori), 7 Emergency Motion *for Order Authorizing Use of Existing Cash Management System and Bank Accounts* Filed by Debtor The Billing Resource (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Declaration of Ken Dawson) (Katz, Ori)). Hearing to be held on 9/21/2007 at 1:30 PM San Jose Courtroom 3020 - Weissbrodt for 7, Hearing to be held on 9/21/2007 at 1:30 PM San Jose Courtroom 3020 - Weissbrodt for 8, Filed by Debtor The Billing Resource (Rehfeld, Jeffrey) (Entered: 09/19/2007) |
| 09/19/2007 | 24 | Brief/Memorandum in Opposition to *(1) Emergency Motion for Use of Cash Collateral and Granting Replacement Liens; (2) Emergency Motion for Order Authroizing Use of Existing Bank Accounts and Cash Management Systems; and (3) Ex Parte Application for Order Approven Ken Dawson as Debtor's Desgnated Resopnsible Individual; Memorandum of Points and Authorities* (RE: related document(s)8 Motion to Use Cash Collateral, 7 Motion Miscellaneous Relief, 6 Application to Designate Responsible Individual). Filed by Creditor David R Chase (Schwartz, Steven) (Entered: 09/19/2007) |
| 09/19/2007 | 25 | First Request To Take Judicial Notice *of David R. Chase, Federal Receiver* (RE: related document(s)24 Opposition Brief/Memorandum,, ). Filed by Creditor David R Chase (Schwartz, Steven) (Entered: 09/19/2007) |
| 09/19/2007 | 26 | Declaration of David R. Chase, Federal Receiver in Opposition of *(1) EMERGENCY MOTION FOR USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS; (2) EMERGENCY MOTION FOR ORDER AUTHORIZING USE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEMS; AND (3) EX PARTE APPLICATION FOR ORDER APPROVING KEN DAWSON AS DEBTOR'S DESIGNATED RESPONSIBLE INDIVIDUAL* (RE: related document(s)8 Motion to Use Cash Collateral, 7 Motion Miscellaneous Relief, 6 Application to Designate Responsible Individual). Filed by Creditor David R Chase (Attachments: # 1 Appendix # 2 Appendix # 3 Appendix # 4 Appendix # 5 Appendix # 6 Appendix # 7 Appendix # 8 Appendix) (Schwartz, Steven) (Entered: 09/19/2007) |
| 09/19/2007 | 27 | Adversary case 07-05156. 91 (Declaratory judgment), 72 (Injunctive relief - other) Complaint by The Billing Resource against David R Chase, Federal Trade Comission. Fee Amount $250. (Katz, Ori) (Entered: 09/19/2007) |
| 09/20/2007 | 28 | Certificate of Service (RE: related document(s)23 Notice of Continued Hearing,,, ). (Rehfeld, Jeffrey) (Entered: 09/20/2007) |

00316

| 09/20/2007 | 29 | Certificate of Service (RE: related document(s)23 Notice of Continued Hearing,,, ). (Rehfeld, Jeffrey) (Entered: 09/20/2007) |
| 09/20/2007 | 30 | Request for Notice Filed by Creditor POL, Inc. (Attachments: # 1 proof of service) (Diemer, Kathryn) (Entered: 09/20/2007) |
| 09/20/2007 | 31 | Certificate of Service (RE: related document(s)26 Declaration,,, 24 Opposition Brief/Memorandum,,, 25 Request To Take Judicial Notice). (Schwartz, Steven) (Entered: 09/20/2007) |
| 09/20/2007 | 32 | Reply to *Oppositions* (RE: related document(s)21 Objection,, 24 Opposition Brief/Memorandum,, ). Filed by Debtor The Billing Resource (Attachments: # 1 Declaration of Michael H. Ahrens# 2 Exhibit A - C to Ahrens Declaration# 3 Exhibit D - E to Ahrens Declaration) (Katz, Ori) (Entered: 09/20/2007) |
| 09/20/2007 | 33 | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s)14 Generate 341 Notices). Service Date 09/20/2007. (Admin.) (Entered: 09/20/2007) |
| 09/20/2007 | 34 | BNC Certificate of Mailing (RE: related document(s)12 Order to File Missing Documents). Service Date 09/20/2007. (Admin.) (Entered: 09/20/2007) |
| 09/20/2007 | 35 | BNC Certificate of Mailing - Notice of Status Conference in Ch 11. (RE: related document(s)15 Notice of Status Conference). Service Date 09/20/2007. (Admin.) (Entered: 09/20/2007) |
| 09/20/2007 | 36 | BNC Certificate of Mailing - Unsecured Creditors' Comm Acc/Rej Form. (RE: related document(s)13 Unsecured Creditors Committee Acc/Rej Form). Service Date 09/20/2007. (Admin.) (Entered: 09/20/2007) |
| 09/21/2007 | 37 | Notice of Appearance and Request for Notice by Barry R. Levine. Filed by Creditor Americom Technologies, Inc. (Levine, Barry) (Entered: 09/21/2007) |
| 09/21/2007 | 38 | Notice Regarding *Pending Enforcement Action and Related Proceedings Against Debtor* Filed by Creditor Federal Trade Commission (Attachments: # 1 Exhibit Attachment A) (Mack, Julie) (Entered: 09/21/2007) |
| 09/21/2007 | 39 | Certificate of Service *by Email and Overnight Delivery* (RE: related document(s)32 Reply, ). (Katz, Ori) (Entered: 09/21/2007) |
| 09/21/2007 | 40 | Certificate of Service (RE: related document(s)32 Reply, ). (Katz, Ori) (Entered: 09/21/2007) |
| 09/21/2007 | 41 | Opposition Objection *of Thermo Credit LLC to Emergency Motion for Use of* |

00317

| | | |
|---|---|---|
| | | *Cash Collateral and Granting Replacement Liens* (RE: related document(s)8 Motion to Use Cash Collateral). Filed by Creditor Thermo Credit LLC (Attachments: # 1 Exhibit Exhibit 1# 2 Certificate of Service) (Lapinski, John) (Entered: 09/21/2007) |
| 09/21/2007 | 42 | Notice Regarding *District Court Order Granting Motion for Clarification as to Scope of Stay in FTC Enforcement Action* (RE: related document(s)38 Notice Regarding *Pending Enforcement Action and Related Proceedings Against Debtor* Filed by Creditor Federal Trade Commission (Attachments: # 1 Exhibit Attachment A) (Mack, Julie). Filed by Creditor Federal Trade Commission (Attachments: # 1 Exhibit Attachment A) (Mack, Julie) (Entered: 09/21/2007) |
| 09/21/2007 | | Hearing Continued (RE: related document(s)8 Emergency Motion to Use Cash Collateral *and Granting Replacement Liens* Filed by Debtor The Billing Resource, dba Integretel. Hearing to be held on 9/26/2007 at 2:15 PM San Jose Courtroom 3020 - Weissbrodt for 8, parties to respond to revised cash collateral by COB on 9/24/07, debtor to respond by 9/25/07. (tb, ) (Entered: 09/27/2007) |
| 09/21/2007 | | Hearing Held (RE: related document(s)7 Emergency Motion *for Order Authorizing Use of Existing Cash Management System and Bank Accounts* Filed by Debtor The Billing Resource. GRANTED. (Mr Dawson is appointed as responsible individual for purposes of the bankruptcy case). (tb, ) (Entered: 09/27/2007) |
| 09/22/2007 | 43 | Notice of Continued Hearing *Re Emergency Motion for Use of Cash Collateral and Granting Replacement Liens* (RE: related document(s)8 Emergency Motion to Use Cash Collateral *and Granting Replacement Liens* Filed by Debtor The Billing Resource, dba Integretel (Attachments: # (1) Exhibit A through D# (2) Exhibit E) (Katz, Ori)). Hearing to be held on 9/26/2007 at 2:15 PM San Jose Courtroom 3020 - Weissbrodt for 8, Filed by Debtor The Billing Resource (Rehfeld, Jeffrey) (Entered: 09/22/2007) |
| 09/22/2007 | 44 | Certificate of Service *of Notice of Continued Hearing re Emergency Motion for Use of Cash Collateral and Granting Replacement Liens* (RE: related document(s)43 Notice of Continued Hearing, ). (Rehfeld, Jeffrey) (Entered: 09/22/2007) |
| 09/24/2007 | 45 | Request for Notice *Notice of Appearance and Demand for Notices and Papers* Filed by Creditor Verizon Communications, Inc.. (Laddin, Darryl) (Entered: 09/24/2007) |
| 09/24/2007 | 46 | Request for Notice *and Inclusion in Master Mailing List* Filed by Creditors Intelicom Messaging, Email Discount Network (Goodrich, David) (Entered: 09/24/2007) |

