attached a copy of a bankruptcy-court notice regarding the cash-collateral motion.[2] Moreover, the Court referred to the cash-collateral motion in its order denying the Receiver's emergency motion, and specifically said that it wanted to await the outcome of the hearing on that motion.[3] And Integretel referred to the cash-collateral motion in its filing in response to the Receiver's Emergency Motion in Furtherance of Pending Contempt Proceeding.[4] There was no need for Integretel's stay motion to inform the Court something of which the Court was fully aware.

3. All of the Receiver's complaints about Integretel's cash-collateral motion are misdirected because they are being made to the wrong court. Even though this Court previously held that it had *in rem* jurisdiction over the reserve amounts, once bankruptcy was filed, this Court's jurisdiction yielded to the bankruptcy court's.[5] That is the court before which the cash-collateral motion is pending. The bankruptcy court is highly experienced in dealing with issues of the sort the Receiver raises, which are within its core jurisdiction of the bankruptcy court under 28 U.S.C. § 157(b)(2)(M). The Receiver can participate in the bankruptcy proceedings, and it has in fact done so by appearing at the cash-collateral hearing last week and by filing several memoranda opposing the cash-collateral motion. The bankruptcy court will take the Receiver's interests and arguments into consideration in rendering its opinion. It is inappropriate for the Receiver to suggest that this Court base its decisions on what might or might not happen in the bankruptcy court. The issue before the Court is whether the requirements for a stay pending appeal are satisfied, and nothing more.

4. The Receiver is also off base in suggesting that if the bankruptcy court permits Integretel to use funds that the Receiver claims as his cash collateral, those funds will be dissipated. Now that Integretel is in bankruptcy, it will be operating under the watchful eyes of the bankruptcy court, a creditors' committee, and the United States Trustee. Indeed, the Receiver

---

2.  DE 618 Ex. 1; DE 626 Ex. B.

3.  DE 625.

4.  DE 622.

5.  *See Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 447-48 (2004); *In re Crown Vantage, Inc.*, 421 F.3d 963, 971 (9th Cir. 2005) ("The requirement of uniform application of bankruptcy law dictates that all legal proceedings that affect the administration of the bankruptcy estate be brought either in bankruptcy court or with leave of the bankruptcy court."); *In re Modern Boats, Inc.*, 775 F.2d 619, 620 (5th Cir. 1985) (admiralty court's jurisdiction over vessel yielded once bankruptcy filed).

00448

RER-32    1805

can apply to serve on the creditors' committee. Again, that is the forum for the Receiver to address concerns about how the bankruptcy court might allow Integretel to use funds.

5. The Receiver is wrong in contending that Integretel is attempting to use the bankruptcy court to do an end-run around the Payment Order. By filing a notice of appeal and seeking a stay from this Court, Integretel has taken the appropriate steps to have this Payment Order reviewed in the appropriate appellate forum: the Eleventh Circuit. At the same time, Integretel is fully within its rights to seek whatever relief it may be entitled to in the bankruptcy court. There is nothing sinister about doing so. That is the framework of the United States Code; that is what bankruptcy courts are for.

6. The Receiver's suggestion that Integretel's appeal will be rendered moot because Integretel will use up all of its money and be left with nothing is without foundation and in fact, preposterous. Integretel's intention in filing its cash-collateral motion is to try to stay in business, not to destroy itself by throwing all its money away. Moreover, as noted above, the company will be under the supervision of the bankruptcy court.

7. The Receiver proposes conditions under which he says he would consent to a stay. But his proposed consent is illusory. What he proposes is no different in its effect on Integretel than the Payment Order itself. The Payment Order directed Integretel to pay money to the Receiver to be held in a segregated receivership account, and under the Receiver's proposal Integretel would be required to pay money to the Receiver to be held in a segregated receivership account. The only difference between the order and the Receiver's proposal is that the Receiver explicitly says that the money would be preserved in the segregated account pending completion of the appeal. But that was implicit in the Court's requirement in the Payment Order that the money be kept in a *segregated* receivership account. There would be no reason to segregate the funds if the Court's intent were not that they be preserved.[6]

Dated: September 26, 2007.

---

6. The Receiver's Initial Response states that Integretel's counsel "has not responded to [the Receiver's] counsel's email and voicemail message" regarding his proposal. (Receiver's Initial Response at 3 n.2.) What the Receiver fails to state, however, is that the Initial Response was filed less than 30 minutes after the email was sent and the voicemail was left. In fact, Integretel's counsel responded in about 30 minutes but the Initial Response apparently had already been filed.

00449

RER-32      1806

Respectfully submitted,

_/s/ Neal Goldfarb_ _____

Richard H. Gordin, Pro hac vice

Neal Goldfarb, Pro hac vice

TIGHE PATTON ARMSTRONG TEASDALE PLLC

1747 Pennsylvania Ave., N.W., Suite 300

Washington, D.C. 20006

rgordin@tighepatton.com

ngoldfarb@tighepatton.com

Tel.:    (202) 454-2800

Fax:    (202) 454-2805

_/s/ Scott B. Newman_ _____

Scott B. Newman, Florida Bar No. 339717

Martin J. Alexander, Florida Bar. No. 346845

HOLLAND & KNIGHT LLP

222 Lakeview Ave., Suite 1000

West Palm Beach, Florida 33401

scott.newman@hklaw.com

marty.alexander@hklaw.com

Tel.:    (561) 833-2000

Fax:    (561) 650-8399

*Counsel for The Billing Resource d/b/a Integretel*

00450

**Certificate of Service**

I HEREBY CERTIFY that on September 26, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ Scott B. Newman
Scott B. Newman

00451

**SERVICE LIST**
**Federal Trade Commission vs. Nationwide Connection, Inc., et al**
**Case No. 06-80180-Civ-Ryskamp/Vitunac**

**CM/ECF Notice List:**

LAURA M. KIM, ESQ.
lkim@ftc.gov and ereid@ftc.gov
MICHAEL J. DAVIS, ESQ.
mdavis@ftc.gov
COLLOT GUERARD, ESQ.
cguerard@ftc.gov and cguerard@comcast.net
RICHARD McKEWEN, ESQ.
rmckewen@ftc.gov
ROBERT SCHOSHINSKI, ESQ.
rschoshinski@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., N.W., Room 286
Washington, DC 20580
202-326-3734 telephone (Kim)
202-326-3395 facsimile
*Attorneys for Plaintiff Federal Trade*
*Commission*

MARK D. JOHNSON, ESQ.
MarkDJohnsonPA@bellsouth.net
Mark D. Johnson, P.A.
10 Central Parkway, Suite 210
Stuart, Florida 34994
772-223-7700 telephone
772-223-1177 facsimile
*Attorneys for Defendants, Yaret Garcia, Erika*
*Riaboukha and Qaadir Kaid*

MICHAEL GARRETT AUSTIN, ESQ.
maustin@mwe.com
305-347-6517 telephone
STEVEN E. SIFF, ESQ.
ssiff@mwe.com
305-347-6511 telephone
McDermott Will & Emery LLP
201 S Biscayne Boulevard
Suite 2200
Miami, FL 33131-4336
347-6500 facsimile
*Attorneys for Defendants Billing Concepts, Inc.,*
*ACI Billing Services, Inc. d/b/a OAN, and BSG*
*Clearing Solutions North America, LLC*

ANDREW G. BERG, ESQ.
ABerg@kslaw.com
CAROLYN TAPIE, ESQ.
ctapie@kslaw.com
KEVIN DINAN, ESQ.
KDinan@kslaw.com
JOHN-DAVID THOMAS, ESQ.
jthomas@kslaw.com
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-4704
202-737-0500 telephone
202-626-3737 facsimile
*Attorneys for Defendants Billing Concepts,*
*Inc., ACI Billing Services, Inc. d/b/a OAN, and*
*BSG Clearing Solutions North America, LLC*

ROSANNE BRADY, ESQ.
Rosanne@macalusolaw.com
PETER N. MACALUSO, ESQ.
peter@macalusolaw.com
The Law Office of Peter N. Macaluso
3302 N. Tampa Street
Tampa, FL 33603
813-251-2831 telephone
813-228-7004 facsimile
*Attorneys for Crossclaim defendant/Third-party defendant Ronny Morrillo*

DERICK J. RODGERS, ESQ.
drodgers@lawdcm.com
Davis Cedillo & Mendoza Inc
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, TX 78212
210-822-6666 telephone
210-822-1151 facsimile
*Attorneys for Defendants Billing Concepts, Inc., ACI Billing Services, Inc. d/b/a OAN, and BSG Clearing Solutions North America, LLC*

DIANE NOLLER WELLS, ESQ.
dwells@devinegoodman.com
Devine Goodman Pallet & Wells, PA
777 Brickell Avenue, Suite 850
Miami, FL 33131
305-374-8200 telephone
305-374-8208 facsimile
*Attorneys for Second Churchill Way,LLC*

HENRY W. JOHNSON
hjohnson@jzwlawfirm.com
Hume & Johnson
1401 University Drive, Suite 301
Coral Springs, FL 33071
954-755-9880 telephone
*Attorneys for Interested Party John J. Smith*

JEFFREY C. SCHNEIDER, ESQ.
jcs@tewlaw.com
PATRICK J. RENGSTL
pjr@tewlaw.com
MICHELLE T. VISIEDO-HIDALGO, ESQ.
mtv@tewlaw.com
Tew Cardenas LLP
Four Seasons Tower—15th Floor
1441 Brickell Avenue
Miami, FL 33131
305-539-2481 telephone
305-536-1116 facsimile
*Attorneys for Receiver David R. Chase*

