# VOLUME 4 OF 7

## RER-33   1850 - 2455

**RER - 33**

## Miscellaneous:

07-05156 The Billing Resource v. Chase et al
Type: ap                          Office: 5 (San Jose)              Lead Case: 07-52890
Judge: ASW

### U.S. Bankruptcy Court

### Northern District of California

Notice of Electronic Filing

The following transaction was received from Schwartz, Steven J. entered on 10/12/2007 at 4:30 PM
PDT and filed on 10/12/2007
**Case Name:**        The Billing Resource v. Chase et al
**Case Number:**      07-05156
**Document Number:** 25

**Docket Text:**
First Request To Take Judicial Notice *of Federal Receiver in Response to Order to Show Cause Re:*
*Preliminary Injunction.* Filed by Defendant David R Chase (Attachments: # (1) Appendix # (2)
Appendix # (3) Appendix # (4) Appendix # (5) Appendix # (6) Appendix # (7) Appendix # (8)
Appendix # (9) Appendix # (10) Appendix) (Schwartz, Steven)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**J:\CYC\Integretel AdvRJN1of11.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6839976-
0] [2492cd7237c9295e8f265acdbde3218f26ad46edfb29b16ed72b697b086a7bfc50
40872d10f414c2a3297dd848448a4deddd8e1b29ab8f1611ed84519d14e953]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel AdvRJN2of11.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6839976-
1] [6d0700fc8570c8762b96b8a65fcfe597649fe816496d1f3bbbf53c52f54b713b20
e750d87c0ae5df82fcd723a2f8e62995db925e10432b91d9d1d6c55f52002c]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel AdvRJN3of11.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6839976-
2] [4314b758896ae45a88c42806cbab054355ce180f96ed01ee876dd16f55b2c2819d
d0cbe710ba22cddf4b28776433860d51b153b9b6586776bb61c07ac8973280]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel AdvRJN4of11.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6839976-

3] [b88ae36b87860f4b1343e2b6a2e865ea4e59edf973f0ffa7e9d0c678ebd6b47b3c
657c6266cdff0efec3907ca5cf9e7a45a80c67a880fa6a363b26cda537966e]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel AdvRJN5of11.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6839976-
4] [117bfc961adc5375fe4fb3a926d7c64c0d328124ff286534f79137a73bd0de885a
e0292cd354547bb769b52a615b788ceef29d36f22878813bc2daa47a88d4ca]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel AdvRJN6of11.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6839976-
5] [9ac1b1f055e0e982ab66a6cda8596229324e14091a9525636e886ef7e2fbfbf85b
64d2bb18805ff76095765867c0413b7f9028028b80587503de0900fc4a048b]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel AdvRJN7of11.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6839976-
6] [9d16f71ff6cfb2154db67daa5ccaeb68b88c6918b0aad96f0d092c8b45b376a092
b06f3b8c9a33064be6aa93b8b7c849a4f515332610361243f2656b6ffdbd3d]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel AdvRJN8of11.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6839976-
7] [35386108616f242cf15100416081ea93c67a7f95171fdea5fac9e59a790c072959
550b95d87bd8e7ee75a576a508046f43e0273b34cc14827d404c1754a5337f]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel AdvRJN9of11.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6839976-
8] [bf724ee4e459f5856f392de73522f31d3a26d28e65833d833a6924b2cd1707fef8
815b672af506dfe64d938a42810aeb0dec06f4be11e8e28cfc11933340269d]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel AdvRJN10of11.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6839976-
9] [385075e058173451fac23000574e97c5be1349203dfa9463e97130bdccec2c1376
7026b8194b8eddda5ab2daf0cf123faef906b7fdafe12ff139505156d4d60a]]
**Document description:**Appendix
**Original filename:**J:\CYC\Integretel AdvRJN11of11.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/12/2007] [FileNumber=6839976-
10] [8950371d031f054358b8a1dc2795773fee6ad5202b59d0df97c144ba3ba63a954
a8831598390e76e09af1e4b97880c2d988c737f4f9430769f4c0112d40b5299]]

**07-05156 Notice will be electronically mailed to:**

Michael H. Ahrens    mahrens@sheppardmullin.com

Ori Katz    okatz@sheppardmullin.com, dwhitehead@sheppardmullin.com

1  HOWARD KOLLITZ (State Bar No. 059611)
   WALTER K. OETZELL (State Bar No. 109769)
2  STEVEN J. SCHWARTZ (State Bar No. 200586)
   DANNING, GILL, DIAMOND & KOLLITZ, LLP
3  2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904
4  Telephone:  (310) 277-0077
   Facsimile:  (310) 277-5735
5  Email:    sschwartz@dgdk.com
             woetzell@dgdk.com
6
   JEFFREY C. SCHNEIDER (pro hac vice)
7  TEW CARDENAS LLP
   Four Seasons Tower, Fifteenth Floor
8  1441 Brickell Avenue
   Miami, Florida 33131-3407
9  Telephone:  (305) 539-2481
   Facsimile:  (305) 536-1116
10
   Attorneys for Creditor David R. Chase, Federal Receiver of
11 Nationwide Connections, Inc., Access One Communications,
   Inc., Network One Services, Inc.,  411TXT, Inc., CELL-
12 INFO-USA, Inc., Enhanced Billing Services, Inc., Toll Free
   Connect, Inc., Cripple Creek Holdings, LLC, Built to Last,
13 LLC, Not Fade Away, LLC, He's Gone, LLC, The Other
   One, LLC, Turn on Your Love light, LLC, China Cat
14 Sunflower, LLC, and Lazy River Road Holdings, LLC

15              **UNITED STATES BANKRUPTCY COURT**

16              **NORTHERN DISTRICT OF CALIFORNIA**

17                     **SAN JOSE DIVISION**

18 | In re                                      | ) | Case No. 07-52890-ASW |
   |                                            | ) |                       |
19 | THE BILLING RESOURCE, dba Integretal, a    | ) | [Chapter 11]          |
   | California corporation,                    | ) |                       |
20 |                                            | ) |                       |
   |              Debtor.                       | ) |                       |
21 |                                            | ) |                       |
   | [Taxpayer's Identification No. 33-0289863] | ) |                       |
22 |                                            | ) |                       |
   |                                            | ) |                       |
23 | THE BILLING RESOURCE, dba                  | ) | Adv. No. 07-05156     |
   | INTEGRETAL, a California corporation,      | ) |                       |
24 |                                            | ) | **FEDERAL RECEIVER'S REQUEST** |
   |              Plaintiff,                    | ) | **FOR JUDICIAL NOTICE IN RESPONSE** |
25 |         vs.                                | ) | **TO ORDER TO SHOW CAUSE RE:** |
   |                                            | ) | **PRELIMINARY INJUNCTION** |
26 | FEDERAL TRADE COMMISSION, and              | ) |                       |
   | DAVID R. CHASE, not individually, but solely | ) | Date:   October 17, 2007 |
27 | in his capacity as receiver for Nationwide | ) | Time:   2:00 p.m.     |
   | Connections, Inc., Access One Communications, | ) | Place  United States Bankruptcy Court |
28 | Inc., Network One Services, Inc., 411TXT, Inc., | ) |        280 South First Street |

                                -1-

| | | |
|---|---|---|
| 1 | CELL-INFO-USA, INC., Enhanced Billing | ) | San Jose, California |
| | Services, Inc., Toll Free Connect, Inc., Cripple | ) | Judge: Hon Arthur S. Weissbrodt |
| 2 | Creek Holdings, LLC, Built to Last, LLC, Not | ) | Courtroom: 3020 |
| | Fade Away, LLC, He's Gone, LLC, The Other | ) | |
| 3 | One, LLC, Turn on Your Love Light, LLC, | ) | |
| | China Cat Sunflower, LLC, Lazy River Road | ) | |
| 4 | Holdings, LLC, | ) | |
| | Defendants. | ) | |
| 5 | | ) | |

6   Pursuant to Rule 201(d) of the Federal Rules of Evidence, David R. Chase, the duly

7 appointed, qualified and acting Receiver serving under the authority of the United States District

8 Court for the Southern District of Florida in pending case number 06-80180-CIV-RYSKAMP,

9 entitled Federal Trade Commission vs. Nationwide Connections, Inc., Access One

10 Communications, Inc., Network One Connections, Inc., et al. (the "District Court Action"), hereby

11 requests that this Court take judicial notice of the following pleadings:

12

13   1.   Appellant's Time Sensitive Motion for Immediate Interim Stay or Injunction

14 Pending Full Consideration of Motion and for Continuation of the Stay or Injunction Pending

15 Complete Resolution of this Appeal, filed in the United States Court of Appeals for the Eleventh

16 Circuit Case No. 07-14531-E, on October 11, 2007, attached hereto as **Exhibit "1"**.

17

18   2.   Exhibits in Support of Appellant's Time Sensitive Motion for Immediate Interim

19 Stay or Injunction Pending Full Consideration of Motion and for Continuation of the Stay or

20 Injunction Pending Complete Resolution of this Appeal (Volume 1 of 2), filed in the United States

21 Court of Appeals for the Eleventh Circuit Case No. 07-14531-E, on October 11, 2007, attached

22 hereto as **Exhibit "2"**.

23

24   3.   Exhibits in Support of Appellant's Time Sensitive Motion for Immediate Interim

25 Stay or Injunction Pending Full Consideration of Motion and for Continuation of the Stay or

26 Injunction Pending Complete Resolution of this Appeal (Volume 2 of 2), filed in the United States

27 Court of Appeals for the Eleventh Circuit Case No. 07-14531-E, on October 11, 2007, attached

28 hereto as **Exhibit "3"**.

