

**FEDERAL TRADE COMMISSION**
FOR THE CONSUMER

Search: _____

HOME | CONSUMERS | BUSINESSES | NEWSROOM | FORMAL | ANTITRUST | CONGRESSIONAL | ECONOMIC | LEGAL
Privacy Policy | About FTC | Commissioners | File a Complaint | HSR | FOIA | IG Office | En Español

For Your Information: October 10, 2006

## FTC Files Amended Complaint in Matter of Nationwide Connections, Inc.

**Commission approval of amended complaint:** The Commission has approved the filing of an amended complaint in the matter concerning Nationwide Connections, Inc. The original complaint, filed in March 2006, alleged the defendants collected more than $25 million in fraudulent collect call fees by "cramming" fake charges onto consumers' phone bills. The amended complaint adds BSG Clearing Solutions North America, LLC; ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc.; and The Billing Resource d/b/a Integretel as additional defendants in this case. The new defendants are the billing aggregators that the Nationwide defendants allegedly used to bill consumers for the collect calls that were never accepted or made.

The vote approving the amended complaint was 5-0. (FTC File No. X060028; the contact is the Office of Public Affairs, 202-326-2180; *see* press release dated March 15, 2006.)

**Copies** of the documents mentioned in this release are available from the FTC's Web site at http://www.ftc.gov and from the FTC's Consumer Response Center, Room 130, 600 Pennsylvania Avenue, N.W., Washington, DC 20580. Call toll-free: 1-877-FTC-HELP.

### MEDIA CONTACT:

Office of Public Affairs
202-326-2180

(http://www.ftc.gov/opa/2006/10/fyi0664.htm)

**E-mail this News Release**
If you send this link to someone else, the FTC will not collect any personal information about you or the recipient.

**Related Documents:**

*Federal Trade Commission, Plaintiff, vs. Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc. Willoughby Farr, Mary Lou Farr, Yaret Garcia, Erika Riaboukha, Qaadir Kaid, Defendants*; United States District Court Southern District of Florida; Civil Action No.: 06-80180; FTC File No.: 052 3141

**Consumer Information:**

**What To Do If You Get Unauthorized Charges On Your Phone Bill**



00161

FYI: FTC Files Amended Complaint in Matte... of Nationwide Connection...          http://www.ftc.gov/opa/2006/10/fyi0664.htm

HOME | CONSUMERS | BUSINESSES | NEWSROOM | FORMAL | ANTITRUST | CONGRESSIONAL | ECONOMIC | LEGAL
Privacy Policy | About FTC | Commissioners | File a Complaint | HSR | FOIA | IG Office | En Español

00162

RER-33                    10/27/2006 12:27 PM

Exhibit 5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FILED by _____ D.C.

SEP 2 1 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONWIDE CONNECTIONS, INC.,<br>ACCESS ONE COMMUNICATIONS, INC.,<br>NETWORK ONE SERVICES, INC.,<br>WILLOUGHBY FARR,<br>MARY LOU FARR,<br>YARET GARCIA,<br>ERIKA RIABOUKHA,<br>QAADIR KAID,<br><br>BILLING CONCEPTS, INC.,<br>ACI BILLING SERVICES, INC.,<br>    d/b/a OAN,<br>BSG CLEARING SOLUTIONS NORTH<br>AMERICA, LLC, and<br><br>THE BILLING RESOURCE,<br>    d/b/a INTEGRETEL<br><br>    Defendants. | PLAINTIFF FEDERAL<br>TRADE COMMISSION'S<br>FIRST AMENDED<br>COMPLAINT |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), for its complaint

alleges as follows:

        1.    The Commission brings this action under Section 13(b) of the Federal

Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain preliminary and permanent

injunctive relief, including rescission, restitution, redress, disgorgement, and other equitable

First Amended Complaint

relief for Defendants' deceptive and unfair acts or practices in violation of Section 5 of the FTC

Act, 15 U.S.C. § 45.

## JURISDICTION AND VENUE

2.    Subject matter jurisdiction is conferred upon this Court by 15 U.S.C.

§§ 45(a), 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

3.    Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C.

§§ 1391(b) and (c).

## PLAINTIFF

4.    Plaintiff, the Federal Trade Commission, is an independent agency of the

United States Government created by statute. 15 U.S.C. §§ 41 *et seq.* The Commission is

charged, *inter alia*, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which

prohibits unfair or deceptive acts or practices in or affecting commerce. The Commission is

authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations

of the FTC Act and to secure such equitable relief as may be appropriate.

## DEFENDANTS

5.    Defendant Nationwide Connections, Inc. ("Nationwide") is a Florida

corporation with its principal place of business located at 215 Fifth Street, Suite 306, West Palm

Beach, Florida 33401. At various times, Nationwide also has represented its principal place of

business to be 222 Lakeview Avenue, Suite 160, Box 157, West Palm Beach, Florida 33401.

Defendant Nationwide transacts or has transacted business in this District.

6.    Defendant Access One Communications, Inc. ("Access One") is a Florida

corporation with its principal place of business located at 222 Lakeview Avenue, Suite 160, Box

First Amended Complaint                2

157, West Palm Beach, Florida 33401.  Defendant Access One transacts or has transacted business in this District.

7.     Defendant Network One Services, Inc. ("Network One") is a Florida corporation with its principal place of business located at 222 Lakeview Avenue, Suite 160, West Palm Beach, Florida 33401.  Defendant Network One transacts or has transacted business in this District.

8.     Defendant Willoughby Farr ("Farr") is the chief operating officer of Access One and a director of Network One.  Farr also is a de facto officer and principal in Nationwide.  At all times material to this complaint, Defendant Farr, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide, Access One, and Network One, including the acts and practices set forth in this complaint.  Defendant Farr resides in and transacts or has transacted business in this District.

9.     Defendant Mary Lou Farr ("M.L. Farr"), a/k/a Marie Louise Farr, was a director of Nationwide and is a de facto officer and principal in Nationwide and Access One. Defendant M.L. Farr is Defendant Farr's mother.  At all times material to this complaint, Defendant M.L. Farr, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint.  Defendant M.L. Farr resides in and transacts or has transacted business in this District.

10.     Defendant Yaret Garcia ("Garcia") is the president of Nationwide and a former director of Access One.  At all times material to this complaint, Defendant Garcia,

individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint. Defendant Garcia resides in and transacts or has transacted business in this District.

   11. Defendant Erika Riaboukha ("Riaboukha") is the president of Access One. At all times material to this complaint, Defendant Riaboukha, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint. Defendant Riaboukha resides in and transacts or has transacted business in this District.

   12. Defendant Qaadir Kaid ("Kaid") is the president of Network One. At all times material to this complaint, Defendant Kaid, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide, Access One, and Network One, including the acts and practices set forth in this complaint. Defendant Kaid resides in and transacts or has transacted business in this District.

   13. Defendants Nationwide, Access One, Network One, Farr, M.L. Farr, Garcia, Riaboukha, and Kaid are collectively referred to in this amended complaint as the "Nationwide Defendants."

   14. Defendant Billing Concepts, Inc. ("Billing Concepts") is a Delaware corporation with its principal place of business at 7411 John Smith Drive, Suite 200, San Antonio, Texas 78229. Defendant Billing Concepts transacts or has transacted business in this District.

First Amended Complaint       4

15.    Defendant ACI Billing Services, Inc., d/b/a OAN ("ACI") is a Delaware corporation with its principal place of business at 7411 John Smith Drive, Suite 200, San Antonio, Texas 78229. Defendant ACI transacts or has transacted business in this District.