00318

| 09/24/2007 | 47 | Supplemental Document *SUPPLEMENTAL OBJECTION OF PUBLIC COMMUNICATIONS SERVICES TO DEBTOR'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS WITH PROOF OF SERVICE* in (RE: related document(s)8 Motion to Use Cash Collateral). Filed by Creditor Public Communications Services, Inc. (Cohen, Leslie)ERROR: WRONG EVENT CODE SELECTED. Modified on 9/25/2007 (aw, ). (Entered: 09/24/2007) |
| --- | --- | --- |
| 09/24/2007 | 48 | Brief/Memorandum in Opposition to *Motion for Authority to Use Cash Collateral* (RE: related document(s)8 Motion to Use Cash Collateral). Filed by Creditor Federal Trade Commission (Mack, Julie) (Entered: 09/24/2007) |
| 09/24/2007 | 49 | Supplemental Brief/Memorandum in Opposition to *Motion for Authority to Use Cash Collateral; Memorandum of Points and Authorities* (RE: related document(s)[8Motion to Use Cash Collateral). Filed by Creditor David R Chase (Schwartz, Steven) ERROR: INCORRECT LINKAGE. CORRECTIVE ENTRY: COURT CORRECTED INCORRECTED LINKAGE AND MODIFIED DOCKET TEXT TO SHOW CORRECT LINKAGE. Modified on 9/25/2007 (aw, ). (Entered: 09/24/2007) |
| 09/24/2007 | 50 | Second Request To Take Judicial Notice 8Emergency Motion to Use Cash Collateral, 6Application to Designate Ken Dawson, 7Emergency Motion for Order Authorizing Use of Existing Cash Management System and Bank Accounts (RE: related document(s)[). Filed by Creditor David R Chase (Schwartz, Steven) ERROR: INCORRECT LINKAGE. CORRECTIVE ENTRY: COURT CORRECTED INCORRECT LINKAGE AND MODIFIED DOCKET TEXT TO SHOW CORRECT LINKAGE. Modified on 9/25/2007 (aw, ). (Entered: 09/24/2007) |
| 09/24/2007 | 51 | Objection *of Creditors American Premium Warehouse, Total I Project, LLC, Horizon Telecom, Inc., RRV Enterprises, D.D.D. Calling, Inc., Telecom Access Network, Inc., National Toll Free, and Norstar Marketing aka NS Marketing LLC* (RE: related document(s)8 Motion to Use Cash Collateral). Filed by Creditor American Premium Warehouse, et al. (Correa, Michaeline) (Entered: 09/24/2007) |
| 09/24/2007 | 52 | Supplemental Objection *OF THERMO CREDIT LLC TO EMERGENCY MOTION FOR USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS AND OBJECTIONTO CASH MANAGEMENT ORDER. 8Emergency Motion to Use Cash Collateral and Granting Replacement Liens* Filed by Creditor Thermo Credit LLC (Attachments: # 1 Certificate of Service) (Lapinski, John) ERROR: LINKAGE. CORRECTIVE ENTRY: COURT ADDED LINKAGE AND MODIFIED DOCKET TEXT TO SHOW CORRECT LINKAGE. Modified on 9/25/2007 (aw, ). (Entered: 09/24/2007) |
| 09/24/2007 | 53 | Supplemental Memorandum of Points and Authorities in Support of *Motion to Approve Use of Cash Collateral and in Reply to Certain Objections to Such Use* (RE: related document(s)8 Motion to Use Cash Collateral). Filed |

00319

1676

by Debtor The Billing Resource (Attachments: # 1 Exhibit A# 2 Declaration of Evan Meyer in Support of Supplemental Memorandum# 3 Exhibit A to Declaration of Evan Meyer in Support of Supplemental Memorandum# 4 Declaration of Joe Lynam# 5 Declaration of Evan Meyer re Certain Transactions# 6 Exhibit A to Declaration of Evan Meyer re Certain Transactions# 7 Exhibit B through D to Declaration of Evan Meyer re Certain Transactions# 8 Declaration of Ken Dawson# 9 Exhibit 1, Part A (1 of 2) to Dawson Declaration# 10 Exhibit 1, Part A (2 of 2) to Dawson Declaration# 11 Exhibit 1, Part B to Dawson Declaration# 12 Exhibit 2 and 3 to the Dawson Declaration) (Katz, Ori) (Entered: 09/24/2007)

| | | |
|---|---|---|
| 09/24/2007 | 54 | Joinder *to PCS' Objection to Debtor's Emergency Motion for Use of Cash Collateral* (RE: related document(s)21 Objection,, 52 Objection, ). Filed by Creditor Email Discount Network (Goodrich, David) (Entered: 09/24/2007) |
| 09/24/2007 | 55 | Objection (RE: related document(s)8 Motion to Use Cash Collateral, 7 Motion Miscellaneous Relief). Filed by Creditor POL, Inc. (Attachments: # 1 Declaration Kathryn S. Diemer in Support of Opposition to Objection Debtor's Emergency Motion for Use of Cash Collateral) (Diemer, Kathryn) ERROR: OBJECTION IS NOT SIGNED. Modified on 9/25/2007 (aw, ). (Entered: 09/24/2007) |
| 09/25/2007 | 56 | Objection (RE: related document(s)8 Motion to Use Cash Collateral). Filed by Creditor Network Telephone Services, Inc. (aw, ) (Entered: 09/25/2007) |
| 09/25/2007 | 57 | Exhibit *1 for the Proposed Order Approving Emergency Motion For Order Authorizing Use of Existing Cash Management System and Bank Accounts* Filed by Debtor The Billing Resource (Katz, Ori) ERROR: NO CASE NUMBER OR DEBTOR'S NAME ON EXHIBIT. UNABLE TO DETERMINE IF THE EXHIBIT IS FILED IN THE RIGHT CASE NUMBER. Modified on 9/26/2007 (aw, ). (Entered: 09/25/2007) |
| 09/25/2007 | 58 | Certificate of Service *Blacklined Version of First Amended Stipulation with PaymentOne Corporation Regarding Use of Cash Collateral and Adequate Protection; and Revised Budget* (RE: related document(s)8 Motion to Use Cash Collateral). (Rehfeld, Jeffrey) (Entered: 09/25/2007) |
| 09/25/2007 | 59 | Supplemental Certificate of Service *Notice of Continued Hearing re Emergency Motion for Use of Cash Collateral and Granting Replacement Liens* (RE: related document(s)43 Notice of Continued Hearing, ). (Rehfeld, Jeffrey) (Entered: 09/25/2007) |
| 09/25/2007 | 60 | Brief/Memorandum in Opposition to *Emergency Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction and Declaratory Relief* Filed by Creditor David R Chase (Schwartz, Steven) ERROR: FILED INCORRECTLY IN THE MAIN CASE INSTEAD OF THE ADVERSARY PROCEEDING. Modified on 9/26/2007 (aw, ). (Entered: 09/25/2007) |

00320

| | | |
|---|---|---|
| 09/25/2007 | 61 | Reply to *to Objection to Cash Collateral Stipulation Filed by Public Communications Services* (RE: related document(s)21 Objection, ). Filed by Creditor Paymentone Corp. (Rinehart, Karen) (Entered: 09/25/2007) |
| 09/25/2007 | 62 | Omnibus Reply to *Objections to Debtor's Emergency Cash Collateral Motion* (RE: related document(s)21 Objection,, 56 Objection, 8 Motion to Use Cash Collateral, 52 Objection,, 41 Objection,, 51 Objection,, 55 Objection, ). Filed by Debtor The Billing Resource (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 63 | Notice Regarding *Emergency Motion filed in USDC, Southern District of Florida* Filed by Debtor The Billing Resource (Attachments: # 1 Exhibit A# 2 Exhibit A, continued# 3 Exhibit A, continued) (Sacks, Steven) (Entered: 09/25/2007) |
| 09/25/2007 | 64 | Certificate of Service (RE: related document(s)63 Notice). (Sacks, Steven) (Entered: 09/25/2007) |
| 09/25/2007 | 65 | Application to Employ Sheppard, Mullin, Richter & Hampton LLP as Debtor's Counsel Filed by Debtor The Billing Resource (Attachments: # 1 Application Part 2# 2 Exhibit A# 3 Exhibit B# 4 Declaration of Michael H. Ahrens) (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 66 | Statement of Disclosure of Compensation Pursuant to Federal Rule of Bankruptcy Procedure 2016(b) (RE: related document(s)65 Application to Employ, ). Filed by Debtor The Billing Resource (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 67 | Certificate of Service *of Blacklined Version of First Amended Stipulation with PaymentOne and Budget* (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 68 | Certificate of Service *by Email* (RE: related document(s)53 Memo of Points & Authorities,,, ). (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 69 | Certificate of Service *by Facsimile* (RE: related document(s)53 Memo of Points & Authorities,,, ). (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 70 | Certificate of Service *by Overnight Delivery* (RE: related document(s)53 Memo of Points & Authorities,,, ). (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 71 | Certificate of Service *by Email* (RE: related document(s)62 Reply, ). (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 72 | Certificate of Service *by Facsimile* (RE: related document(s)62 Reply, ). (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 73 | Certificate of Service (RE: related document(s)65 Application to Employ,, 66 |