GARY M. DUNKEL, ESQ.
dunkelg@gtlaw.com
JASON H. OKLESHEN, ESQ.
okleshenj@gtlaw.com
Greenberg Traurig
Phillips Point – East Tower, Suite 300-E
777 South Flagler Drive
West Palm Beach, FL 33401
561-650-7900 telephone
561-655-6222 facsimile
*Attorneys for Interested Party BHD/Web, LLC*

MICHAEL WOODBURY, ESQ.
michael.woodbury@woodbury-santiago.com
Two Datran Center—Penthouse 1A
9130 South Dadeland Boulevard
Miami, FL 33156
305-669-9570 telephone
305-669-8616 facsimile
*Attorneys for Grunspan Trust, et al*

JOHN W. CHAPMAN, JR., ESQ.
jchapman@nhlslaw.com
Norton Hammersley Lopez & Skokos
1819 Main Street, Suite 610
Sarasota, FL 34236
941-954-4691 telephone
941-954-2128 facsimile
*Attorneys for ThirdParty Plaintiff Systems & Services Technologies*

00453

RER-32   1810

ROBERT M. WEINBERGER, ESQ.
rmw@fcohenlaw.com
Cohen Norris Scherer Weinberger & Wolmer
712 U.S. Highway 1, Suite 400
North Palm Beach, FL 33408
*Attorneys for Interested Party Denise McCann*

THOMAS G. LONG, ESQ.
tlong@barnettbolt.com
HILDEGUND P. WANDERS, ESQ.
Barnett Bolt Kirkwood & Long
601 Bayshore Boulevard, Suite 700
Tampa, FL 33606
813-253-2020 telephone
813-251-6711 facsimile
*Attorney for BMW Financial Services*

ROBERT VOSS FITZSIMMONS, ESQ.
rvf@kubickidraper.com
Kubicki Draper
City National Bank Building
25 W Flagler Street, Penthouse
Miami, FL 33130-1712
305-982-6741 telephone
305-374-7846 facsimile
*Attorneys for AmeriCredit Financial Services*

CHAD A. DEAN, ESQ.
chad@schuylaw.com
Schuyler Stewart Smith
118 West Adams Street, #800
Jacksonville, FL 32202
904-353-5884 telephone
904-353-5994 facsimile
*Attorneys for Primus Automotive Financial Services and Ford Motor Co. Credit Co.*

BRUCE ERIC BLOCH, ESQ.
sblawfirm@aol.com
Sapurstein & Bloch PA
9700 South Dixie Highway, Suite 1000
Miami, FL 33156
305-670-9500 telephone
305-670-6900 facsimile
*Attorneys for J P Morgan Chase Bank, N.A.*

THEODORE J. LEOPOLD, ESQ.
tleopold@riccilaw.com
Ricci Leopold
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
561-684-6500 telephone
561-515-2610 facsimile
*Attorneys for Interested Party Mercantile Bank*

**Manual Notice List:  (via U.S. Mail)**

WILLOUGHBY FARR, Inmate No. 653974
Avon Park Correctional Institution
PO Box 1100
County Road 64 East
Avon Park, FL 33926-1100
*Defendant, Pro Se*

MARY LOU FARR
c/o James Stonehill
1006 Churchill Circle South
West Palm Beach, FL 33405
*Defendant, Pro Se*

MICHAEL DAVID McDONOUGH, ESQ.
12794 Forest Hill Blvd., Suite 19D
Wellington, FL 33414
561-791-0590 telephone
*Attorney for Crossclaim defendants/Third-party defendants German Miranda and Jesus Sandoval*

Jessy Mendoza
6117 Blue Grass Circle
Lake Worth, FL 33463

-3-

00454

RER-32    1811

## Exhibit 22

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC., et al.,

     Defendants.

_____/

### ORDER CONDITIONALLY GRANTING INTEGRETEL'S EMERGENCY MOTION FOR STAY PENDING APPEAL

THIS CAUSE comes before the Court pursuant to Integretel's Emergency Motion for Stay Pending Appeal, filed September 25, 2007 **[DE 628]**. The Receiver responded on September 26, 2007 **[DE 626]**. Integretel replied on September 26, 2007 **[DE 629]**.

Integretel requests that this Court stay enforcement of its September 14, 2007 **[DE 610]** Omnibus Order, and its September 21, 2007 **[DE 619]** Order Granting Motion for Clarification As to Scope of Stay. Both of these orders require Integretel immediately to turn over the $1,762,762.56 in reserve funds to the Receiver. The Receiver consents to the stay, provided that Integretel transfers the $1,762,762.56 in reserve funds to the Receiver, which the Receiver will preserve in a segregated account during the pendency of any appeal. Accordingly, it is hereby

ORDERED AND ADJUDGED that the motion is CONDITIONALLY GRANTED. The Court will stay enforcement of its September 14, 2007 and September 21, 2007 Orders provided that Integretel transfers the amount of $1,762,762.56, representing the reserve funds, to the Receiver *within three days of the date of this Order*. The Receiver shall then keep those funds

2

in a segregated account during the pendency of any appeal.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 26th day of

September, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Exhibit 23

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  STEVEN B. SACKS, Cal. Bar No. 98875
   JEFFREY K. REHFELD, Cal. Bar No. 188128
4  ORI KATZ, Cal. Bar No. 209561
   Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4106
   Telephone:    415-434-9100
6  Facsimile:    415-434-3947
   Email:        mahrens@sheppardmullin.com
7                jrehfeld@sheppardmullin.com
                 okatz@sheppardmullin.com
8
   Proposed Attorneys for The Billing Resource,
9  dba Integretel

10              UNITED STATES BANKRUPTCY COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13

| | |
|---|---|
| In re | Case No. 07-52890 |
| THE BILLING RESOURCE, dba Integretel, a California corporation, | Chapter 11 |
| Debtor. | **STIPULATION BETWEEN DEBTOR AND DAVID R. CHASE AS RECEIVER REGARDING PLACEMENT OF FUNDS INTO A SEGREGATED, BLOCKED BANK ACCOUNT AND STAY OF CERTAIN LITIGATION PROCEEDINGS** |
| Tax ID: 33-0289863 | |
| | Date:      September 26, 2007 |
| | Time:      2:15 p.m. |
| | Place:     United States Bankruptcy Court |
| |            280 South First Street |
| |            San Jose, California |
| | Judge:     Hon. Arthur S. Weissbrodt |
| | Courtroom: 3020 |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

W02-WEST:FJR\400442722.3

# RECITALS

A.     On February 27, 2006, the Federal Trade Commission (the "FTC") commenced a lawsuit (the "Florida Action") in the United States District Court for the Southern District of Florida (the "Florida Court") against Nationwide Connections, Inc. ("Nationwide"), Access One Communications, Inc. ("Access One") and Network One Services, Inc. ("Network One"), three AOS providers, as well as their principals, alleging deceptive and unfair practices for unauthorized billing of charges on phone bills – referred to as "cramming" – in violation of the Federal Trade Commission Act.  The Florida Action is captioned <u>Federal Trade Commission v. Nationwide Connections, Inc., et al.,</u> Case No. 06-80180-Civ-Ryskamp, United States District Court for the Southern District of Florida.

B.     The Florida Court entered in the Florida Action a temporary restraining order and later a preliminary injunction.

C.     The Florida Court in the Florida Action appointed David R. Chase as receiver (the "Receiver") for Nationwide, Access One and Network One and certain of their affiliates.

D.     On September 25, 2006 the Florida Court filed an "Amended Preliminary Injunction Order."

E.     On or about September 21, 2006, the FTC filed an amended complaint in the Florida Action which included claims against the Debtor and another billing aggregator.  The Debtor filed an answer denying the FTC's allegations.

G.     The Receiver filed a motion in the Florida Action asking that the Debtor be required to show cause why it should not be held in contempt for not turning over to the Receiver upon his demand certain reserves withheld from Access One and Network One.  The Debtor filed a response opposing such relief on numerous grounds.

H.     On September 14, 2007, the Florida Court issued its "Omnibus Order" (the "Omnibus Order") which provided as follows:

> Integretel shall show cause in writing within 10 days of the date of this Order why it should not be held in contempt for failure to turn over the reserves.  In addition, Integretel shall provide a sworn statement identifying the amount of reserves as of the issuance of the TRO.  The Court further orders that

-1-

W02-WEST:FJR\400442722.3

STIPULATION BETWEEN DEBTOR AND DAVID
CHASE AS RECEIVER

00458

RER-32      1815

1    these funds shall be placed in a segregated receivership
2    account.

3    I.    On September 16, 2007, the Debtor filed a voluntary petition for relief under
4    chapter 11, title 11 of the United States Code, commencing bankruptcy case number 07-52890
5    (the "Bankruptcy Case") in the Bankruptcy Court for the Northern District of California – San
6    Jose Division (the "Bankruptcy Court").

7    J.    The Debtor continues to operate and manage its business as a debtor in possession
8    pursuant to 11 U.S.C. §§ 1107 and 1108.

9    K.    The Debtor filed in the Bankruptcy Case an emergency motion to use cash
10   collateral (as such motion was revised and amended, the "Cash Collateral Motion"). The Receiver
11   opposed the Cash Collateral Motion. An initial hearing on the Cash Collateral Motion was held
12   on September 21, 2007.

13   L.    On September 21, 2007, the Florida Court entered its "Order Granting Motion For
14   Clarification As To Scope Of Stay." In that order, the Florida Court stated that the Omnibus Order
15   required the Debtor to immediately transfer the current reserve amount ($1,762,762.56) to the
16   Receiver.