-2-

Case 5:07-cv-06210-JW     Document 12-39     Filed 04/06/2008     Page 7 of 65

1    4.    <u>Receiver's Status Report Regarding Integretel Bankruptcy Proceeding,</u> filed in the

2  District Court Action on October 12, 2007, attached hereto as **Exhibit "4"**.

3

4  Dated:  October 12, 2007                    DANNING, GILL, DIAMOND & KOLLITZ, LLP

5

6                                        By:  _____

7                                             STEVEN J. SCHWARTZ
                                             Attorneys for David R. Chase, Federal
8                                             Receiver

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

315500.01 [XP]     24774                                              RER-33     1854

# EXHIBIT "1"

313180.01 [XP] 0705

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 07-14531-E |
| | ) | |
| NATIONWIDE CONNECTIONS, | ) | |
| INC. et al., | ) | |
| | ) | |
| *Defendants,* | ) | |
| | ) | |
| THE BILLING RESOURCE dba | ) | |
| INTEGRETEL, | ) | |
| | ) | |
| *Appellant.* | ) | |

**Appellant's Time-Sensitive Motion
for Immediate Interim Stay or Injunction
Pending Full Consideration of Motion
and
for Continuation of the Stay or Injunction
Pending Complete Resolution of this Appeal**

Time Sensitive
Decision on request for immediate stay or injunction
required by October 17, 2007

Laurie Webb Daniel (GA Bar # 204225)
Cynthia G. Burnside (GA Bar # 097107)
Holland & Knight LLP
1201 West Peachtree Street, NE
One Atlantic Center, Suite 2000
Atlanta GA 30309
(404) 817-8500

Neal Goldfarb (DC Bar # 337881)
Richard H. Gordin (DC Bar # 727925)
Tighe Patton Armstrong Teasdale PLLC
1747 Pennsylvania Ave., NW, Suite 300
Washington, D.C. 20006
(202) 454-2800

*Attorneys for Appellant/Movant
The Billing Resource dba Integretel*

No. 07-14531-E

*Federal Trade Commission v. Nationwide Connections, et al.*

### Certificate of Interested Parties
### and Corporate Disclosure Statement

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure, counsel for appellant The Billing Resource d/b/a Integretel certifies that to the best of his knowledge, the following is a complete list of trial judges, attorneys, persons, associations of persons, firms or partnerships or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. 411TXT, Inc. (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

2. Access One Communications, Inc. (defendant)

3. ACI Billing Services, Inc. d/b/a OAN (defendant)

4. Ahrens, Michael (counsel for The Billing Resource d/b/a Integretel)

5. Alexander, Martin J. (counsel for The Billing Resource d/b/a Integretel)

6. Alitowski, Andrew (counsel for receivership defendants Grunspan et al.)

7. Americredit Financial Services, Inc. (third-party creditor of defendant Willoughby Farr)

8. Anhalt, Irwin, Trustee of the Irwin Anhalt Trust (receivership defendant)

C-1 of 12

9. Arnold, Risa (receivership defendant)

10. Austin, Michael Garrett (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

11. Barnett Bolt Kirkwood & Long (counsel for BMW Financial Services)

12. Berg, Andrew (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

13. BHD/WEB, LLC (third-party creditor of receivership defendants)

14. Billing Concepts, Inc. (defendant)

15. The Billing Resource d/b/a Integretel (defendant/appellant)

16. Bloch, Bruce

17. Blumenthal, William (counsel for plaintiff)

18. BMW Financial Services (third-party creditor of certain defendants and/or affiliated entities)

19. Brady, Rosanne (counsel for crossclaim defendant/third-party defendant Ronny Morillo)

20. BSG Clearing Solutions North America, LLC (defendant)

21. Built to Last, LLC (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

22. CELL-INFO-USA, Inc. (entity in receivership; affiliated with defendants

Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

    23. Chapman, John

    24. Chase, David (Receiver for defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, and Willoughby Farr, and for affiliated entities)

    25. China Cat Sunflower, LLC(entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

    26. Cohen Norris Scherer Weinberger & Wolmer (counsel for Denise McCann))

    27. Coleman, Ira (receivership defendant)

    28. Coleman, Jill (receivership defendant)

    29. Cripple Creek Holdings, LLC(entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

    30. Danning, Gill, Diamond & Kollitz

    31. Davis Cedillo & Mendoza Inc (counsel for ACI Billing Services, Inc. d/b/a

OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

32. Davis, Michael (counsel for plaintiff)

33. Dean, Chad A. (counsel for Primus Automotive Financial Services and Ford Motor Co. Credit Co.)

34. Devine Goodman Pallet & Wells, PA (Counsel for Second Churchill Way, LLC)

35. Dinan, Kevin (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

36. Dunkel, Gary M. (Counsel for BHD/WEB, LLC)

37. Enhanced Billing Services, Inc. (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

38. Farr , Mary Lou (defendant)

39. Farr, Willoughby (defendant)

40. Federal Trade Commission (plaintiff/appellee)

41. Fialco, Lisa (counsel for plaintiff)

42. First Churchill Way, LLC (third-party creditor of certain defendants and/or affiliated entities)

43. Fitzsimmons, Robert V. (counsel for Americredit Financial Services, Inc.)

44. Flaxman, Charles, Trustee of the Flaxman and Lopez Profit Sharing Trust

(receivership defendant)

45. Ford Motor Co. Credit Co. (third-party creditor of certain defendants and/or affiliated entities)

46. Freeman, Geraldine (counsel for The Billing Resource d/b/a Integretel)

47. Garcia, Yaret (defendant)

48. Goldfarb, Neal (counsel for The Billing Resource d/b/a Integretel)

49. Gomez, John (receivership defendant)

50. Gomez, Peter (receivership defendant)

51. Gomez, Tonya (receivership defendant)

52. Gordin, Richard H. (counsel for The Billing Resource d/b/a Integretel)

53. Greenberg Traurig (counsel for BHD/WEB, LLC)

54. Grunspan, Alan, Trustee of the Aron Grunspan Revocable Trust (receivership defendant)

55. Guerard, Collot (counsel for plaintiff)

56. Hartog, Ross R. (counsel for First Churchill Way, LLC)

57. Hawkins, Scott G. (former counsel for defendants Mary Lou Farr and Willoughby Farr)

58. He's Gone, LLC (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

00009

RER-33        1861

59. Holland & Knight, LLP (counsel for The Billing Resource d/b/a Integretel)

60. Hume & Johnson

61. Information Services 900, L.L.C. (majority-owned subsidiary of The Billing Resource d/b/a Integretel)

62. Inmate Calling Solutions, L.L.C. (majority-owned subsidiary of The Billing Resource d/b/a Integretel)

63. Jackman, Steve (receivership defendant)

64. Smith, John J.

65. Johnson, Henry

66. Johnson, Mark Douglas (counsel for Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

67. Jones, Foster, Johnston & Stubbs, P.A. (former counsel for Mary Lou Farr and Willoughby Farr)

68. JP Morgan Chase Bank, N.A.

69. Katz, Ori (counsel for The Billing Resource dba Integretel)

70. Kerst, Marilyn (counsel for plaintiff)

71. Kim, Laura (counsel for plaintiff)

72. King & Spalding, LLP (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

73. Kollitz, Howard

74. Kubicki Draper (counsel for Americredit Financial Services, Inc.)

75. Lancellotta, Steven A. (counsel for The Billing Resource d/b/a Integretel)

76. Law Offices of Peter N. Macaluso (counsel for crossclaim defendant/third party defendant Ronny Morillo)

77. Lazy River Road Holdings, LLC (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

78. Levitats, Carole (receivership defendant)

79. Leopold. Theodore

80. Long, Thomas G. (counsel for BMW Financial Services)

81. Macaluso, Peter (counsel for crossclaim defendant/third arty defendant Ronny Morillo)

82. Maccoby, Max (counsel for defendant/appellant The Billing Resource dba Integretel

83. Markowitz, Jerry M. (counsel for First Churchill Way, LLC)

84. Markowitz, Davis, Ringel & Trusty (counsel for First Churchill Way, LLC)

85. Massington, Carole (receivership defendant)

86. Massington, Richard (receivership defendant)

87. McCann, Denise (third-party creditor of certain defendants and/or affiliated

*Federal Trade Commission v. Nationwide Connections, Inc.*
No. 07-14531-E

entities)

88. McDermott, Will & Emery, LLP (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

89. McDonough, Michael (counsel for crossclaim defendants/third party defendants German Miranda and Jesus Sandoval)

90. McKewen, Richard (counsel for plaintiff)

91. Medoza, Jessy (crossclaim defendant/third party defendant)

92. Mercantile Bank

93. Miranda, German (crossclaim defendant/third party defendant)

94. Mora, Michael (counsel for plaintiff)

95. Morillo, Ronny (crossclaim defendant/third party defendant)

96. Mortgage X, LLC (receivership defendant)

97. Nationwide Connections, Inc. (defendant)

98. Network One Services, Inc. (defendant)

99. Newman, Scott B. (counsel for The Billing Resource d/b/a Integretel)

100. Norton Hammersley Lopez & Skakos

101. Not Fade Away, LLC (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

00012

RER-33    1864

102.   Oetzell, Walter (counsel for David Chase, receiver)

103.   Payment One Corporation (majority-owned subsidiary of The Billing Resource d/b/a Integretel)

104.   Ponsford, Terence (counsel for The Billing Resource dba Integretel)

105.   Primus Automotive Financial Services (third-party creditor of certain defendants and/or affiliated entities)

106.   Qaid, Kaadir (defendant)

107.   Rehfeld, Jeffrey (counsel for The Billing Resource d/b/a Integretel)

108.   Riaboukha, Erika (defendant)

109.   Rengstl, Patrick (counsel for David Chase, receiver)

110.   Leopold, Ricci

111.   Rodgers, Derick (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

112.   Royal Bank of Canada (owner of more than 10% of stock in The Billing Resource d/b/a Integretel)

113.   Ryskamp, Hon. Kenneth L. (district-court judge)

114.   Sacks, Steven (counsel for The Billing Resource dba Integretel)

115.   Jesus Sandoval (crossclaim defendant/third party defendant)

116.   Sapurstein & Block PA

117.   Schneider, Jeffrey (counsel for David Chase, receiver)

118. Schochinski, Robert  (counsel for plaintiff)

119. Schuyler Stewart Smith The Creditors Rights Law Firm of Florida, P.A. (counsel for Primus Automotive Financial Services and Ford Motor Co. Credit Co.)