16.    Defendant BSG Clearing Solutions North America, LLC ("BSG") is a Delaware corporation with its principal place of business at 7411 John Smith Drive, Suite 200, San Antonio, Texas 78229. Defendant BSG transacts or has transacted business in this District.

17.    Defendants Billing Concepts, ACI, and BSG are collectively referred to in this amended complaint as the "BSG Defendants."

18.    The Billing Resource d/b/a/ Integretel ("Integretel") is a California corporation with its principal place of business at 5883 Rue Ferrari, San Jose, California 95138. Defendant Integretel transacts or has transacted business in this District.

19.    Defendants Billing Concepts, ACI, BSG, and Integretel are collectively referred to in this amended complaint as the "Aggregator Defendants."

20.    The Nationwide Defendants and the Aggregator Defendants are collectively referred to in this amended complaint as "Defendants."

## COMMON ENTERPRISE

21.    Corporate Defendants Nationwide, Access One, and Network One have operated as a common enterprise while engaging in the deceptive and unfair acts and practices alleged below. Individual Defendants Farr, M.L. Farr, Garcia, Riaboukha, and Kaid have formulated, directed, controlled or had authority to control, or participated in the acts and practices of the Corporate Defendants that comprise the common enterprise.

First Amended Complaint                    5

## COMMERCE

22.     At all times relevant to this complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS PRACTICES

23.     Since at least September 2003, the Nationwide Defendants and the BSG Defendants have caused phone charges to appear on consumers' monthly telephone bills for purported long distance collect calls. Since at least October 2004, the Nationwide Defendants and Integretel have caused phone charges to appear on consumers' monthly telephone bills for purported long distance collect calls. These phone charges purport to be for collect calls the consumers received and accepted on particular dates and times. The charges are to be paid by consumers along with the other phone charges on consumers' monthly bills.

24.     However, in numerous circumstances, these collect call charges are for calls that were not received or authorized by consumers. Rather, these charges are unlawfully "crammed" by the Nationwide Defendants and the Aggregator Defendants onto consumers' phone bills.

25.     The Nationwide Defendants ostensibly initiate these phone charges on consumers' bills on behalf of client long distance service providers for whom they act as a "billing aggregator." As "billing aggregators," the Nationwide Defendants ostensibly compile purported call data from their client long distance carriers for billing.

26.     The Nationwide Defendants submit their aggregated billing data in the name of Defendant Network One to a call verification service that queries its databases to

First Amended Complaint                 6

determine whether the purported collect calls were placed to telephone numbers that are eligible for collect call billing.

27.    To arrange for the placement of the purported collect call charges on consumers' monthly telephone bills, the Nationwide Defendants entered into agreements with the Aggregator Defendants under which the Aggregator Defendants agreed to arrange for placement of the Nationwide Defendants' charges onto consumers' telephone bills from local exchange carriers ("LECs"), such as Verizon, Qwest, SBC, and other local phone service carriers. Under these agreements, the Aggregator Defendants also agreed to handle customer complaints and inquiries from regulatory authorities and LECs.

28.    Pursuant to such agreements, the Nationwide Defendants forward their billing data to the Aggregator Defendants, which then process the Nationwide Defendants' purported collect call data and send it to the appropriate LEC or other local phone service carrier for inclusion on consumers' monthly telephone bills. Frequently, Defendants' collect call charges appear on the last page of a consumer's multi-page telephone bill.

29.    The BSG Defendants provided services to Defendant Nationwide, including processing of Nationwide's charges for placement on consumers' telephone bills and handling customer complaints and inquiries from regulatory authorities and LECs.

30.    Integretel provided services to Defendant Access One, including processing of Access One's charges for placement on consumers' telephone bills and handling customer complaints and inquiries from regulatory authorities and LECs.

31.    The per-call charges to consumers billed by Defendants typically amount to between $5.00 and $8.00, including associated taxes and fees.

First Amended Complaint                         7

32.    Defendants' collect call charges typically appear on a separate bill page in consumers' monthly telephone bills.

33.    The names and telephone numbers for both OAN and Nationwide appear on the bill pages featuring charges billed on behalf of the BSG Defendants and Nationwide.

34.    The names and telephone numbers for both Integretel and Access One appear on the bill pages featuring charges billed on behalf of Integretel and Access One.

35.    Soon after the Aggregator Defendants began billing on behalf of the Nationwide Defendants, the Aggregator Defendants and Nationwide Defendants began receiving complaints from consumers, LECs, and governmental entities concerning charges billed by Defendants for collect calls that were neither authorized nor received. Consumers complained directly to the Aggregator Defendants and the Nationwide Defendants because the names and telephone numbers for both the Aggregator Defendants and Nationwide Defendants appeared on the bill pages with the purported collect call charges.

36.    Numerous consumers report that they did not receive or authorize the collect calls for which they are billed by Defendants. In fact, in numerous instances, Defendants bill for charges for collect calls to telephone lines that are dedicated to mechanical devices such as computers or fax machines. Similarly, in many cases, nobody was present at the location assigned to the telephone number to accept the purported collect calls. Consumers also report that their caller ID logs have no record of the collect calls that were purportedly made or authorized.

37.    Despite receiving these ongoing complaints, the Aggregator Defendants continued to bill on behalf of the Nationwide Defendants. In most cases, however, Defendants

First Amended Complaint                                8

credit consumers within one to two billing cycles on a future bill, often without any detailed inquiry into consumers' basis for complaint.

38.     The Aggregator Defendants receive from the LECs payments for the purported collect call charges. The Aggregator Defendants retain their fees for the billing, collection, customer inquiry, and other services they provide to the Nationwide Defendants before forwarding the balance of the payments to the Nationwide Defendants.

39.     In May 2005, Integretel ceased submitting bills to the LECs on behalf of Defendant Access One because of "excessive consumer complaints" and Access One's "inability to provide adequate proof of the integrity of its billing transactions." Despite several requests, Access One refused to provide Integretel with a list of the third party carrier data files evidencing the calls that Access One submitted for billing or a list of the companies that submitted call records to Access One for billing.

40.     Similarly, in December 2005, the BSG Defendants ceased submitting collect call charges to the LECs on behalf of Defendant Nationwide.

41.     Between July 2004 and August 2005, gross revenue generated for calls billed by the BSG Defendants on behalf of Defendant Nationwide totaled more than $20 million. The BSG Defendants credited consumers at least $2 million. Many additional consumers sought and received refunds from Nationwide.

42.     Between October 2004 and June 2005, gross revenue generated for calls billed by Defendant Integretel on behalf of Defendant Access One totaled more than $4.4 million. Integretel credited consumers at least $300,000. Many additional consumers sought and received refunds from Access One.

First Amended Complaint                    9

43.     Despite high rates of refund, Nationwide and Access One have garnered more than fifteen million dollars from their billing efforts. The Aggregator Defendants have also received a portion of the funds paid by consumers.

44.     Defendant Farr has received over $5 million of these proceeds despite being incarcerated at the Palm Beach County Jail since October 2004. Defendant M.L. Farr has received more than $2 million from Nationwide.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

45.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "deceptive" or "unfair" acts and practices in or affecting commerce. Misrepresentations or omissions of material fact constitute "deceptive" acts or practices pursuant to Section 5(a) of the FTC Act. Moreover, under Section 5(n) of the FTC Act, an act or practice is "unfair" if it causes or is likely to cause substantial injury to consumers that is not reasonably avoidable by consumers and is not outweighed by countervailing benefits to consumers or to competition. 15 U.S.C. § 45(n).

## COUNT ONE

### Deceptive Billing Practices

46.     In numerous instances, Defendants represent or have represented, expressly or by implication, that a consumer was obligated to pay a charge for a collect telephone call on the consumer's telephone bill.