00321

10/10/2007 10:55 AM
RER-32    1678

| | | Statement). (Katz, Ori) (Entered: 09/25/2007) |
|---|---|---|
| 09/25/2007 | 77 | Request for Notice Filed by Creditor Network Telephone Services, Inc. (aw, ) (Entered: 09/26/2007) |
| 09/25/2007 | 78 | Order Apprving Emergency Motion for Miscellaneous Relief(Related Doc # 7) (aw, ) Modified on 9/26/2007 to correct filed date (aw, ). (Entered: 09/26/2007) |
| 09/26/2007 | 74 | Certificate of Service *of Federal Trade Commission's Notice of Pending Enforcement Action and Related Proceedings Against Debtor* (RE: related document(s)38 Notice). (Mack, Julie) (Entered: 09/26/2007) |
| 09/26/2007 | 75 | Certificate of Service *of Federal Trade Commission's Notice of District Court Order Granting Motion for Clarification as to Scope of Stay in FTC Enforcement Action* (RE: related document(s)42 Notice, ). (Mack, Julie) (Entered: 09/26/2007) |
| 09/26/2007 | 76 | Certificate of Service *of Federal Trade Commission's Opposition to Motion for Authority to Use Cash Collateral* (RE: related document(s)48 Opposition Brief/Memorandum). (Mack, Julie) (Entered: 09/26/2007) |
| 09/26/2007 | 79 | First Amended Stipulation With Paymentone Corporation Regarding Use of Cash Collateral and Adequate Protection Filed by Creditor Paymentone Corp. , Debtor The Billing Resource (RE: related document(s)8 Motion to Use Cash Collateral) . (aw, ) (Entered: 09/26/2007) |
| 09/26/2007 | 80 | Order Approving Interim Use of Cash Collateral and Granting Replacement Liens and Approving First Amended Stipulation (RE: related document(s)79 Stipulation for Miscellaneous Relief filed by Debtor The Billing Resource, Creditor Paymentone Corp.). (aw, ) (Entered: 09/26/2007) |
| 09/26/2007 | 81 | Notice of Entry of Order Regarding: *Approving Emergency Motion for Order Authorizing Use of Existing Cash Management System and Bank Accounts* (RE: related document(s)78 Order Apprving Emergency Motion for Miscellaneous Relief(Related Doc # 7) (aw, ) Modified on 9/26/2007 to correct filed date (aw, ).). Filed by Debtor The Billing Resource (Attachments: # 1 Exhibit A) (Ahrens, Michael) (Entered: 09/26/2007) |
| 09/26/2007 | 82 | Notice of Entry of Order Regarding: *Approving Interim Use of Cash Collateral and Granting Replacement Liens and Approving First Amended Stipulation with PaymentOne Corporation Regarding Use of Cash Collateral and Adequate Protection on an Interim Basis* (RE: related document(s)80 Order Approving Interim Use of Cash Collateral and Granting Replacement Liens and Approving First Amended Stipulation (RE: related document(s)79 Stipulation for Miscellaneous Relief filed by Debtor The Billing Resource, Creditor Paymentone Corp.). (aw, )). Filed by Debtor The Billing Resource (Attachments: # 1 Exhibit A# 2 Exhibit B) (Ahrens, Michael) (Entered: |

|  |  | 09/26/2007) |
|---|---|---|
| 09/26/2007 |  | Hearing Continued for a final hearing (RE: related document(s)8 Emergency Motion to Use Cash Collateral *and Granting Replacement Liens* Filed by Debtor The Billing Resource, dba Integretel. Hearing to be held on 10/15/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 8, debtor to put approximately $1.7 million into a blocked account which cannot be used without further order of the court; all opposition is withdrawn and the court authorizes use of cash collateral; any new objections to be filed by 10/10/07 and debtor to reply by 12:00 PM on 10/11/07; an Official Unsecured Creditors Committee is to be formed by Monday, 10/1/07. (tb, ) (Entered: 09/27/2007) |
| 09/27/2007 | 83 | Certificate of Service (RE: related document(s)81 Notice of Entry of Order,, 82 Notice of Entry of Order,, ). (Rehfeld, Jeffrey) (Entered: 09/27/2007) |
| 09/27/2007 | 84 | Certificate of Service (RE: related document(s)81 Notice of Entry of Order,, 82 Notice of Entry of Order,, ). (Rehfeld, Jeffrey) (Entered: 09/27/2007) |
| 09/27/2007 | 85 | Supplemental Certificate of Service (RE: related document(s)65 Application to Employ, ). (Rehfeld, Jeffrey) (Entered: 09/27/2007) |
| 09/27/2007 | 86 | Notice of Appearance and Request for Notice by Breck E. Milde. Filed by Creditor INFOTELCO.COM (Milde, Breck) (Entered: 09/27/2007) |
| 09/28/2007 | 87 | Notice of Appearance and Request for Notice by Jeffrey K. Garfinkle. Filed by Creditor United Online, Inc. (Garfinkle, Jeffrey) (Entered: 09/28/2007) |
| 09/28/2007 | 88 | BNC Certificate of Mailing (RE: related document(s)78 Order on Motion for Miscellaneous Relief). Service Date 09/28/2007. (Admin.) (Entered: 09/28/2007) |
| 09/28/2007 | 89 | BNC Certificate of Mailing (RE: related document(s)80 Order, ). Service Date 09/28/2007. (Admin.) (Entered: 09/28/2007) |
| 09/30/2007 | 92 | Order Granting Application to Designate Responsible Individual Ken Dawson (Related Doc # 6) (aw, ) (Entered: 10/01/2007) |
| 09/30/2007 | 114 | Order Granting Application to Employ (Related Doc # 65) (aw, ) (Entered: 10/04/2007) |
| 10/01/2007 | 90 | Stipulation for Adequate Protection *with POL, Inc.* Filed by Debtor The Billing Resource. (Katz, Ori) (Entered: 10/01/2007) |
| 10/01/2007 | 91 | Stipulation, Between the Debtor and David R. Chase as Receiver Regarding Placement of Funds Into a Segregated, Blocked Bank Account and Stay of Certain Litigation Proceedings Filed by Debtor The Billing Resource. (Katz, |

00323

10/10/2007 10:55 AM
RER-32      1680

|  |  | Ori) (Entered: 10/01/2007) |
|---|---|---|
| 10/01/2007 | 93 | Stipulation for Adequate Protection *Between Debtor and Public Communications Services, Inc.* Filed by Debtor The Billing Resource. (Katz, Ori) (Entered: 10/01/2007) |
| 10/01/2007 | 94 | Notice of Appointment of Creditors' Committee . (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Certificate of Service)(Mounger-Lum, Shannon) (Entered: 10/01/2007) |
| 10/01/2007 | 95 | Notice of Hearing (RE: related document(s)8 Emergency Motion to Use Cash Collateral *and Granting Replacement Liens* Filed by Debtor The Billing Resource, dba Integretel (Attachments: # (1) Exhibit A through D# (2) Exhibit E) (Katz, Ori), 79 First Amended Stipulation With Paymentone Corporation Regarding Use of Cash Collateral and Adequate Protection Filed by Creditor Paymentone Corp., Debtor The Billing Resource (RE: related document(s)8 Motion to Use Cash Collateral). (aw, )). Hearing scheduled for 10/15/2007 at 02:00 PM at San Jose Courtroom 3020 - Weissbrodt. Filed by Debtor The Billing Resource (Katz, Ori) (Entered: 10/01/2007) |
| 10/01/2007 | 96 | Motion to Extend Time *to File Schedules and Statements* Filed by Debtor The Billing Resource (Attachments: # 1 Declaration of Michael H. Ahrens) (Katz, Ori) (Entered: 10/01/2007) |
| 10/01/2007 | 97 | Application to Employ Holland & Knight LLP as Special Litigation Counsel Filed by Debtor The Billing Resource (Attachments: # 1 Exhibit A and B# 2 Declaration of Scott Newman) (Katz, Ori) (Entered: 10/01/2007) |
| 10/01/2007 | 98 | Application to Employ Tighe Patton Armstrong Teasdale, PLLC as Special Litigation Counsel Filed by Debtor The Billing Resource (Attachments: # 1 Exhibit A and B# 2 Declaration of Richard H. Gordin) (Katz, Ori) (Entered: 10/01/2007) |
| 10/01/2007 | 99 | Statement of of Proposed Special Litigation Counsel Holland & Knight LLP Pursuant to Federal Rule of Bankruptcy Procedure 2016(b) (RE: related document(s)97 Application to Employ). Filed by Debtor The Billing Resource (Katz, Ori) (Entered: 10/01/2007) |
| 10/01/2007 | 100 | Statement of of Proposed Special Litigation Counsel Tighe Patton Armstrong Teasdale, PLLC Pursuant to Federal Rule of Bankruptcy Procedure 2016(b) (RE: related document(s)98 Application to Employ). Filed by Debtor The Billing Resource (Katz, Ori) (Entered: 10/01/2007) |
| 10/01/2007 | 108 | Motion to Appear Pro Hac Vice for Jeffrey C. Schneider (aw, ) (Entered: 10/03/2007) |