17   M.    A continued hearing was held on the Debtor's Cash Collateral Motion on
18   September 26, 2007. At that hearing, the Receiver agreed to withdraw his opposition to the
19   Debtor's Cash Collateral Motion based upon an agreement between the Debtor and the Receiver
20   which is the subject of this Stipulation.

21   N.    The parties wish to resolve their disputes, at least on a temporary basis as set forth
22   in this Stipulation, regarding the Debtor's interim use of cash collateral and the contempt
23   component of the Florida Action.

24                                    **STIPULATION**

25         NOW, THEREFORE, IT IS HEREBY AGREED AND STIPULATED, BY AND
26   BETWEEN THE DEBTOR AND THE RECEIVER, THROUGH THEIR RESPECTIVE
27   COUNSEL OF RECORD IN THE BANKRUPTCY CASE, AS FOLLOWS:

28   1.    The Debtor shall as soon as practicable deposit or transfer the sum of

-2-

W02-WEST:FJR\400442722.3                    STIPULATION BETWEEN DEBTOR AND DAVID
                                            CHASE AS RECEIVER

00459

1    $1,762,762.56 (the "Disputed Funds") into a segregated, blocked, debtor in possession bank

2    account of the Debtor in the name of the Debtor as debtor in possession (the "Blocked Account").

3    Neither the Debtor nor any party shall be authorized to remove any funds from the Blocked

4    Account without a prior, written order of the Bankruptcy Court authorizing the removal of any

5    such funds. No advantage or prejudice shall arise in favor of any person, including the Debtor, the

6    Receiver, or any other party by the Debtor's deposit or transfer of the Disputed Funds into the

7    Blocked Account, including without limitation that no implication as to ownership, possession,

8    liens or other claims of right shall arise in any person's favor with respect to the Disputed Funds

9    by the Debtor's placement of the Disputed Funds into the Blocked Account. All parties reserve all

10   of their rights, claims and defenses with respect to the Disputed Funds, and nothing in this

11   Stipulation or the order approving this Stipulation shall in any way affect the merits of such

12   parties' rights, claims and defenses. The Debtor and the Receiver agree that the terms of the

13   "Order Approving Emergency Motion For Order Authorizing Use Of Existing Cash Management

14   System And Bank Accounts" (the "Cash Management Order") and the "Order Approving Interim

15   Use Of Cash Collateral And Granting Replacement Liens And Approving First Amended

16   Stipulation With PaymentOne Corporation Regarding Use Of Cash Collateral And Adequate

17   Protection On An Interim Basis" (the "Interim Cash Collateral Order") shall be deemed amended

18   and/or revised to the limited extent necessary to effectuate the Debtor's deposit or transfer of the

19   Disputed Funds into the Blocked Account.

20       2.    The Debtor and the Receiver will promptly take appropriate steps to obtain the

21   entry of an agreed order in the Florida Action, the operative language of which shall state (in its

22   entirety) as follows:

23       ORDERED AND ADJUDGED that in light of Integretel's placement of
         $1,762,762.56 into a segregated, blocked account that is being supervised
24       by the Bankruptcy Court, without waiver or prejudice to any party's
         claims, and in light of Integretel's agreement that it cannot and will not
25       remove any portion of such funds absent prior, written order from the
         Bankruptcy Court, the Omnibus Order dated September 13, 2007 and
26       entered September 14, 2007 [DE 610] is hereby stayed through October
         17, 2007 insofar as it relates to Integretel only, as are all proceedings to
27       enforce the Omnibus Order vis-à-vis Integretel only (including but not
         limited to the issuance of a contempt order and/or the payment deadline
28       established in the Court's "Order Conditionally Granting Integretel's

-3-

W02-WEST:FJR\400442722.3                STIPULATION BETWEEN DEBTOR AND DAVID B.
                                        CHASE AS RECEIVER 0460

RER-32    1817

1    Emergency Motion for Stay Pending Appeal").

2    ORDERED AND ADJUDGED that the temporary stay of the Omnibus
     Order referred to above does not stay the continued litigation of the FTC's
3    claims under the FTC Act, even as to Integretel, which is unaffected by
     this Order.  Further, the temporary stay of the Omnibus Order referred to
4    above has no effect on defendant BSG's obligation to comply with the
     Omnibus Order (including but not limited to the payment deadline).

5    3.    This Stipulation shall remain in effect until further order of the Bankruptcy Court,
6
     but the parties agree not to seek to terminate or modify this Stipulation as of a date before October
7
     15, 2007.
8
     4.    This Stipulation is subject to Bankruptcy Court approval.  The parties agree to
9
     promptly seek an order from the Bankruptcy Court approving this Stipulation.
10

11
                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12   Dated:  October 1, 2007

13
                                    By:    /s/ Steven B. Sacks
14                                         MICHAEL H. AHRENS
                                           STEVEN B. SACKS
15                                         JEFFREY K. REHFELD

16
                                    Attorneys for The Billing Resource, dba Integretel
17

18
                                    DANNING, GILL, DIAMOND & KOLLITZ, LLP
19   Dated:  October 1, 2007

20
                                    By:    /s/ Walter K. Oetzell
21                                         WALTER K. OETZELL

22
                                    Attorneys for David R. Chase, Federal Receiver of
23                                  Access One Communications, Inc. and Network One Services,
                                    Inc.
24

25

26

27

28
                                          -4-

Exhibit 24

1   SHEPPARD, MULLIN, RICHTER &
    HAMPTON LLP
2      A Limited Liability Partnership
       Including Professional Corporations
3   MICHAEL H. AHRENS,
    Cal. Bar No. 44766
4   STEVEN B. SACKS, Cal. Bar No.
    98875
5   JEFFREY K. REHFELD,
    Cal. Bar No. 188128
6   ORI KATZ, Cal. Bar No. 209561
    Four Embarcadero Center, 17th Floor
7   San Francisco, California 94111-4106
    Telephone:   415-434-9100
8   Facsimile:    415-434-3947

The following constitutes the
Order of the Court. Signed ___10__\___2\___ 200_7

HON. ARTHUR S. WEISSBRODT
United States Bankruptcy Judge

10  Proposed Attorneys for The Billing
    Resource,
11  dba Integretel

12              UNITED STATES BANKRUPTCY COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                     SAN JOSE DIVISION

16  In re                                Case No. 07-52890

17  The Billing Resource, dba Integretel,    Chapter 11

18                    Debtor.            **ORDER APPROVING STIPULATION
                                         BETWEEN DEBTOR AND DAVID R.**
19  Tax ID: 33-0289863                   **CHASE AS RECEIVER REGARDING
                                         PLACEMENT OF FUNDS INTO A**
20                                       **SEGREGATED, BLOCKED BANK
                                         ACCOUNT AND STAY OF CERTAIN**
21                                       **LITIGATION**

22
                                         Date:     September 26, 2007
23                                       Time:     2:15 p.m.
                                         Place:    United States Bankruptcy Court
24                                                 280 South First Street
                                                   San Jose, California
25                                       Judge:    Hon. Arthur S. Weissbrodt
                                         Courtroom: 3020
26

27

28

1       A hearing (the "Hearing") was held in the above-captioned bankruptcy case (the

2  "Bankruptcy Case") at the above-referenced date and time before the undersigned United States

3  Bankruptcy Judge on the motion to use cash collateral by The Billing Resource, dba Integretel, a

4  California corporation (the "Debtor"). David R. Chase as court-appointed receiver (the

5  "Receiver") for Nationwide, Access One, Network One, and their affiliates, had filed oppositions

6  to the Debtor's cash collateral motion. Appearances were made as noted in the record at the

7  Hearing. At the Hearing, the Debtor and the Receiver informed the Court that they had reached a

8  stipulation which resolves their disputes on a temporary basis. Thereafter, the parties filed in this

9  Bankruptcy Case their "Stipulation Between Debtor And David R. Chase As Receiver Regarding

10  Placement Of Funds Into A Segregated, Blocked Bank Account And Stay Of Certain Litigation

11  Proceedings" (the "Stipulation").

12       The Court having considered the Stipulation and the parties arguments at the Hearing, and

13  good cause appearing for granting the relief requested in the Stipulation,

14       **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

15      1.    The "Stipulation Between Debtor And David R. Chase As Receiver Regarding

16  Placement Of Funds Into A Segregated, Blocked Bank Account And Stay Of Certain Litigation

17  Proceedings" (the "Stipulation") is approved.

18      2.    This Order is valid immediately and is fully effective upon its entry.

19      3.    The Debtor shall as soon as practicable deposit or transfer the sum of

20  $1,762,762.56 (the "Disputed Funds") into a segregated, blocked, debtor in possession bank

21  account of the Debtor in the name of the Debtor as debtor in possession (the "Blocked Account").

22  Neither the Debtor nor any party shall be authorized to remove any funds from the Blocked

23  Account without a prior, written order of the Bankruptcy Court authorizing the removal of any

24  such funds. No advantage or prejudice shall arise in favor of any person, including the Debtor, the

25  Receiver, or any other party by the Debtor's deposit or transfer of the Disputed Funds into the

26  Blocked Account, including without limitation that no implication as to ownership, possession,

27  liens or other claims of right shall arise in any person's favor with respect to the Disputed Funds

28  by the Debtor's placement of the Disputed Funds into the Blocked Account. All parties reserve all

-1-

1 | of their rights, claims and defenses with respect to the Disputed Funds, and nothing in the

2 | Stipulation or this Order shall in any way affect the merits of such parties' rights, claims and

3 | defenses. The terms of the "Order Approving Emergency Motion For Order Authorizing Use Of

4 | Existing Cash Management System And Bank Accounts" (the "Cash Management Order") and the

5 | "Order Approving Interim Use Of Cash Collateral And Granting Replacement Liens And

6 | Approving First Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash

7 | Collateral And Adequate Protection On An Interim Basis" (the "Interim Cash Collateral Order")

8 | shall be deemed amended and/or revised to the limited extent necessary to effectuate the Debtor's

9 | deposit or transfer of the Disputed Funds into the Blocked Account.