120. Schwartz, Steven

121. Second Churchill Way, LLC (third-party creditor of certain defendants and/or affiliated entities)

122. Segal Family Partners Ltd. (receivership defendant)

123. Schwartz, Joanna  (receivership defendant)

124. Schwartz, Scott (receivership defendant)

125. Sheppard Mullin Richter & Hampton (counsel for The Billing Resource d/b/a Integretel)

126. Siff, Steven E. (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

127. Tapie, Carolyn (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

128. Tew Cardenas LLP (counsel for the Receiver)

129. The Other One, LLC (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

*Federal Trade Commission v. Nationwide Connections, Inc.*
No. 07-14531-E

130.    Thomas, John-David (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

131.    Tighe Patton Armstrong Teasdale PLLC (counsel for The Billing Resource d/b/a Integretel)

132.    Toll Free Connect, Inc. (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

133.    Turn On Your Love Light, LLC (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

134.    Vargas, Roberto Mario (former counsel for Mary Lou Farr and Willoughby Farr)

135.    Visiedo-Hidalgo, Michelle T. (former counsel for the Receiver)

136.    Vitunac, Hon. Ann E. (magistrate judge)

137.    Wanders, Hildegund P. (counsel for BMW Financial Services)

138.    Wedderburn, Jacobs and Alitowski, PA (counsel for receivership defendants Grunspan et al.)

139.    Weissbrodt, Hon. Arthur (bankruptcy court judge)

00015

RER-33        1867

*Federal Trade Commission v. Nationwide Connections, Inc.*
No. 07-14531-E

140.  Weinberger, Robert M. (counsel for Denise McCann)

141.  Wells, Diane Noller (counsel for Second Churchill Way, LLC)

142.  Woodbury & Santiago, P.A. (counsel for receivership defendants Grunspan

et al.)

143.  Woodbury, Michael (counsel for receivership defendants Grunspan et al.)


_____

Neal Goldfarb

00016

RER-33    1868

Pursuant to Fed. R. App. P. 8, appellant The Billing Resource dba Integretel ("Integretel") moves that the Court stay the district court's order of September 21, 2007 ("the Vacatur Order"; Ex. 1), which vacated its bankruptcy stay order of the previous day and ruled that its "Omnibus Order" entered September 14 (Ex. 2) was not subject to the Bankruptcy Code's automatic stay. Specifically, Integretel requests that the Court grant an immediate interim stay pending full consideration of this motion and then that it continue the stay in effect during the pendency of this appeal. [1]

To the extent that such a stay is not regarded as reinstating the automatic stay while the motion and appeal are pending, Integretel further moves for an immediate injunction expressly granting such relief pending full consideration of this motion and for continuation of that injunction during the pendency of the appeal.

Integretel sought a stay from the district court, but while that court purported to "conditionally grant" the motion, it actually denied it. (Ex. 22.) This motion is time-sensitive under Circuit Rule 27-1 because a ruling on our request for an immediate stay or injunction is needed by October 17, 2007, when an agreed temporary stay will expire. (Integretel has attempted to get an agreement to extend this temporary stay, but so far no such agreement has been reached.

## Introduction

Integretel seeks to stay an order, entered without giving Integretel an opportunity

---

1. We do not challenge the September 21 order insofar as it held that the Federal Trade Commission's claims under the FTC Act were not automatically stayed.

to be heard, vacating a bankruptcy stay order the court had entered only the day before. Integretel had sought bankruptcy protection after being ordered to pay more than $1 million in disputed funds to the receiver for two of Integretel's former clients, on the theory that the funds were receivership assets. Integretel has appealed both orders.

The district court ruled that the stay did not apply because it had held that the disputed funds belonged to the receiver, not to Integretel. But the court misinterpreted the plain language of the automatic stay provision, 11 U.S.C. § 362. The stay's applicability here does *not* turn on the alleged ownership of the disputed funds. Even under the district court's (mistaken) conclusion that the funds belong to the receiver, the automatic stay applies because enforcement would constitute (1) a continuation of a proceeding begun against Integretel before its bankruptcy, (2) the enforcement against Integretel of a judgment obtained before bankruptcy, and (3) an act to obtain possession of property from Integretel's estate. 11 U.S.C. § 362(a)(1), (2) & (3).

The district court also held that its pre-bankruptcy order is covered by the "regulatory exception" to the automatic stay under 11 U.S.C. § 362(b)(4). That holding, too, is erroneous for a variety of reasons. The order is no more regulatory in nature than any court order requiring an alleged asset of a receivership or bankruptcy estate to be turned over to the receiver or trustee.

By erroneously holding that the automatic stay does not apply, the district court deprived Integretel of the "breathing spell" that is one of the Bankruptcy Code's most important debtor protections. Without a stay pending appeal, the purpose of the appeal

-2-

will be frustrated, because in the interim Integretel will have been subjected to the very harms the automatic stay is intended to prevent. And because this Court is likely to hold that the disputed sums do *not* belong to the Receiver, allowing enforcement would allow the Receiver to obtain property that really belongs to Integretel's bankruptcy estate, which would interfere with Integretel's reorganization efforts, harm Integretel's other creditors, and prevent the bankruptcy court from deciding whether Integretel should be allowed to use that money.

## Statement of the Case

**Summary.** Two of Integretel's former clients were put into receivership in a suit brought by the Federal Trade Commission. Integretel was served with an injunction directing "any person or entity served with a copy of this Order" to turn over to the receiver all assets belonging to those former clients. The receiver demanded that Integretel turn over certain funds that he said were owed to the former clients, and that he claimed as receivership property. Integretel argued that the amounts at issue were not owed under the governing contracts and that even if anything was owed, the Receiver's claim was unsecured, so that the disputed amounts were not receivership assets.

The receiver moved to require Integretel to show cause why it should not be held in contempt. The district court erroneously held that the disputed funds are receivership assets and ordered Integretel to pay them to the receiver. Because Integretel could not have done so and still remained in business, it filed for bankruptcy protection. The district court then compounded its error by erroneously ruling that the Bankruptcy

-3-

Code's automatic stay does not apply.

**Integretel's services and the contracts.** Integretel is a telecommunications billing aggregator. It has contracts with local phone companies ("Telcos") whereby it acts as an intermediary between the Telcos and its clients—independent telecommunications companies and other service providers—so that its clients can have their charges appear on consumers' local phone bills. The clients submit their billing information to Integretel, which forwards the data to the Telcos as part of a transaction structured as a sale of accounts receivable. The Telcos include the charges on their bills and make payments to Integretel based on the anticipated collections on all billings submitted by Integretel, without allocating those payments among specific transactions or even among Integretel's various clients. Integretel then pays its clients based on the contractual formulas.

The former clients at issue here are Network One and Access One ("the Former Clients"). Their contracts, which are substantially the same as other clients', set out formulas for computing the amounts to be paid to them. Excluded from those amounts are sums allocated to the "IGT Reserve," which are defined as "an amount withheld, from the amount otherwise owed to Client with respect to Billing Transactions, to protect IGT [Integretel] from credit losses or otherwise to cover reserves or offsets, other than Uncollectibles imposed by a Telco." (Ex. 3 at 14, 19, 43, 51.) The IGT Reserves do not take the form of a segregated account or a fund of money that has been earmarked or set aside. Rather, they are merely bookkeeping entries. Integretel holds no identifiable pool of money that constitutes the IGT Reserves for the Former Clients. (Ex. 3 at 3.)

00020

RER-33      1872

Integretel provided services to Network One for about a month in 2003 and to Access One for seven months in late 2004 and early 2005. In both cases, Integretel stopped providing services after questions arose about the validity of the billing transactions, long before the FTC took any action. Once it did so, it set the IGT Reserve for each client at 100% and stopped further payments. (Ex. 3 at 2.)

**The FTC lawsuit.** On February 27, 2006, the Federal Trade Commission sued the Former Clients, along with others associated with them, for violating the FTC Act by causing consumers to be billed for fraudulent collect-call charges (a practice know as "cramming"). (Ex. 4.) The FTC did not name Integretel as a defendant. Seven months later, however, it amended its complaint to assert claims against Integretel and another aggregator. (Ex. 5.) In defending against the FTC's claims, Integretel contends that it did not know that the charges were fraudulent and that up until the time it pulled the plug on the Former Clients, it could not reasonably have known that the charges were fraudulent. The district court has not yet considered the merits of the FTC's claims against Integretel. There has been no finding that Integretel violated the law or even that the FTC is likely to prevail. The FTC has not moved for interim relief against Integretel.

The FTC's original complaint sought preliminary and permanent injunctive relief and monetary relief in the form of "restitution, the refund of monies paid, and the disgorgement of ill-gotten monies." (Ex. 4.) The FTC sought and received a temporary restraining order. The TRO (1) restrained the original defendants from continuing to engage in cramming, (2) froze the original defendants' assets, and (3) appointed a temp-

00021

RER-33      1873

orary receiver ("the Receiver") for the Former Clients and Nationwide Connections, the other corporate defendant. (Ex. 6.) The Former Clients and another defendant. The Receiver was authorized to collect these defendants' assets. The TRO required the original defendants (but no one else) to turn over to the Receiver "[a]ll assets of the Receivership Defendants[.]" (*Id.* at 15-16.) The TRO provided that unless extended, it would expire on March 9. (*Id.* at 25.)

The TRO was served on Integretel. (Ex. 3 at 4.) Because the TRO's turnover provision applied only to the original defendants, it imposed no duties on Integretel, which was not then a defendant.[2] On March 8, the TRO was superseded by a preliminary injunction, which made the Receiver's appointment permanent. (Ex. 8.) That injunction was identical to the TRO in all relevant respects except one: the turnover provision was broadened to cover not only the original defendants, but also "any person or entity served with a copy of this Order[.]" This injunction was not served on Integretel. (Ex. 3 at 5; Ex. 8 at 16.)