47.     In truth and in fact, in numerous instances, the consumer was not obligated to pay the charge, because:

      (1)     the collect call underlying the charge was never made; or

      (2)     the charge for the collect call was not authorized.

First Amended Complaint                         10

00172

RER-33        2024

48.     Therefore, Defendants' practices as described in Paragraph 46 are

deceptive and violate Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## COUNT TWO

### Unfair Billing Practices

49.     In numerous instances, Defendants, directly or indirectly, bill or have

billed a consumer for a collect telephone call that the consumer did not receive or did not

authorize.

50.     These billing practices cause or are likely to cause substantial injury to

consumers that is not reasonably avoidable and is not outweighed by countervailing benefits to

consumers or competition.

51.     Therefore, Defendants' practices as described in Paragraph 49 are unfair

and violate Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

52.     Defendants' violations of Section 5 of the FTC Act, 15 U.S.C. § 45(a), as

set forth above, have caused and are likely to continue to cause substantial injury to consumers.

In addition, Defendants have been unjustly enriched as a result of their unlawful practices.

Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and

harm the public interest.

\\

\\

\\

\\

First Amended Complaint                    11

## THIS COURT'S POWER TO GRANT RELIEF

53.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary equitable relief, including consumer redress, disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the Federal Trade Commission.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Federal Trade Commission, requests that this Court, as authorized by Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and pursuant to its own equitable powers:

1.    Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief.

2.    Permanently enjoin Defendants from violating Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), as alleged in this complaint.

3.    Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations, including, but not limited to, rescission of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.

\\

\\

\\

\\

\\

First Amended Complaint                    12

4.    Award the Commission the costs of bringing this action, as well as any

other equitable relief that the Court may determine to be just and proper.


Dated:  September 14, 2006

Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel
Federal Trade Commission
600 Pennsylvania Ave., N.W., Room 286
Washington, D.C. 20580

Laura Kim (A550099)
        lkim@ftc.gov
        Telephone:    202-326-3734
        Facsimile:    202-326-3395
Michael J. Davis (A5501005)
        mdavis@ftc.gov
        Telephone:    202-326-2458
        Facsimile:    202-326-3395
Collot Guerard (A5500480)
        cguerard@ftc.gov
        Telephone:    202-326-3338
        Facsimile:    202-326-3395


First Amended Complaint                    13

Exhibit 4

MAGISTRATE JUDGE
VITUNAC

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CIV-RYSKAMP.

Case No. _____ - CIV- (_____)

# 06-80180

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **AND OTHER EQUITABLE** |
| Plaintiff, | ) | **RELIEF** |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE CONNECTIONS, INC. | ) | |
| ACCESS ONE COMMUNICATIONS, INC. | ) | |
| NETWORK ONE SERVICES, INC. | ) | |
| WILLOUGHBY FARR | ) | |
| MARY LOU FARR | ) | |
| YARET GARCIA | ) | |
| ERIKA RIABOUKHA | ) | |
| QAADIR KAID, | ) | |
| Defendants. | ) | |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), for its complaint

alleges as follows:

1.     The Commission brings this action under Section 13(b) of the Federal Trade

Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain preliminary and permanent injunctive

relief, including rescission, restitution, redress, disgorgement, and other equitable relief for

Defendants' deceptive and unfair acts or practices in violation of Section 5 of the FTC Act,

15 U.S.C. § 45.

## JURISDICTION AND VENUE

2.     Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §§ 45(a),

53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

3.       Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b)

and (c).

## PLAINTIFF

4.       Plaintiff, the Federal Trade Commission, is an independent agency of the United

States Government created by statute. 15 U.S.C. §§ 41 *et seq*. The Commission is charged, *inter*

*alia*, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair

or deceptive acts or practices in or affecting commerce. The Commission is authorized to initiate

federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to

secure such equitable relief as may be appropriate.

## DEFENDANTS

5.       Defendant Nationwide Connections, Inc. ("Nationwide") is a Florida corporation

with its principal place of business located at 215 Fifth Street, Suite 306, West Palm Beach,

Florida 33401. At various times, Nationwide also has represented its principal place of business

to be 222 Lakeview Avenue, Suite 160, Box 157, West Palm Beach, Florida 33401. Defendant

Nationwide transacts or has transacted business in this District.

6.       Defendant Access One Communications, Inc. ("Access One") is a Florida

corporation with its principal place of business located at 222 Lakeview Avenue, Suite 160, Box

157, West Palm Beach, Florida 33401. Defendant Access One transacts or has transacted

business in this District.

7.       Defendant Network One Services, Inc. ("Network One") is a Florida corporation

with its principal place of business located at 222 Lakeview Avenue, Suite 160, West Palm

2

00177

Beach, Florida 33401. Defendant Network One transacts or has transacted business in this District.

8.      Defendant Willoughby Farr is the chief operating officer of Access One and a director of Network One. Farr also is a de facto officer and principal in Nationwide. At all times material to this complaint, Defendant Farr, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide, Access One, and Network One, including the acts and practices set forth in this complaint. Defendant Farr resides in and transacts or has transacted business in this District.

9.      Defendant Mary Lou Farr ("M.L. Farr"), a/k/a Marie Louise Farr, was a director of Nationwide and is a de facto officer and principal in Nationwide and Access One. Defendant M.L. Farr is Defendant Farr's mother. At all times material to this complaint, Defendant M.L. Farr, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint. Defendant M.L. Farr resides in and transacts or has transacted business in this District.

10.     Defendant Yaret Garcia is the president of Nationwide and a former director of Access One. At all times material to this complaint, Defendant Garcia, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint. Defendant Garcia resides in and transacts or has transacted business in this District.

3

11.    Defendant Erika Riaboukha is the president of Access One. At all times material to this complaint, Defendant Riaboukha, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint. Defendant Riaboukha resides in and transacts or has transacted business in this District.

12.    Defendant Qaadir Kaid is the president of Network One. At all times material to this complaint, Defendant Kaid, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide, Access One, and Network One, including the acts and practices set forth in this complaint. Defendant Kaid resides in and transacts or has transacted business in this District.

## COMMON ENTERPRISE

13.    Corporate Defendants Nationwide, Access One, and Network One have operated as a common enterprise while engaging in the deceptive and unfair acts and practices alleged below. Individual Defendants Farr, M.L. Farr, Garcia, Riaboukha, and Kaid have formulated, directed, controlled or had authority to control, or participated in the acts and practices of the Corporate Defendants that comprise the common enterprise.

## COMMERCE

14.    At all times relevant to this complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4

## DEFENDANTS' BUSINESS PRACTICES

15.     Since at least January 2004, Defendants have initiated phone charges that appear on consumers' monthly telephone bills for purported long distance collect calls. These phone charges purport to be for collect calls the consumers received and accepted on particular dates and times. The charges are to be paid by consumers along with the other phone charges on consumers' monthly bills.

16.     However, in numerous circumstances, the collect call charges initiated by Defendants are for calls that were not received or authorized by consumers. Rather, these charges are unlawfully "crammed" by Defendants onto consumers' phone bills.

17.     Defendants ostensibly initiate these phone charges on consumers' bills on behalf of client long distance service providers for whom they act as a "billing aggregator." As "billing aggregators," Defendants ostensibly compile purported call data from their client long distance carriers for billing.

18.     Defendants submit their aggregated billing data in the name of Network One to a call verification service that queries its databases to determine whether the purported collect calls were placed to telephone numbers that are eligible for collect call billing.