00324

| 10/02/2007 | 101 | Certificate of Service *by Email* (RE: related document(s)93 Stipulation for Adequate Protection, 91 Stipulation for Miscellaneous Relief, 90 Stipulation for Adequate Protection, 82 Notice of Entry of Order,,, 95 Notice of Hearing,, ). (Katz, Ori) (Entered: 10/02/2007) |
| --- | --- | --- |
| 10/02/2007 | 102 | Certificate of Service *by Email* (RE: related document(s)100 Statement,, 99 Statement, 98 Application to Employ, 96 Motion to Extend Time, 97 Application to Employ). (Katz, Ori) (Entered: 10/02/2007) |
| 10/02/2007 | 103 | Certificate of Service *by Mail* (RE: related document(s)100 Statement,, 99 Statement, 98 Application to Employ, 96 Motion to Extend Time, 97 Application to Employ). (Katz, Ori) (Entered: 10/02/2007) |
| 10/02/2007 | 104 | Certificate of Service (RE: related document(s)82 Notice of Entry of Order,,, 95 Notice of Hearing,, ). (Katz, Ori) (Entered: 10/02/2007) |
| 10/02/2007 | 109 | Order on Stipulation (RE: related document(s)90 Stipulation for Adequate Protection filed by Debtor The Billing Resource). (aw, ) (Entered: 10/03/2007) |
| 10/02/2007 | 110 | Order on Stipulation (RE: related document(s)93 Stipulation for Adequate Protection filed by Debtor The Billing Resource). (aw, ) (Entered: 10/03/2007) |
| 10/02/2007 | 111 | Order on Stipulation (RE: related document(s)91 Stipulation for Miscellaneous Relief filed by Debtor The Billing Resource). (aw, ) (Entered: 10/03/2007) |
| 10/03/2007 | 105 | Transcript, Date of Hearing: Sep 21, 2007 *motions hearing*. (Palmer, Susan) (Entered: 10/03/2007) |
| 10/03/2007 | 106 | Transcript, Date of Hearing: Sep. 26, 2007 *emergency motion for use of cash collateral*. (Palmer, Susan) (Entered: 10/03/2007) |
| 10/03/2007 | 107 | Notice Regarding *Notice of Appearance* (RE: related document(s)1 Voluntary Petition (Chapter 11), Voluntary Petition (Chapter 11)). Filed by Trustee Attorney Raymond P. Bolanos. (Attachments: # 1 Notice of Appearance) (Lawyer, Bobby) ERROR: WRONG EVENT CODE SELECTED.Modified on 10/4/2007 (aw, ). (Entered: 10/03/2007) |
| 10/03/2007 | 112 | BNC Certificate of Mailing (RE: related document(s)92 Order on Application to Designate Responsible Individual). Service Date 10/03/2007. (Admin.) (Entered: 10/03/2007) |
| 10/04/2007 | 113 | Notice of Appearance and Request for Notice by John D. Fiero. Filed by Creditor Committee Official Committee Of Unsecured Creditors (Fiero, John) (Entered: 10/04/2007) |

00325

10/10/2007 10:55 AM
RER-32    1682

| 10/04/2007 | 115 | Order (RE: related document(s)108 Motion to Appear Pro Hac Vice). (aw, ) (Entered: 10/04/2007) |
| 10/04/2007 | 116 | Request for Notice /Request for Special Notice Filed by Creditor Network Telephone Services, Inc. (Attachments: # 1 Certificate of Service) (Friedman, Ellen) (Entered: 10/04/2007) |
| 10/05/2007 | 117 | BNC Certificate of Mailing (RE: related document(s)109 Order on Stipulation). Service Date 10/05/2007. (Admin.) (Entered: 10/05/2007) |
| 10/05/2007 | 118 | BNC Certificate of Mailing (RE: related document(s)110 Order on Stipulation). Service Date 10/05/2007. (Admin.) (Entered: 10/05/2007) |
| 10/05/2007 | 119 | BNC Certificate of Mailing (RE: related document(s)111 Order on Stipulation). Service Date 10/05/2007. (Admin.) (Entered: 10/05/2007) |
| 10/06/2007 | 120 | BNC Certificate of Mailing (RE: related document(s)114 Order on Application to Employ). Service Date 10/06/2007. (Admin.) (Entered: 10/06/2007) |
| 10/09/2007 | 121 | Order Granting Application to Employ Holland & Knight LLP (Related Doc # 97) (cvt, ) (Entered: 10/09/2007) |
| 10/09/2007 | 122 | Order Granting Application to Employ Tighe Patton Armstrong Teasdale, PLLC (Related Doc # 98) (cvt, ) (Entered: 10/09/2007) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 10/10/2007 07:55:37 | | | |
| **PACER Login:** | tp0060 | **Client Code:** | 10016.1 |
| **Description:** | Docket Report | **Search Criteria:** | 07-52890 Fil or Ent: filed From: 8/10/2007 To: 10/10/2007 Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| **Billable Pages:** | 9 | **Cost:** | 0.72 |

00326

Exhibit 12

1  HOWARD KOLLITZ (State Bar No. 059611)
   WALTER K. OETZELL (State Bar No. 109769)
2  STEVEN J. SCHWARTZ (State Bar No. 200586)
   DANNING, GILL, DIAMOND & KOLLITZ, LLP
3  2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904
4  Telephone: (310) 277-0077
   Facsimile: (310) 277-5735
5  Email:   sschwartz@dgdk.com

6  JEFFREY C. SCHNEIDER
   TEW CARDENAS LLP
7  Four Seasons Tower, Fifteenth Floor
   1441 Brickell Avenue
8  Miami, Florida 33131-3407
   Telephone: (305) 539-2481
9  Facsimile: (305) 536-1116

10  Co-Counsel for Creditor David R. Chase, Federal Receiver
    of Access One Communications, Inc., and Network One
11  Services, Inc.

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| In re | ) Case No. 07-52890-ASW |
|  | ) |
| THE BILLING RESOURCE, dba Integretal, a | ) Chapter 11 |
| California corporation, | ) |
|  | ) **OPPOSITION OF FEDERAL** |
|  | ) **RECEIVER TO: (1) EMERGENCY** |
| [Taxpayer's Identification No. 33-0289863] | ) **MOTION FOR USE OF CASH** |
|  | ) **COLLATERAL AND GRANTING** |
|  | ) **REPLACEMENT LIENS; (2)** |
|  | ) **EMERGENCY MOTION FOR ORDER** |
|  | ) **AUTHORIZING USE OF EXISTING** |
|  | ) **BANK ACCOUNTS AND CASH** |
| Debtor. | ) **MANAGEMENT SYSTEMS; AND (3) EX** |
|  | ) **PARTE APPLICATION FOR ORDER** |
|  | ) **APPROVING KEN DAWSON AS** |
|  | ) **DEBTOR'S DESIGNATED** |
|  | ) **RESPONSIBLE INDIVIDUAL;** |
|  | ) **MEMORANDUM OF POINTS AND** |
|  | ) **AUTHORITIES** |
|  | ) |
|  | ) **[Declaration of David R. Chase, Federal** |
|  | ) **Receiver filed as a separate document** |
|  | ) **concurrently herewith]** |
|  | ) |
|  | ) Date:   September 21, 2007 |
|  | ) Time:   1:30 p.m. |
|  | ) Ctrm:   3020 |

-1-

314289.02 [XP]    23086

00327

1   **TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES**

2   **BANKRUPTCY JUDGE:**

3       **PLEASE TAKE NOTICE** that creditor David R. Chase, the United States District Court-

4   Appointed Receiver (the "Federal Receiver") of Access One Communications, Inc. ("Access One"),

5   and Network One Services, Inc. ("Network One") (collectively, the "Receiverships"), submits

6   herewith his Opposition to the Motions of The Billing Resource, dba Integretal, a California

7   corporation (the "Debtor") (1) For Use of Cash Collateral and Granting Replacement Liens (the

8   "Cash Collateral Motion"); (2) For an Order Authorizing Use of Existing Bank Accounts and Cash

9   Management Systems (the "Motion for Use") and the (3) Ex Parte Application For Order

10  Approving Ken Dawson as Debtor's Designated Responsible Individual (the "Application"), filed

11  and served in this matter on or about September 17, 2007 (collectively, the "Motions"). The

12  grounds for such opposition are as described below.

13  I.

14  **INTRODUCTION**

15      This filing and "Emergency" Cash Collateral Motion is a transparent and outrageous

16  attempt to use this Court to negate at least two orders entered by the United States District Court

17  for the Southern District of Florida in respect of an action by the Federal Trade Commission (the

18  "FTC") against the Debtor and others for defrauding consumers.  The first of these orders required

19  Debtor to disclose the existence of and turn over to a Federal Receiver, David R. Chase,

20  $1,762,762.56 in receivership assets (the Receivership Funds").  The second entered last Thursday,

21  September 13, 2007 (the "Omnibus Order"), required the Debtor to appear and show cause why it

22  should not be held in contempt of court for failing to do so.  Because of the latter order, the Debtor

23  filed its Petition herein on Monday, September 17, 2007.