10 |     4.     All parties reserve all of their rights to bring a motion before the Bankruptcy Court

11 | seeking to terminate or modify the Stipulation or this Order as of October 15, 2007 or thereafter.

12 |

13 |

14 |                                    ** END OF ORDER **

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

W02-WEST:FJR\400442970.2

ORDER

00464

RER-32      1821

COURT SERVICE LIST

1

2

3  Office of the U.S. Trustee
   Office of the U.S. Trustee
4  Attn: Edwina Dowell, Esq.
   280 South First Street, Room 268
5  San Jose, CA 95113

6  The Billing Resource dba Integretel
   The Billing Resource dba Integretel
7  Attn: Ken Dawson
   5883 Rue Ferrari
8  San Jose, CA 95138

9  Proposed counsel for The Billing Resource dba Integretel
   Sheppard, Mullin, Richter & Hampton LLP
10 Attn: Michael H. Ahrens, Esq.
   4 Embarcadero Center, 17th Floor
11 San Francisco, CA 94111-4106

12 The Receiver David Chase
   Walter Oetzell, Esq.
13 Danning, Gill, Diamond & Kollitz, LLP
   2029 Century Park East, Third Floor
14 Los Angeles, California 90067-2904

15 Jeffrey C. Schneider, Esq.
   Tew Cardenas LLP
16 Four Seasons Tower, Fifteenth Floor
   1441 Brickell Avenue
17 Miami, Florida 33131-3407

18

19

20

21

22

23

24

25

26

27

28

-3-

W02-WEST:FJR\400442970.2

ORDER

00465

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EXHIBIT __25__

CASE NO. 06-80180-Civ-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

NATIONWIDE CONNECTIONS, INC.,
*et al.*,

        Defendants.

_____/

### JOINT MOTION OF THE RECEIVER AND
### DEFENDANT THE BILLING RESOURCE D/B/A INTEGRETEL
### FOR THREE-WEEK STAY OF OMNIBUS ORDER

      David R. Chase, not individually, but solely in his capacity as receiver ("the Receiver"),

and defendant the Billing Resource d/b/a Integretel ("Integretel") jointly move that the Court

enter the accompanying agreed order staying the Omnibus Order for a period of three weeks,

during which time the $1,762,762.56 in disputed funds (the "Disputed Funds") will be main-

tained in a segregated and blocked debtor-in-possession account under the control of the

bankruptcy court ("the Blocked Account") and will not be withdrawn from that account except

by prior, written order of that court. In support of this motion, the Receiver and Integretel state as

follows.

      As the Court knows, Integretel has filed a motion in the bankruptcy court for authority to

use cash collateral. As of the commencement of Integretel's bankruptcy filing, at least some of

the funds that it was seeking to use in connection with its cash collateral motion included the

Disputed Funds. A hearing on that motion was held on Wednesday, September 26. At that

hearing, the bankruptcy court asked Integretel if it could operate its business for a three-week

period without using the Disputed Funds. Integretel's counsel indicated that it could, so the

bankruptcy court strongly urged that, instead of litigating the cash collateral motion, the parties

simply agree to (a) place the Disputed Funds in the Blocked Account for three-weeks, and

(b) ask this Court for a three-week stay of the contempt proceeding. During that time, Integretel

could pursue discussions with a potential buyer for one of its subsidiaries, and devote more of its

attention to its reorganization efforts.

Based on this request from the bankruptcy court, and subject to the conditions placed on

the Blocked Account, Integretel and the Receiver agreed to ask this Court for a three-week stay

of all deadlines and proceedings relating to the September 14 Omnibus Order, provided that

Integretel maintain the Disputed Funds in the Blocked Account. The FTC does not oppose such a

stay of the Omnibus Order.

The Receiver and Integretel have entered into a stipulation in the bankruptcy court

memorializing this agreement ("the Stipulation"). A copy of that stipulation is attached to this

motion as Exhibit 1 and its terms are incorporated herein by reference. The Stipulation has been

approved by the bankruptcy court. A copy of the order approving the stipulation is attached as

Exhibit 2.

The Stipulation provides that no advantage or prejudice shall arise in favor of any person,

including Integretel, the Receiver, or any other party by Integretel's deposit or transfer of the

Disputed Funds into the Blocked Account, including without limitation that no implication as to

ownership, possession, liens or other claims of right shall arise in any person's favor with respect

to the Disputed Funds by Integretel's placement of those into the Blocked Account. The

Stipulation further provides that all parties reserve all of their rights, claims and defenses with

-2-

respect to the Disputed Funds, and nothing in the Stipulation or the order approving the

Stipulation will in any way affect the merits of such parties' rights, claims and defenses.

The Receiver is satisfied that the three-week stay that is agreed to in the Stipulation and

that is sought by this motion will adequately protect his interests and claims with respect to the

Disputed Funds during the period that the stay remains in effect.

WHEREFORE, the Receiver and Integretel jointly request that the Court enter the

accompanying agreed order.

Respectfully submitted,

/s/ Scott B. Newman
Scott B. Newman, Florida Bar No. 339717
Martin J. Alexander, Florida Bar. No. 346845
HOLLAND & KNIGHT LLP
222 Lakeview Ave., Suite 1000
West Palm Beach, Florida 33401
scott.newman@hklaw.com
marty.alexander@hklaw.com
Tel.:    (561) 833-2000
Fax:    (561) 650-8399

/s/ Neal Goldfarb
Richard H. Gordin, Pro hac vice
Neal Goldfarb, Pro hac vice
TIGHE PATTON ARMSTRONG TEASDALE PLLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20006
rgordin@tighepatton.com
ngoldfarb@tighepatton.com
Tel.:    (202) 454-2800
Fax:    (202) 454-2805

*Counsel for The Billing Resource d/b/a*
*Integretel*

/s/ Jeffrey C. Schneider
Jeffrey C. Schneider, P.A.,
Florida Bar No. 933244
Patrick J. Rengstl
Florida Bar No. 0581631
TEW CARDENAS LLP
Four Seasons Tower—15th Floor
1441 Brickell Avenue
Miami, FL 33131
jcs@tewlaw.com
pjr@tewlaw.com
305-536-1112 telephone
305-536-1116 facsimile

*Attorneys for Receiver David R. Chase*

-3-

00468

RER-32    1825

**Certificate of Service**

I HEREBY CERTIFY that on October 9, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ Scott B. Newman
Scott B. Newman

**SERVICE LIST**
Federal Trade Commission vs. Nationwide Connection, Inc., et al
Case No. 06-80180-Civ-Ryskamp/Vitunac

## CM/ECF Notice List:

LAURA M. KIM, ESQ.
lkim@ftc.gov and ereid@ftc.gov
MICHAEL J. DAVIS, ESQ.
mdavis@ftc.gov
COLLOT GUERARD, ESQ.
cguerard@ftc.gov and cguerard@comcast.net
RICHARD McKEWEN, ESQ.
rmckewen@ftc.gov
ROBERT SCHOSHINSKI, ESQ.
rschoshinski@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., N.W., Room 286
Washington, DC 20580
202-326-3734 telephone (Kim)
202-326-3395 facsimile
*Attorneys for Plaintiff Federal Trade
Commission*

MARK D. JOHNSON, ESQ.
MarkDJohnsonPA@bellsouth.net
Mark D. Johnson, P.A.
10 Central Parkway, Suite 210
Stuart, Florida 34994
772-223-7700 telephone
772-223-1177 facsimile
*Attorneys for Defendants, Yaret Garcia, Erika
Riaboukha and Qaadir Kaid*

MICHAEL GARRETT AUSTIN, ESQ.
maustin@mwe.com
305-347-6517 telephone
STEVEN E. SIFF, ESQ.
ssiff@mwe.com
305-347-6511 telephone
McDermott Will & Emery LLP
201 S Biscayne Boulevard
Suite 2200
Miami, FL 33131-4336
347-6500 facsimile
*Attorneys for Defendants Billing Concepts, Inc.,
ACI Billing Services, Inc. d/b/a OAN, and BSG
Clearing Solutions North America, LLC*

ANDREW G. BERG, ESQ.
ABerg@kslaw.com
CAROLYN TAPIE, ESQ.
ctapie@kslaw.com
KEVIN DINAN, ESQ.
KDinan@kslaw.com
JOHN-DAVID THOMAS, ESQ.
jthomas@kslaw.com
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-4704
202-737-0500 telephone
202-626-3737 facsimile
*Attorneys for Defendants Billing Concepts,
Inc., ACI Billing Services, Inc. d/b/a OAN, and
BSG Clearing Solutions North America, LLC*

ROSANNE BRADY, ESQ.
Rosanne@macalusolaw.com
PETER N. MACALUSO, ESQ.
peter@macalusolaw.com
The Law Office of Peter N. Macaluso
3302 N. Tampa Street
Tampa, FL 33603
813-251-2831 telephone
813-228-7004 facsimile
*Attorneys for Crossclaim defendant/Third-party
defendant Ronny Morrillo*

DERICK J. RODGERS, ESQ.
drodgers@lawdcm.com
Davis Cedillo & Mendoza Inc
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, TX 78212
210-822-6666 telephone
210-822-1151 facsimile
*Attorneys for Defendants Billing Concepts, Inc.,
ACI Billing Services, Inc. d/b/a OAN, and BSG
Clearing Solutions North America, LLC*