The district court entered an amended preliminary injunction on September 22,

---

2. Shortly after Integretel was served with the TRO, it told the FTC that the Former Clients "would be entitled to certain proceeds from billing transactions" but that each entity "is in default of [its] contract and, therefore, no amounts are currently due and owing." It also said, "To the extent proceeds become due to [the client] in the future, we will establish a separate bank account into which such funds will be deposited and notify your office accordingly." (Ex. 3 at 97.) The import of this statement is in dispute. However, it is not disputed that beginning in June 2006, when Integretel was not subject to any injunction, Integretel's counsel discussed the reserves with counsel for the FTC, who waited months before relaying the information to the Receiver. (Ex. 7 at 1-3.)

00022

RER-33    1874

2006. (Ex. 9.) This injunction, which was identical in all relevant respects to the original preliminary injunction, was served on Integretel on October 10, 2006. (Ex. 7 at ¶¶ 12–13; Ex. 10 at ¶¶ 4-5.) Three days later, the Receiver moved that Integretel be required to show cause why it should not be held in civil contempt for allegedly violating the TRO and the amended preliminary injunction. (Doc. 243.)

Almost a year later, on September 14, 2007, the district court granted the Receiver's motion. (Ex. 2 .) The court ordered Integretel to show cause why it should not be held in contempt, but did not find that Integretel was in fact in contempt. Nevertheless, the court directed Integretel to "provide a sworn statement identifying the amount of reserves as of the issuance of the TRO" and ordered that "these funds shall be placed in a segregated Receivership account." (Ex. 1 at 10.) That order ("the Omnibus Order") was based on the court's conclusion that Integretel held the reserve amounts "on behalf of, or for the benefit of" the Former Clients and that those amounts were therefore receivership assets. The court cited no contractual provision supporting this conclusion. Instead, it relied on its general equitable power and its in rem jurisdiction over receivership assets.

**The bankruptcy filing and subsequent events.** Making the payment required by the Omnibus Order would have depleted Integretel's operating cash so much that Integretel would probably have been forced out of business. To avoid that result, Integretel filed for bankruptcy protection under Chapter 11 in California (where it is based) on September 16. (Ex. 11.) In a submission to the bankruptcy court, the Receiver tacitly

00023

RER-33    1875

acknowledged that the Omnibus Order is covered by the Bankruptcy Code's automatic stay. (Ex. 12 at 9-10 (statement by Receiver that "the appropriate remedy is relief from the automatic stay").)

Before 10 a.m. on September 20, the FTC faxed the district court's chambers an emergency motion seeking "clarification" that the automatic stay did not apply to this case and told chambers about the motion by phone. (Ex. 13 & 14.) The alleged emergency was that a bankruptcy hearing was coming up soon. (Ex. 14 at 11.) That afternoon, the district court entered an order declaring that the case "is subject to the automatic stay set forth in 11 U.S.C. § 362." (Ex. 1.)

Given the timing of this order in relation to the FTC's motion, it appeared that it was unnecessary to respond to the FTC's motion because the court had effectively denied it, and indeed that no further filings would be allowed. But the next day, without notice, the district court reversed course: it granted the FTC's motion, vacated the previous day's stay order, and held that the automatic stay did *not* apply. (Ex. 1.) The court acted without allowing Integretel a fair opportunity to be heard. It did not notify Integretel that it was reconsidering its stay order, and did not ask for a response or even set a deadline for responding.

In addition to vacating the stay, the court said that it had ruled in the Omnibus Order "that the reserve funds are the property of the receivership estate[.]" (Ex. 1 at 1.) The court also described the Omnibus Order as having "ordered Integretel to pay the current reserve funds, amounting to $1,762,762.56, immediately to the Receiver." (*Id.*)

-8-

This description was materially incorrect.[3]

On the next business day, Integretel appealed the orders of September 14 and 21. On the same day, the Receiver moved that Integretel be ordered to pay the reserve amounts by the following day, and that if it did not do so, its president be ordered to personally appear before the court in Florida on September 26, the date of a resumed hearing on Integretel's emergency motion for permission to use cash collateral. (Ex. 16 at 1, 4; *see also* Ex. 17 (Integretel response).) The district court denied this motion, stating that "the Bankruptcy Court should have the opportunity to make its own determination as to Integretel's [cash-collateral] motion." (Ex. 18.)

The next day, Integretel asked the district court for a stay pending appeal. (Ex. 19; *see also* Ex. 20 & 21 (Receiver's response and Integretel's reply).) On September 26, without waiting for the outcome of the cash-collateral hearing, the district court entered an order it described as "conditionally granting" Integretel's motion, but that actually denied it. The court said that enforcement would be stayed "provided that Integretel transfers the amount of $1,762,762.56, representing the reserve funds, to the Receiver within three days of the date of this Order. The Receiver shall then keep those funds in a segregated account during the pendency of any appeal." (Ex. 22; emphasis omitted.) In its effect on

---

3. What the Omnibus Order had said was that Integretel was to "provide a sworn statement identifying the amount of reserves as of the issuance of the TRO" and that "these funds shall be placed in a segregated Receivership account." (Ex. 2 at 10.) The amount booked as IGT Reserves for the Former Customers when the TRO was issued was $1,230,479.89, not $1,762,762.56. (Ex. 3 at 7.) The Omnibus Order did not specify when payment was due.

00025

Integretel, this is no different than the original order, which had likewise directed Integretel to pay the reserve amount into a segregated receivership account.

The Receiver has agreed to a stay of the Omnibus Order and the contempt proceedings until October 17, 2007, provided that Integretel deposits the disputed sum in a segregated and blocked debtor-in-possession account under the bankruptcy court's control. (Ex. 23 & 24.) Integretel and the Receiver have moved in the district court for an order implementing that temporary stay (Ex. 25) and are awaiting entry of that order.

**Injunction proceedings in bankruptcy court.** Integretel has sought an injunction in the bankruptcy court under 11 U.S.C. § 105 against (among other things), enforcement of the Omnibus Order and continuation of the contempt proceedings. (Exhibit 26.) The bankruptcy court is ordering the Receiver and the FTC to show cause why that motion should not be granted. (Ex. 27 at 12-13.) In explaining why it was doing so, the court noted Integretel's assertion (which is undisputed) "that it held the alleged reserve funds in a commingled account." (*Id.* at 12.) It stated that "a party seeking to establish a trust over commingled funds must trace those funds" and that "no party has made any effort to trace any funds[.]" (*Id.*) As a result, "all the FTC [*sic;* Receiver] likely has is an unsecured claim[.]" (*Id.*) A hearing on the show-cause order is set for October 17.

This Court should not wait to see what the bankruptcy court does before ruling on this motion. If this Court waits for the bankruptcy court and that court decides not to issue an injunction (or if it decides to let this Court rule first), Integretel would be at risk of contempt sanctions when the agreed temporary stay expires and would have to ask

-10-

this Court to grant emergency relief. Moreover, an order from the bankruptcy court granting a § 105 injunction would not render the instant motion moot, for there is a reasonably good chance that the FTC and the Receiver would appeal any such injunction. A stay from this Court would afford Integretel protection against the risk that an injunction by the bankruptcy court might be reversed or stayed. Finally, the issues before the two courts are entirely different. The issue here is the purely legal question whether the Omnibus Order and contempt proceedings are subject to the automatic stay. In the bankruptcy court, on the other hand, the issue is whether the court should grant an injunction in the exercise of its discretion.

### Argument[4]

**A.  The legal standard governing stays and injunctions pending appeal.**

To obtain a stay or injunction pending appeal, the movant must ordinarily show that it is likely to succeed on the merits on appeal, that without a stay it will be irreparably injured, that a stay will not substantially harm the opposing party, and that a stay would serve the public interest. *E.g., Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). Of these factors, the most important is the likelihood of success. *Id.*

And that factor alone becomes controlling where, as here, the order at issue is the

---

4. The Vacatur Order is appealable under 28 U.S.C. § 1291 as a final order. *See, e.g., In re Delta Resources*, 54 F.3d 722, 726 (11th Cir. 1995) (order granting or denying relief from automatic stay is final and appealable). If the order is nevertheless thought not to be final, it is appealable under § 1292(a)(1) as an order refusing or dissolving an injunction. *See, e.g., Carver v. Carver*, 954 F.2d 1573, 1578 (11th Cir. 1992) ("the automatic stay is essentially a court-ordered injunction"). The notice of appeal was timely filed on September 24.

-11-

denial of a statutory stay of litigation. In such a case, the usual balancing of equities is inappropriate because Congress has already balanced the equities. *See Jove Engineering v. IRS*, 92 F.3d 1539, 1546 (11th Cir. 1996) (while ordinary injunctions are discretionary, the bankruptcy stay arises automatically). More importantly, without a stay pending appeal, the entire purpose of the appeal will be frustrated and the reversal of the district court's order will be an empty gesture.

Thus, in *Blinco v. Green Tree Servicing, LLC* , 366 F.3d 1249 (11th Cir. 2004), this Court held that on an appeal from an order refusing a stay pending arbitration, the action should be stayed in the district court unless the appeal is frivolous. The Court reasoned that otherwise the intended benefit of arbitration (avoiding the costs and delays of litigation) would be irretrievably lost. *Id.* at 1251-52. The Court followed the Seventh Circuit's decision in *Bradford-Scott Data Corp., Inc. v. Physician Computer Network*, Inc., 128 F.3d 504 (7th Cir. 1997), where the court said, "Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." *Id.* at 505. The Seventh Circuit pointed out that "[w]hether the litigation may go forward in the district court is precisely what the court of appeals must decide[,]" and said that a nonfrivolous claim of immunity from litigation in the district court (which is essentially what Integretel asserts here), "is inconsistent with continuation of proceedings in the district court, and . . . the notice of appeal accordingly brings those proceedings to a halt[.]" *Id.* at 506.

The same reasoning applies here. The automatic stay is "'one of the fundamental

-12-

debtor protections provided by the bankruptcy laws'" because it "'gives the debtor a breathing spell from his creditors."' *Jove Engineering*, 92 F.3d at 1550 (quoting from the legislative history). It protects the debtor from having to undergo the cost and burdens of litigation. Denying Integretel a stay pending appeal would therefore defeat the purpose of the automatic stay (and of this appeal) by exposing Integretel to a resumption of the litigation that the stay was intended to stop.