19.     Thereafter, Defendants forward this billing data to larger billing aggregators, OAN Services, Inc. ("OAN") or Integretel, Inc. ("Integretel"). These larger billing aggregators have business relationships with consumers' local exchange carriers ("LECs"), including Verizon, Qwest, SBC, and other major local phone service carriers. The LECs then include the charges for these purported calls on a separate bill page in consumers' monthly telephone bills.

5

Frequently, the collect call charges billed on behalf of Defendants appear on the last page of a consumer's multi-page telephone bill.

20.     The per-call charges to consumers initiated by Defendants typically amount to between $5.00 and $8.00, including associated taxes and fees.

21.     Numerous consumers report that they did not receive or authorize the collect calls for which they are billed by Defendants.  In fact, in numerous instances, Defendants initiate charges for collect calls to telephone lines that are dedicated to mechanical devices such as computers or fax machines.  Similarly, in many cases, nobody was present at the location assigned to the telephone number to accept the purported collect calls.  Consumers also report that their caller ID logs have no record of the collect calls that were purportedly made or authorized.

22.     In those instances where consumers notice the charges, they often try to contact OAN, Integretel, or the Defendants to request a refund for these collect call charges.  Some consumers have difficulty getting through to a customer service agent.  In most cases, however, Defendants credit consumers within one to two billing cycles on a future bill, often without any detailed inquiry into consumers' basis for complaint.

23.     In May 2005, Integretel ceased submitting bills to the LECs on behalf of Access One because of "excessive consumer complaints" and Access One's "inability to provide adequate proof of the integrity of its billing transactions."  Despite several requests, Access One refused to provide Integretel with a list of the third party carrier data files evidencing the calls

00181

that Access One submitted for billing or a list of the companies that submitted call records to

Access One for billing.

24.    Similarly, in December 2005, OAN discontinued processing billing transactions

for Nationwide.

25.    Between July 2004 and August 2005, gross revenue generated for calls billed by

OAN on behalf of Nationwide totaled more than $20 million. OAN credited consumers at least

$2 million. Many additional consumers sought and received refunds from Nationwide.

26.    Despite high rates of refund, Nationwide and Access One have garnered more

than fifteen million dollars from their billing efforts.

27.    Defendant Farr has received over $5 million of these proceeds despite being

incarcerated at the Palm Beach County Jail since October 2004. Defendant M.L. Farr has

received more than $2 million from Nationwide.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

28.    Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "deceptive" or "unfair"

acts and practices in or affecting commerce. Misrepresentations or omissions of material fact

constitute "deceptive" acts or practices pursuant to Section 5(a) of the FTC Act. Moreover,

under Section 5(n) of the FTC Act, an act or practice is "unfair" if it causes or is likely to cause

substantial injury to consumers that is not reasonably avoidable by consumers and is not

outweighed by countervailing benefits to consumers or to competition. 15 U.S.C. § 45(n).

7

## COUNT ONE

### Deceptive Billing Practices

29.     In numerous instances, Defendants represent or have represented, expressly or by implication, that a consumer was obligated to pay a charge for a collect telephone call on the consumer's telephone bill.

30.     In truth and in fact, in numerous instances, the consumer was not obligated to pay the charge, because:

       (1)     the collect call underlying the charge was never made; or

       (2)     the charge for the collect call was not authorized.

31.     Therefore, Defendants' practices as described in Paragraph 29 are deceptive and violate Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## COUNT TWO

### Unfair Billing Practices

32.     In numerous instances, Defendants, directly or indirectly, bill or have billed a consumer for a collect telephone call that the consumer did not receive or did not authorize.

33.     These billing practices cause or are likely to cause substantial injury to consumers that is not reasonably avoidable and is not outweighed by countervailing benefits to consumers or competition.

34.     Therefore, Defendants' practices as described in Paragraph 32 are unfair and violate Section 5 of the FTC Act, 15 U.S.C. § 45(a).

8

## CONSUMER INJURY

35.    Defendants' violations of Section 5 of the FTC Act, 15 U.S.C. § 45(a), as set forth above, have caused and are likely to continue to cause substantial injury to consumers.  In addition, Defendants have been unjustly enriched as a result of their unlawful practices.  Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

36.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary equitable relief, including consumer redress, disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the Federal Trade Commission.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Federal Trade Commission, requests that this Court, as authorized by Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and pursuant to its own equitable powers:

1.    Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief.

2.    Permanently enjoin Defendants from violating Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), as alleged in this complaint.

9

3.    Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations, including, but not limited to, rescission of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.

4.    Award the Commission the costs of bringing this action, as well as any other equitable relief that the Court may determine to be just and proper.

Dated: _February 24_, 2006

Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel

Laura M. Kim
Robert S. Kaye
Attorneys for the Federal Trade Commission
600 Pennsylvania Ave., NW, Room 238
Washington, D.C. 20580
(202) 326-3734 (Kim)
(202) 326-2215 (Kaye)
(202) 326-3395 FACSIMILE

10

Exhibit 6

FILED by _JN_ D.C.

FEB 2 7 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _____ - CIV- ( ___ )

**06-80180**

MAGISTRATE JUDGE
VITUNAC

CIV-RYSKAMP

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

NATIONWIDE CONNECTIONS, INC.,
ACCESS ONE COMMUNICATIONS, INC.,
NETWORK ONE SERVICES, INC.,
WILLOUGHBY FARR,
MARY LOU FARR,
YARET GARCIA,
ERIKA RIABOUKHA,
QAADIR KAID,

        Defendants.

████████ TEMPORARY
RESTRAINING ORDER AND
ORDER TO SHOW CAUSE

FILED UNDER
SEAL

Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), has filed a

Complaint for Injunctive and Other Equitable Relief, including consumer redress, and has moved

*ex parte* for a temporary restraining order and for an order to show cause why a preliminary

injunction should not be granted pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

### FINDINGS OF FACT

The Court has considered the pleadings, declarations, exhibits, and memoranda filed in

support of the Commission's motion and finds that:

1.    This Court has jurisdiction over the subject matter of this case, and there is good cause to

    believe that it will have jurisdiction over all parties hereto;

2.    There is good cause to believe that Defendants Nationwide Connections, Inc., Access

One Communications, Inc., Network One Services, Inc., Willoughby Farr, Mary Lou

Farr, Yaret Garcia, Erika Riaboukha, and Qaadir Kaid have engaged and are likely to

engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a),

and that the Plaintiff is therefore likely to prevail on the merits of this action;

3.   The evidence set forth in the Commission's Memorandum of Points and Authorities in

Support of its *Ex Parte* Motion for TRO ("Memorandum"), and the accompanying

declarations and exhibits, demonstrates that Defendants have engaged in deceptive and

unfair acts or practices in violation of Section 5 of the FTC Act by engaging in

widespread unauthorized billing of collect telephone calls. There is good cause to believe

that Defendants will continue such illegal actions if not restrained from doing so by Order

of this Court;

4.   There also is good cause to believe that immediate and irreparable damage to the Court's

ability to grant effective final relief will result from the sale, transfer, or other disposition

or concealment by Defendants of their assets or business records, unless Defendants are

immediately restrained and enjoined by Order of this Court;

5.   The Commission has not provided notice to Defendants due to the likelihood that

advance notice of this action will cause Defendants to abscond with or destroy

discoverable evidence and conceal or dissipate assets. The Commission's request for this

emergency *ex parte* relief is not the result of any lack of diligence on the Commission's

part, but instead is based upon the nature of Defendants' unlawful conduct;

6.   Weighing the equities and considering the FTC's likelihood of ultimate success, a

temporary restraining order, including an asset freeze, appointment of a temporary

2

receiver, immediate access to Defendants' business premises, an accounting of assets, preservation of business records, and providing other equitable relief is in the public interest; and

7.    Fed. R. Civ. P. 65(c) does not require security of the United States or an officer or agency thereof for the issuance of a restraining order.