24      However, the Debtor went further in his scheme than simply filing its Petition.  It crafted

25  and filed the subject "Emergency" Cash Collateral Motion, the purpose and the effect of which is

26  to deceive this Court into frustrating the District Court's Order and give permission to the Debtor to

27  spend that money.  As this Court will see, if the Debtor is allowed to consummate this scheme, the

28

-2-

1 Receivership Funds, which constitute redress [restitution] of consumers, will be rapidly dissipated

2 rendering the District Court's orders ineffective and destroying a remedy to defrauded consumers.

3      This scheme becomes clear when the Debtor's actions and the Cash Collateral Motion are

4 examined. Initially, it is clear that the Omnibus Order triggered the filing here, and the Debtor

5 admits this. However, the Debtor does not get around to discussing this until eight pages into the

6 Cash Collateral Motion, and when it does, its discussion and its statements misstate the terms and

7 import of the orders. The Debtor never attaches the September 13 Order as an Exhibit. If it had, the

8 Court would see this is more than a simple "Payment Order" as Debtor describes it. Instead, it

9 orders the Debtor to show cause why it should not be held in contempt of court for failing to pay

10 over the funds to the Federal Receiver, something that had long since been required. The Court

11 would see that the Debtor will not "ultimately prevail in the Florida Action." In fact, the District

12 Court, in addition to requiring the turnover of the Receivership Funds has held that neither

13 indemnification nor contractual claims allow the Debtor to retain them. The Court would see that

14 the District Court is exercising its in rem jurisdiction over the funds, inter alia, as an ancillary relief

15 measure in an action by a Federal agency. Finally, the Court would see that the District Court has

16 held the procedure it has employed is proper and there is no further need for separate proceedings,

17 and that this in rem jurisdiction and procedure is proper against Debtor to provide an ancillary

18 redress for defrauded consumers, where the Debtor's conduct may imperil the District Court's

19 ability to render effective judgment.

20      The "Emergency" Cash Collateral Motion here is designed to frustrate the District Court's

21 ability to render an effective judgment. It is clear from the proposed budget that the Debtor will

22 spend almost 40% of these funds in the next three weeks. No where in the Cash Collateral Motion

23 is there any attempt at adequately protecting the Federal Receiver's interests in the funds. Finally,

24 the "Emergency" nature of this Motion and its treatment as a "First Day Order" is obviously

25 designed to catch the Federal Receiver unaware. However, it did not.

26      This Court is respectfully requested to deny the Cash Collateral Motion before it and to

27 order the Debtor to comply with the District Court's Order or require the Debtor to segregate and

28 account for the funds.

**II.**

**FACTS**

The history of the Federal Receivership and the September 14, 2007 District Court Order are set forth in detail in the Declaration of David R. Chase (the "Receiver's Declaration") filed herewith. To summarize, the FTC filed the United States District Court for the Southern District of Florida in the case entitled <u>Federal Trade Commission v. Nationwide Connections, Inc., et. al.</u>, Case no. 06-80180-CIV-RYSKAMP/VITUNAC (the "District Court Action") against numerous entities including Access One and Network One, claiming that they were running a fraudulent billing scheme that generated more than $25 million in bogus call charges in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 53(b). David R. Chase was appointed by the District Court on the FTC's motion as receiver for Access One and Network One, among others. The Debtor was added as a defendant to the District Court Action on or about September 14, 2006.

On February 27, 2006, the District Court issued a Temporary Restraining Order and Order to Show Cause,[1] which required any business entity served therewith to provide to the FTC a sworn statement identifying each account or asset held in the name of or on behalf of, or for the benefit of a Defendant, and the balance or description of the nature and value of each such asset.[2] On March 6, 2006, in response to the TRO, the Debtor wrote a misleading letter to the FTC (which letter was not a "sworn statement") that "no amounts are currently due and owing" to the Receiverships. This statement was a lie. In fact, the Debtor was holding over $1.35 million in reserves that belonged to the Receiverships. The Receiver learned of this fact on October 11, 2006 and on October 16, 2006, filed a revised motion for an Order to Show Cause why the Debtor should not be held in contempt of court for violating the TRO and failing to disclose the reserves, among other things (the "Contempt Motion").[3] The Debtor countered with several motions, including a motion to modify

---

[1] A copy of the TRO is attached to the Receiver's Declaration, marked as Exhibit "B" and incorporated herein by this reference.

[2] See TRO at Section VI(C)(1)

[3] See, Exhibit "F" to the Receiver's Declaration

-4-

00330

1   prior injunctive orders, a motion to stay contract claims, as well as a pending appeal to the 11th

2   Circuit Court of Appeals.[4]

3       Last Thursday, on September 13, 2007, the District Court Judge issued the Omnibus Order

4   granting the Contempt Motion, denying the Debtor's motions, and ordering the Debtor to transfer

5   the reserve funds to the Receiver, and ordering the Debtor to show cause, within 10 days, why it

6   should not be held in contempt for "failure to turn over the reserves." The Omnibus Order

7   recognized that "[t]he Receiver is seeking to recover the reserve funds pursuant to the Court's in

8   rem jurisdiction over receivership property, as memorialized in the TRO and the Amended

9   Preliminary Injunction."[5]

10      On Monday, September 17, 2007, the Debtor filed the herein bankruptcy case.

11                                      **III.**

12                                  **ARGUMENT**

13  A.  **The Filing of an "Emergency" Cash Collateral Order and Motion Was a Scheme to**

14  **Render Orders of the District Court Ineffective.**

15      The instant "emergency" cash collateral motion is a transparent attempt to render

16  ineffective at least two orders of the U.S. District Court for the Southern District of Florida in

17  respect of the Receivership Funds. As set forth in the Declaration of David R. Chase, the Federal

18  Receiver (the "Chase Declaration"), in 2006, the FTC instituted an action against several telecom

19  companies for fraudulent liability of consumers (the "FTC Action") and Mr. Chase was appointed

20  Receiver (Chase Declaration, paras. 4 and 5). Debtor was joined as a defendant (Chase

21  Declaration, para. 7).

22      The District Court issued several orders in the FTC Action which, inter alia, required

23  Debtor to identify and turn over funds which it was holding for the benefit of the Federal Receiver

24  (Chase Declaration, paras. 3, 5 to 15).

25  _____

26  [4] See, Exhibits "G" through "I" to the Receiver's Declaration.

27  [5] See, Exhibit "A" at p. 4.

28

-5-

1        Finally, on Friday September 14, 2007, after the Debtor's failure to comply, the District

2  Court entered an '"Omnibus Order" discussing the action and previous orders, requiring the Debtor

3  to show cause if it did not turn over the Receivership Funds, and making it clear that the Debtor

4  would not prevail in the FTC action in respect of the Receivership Funds. (Chase Declaration,

5  paras. 3, 11-16, and Exhibit " A"). On Monday, September 17, 2007, the Debtor filed its Petition

6  and the "Emergency" Cash Collateral Motion herein.

7        It is clear that this "emergency" motion is designed to render the District Court's orders

8  ineffective. Initially, the Debtor fails to disclose to this Court the true nature of the Omnibus

9  Order. Although Debtor makes reference to the order, it does not discuss its terms nor attach a

10  copy. Instead, it brushes it off as a "Payment Order" and makes the incredible assertion that it will

11  ultimately prevail. The most cursory review of the Omnibus Order (Exhibit "A") demonstrates

12  how incorrect this description and assertions are. Payment had long since been required and the

13  Court rejected each of Debtor's arguments.

14        The order was also clear that there is no issue as to the ownership of the $1,762,762.56.

15  Those funds are not property of the Bankruptcy Estate of the Debtor; rather, the Debtor has been

16  ordered to immediately transfer those funds to the Federal Receivership Estate. The District Court

17  recognized the propriety of the proceedings. Finally it found that its exercise of in rem jurisdiction

18  and the procedures were proper to insure a remedy for defrauded consumers.

19        The "Emergency" Cash Collateral Motion renders the orders ineffective. The budget

20  attached calls for nearly 40% of the Receivership Funds to be spent in the next three weeks. It

21  offers no adequate protection at all for the use of these funds. Finally, it is difficult to see why this

22  motion should be heard as an "emergency" if it were not to catch the Federal Receiver unaware.

23  **B.**    **The Receiver is not Adequately Protected.**

24        Section 363(e) of the Bankruptcy Code provides that, at any time, on request of an entity

25  with an interest in property which is proposed to be used, the court, with or without a hearing, shall

26  prohibit or condition such use, as is necessary to provide adequate protection.

27        The requirement of adequate protection is mandatory. In re Heatron, Inc., 6 B.R. 493

28  (Bankr. W.D. Mo. 1980); Lyons v. Fed. Savs. Bank (In re Lyons), 193 B.R. 637 (Bankr. D. Mass.