DIANE NOLLER WELLS, ESQ.
dwells@devinegoodman.com
Devine Goodman Pallet & Wells, PA
777 Brickell Avenue, Suite 850
Miami, FL 33131
305-374-8200 telephone
305-374-8208 facsimile
*Attorneys for Second Churchill Way,LLC*

HENRY W. JOHNSON
hjohnson@jzwlawfirm.com
Hume & Johnson
1401 University Drive, Suite 301
Coral Springs, FL 33071
954-755-9880 telephone
*Attorneys for Interested Party John J. Smith*

JEFFREY C. SCHNEIDER, ESQ.
jcs@tewlaw.com
PATRICK J. RENGSTL
pjr@tewlaw.com
MICHELLE T. VISIEDO-HIDALGO, ESQ.
mtv@tewlaw.com
Tew Cardenas LLP
Four Seasons Tower—15th Floor
1441 Brickell Avenue
Miami, FL 33131
305-539-2481 telephone
305-536-1116 facsimile
*Attorneys for Receiver David R. Chase*

GARY M. DUNKEL, ESQ.
dunkelg@gtlaw.com
JASON H. OKLESHEN, ESQ.
okleshenj@gtlaw.com
Greenberg Traurig
Phillips Point – East Tower, Suite 300-E
777 South Flagler Drive
West Palm Beach, FL 33401
561-650-7900 telephone
561-655-6222 facsimile
*Attorneys for Interested Party BHD/Web, LLC*

MICHAEL WOODBURY, ESQ.
michael.woodbury@woodbury-santiago.com
Two Datran Center—Penthouse 1A
9130 South Dadeland Boulevard
Miami, FL 33156
305-669-9570 telephone
305-669-8616 facsimile
*Attorneys for Grunspan Trust, et al*

JOHN W. CHAPMAN, JR., ESQ.
jchapman@nhlslaw.com
Norton Hammersley Lopez & Skokos
1819 Main Street, Suite 610
Sarasota, FL 34236
941-954-4691 telephone
941-954-2128 facsimile
*Attorneys for ThirdParty Plaintiff Systems &
Services Technologies*

00471

RER-32     1828

ROBERT M. WEINBERGER, ESQ.
rmw@fcohenlaw.com
Cohen Norris Scherer Weinberger & Wolmer
712 U.S. Highway 1, Suite 400
North Palm Beach, FL 33408
*Attorneys for Interested Party Denise McCann*

THOMAS G. LONG, ESQ.
tlong@barnettbolt.com
HILDEGUND P. WANDERS, ESQ.
Barnett Bolt Kirkwood & Long
601 Bayshore Boulevard, Suite 700
Tampa, FL 33606
813-253-2020 telephone
813-251-6711 facsimile
*Attorney for BMW Financial Services*

ROBERT VOSS FITZSIMMONS, ESQ.
rvf@kubickidraper.com
Kubicki Draper
City National Bank Building
25 W Flagler Street, Penthouse
Miami, FL 33130-1712
305-982-6741 telephone
305-374-7846 facsimile
*Attorneys for AmeriCredit Financial Services*

CHAD A. DEAN, ESQ.
chad@schuylaw.com
Schuyler Stewart Smith
118 West Adams Street, #800
Jacksonville, FL 32202
904-353-5884 telephone
904-353-5994 facsimile
*Attorneys for Primus Automotive Financial
Services and Ford Motor Co. Credit Co.*

BRUCE ERIC BLOCH, ESQ.
sblawfirm@aol.com
Sapurstein & Bloch PA
9700 South Dixie Highway, Suite 1000
Miami, FL 33156
305-670-9500 telephone
305-670-6900 facsimile
*Attorneys for J P Morgan Chase Bank, N.A.*

THEODORE J. LEOPOLD, ESQ.
tleopold@riccilaw.com
Ricci Leopold
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
561-684-6500 telephone
561-515-2610 facsimile
*Attorneys for Interested Party Mercantile Bank*

**Manual Notice List:  (via U.S. Mail)**

WILLOUGHBY FARR, Inmate No. 653974
Avon Park Correctional Institution
PO Box 1100
County Road 64 East
Avon Park, FL 33926-1100
*Defendant, Pro Se*

MARY LOU FARR
c/o James Stonehill
1006 Churchill Circle South
West Palm Beach, FL 33405
*Defendant, Pro Se*

MICHAEL DAVID McDONOUGH, ESQ.
12794 Forest Hill Blvd., Suite 19D
Wellington, FL 33414
561-791-0590 telphone
*Attorney for Crossclaim defendants/Third-party
defendants German Miranda and Jesus
Sandoval*

Jessy Mendoza
6117 Blue Grass Circle
Lake Worth, FL 33463

-3-

00472

RER-32   1829

Exhibit 26

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2 |   Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3 | STEVEN B. SACKS, Cal. Bar No. 98875
   JEFFREY K. REHFELD, Cal. Bar No. 188128
4 | ORI KATZ, Cal. Bar No. 209561
   Four Embarcadero Center, 17th Floor
5 | San Francisco, California 94111-4106
   Telephone:    415-434-9100
6 | Facsimile:    415-434-3947
   Email:        mahrens@sheppardmullin.com
7 |               ssacks@sheppardmullin.com
                 jrehfeld@sheppardmullin.com
8 |               okatz@sheppardmullin.com

9 | Proposed Attorneys for THE BILLING RESOURCE,
   dba INTEGRETEL
10 |
            UNITED STATES BANKRUPTCY COURT
11 |          NORTHERN DISTRICT OF CALIFORNIA
                    [SAN JOSE DIVISION]
12 |

13 | In re                                          Case No. 07-52890

14 | THE BILLING RESOURCE, dba INTEGRETEL,          Chapter 11
    a California corporation,
15 |
                        Debtor.
16 |                                                Adv. Proc. No. 07-05156
    Tax ID: 33-0289863
17 |                                                **EMERGENCY MOTION FOR**
                                                   **TEMPORARY RESTRAINING**
18 | THE BILLING RESOURCE, dba INTEGRETEL,          **ORDER AND ORDER TO SHOW**
    a California corporation,                       **CAUSE REGARDING**
19 |                                                **PRELIMINARY INJUNCTION**
                        Plaintiff,                  **AND DECLARATORY RELIEF**
20 |
                 v.                                 Date:      September 26, 2007
21 |                                                Time:      2:15 p.m.
    FEDERAL TRADE COMMISSION, and DAVID             Place:     United States Bankruptcy
22 | R. CHASE, not individually, but solely in his  Court:     280 South First Street
    capacity as receiver for Nationwide Connections,           San Jose, California
23 | Inc., Access One Communications, Inc., Network  Judge:     Arthur S. Weissbrodt
    One Services, Inc., 411TXT, Inc., CELL-INFO-    Courtroom: 3020
24 | USA, INC., Enhanced Billing Services, Inc., Toll
    Free Connect, Inc., Cripple Creek Holdings, LLC,
25 | Built to Last, LLC, Not Fade Away, LLC, He's
    Gone, LLC, The Other One, LLC, Turn on Your
26 | Love Light, LLC, China Cat Sunflower, LLC, Lazy
    River Road Holdings, LLC,
27 |
                        Defendant.
28 |

W02-WEST:FKA\400327174.3          EMERGENCY MOTION FOR TRO AND OSC RE
                                  PRELIMINARY INJUNCTION                4 7 3

                                                   RER-32        1830

1  **TO THE DEFENDANTS: FEDERAL TRADE COMMISSION, AND DAVID R. CHASE,[1]
AND THEIR RESPECTIVE ATTORNEYS OF RECORD, THE UNITED STATES**
2  **TRUSTEE, AND CERTAIN PARTIES IN INTEREST INCLUDING THEIR ATTORNEYS
OF RECORD:**

3

4        The Billing Resource, dba Integretel, a California corporation and the plaintiff in

5  this action ("Plaintiff" or the "Debtor"), hereby files this motion (the "Emergency Motion") and

6  moves the Court on an emergency basis for a temporary restraining order and an order to show

7  cause why a preliminary injunction should not be entered against the Federal Trade Commission

8  (the "FTC"), David R. Chase (the "Receiver") and all persons acting in concert or participating

9  with the FTC and the Receiver, or either of them.

10        This Emergency Motion is made pursuant to Section 105 of the Bankruptcy Code,

11  Bankruptcy Local Rules 1001-2(a)(54), 7007-1 and 9013-1 and Northern District Local Rule 65-1.

12                                DISCUSSION

13        By way of the Emergency Motion the Debtor seeks to stay the proceedings against

14  the Debtor in the action (the "Florida Action") brought by the FTC against the Debtor in the

15  United States District Court for the Southern District of Florida (the "Florida Court"), including

16  the enforcement of orders made in the Florida Action for the payment of money.  Among those

17  orders is an order (the "Payment Order") for the Debtor to pay the Receiver an amount in excess

18  of $1.7 million. The Florida Court has ruled the Payment Order is not subject to the automatic

19  stay. The Debtor strenuously disagrees with that ruling and has filed an appeal to the Eleventh

20  Circuit Court of Appeals. Only this Court, however, can issue a stay pursuant to Bankruptcy Code

21  section 105 based upon its consideration of the Debtor's reorganization and the effect of the

22  Florida Action on this bankruptcy case.

23

24

---

25  [1] References in this motion to "David R. Chase" are to David R. Chase not individually, but solely
in his capacity as receiver for the following entities: Nationwide Connections, Inc., Access One
26  Communications, Inc. ("Access One"), Network One Services, Inc. ("Network One"), 411TXT,
Inc., CELL-INFO-USA, INC., Enhanced Billing Services, Inc., Toll Free Connect, Inc., Cripple
27  Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's Gone, LLC, The Other One,
LLC, Turn on Your Love Light, LLC, China Cat Sunflower, LLC, Lazy River Road Holdings,
28  LLC, or certain of them, not individually.