**B.  The district court erred in vacating the September 20 stay order and ruling that the Omnibus Order is excepted from the automatic stay.**

Under § 362(a) of the Bankruptcy Code (11 U.S.C. § 362(a)), the filing of a bankruptcy petition "operates as a stay, applicable to all entities," of the following:

> (1) the . . . continuation. . . of a judicial . . .action or proceeding against the debtor that was . . . commenced before the commencement of the case under this title . . .;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; [and]
>
> (3) any act to obtain possession of property of the estate or of property from the estate . . . .

As we have noted, the Receiver tacitly acknowledged that the orders at issue were subject to the automatic stay. In ruling to the contrary, the district court erred.

**a.** Even assuming the disputed amounts do not belong to Integretel (but see pages 18-19, below), the court's ruling about the automatic stay would be wrong because it was based on the mistaken view that the a stay applies only with respect to property of the estate or of the debtor. (Ex. 1 at 4.) The Omnibus Order is subject to the automatic stay

-13-

whether or not the disputed funds belong to the bankruptcy estate. This is so because the order constitutes (1) a continuation of a proceeding commenced against Integretel before its bankruptcy, (2) the enforcement against Integretel of a judgment obtained before bankruptcy, and (3) an act to obtain possession of property from Integretel's estate.

In saying that the automatic stay applies "only to protect property of the bank-ruptcy estate or property of the debtor," the district court misinterpreted § 362(a)'s plain language. Subsection (1) says nothing to suggest it is limited to property of the estate or of the debtor; it doesn't even use those terms. Subsection (2) applies to the enforcement of judgments, not only against the bankruptcy estate, but also against the debtor.

And subsection (3) extends the stay to acts to obtain possession "of property *from* the estate" (emphasis added). This means that the stay protects property that is merely in the debtor's possession, regardless of who it belongs to. *See, e.g., In re Atlantic Business and Community Corp.*, 901 F.2d 325, 328 (3d Cir. 1990)( section 362 "makes clear that mere possession of property at the time of filing is sufficient to invoke the protections of the automatic stay"); *In re Turbowind, Inc.*, 42 B.R. 579, 585 (Bankr. S.D. Cal. 1984) ("The operation of the automatic stay does not depend on the debtor having either a legal or equitable interest in the property, but applies to property merely in the debtor's possession at the time of filing"). The legislative history confirms this point: "Paragraph (3) stays any act to obtain possession of . . . property from the estate (property over which the estate has control or possession." H.R. Rep. No. 95-595 at 340-42, 95th Cong., 1st Sess. (1977); S. Rep. No. 95-989 at 49-51, 95th Cong., 2d Sess. 49-51 (1978), *reprinted*

-14-

*in* U.S. Code Cong. & Admin. News  5787, 5836, 6298.

    **b.**  In addition to its "property of the estate" analysis, the district court relied on the "regulatory exception" to the automatic stay, under which the provisions quoted above do not apply to proceedings "by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment [.]" 11 U.S.C. § 362(b)(4). This holding, too, was mistaken.

    The regulatory exception applies only to actions or proceedings "by a governmental unit to enforce such governmental unit's police and regulatory power[.]" The Omnibus Order was issued on the motion of the Receiver, not the FTC. Even if the Receiver could somehow be deemed a "governmental unit," the proceedings on his motion were not proceedings by a governmental unit "to enforce *such governmental unit's* police and regulatory power[.]" 11 U.S.C. § 362(b)(4) (emphasis added). The Receiver has no police or regulatory power to enforce; his function is pecuniary: collecting, managing, and distributing the Receivership Defendants' assets.

    This is true even though the Receiver was appointed in a suit by the FTC. The Receiver 's counsel told the bankruptcy court that the Receiver's claim against Integretel "was not predicated on the FTC's enforcement action." (Ex. 27 at 3.) That statement was correct. The Receiver is not authorized under the order appointing him to assert the FTC's rights or interests. (Ex. 6 at 10-14; Ex. 8 at 11-14; Ex. 9 at 11-15). Rather, he merely stands in the shoes of the Former Clients. *See, e.g., Fleming v. Lind-Waldock & Co.,*

00031

RER-33    1883

922 F.2d 20, 24-25 (1st Cir. 1990). Moreover, the FTC Act may be enforced only by the FTC. *E.g., Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1174 n.5 (11th Cir. 1985), And the Omnibus Order cannot constitute a regulatory measure because it was not based on any finding that Integretel violated the FTC Act.

Even if the regulatory exception otherwise applied, by its own terms it does not extend to the enforcement of a money judgment. *SEC v. Brennan*, 230 F.3d 65, 71-72 (2d Cir. 2000). For purposes of § 362(b)(4), an order constitutes a "money judgment" if it is intended to remedy a past alleged harm rather than to prevent harm in the future and it can be satisfied by the payment of a sum certain. *Penn Terra Ltd. v. Department of Environmental Resources*, 733 F.2d 267, 276-77, 278 (3d Cir. 1984). The Omnibus Order qualifies on both counts.

c. The district court erred in ruling that civil contempt proceedings against Integretel were not subject to the stay. (Ex. 1 at 4.) First, for the same reason that the Omnibus Order is not within the regulatory exception to the stay, the contempt proceedings are not within it. The cases the court relied on involved contempt actions by government agencies and were based on contempt of regulatory orders. *SEC v. Bilzerian*, 131 F. Supp. 2d 10, 14 (D.D.C. 2001); *NLRB v. Sawulski*, 158 B.R. 971, 977-79 (E.D. Mich. 1993). Second, those cases state that contempt proceedings are exempt from the automatic stay only if their purpose is to uphold the dignity of the court. *Bilzerian*, 131 F. Supp. 2d 10 at 15; *Sawulski*, 158 B.R. at 975. The proceedings here do not qualify. Civil, unlike criminal, contempt, is not intended to vindicate the court's authority, but is purely remedial. *See,*

-16-

*e.g.*, *United States v. United Mine Workers*, 330 U.S. 258, 302 (1947); *Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006). Thus, civil contempt proceedings are ordinarily subject to the automatic stay—at least where, as here, they are directed toward enforcement of an order that is itself subject to the stay. Third, although the cases cited by the court involved civil contempt proceedings, in those cases the debtors had been held in contempt before filing for bankruptcy. *Bilzerian*, 131 F. Supp. 2d at 12-13, 15; *Sawulski*, 158 B.R. at 974, 976. The interest in enforcing court orders was therefore stronger than it is here, where there was no such determination prior to the bankruptcy filing.

**C.  To the extent that a fact-specific balancing of the equities is appropriate, the balance favors granting a stay.**

**Without a stay, Integretel faces irreparable injury.** By ruling that the Omnibus Order and the contempt proceedings are not subject to the automatic stay, the district court denied Integretel the full benefits of the stay. That in and of itself constitutes irreparable injury. *See In re Lomas Financial Corp.*, 117 B.R. 64, 67-68 (S.D.N.Y. 1990). Like the denial of the right to free speech under the First Amendment, which also constitutes irreparable injury per se, *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1271-72 (11th Cir 2006), the erroneous denial of the breathing spell that Congress intended debtors in bankruptcy to enjoy causes a harm that cannot be measured in monetary terms and for which there is no adequate compensation.[5]

---

5.  This does not mean that a bankruptcy-court order the bankruptcy court granting

-17-

Moreover, without a stay pending appeal, Integretel will face concrete harm arising from the district court's intention to compel payment from Integretel on pain of contempt. Without a stay, enforcement of the Omnibus Order would presumably pick up where it was left off. The district court has made it clear that it will grant no meaningful relief; its order "conditionally granting" a stay was a *de facto* denial. So Integretel would again become embroiled in litigation over this issue—probably on an emergency basis—and there would be a very real chance of a conflict between the district court and the bankruptcy court.

And beyond that, allowing enforcement of the Omnibus Order would allow the Receiver obtain money that this Court will most likely hold is really property of Integretel's bankruptcy estate, which would impair Integretel's efforts to reorganize, harm Integretel's other creditors, and prevent the bankruptcy court from being able to decide whether Integretel should be allowed to use the funds.

This Court is likely to reverse the Omnibus Order because it is clear that under the correct analysis, the disputed amounts are not receivership assets. Before the Receiver was appointed, the Former Clients had no property interest in the reserve amounts. Even if those amounts were "owed" under the contracts, the Former Clients were merely unsecured creditors. They had no security interest, and the contracts rule out any

---

relief from the automatic stay would per se cause the debtor irreparable injury. Whereas the question whether the stay applies in the first instance does not involve a weighing of individualized equities, the question whether to grant relief from the stay does.

00034

RER-33    1886

fiduciary relationship by providing that Integretel is not the client's "agent, partner, joint venturer, trustee, fiduciary, or legal representative[.]" (Ex. 3 at 13, 41.) The contracts also undermine the district court's statement that the reserves were held on behalf of the Former Clients or for their benefit (Ex. 2 at 3), for they describe the IGT Reserve as being intended "to protect IGT [ i.e., Integretel.]" (Ex. 3 at 14, 43.)

Since the Former Clients had no property interest in the reserves before they were put in receivership, the Receiver also has none. The order appointing the Receiver did not and could not give him property rights that had not previously existed. Neither of the injunctive orders dealt with the question of whether the reserves were a receivership asset. More importantly, the court lacked the power to declare that funds that never belonged to the Former Clients were nevertheless receivership assets. Although a receivership court may have broad equitable powers, those powers do not extend to creating new substantive rights or property interests. *See, e.g., Hedges v. Dixon*, 150 U.S. 182, 192 (1893). *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 823 (4th Cir. 2004).