## DEFINITIONS

For the purpose of this temporary restraining order ("TRO" or "Order"), the following definitions shall apply:

A.    "Assets" means any legal or equitable interest in, right to, or claim to any real or personal property of any Defendant, or held for the benefit of any Defendant, wherever located, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," "notes" (as these terms are defined in the Uniform Commercial Code), chattels, leaseholds, contracts, mails, other deliveries, shares of stock, lists of participants, intellectual property, accounts, credits, receivables, cash, and trusts, including, but not limited to, any other trust held for the benefit of any Defendant, any Defendant's minor children, or any Defendant's spouse.

B.    "Defendants" means Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Willoughby Farr, Mary Lou Farr, Yaret Garcia, Erika Riaboukha, and Qaadir Kaid.

C.    "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence,

3

including e-mail and instant messages, photographs, audio and video recordings, computer records, whether active or inactive, and any other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

D.    **"Long Distance Service Provider"** means an entity that transports long distance telephone calls.

E.    **"Plaintiff"** means the Federal Trade Commission.

F.    **"Receiver"** shall mean the temporary receiver appointed in Paragraph VII of this Order. The term "receiver" also includes any deputy receivers as may be named by the temporary receiver.

G.    **"Receivership Defendants"** means Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc. and any d/b/as of the aforementioned entities.

## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS THEREFORE ORDERED** that Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from directly or indirectly misrepresenting, expressly or by implication, that a consumer is obligated to pay any charge on a telephone bill that has not been expressly authorized by the consumer.

4

00189

FT LAUD CLERKS OFFICE                                    Ø008

## ASSET FREEZE

### II.

**IT IS FURTHER ORDERED** that Defendants, and those persons in active concert or
participation with them who receive actual notice of this Order by personal service or otherwise,
are hereby temporarily restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling,
concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security
interest or other interest in, or otherwise disposing of any funds, real or personal property,
accounts, contracts, consumer lists, shares of stock, or other assets, or any interest therein,
wherever located, that are: (1) owned or controlled by any Defendant, in whole or in part, for the
benefit of any Defendant; (2) in the actual or constructive possession of any Defendant; or (3)
owned, controlled by, or in the actual or constructive possession of any corporation, partnership,
or other entity directly or indirectly owned, managed, or controlled by any Defendant, including,
but not limited to, Cripple Creek Holdings, LLC, and any assets held by or for, or subject to
access by, any of Defendants, at any bank or savings and loan institution, or with any broker-
dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other
financial institution or depository of any kind;

B.      Opening or causing to be opened any safe deposit boxes titled in the name of any
Defendant or any Defendant's minor child or any Defendant's spouse, or subject to access by any
of them;

C.      Incurring charges or cash advances on any credit card issued in the name, singly or
jointly, of any Defendant;

5

00190

RER-33      2042

D.   Obtaining a personal or secured loan; and

E.   Incurring liens or other encumbrances on real property, personal property or other

assets in the name, singly or jointly, of any Defendant.

*Provided further*, the assets affected by this Paragraph shall include: (1) all assets of

Defendants as of the time this Order was entered; and (2) for assets obtained after the time this

Order was entered, only those assets of Defendants that are derived from the actions alleged in the

Commission's Complaint.

### FINANCIAL REPORTS AND ACCOUNTING

### III.

**IT IS FURTHER ORDERED** that Defendants, within five (5) days of service of this

Order, shall:

A.   Prepare and deliver to counsel for the FTC completed financial statements on the

forms attached to this Order as Attachments A and B, for themselves, individually or as

corporations, and for each business entity under which they conduct business, or of which they are

an officer, and for each trust of which they are a trustee. The financial statements shall be

accurate as of the date of entry of this Order; and

B.   Provide the Commission with a statement, verified under oath and accurate as of

the date of entry of this Order, detailing the name, address, and telephone number for each

accountant, financial planner, investment advisor, stock broker, or other person who provided any

Defendant with financial, business, or tax advice or services since January 1, 2004.

*Provided further,* the Commission and the Temporary Receiver are immediately

authorized to issue subpoenas to demand the production of documents from any person or entity

6

02/21/08   12:04 FAX 954 356 7907        FT LAUD CLERKS OFFICE                    Ø010

relating to the nature, status, extent, location or other relevant information relating to Defendants' assets, income, and financial records.

## FOREIGN ASSET REPATRIATION

## IV.

**IT IS FURTHER ORDERED** that, within five (5) business days following the service of this Order, the Defendants shall:

A.     Provide the Commission and the Receiver with a full accounting of all funds, documents, and assets outside of the United States that are:  (1) titled in the name, individually or jointly, of the Defendants or the spouse of any Defendant; or (2) held by any person or entity for the benefit of the Defendants; or (3) under the direct or indirect control, whether jointly or singly, of the Defendants;

B.     Transfer to the territory of the United States and deliver to the Receiver all funds, documents, and assets located in foreign countries that are:  (1) titled in the name, individually or jointly, of any Defendant; or (2) held by any person or entity, for the benefit of any Defendant; or (3) under any Defendant's direct or indirect control, whether jointly or singly; and

C.     Provide the Commission access to all records of accounts or assets of the Defendants held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order (Attachment C).

## INTERFERENCE WITH REPATRIATION

## V.

**IT IS FURTHER ORDERED** that Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise,

00192

RER-33        2044

are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Paragraph IV of this Order, including but not limited to:

     A.     Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Paragraph IV of this Order; and

     B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Paragraph IV of this Order.

## RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS

## VI.

**IT IS FURTHER ORDERED** that, pending determination of the Plaintiff's request for a preliminary injunction, any financial or brokerage institution, business entity, or person served with a copy of this Order that holds, controls, or maintains custody of any account or asset of any Defendant, or has held, controlled or maintained custody of any such account or asset at any time since the date of entry of this Order, shall:

     A.     Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset except by further order of the Court;

     B.     Deny the Defendants access to any safe deposit box that is:

00193

RER-33    2045

FT LAUD CLERKS OFFICE

       1.     titled in any Defendants' name, individually or jointly; or

       2.     otherwise subject to access by any Defendant;

C.    Provide the Commission's counsel, within five (5) business days of receiving a copy of this Order, a sworn statement setting forth:

       1.     the identification number of each such account or asset titled in the name, individually or jointly, of a Defendant, or held on behalf of, or for the benefit of a Defendant;

       2.     the balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

       3.     the identification of any safe deposit box that is titled in the name, individually or jointly, of a Defendant, or is otherwise subject to access by a Defendant.

D.    Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to each such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution, account custodian, or other aforementioned entity may arrange for the Commission to

9

FT LAUD CLERKS OFFICE

obtain copies of any such records which the Commission seeks.

## APPOINTMENT OF TEMPORARY RECEIVER

### VII.

**IT IS FURTHER ORDERED** that David Chase, Esq. is appointed

Temporary Receiver for the Receivership Defendants. The Receiver shall be the agent of this

Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver

shall be accountable directly to this Court. The Receiver shall comply with all Local Rules and

laws governing federal equity receivers.