-6-

314289.02 [XP]   23086

1 | 1996). Adequate protection, by its nature, must be determined on a case-by-case basis. In re

2 | Martin, 761 F.2d 472 (8th Cir. 1985), In re Belco, Inc., 38 B.R. 525, 527 (Bankr. W.D. Okla.

3 | 1984). This inquiry as to adequate protection is limited to the interest of the creditor in the

4 | property involved. First Bank of Miller v. Wieseler, 45 B.R. 871, 875 (D. S.D. 1985).

5 |       Adequate protection means that the interests of the secured creditor are adequately

6 | protected by such use or other collateral is provided to secure any diminution and loss by such use.

7 | A preliminary step in determining whether adequate protection is afforded the secured creditor for

8 | the use of cash collateral is to conduct a valuation of the cash collateral. See In re George Ruggiere

9 | Chrysler - Plymouth, Inc., 727 F.2d 1017, 1020 (11th Cir. 1984). Typically, this valuation is to be

10 | made as at the date of the filing of the Debtor's chapter 11 petition. Id.

11 |       In the case of In re Bear River Orchards, 56 B.R. 976, 978 (Bankr. E.D. Cal. 1986) the court

12 | described the analysis that should be made in determining whether the debtor-in-possession is

13 | entitled to use cash collateral, as follows:

14 |       In any given case, the bankruptcy court must necessarily (1) establish the value of

15 |       the secured creditor's interests, (2) identify the risk to the secured creditor's value resulting

16 |       from the debtor's request for use of cash collateral; and (3) determine whether the debtor's

17 |       adequate protection proposal protects value as nearly as possible against risk to that value

18 |       consistent with the concept of indubitable equivalence.

19 |       Additionally, the Debtor in Possession is obligated to segregate and account for any cash

20 | collateral in its possession, custody or control. 11 U.S.C. § 363(c)(4).

21 |       As evidenced by the District Court's rulings, at least $1,762,762.56 of the $1,945,598 that

22 | the Debtor intends to use as cash collateral is not cash collateral at all, as it is property of the

23 | Federal Receivership Estate and must be returned to the Federal Receiver forthwith. Nevertheless,

24 | the Debtor does not even attempt to offer the Federal Receiver adequate protection in the form of

25 | replacement liens, or otherwise, since it knows that the only form of adequate protection that would

26 | be the indubitable equivalent of the Federal Receiver's interest in cash in the hands of the Federal

27 | Receiver in the amount of $1,762,762.56, which is precisely what the District Court determined in

28 | its Omnibus Order.

314289.02 [XP]    23086

00333

1   Moreover, the Debtor offers no evidence of the value or collectible nature of the accounts

2   receivable that the Debtor proposes to offer as adequate protection in the form of replacement liens.

3   The only "evidence" presented, other than self-serving, conclusory statements of Ken Dawson, is a

4   "Preliminary and Unaudited" Balance Sheet which shows total accounts receivable of

5   approximately $26 million. See, Exhibit "B" to the Cash Collateral Motion. Dawson "believes"

6   that $13.8 million in LEC Accounts Receivable should be collectible "on a rolling basis over the

7   next ninety (90) days." Dawson Declaration at para. 25. Dawson does not offer any projections,

8   forecasts or historical evidence to support this belief, other than his own assertion. If it is in fact

9   true that $13.8 million will be collected "on a rolling basis" over the next 90 days, then there is no

10  need for the Debtor to use the Receivership Funds which were ordered to be delivered to the

11  Federal Receiver to operate its business. The Debtor should be able to find post-petition financing

12  to continue to operate in the near term. Of course, any lender would require more evidence of the

13  value and collectibility of those accounts than was furnished to the Court in support of the Cash

14  Collateral Motion.

15  The Federal Receiver requests "adequate protection." The Federal Receiver hereby requests

16  this Bankruptcy Court to direct the Debtor to comply with the Omnibus Order of the District Court

17  and turn over the $1,762,762.56 to the Federal Receiver.

18  **C.    Immediate Relief from the Automatic Stay is the Only Remedy to Protect the**

19  **Diminution of the Receivership Property.**

20  Section 363(p) expressly provides that the trustee (or debtor in possession) has the burden

21  of proof on the issue of adequate protection but that the entity asserting an interest in the property

22  has the burden of proof on the issue of the validity, priority and extent of such interest. 11 U.S.C.

23  363(p).

24  When a creditor seeks relief under section 362 of the Bankruptcy Code, it is entitled to

25  protection against all of the risks of the trustee's continued possession of the collateral. Alan N.

26  Resnick and Henry J. Sommer, Collier on Bankruptcy, ¶ 363.05[1] (15th Ed. Rev. 2007). This

27  encompasses any decline in market value that occurs during the delay as well as any depreciation

28  that results from the continued use of the collateral. See, e.g., In re Continental Airlines, Inc., 154

-8-

314289.02 [XP]    23086

00334

1  B.R. 176 (Bankr. D. Del. 1993), *appeal dismissed as moot*, 91 F. 3d 553 (3rd Cir. 1996); In re Best

2  Products Co., Inc., 138 B.R. 155 (Bankr. S.D.N.Y. 1992).

3      This Bankruptcy Case follows a pattern of deceit on the part of this Debtor.  The Debtor,

4  through its president Ken Dawson, lied to the Receiver, the FTC and the District Court as to the

5  existence of money in reserves held for the benefit of the Receiverships.  Now, the Debtor is asking

6  this Court to approve the use of not less than $615,000 of cash held by the estate, in order to

7  continue its business operations, with Mr. Dawson at the helm.  The Debtor does so without so

8  much as an offer of adequate protection to the Federal Receiver or a segregation or accounting of

9  the cash sought to be used, or evidence that the Federal Receiver (or any other secured creditor, for

10  that matter) is adequately protected.  The Debtor's is unable to satisfy its burden of proof regarding

11  adequate protection.

12      By contrast, the Federal Receiver has already satisfied his burden of proof regarding his

13  interest in the property sought to be used as cash collateral.  Accordingly, the only rights that the

14  Debtor might have with regard to the Federal Receiver's property must be asserted in the District

15  Court and/or the 11th Circuit Court of Appeals.  For this Court to compel the parties to re-litigate

16  their disputes in this Bankruptcy Case would be a waste of judicial resources and would be contrary

17  to the principles underlying the doctrine of Collateral Estoppel.   MCA Records, Inc. v. Charly

18  Records, Ltd. 865 F.Supp. 649. 654 (C.D.Cal.,1994) ("[I]n deciding whether to apply collateral

19  estoppel, the court must balance the rights of the party to be estopped against the need for applying

20  collateral estoppel in the particular case, in order to promote judicial economy by minimizing

21  repetitive litigation, to prevent inconsistent judgments which undermine the integrity of the judicial

22  system, or to protect against vexatious litigation"); Montana v. United States, 440 U.S. 147, 153, 99

23  S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

24                                            **IV.**

25                                        **CONCLUSION**

26      For the foregoing reasons, the Debtor's Motions, and each of them, should be denied.  The

27  Federal Receiver believes that the appropriate remedy is relief from the automatic stay in order to

28  effectuate the orders of the District Court with respect to property of the Receiverships, which

                                            -9-

00335

1  motion the Federal Receiver intends to file forthwith, should the Court not *sua sponte* order such

2  relief. The Federal Receiver also respectfully requests that this Court order the Debtor to comply

3  with the Omnibus Order of the District Court and immediately turn over the $1,762,762.56 to the

4  Federal Receiver. The Federal Receiver further requests all other appropriate relief in the premises.

5

6  Dated: September 19, 2007                    DANNING, GILL, DIAMOND & KOLLITZ, LLP

7

8                                              By: _____

9                                              STEVEN J. SCHWARTZ
                                               Attorneys for David R. Chase, Court-
10                                             Appointed Receiver of Access One
                                               Communications, Inc., and Network One
11                                             Services, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-

314289.02 [XP]    23086

# Exhibit 13

## Neal Goldfarb

| | |
|---|---|
| **From:** | Kim, Laura [LKIM@ftc.gov] |
| **Sent:** | Thursday, September 20, 2007 9:49 AM |
| **To:** | markdjohnsonpa@bellsouth.net; agberg@kslaw.com; kdinan@kslaw.com; ctapie@kslaw.com; jthomas@kslaw.com; jpollack@kslaw.com; JCS@tewlaw.com; maustin@mwe.com; ssiff@mwe.com; drodgers@lawdcm.com; michael.woodbury@woodbury-santiago.com; chad@schuylaw.com; tlong@barnettbolt.com; hwanders@barnettbolt.com; Richard Gordin; Steve Lancellotta; Neal Goldfarb; Max Maccoby; marty.alexander@hklaw.com; scott.newman@hklaw.com; Rosanne@macalusolaw.com; peter@macalusolaw.com |
| **Cc:** | Guerard, Collot; Schoshinski, Robert; McKewen, Richard; Mora, Michael |
| **Subject:** | FTC v. Nationwide, emergency motion |
| **Attachments:** | FTC Emergency Motion for Clarification.pdf; SCAN1590_000.pdf; Exhibit 1.pdf; Exhibit 2.pdf |

Counsel: I am attaching a copy of the FTC's Emergency Motion for Clarification that the Automatic Stay Does Not Apply to the FTC's Law Enforcement Action and the Ongoing Contempt Proceeding and Supporting Memorandum of Law, with exhibits and emergency certification. I expect that this Motion will be filed soon in hard copy. I called chambers to let them know that I would shortly be filing an emergency motion, and I am simultaneously faxing a copy of the motion to Judge Ryskamp's chambers, per Kari's suggestion.