---

1   The Debtor seeks a temporary restraining order and an order to show cause why a

2   preliminary injunction should not be issued. Such relief is sought on the basis that: (a) the Debtor

3   has a reasonable likelihood of a successful reorganization, (b) the Debtor will suffer irreparable

4   harm and severe hardship if it is required to defend the Florida Action or comply with the Payment

5   Order, (c) no serious hardship will befall the FTC or the Receiver if the Florida Action is stayed,

6   (d) serious questions are raised regarding the protection of the Debtor's rights under the

7   Bankruptcy Code, and the balance of hardships tips strongly in favor of the granting a temporary

8   restraining order and a preliminary injunction, and (e) granting a stay under these circumstances

9   consistent with the public interest. Each of these points is discussed in detail in the concurrently

10  filed memorandum of points and authorities (the "Memorandum") in support of this Emergency

11  Motion and the other supporting papers.

12  Pursuant to Federal Rule of Bankruptcy Procedure 7065, the Debtor requests that

13  such a temporary restraining order be issued without compliance with Federal Rule of Civil

14  Procedure 65(c). Unless the Debtor obtains immediate relief from this Court, the Debtor will be

15  unable to stay in business, pursue reorganization under Chapter 11, or treat its unsecured

16  prepetition creditors equally.

17  A proposed order granting the relief requested in this Emergency Motion, including

18  the requested temporary restraining order is attached to this Emergency Motion as Exhibit A. A

19  copy of the complaint filed in the above-referenced adversary proceedings is attached to the

20  Declaration of Steven B. Sacks as Exhibit C.

21  The relief sought is based on this Emergency Motion, the accompanying

22  Memorandum, the concurrently filed declarations of Ken Dawson (the "Dawson Declaration"),

23  Steven B. Sacks (the "Sacks Declaration"), and Neal Goldfarb (the "Goldfarb Declaration"), the

24  Proposed Order, the record in this bankruptcy case and this adversary proceeding, and any

25  admissible evidence presented to the Court at or prior to the hearing on this Emergency Motion.

26  WHEREFORE, the Debtor requests that the Court: (a) grant the relief requested in

27  this Emergency Motion and enter a temporary restraining order and an order to show cause why a

28

---

EMERGENCY MOTION FOR TRO AND OSC RE
PRELIMINARY INJUNCTION

1    preliminary injunction should not be entered as requested, and (b) grant such other relief as the

2    Court deems necessary and appropriate.

3    Dated:  September 24, 2007

4                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6             By     /s/ Steven B. Sacks

7                            MICHAEL H. AHRENS
                            STEVEN B. SACKS

8                     Proposed Attorneys for Plaintiff and Debtor, The

9                      Billing Resource, dba Integretel

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 27

**Partial Unofficial Transcript**
**of Oct. 2, 2007 Hearing in Bankruptcy Court**
**on Integretel's Motion for an Injunction Under 11 U.S.C. § 105**

**Transcript prepared by counsel for Integretel**
**from audio recording**

Mr. Mora:[1]   Secondly, this whole argument about FTC trying to move to the head of the line on any monetary claims that we eventually obtain, that's not accurate either. We've admitted in our papers and it's the law that (1) our action is exempt from the stay under 362(b)(4); and in terms of monetary relief, we can ask the district court to fix the amount of our claim but we're left with a certain claim in this court.

The Court:   Well, is that really your position?  Because then you wouldn't be asking for a $1.7 million to be turned over to you in the Florida court and you'd be telling them that you'll agree to have that $1.7 million just sit there indefinitely, and my understanding is that you haven't yet done that.

Mr. Mora:   Well, your Honor, that's different.  That $1.7 pertains to the contempt proceeding.

The Court:   Right, but the contempt proceeding relates to the merits underlying ... the $1.7 has to have some meaning behind it and, and, it, it, a meaning where ... of it ... is you're claiming an entitlement to that money.  Uh, and if the money is preserved, then ... if ... if you're claiming you're entitled to money, you're moving to the head of the line or attempting to move to the head of the line with respect to $1.7.  If you agree that the money can be held, pending final adjudication and whatever appeals there are, then that's a different matter, and I don't know how to read what you've just said.

Mr. Mora:   Well, Your Honor, well, the $1.7 is an amount that the district court ordered had to be turned over...

---

1.  Counsel for FTC.

The Court:    But that puts you to the head of the line. Can you explain the relationship between your pursuing ... I mean, that was before they were in bankruptcy.

Mr. Mora:    Sure.

The Court:    Can you explain the relationship between your pursuing the district court order ... to try to enforce the district court order to have $1.7 turned over to ... to you, and your statement that you're not trying to go to the head of the line?

Mr. Mora:    Yes, Your Honor. First of all, it's not a turnover order in favor of the Federal Trade Commission. It's in favor of the Receiver and it was issued because the district court found that on the Receiver's motion for an order to show cause, holds Integretel in contempt. That those funds constituted property of the receivership estate...

The Court:    But, was there an adjudication on the merits?

Mr. Mora:    Yes, there was, Your Honor.

The Court:    On the merits, the underlying merits of the $1.7, there were findings of fact and conclusions of law. Was there an evidentiary hearing?

Mr. Mora:    No, it was a summary proceeding, your honor, because it is a, it is an equity receivership proceeding before the district court.

The Court:    I'll ask Mr. Oetzell. Mr. Oetzell, was there a final adjudication on the merits as to whether Integretel or the Receiver had the ultimate rights to the $1.7 million dollars in a final judgment which was appealable?

Mr. Oetzell:[2]    Your Honor, Mr. Schneider was taking care of that in Florida, so he's better, uh, off to, uh, answer that than I am, but my understanding is that, uh, it was, it is a summary proceeding and indeed it is on appeal, the, the debtor did appeal it, but I'll defer to Mr. Schneider on that.

---

2.  Counsel for Receiver.

The Court:   Mr. Schneider, was there, was there a final judgment as to the respective rights of the parties on the merits as opposed to just having the Receiver hold the money for safekeeping?

Mr. Schneider:[3]   Yes, I believe there was, Your Honor, and as Mr. Oetzell just said, Integretel has already filed a notice of appeals of Judge Ryskamp's order.

The Court:   And were there findings of fact and conclusions of law and a final judgment? The fact that they've appealed to protect themselves doesn't mean that there was really a final, appealable judgment, but you're an officer of the court, and you're telling me that there was a final adjudication of the parties' respective rights forever... in other words, not "You hold the money for safekeeping, but you absolutely have the right to that money indefinitely, you've proven the rights?"

Mr. Schneider:   Absolutely. Judge Ryskamp's September 13th Order contains findings of fact and conclusions of law. They are not separated as such, it doesn't have numbered paragraphs like you see in a pleading entitled "Findings of Fact and Conclusions of Law," but that is what his omnibus order contains throughout it...

The Court:   I don't think you have ... you ... you've got a final decision on the merits as to the exact amount of the judgments.

Mr. Schneider:   Absolutely, Your Honor, and it's important for the Court to understand that the Receiver's contempt motion against Integretel was not predicated on the FTC's enforcement action. The $1.76 million doesn't represent, for example, Integretel's earnings from the relationship with AccessOne and NetworkOne. These are funds that Judge Ryskamp determined were property of the Receivership estate. These were reserve funds that belonged to AccessOne and NetworkOne.

The Court:   Thank you. Go ahead, Mr. Mora.

---

3.   Counsel for Receiver.

00479

RER-32    1836

| | |
|---|---|
| Mr. Mora: | Well, and Your Honor, I ... I want to get to my, my main argument here, but I, I still want to address something that the Court said. He ... the, the order, the omnibus order that was entered in favor of the Receiver on the contempt motion. It's an order for equitable relief. It's an order in aid of the injunction ... the receivership proceedings that the district court had previously ordered at the FTC's request. So, it's not a money judgment. |
| The Court: | Well, then I don't understand, how can you say that they finally adjudicated the merits of who's entitled to keep, for all time, the $1.7? Mr. Schneider says that the Receiver has a final judgment entitling the FTC, the Receiver, ah, entitling the Receiver on behalf of whom? On behalf of the Court ... |
| Mr. Schneider: | On behalf of the ... |
| The Court: | ... the FTC. Don't interrupt, Mr. Schneider. |
| Mr. Schneider: | I apologize. |
| The Court: | On behalf of the Receiver or on behalf of ... who is the Receiver representing in that context? |
| Mr. Mora: | The court, the district court. |
| The Court: | But the district court isn't entitled to the money. Who's entitled to the money for all times? Who has ... what did ...in what way has the district ... to what party has the district court determined... that's not proper English either. The district court has determined that somebody is entitled for all times, to the $1.7 million in a final judgment, is that correct? |
| Mr. Mora: | In a, in a summary proceeding, in an equity receivership, yes, Your Honor. |
| The Court: | And so, which party is entitled to the $1.7 million for all times? |
| Mr. Mora: | The receivership was established to preserve assets for consumer redress, so that at the end of the case, when a final settlement or judgment is entered, the funds |

00480

in the receivership can be used to pay redress to all of the consumer victims. And that is the way these FTC fraud cases work. Just like SEC fraud cases.

The Court:    So, you agree that it ... that the appeal is a ... is properly an appeal from a final adjudication. The appeal that was taken?

Mr. Mora:    I think as to the discrete issue of who's property it was.

The Court:    Yes.

Mr. Mora:    Yes. The district court clearly stated in a summary proceeding that it is ... it is the property of the receivership estate.