The district court also said that the reserves belonged to the Receiver because they were within the court's in rem jurisdiction over receivership assets. (Ex. 2 at 4, 5, 7.) But that puts the cart before the horse. In rem jurisdiction extends only to property the receivership estate has an interest in. The ownership issue must therefore be resolved *before* the jurisdictional question, not after. And in any event, the court did *not* have in rem jurisdiction here. Such jurisdiction attaches only to assets within a court's actual or constructive possession. *See, e.g., Penn General Casualty Co. v. Commonwealth of Pennsylvania ex rel.*

-19-

*Schnader*, 294 U.S. 189, 195 (1935). No such possession exists with respect to assets in the hands of a third party who holds them under a substantial claim of right, as Integretel does here. *E.g., Taubel-Scott-Kitzmiller Co. v. Fox*, 264 U.S. 426, 432-34 (1924).

**A stay would not significantly harm the Receiver.** Integretel is subject to supervision by the bankruptcy court and the disputed funds are under that court's control. The Bankruptcy Code sets out rules and procedures designed to protect the rights of creditors who claim an interest in property in the debtor's possession. The Receiver has already sought those protections from the bankruptcy court, and a stay pending appeal would not prevent it from continuing to do so. Nor would the Receiver be significantly harmed by staying the contempt proceedings. Such proceedings would not be in order as long as enforcement of the Omnibus Order is itself stayed.

**A stay would not harm the public interest.** Although the Receiver's claims arise in the context of an FTC enforcement action, a stay would not harm the public interest. The public interest in enforcing the FTC Act would not be implicated because Integretel has not been found to have violated the Act. And any attempt to argue that the Receiver is pursuing the public interest would run up against the fact that he is asserting what would, had he not been appointed, be claims belonging to entities that were among the primary wrongdoers. To the extent that the Receiver is nevertheless thought to be as acting in the public interest, the factors showing that a stay would not harm the Receiver necessarily show that it would not harm the public interest either. Finally, the FTC is entitled to participate in Integretel's bankruptcy and has in fact done so.

00036

RER-33    1888

Respectfully submitted,

Laurie Webb Daniel (GA Bar # 204225)        Neal Goldfarb (DC Bar # 337881)
Cynthia G. Burnside (GA Bar # 097107)        Richard H. Gordin (DC Bar # 727925)
Holland & Knight LLP                         Tighe Patton Armstrong Teasdale PLLC
1201 West Peachtree Street, NE               1747 Pennsylvania Ave., NW, Suite 300
One Atlantic Center, Suite 2000              Washington, D.C. 20006
Atlanta GA 30309                             (202) 454-2800
(404) 817-8500

*Attorneys for Appellant/Movant*
*The Billing Resource dba Integretel*

-21-

00037

RER-33        1889

## Certificate of Service

I HEREBY CERTIFY that on this 11th day of October, 2007, the foregoing motion (with Exhibits 1-27) was served on each of the following by the method(s) indicated:[6]

**By hand and by email:**

Marilyn Kerst, Esq.
mkerst@ftc.gov
John F. Daly, Esq.
jdaly@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., N.W., Room 582
Washington, D.C. 20580

Laura M. Kim, Esq.
lkim@ftc.gov
Collot Guerard, Esq.
cguerard@ftc.gov
Richard McKewen, Esq.
rmckewen@ftc.gov
Robert Schoshinksi, Esq.
rschoshinski@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., N.W., Room 286
Washington, DC 20580

---

6. All parties who are expected to participate in this appeal are being served by hand and by email. Where service is shown as having been made by email but not also by hand, consent to such service has been given by means of participation in electronic filing in the district court.

Jeffrey C. Schneider, Esq.
jcs@tewlaw.com
Patrick Rengstl, Esq.
pjr@tewlaw.com
Tew Cardenas LLP
Four Seasons Tower—15th Floor
1441 Brickell Avenue
Miami, FL 33131

**By email and first-class mail**

Michael Garrett Austin, Esq.
maustin@mwe.com
Steven E. Siff, Esq.
ssiff@mwe.com
McDermott Will & Emery LLP
201 S Biscayne Boulevard
Suite 2200
Miami, FL 33131-4336

Andrew G. Berg, Esq.
aberg@kslaw.com
Kevin Dinan, Esq.
kdinan@kslaw.com
Carolyn Tapie, Esq.
ctapie@kslaw.com
John-David Thomas, Esq.
jthomas@kslaw.com
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-4704

Derick J. Rodgers, Esq.
drodgers@lawdcm.com
Davis Cedillo & Mendoza Inc
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, TX 78212

Mark Douglas Johnson, Esq.
MarkDJohnsonPA@bellsouth.net

00039

RER-33    1891

Mark D. Johnson, P.A.
10 Central Parkway, Suite 210
Stuart, Florida 34994

Rosanne Brady, Esq.
rosanne@macalusolaw.com
Peter N. Macaluso, Esq.
peter@macalusolaw.com
The Law Office of Peter N. Macaluso
3302 N. Tampa Street
Tampa, FL 33603

Mary Lou Farr
farrmarylou@aol.com
c/o James Stonehill
1006 Churchill Circle South
West Palm Beach, FL 33405

Gary M. Dunkel, Esq.
DunkelG@gtlaw.com
Jason H. Okleshen, Esq.
Greenberg Traurig
Phillips Point—East Tower, Suite 300-E
777 South Flagler Drive
West Palm Beach, FL 33401

Diane Noller Wells, Esq.
dwells@devinegoodman.com
Devine Goodman Pallet & Wells, PA
777 Brickell Avenue, Suite 850
Miami, FL 33131

Michael Woodbury, Esq.
michael.woodbury@woodbury-santiago.com
Two Datran Center—Penthouse 1A
9130 South Dadeland Boulevard
Miami, FL 33156

Henry W. Johnson, Esq.
hjohnson@jzwlawfirm.com
Hume & Johnson

00040

RER-33    1892

1401 University Drive, Suite 301
Coral Springs, FL  33071

John W. Chapman, Jr., Esq.
jchapman@nhlslaw.com
Norton Hammersley Lopez & Skokos
1819 Main Street, Suite 610
Sarasota, FL  34236

Robert M. Weinberger, Esq.
rmw@fcohenlaw.com
Cohen Norris Scherer Weinberger & Wolmer
712 U.S. Highway 1, Suite 400
North Palm Beach, FL  33408

Thomas G. Long, Esq.
tlong@barnettbolt.com
Hildegund P. Wanders, Esq.
Barnett Bolt Kirkwood & Long
601 Bayshore Boulevard, Suite 700
Tampa, FL  33606

Robert Voss Fitzsimmons, Esq.
rvf@kubickidraper.com
Kubicki Draper
City National Bank Building
25 W Flagler Street, Penthouse
Miami, FL  33130-1712

Chad A. Dean, Esq.
chad@schuylaw.com
Schuyler Stewart Smith
118 West Adams Street, #800
Jacksonville, FL  32202

Bruce Eric Bloch, Esq.
sblawfirm@aol.com
Sapurstein & Bloch PA
9700 South Dixie Highway, Suite 1000
Miami, FL  33156

00041

RER-33    1893

Theodore J. Leopold, Esq.
tleopold@riccilaw.com
Ricci Leopold
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410

**By hand:**

Michael David McDonough, Esq.
12794 Forest Hill Blvd., Suite 19D
Wellington, FL 33414

Jessy Mendoza
6117 Blue Grass Circle
Lake Worth, FL 33463

**By Federal Express**

Willoughby Farr, Inmate No. 653974
Avon Park Correctional Institution
PO Box 1100
County Road 64 East
Avon Park, FL 33926-1100
(service by hand impracticable; telephone notice impracticable)

_____

Neal Goldfarb

00042

RER-33     1894

# EXHIBIT "2"

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FEDERAL TRADE COMMISSION,                )
                                         )
                    *Plaintiff,*         )
                                         )
        v.                               )        No. 07-14531-E
                                         )
NATIONWIDE CONNECTIONS,                  )
INC. et al.,                             )
                                         )
                    *Defendants,*        )
                                         )
THE BILLING RESOURCE dba                 )
INTEGRETEL,                              )
                                         )
                    *Appellant.*         )

**Exhibits in Support of**
**Appellant's Time-Sensitive Motion**
**for Immediate Stay or Injunction**
**Pending Full Consideration of Motion**
**and**
**for Continuation of the Stay or Injunction**
**Pending Complete Resolution of this Appeal**

Volume 1 of 2
Exhibits 1-8

Laurie Webb Daniel                    Richard H. Gordin
Cynthia G. Burnside                   Neal Goldfarb
Holland & Knight LLP                  Tighe Patton Armstrong Teasdale PLLC
1201 West Peachtree Street, NE        1747 Pennsylvania Ave., NW, Suite 300
One Atlantic Center, Suite 2000       Washington, D.C. 20006
Atlanta GA 30309                      (202) 454-2800
(404) 817-8500

                                      *Attorneys for Appellant*
                                      *The Billing Resource dba Integretel*

# Index

1.  District court order dated September 21, 2007 vacating bankruptcy-stay order

2.  District court omnibus order entered September 14, 2007

3.  Declaration of Ken Dawson, with exhibits

4.  Complaint

5.  Amended complaint

6.  Temporary restraining order

7.  Declaration of Richard H. Gordin

8.  Preliminary injunction

Exhibit 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC.,
et al.

     Defendants.

_____/

### ORDER GRANTING MOTION FOR CLARIFICATION AS TO SCOPE OF STAY

THIS CAUSE comes before the Court pursuant to the FTC's Emergency Motion for

Clarification That the Automatic Stay Does Not Apply to the FTC's Law Enforcement Action

and the Ongoing Contempt Proceeding, filed September 21, 2007 **[DE 618]**.