## RECEIVER'S DUTIES

### VIII.

**IT IS FURTHER ORDERED** that the Temporary Receiver is authorized and directed to

accomplish the following:

A.      Assume full control of the Receivership Defendants by removing, as the Receiver

deems necessary or advisable, any director, officer, independent contractor, employee, or agent of

any of the Receivership Defendants, including any Defendant, from control of, management of, or

participation in, the affairs of the Receivership Defendants;

B.      Take exclusive custody, control, and possession of all assets and documents of, or

in the possession, custody, or under the control of, the Receivership Defendants, wherever

situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in

possession, hold, and manage all assets and documents of the Receivership Defendants and other

persons or entities whose interests are now held by, or are under the direction, possession,

custody, or control of, the Receivership Defendants. The Receiver shall assume control over the

10

income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Defendants. *Provided, however*, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices alleged in the Complaint in this matter, without prior Court approval;

C.    Take all steps necessary to secure each location from which the Receivership Defendants operate their business. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and video taping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security;

D.    Conserve, hold, and manage all assets of the Receivership Defendants, and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendants,

11

including, but not limited to, obtaining an accounting of the assets and preventing unauthorized

transfer, withdrawal, or misapplication of assets;

E.    Enter into contracts and purchase insurance as advisable or necessary;

F.    Prevent the inequitable distribution of assets and determine, adjust, and protect the

interests of consumers and creditors who have transacted business with the Receivership

Defendants;

G.    Manage and administer the business of the Receivership Defendants until further

order of this Court by performing all incidental acts that the Receiver deems to be advisable or

necessary, which includes retaining, hiring, or dismissing any employees, independent contractors,

or agents;

H.    Choose, engage, and employ attorneys, accountants, appraisers, and other

independent contractors and technical specialists, as the Receiver deems advisable or necessary in

the performance of duties and responsibilities under the authority granted by this Order;

I.    Have the sole authority to hire legal counsel on behalf of any of the Receivership

Defendants;

J.    Make payments and disbursements from the receivership estate that are necessary

or advisable for carrying out the directions of or exercising the authority granted by this Order.

The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation

incurred by the Receivership Defendants prior to the date of entry of this Order, except payments

that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants,

such as rental payments;

K.    Institute, compromise, adjust, appear in, intervene in, or become party to such

12

actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

      L.    Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants, as the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

      M.    Continue to conduct the business, or cease operation of the business, of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the businesses profitably and lawfully, if at all; *provided that*, the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the businesses can be lawfully operated at a profit using the assets of the receivership estate;

      N.    Immediately issue subpoenas and conduct discovery, including depositions, to obtain documents, records, and information pertaining to the receivership on behalf of the receivership estate;

      O.    Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account. The Receiver shall serve copies of monthly account statements on

13

all parties;

P.    Maintain accurate records of all receipts and expenditures that he makes as

Receiver; and

Q.    Cooperate with reasonable requests for information or assistance from any state or

federal law enforcement agency.

## COOPERATION WITH THE TEMPORARY RECEIVER

## IX.

**IT IS FURTHER ORDERED** that Defendants and all other persons or entities served

with a copy of this Order shall fully cooperate with and assist the Receiver. This cooperation and

assistance shall include, but not be limited to, providing information to the Receiver that the

Receiver deems necessary in order to exercise the authority and discharge the responsibilities of

the Receiver under this Order; providing any password required to access any computer,

electronic file, or telephonic data in any medium; and advising all persons who owe money to the

Receivership Defendants that all debts should be paid directly to the Receiver. Defendants and

those persons in active concert or participation with them who receive actual notice of this Order

by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly:

A.    Transacting any of the business of the Receivership Defendants;

B.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of

any documents of the Receivership Defendants, including, but not limited to, books, records,

accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer

records, and other data compilations, electronically-stored records, or any other papers of any kind

or nature;

14

C.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

D.     Excusing debts owed to the Receivership Defendants;

E.     Failing to notify the Receiver of any asset, including accounts, of a Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets; and

F.     Doing any act or refraining from any act whatsoever to interfere with the Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

### DELIVERY OF RECEIVERSHIP PROPERTY

### X.

**IT IS FURTHER ORDERED** that:

A.     Immediately upon service of this Order upon them, or within such period as may be permitted by the Receiver, Defendants shall transfer or deliver possession, custody, and control of the following to the Receiver:

15

00200

RER-33        2052

1.    All assets of the Receivership Defendants;

2.    All documents of the Receivership Defendants, including, but not limited

to, books and records of accounts, all financial and accounting records,

balance sheets, income statements, bank records (including monthly

statements, canceled checks, records of wire transfers, and check registers),

client lists, title documents and other papers;

3.    All assets belonging to members of the public now held by the

Receivership Defendants; and

4.    All keys, codes, and passwords necessary to gain or to secure access to any

assets or documents of the Receivership Defendants, including, but not

limited to, access to their business premises, means of communication,

accounts, computer systems, or other property.

B.    In the event any person or entity fails to deliver or transfer any asset or otherwise

fails to comply with any provision of this Paragraph, the Receiver may file *ex parte* an Affidavit

of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize,

without additional process or demand, Writs of Possession or Sequestration or other equitable

writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or

any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to

seize the asset, document, or other thing and to deliver it to the Receiver.

16

## TRANSFER OF FUNDS TO THE RECEIVER

### XI.

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks,

broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies,

precious metals dealers and other financial institutions and depositories of any kind, and all third-

party billing agents, local exchange carriers, common carriers, and other telecommunications

companies shall cooperate with all reasonable requests of the FTC and the Receiver relating to

implementation of this Order, including transferring funds at the Receiver's direction and

producing records related to the assets and sales of the Receivership Defendants.

### COMPENSATION OF RECEIVER

### XII.

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver,

including counsel to the Receiver and accountants, are entitled to reasonable compensation for the

performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses

incurred by them, from the assets now held by, in the possession or control of, or which may be

received by, the Receivership Defendants. The Receiver shall file with the Court and serve on the

parties periodic requests for the payment of such reasonable compensation, with the first such

request filed no more than sixty (60) days after the date of this Order. The Receiver shall not

increase the hourly rates used as the bases for such fee applications without prior approval of the

Court.

17

00202

RER-33    2054

## RECEIVER'S BOND

## XIII.

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $ _10,000.00_ with sureties to be approved by the Court, conditioned upon the Receiver well and truly performing the duties of the office, and abiding by and performing all acts the Court directs.

## ACCESS TO BUSINESS OFFICES AND RECORDS

## XIV.

**IT IS FURTHER ORDERED** that the FTC and the Receiver, and their representatives, agents, and assistants, shall have immediate access to all business premises and storage facilities, owned, controlled, or used by Defendants, including, but not limited to, 215 Fifth Street, Suite 306, West Palm Beach, Florida 33401. The FTC and the Receiver are authorized to employ the assistance of law enforcement officers, as they deem necessary to effect service and peacefully implement this Order. The FTC and the Receiver may exclude Defendants and Defendants' employees from the business premises during the immediate access. The purpose of the immediate access shall be to effect service and to inspect and copy documents and computer data, including but not limited to, correspondence, emails, financial data, and other documents concerning Defendants' business practices and assets.

      A.    The FTC and the Receiver and its representatives, agents, and assistants, shall have the right to remove documents from the above-listed premises in order that they may be inspected, inventoried, and copied.

      B.    The FTC shall return any removed documents to the Receiver within five (5)

18

FT LAUD CLERKS OFFICE

☒ 022

business days, or such time as is agreed upon by the FTC and the Receiver.

C.    Defendants and all employees or agents of Defendants shall provide the FTC and the Receiver with any necessary means of access to documents and records, including, without limitation, the locations of Defendants' business premises, keys and combinations to locks, computer access codes, and storage area access information.

D.    If any computers containing information related to the business practices or finances of the Defendants are at a location other than those listed herein, including, but not limited to the personal residences of the Defendants, then immediately upon service of this Order upon them Defendants shall produce to the Receiver all such computers.  In order to prevent the destruction of computer data, upon service of this order upon Defendants, any computers containing such information shall be powered down (turned off) in the normal course for the operating systems used on such computers and shall not be used until produced for copying and inspection, along with any codes needed for access.