<<FTC Emergency Motion for Clarification.pdf>>  <<SCAN1590_000.pdf>>  <<Exhibit 1.pdf>>  <<Exhibit 2.pdf>>

Laura Kim
Attorney, Division of Marketing Practices
Federal Trade Commission
600 Pennsylvania Avenue, NW Room H-288
Washington, DC 20580
t.202.326.3734
f.202.326.3395

00337

Exhibit 14

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-Civ-Ryskamp/Vitunac

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC., et al.,

Defendants.

### PLAINTIFF FTC'S EMERGENCY MOTION FOR CLARIFICATION THAT THE AUTOMATIC STAY DOES NOT APPLY TO THE FTC'S LAW ENFORCEMENT ACTION AND THE ONGOING CONTEMPT PROCEEDING AND SUPPORTING MEMORANDUM OF LAW

In this enforcement action brought by Plaintiff Federal Trade Commission ("FTC" or "Commission"), Defendant The Billing Resource d/b/a Integretel ("Integretel") has filed a Notice of Bankruptcy instructing the Court that it has filed a petition under Chapter 11 of the Bankruptcy Code.[1] The Notice of Bankruptcy further instructs all parties to "please take further notice that Section 362 of the Bankruptcy Code operates as an automatic stay. . ." [DE 612]. Integretel's bare-bones "Notice of Bankruptcy" fails to notify this Court, however, that it has also filed emergency motions in its bankruptcy case to use cash collateral and its existing bank accounts -- which would permit Integretel to dissipate the very reserve funds ("Reserve Funds") that this Court has already ordered Integretel to turn over immediately.  [DE 610].

Indeed, Integretel has failed to disclose to the Bankruptcy Court that this Court has already ruled that the $1,762,762.56 in Reserve Funds is receivership property and not property

---

[1] *In re The Billing Resource, dba Integretel*, Case No. 07-52890, pending in the U.S. Bankruptcy Court for the Northern District of California, San Jose Division before the Hon. Arthur S. Weissbrodt.

of Integretel.[2]  [DE 610].  Because Integretel has failed to provide the Bankruptcy Court with a copy of this Court's Omnibus Order [DE 610], and because the Bankruptcy Court has scheduled a hearing on Integretel's emergency motions for September 21,[3] the FTC seeks an emergency ruling to clarify that the automatic bankruptcy stay in section 362(a) of the Bankruptcy Code does not apply to the prosecution of the FTC's case in chief or the contempt proceeding, including enforcement of the Court's Omnibus Order requiring Integretel to turnover Reserve Funds to the Receiver.

## I.    BACKGROUND

### A.    Procedural History of FTC's Enforcement Action

On February 27, 2006, Plaintiff Federal Trade Commission commenced this action for injunctive and other equitable relief against the Nationwide defendants[4] for violations of Section 5 of the FTC Act, 15 U.S.C. § 45(a) ("Enforcement Action").  The Complaint alleged that the Nationwide defendants engaged in a massive billing scam in which more than thirty million dollars in phony collect call charges were "crammed" onto consumers' telephone bills.[5]  The same day that the Commission filed suit, this Court entered an *ex parte* temporary restraining order ("TRO") that, among other things, shut down the Nationwide defendants' unlawful operation and appointed a temporary receiver for the corporate defendants.  [DE 18].  On March 8, after a contested hearing, the Court issued a Preliminary Injunction that, *inter alia*, made the

---

[2] The Receiver has filed an opposition to both motions.

[3] The Bankruptcy Court originally scheduled a hearing on these two motions for Thursday, September 20.  The hearing has been postponed until Friday, September 21 at 1:30 PST.

[4] The Nationwide defendants are:  Nationwide Connections, Inc.; Access One Communications, Inc.; Network One Services, Inc.; Willoughby Farr; Mary Lou Farr; Yaret Garcia; Erika Riaboukha; and Qaadir Kaid.  The five individual defendants each answered the Commission's Complaint; the three corporate defendants have defaulted.

[5] *See, e.g.*, FTC's Memo. of Points & Auths. in Supp. of *Ex Parte* Mot. for TRO [DE 17] at 4–14; Receiver's Mot. for OSC Why Integretel Should Not Be Held in Contempt [DE 243] at 2.

00339

RER-32    1696

temporary receiver permanent.[6]

As the Commission has explained in numerous pleadings before, the Nationwide defendants certainly did not act alone in their flagrant cramming scheme. Integretel and BSG[7] (collectively, "Aggregator defendants") played a pivotal role by, among other things, processing the bogus charges that they claimed consumers were liable to pay. Indeed, but for the Aggregator defendants' contracts with the local phone companies and their active involvement during the course of more than two and a half years of billing, consumers would not have been victimized to the extent that they were.[8]

Accordingly, on September 21, 2006, the FTC filed an Amended Complaint that added both Integretel and BSG as defendants. [DE 255]. As in its original Complaint, the Commission alleges the same two causes of action against all of the defendants: (1) that the defendants deceptively represented that consumers were obligated to pay charges appearing on their telephone bills for collect calls that were never made or authorized; and (2) that the defendants unfairly billed consumers for collect telephone calls that consumers never received or authorized. In late October 2006, the Aggregators filed their Answers, including numerous purported affirmative defenses which the Court has now stricken. [DE 286, 292, 611]. Pursuant to the Court's Order Modifying the Amended Scheduling Order, discovery is set to close on October 5, 2007.

### B.    Contempt Proceeding

As this Court is aware, Integretel never disclosed to this Court or to the Receiver that it

---

[6] The Court also entered an Amended Preliminary Injunction on September 25, 2006 after a contempt hearing involving defendants Willoughby Farr and Mary Lou Farr. [DE 233]. For purposes of this Motion, the FTC refers to the Amended Preliminary Injunction and the Preliminary Injunction as the "Preliminary Injunction."

[7] BSG includes defendants BSG Clearing Solutions North America, LLC, Billing Concepts, Inc., and ACI Billing Services, Inc.

[8] See, e.g., FTC's Combined Reply to Integretel's Opp. to Receiver's Mot. for OSC, and Opp. to Integretel's Mot. to Stay [DE 399-1] at 3–6.

-3-

was holding more than $1.35 million[9] in Reserve Funds that belonged to two of the Nationwide defendants – Access One and Network One – in spite of several provisions of the TRO and Preliminary Injunction that required Integretel to do so. On the contrary, upon being served with the TRO, Integretel sent the FTC an unsworn statement from its President claiming that "no amounts are currently due and owing" to Access One and Network One. [DE 610, p. 2].

. When the Receiver finally learned – seven months later – about the Reserve Funds Integretel had been holding, the Receiver filed a Motion for an Order to Show Cause Why Integretel Should Not Be Held in Contempt ("Contempt Motion" or "Contempt Proceeding"). [DE 243]. In response to the Contempt Motion, Integretel filed a 52-page response (not including exhibits), a Motion to Modify Prior Injunctive Orders [DE 294], a Motion to Stay Contract Claims [DE 363], and an appeal of the Preliminary Injunction to the 11th Circuit.[10] The FTC opposed Integretel's motions and filed a reply in support of the Receiver's Contempt Motion. The Court held a lengthy hearing at which two of Integretel's counsel presented argument, and at which the FTC and Receiver both argued in favor of the Contempt Motion.

On Friday, September 14, 2007, this Court issued its Omnibus Order [DE 610], which ordered Integretel to pay the current Reserve Funds immediately to the Receiver and ordered Integretel to show cause in writing within ten days why it should not be held in contempt for failing to turn over the Reserve Funds. The Court also denied Integretel's Motion to Modify and Motion to Stay Contract Claims. In so holding, the Court ruled that the subject Reserve Funds are property of the receivership – not property belonging to Integretel.

Notwithstanding this Court's determination that the Reserve Funds were receivership assets – and not Integretel's property – Integretel has brazenly sought to relitigate these very issues in the the Bankruptcy Court in the Northern District of California. As described below, however, Integretel has failed to mention that this Court has already decided that the Reserve

---

[9] As of June 30, 2006, the Reserve Funds had grown to $1,762,762.56.

[10] The appeal had been stayed pending this Court's resolution of Integretel's Motion to Modify Prior Injunctive Orders.

00341

RER-32    1698

Funds are not part of Integretel's bankruptcy estate.