The Court:    For all times?

Mr. Mora:    Yes.

The Court:    Not pending resolution of some other issues between the Debtor and the Receiver? It's not being held pending resolution, final resolution of the parties' respective rights, it's a final adjudication on the merits that the Receiver, and never the debtor, is entitled to those funds. That's your understanding?

Mr. Mora:    That's my understanding, Your Honor, from the face of the order itself.

The Court:    No, but I'm ... I'm ... you know how these procedures work. If that what was being sought as the final judgment determining the re(not completed)... finally, the respective rights of the Receiver versus Integretel and that's the judgment that resulted from what you were seeking, at that time? Or were you seeking to preserve the $1.7 million so it was there ... if at the end of the day after a final adjudication of rights, it was preserved.

Mr. Mora:    It's both, Your Honor. It's both...

The Court:    Well, it can't be both. It's either fully resolved or not fully resolved, between the Receiver and Integretel. It's either .... if Integretel still has the right to

-5-

demonstrate that it is entitled to a portion of the $1.7 million, then it's not a final adjudication of the parties' respective rights.

Mr. Mora:    Well, Your Honor ...my understanding is, all of those issues were litigated, I mean, and when, when the Receiver filed the Receiver's motion for an order to show cause to hold them in contempt, Integretel responded with a flurry of not just opposition to that motion, but a flurry of other motions, arguing all of its alleged contract rights and other remedies and all of those ... each of those motions was decided, they were all decided against Integretel.

The Court:    Right. But here's the focus that I have ... I'm ... is lost on my efforts to communicate. It's one thing to say, "Integretel, I hear all of your arguments, but I'm not buying any of them now. You deposit this $1.7 million ... you hand this $1.7 million over to the Receiver, and we'll deal with the merits later. And I don't care what you say about all these arguments. I'm rejecting all of them for the purposes of preserving these funds. You turn the funds over." That's one thing.

It's another thing to say, "I have finally adjudicated all of Integretel's rights, you have no more rights to the $1.7 million. It's over. Now, I'm enforcing my own judgment. Turn it over."

Mr. Mora:    It's the latter, Your Honor. That's exactly what it was, the latter.

The Court:    Okay. Thank you.

Mr. Mora:    So, Your Honor, I'd like to turn to, then, the merits of Integretel's request that this court issue extraordinary relief in the form of a temporary restraining order against the government to prevent this from prosecuting a consumer protection action against Integretel. I think at ... uh ... page 1 of their brief, Integretel has conceded at the outset that the FTC's prosecution of the Florida action is not subject to the stay and while I won't argue ... I've briefed the merits of that issue in our opening brief...

The Court:    Let me just ask you a question.

-6-

| | |
|---|---|
| Mr. Mora: | Yes, Your Honor. |
| The Court: | The district court has made that determination right? |
| Mr. Mora: | Yes, Your Honor. |
| The Court: | Okay. So I'm not an appellate court. If I think in my heart of hearts and with my judicial knowledge and experience that it is subject to the automatic stay what can I do about it? |
| Mr. Mora: | We agree Your Honor. We think the District Court has decided issue already. |
| The Court: | Okay. So the fact that they haven't raised that issue with me doesn't mean they agree with the District Court. It just means that they agree that the issue has been decided. |
| Mr. Mora: | Your Honor, I'm reading from Page 1 of their opening brief. Integretel concedes that the FTC's prosecution of the Florida action is not subject to the automatic stay. |
| The Court: | Let me just go back. Mr. Ahrens or Mr. Sacks. Either one of you. Whoever is appropriate. |
| Mr. Sacks:[4] | Yes sir. |
| The Court: | Was it your position before the District Court that the stay was inapplicable?. |
| Mr. Sacks: | Well unfortunately we didn't get to brief that issue before the District Court. The Court ruled on their emergency motion without giving us a chance to respond. And I think our position was then and still is that there are aspects of their enforcement action that are excepted from the stay under 362(b)(4) but there are other aspects which unfortunately the Court has held are not subject, the Court in Florida has held they are not subject to the automatic stay that we think, are in fact, subject to the automatic stay. |

---

4.  Counsel for Integretel.

The Court:        So there is your concession. It's not a concession. They basically deferred to the decision of the Florida Court with respect to those aspects they think are not subject to the stay.

Mr. Mora:        Then I'm not clear on which. I'm reading. I'm looking right at the face of there ...

The Court:        Well, I read that too and I thought it meant the same thing that they were just basically deferring to the Florida Court. They know that I'm not an appellate court and so there. Do you want him to explain to you which parts are and which parts aren't. I would take the Court's time to do that if that would be helpful to you.

Mr. Mora:        No, Your Honor. I'll proceed. Turning then to their request for an injunction pursuant to 105. As we understand it now, this hearing today only relates to the request for a temporary restraining order.

                           *   *   *

Court:           ...is debtor's request for a temporary restraining order against the continuation of the enforcement action sought by the Federal Trade Commission which I sometimes refer to as FTC, against the debtor and sixteen other defendants in the District Court for the Southern District of Florida. [break in recording]...I'll refer to as the 'Florida...[break in recording]

Court:           I am but I'm, I'm getting closer. Is that more helpful?

Ms. Guerrard:[5]   Yes.

Court:           Okay. Do you want me to start over?

Ms. Guerrard:    No. I think you can just continue...

---

5.  Counsel for FTC.

00484

RER-32    1841

The Court:     I want you to hear all of me and without breaking into a Frank Sinatra song. In the enforcement action the FTC seeks, inter alia, a permanent injunction against debtor as well as other relief necessary to redress alleged injury to consumers resulting from the alleged violations.

The Florida action is in the final stages of discovery, with discovery scheduled to be completed by the end of this week on October 5, 2007. Dispositive motions are scheduled to be filed on November 6 with opposition to those motions to be filed on December 4. A two- to four-week trial is set to commence in the Florida action on February 25, 2008. The parties do not dispute the debtor has propounded and answered their written discovery and depositions of debtor and all of its employees have already been conducted. The debtor asserts that there are some remaining depositions noticed by the FTC and other defendants that will require the attendance of debtor's litigation counsel. Debtor does not state how many depositions scheduled in the next three weeks its litigation counsel will need to attend or the estimated amount of fees and costs debtor will incur as a result of that attendance.

Debtor also asserts that debtor will not be filing any dispositive motions but anticipates having to respond to dispositive motions filed by other parties. Debtor anticipates, on the other hand, having to spend $821,600 in litigation costs over the next six months related to depositions, discovery motions, dispositive motions, other motions, pretrial submissions, and trial. Debtor does not break out the estimated fees into the various subcategories. Debtor estimates that in addition to those fees there will be an estimated $10,000 in fees for local counsel and an estimated $50,000 to $70,000 in costs. In addition to these estimated fees and costs, debtor estimates that the debtor will incur an additional $50,000 to $150,000 in fees related to issues related to the receiver's request for the turnover of the over $1.7 million dollars that has been in dispute here.

The debtor also asserts that debtor has approximately 47 employees and at this stage of the reorganization, debtor's president is intimately involved in setting up a new program to permit Debtor to pay its customers on the front end for a portion of the receivables submitted to the debtor post-petition. The debtor's

-9-

President is also the Debtor's contact for counsel in the Florida action. The court is also aware that a 97% subsidiary of debtor is actively being marketed and Debtor's management is monitoring that potential sale.

The parties do not dispute that under Bankruptcy Code § 362(b)(4) the automatic stay does not stay portions of the Florida action. The FTC argues that this court does not have authority to stay that litigation against the debtor under Bankruptcy Code section 105. This court disagrees. Under *In Re First Alliance Mortgage Company*, 264 BR 634 (C.D. Calif. 2001), the case the parties have been referring to as *FAMCO*, this court has the legal authority to enjoin prosecution of governmental actions against the Debtor that fall within the regulatory and police powers exception of Bankruptcy Code 362(b)(4).

The standard for injunctive relief in the Ninth Circuit is well settled. The party must show either, one, a likelihood of success on the merits and the possibility of irreparable injury or, two, the existence of serious questions going to the merits and the balance of hardships tipping in its favor. The required showing of harm varies inversely with the required showing of meritoriousness. *Miss World, UK, Limited v. Miss America Pageants*, 856 F.2d 1445 at 1448 (9th Cir. 1988) and its progeny. In a reorganization context, a debtor seeking a stay against the nondebtor must show a reasonable likelihood of a successful reorganization. Here, debtor has demonstrated that debtor has a reasonable likelihood of a successful reorganization, it's called the possible sale of its 97%-owned subsidiaries, PaymentOne, or, a possible pot plan providing a pro rata distribution to unsecured creditors, or a possible plan that would issue new stock in exchange for debtor's unsecured debt. The Court finds, for TRO purposes, that debtor has shown a reasonable likelihood of a successful reorganization.