Integretel became a Defendant in this action on September 21, 2006. Unbeknownst to the

Court, Integretel was holding more than $1.35 million in reserve funds that belonged to two of

the Nationwide defendants, Access One and Network One, in spite of several provisions of the

Temporary Restraining Order in Preliminary Injunction requiring it to turn said funds over to the

Receiver. When the Receiver learned of the existence of these funds, it filed its Motion for an

Order to Show Cause Why Integretel Should Not Be Held in Contempt. On Friday, September

14, 2007, this Court issued its Omnibus Order in which it ruled that the reserve funds are the

property of the receivership estate and ordered Integretel to pay the current reserve funds,

amounting to $1,762,762.56, immediately to the Receiver. The Court also ordered Integretel to

show cause in writing within 10 days why it should not be held in contempt for failing to turn

2

over the reserve funds. Two days later, on September 16, 2007, Integretel filed a petition for

Chapter 11 bankruptcy in the United States Bankruptcy Court, Northern District of California,

San Jose Division, Case No. 07-52890. Integretel maintains in its bankruptcy filings that it

"currently owes nothing to Receiver." Integretel further maintains that "it will ultimately

prevail... with respect to amounts which are the subject and required to be paid under the

[Omnibus Order]." On September 20, 2007 **[DE 617]**, the Court stayed this proceeding against

Integretel pursuant to 11 U.S.C. § 362(a). The FTC requests that this Court clarify that the

automatic bankruptcy stay does not apply to the prosecution of its enforcement action or the

ongoing contempt proceeding.

   The FTC's prosecution of this action to protect consumers from unfair and deceptive

trade practices is excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4), the

governmental regulatory exception to the stay. The statute provides as follows:

> (b) the filing of a petition under section 30 1,302, or 303 of this
> title... does not operate as a stay-...
>
> (4) under (1), (2), (3), or (6) of subsection (a) of this section, of the
> commencement or continuation of an action or proceeding by a
> governmental unit...to enforce such governmental unit's...police
> power and regulatory power, including the enforcement of a
> judgment other than a money judgment....

Thus, to the extent provided in the aforementioned section, governmental regulatory or police

actions are excepted from the automatic stay of:

> (1)   the commencement or continuation... of a judicial,
>       administrative, or other action or proceeding against the
>       debtor...;

3

> (2)   the enforcement, against the debtor or against property of
>        the estate, of a judgment obtained before the
>        commencement of the [bankruptcy] case...;
>
> (3)   any act to obtain possession of property of the estate or of
>        property from the estate or to exercise control over property
>        of the estate;... [and]
>
> (6)   any act to collect, assess, or recover a claim against the
>        debtor that arose before the commencement of the
>        [bankruptcy] case....

11 U.S.C. § 362(a). The legislative history specifically states that this exception applies to suits

by the government "to prevent or stop violation of fraud, environmental protection, consumer

protection, safety, or similar regulatory laws." H.R. Rep. No. 989, 95th Cong., 2d Sess. 52,

*reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5838.

Various courts have recognized that actions brought by the FTC pursuant to 15 U.S.C. §

53(b), Section 13(b) of the FTC Act, are not subject to the automatic stay. See In re First

Alliance Mortgage Co., 264 B.R. 634, 647-51 (C.D. Cal. 2001) (reversing the Bankruptcy Court

in holding that FTC's action to enforce consumer protection unfair lending loss falls within the

11 U.S.C. § 362(b)(4) exemption from the stay); FTC v. American Standard Credit Systems, 874

F. Supp. 1080, 1083 (C.D. Cal. 1994).

The FTC also seeks monetary relief, including disgorgement, restitution and consumer

redress. The dual purposes of determining unlawful behavior by making such behavior more

expensive and holding violating parties accountable bring this action squarely within the police

and regulatory powers exemption. See SEC v. Brennan, 230 F.3d 65, 72 (2d Cir. 2000) ("When

the government seeks to impose financial liability on a party, it is plainly acting in its police or

regulatory capacity..."). Accordingly, the exemption permits continuation of this action for

4

injunctive relief against Integretel and the entry of a money judgment against same.

Nor is the contempt proceeding stayed. First, the automatic stay applies only to protect property of the bankruptcy estate or property of the debtor. See 11 U.S.C. § 362(a)(2). The Court has already ruled that the reserve funds are neither the property of the "bankruptcy estate" nor Integretel. Second, the 11 U.S.C. § 362(b)(4) exception also applies to civil contempt proceedings brought by a governmental unit in the exercise of its police or regulatory powers. See SEC v. Bilzerian, 131 F. Supp. 2d 10, 14 (D.D.C. 2001) (civil contempt proceeding falls within the exception; incarceration of debtor subsequent to failure to provide financial information as required by purgation provision in prior disgorgement order). Finally, the bankruptcy filing does not deprive this Court of its inherent power to enforce the integrity of its orders. "[C]ontempt orders to uphold the dignity of the court are excepted from the automatic stay." NRLB v. Sawulski, 158 B.R. 971, 975 (E.D. Mich. 1993). Accordingly, it is hereby

ORDERED AND ADJUDGED that the motion is GRANTED. The commencement of Integretel's bankruptcy case does not stay either the pending contempt proceeding against Integretel, including the turnover order, or the FTC's prosecution of this consumer protection action against Integretel. The September 20, 2007 Order staying proceedings against Integretel is VACATED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 21st day of September, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Exhibit 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC., et al.,

     Defendants.

_____/

### OMNIBUS ORDER

THIS CAUSE comes before the Court pursuant to a series of motions:

- The Receiver's Revised Motion for Order to Show Cause Why Integretel Should Not Be Held in Contempt of Court, filed October 16, 2006 **[DE 246]**;

- Integretel's Motion to Modify Prior Injunctive Orders, filed October 30, 2006 **[DE 294]**;

- Integretel's Motion to Stay Contract Claims, filed December 29, 2006 **[DE 363]**; and

- The Receiver's Motion Requesting BSG Defendants To Transfer Additional Reserves, filed January 12, 2007 **[DE 371]**.

The Court held a hearing on these motions on April 12, 2007. These motions are fully briefed and are ripe for adjudication.

Both BSG and Integretel had agreements in place with Nationwide and Access One/Network One that permitted them to withhold monies that were "owed to" Nationwide and/or Access One/Network One as "reserves," in the event that any users complained about

2

charges and requested refunds and/or credits directly from the Aggregators. Shortly after this

receivership was initiated, BSG advised the Receiver and the FTC of reserves that it was holding

relating to Nationwide as of the commencement of the receivership (slightly over $1 million).

BSG turned that money over to the Receiver.

Integretel did not advise either the Receiver or the FTC that it was holding reserves.

Rather, its president informed the FTC on March 6, 2006 that "no amounts are currently due and

owing" to Access One or Network One. As of August 26, 2006, Integretel was holding

$1,186,430.36 in reserves for Access One and $173,918.66 in reserves for Network One. These

amounts have increased, and as of June 30, 2007, the reserve amount being held by Integretel

(and/or its affiliates) is $1,762,762.56. As of August 6, 2007, the reserve amount being held by

BSG (and/or its affiliates) is $930,052.99.

The Receiver notes that the temporary restraining order required any business entity

served with a copy thereof to:

> provide to the Commission's counsel, within five (5) business days
> of receiving a copy of this [TRO], a sworn statement setting forth:
>
> 1.    The identification number of each such account or asset
> titled in the name, individually or jointly, of a Defendant, or held
> on behalf of, or for the benefit of a Defendant;
>
> 2.    The balance of each such account, or description of the
> nature and value of each such asset as of the close of business on
> the day on which this [TRO] is served...

Exhibit A to the Integretel/Access One Master Services Agreement defines the reserve as

follows:

00051

3

> an amount withheld, from the amount otherwise owed to Client
> with respect to Billing Transactions, to protect IGT for credit
> losses or otherwise to cover other reserves or offsets, other than
> Uncollectibles imposed by a Telco.

The Integretel/Network One Master Services Agreement contains an identical definition of the reserves.

Integretel maintains that "the reserves do not take the form of any actual funds that [Integretel] has segregated or otherwise set aside..." and maintains that it keeps the reserves in a pooled account it tracks via an internal accounting entry. Such is a distinction without a difference, since the TRO captures funds "held on behalf of, or for the benefit of, a Defendant."

Integretel also maintains that it was not Access One's or Network One's "agent, partner, joint venturer, trustee, fiduciary, or legal representative," and so was not "in any way acting 'on behalf of' of the two clients." An entity need not be an agent, partner, joint venturer, trustee, fiduciary, or legal representative to possess funds that one is holding "on behalf of" another person or entity, however.

Integretel also maintains that the "reserves have been set to account for, among other things, any liability that might be claimed against [Integretel] for any improper billings by Access One or Network One such as alleged by the FTC in the First Amended Complaint." The Court has reviewed the agreements in question. The agreements between Integretel and each of Access One and Network One allow Integretel either to notify the indemnifying party of the request to be indemnified and turn over the defense of the action to the indemnified party or defend itself and seek reimbursement of its attorneys' fees and costs from the indemnifying party. The agreements did not give it the right to use the reserves to fund the indemnity. Furthermore, the FTC has sued

4

Integretel for its own independent violations of the Federal Trade Commission Act. If the FTC

succeeds, Integretel itself will be financially responsible for its actions and will not be able to

look to Access One or Network One for indemnification under the operative agreements.

Finally, Integretel argues that "Access One and Network One failed to provide proof of

their compliance with contract requirements..." Integretel evidently maintains that since it is of

the opinion that Access One and Network One allegedly breached the agreements, it was entitled

to keep the reserve monies. The agreements do not, however, contain a liquidated damages

provision that would permit retention of those funds under the circumstances, nor do the

agreements give it the right to make an independent, unilateral decision about Access One's or

Network One's breach of the agreements without court involvement.

Integretel also moves to stay litigation of the aforementioned contract claims pending

arbitration thereof, maintaining that the Receiver stands in the shoes of Access One and Network

One and may assert only those rights and remedies that those entities themselves could have

asserted. In particular, the Receiver is supposedly bound by the arbitration clause in each

company's contract. The Receiver's claim is not a claim at law governed by pre-receivership

contracts, however, but one governed by this Court's jurisdiction over receivership property

based on the TRO and Amended Preliminary Injunction. The Receiver does not claim that the

funds must be turned over according to, or by adopting, a contract signed between Integretel and

Access One/Network One. The Receiver is seeking to recover the reserve funds pursuant to the

Court's in rem jurisdiction over receivership property, as memorialized in the TRO and the

Amended Preliminary Injunction. A federal court possesses broad authority to issue various

ancillary relief measures in enforcing actions brought by federal agencies. See FTC v.