E.    Within forty-eight (48) hours of service of this Order each Defendant shall produce to the Receiver a list of all agents, employees, officers, servants and those persons in active concert and participation with them, who have been associated or done business with the Receivership Defendants.

**DEFENDANTS' ACCESS TO THEIR BUSINESS PREMISES**

**XV.**

**IT IS FURTHER ORDERED** that the Receiver shall allow the Defendants and their representatives reasonable access to the premises of the Receivership Defendants.  The purpose of this access shall be to inspect and copy any and all books, records, accounts, and other property

19

owned by or in the possession of the Receivership Defendants.  The Receiver shall have the

discretion to determine the time, manner, and reasonable conditions of such access.

## PRESERVATION OF RECORDS

## XVI.

**IT IS FURTHER ORDERED** that Defendants, and those persons in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise,

are hereby temporarily restrained and enjoined from destroying, erasing, mutilating, concealing,

altering, transferring, writing over, or otherwise disposing of, in any manner, directly or indirectly,

any documents or records of any kind that relate to the business practices or business or personal

finances of Defendants, including but not limited to, computerized files and storage media,

contracts, accounting data, correspondence, advertisements, handwritten notes, telephone logs,

telephone scripts, receipt books, ledgers, personal and business canceled checks and check

registers, bank statements, appointment books, copies of federal, state or local business or

personal income or property tax returns, and other documents or records of any kind that relate to

the business practices or business or personal finances of Defendants.

## RECORD KEEPING/BUSINESS OPERATIONS

## XVII.

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and

enjoined from:

      A.     Failing to create and maintain documents that, in reasonable detail, accurately,

fairly, and completely reflect their incomes, disbursements, transactions, and use of money; and

      B.     Creating, operating, or exercising any control over any business entity, including

20

any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

## IDENTIFICATION OF PROVIDERS AND CUSTOMERS

## XVIII.

**IT IS FURTHER ORDERED** that Defendants shall:

A.    Within five (5) days of service of this Order, prepare and deliver to Plaintiffs a completed statement, verified under oath and accurate as of the date of entry of this Order, identifying each long distance service provider that provided services to consumers in connection with any collect calls that were billed on behalf of Defendants; and

B.    Within ten (10) days of service of this Order, prepare and deliver to counsel for Plaintiff a completed statement, verified under oath and accurate as of the date of entry of this Order, detailing the collect calls that were billed on behalf of Defendants during 2005, including the calling telephone numbers, the recipient telephone numbers, and the date and time of the calls.

## RECORD KEEPING/BUSINESS OPERATIONS

## XIX.

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from:

A.    Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money; and

21

B.    Creating, operating, or exercising any control over any business entity, including

any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without

first providing the Commission with a written statement disclosing: (1) the name of the business

entity; (2) the address and telephone number of the business entity; (3) the names of the business

entity's officers, directors, principals, managers and employees; and (4) a detailed description of

the business entity's intended activities.

**STAY OF ACTIONS**

**XX.**

**IT IS FURTHER ORDERED** that:

A.    Except by leave of this Court, during pendency of the receivership ordered herein,

Defendants, and all customers, principals, investors, creditors, stockholders, lessors, and other

persons seeking to establish or enforce any claim, right, or interest against or on behalf of the

Defendants, and all others acting for or on behalf of such persons, including attorneys, trustees,

agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective

attorneys, servants, agents and employees, be and are hereby stayed from:

1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or

proceeding against a Receivership Defendant, except that such actions may

be filed to toll any applicable statute of limitations;

2.    Accelerating the due date of any obligation or claimed obligation against a

Receivership Defendant; filing or enforcing any lien against a Receivership

Defendant; taking or attempting to take possession, custody, or control of

any asset of a Receivership Defendant; attempting to foreclose, forfeit,

22

alter, or terminate any interest in any asset of a Receivership Defendant, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3. Executing, issuing, serving, or causing the execution, issuance or service of, any legal process against a Receivership Defendant, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not;

4. Causing any Receivership Defendant to be placed in involuntary bankruptcy; or

5. Doing any act or thing whatsoever to interfere with the Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants.

B. This paragraph does not stay the commencement or continuation of a criminal action or proceeding.

## DISTRIBUTION OF ORDER BY DEFENDANTS

## XXI.

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate marketer, sub-affiliate marketer, affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, agent,

23

i

02/27/08   12:10 FAX 954 356 ▮

attorney, spouse and representative of Defendants, and shall, within ten (10) days from the date of

entry of this Order, provide the Commission with a sworn statement that Defendants have

complied with this provision of the Order, which statement shall include the names, physical

addresses, and e-mail addresses of each such person or entity who received a copy of the Order.

## SERVICE OF ORDER

### XXII.

IT IS FURTHER ORDERED that copies of this Order may be served by any means,

including facsimile transmission or email, upon any financial institution or other entity or person

that may have possession, custody, or control of any documents of any Defendant, or that may

otherwise be subject to any provision of this Order.  Service upon any branch or office of any

financial institution shall effect service upon the entire financial institution.

## CONSUMER CREDIT REPORTS

### XXIII.

IT IS FURTHER ORDERED that, pursuant to Section 604(1) of the Fair Credit

Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer

report concerning Defendants to the Commission.

## SERVICE OF PLEADINGS

### XXIV.

IT IS FURTHER ORDERED that Plaintiff shall serve on Defendants copies of this

Order, complaint, and supporting memoranda, affidavits and other evidence.  Defendants shall

serve on the Commission all memoranda, affidavits and other evidence on which Defendants

intend to rely at the preliminary injunction hearing set in this matter not later than 4:00 p.m.

24

02/27/06  12:11 FAX 954 356 \    FT LAUD CLERKS OFFICE

(Eastern time) on the third calendar day prior to the hearing date.  The Commission shall file with

the Court and deliver to counsel that have entered an appearance any additional affidavits upon

which it intends to rely in connection with the Commission's request for a preliminary injunction

no later than 24 hours before the time scheduled for the preliminary injunction hearing.

## DURATION OF TEMPORARY RESTRAINING ORDER

### XXV.

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall

expire on _March 9_ , 2006 at _5:00_ p.m., unless within such time, the Order, for good

cause shown, is extended for an additional period not to exceed ten (10) days, or unless it is

further extended pursuant to Federal Rule of Civil Procedure 65.

## ORDER TO SHOW CAUSE REGARDING
## PRELIMINARY INJUNCTION

### XXVI.

**IT IS FURTHER ORDERED,** pursuant to Federal Rule of Civil Procedure 65(b), that

Defendants shall appear before this Court on the _8_ day of _March_ , 2006, at

_10:00_ o'clock _a._.m., to show cause, if there is any, why this Court should not enter a

Preliminary Injunction, pending final ruling on the Complaint against Defendants, enjoining them

from further violations of Section 5(a) of the Federal Trade Commission Act, continuing the

freeze of their assets, and imposing such additional relief as may be appropriate.

## SERVICE UPON PLAINTIFF

### XXVII.

**IT IS FURTHER ORDERED** that, with regard to any correspondence or pleadings

25

related to this Order, service on the Commission shall be performed electronically or by overnight

mail to the attention of Laura Kim at the Federal Trade Commission, 600 Pennsylvania Avenue,

NW, Room H-238, Washington, DC 20580.

## RETENTION OF JURISDICTION

### XXVIII.

     **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all

purposes.