**C.    Integretel's Attempt to Relitigate the Reserve Issues in Bankruptcy Court**

On Sunday, September 16, 2007, just two days after this Court's Omnibus Order on the Contempt Proceedings, Integretel filed a petition for chapter 11 bankruptcy. Integretel also concurrently filed: (1) an Emergency Motion for Use of Cash Collateral and Granting Replacement Liens ("Cash Collateral Motion") (attached as Exhibit 1); and (2) an Emergency Motion for Order Authorizing Use of Existing Bank Accounts and Cash Management Systems ("Cash Management Motion") (attached as Exhibit 2).

In essence, both motions seek permission to use existing cash collateral and existing bank accounts for the continued operation of Integretel's business. Because Integretel did not separate its clients' reserve funds and instead commingled them with its operating funds, the cash collateral and existing bank accounts at issue include the Reserve Funds that Integretel has been holding and using in violation of the TRO and Preliminary Injunction – the very same funds that were the subject of this Court's Omnibus Order issued on September 14, 2007.

Importantly, however, neither motion attached this Court's Omnibus Order. Furthermore, neither motion disclosed that this Court has already ruled that the $1,762,762.56 in Reserve Funds are receivership assets and therefore not property of Integretel's estate. In spite of this Court's order that Integretel turn over the Reserve Funds immediately to the Receiver, Integretel contends in its bankruptcy filings that "it currently owes nothing to the Receiver." [Exh. 1, p. 9; Exh. 2, p. 7.] Indeed, Integretel claims that "it will ultimately prevail. . . with respect to amounts which are the subject of and required to be paid under the [Omnibus Order]" as if this Court has not already ruled that the Reserve Funds were property of the receivership estate.

The FTC plans to oppose Integretel's two emergency motions at the hearing that has been noticed for September 21 in San Jose. In the meantime, however, the FTC urges this Court to clarify that the automatic bankruptcy stay does not apply to the prosecution of the FTC's Enforcement Action or the ongoing Contempt Proceeding.

-5-

**ARGUMENT**

**II.    NEITHER THIS ACTION NOR THE CONTEMPT PROCEEDING ARE STAYED BY DEFENDANT INTEGRETEL'S BANKRUPTCY FILING**

**A.    This Court Has Jurisdiction to Determine That the Automatic Stay Does Not Apply**

As an initial matter, this Court has jurisdiction to determine its own jurisdiction, as well as to decide whether the automatic stay applies to this action or the contempt proceeding pending before the Court. *See U.S. Dep't of Housing & Urban Dev't v. Cost Control Mktg. & Sales Mgmt.,* 64 F.3d 920, 927 n.11 (4th Cir. 1995); *Brock v. Morysville Body Works, Inc.,* 829 F.2d 383 (3d Cir. 1987); *NLRB v. Edward Cooper Painting, Inc.,* 804 F.2d 934, 939 (6th Cir. 1986); *In re Baldwin-United Corp. Litigation,* 765 F.2d 343, 347 (2d Cir. 1985); *NLRB v. Evans Plumbing Co.,* 639 F.2d 291 (5th Cir. 1981).

Further, as the *Cost Control* court noted, "because the district court's jurisdiction attached first in time, it was superior." *Id.; see also United States v. Delta Distributors Co., Inc.,* 1996 WL 460112 (June 21, 1996 S.D.W.Va.) (same).

**B.    The FTC's Enforcement Action is Not Stayed**

The FTC's prosecution of this action to protect consumers from unfair and deceptive trade practices is excepted from the automatic stay under Bankruptcy Code § 362(b)(4), the governmental regulatory exception to the stay.[11]    11 U.S.C. § 362(b)(4) provides:

> (b) the filing of a petition under section 301, 302, or 303 of this title . . . does not operate as a stay — . . .
> (4) under (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit

---

[11] The exemptions within § 362(b) are effective automatically upon the commencement of the bankruptcy case. By its express terms, the stay of Section 362(a) arises immediately upon the filing of a petition under Section 301, 302 or 303 of the Code, "[e]xcept as provided in subsection (b)." 11 U.S.C. § 362(a) (emphasis added). Thus, the stay does not become effective to the extent provided in those exemptions. *See, e.g., In re Fucilo,* No. 00-36261(CGM), 2002 WL 1008935, at *12 n.6 (Bankr. S.D.N.Y. Jan. 24, 2002); *In re Pincombe,* 256 B.R. 774, 781 (Bankr. N.D. Ill. 2000) (governmental agency is not required to seek relief from the stay before continuing proceedings against a debtor).

-6-

\* \* \* to enforce such governmental unit's \* \* \* police and regulatory power, including the enforcement of a judgment other than a money judgment \* \* \*."[12]

Thus, to the extent provided in § 362(b)(4), governmental regulatory or police actions are excepted from the automatic stay of:

(1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . .;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the [bankruptcy] case . . .;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; . . . [and]

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case . . . .

11 U.S.C. § 362(a).

The legislative history expressly states that this exception from the automatic stay applies to suits by the government "to prevent or stop violation of fraud, environmental protection, *consumer protection*, safety, or similar regulatory laws." H.R. Rep. No. 989, 95th Cong., 2d Sess. 52, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5838 (emphasis added).

The FTC's Enforcement Action falls squarely within this exception to the automatic stay. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), the Commission is authorized to seek injunctive relief against violations of the statutes it enforces whenever it "has reason to believe" that an injunction "would be in the interest of the public." This grant of authority was "designed to enable the Commission to carry out its mandate to protect the public interest through prompt and aggressive enforcement of the laws it administers." 119 Cong. Rec. 21435, 21443 (93d Cong., 1st Sess. June 26, 1973) (Remarks of Senator Henry M. Jackson).

Thus, numerous courts have recognized that actions brought by the FTC under Section 13(b), including actions seeking preliminary injunctive relief and ancillary relief in the form of an asset freeze and receivership, are not subject to the automatic stay. *See, e.g., In re First Alliance Mortgage Co.*, 264 B.R. 634, 647-51 (C.D. Cal. 2001) (reversing the bankruptcy court and

---

[12] Section 362(b)(4) was amended in 1998 by, *inter alia*, combining former subsections (b)(4) and (b)(5). *See SEC v. Brennan*, 230 F.3d 65, 74 (2d Cir. 2000). The case law that developed under former § 362(b)(4) and 362(b)(5) remains as viable guidance in interpreting new Section 362(b)(4). *See* 3 Collier on Bankruptcy ¶ 362.05[5][b] (16th ed. 1999).

00344

holding that FTC's action to enforce consumer protection and fair lending laws falls within the
§ 362(b)(4) exemption from the stay); *FTC v. American Standard Credit Sys.*, 874 F. Supp.
1080, 1083 (C.D. Cal. 1994); *FTC v. Austin Galleries of Illinois, Inc.*, No. 88 C 3845, 1991 U.S.
Dist. LEXIS 1223, *3 (N.D. Ill. Feb. 5, 1991); *FTC v. R.A. Walker & Assocs., Inc.*, 37 B.R. 608
(D.D.C. 1983). The foregoing authorities are consistent with the principles applied by the
Eleventh Circuit and the courts of appeals generally in actions to enforce regulatory schemes.
*See, e.g., Brock v. Rusco Industries, Inc.*, 842 F.2d 270 (11th Cir. 1988) (automatic stay
inapplicable to action by Secretary of Labor under Fair Labor Standards Act seeking injunction
against debtor's sale of goods); *SEC v. First Financial Group of Texas*, 645 F.2d 429 (5th Cir.
1981) (automatic stay inapplicable to action seeking injunctive relief, asset freeze and
receivership); *CFTC v. Petro Marketing Group, Inc.*, 700 F.2d 1279 (9th Cir. 1983) (automatic
stay inapplicable to action seeking injunctive relief, asset freeze and receivership).

 In addition to injunctive relief, the FTC seeks monetary relief in this action, including
disgorgement, restitution and consumer redress. The dual purposes of deterring unlawful
behavior by making such behavior more expensive and holding violating parties accountable
bring this action squarely within the § 362(b)(4) police and regulatory powers exemption. *See,
e.g., SEC v. Brennan*, 230 F.3d 65, 72 (2d Cir. 2000) ("When the government seeks to impose
financial liability on a party, it is plainly acting in its police or regulatory capacity – it is
attempting to curb certain behavior (such as defrauding investors, or polluting groundwater) by
making the behavior that much more expensive."); *United States v. Nicolet, Inc.*, 857 F.2d 202,
209-10 (3d Cir. 1988); *SEC v. Towers Financial Corp.*, 205 B.R. 27, 31 (S.D.N.Y. 1997)
(disgorgement is an equitable remedy that is merely ancillary to the SEC's scheme of injunctive
remedies and is designed to make securities fraud unprofitable); *In re Bilzerian*, 146 B.R. 871,
873 (Bankr. M.D. Fla. 1992).

 Therefore, § 362(b)(4) of the Bankruptcy Code permits the continuation of this action for
injunctive relief against defendant Integretel and the *entry* of a money judgment against
defendant Integretel.[13] *See, e.g., NLRB v. 15th Ave. Iron Works, Inc.*, 964 F.2d 1336, 1337 (2d

---

[13] The FTC acknowledges that *enforcement, i.e.*, collection, of any money judgment it
                  (continued...)

-8-

00345