The general standard for enjoining the regulatory or police powers action under Bankruptcy Code section 105 is closely tied to the irreparable injury prong for the test for injunctive relief. *FAMCO*, 264 BR at 653. A section 105 injunction may be appropriate under circumstances where the cost of defending an action in terms of money and time taken away from the reorganization are so high in comparison to the assets of the Estate, that allowing the litigation to continue constitutes a threat to the Bankruptcy Estate. *FAMCO*, 264 BR at 655. Here,

-10-

the debtor has not made the requisite showing for a temporary restraining order
for the next three weeks. Based on the record before the court, the harms of a
temporary restraining order against FTC outweigh the threatened injury to the
debtor. The Court acknowledges that the debtor has relatively few employees
and that debtor's President is working full-time on debtor's reorganization.
However, based on the declarations before the court, during the next three
weeks in the enforcement action, parties other than the debtor will be
completing discovery by the end of this week and then the parties will be
preparing dispositive motions for filing on November 6, 2007. Debtor has
acknowledged that debtor has already completed its discovery and provided its
employees for deposition by the FTC and other parties. Debtor has stated that
its debtor will not be filing any dispositive motions. Thus on the record before
the Court, there is minimal amount of activity the debtor needs to take in the
Florida action during the next three weeks. The Court notes that debtor has not
provided evidence of the approximate amount of funds to be spent in this
litigation, to be spent in this litigation over the next few weeks. Moreover, based
on Mr. Dawson's declaration, the Florida action will require no more than
several, perhaps extensive, but several telephone calls each week. On the other
hand, issuing the temporary restraining order may interfere with the FTC's ability
to complete discovery under the current scheduling order. Moreover, the FTC
has apparently faced significant challenges trying to accommodate the schedules
of multiple parties and has scheduled multiple depositions for the same day to
complete discovery in the time permitted. The court finds that based on the
record before the court, the harms of a temporary restraining order against FTC
outweigh the threatened injury to the debtor.

However, it also appears that the current situation is a temporary lull based in
part on the debtor's completion of discovery prior to the discovery cut-off and
the agreement of the parties to stay until October 17, 2007 any action related to
the Florida Court's September 14 order requiring, *inter alia*, debtor to turn over
approximately $1.7 million dollars to the receiver. Once the agreement to stay
the contempt and turnover proceedings lifts, and from early November 2007 to
March 2008 there will be a likely significant increase, a dramatic increase in the

-11-

amount of time Debtor's management will be required to devote to the Florida action. First, there may well be litigation over the turnover of the funds and the contempt proceedings. Second, it is likely the debtor will need to respond to dispositive motions scheduled to be filed on November 6. Such responses will likely consume the time of Mr. Dawson and also of Debtor's other employees as well as require substantial attorney's fees and costs. In addition, there will be trial preparation for the two-to-four week trial scheduled to start on February 25, 2007 [sic], not to mention the trial itself.

Moreover, based on the record before the Court, it appears that the FTC is probably only an unsecured creditor in the Debtor's bankruptcy case. There is no evidence in the record — uh, first, uh, well let me just go back — the record is unclear to this Court as to whether the Florida Court has finally adjudicated the merits of the respective rights of the debtor and the FTC and any funds held by the debtor. It is not clear to the Court, as of this juncture, whether the Florida District Court merely ordered the approximately $1.7 million dollars turned over to the receiver for safekeeping pending a determination of competing claims of the FTC, debtor, and debtors' other similarly situated creditors, to those funds. Even if the FTC, however, has a $1.7 million final judgment as to the debtor, the debtor asserts that it held the alleged reserve funds in a commingled account. The Ninth Circuit and California courts have consistently held that a party seeking to establish a trust over commingled funds must trace those funds. *In re Advent Management Corporation*, 178 BR 480 and 499, I'm sorry, 491, (9th Cir. BAP 1995. To trace commingled funds, the test is the lowest intermediate balance test. As far as this Court is aware, no party has made any effort to trace any funds over which there may be a constructive trust. So all the FTC likely has is an unsecured claim that will share pro rata with Debtor's other unsecured creditors. Plus, it's not clear at all whether there will be funds available to pay any unsecured creditors yet, in this case, in this bankruptcy case. Thus, the Court finds that there is cause, there is cause, to issue an Order to Show Cause as to why a preliminary injunction should not be issued to enjoin the FTC from pursuing the Florida action against Debtor and to enjoin the receiver and the FTC from taking action to obtain the turnover of the approximately $1.7

-12-

million the Florida Court ordered Debtor to turn over to the receiver in the September 14, 2007 district court order. The Court will issue an Order to Show Cause as to why a preliminary injunction should not issue. The hearing on the Order to Show Cause will be held uh, on October 15, at 2:00 p.m. along with a final hearing for use of cash collateral. Since counsel for the FTC prevailed on the motion, or the application for a TRO, I'll ask counsel for the FTC to prepare a Form of Order unless he wants to agree that the Debtor should prepare that Order. Case adjourned. We've disconnected all parties. Does anybody else need to be involved in this briefing schedule.

Speaker:          Hopefully not. [laughter]

00489

## Miscellaneous:

07-52890 The Billing Resource
Type: bk                    Chapter: 11 v              Office: 5 (San Jose)
Judge: ASW                  Assets: y                  Case Flag: PlnDue, DsclsDue


**U.S. Bankruptcy Court**

**Northern District of California**

Notice of Electronic Filing

The following transaction was received from Schwartz, Steven J. entered on 10/12/2007 at 2:06 PM
PDT and filed on 10/12/2007
**Case Name:**        The Billing Resource
**Case Number:**      07-52890
**Document Number:** 139

**Docket Text:**
Fourth Request To Take Judicial Notice *of David R. Chase, Federal Receiver In Opposition To Motion
For Authority To Use Cash Collateral* Filed by Creditor David R Chase (Attachments: # (1) Appendix #
(2) Appendix # (3) Appendix # (4) Appendix # (5) Appendix # (6) Appendix # (7) Appendix # (8)
Appendix) (Schwartz, Steven)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**J:\CYC\Integretel 4thRJN1of9.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6838260-
0] [19769c65ad9ae1ded334e0849f03e8d9afc61d587b63fab5c199fa5d553633336c
afd339ea8f9196d4d12891e8ea4d2c9eb684b062484b8e1b1979a4e8f3d75b]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel 4thRJN2of9.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6838260-
1] [374eb84f10669a77846f7bf2e409de5beef38e21bd6fdd23c48adca767d827d2f5
d797fb88bd9a3c438064f1358bae12e02d70554eb99592a7f4477df2a7ecd6]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel 4thRJN3of9.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6838260-
2] [2a97ecc5a185fb1f94fa96d137a809d529024eb73e586118ff954a85ea2d5116c4
d58480610a47b3d335fe750183ef8a9382875b50090f43b705a4f1817ee105]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel 4thRJN4of9.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6838260-

3] [bcfe8718a363e5cab58e73d793fec84f7b7cc080dc9370eb0b17b06efdf4523c41
0dbf3c08d293b76edf6b078ed45b1438391b8569bd6c478de498db7e21a78e]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel 4thRJN5of9.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6838260-
4] [6be6e70eaa418834ae68798f8ad2cc449e4cf934ba161d5d90ebcb84e84a0e9be6
bc0784db96d5f58559ef8dd4f3d0338c725c22216fe5e9434139a2c21e4aa4]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel 4thRJN6of9.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6838260-
5] [680510f3c2ea9a51c238fcc39ca0b73666cbedab870342d89b9e8f8ab812e6e771
c4a5d524c6e0a584e6a2353b811ddc59d677b61e01fa84a9da3a50e1b71632]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel 4thRJN7of9.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6838260-
6] [93e51f53a73bbcd18f59e72a5cc8bae34d83f5a0d192d767524e350a3e7331bd21
0786fff941cdd480e812c495d7a9496d01940d5293967b0f38dffaaefed7ed]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel 4thRJN8of9.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6838260-
7] [0ccadf810709477c3aeaac4a2de3f44a1f221943f743c16b0925af89b9d2719bf5
4ea1a8d226363eb3696b3bb33c6eb9c3c827327a747db4bbc8f839601b19a1]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel 4thRJN9of9.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6838260-
8] [4c22e59075a12f9900ee8c844476a655f612642850073462f838476164c29997ed
66864c47a0d0857ac957d44379ddfe607ad074a3be834a8afb855b1fac8889]]

**07-52890 Notice will be electronically mailed to:**

Michael H. Ahrens    mahrens@sheppardmullin.com

Leslie A. Cohen    lcohen@linerlaw.com, jparrott@linerlaw.com;ecolson@linerlaw.com

Michaeline H. Correa    MCorrea@hewm.com

Kathryn S. Diemer    kdiemer@diemerwhitman.com

John D. Fiero    jfiero@pszyjw.com, AZaragoza@PSZYJW.com;pjeffries@pszyjw.com

Ellen A. Friedman    efriedman@friedumspring.com, mmyles@friedumspring.com

Jeffrey K. Garfinkle    bkgroup@buchalter.com

David M. Goodrich    dgoodrich@goodlawcorp.com

Ori Katz    okatz@sheppardmullin.com, dwhitehead@sheppardmullin.com

Darryl S. Laddin    bkrfilings@agg.com

John A. Lapinski    jlapinski@clarktrev.com

Bobby C. Lawyer    bl2153@att.com

Barry R. Levine    barlev@levineatlaw.com

Julie A. Mack    jmack@ftc.gov, dabueid@ftc.gov

Breck E. Milde    bmilde@terra-law.com

Shannon L. Mounger-Lum    shannon.l.mounger-lum@usdoj.gov

Office of the U.S. Trustee / SJ    USTPRegion17.SJ.ECF@usdoj.gov

Jeffrey K. Rehfeld    jrehfeld@sheppardmullin.com, ewalters@sheppardmullin.com

Karen Rinehart    krinehart@omm.com

Steven B. Sacks    ssacks@sheppardmullin.com, ewalters@smrh.com

Steven J. Schwartz    sschwartz@dgdk.com

Gilbert B. Weisman    notices@becket-lee.com

**07-52890 Notice will not be electronically mailed to:**

Daniel H. Coleman
Network Telephone Services, Inc.
21135 Erwin St.
Woodland Hills, CA 91367

Ken Dawson
5883 Rue Ferrari
San Jose, CA 95138

Holland & Knight LLP
,

Tighe Patton Armstrong Teasdale, PLLC
,