5

Productive Mktg., Inc., 136 F. Supp. 2d 1096, 1104 (C.D. 2001); SEC v. Wenke, 622 F.2d 1363, 1371 (9th Cir. 1980) ("the Supreme Court has repeatedly emphasized the broad equitable powers of the federal courts to shape equitable remedies to the necessities of particular cases, especially where a federal agency seeks enforcement in the public interest."). A receivership order issued to preserve the assets of the receivership estate is a classic example of a district court's exercise of in rem jurisdiction over receivership property. See Productive Mktg., 136 F. Supp. 2d at 1105; Wenke, 622 F.2d at 1369 (stating that a federal district court's power to issue a stay against all persons concerning all proceedings against the receivership entities "rests as much on its control over the property placed in receivership as on its jurisdiction over the parties to the securities fraud action"). "[R]eceivers are not bound by the contracts of the entity that they are appointed to protect. The receiver becomes bound only when it affirmatively adopts the obligations of the entity that it is protecting." City Bank, NA v. Nyland (CF8) Ltd., 839 F.2d 93, 98 (2d Cir. 1987). The Court declines to stay adjudication of the contract claims.

Integretel argues that the TRO and Amended Preliminary Injunction would be invalid if they enabled the Court to determine Integretel's ownership interest (or lack thereof) in the reserve funds without first requiring the Receiver to institute a new, separate legal proceeding. Issues concerning entitlement to disputed receivership property, in fact, are the types of issues typically determined via summary proceedings in the federal court equity receivership context. See Wenke, 783 F.2d at 837-38 (stating that claims of nonparties to property claimed by receivers can be resolved via summary proceedings, which reduced the time necessary to settle disputes, decrease litigation costs and prevent dissipation of receivership assets, as long as there is notice to the non-party and an opportunity to be heard, thereby satisfying due process).

6

Integretel maintains that the Court deprived it of due process when it issued the TRO and

Amended Preliminary Injunction without previously providing notice and an opportunity to be

heard. A temporary restraining order or injunction is properly issued and binding so long as the

party against whom it is being issued had a chance to defend fully the legitimacy of the eventual

claim. Accordingly, it is irrelevant whether the party had been given a chance to oppose the

order prior to its issuance. See FTC v. Assail, Inc., 410 F.3d 256, 268 (5th Cir. 2005) (finding

that attorney for non-parties to receive fees that resulted from fraud had opportunity to defend

self at hearing to determine whether disputed funds were subject to turnover order and thus had

adequate notice and opportunity to be heard). Here, Integretel has briefed these issues in three

separate briefs, its response, its motion to modify, and its motion to stay. It has, without

question, had an opportunity to be heard on this issue.

Integretel argues that the TRO and Amended Preliminary Injunction are invalid because

the FTC and the Receiver thereby have unbridled discretion to decide what cooperation is

required and from whom, which is allegedly further compounded by the fact that the FTC and

Receiver are interested in maximizing the amount of money, and subsequent recovery, in the

receivership estate. While Integretel has accurately pinpointed the Receiver's and the FTC's

goals, its attacks on the Court's orders fail. That cooperation clauses are standard in federal court

receivership orders goes without saying. In Productive Mktg., when a non-party argued it was

not bound by the cooperation clause, the district court disagreed because the injunction, as a

receivership order, was required to be read reasonably in light of its stated purpose, to account for

and preserve the assets of the receivership estate. 136 F. Supp. 2d at 1109-10. Otherwise stated,

the receiver could not unreasonably use the cooperation clause for whatever purpose he wished.

7

Rather, the only reasonable interpretation of the clause was for it to be used consistently with the objective of the injunction, to require non-parties (and parties) that hold assets of the receivership estate to disclose information to the receiver relating to those assets and, if necessary, turn over such assets to the receiver. See id. at 1110. Cooperation clauses are enforceable, even against non-parties.

Integretel concedes that it was bound by the TRO if it acted in concert or participated with Access One and/or Network One, but Integretel claims that no such allegation has been made (or could be made, for that matter). The FTC has made such allegations in its First Amended Complaint, alleging that Integretel participated and acted in concert with Access One and Network One in the alleged fraud. (See First Amended Complaint, Paragraphs 24, 27, 28, 30, 37.)

Integretel also argues that the TRO is overbroad because it allows the Receiver to demand a turnover of disputed funds. To that end, Integretel posits that in rem jurisdiction only applies to undisputed receivership property and does not apply when funds are disputed and not in the possession of the Court. District courts have in rem jurisdiction over disputed receivership property and therefore can bind non-parties (such as Integretel), through orders to protect and preserve disputed receivership property, and district courts have jurisdiction to enforce orders against non-parties concerning ownership of disputed funds, whether or not such funds are in the non-parties' possession. See Productive Mktg., 136 F. Supp. 2d at 1106 ("if the Court cannot compel [the non-party] to turn over assets in its possession belonging to the receivership estate, the receiver will be unable to provide adequate redress to consumers who have been defrauded by

8

Defendants because [the non-party's] conduct imperiled the Court's ability to render an effective judgment, the Court may properly enjoin it, even though it is not a party to the action.").

Integretel also maintains that the turnover clause is invalid and, in any event, was never triggered, because the Receiver never made a "formal" demand for the reserve funds. The purpose of a federal district court's jurisdiction over receivership property via a preliminary injunction (or similar order) is to preserve the assets resulting from the improper actions of the receivership defendants, whether held by parties or non-parties, to provide redress for the legitimately defrauded investors. See Productive Mktg., 136 F.Supp. 2d at 1105-1106. Thus, it is not reasonable to expect the Receiver to know about the reserves, and thereafter make a "formal" demand for them if it had not been previously informed of their existence.

Integretel, as a party, also argues that the Amended Preliminary Injunction is invalid under Rule 65 because it did not receive notice of its issuance. Integretel also maintains that neither the FTC nor the Receiver has made the requisite showing in their unverified papers to enforce an injunction against it. An injunction is properly issued and binding so long as the party opposing it is given a chance to defend the legitimacy of the claim being made under it. It is of no consequence whether the party has been given a chance to oppose the injunction prior to its issuance. See SEC v. Elfindepan, S. A., 2002 WL 31165146 at*5 (finding that party in the context of contempt motion had been given full opportunity to defend ownership interest in disputed funds; that party did not have opportunity to defend itself prior to issuance of the injunction did not render the injunction invalid).

Integretel believes it has acted properly from "day one" and had no reason to ask for clarification of the subject Orders until the Receiver filed its show cause motion because it

9

believed that its interpretation of the Orders was proper, or at least in good faith. One's state of mind is irrelevant for purposes of unilateral interpretation of court orders, however. See Goya Foods, Inc. v. Wallack Management Co., 290 F.3d 63, 75-76 (1st Cir. 2002) ("When a legitimate question exists as to the scope or effectiveness of the court's order, those who know of the decree, yet act unilaterally, assume the risk of mistaken judgments. Adhering to this principle, the appellants could have asked the district court for clarification...but they eschewed that course....They chose instead to rely on their own judgment as to whether the orders remained in effect. In so doing, the appellants acted at their peril.").

Integretel also seeks to modify the TRO, Preliminary Injunction and Amended Preliminary Injunction. Because the subject Orders are valid for the reasons stated herein, there is no reason to modify them. Furthermore, the requested modifications would unnecessarily increase litigation costs by forcing the Receiver to obtain an extra precondition order by litigating every potential act that constitutes proper cooperation and affect every potential target of such corporation, thereby exponentially increasing the amount of time it would take for the Receiver to obtain receivership property. The proposed modifications would also be unwieldy because they would make pre-receivership contracts that the Receiver does not ratify nevertheless binding on him, and would require separate, plenary proceedings when a summary proceeding can adequately account for determination of these issues.

The Receiver also moves to request that the BSG Defendants transfer additional reserves in the amount of $328,050.83 as of December 8, 2006, and, as noted $930,052.99 as of August 6, 2007. These Defendants previously transferred $952,045.67 in reserves to the Receiver on or about March 24, 2006. The Receiver requests that these Defendants transfer these additional

10

reserves, produce all documents relating to the reserves withheld since March 24, 2006, and to produce any future reserves that they collect to the Receiver along with any documents relating thereto.

The BSG Defendants join in Integretel's arguments as to the validity of the TRO and the Amended Preliminary Injunction. Additionally, the BSG Defendants request modification of the injunctive orders and request a stay of the underlying contract claims. The Court has already rejected these arguments. As to the contract claims, the contracts the BSG Defendants attach in support of their argument to retain the Reserves are incomplete, undated, unsigned and do not reflect the parties thereto. The Court, based on these incomplete documents, cannot say that the BSG Defendants are entitled to retain the reserves. It is hereby

ORDERED AND ADJUDGED that the Receiver's Revised Motion for Order to Show Cause Why Integretel Should Not Be Held in Contempt of Court, filed October 16, 2006 **[DE 246]**, is GRANTED. Integretel shall show cause in writing within 10 days of the date of this Order why it should not be held in contempt for failure to turn over the reserves. In addition, Integretel shall provide a sworn statement identifying the amount of reserves as of the issuance of the TRO. The Court further orders that these funds shall be placed in a segregated Receivership account. It is further

ORDERED AND ADJUDGED that Integretel's Motion to Modify Prior Injunctive Orders, filed October 30, 2006 **[DE 294]**, is DENIED. It is further

ORDERED AND ADJUDGED that Integretel's Motion to Stay Contract Claims, filed December 29, 2006 **[DE 363]**, is DENIED. It is further

11

ORDERED AND ADJUDGED that the Receiver's Motion Requesting BSG Defendants

To Transfer Additional Reserves, filed January 12, 2007 **[DE 371]**, is GRANTED. The BSG

Defendants are ordered to transfer the additional reserves they have withheld since their initial

transfer of reserves to the Receiver on or about March 24, 2006. The BSG Defendants shall also

produce any future reserves they collect so as to avoid future motions to this effect. The BSG

Defendants shall also produce all documents relating to the reserves held since March 24, 2006.

The Court requests that this money be placed in a segregated receivership account.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 13th day of

September, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

00060