     **SO ORDERED,** this _27_ day of _February_, 2006, at _11:45_ am.


_Kenneth L. Ryskamp_

UNITED STATES DISTRICT JUDGE

Kenneth L. Ryskamp

CC: Laura M. Kim. Esq.
     Robert S. Kaye, Esq.

26

Attachment A

## FEDERAL TRADE COMMISSION

### FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2. "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.


**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

   (1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

   (2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

   (3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

# BACKGROUND INFORMATION

**Item 1.**     **Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until_____

Address_____ Rent or Own?_____ From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used_____

**Item 2.**     **Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own?_____ Telephone No._____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

**Item 3.**     **Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

**Item 4.**     **Contact Information**

Page 2                                                              Initials _____

00213

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

### Item 5.    Information About Dependents Who Live With You

►Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

►Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

►Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

### Item 6.    Information About Dependents Who Do Not Live With You

►Name & Address _____

Date of Birth _____ Relationship _____ Social Security  No. _____

►Name Address _____

Date of Birth _____ Relationship _____ Social Security  No. _____

►Name & Address _____

Date of Birth _____ Relationship _____ Social Security  No. _____

### Item 7.    Employment Information

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (e.g., health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

►Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

### Item 7. continued

Page 3                                                  Initials _____

02/27/08   12:12 FAX 954 356                 FT LAUD CLERKS OFFICE

Income Received:  This year-to-date:  $_____          _____: $_____

                          20____: $_____          _____: $_____

                          _____: $_____          _____: $_____


▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____  To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____          _____: $_____

                          20____: $_____          _____: $_____

                          _____: $_____          _____: $_____


▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____  To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____          _____: $_____

                          20____: $_____          _____: $_____

                          _____: $_____          _____: $_____


**Item 8.**       **Pending Lawsuits Filed by You or Your Spouse**

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____  Relief Requested _____  Nature of Lawsuit _____

_____  Status _____

**Item 9.**       **Pending Lawsuits Filed Against You or Your Spouse**

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency. (List

Page 4                                                    Initials _____

00215

RER-33        2067

02/27/06   12:13 FAX 954 356    FT LAUD CLERKS OFFICE

lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

### Item 10.          Safe Deposit Boxes

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Item 11.          Business Interests

List all businesses for which you, your spouse, or your dependents are an officer or director.

▶Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▶Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▶Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

Initials _____

00216

RER-33          2068

## FINANCIAL INFORMATION:  ASSETS AND LIABILITIES

**REMINDER:** **"Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.**

<u>**Item 12.**</u>            **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.  The term "cash" includes currency and uncashed checks.

Cash on Hand  $_____          Cash Held For Your Benefit  $_____

| <u>Name on Account</u> | <u>Name & Address of  Financial Institution</u> | <u>Account No.</u> | <u>Current Balance</u> |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

<u>**Item 13.**</u>            **U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| <u>Name on Account</u> | <u>Type of Obligation</u> | <u>Security Amount</u> | <u>Maturity Date</u> |
|---|---|---|---|
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |

<u>**Item 14.**</u>      **Publicly Traded Securities and Loans Secured by Them**

Page  6                                                         Initials _____

02/27/06  12:13 FAX 954 356 ·     FT LAUD CLERKS OFFICE

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

## Item 15.    Other Business Interests

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

## Item 16.    Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

## Item 17.    Other Amounts Owed to You, Your Spouse, or Your Dependents

Page 7                                                          Initials _____

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

**Item 18.**    **Life Insurance Policies**

List all life insurance policies held by you, your spouse, or your dependents.

▸Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

▸Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

**Item 19.**    **Deferred Income Arrangements**

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

▸Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

**Item 20.**    **Personal Property**

List all personal property, by category, whether held for personal use or for investment, including but not limited to,

00219

RER-33        2071

furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

**Item 21.**    **Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles**

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▶Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

▶Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

**Item 21.  Continued**

▶Vehicle Type _____ Make _____ Model _____ Year _____

Page  9                                                             Initials _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

### Item 22.    Real Property

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

### Item 23.    Credit Cards

List each credit card held by you, your spouse, or your dependents. Also list any other credit cards that you, your spouse, or your dependents use.

Page  10                                                     Initials_____

00221

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**Item 24.**    **Taxes Payable**

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |
| | $ | |

**Item 25.**    **Judgments or Settlements Owed**

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No._____

Nature of Lawsuit _____ Date_____ Amount $_____

Page 11                                                   Initials _____

**Item 26.**    **Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

▸Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

▸Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

## OTHER FINANCIAL INFORMATION

**Item 27.**    **Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. *Provide a copy of each signed tax return that was filed during the last three years.*

| Tax Year | Name(s) on Return | Refund Expected |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**Item 28.**    **Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years. *Provide a copy of each application, including all attachments.*

| Name(s) on Application | Name & Address of Lender |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 29.**    **Trusts and Escrows**

Page  12                                                    Initials  _____

00223

RER-33        2075

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity. *Provide copies of all executed trust documents.*

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

**Item 30.        Transfers of Assets**

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer. For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

Page 13                                                Initials _____

00224

RER-33        2076

## SUMMARY FINANCIAL SCHEDULES

**Item 31.**    **Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand (Item 12) | $_____ | Credit Cards (Item 23) | $_____ |
| Cash in Financial Institutions (Item 12) | $_____ | Motor Vehicles - Liens (Item 21) | $_____ |
| U.S. Government Securities (Item 13) | $_____ | Real Property - Encumbrances (Item 22) | $_____ |
| Publicly Traded Securities (Item 14) | $_____ | Loans Against Publicly Traded Securities (Item 14) | $_____ |
| Other Business Interests (Item 15) | $_____ | Taxes Payable (Item 24) | $_____ |
| Judgments or Settlements Owed to You (Item 16) | $_____ | Judgments or Settlements Owed (Item 25) | $_____ |
| Other Amounts Owed to You (Item 17) | $_____ | Other Loans and Liabilities (Item 26) | $_____ |
| Surrender Value of Life Insurance (Item 18) | $_____ | _Other Liabilities (Itemize)_ | |
| Deferred Income Arrangements (Item 19) | $_____ | _____ | $_____ |
| Personal Property (Item 20) | $_____ | _____ | $_____ |
| Motor Vehicles (Item 21) | $_____ | _____ | $_____ |
| Real Property (Item 22) | $_____ | _____ | $_____ |
| _Other Assets (Itemize)_ | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| **Total Assets** | $_____ | **Total Liabilities** | $_____ |

Initials _____

00225

RER-33        2077

02/21/08  12:15 FAX 954 356 7    FT LAUD CLERKS OFFICE

**Item 32.**    **Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $_____ | Mortgage Payments for Residence(s) | $_____ |
| Fees, Commissions, and Royalties | $_____ | Property Taxes for Residence(s) | $_____ |
| Interest | $_____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $_____ |
| Dividends and Capital Gains | $_____ | Car or Other Vehicle Lease or Loan Payments | $_____ |
| Gross Rental Income | $_____ | Food Expenses | $_____ |
| Profits from Sole Proprietorships | $_____ | Clothing Expenses | $_____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $_____ | Utilities | $_____ |
| Distributions from Trusts and Estates | $_____ | Medical Expenses, Including Insurance | $_____ |
| Distributions from Deferred Income Arrangements | $_____ | Other Insurance Premiums | $_____ |
| Social Security Payments | $_____ | Other Transportation Expenses | $_____ |
| Alimony/Child Support Received | $_____ | Other Household Expenses | $_____ |
| Gambling Income | $_____ | Other Expenses (Itemize) | |
| Other Income (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Income | $_____ | Total Expenses | $_____ |

Page 15                                                    Initials _____

00226

RER-33        2078