Eleventh Circuit, but Integretel has not offered to stand down on its effort to get the Bankruptcy Court to allow it to deplete the Receivership Estate's property during the pendency of that appeal.

This Court can plainly see where this is heading. If this Court stays its Orders, and the Bankruptcy Court grants Integretel's "Emergency" Motion for Use of Cash Collateral, the Receivership Estate's property will be depleted, the appeal before the Eleventh Circuit will be rendered moot, and Integretel will have succeeded in ignoring this Court's Orders and making a complete mockery of the contempt proceeding resulting therefrom.[1]

Integretel's failure to attach to its bankruptcy filings the single most important document relative to these issues – this Court's September 14th Omnibus Order – makes its intentions clear. It is trying to do an end-run around this Court's Order by getting another Judge in another Court in another State to allow it to use the $1,762,762.56 in reserve funds that this Court ruled are "property of the receivership estate" that must be "immediately" transferred to the receiver. Integretel's California lawsuit against the Receiver, in which it seeks to re-litigate every issue that has already been decided by this Court, also makes this clear. And Integretel's failure to advise this Court in today's Emergency Motion that it is seeking the Bankruptcy Court's permission to use the reserve funds makes this clear.

Preservation of the Receivership Estate's reserve funds is paramount. If Integretel is willing to transfer the $1,762,762.56 in reserve funds to the Receiver, *to be held and preserved in a*

---

[1]  *See, e.g. Westmoreland v. Nat'l Trans. Safety Bd.*, 833 F.2d 1461, 1462 (11th Cir. 1987)("[w]hen effective relief cannot be granted because of later events, the appeal must be dismissed as moot")(citations omitted); *Miami Ctr. Ltd. P'ship v. Bank of New York*, 838 F.2d 1547, 1553-54 (11th Cir. 1988) (holding that an appeal may be rendered moot upon the transfer of a debtor's assets because of the inability of the court to grant relief).

TEW CARDENAS LLP

Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

00441

RER-33    2293

*segregated account during the pendency of any appeal,* the Receiver is willing to agree to a stay of the turnover requirements contained in this Court's September 14th and September 21st Orders. Any stay that does not protect against Integretel's attempts to deplete the Receivership Estate's reserve funds will irreparably injure the Receivership Estate, be contrary to the public interest, and balance the equities against the Receivership Estate and the thousands of victims of this unfortunate fraud.

Integretel's Emergency Motion contains several other misstatements – not the least of which is that it is required to transfer the *current* reserve amount, not the reserve amount due as of the issuance of the TRO – but just as Integretel did yesterday [D.E. 622] in response to the Receiver's Emergency Motion in Furtherance of Pending Contempt Proceedings [D.E. 623], the Receiver respectfully submits the foregoing initial comments not as a substantive response to Integretel's Emergency Motion but merely to inform the Court that the Receiver opposes the Motion unless a mechanism is put in place that prevents Integretel from depleting the Receivership Estate's reserve funds during the pendency of any appeal.[2] Upon request from the Court, the Receiver will provide a more-detailed, point-by-point response to Integretel's Emergency Motion.

---

[2] Integretel's counsel has not responded to undersigned counsel's email and voicemail message proposing a stay of the turnover requirements of the Court's September 14th and September 21st Orders so long as the $1,762,762.56 in reserve funds is transferred to the Receiver to be held and preserved in a segregated account during the pendency of any appeal.

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

00442

RER-33     2294

Dated: September 25<u>th</u>, 2007.                    Respectfully submitted,

                                                       **TEW CARDENAS LLP**
                                                       Counsel for David R. Chase, Receiver
                                                       Four Seasons Tower, 15th Floor
                                                       1441 Brickell Avenue
                                                       Miami, Florida 33131
                                                       Telephone: 305.536.1112
                                                       Facsimile: 305.536.1116


                                                       By: s:/Jeffrey C. Schneider_____
                                                           **JEFFREY C. SCHNEIDER, P.A.**
                                                           Florida Bar No. 933244
                                                           E-mail:  jcs@tewlaw.com


### CERTIFICATE OF SERVICE

   WE HEREBY CERTIFY that on September 25<u>th</u>, 2007 we electronically filed the foregoing

document with the Clerk of the Court using CS/ECF.  We also certify that the foregoing document

is being served this day on all counsel of record or pro se parties identified on the attached Service

List in the manner specified, either via transmission Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to

receive electronically Notices of Electronic Filing.


                                                       By: s:/Jeffrey C. Schneider_____
                                                           **JEFFREY C. SCHNEIDER, P.A.**


@PFDesktop\::ODMA/MHODMA/DMS_NT;Miami;493742;1


4

00443

RER-33       2295

*FTC v. NCI, et al*
Case No. 06-80180-CIV-RYSKAMP

### SERVICE LIST

**David R. Chase, Receiver**
David R. Chase, Receiver
1700 East Las Olas Boulevard
Penthouse 2
Fort Lauderdale, Florida 33301
Telephone: 954.920.7779
david@davidchaselaw.com

**Laura Kim, Esquire**
**Michael Davis, Esquire**
**Collot Guerard, Esquire**
**Richard McKewen, Esq.**
Federal Trade Commission
600 Pennsylvania Avenue NW
Room H-238
Washington, DC 20580
Telephone: 202.326.3734
Facsimile: 202.326.3395
lkim@ftc.gov
mdavis@ftc.gov
cguerard@ftc.gov
rmckewen@ftc.gov

**Robert Carey, Deputy Receiver**
6278 North Federal Highway
Number 418
Fort Lauderdale, Florida 33308
Telephone: 305.666.4663
careyrg@comcast.net

**Mark D. Johnson, Esquire**
*Counsel for Defendants Qaadir Kaid, Yaret*
*Garcia, and Erika Riaboukha*
Mark D. Johnson, P.A.
10 Central Parkway
Suite 210
Stuart, Florida 34994
Telephone: 772.223.7700
Facsimile: 772.223.1177
markdjohnson@bellsouth.net

**Robert M. Weinberger, Esquire**
Cohen, Norris, Scherer, Weinberger & Wolmer
*Counsel for Creditor Denise McCann*
712 U.S. Highway 1
Suite 400
North Palm Beach, Florida 33408
Telephone: 561.844.3600
Facsimile: 561.842.4104
rmw@fcohenlaw.com

**Steven E. Siff, Esquire**
*Counsel for BSG Clearing Solutions, North*
*America, LLC, ACI Billing Services, Inc.,*
*d/b/a OAN and Billing Concepts, Inc.*
McDermott Will & Emery, LLP
2200 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.358.3500
Facsimile: 305.347.6500
ssiff@mwe.com
maustin@mwe.com

5

00444

RER-33     2296

**Thomas G. Long, Esquire**
**Hildegund P. Wanders, Esquire**
Barnett Bolt Kirkwood Long & McBride
*Counsel for BMW Financial Services NA,LLC*
601 Bayshore Boulevard
Suite 700
Tampa, Florida 33606
Telephone: 813.253.2020
Facsimile: 813.251.6711
tlong@barnettbolt.com
hwanders@barnettbolt.com

**Henry W. Johnson, Esquire**
*Counsel for John J. Smith*
Johnson, Zippay & Walters, P.A
1401 North University Drive, Suite 301
Coral Springs, Florida 33701
Telephone: 954.755.9880
Facsimile: 954.755.9899
*Via U.S. Mail*

**Richard Gordin, Esquire**
**Steven A. Lancellotta, Esquire**
Tighe Patton Armstrong Teasdale, PLLC
*Counsel for The Billing Resource d/b/a Integretel*
1747 Pennsylvania Avenue, N.W.
Third Floor
Washington, D.C. 20006-4604
Telephone: 202.565.2881
Facsimile: 202.454.2805
rgordin@tighepatton.com
slancellotta@tighepatton.com
ngoldfarb@tighepatton.com

**Michael Woodbury, Esquire**
*Counsel for Grunspan Trust, et al*
Woodbury & Santiago, P.A.
Two Datran Center - Penthouse 1A
9130 South Dadeland Boulevard
Miami, Florida 33156
Telephone: 305.669.9570
Facsimile: 305.669.8616
michael.woodbury@woodbury-santiago.com

**Jeffrey C. Schneider, Esquire**
*Counsel for David R. Chase, Receiver*
Tew Cardenas LLP
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131
Telephone: 305.536.1112
Facsimile: 305.536.1116
jcs@tewlaw.com
mtv@tewlaw.com

**Martin J. Alexander, Esquire**
**Scott B. Newman, Esquire**
*Counsel for The Billing Resource d/b/a Integretel*
Holland & Knight LLP
222 Lakeview Avenue, Suite 1000
West Palm Beach, Florida 33401
Telephone: 561.650.8036
Facsimile: 561.650.8399
marty.alexander@hklaw.com
scott.newman@hklaw.com

6

Andrew G. Berg, Esquire
Carolyn Tapie, Esquire
*Counsel for BSG Clearing Solutions, North
America, LLC, ACI Billing Services, Inc., d/b/a
OAN and Billing Concepts, Inc.*
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4706
Telephone: 202.626.2924
Facsimile: 202.626.3737
aberg@kslaw.com
ctapie@kslaw.com

Mary Lou Farr
*Pro Se Defendant*
1006 Churchill Circle South
West Palm Beach, Florida 33405
Telephone: 561.582.2876
*(Via U.S. Mail)*

Willoughby Farr
*Pro Se Defendant*
Century Correctional Institution
Willoughby Farr, Inmate Number 653974
400 Tedder Road
Century, Florida 32535-3659
*(Via U.S. Mail)*

Jeffrey K. Rehfeld, Esq.
Michael H. Ahrens, Esq.
Geraldine A. Freeman, Esq.
Ori Katz, Esq.
*Counsel for The Billing Resource d/b/a
Integregel*
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
*(Via U.S. Mail)*

7

Exhibit 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80180-Civ-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

Plaintiff,

vs.

NATIONWIDE CONNECTIONS, INC.,
*et. al.*,

Defendants.

_____/

**Defendant The Billing Resource d/b/a Integretel's
Reply to the Receiver's Initial Response
to its Emergency Motion for Stay Pending Appeal**

Defendant The Billing Resource d/b/a Integretel ("Integretel") submits this memorandum in order to briefly respond to the Receiver's initial response (DE 626) to Integretel's Emergency Motion for a Stay Pending Appeal.

**1.** The Receiver fails to address the underlying basis for Integretel's motion, and the fundamental reason for granting a stay of the Payment Order: that Integretel is likely to be successful on the merits. Rather than attempt to address the merits, he says only that he will provide a more detailed response "upon request from the Court." But such posturing is inappropriate in view of the urgency of the pending motion.

**2.** The Receiver claims that Integretel's motion "contains a glaring omission" and that Integretel failed to advise the Court of its pending cash-collateral motion in the bankruptcy court. This is nonsense. The Court was well aware of the cash-collateral motion when we filed our motion for a stay. The cash-collateral motion had been discussed in the FTC's emergency motion on September 20 and the Receiver's emergency motion on September 24.[1] The FTC submitted a copy of the cash-collateral motion as an exhibit to its emergency motion, and the Receiver

_____

1. DE 618 at 1-2, 5; DE 626 at 3, 4, 5 n.2.

attached a copy of a bankruptcy-court notice regarding the cash-collateral motion.[2] Moreover, the Court referred to the cash-collateral motion in its order denying the Receiver's emergency motion, and specifically said that it wanted to await the outcome of the hearing on that motion.[3] And Integretel referred to the cash-collateral motion in its filing in response to the Receiver's Emergency Motion in Furtherance of Pending Contempt Proceeding.[4] There was no need for Integretel's stay motion to inform the Court something of which the Court was fully aware.

3. All of the Receiver's complaints about Integretel's cash-collateral motion are misdirected because they are being made to the wrong court. Even though this Court previously held that it had *in rem* jurisdiction over the reserve amounts, once bankruptcy was filed, this Court's jurisdiction yielded to the bankruptcy court's.[5] That is the court before which the cash-collateral motion is pending. The bankruptcy court is highly experienced in dealing with issues of the sort the Receiver raises, which are within its core jurisdiction of the bankruptcy court under 28 U.S.C. § 157(b)(2)(M). The Receiver can participate in the bankruptcy proceedings, and it has in fact done so by appearing at the cash-collateral hearing last week and by filing several memoranda opposing the cash-collateral motion. The bankruptcy court will take the Receiver's interests and arguments into consideration in rendering its opinion. It is inappropriate for the Receiver to suggest that this Court base its decisions on what might or might not happen in the bankruptcy court. The issue before the Court is whether the requirements for a stay pending appeal are satisfied, and nothing more.

4. The Receiver is also off base in suggesting that if the bankruptcy court permits Integretel to use funds that the Receiver claims as his cash collateral, those funds will be dissipated. Now that Integretel is in bankruptcy, it will be operating under the watchful eyes of the bankruptcy court, a creditors' committee, and the United States Trustee. Indeed, the Receiver

---

2. DE 618 Ex. 1; DE 626 Ex. B.

3. DE 625.

4. DE 622.

5. *See Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 447-48 (2004); *In re Crown Vantage, Inc.*, 421 F.3d 963, 971 (9th Cir. 2005) ("The requirement of uniform application of bankruptcy law dictates that all legal proceedings that affect the administration of the bankruptcy estate be brought either in bankruptcy court or with leave of the bankruptcy court."); *In re Modern Boats, Inc.*, 775 F.2d 619, 620 (5th Cir. 1985) (admiralty court's jurisdiction over vessel yielded once bankruptcy filed).

00448

RER-33    2300

can apply to serve on the creditors' committee. Again, that is the forum for the Receiver to address concerns about how the bankruptcy court might allow Integretel to use funds.

5. The Receiver is wrong in contending that Integretel is attempting to use the bankruptcy court to do an end-run around the Payment Order. By filing a notice of appeal and seeking a stay from this Court, Integretel has taken the appropriate steps to have this Payment Order reviewed in the appropriate appellate forum: the Eleventh Circuit. At the same time, Integretel is fully within its rights to seek whatever relief it may be entitled to in the bankruptcy court. There is nothing sinister about doing so. That is the framework of the United States Code; that is what bankruptcy courts are for.

6. The Receiver's suggestion that Integretel's appeal will be rendered moot because Integretel will use up all of its money and be left with nothing is without foundation and in fact, preposterous. Integretel's intention in filing its cash-collateral motion is to try to stay in business, not to destroy itself by throwing all its money away. Moreover, as noted above, the company will be under the supervision of the bankruptcy court.

7. The Receiver proposes conditions under which he says he would consent to a stay. But his proposed consent is illusory. What he proposes is no different in its effect on Integretel than the Payment Order itself. The Payment Order directed Integretel to pay money to the Receiver to be held in a segregated receivership account, and under the Receiver's proposal Integretel would be required to pay money to the Receiver to be held in a segregated receivership account. The only difference between the order and the Receiver's proposal is that the Receiver explicitly says that the money would be preserved in the segregated account pending completion of the appeal. But that was implicit in the Court's requirement in the Payment Order that the money be kept in a *segregated* receivership account. There would be no reason to segregate the funds if the Court's intent were not that they be preserved.[6]

Dated: September 26, 2007.

---

6. The Receiver's Initial Response states that Integretel's counsel "has not responded to [the Receiver's] counsel's email and voicemail message" regarding his proposal. (Receiver's Initial Response at 3 n.2.) What the Receiver fails to state, however, is that the Initial Response was filed less than 30 minutes after the email was sent and the voicemail was left. In fact, Integretel's counsel responded in about 30 minutes but the Initial Response apparently had already been filed.

-3-

00449

Respectfully submitted,

/s/ Neal Goldfarb
Richard H. Gordin, Pro hac vice
Neal Goldfarb, Pro hac vice
TIGHE PATTON ARMSTRONG TEASDALE PLLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20006
rgordin@tighepatton.com
ngoldfarb@tighepatton.com
Tel.:    (202) 454-2800
Fax:    (202) 454-2805

/s/ Scott B. Newman
Scott B. Newman, Florida Bar No. 339717
Martin J. Alexander, Florida Bar. No. 346845
HOLLAND & KNIGHT LLP
222 Lakeview Ave., Suite 1000
West Palm Beach, Florida 33401
scott.newman@hklaw.com
marty.alexander@hklaw.com
Tel.:    (561) 833-2000
Fax:    (561) 650-8399

*Counsel for The Billing Resource d/b/a Integretel*

-4-

00450

RER-33    2302

### Certificate of Service

I HEREBY CERTIFY that on September 26, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ Scott B. Newman
Scott B. Newman

00451

RER-33      2303

**SERVICE LIST**
**Federal Trade Commission vs. Nationwide Connection, Inc., et al**
**Case No. 06-80180-Civ-Ryskamp/Vitunac**

## CM/ECF Notice List:

LAURA M. KIM, ESQ.
lkim@ftc.gov and ereid@ftc.gov
MICHAEL J. DAVIS, ESQ.
mdavis@ftc.gov
COLLOT GUERARD, ESQ.
cguerard@ftc.gov and cguerard@comcast.net
RICHARD McKEWEN, ESQ.
rmckewen@ftc.gov
ROBERT SCHOSHINSKI, ESQ.
rschoshinski@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., N.W., Room 286
Washington, DC 20580
202-326-3734 telephone (Kim)
202-326-3395 facsimile
*Attorneys for Plaintiff Federal Trade*
*Commission*

MARK D. JOHNSON, ESQ.
MarkDJohnsonPA@bellsouth.net
Mark D. Johnson, P.A.
10 Central Parkway, Suite 210
Stuart, Florida 34994
772-223-7700 telephone
772-223-1177 facsimile
*Attorneys for Defendants, Yaret Garcia, Erika*
*Riaboukha and Qaadir Kaid*

MICHAEL GARRETT AUSTIN, ESQ.
maustin@mwe.com
305-347-6517 telephone
STEVEN E. SIFF, ESQ.
ssiff@mwe.com
305-347-6511 telephone
McDermott Will & Emery LLP
201 S Biscayne Boulevard
Suite 2200
Miami, FL 33131-4336
347-6500 facsimile
*Attorneys for Defendants Billing Concepts, Inc.,*
*ACI Billing Services, Inc. d/b/a OAN, and BSG*
*Clearing Solutions North America, LLC*

ANDREW G. BERG, ESQ.
ABerg@kslaw.com
CAROLYN TAPIE, ESQ.
ctapie@kslaw.com
KEVIN DINAN, ESQ.
KDinan@kslaw.com
JOHN-DAVID THOMAS, ESQ.
jthomas@kslaw.com
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-4704
202-737-0500 telephone
202-626-3737 facsimile
*Attorneys for Defendants Billing Concepts,*
*Inc., ACI Billing Services, Inc. d/b/a OAN, and*
*BSG Clearing Solutions North America, LLC*

ROSANNE BRADY, ESQ.
Rosanne@macalusolaw.com
PETER N. MACALUSO, ESQ.
peter@macalusolaw.com
The Law Office of Peter N. Macaluso
3302 N. Tampa Street
Tampa, FL 33603
813-251-2831 telephone
813-228-7004 facsimile
*Attorneys for Crossclaim defendant/Third-party defendant Ronny Morrillo*

JEFFREY C. SCHNEIDER, ESQ.
jcs@tewlaw.com
PATRICK J. RENGSTL
pjr@tewlaw.com
MICHELLE T. VISIEDO-HIDALGO, ESQ.
mtv@tewlaw.com
Tew Cardenas LLP
Four Seasons Tower—15th Floor
1441 Brickell Avenue
Miami, FL 33131
305-539-2481 telephone
305-536-1116 facsimile
*Attorneys for Receiver David R. Chase*

DERICK J. RODGERS, ESQ.
drodgers@lawdcm.com
Davis Cedillo & Mendoza Inc
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, TX 78212
210-822-6666 telephone
210-822-1151 facsimile
*Attorneys for Defendants Billing Concepts, Inc., ACI Billing Services, Inc. d/b/a OAN, and BSG Clearing Solutions North America, LLC*

GARY M. DUNKEL, ESQ.
dunkelg@gtlaw.com
JASON H. OKLESHEN, ESQ.
okleshenj@gtlaw.com
Greenberg Traurig
Phillips Point – East Tower, Suite 300-E
777 South Flagler Drive
West Palm Beach, FL 33401
561-650-7900 telephone
561-655-6222 facsimile
*Attorneys for Interested Party BHD/Web, LLC*

DIANE NOLLER WELLS, ESQ.
dwells@devinegoodman.com
Devine Goodman Pallet & Wells, PA
777 Brickell Avenue, Suite 850
Miami, FL 33131
305-374-8200 telephone
305-374-8208 facsimile
*Attorneys for Second Churchill Way,LLC*

MICHAEL WOODBURY, ESQ.
michael.woodbury@woodbury-santiago.com
Two Datran Center—Penthouse 1A
9130 South Dadeland Boulevard
Miami, FL 33156
305-669-9570 telephone
305-669-8616 facsimile
*Attorneys for Grunspan Trust, et al*

HENRY W. JOHNSON
hjohnson@jzwlawfirm.com
Hume & Johnson
1401 University Drive, Suite 301
Coral Springs, FL 33071
954-755-9880 telephone
*Attorneys for Interested Party John J. Smith*

JOHN W. CHAPMAN, JR., ESQ.
jchapman@nhlslaw.com
Norton Hammersley Lopez & Skokos
1819 Main Street, Suite 610
Sarasota, FL 34236
941-954-4691 telephone
941-954-2128 facsimile
*Attorneys for ThirdParty Plaintiff Systems & Services Technologies*

00453

RER-33    2305

ROBERT M. WEINBERGER, ESQ.
rmw@fcohenlaw.com
Cohen Norris Scherer Weinberger & Wolmer
712 U.S. Highway 1, Suite 400
North Palm Beach, FL 33408
*Attorneys for Interested Party Denise McCann*

THOMAS G. LONG, ESQ.
tlong@barnettbolt.com
HILDEGUND P. WANDERS, ESQ.
Barnett Bolt Kirkwood & Long
601 Bayshore Boulevard, Suite 700
Tampa, FL 33606
813-253-2020 telephone
813-251-6711 facsimile
*Attorney for BMW Financial Services*

ROBERT VOSS FITZSIMMONS, ESQ.
rvf@kubickidraper.com
Kubicki Draper
City National Bank Building
25 W Flagler Street, Penthouse
Miami, FL 33130-1712
305-982-6741 telephone
305-374-7846 facsimile
*Attorneys for AmeriCredit Financial Services*

CHAD A. DEAN, ESQ.
chad@schuylaw.com
Schuyler Stewart Smith
118 West Adams Street, #800
Jacksonville, FL 32202
904-353-5884 telephone
904-353-5994 facsimile
*Attorneys for Primus Automotive Financial
Services and Ford Motor Co. Credit Co.*

BRUCE ERIC BLOCH, ESQ.
sblawfirm@aol.com
Sapurstein & Bloch PA
9700 South Dixie Highway, Suite 1000
Miami, FL 33156
305-670-9500 telephone
305-670-6900 facsimile
*Attorneys for J P Morgan Chase Bank, N.A.*

THEODORE J. LEOPOLD, ESQ.
tleopold@riccilaw.com
Ricci Leopold
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
561-684-6500 telephone
561-515-2610 facsimile
*Attorneys for Interested Party Mercantile Bank*

**Manual Notice List: (via U.S. Mail)**

WILLOUGHBY FARR, Inmate No. 653974
Avon Park Correctional Institution
PO Box 1100
County Road 64 East
Avon Park, FL 33926-1100
*Defendant, Pro Se*

MARY LOU FARR
c/o James Stonehill
1006 Churchill Circle South
West Palm Beach, FL 33405
*Defendant, Pro Se*

MICHAEL DAVID McDONOUGH, ESQ.
12794 Forest Hill Blvd., Suite 19D
Wellington, FL 33414
561-791-0590 telphone
*Attorney for Crossclaim defendants/Third-party
defendants German Miranda and Jesus
Sandoval*

Jessy Mendoza
6117 Blue Grass Circle
Lake Worth, FL 33463

-3-

# Exhibit 22

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

      Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC., et al.,

      Defendants.

                                    /

## ORDER CONDITIONALLY GRANTING INTEGRETEL'S EMERGENCY MOTION FOR STAY PENDING APPEAL

      THIS CAUSE comes before the Court pursuant to Integretel's Emergency Motion for Stay Pending Appeal, filed September 25, 2007 **[DE 628]**. The Receiver responded on September 26, 2007 **[DE 626]**. Integretel replied on September 26, 2007 **[DE 629]**.

      Integretel requests that this Court stay enforcement of its September 14, 2007 **[DE 610]** Omnibus Order, and its September 21, 2007 **[DE 619]** Order Granting Motion for Clarification As to Scope of Stay. Both of these orders require Integretel immediately to turn over the $1,762,762.56 in reserve funds to the Receiver. The Receiver consents to the stay, provided that Integretel transfers the $1,762,762.56 in reserve funds to the Receiver, which the Receiver will preserve in a segregated account during the pendency of any appeal. Accordingly, it is hereby

      ORDERED AND ADJUDGED that the motion is CONDITIONALLY GRANTED. The Court will stay enforcement of its September 14, 2007 and September 21, 2007 Orders provided that Integretel transfers the amount of $1,762,762.56, representing the reserve funds, to the Receiver ***within three days of the date of this Order***. The Receiver shall then keep those funds

2

in a segregated account during the pendency of any appeal.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 26th day of

September, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Exhibit 23

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS, Cal. Bar No. 98875
JEFFREY K. REHFELD, Cal. Bar No. 188128
ORI KATZ, Cal. Bar No. 209561
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email:        mahrens@sheppardmullin.com
              jrehfeld@sheppardmullin.com
              okatz@sheppardmullin.com

Proposed Attorneys for The Billing Resource,
dba Integretel

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 07-52890 |
| THE BILLING RESOURCE, dba Integretel, a California corporation, | Chapter 11 |
| Debtor. | **STIPULATION BETWEEN DEBTOR AND DAVID R. CHASE AS RECEIVER REGARDING PLACEMENT OF FUNDS INTO A SEGREGATED, BLOCKED BANK ACCOUNT AND STAY OF CERTAIN LITIGATION PROCEEDINGS** |
| Tax ID: 33-0289863 | |
| | Date:        September 26, 2007 |
| | Time:        2:15 p.m. |
| | Place:      United States Bankruptcy Court |
| |               280 South First Street |
| |               San Jose, California |
| | Judge:      Hon. Arthur S. Weissbrodt |
| | Courtroom:  3020 |

STIPULATION BETWEEN DEBTOR AND DAVID R.
CHASE AS RECEIVER

00457

RER-33        2309

1                                    **RECITALS**

2       A.      On February 27, 2006, the Federal Trade Commission (the "FTC") commenced a

3   lawsuit (the "Florida Action") in the United States District Court for the Southern District of

4   Florida (the "Florida Court") against Nationwide Connections, Inc. ("Nationwide"), Access One

5   Communications, Inc. ("Access One") and Network One Services, Inc. ("Network One"), three

6   AOS providers, as well as their principals, alleging deceptive and unfair practices for unauthorized

7   billing of charges on phone bills – referred to as "cramming" – in violation of the Federal Trade

8   Commission Act.  The Florida Action is captioned <u>Federal Trade Commission v. Nationwide</u>

9   <u>Connections, Inc., et al.</u>, Case No. 06-80180-Civ-Ryskamp, United States District Court for the

10  Southern District of Florida.

11      B.      The Florida Court entered in the Florida Action a temporary restraining order and

12  later a preliminary injunction.

13      C.      The Florida Court in the Florida Action appointed David R. Chase as receiver (the

14  "Receiver") for Nationwide, Access One and Network One and certain of their affiliates.

15      D.      On September 25, 2006 the Florida Court filed an "Amended Preliminary

16  Injunction Order."

17      E.      On or about September 21, 2006, the FTC filed an amended complaint in the

18  Florida Action which included claims against the Debtor and another billing aggregator.  The

19  Debtor filed an answer denying the FTC's allegations.

20      G.      The Receiver filed a motion in the Florida Action asking that the Debtor be

21  required to show cause why it should not be held in contempt for not turning over to the Receiver

22  upon his demand certain reserves withheld from Access One and Network One.  The Debtor filed

23  a response opposing such relief on numerous grounds.

24      H.      On September 14, 2007, the Florida Court issued its "Omnibus Order" (the

25  "Omnibus Order") which provided as follows:

26              Integretel shall show cause in writing within 10 days of the
                date of this Order why it should not be held in contempt for
27              failure to turn over the reserves.  In addition, Integretel shall
                provide a sworn statement identifying the amount of reserves
28              as of the issuance of the TRO.  The Court further orders that

-1-

1    these funds shall be placed in a segregated receivership
2    account.

3    I.    On September 16, 2007, the Debtor filed a voluntary petition for relief under

4    chapter 11, title 11 of the United States Code, commencing bankruptcy case number 07-52890

5    (the "Bankruptcy Case") in the Bankruptcy Court for the Northern District of California – San

6    Jose Division (the "Bankruptcy Court").

7    J.    The Debtor continues to operate and manage its business as a debtor in possession

8    pursuant to 11 U.S.C. §§ 1107 and 1108.

9    K.    The Debtor filed in the Bankruptcy Case an emergency motion to use cash

10   collateral (as such motion was revised and amended, the "Cash Collateral Motion"). The Receiver

11   opposed the Cash Collateral Motion. An initial hearing on the Cash Collateral Motion was held

12   on September 21, 2007.

13   L.    On September 21, 2007, the Florida Court entered its "Order Granting Motion For

14   Clarification As To Scope Of Stay." In that order, the Florida Court stated that the Omnibus Order

15   required the Debtor to immediately transfer the current reserve amount ($1,762,762.56) to the

16   Receiver.

17   M.    A continued hearing was held on the Debtor's Cash Collateral Motion on

18   September 26, 2007. At that hearing, the Receiver agreed to withdraw his opposition to the

19   Debtor's Cash Collateral Motion based upon an agreement between the Debtor and the Receiver

20   which is the subject of this Stipulation.

21   N.    The parties wish to resolve their disputes, at least on a temporary basis as set forth

22   in this Stipulation, regarding the Debtor's interim use of cash collateral and the contempt

23   component of the Florida Action.

24                                    **STIPULATION**

25        NOW, THEREFORE, IT IS HEREBY AGREED AND STIPULATED, BY AND

26   BETWEEN THE DEBTOR AND THE RECEIVER, THROUGH THEIR RESPECTIVE

27   COUNSEL OF RECORD IN THE BANKRUPTCY CASE, AS FOLLOWS:

28   1.    The Debtor shall as soon as practicable deposit or transfer the sum of

-2-

1    $1,762,762.56 (the "Disputed Funds") into a segregated, blocked, debtor in possession bank

2    account of the Debtor in the name of the Debtor as debtor in possession (the "Blocked Account").

3    Neither the Debtor nor any party shall be authorized to remove any funds from the Blocked

4    Account without a prior, written order of the Bankruptcy Court authorizing the removal of any

5    such funds. No advantage or prejudice shall arise in favor of any person, including the Debtor, the

6    Receiver, or any other party by the Debtor's deposit or transfer of the Disputed Funds into the

7    Blocked Account, including without limitation that no implication as to ownership, possession,

8    liens or other claims of right shall arise in any person's favor with respect to the Disputed Funds

9    by the Debtor's placement of the Disputed Funds into the Blocked Account. All parties reserve all

10   of their rights, claims and defenses with respect to the Disputed Funds, and nothing in this

11   Stipulation or the order approving this Stipulation shall in any way affect the merits of such

12   parties' rights, claims and defenses. The Debtor and the Receiver agree that the terms of the

13   "Order Approving Emergency Motion For Order Authorizing Use Of Existing Cash Management

14   System And Bank Accounts" (the "Cash Management Order") and the "Order Approving Interim

15   Use Of Cash Collateral And Granting Replacement Liens And Approving First Amended

16   Stipulation With PaymentOne Corporation Regarding Use Of Cash Collateral And Adequate

17   Protection On An Interim Basis" (the "Interim Cash Collateral Order") shall be deemed amended

18   and/or revised to the limited extent necessary to effectuate the Debtor's deposit or transfer of the

19   Disputed Funds into the Blocked Account.

20        2.    The Debtor and the Receiver will promptly take appropriate steps to obtain the

21   entry of an agreed order in the Florida Action, the operative language of which shall state (in its

22   entirety) as follows:

23        ORDERED AND ADJUDGED that in light of Integretel's placement of
          $1,762,762.56 into a segregated, blocked account that is being supervised
24        by the Bankruptcy Court, without waiver or prejudice to any party's
          claims, and in light of Integretel's agreement that it cannot and will not
25        remove any portion of such funds absent prior, written order from the
          Bankruptcy Court, the Omnibus Order dated September 13, 2007 and
26        entered September 14, 2007 [DE 610] is hereby stayed through October
          17, 2007 insofar as it relates to Integretel only, as are all proceedings to
27        enforce the Omnibus Order vis-à-vis Integretel only (including but not
          limited to the issuance of a contempt order and/or the payment deadline
28        established in the Court's "Order Conditionally Granting Integretel's

-3-

STIPULATION BETWEEN DEBTOR AND DAVID R.
CHASE AS RECEIVER 0460

RER-33    2312

1    Emergency Motion for Stay Pending Appeal").

2            ORDERED AND ADJUDGED that the temporary stay of the Omnibus
     Order referred to above does not stay the continued litigation of the FTC's
3    claims under the FTC Act, even as to Integretel, which is unaffected by
     this Order.  Further, the temporary stay of the Omnibus Order referred to
4    above has no effect on defendant BSG's obligation to comply with the
     Omnibus Order (including but not limited to the payment deadline).

5

6        3.      This Stipulation shall remain in effect until further order of the Bankruptcy Court,

7    but the parties agree not to seek to terminate or modify this Stipulation as of a date before October

     15, 2007.
8

9        4.      This Stipulation is subject to Bankruptcy Court approval.  The parties agree to

10   promptly seek an order from the Bankruptcy Court approving this Stipulation.

11
                            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12   Dated: October 1, 2007

13
                                 By:    /s/ Steven B. Sacks
14                                       MICHAEL H. AHRENS
                                         STEVEN B. SACKS
15                                       JEFFREY K. REHFELD

16                            Attorneys for The Billing Resource, dba Integretel

17

18
                            DANNING, GILL, DIAMOND & KOLLITZ, LLP
19   Dated: October 1, 2007

20
                                 By:    /s/ Walter K. Oetzell
21                                       WALTER K. OETZELL

22
                            Attorneys for David R. Chase, Federal Receiver of
23                          Access One Communications, Inc. and Network One Services,
                            Inc.
24

25

26

27

28
                                          -4-
     W02-WEST:FJR\400442722.3              STIPULATION BETWEEN DEBTOR AND DAVID R.
                                           CHASE AS RECEIVER 0.461

Exhibit 24

1 | SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2 | A Limited Liability Partnership
Including Professional Corporations
3 | MICHAEL H. AHRENS,
Cal. Bar No. 44766
4 | STEVEN B. SACKS, Cal. Bar No.
98875
5 | JEFFREY K. REHFELD,
Cal. Bar No. 188128
6 | ORI KATZ, Cal. Bar No. 209561
Four Embarcadero Center, 17th Floor
7 | San Francisco, California 94111-4106
Telephone:    415-434-9100
8 | Facsimile:    415-434-3947

OCT 1 2007

The following constitutes the
Order of the Court. Signed ____10__)__2__)____200_7_

HON. ARTHUR S. WEISSBRODT
United States Bankruptcy Judge

10 | Proposed Attorneys for The Billing
Resource,
11 | dba Integretel

12 | UNITED STATES BANKRUPTCY COURT

13 | NORTHERN DISTRICT OF CALIFORNIA

14 | SAN JOSE DIVISION

15

16 | In re                                    Case No. 07-52890

17 | The Billing Resource, dba Integretel,    Chapter 11

18 |                    Debtor.             **ORDER APPROVING STIPULATION
BETWEEN DEBTOR AND DAVID R.
19 | Tax ID: 33-0289863                      CHASE AS RECEIVER REGARDING
PLACEMENT OF FUNDS INTO A
20 |                                         SEGREGATED, BLOCKED BANK
ACCOUNT AND STAY OF CERTAIN
21 |                                         LITIGATION**

22 |
                                          Date:        September 26, 2007
23 |                                        Time:        2:15 p.m.
                                          Place:       United States Bankruptcy Court
24 |                                                     280 South First Street
                                                      San Jose, California
25 |                                        Judge:       Hon. Arthur S. Weissbrodt
                                          Courtroom:   3020
26 |

27 |

28 |

W02-WEST:FJR\400442970.2                                        ORDER.

1    A hearing (the "Hearing") was held in the above-captioned bankruptcy case (the

2    "Bankruptcy Case") at the above-referenced date and time before the undersigned United States

3    Bankruptcy Judge on the motion to use cash collateral by The Billing Resource, dba Integretel, a

4    California corporation (the "Debtor").    David R. Chase as court-appointed receiver (the

5    "Receiver") for Nationwide, Access One, Network One, and their affiliates, had filed oppositions

6    to the Debtor's cash collateral motion.    Appearances were made as noted in the record at the

7    Hearing.    At the Hearing, the Debtor and the Receiver informed the Court that they had reached a

8    stipulation which resolves their disputes on a temporary basis.    Thereafter, the parties filed in this

9    Bankruptcy Case their "Stipulation Between Debtor And David R. Chase As Receiver Regarding

10    Placement Of Funds Into A Segregated, Blocked Bank Account And Stay Of Certain Litigation

11    Proceedings" (the "Stipulation").

12    The Court having considered the Stipulation and the parties arguments at the Hearing, and

13    good cause appearing for granting the relief requested in the Stipulation,

14    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

15    1.    The "Stipulation Between Debtor And David R. Chase As Receiver Regarding

16    Placement Of Funds Into A Segregated, Blocked Bank Account And Stay Of Certain Litigation

17    Proceedings" (the "Stipulation") is approved.

18    2.    This Order is valid immediately and is fully effective upon its entry.

19    3.    The Debtor shall as soon as practicable deposit or transfer the sum of

20    $1,762,762.56 (the "Disputed Funds") into a segregated, blocked, debtor in possession bank

21    account of the Debtor in the name of the Debtor as debtor in possession (the "Blocked Account").

22    Neither the Debtor nor any party shall be authorized to remove any funds from the Blocked

23    Account without a prior, written order of the Bankruptcy Court authorizing the removal of any

24    such funds.    No advantage or prejudice shall arise in favor of any person, including the Debtor, the

25    Receiver, or any other party by the Debtor's deposit or transfer of the Disputed Funds into the

26    Blocked Account, including without limitation that no implication as to ownership, possession,

27    liens or other claims of right shall arise in any person's favor with respect to the Disputed Funds

28    by the Debtor's placement of the Disputed Funds into the Blocked Account.    All parties reserve all

-1-

W02-WEST:FJR\400442970.2                                                          ORDER

00463

1   of their rights, claims and defenses with respect to the Disputed Funds, and nothing in the

2   Stipulation or this Order shall in any way affect the merits of such parties' rights, claims and

3   defenses. The terms of the "Order Approving Emergency Motion For Order Authorizing Use Of

4   Existing Cash Management System And Bank Accounts" (the "Cash Management Order") and the

5   "Order Approving Interim Use Of Cash Collateral And Granting Replacement Liens And

6   Approving First Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash

7   Collateral And Adequate Protection On An Interim Basis" (the "Interim Cash Collateral Order")

8   shall be deemed amended and/or revised to the limited extent necessary to effectuate the Debtor's

9   deposit or transfer of the Disputed Funds into the Blocked Account.

10      4.      All parties reserve all of their rights to bring a motion before the Bankruptcy Court

11   seeking to terminate or modify the Stipulation or this Order as of October 15, 2007 or thereafter.

12

13                            ** END OF ORDER **

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:FJR\400442970.2

-2-

ORDER

00464

1 | COURT SERVICE LIST

2

3 | Office of the U.S. Trustee
Office of the U.S. Trustee
4 | Attn: Edwina Dowell, Esq.
280 South First Street, Room 268
5 | San Jose, CA  95113

6 | The Billing Resource dba Integretel
The Billing Resource dba Integretel
7 | Attn:  Ken Dawson
5883 Rue Ferrari
8 | San Jose, CA  95138

9 | Proposed counsel for The Billing Resource dba Integretel
Sheppard, Mullin, Richter & Hampton LLP
10 | Attn:  Michael H. Ahrens, Esq.
4 Embarcadero Center, 17th Floor
11 | San Francisco, CA  94111-4106

12 | The Receiver David Chase
Walter Oetzell, Esq.
13 | Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, Third Floor
14 | Los Angeles, California 90067-2904

15 | Jeffrey C. Schneider, Esq.
Tew Cardenas LLP
16 | Four Seasons Tower, Fifteenth Floor
1441 Brickell Avenue
17 | Miami, Florida 33131-3407

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER

00465

RER-33    2317

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EXHIBIT _25_

CASE NO. 06-80180-Civ-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

NATIONWIDE CONNECTIONS, INC.,
*et al.*,

        Defendants.

_____/

### JOINT MOTION OF THE RECEIVER AND DEFENDANT THE BILLING RESOURCE D/B/A INTEGRETEL FOR THREE-WEEK STAY OF OMNIBUS ORDER

    David R. Chase, not individually, but solely in his capacity as receiver ("the Receiver"), and defendant the Billing Resource d/b/a Integretel ("Integretel") jointly move that the Court enter the accompanying agreed order staying the Omnibus Order for a period of three weeks, during which time the $1,762,762.56 in disputed funds (the "Disputed Funds") will be maintained in a segregated and blocked debtor-in-possession account under the control of the bankruptcy court ("the Blocked Account") and will not be withdrawn from that account except by prior, written order of that court. In support of this motion, the Receiver and Integretel state as follows.

    As the Court knows, Integretel has filed a motion in the bankruptcy court for authority to use cash collateral. As of the commencement of Integretel's bankruptcy filing, at least some of the funds that it was seeking to use in connection with its cash collateral motion included the Disputed Funds. A hearing on that motion was held on Wednesday, September 26. At that hearing, the bankruptcy court asked Integretel if it could operate its business for a three-week

period without using the Disputed Funds. Integretel's counsel indicated that it could, so the

bankruptcy court strongly urged that, instead of litigating the cash collateral motion, the parties

simply agree to (a) place the Disputed Funds in the Blocked Account for three-weeks, and

(b) ask this Court for a three-week stay of the contempt proceeding. During that time, Integretel

could pursue discussions with a potential buyer for one of its subsidiaries, and devote more of its

attention to its reorganization efforts.

Based on this request from the bankruptcy court, and subject to the conditions placed on

the Blocked Account, Integretel and the Receiver agreed to ask this Court for a three-week stay

of all deadlines and proceedings relating to the September 14 Omnibus Order, provided that

Integretel maintain the Disputed Funds in the Blocked Account. The FTC does not oppose such a

stay of the Omnibus Order.

The Receiver and Integretel have entered into a stipulation in the bankruptcy court

memorializing this agreement ("the Stipulation"). A copy of that stipulation is attached to this

motion as Exhibit 1 and its terms are incorporated herein by reference. The Stipulation has been

approved by the bankruptcy court. A copy of the order approving the stipulation is attached as

Exhibit 2.

The Stipulation provides that no advantage or prejudice shall arise in favor of any person,

including Integretel, the Receiver, or any other party by Integretel's deposit or transfer of the

Disputed Funds into the Blocked Account, including without limitation that no implication as to

ownership, possession, liens or other claims of right shall arise in any person's favor with respect

to the Disputed Funds by Integretel's placement of those into the Blocked Account. The

Stipulation further provides that all parties reserve all of their rights, claims and defenses with

-2-

respect to the Disputed Funds, and nothing in the Stipulation or the order approving the

Stipulation will in any way affect the merits of such parties' rights, claims and defenses.

The Receiver is satisfied that the three-week stay that is agreed to in the Stipulation and

that is sought by this motion will adequately protect his interests and claims with respect to the

Disputed Funds during the period that the stay remains in effect.

WHEREFORE, the Receiver and Integretel jointly request that the Court enter the

accompanying agreed order.

Respectfully submitted,

/s/ Scott B. Newman
Scott B. Newman, Florida Bar No. 339717
Martin J. Alexander, Florida Bar. No. 346845
HOLLAND & KNIGHT LLP
222 Lakeview Ave., Suite 1000
West Palm Beach, Florida 33401
scott.newman@hklaw.com
marty.alexander@hklaw.com
Tel.:   (561) 833-2000
Fax:   (561) 650-8399

/s/ Neal Goldfarb
Richard H. Gordin, Pro hac vice
Neal Goldfarb, Pro hac vice
TIGHE PATTON ARMSTRONG TEASDALE PLLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20006
rgordin@tighepatton.com
ngoldfarb@tighepatton.com
Tel.:   (202) 454-2800
Fax:   (202) 454-2805

*Counsel for The Billing Resource d/b/a*
*Integretel*

/s/ Jeffrey C. Schneider
Jeffrey C. Schneider, P.A.,
Florida Bar No. 933244
Patrick J. Rengstl
Florida Bar No. 0581631
TEW CARDENAS LLP
Four Seasons Tower—15th Floor
1441 Brickell Avenue
Miami, FL  33131
jcs@tewlaw.com
pjr@tewlaw.com
305-536-1112 telephone
305-536-1116 facsimile

*Attorneys for Receiver David R. Chase*

-3-

## Certificate of Service

I HEREBY CERTIFY that on October 9, 2007, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document

is being served this day on all counsel of record or pro se parties identified on the attached

Service List in the manner specified, either via transmission Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are

not authorized to receive electronic Notices of Electronic Filing.

_/s/ Scott B. Newman_
Scott B. Newman

00469

**SERVICE LIST**
**Federal Trade Commission vs. Nationwide Connection, Inc., et al**
**Case No. 06-80180-Civ-Ryskamp/Vitunac**

**CM/ECF Notice List:**

LAURA M. KIM, ESQ.
lkim@ftc.gov and ereid@ftc.gov
MICHAEL J. DAVIS, ESQ.
mdavis@ftc.gov
COLLOT GUERARD, ESQ.
cguerard@ftc.gov and cguerard@comcast.net
RICHARD McKEWEN, ESQ.
rmckewen@ftc.gov
ROBERT SCHOSHINSKI, ESQ.
rschoshinski@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., N.W., Room 286
Washington, DC 20580
202-326-3734 telephone (Kim)
202-326-3395 facsimile
*Attorneys for Plaintiff Federal Trade
Commission*

MARK D. JOHNSON, ESQ.
MarkDJohnsonPA@bellsouth.net
Mark D. Johnson, P.A.
10 Central Parkway, Suite 210
Stuart, Florida 34994
772-223-7700 telephone
772-223-1177 facsimile
*Attorneys for Defendants, Yaret Garcia, Erika
Riaboukha and Qaadir Kaid*

MICHAEL GARRETT AUSTIN, ESQ.
maustin@mwe.com
305-347-6517 telephone
STEVEN E. SIFF, ESQ.
ssiff@mwe.com
305-347-6511 telephone
McDermott Will & Emery LLP
201 S Biscayne Boulevard
Suite 2200
Miami, FL 33131-4336
347-6500 facsimile
*Attorneys for Defendants Billing Concepts, Inc.,
ACI Billing Services, Inc. d/b/a OAN, and BSG
Clearing Solutions North America, LLC*

ANDREW G. BERG, ESQ.
ABerg@kslaw.com
CAROLYN TAPIE, ESQ.
ctapie@kslaw.com
KEVIN DINAN, ESQ.
KDinan@kslaw.com
JOHN-DAVID THOMAS, ESQ.
jthomas@kslaw.com
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-4704
202-737-0500 telephone
202-626-3737 facsimile
*Attorneys for Defendants Billing Concepts,
Inc., ACI Billing Services, Inc. d/b/a OAN, and
BSG Clearing Solutions North America, LLC*

ROSANNE BRADY, ESQ.
Rosanne@macalusolaw.com
PETER N. MACALUSO, ESQ.
peter@macalusolaw.com
The Law Office of Peter N. Macaluso
3302 N. Tampa Street
Tampa, FL 33603
813-251-2831 telephone
813-228-7004 facsimile
*Attorneys for Crossclaim defendant/Third-party*
*defendant Ronny Morrillo*

JEFFREY C. SCHNEIDER, ESQ.
jcs@tewlaw.com
PATRICK J. RENGSTL
pjr@tewlaw.com
MICHELLE T. VISIEDO-HIDALGO, ESQ.
mtv@tewlaw.com
Tew Cardenas LLP
Four Seasons Tower—15th Floor
1441 Brickell Avenue
Miami, FL 33131
305-539-2481 telephone
305-536-1116 facsimile
*Attorneys for Receiver David R. Chase*

DERICK J. RODGERS, ESQ.
drodgers@lawdcm.com
Davis Cedillo & Mendoza Inc
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, TX 78212
210-822-6666 telephone
210-822-1151 facsimile
*Attorneys for Defendants Billing Concepts, Inc.,*
*ACI Billing Services, Inc. d/b/a OAN, and BSG*
*Clearing Solutions North America, LLC*

GARY M. DUNKEL, ESQ.
dunkelg@gtlaw.com
JASON H. OKLESHEN, ESQ.
okleshenj@gtlaw.com
Greenberg Traurig
Phillips Point – East Tower, Suite 300-E
777 South Flagler Drive
West Palm Beach, FL 33401
561-650-7900 telephone
561-655-6222 facsimile
*Attorneys for Interested Party BHD/Web, LLC*

DIANE NOLLER WELLS, ESQ.
dwells@devinegoodman.com
Devine Goodman Pallet & Wells, PA
777 Brickell Avenue, Suite 850
Miami, FL 33131
305-374-8200 telephone
305-374-8208 facsimile
*Attorneys for Second Churchill Way,LLC*

MICHAEL WOODBURY, ESQ.
michael.woodbury@woodbury-santiago.com
Two Datran Center—Penthouse 1A
9130 South Dadeland Boulevard
Miami, FL 33156
305-669-9570 telephone
305-669-8616 facsimile
*Attorneys for Grunspan Trust, et al*

HENRY W. JOHNSON
hjohnson@jzwlawfirm.com
Hume & Johnson
1401 University Drive, Suite 301
Coral Springs, FL 33071
954-755-9880 telephone
*Attorneys for Interested Party John J. Smith*

JOHN W. CHAPMAN, JR., ESQ.
jchapman@nhlslaw.com
Norton Hammersley Lopez & Skokos
1819 Main Street, Suite 610
Sarasota, FL 34236
941-954-4691 telephone
941-954-2128 facsimile
*Attorneys for ThirdParty Plaintiff Systems &*
*Services Technologies*

00471

RER-33    2323

ROBERT M. WEINBERGER, ESQ.
rmw@fcohenlaw.com
Cohen Norris Scherer Weinberger & Wolmer
712 U.S. Highway 1, Suite 400
North Palm Beach, FL 33408
*Attorneys for Interested Party Denise McCann*

ROBERT VOSS FITZSIMMONS, ESQ.
rvf@kubickidraper.com
Kubicki Draper
City National Bank Building
25 W Flagler Street, Penthouse
Miami, FL 33130-1712
305-982-6741 telephone
305-374-7846 facsimile
*Attorneys for AmeriCredit Financial Services*

BRUCE ERIC BLOCH, ESQ.
sblawfirm@aol.com
Sapurstein & Bloch PA
9700 South Dixie Highway, Suite 1000
Miami, FL 33156
305-670-9500 telephone
305-670-6900 facsimile
*Attorneys for J P Morgan Chase Bank, N.A.*

THOMAS G. LONG, ESQ.
tlong@barnettbolt.com
HILDEGUND P. WANDERS, ESQ.
Barnett Bolt Kirkwood & Long
601 Bayshore Boulevard, Suite 700
Tampa, FL 33606
813-253-2020 telephone
813-251-6711 facsimile
*Attorney for BMW Financial Services*

CHAD A. DEAN, ESQ.
chad@schuylaw.com
Schuyler Stewart Smith
118 West Adams Street, #800
Jacksonville, FL 32202
904-353-5884 telephone
904-353-5994 facsimile
*Attorneys for Primus Automotive Financial Services and Ford Motor Co. Credit Co.*

THEODORE J. LEOPOLD, ESQ.
tleopold@riccilaw.com
Ricci Leopold
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
561-684-6500 telephone
561-515-2610 facsimile
*Attorneys for Interested Party Mercantile Bank*

**Manual Notice List:  (via U.S. Mail)**

WILLOUGHBY FARR, Inmate No. 653974
Avon Park Correctional Institution
PO Box 1100
County Road 64 East
Avon Park, FL 33926-1100
*Defendant, Pro Se*

MICHAEL DAVID McDONOUGH, ESQ.
12794 Forest Hill Blvd., Suite 19D
Wellington, FL 33414
561-791-0590 telphone
*Attorney for Crossclaim defendants/Third-party defendants German Miranda and Jesus Sandoval*

MARY LOU FARR
c/o James Stonehill
1006 Churchill Circle South
West Palm Beach, FL 33405
*Defendant, Pro Se*

Jessy Mendoza
6117 Blue Grass Circle
Lake Worth, FL 33463

00472

RER-33      2324

Exhibit 26

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2 |   Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3 | STEVEN B. SACKS, Cal. Bar No. 98875
   JEFFREY K. REHFELD, Cal. Bar No. 188128
4 | ORI KATZ, Cal. Bar No. 209561
   Four Embarcadero Center, 17th Floor
5 | San Francisco, California  94111-4106
   Telephone:    415-434-9100
6 | Facsimile:    415-434-3947
   Email:        mahrens@sheppardmullin.com
7 |               ssacks@sheppardmullin.com
                  jrehfeld@sheppardmullin.com
8 |               okatz@sheppardmullin.com

9 | Proposed Attorneys for THE BILLING RESOURCE,
   dba INTEGRETEL
10|
                    UNITED STATES BANKRUPTCY COURT
11|                 NORTHERN DISTRICT OF CALIFORNIA
                           [SAN JOSE DIVISION]
12|

13| In re                                          Case No. 07-52890

14| THE BILLING RESOURCE, dba INTEGRETEL,           Chapter 11
   a California corporation,
15|
                    Debtor.
16|                                                 Adv. Proc. No. 07-05156
   Tax ID: 33-0289863
17|                                                 EMERGENCY MOTION FOR
                                                    TEMPORARY RESTRAINING
18| THE BILLING RESOURCE, dba INTEGRETEL,           ORDER AND ORDER TO SHOW
   a California corporation,                        CAUSE REGARDING
19|                                                 PRELIMINARY INJUNCTION
                    Plaintiff,                      AND DECLARATORY RELIEF
20|
        v.                                          Date:      September 26, 2007
21|                                                 Time:      2:15 p.m.
   FEDERAL TRADE COMMISSION, and DAVID              Place:     United States Bankruptcy
22| R. CHASE, not individually, but solely in his   Court:     280 South First Street
   capacity as receiver for Nationwide Connections,            San Jose, California
23| Inc., Access One Communications, Inc., Network  Judge:     Arthur S. Weissbrodt
   One Services, Inc., 411TXT, Inc., CELL-INFO-     Courtroom: 3020
24| USA, INC., Enhanced Billing Services, Inc., Toll
   Free Connect, Inc., Cripple Creek Holdings, LLC,
25| Built to Last, LLC, Not Fade Away, LLC, He's
   Gone, LLC, The Other One, LLC, Turn on Your
26| Love Light, LLC, China Cat Sunflower, LLC, Lazy
   River Road Holdings, LLC,
27|
                    Defendant.
28|

1  TO THE DEFENDANTS: FEDERAL TRADE COMMISSION, AND DAVID R. CHASE,[1]
   AND THEIR RESPECTIVE ATTORNEYS OF RECORD, THE UNITED STATES
2  TRUSTEE, AND CERTAIN PARTIES IN INTEREST INCLUDING THEIR ATTORNEYS
   OF RECORD:
3

4          The Billing Resource, dba Integretel, a California corporation and the plaintiff in

5  this action ("Plaintiff" or the "Debtor"), hereby files this motion (the "Emergency Motion") and

6  moves the Court on an emergency basis for a temporary restraining order and an order to show

7  cause why a preliminary injunction should not be entered against the Federal Trade Commission

8  (the "FTC"), David R. Chase (the "Receiver") and all persons acting in concert or participating

9  with the FTC and the Receiver, or either of them.

10          This Emergency Motion is made pursuant to Section 105 of the Bankruptcy Code,

11  Bankruptcy Local Rules 1001-2(a)(54), 7007-1 and 9013-1 and Northern District Local Rule 65-1.

12                                      DISCUSSION

13          By way of the Emergency Motion the Debtor seeks to stay the proceedings against

14  the Debtor in the action (the "Florida Action") brought by the FTC against the Debtor in the

15  United States District Court for the Southern District of Florida (the "Florida Court"), including

16  the enforcement of orders made in the Florida Action for the payment of money.  Among those

17  orders is an order (the "Payment Order") for the Debtor to pay the Receiver an amount in excess

18  of $1.7 million.  The Florida Court has ruled the Payment Order is not subject to the automatic

19  stay.  The Debtor strenuously disagrees with that ruling and has filed an appeal to the Eleventh

20  Circuit Court of Appeals.  Only this Court, however, can issue a stay pursuant to Bankruptcy Code

21  section 105 based upon its consideration of the Debtor's reorganization and the effect of the

22  Florida Action on this bankruptcy case.

23

24

25  [1] References in this motion to "David R. Chase" are to David R. Chase not individually, but solely
    in his capacity as receiver for the following entities: Nationwide Connections, Inc., Access One
26  Communications, Inc. ("Access One"), Network One Services, Inc. ("Network One"), 411TXT,
    Inc., CELL-INFO-USA, INC., Enhanced Billing Services, Inc., Toll Free Connect, Inc., Cripple
27  Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's Gone, LLC, The Other One,
    LLC, Turn on Your Love Light, LLC, China Cat Sunflower, LLC, Lazy River Road Holdings,
28  LLC, or certain of them, not individually.

1    The Debtor seeks a temporary restraining order and an order to show cause why a

2    preliminary injunction should not be issued.  Such relief is sought on the basis that: (a) the Debtor

3    has a reasonable likelihood of a successful reorganization, (b) the Debtor will suffer irreparable

4    harm and severe hardship if it is required to defend the Florida Action or comply with the Payment

5    Order, (c) no serious hardship will befall the FTC or the Receiver if the Florida Action is stayed,

6    (d) serious questions are raised regarding the protection of the Debtor's rights under the

7    Bankruptcy Code, and the balance of hardships tips strongly in favor of the granting a temporary

8    restraining order and a preliminary injunction, and (e) granting a stay under these circumstances

9    consistent with the public interest.  Each of these points is discussed in detail in the concurrently

10   filed memorandum of points and authorities (the "Memorandum") in support of this Emergency

11   Motion and the other supporting papers.

12   Pursuant to Federal Rule of Bankruptcy Procedure 7065, the Debtor requests that

13   such a temporary restraining order be issued without compliance with Federal Rule of Civil

14   Procedure 65(c).  Unless the Debtor obtains immediate relief from this Court, the Debtor will be

15   unable to stay in business, pursue reorganization under Chapter 11, or treat its unsecured

16   prepetition creditors equally.

17   A proposed order granting the relief requested in this Emergency Motion, including

18   the requested temporary restraining order is attached to this Emergency Motion as Exhibit A.  A

19   copy of the complaint filed in the above-referenced adversary proceedings is attached to the

20   Declaration of Steven B. Sacks as Exhibit C.

21   The relief sought is based on this Emergency Motion, the accompanying

22   Memorandum, the concurrently filed declarations of Ken Dawson (the "Dawson Declaration"),

23   Steven B. Sacks (the "Sacks Declaration"), and Neal Goldfarb (the "Goldfarb Declaration"), the

24   Proposed Order, the record in this bankruptcy case and this adversary proceeding, and any

25   admissible evidence presented to the Court at or prior to the hearing on this Emergency Motion.

26   WHEREFORE, the Debtor requests that the Court: (a) grant the relief requested in

27   this Emergency Motion and enter a temporary restraining order and an order to show cause why a

28

EMERGENCY MOTION FOR TRO AND OSC RE
PRELIMINARY INJUNCTION 475

1  preliminary injunction should not be entered as requested, and (b) grant such other relief as the

2  Court deems necessary and appropriate.

3  Dated:  September 24, 2007

4                                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6                              By      /s/ Steven B. Sacks

7                                            MICHAEL H. AHRENS
                                             STEVEN B. SACKS

8                                  Proposed Attorneys for Plaintiff and Debtor, The
9                                      Billing Resource, dba Integretel

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 27

**Partial Unofficial Transcript
of Oct. 2, 2007 Hearing in Bankruptcy Court
on Integretel's Motion for an Injunction Under 11 U.S.C. § 105**

**Transcript prepared by counsel for Integretel
from audio recording**

Mr. Mora:[1]   Secondly, this whole argument about FTC trying to move to the head of the line on any monetary claims that we eventually obtain, that's not accurate either. We've admitted in our papers and it's the law that (1) our action is exempt from the stay under 362(b)(4); and in terms of monetary relief, we can ask the district court to fix the amount of our claim but we're left with a certain claim in this court.

The Court:   Well, is that really your position? Because then you wouldn't be asking for a $1.7 million to be turned over to you in the Florida court and you'd be telling them that you'll agree to have that $1.7 million just sit there indefinitely, and my understanding is that you haven't yet done that.

Mr. Mora:   Well, your Honor, that's different. That $1.7 pertains to the contempt proceeding.

The Court:   Right, but the contempt proceeding relates to the merits underlying … the $1.7 has to have some meaning behind it and, and, it, it, a meaning where … of it … is you're claiming an entitlement to that money. Uh, and if the money is preserved, then … if … if you're claiming you're entitled to money, you're moving to the head of the line or attempting to move to the head of the line with respect to $1.7. If you agree that the money can be held, pending final adjudication and whatever appeals there are, then that's a different matter, and I don't know how to read what you've just said.

Mr. Mora:   Well, Your Honor, well, the $1.7 is an amount that the district court ordered had to be turned over…

---

1.  Counsel for FTC.

| | |
|---|---|
| The Court: | But that puts you to the head of the line. Can you explain the relationship between your pursuing ... I mean, that was before they were in bankruptcy. |
| Mr. Mora: | Sure. |
| The Court: | Can you explain the relationship between your pursuing the district court order ... to try to enforce the district court order to have $1.7 turned over to ... to you, and your statement that you're not trying to go to the head of the line? |
| Mr. Mora: | Yes, Your Honor. First of all, it's not a turnover order in favor of the Federal Trade Commission. It's in favor of the Receiver and it was issued because the district court found that on the Receiver's motion for an order to show cause, holds Integretel in contempt. That those funds constituted property of the receivership estate... |
| The Court: | But, was there an adjudication on the merits? |
| Mr. Mora: | Yes, there was, Your Honor. |
| The Court: | On the merits, the underlying merits of the $1.7, there were findings of fact and conclusions of law. Was there an evidentiary hearing? |
| Mr. Mora: | No, it was a summary proceeding, your honor, because it is a, it is an equity receivership proceeding before the district court. |
| The Court: | I'll ask Mr. Oetzell. Mr. Oetzell, was there a final adjudication on the merits as to whether Integretel or the Receiver had the ultimate rights to the $1.7 million dollars in a final judgment which was appealable? |
| Mr. Oetzell:[2] | Your Honor, Mr. Schneider was taking care of that in Florida, so he's better, uh, off to, uh, answer that than I am, but my understanding is that, uh, it was, it is a summary proceeding and indeed it is on appeal, the, the debtor did appeal it, but I'll defer to Mr. Schneider on that. |

---

2. Counsel for Receiver.

00478

The Court:          Mr. Schneider, was there, was there a final judgment as to the respective rights of
                    the parties on the merits as opposed to just having the Receiver hold the money
                    for safekeeping?

Mr. Schneider:[3]   Yes, I believe there was, Your Honor, and as Mr. Oetzell just said, Integretel has
                    already filed a notice of appeals of Judge Ryskamp's order.

The Court:          And were there findings of fact and conclusions of law and a final judgment?
                    The fact that they've appealed to protect themselves doesn't mean that there was
                    really a final, appealable judgment, but you're an officer of the court, and you're
                    telling me that there was a final adjudication of the parties' respective rights
                    forever… in other words, not "You hold the money for safekeeping, but you
                    absolutely have the right to that money indefinitely, you've proven the rights?"

Mr. Schneider:      Absolutely. Judge Ryskamp's September 13th Order contains findings of fact
                    and conclusions of law. They are not separated as such, it doesn't have
                    numbered paragraphs like you see in a pleading entitled "Findings of Fact and
                    Conclusions of Law," but that is what his omnibus order contains throughout
                    it…

The Court:          I don't think you have … you … you've got a final decision on the merits as to
                    the exact amount of the judgments.

Mr. Schneider:      Absolutely, Your Honor, and it's important for the Court to understand that the
                    Receiver's contempt motion against Integretel was not predicated on the FTC's
                    enforcement action. The $1.76 million doesn't represent, for example,
                    Integretel's earnings from the relationship with AccessOne and NetworkOne.
                    These are funds that Judge Ryskamp determined were property of the
                    Receivership estate. These were reserve funds that belonged to AccessOne and
                    NetworkOne.

The Court:          Thank you. Go ahead, Mr. Mora.

---

3.  Counsel for Receiver.

| | |
|---|---|
| Mr. Mora: | Well, and Your Honor, I ... I want to get to my, my main argument here, but I, I still want to address something that the Court said. He ... the, the order, the omnibus order that was entered in favor of the Receiver on the contempt motion. It's an order for equitable relief. It's an order in aid of the injunction ... the receivership proceedings that the district court had previously ordered at the FTC's request. So, it's not a money judgment. |
| The Court: | Well, then I don't understand, how can you say that they finally adjudicated the merits of who's entitled to keep, for all time, the $1.7? Mr. Schneider says that the Receiver has a final judgment entitling the FTC, the Receiver, ah, entitling the Receiver on behalf of whom? On behalf of the Court ... |
| Mr. Schneider: | On behalf of the ... |
| The Court: | ... the FTC. Don't interrupt, Mr. Schneider. |
| Mr. Schneider: | I apologize. |
| The Court: | On behalf of the Receiver or on behalf of ... who is the Receiver representing in that context? |
| Mr. Mora: | The court, the district court. |
| The Court: | But the district court isn't entitled to the money. Who's entitled to the money for all times? Who has ... what did ...in what way has the district ... to what party has the district court determined... that's not proper English either. The district court has determined that somebody is entitled for all times, to the $1.7 million in a final judgment, is that correct? |
| Mr. Mora: | In a, in a summary proceeding, in an equity receivership, yes, Your Honor. |
| The Court: | And so, which party is entitled to the $1.7 million for all times? |
| Mr. Mora: | The receivership was established to preserve assets for consumer redress, so that at the end of the case, when a final settlement or judgment is entered, the funds |

00480

|  |  |
|---|---|
|  | in the receivership can be used to pay redress to all of the consumer victims. And that is the way these FTC fraud cases work. Just like SEC fraud cases. |
| The Court: | So, you agree that it … that the appeal is a … is properly an appeal from a final adjudication. The appeal that was taken? |
| Mr. Mora: | I think as to the discrete issue of who's property it was. |
| The Court: | Yes. |
| Mr. Mora: | Yes. The district court clearly stated in a summary proceeding that it is … it is the property of the receivership estate. |
| The Court: | For all times? |
| Mr. Mora: | Yes. |
| The Court: | Not pending resolution of some other issues between the Debtor and the Receiver? It's not being held pending resolution, final resolution of the parties' respective rights, it's a final adjudication on the merits that the Receiver, and never the debtor, is entitled to those funds. That's your understanding? |
| Mr. Mora: | That's my understanding, Your Honor, from the face of the order itself. |
| The Court: | No, but I'm … I'm … you know how these procedures work. If that what was being sought as the final judgment determining the re(not completed)… finally, the respective rights of the Receiver versus Integretel and that's the judgment that resulted from what you were seeking, at that time? Or were you seeking to preserve the $1.7 million so it was there … if at the end of the day after a final adjudication of rights, it was preserved. |
| Mr. Mora: | It's both, Your Honor. It's both… |
| The Court: | Well, it can't be both. It's either fully resolved or not fully resolved, between the Receiver and Integretel. It's either …. if Integretel still has the right to |

demonstrate that it is entitled to a portion of the $1.7 million, then it's not a final adjudication of the parties' respective rights.

Mr. Mora:     Well, Your Honor ...my understanding is, all of those issues were litigated, I mean, and when, when the Receiver filed the Receiver's motion for an order to show cause to hold them in contempt, Integretel responded with a flurry of not just opposition to that motion, but a flurry of other motions, arguing all of its alleged contract rights and other remedies and all of those ... each of those motions was decided, they were all decided against Integretel.

The Court:     Right. But here's the focus that I have ... I'm ... is lost on my efforts to communicate. It's one thing to say, "Integretel, I hear all of your arguments, but I'm not buying any of them now. You deposit this $1.7 million ... you hand this $1.7 million over to the Receiver, and we'll deal with the merits later. And I don't care what you say about all these arguments. I'm rejecting all of them for the purposes of preserving these funds. You turn the funds over." That's one thing.

It's another thing to say, "I have finally adjudicated all of Integretel's rights, you have no more rights to the $1.7 million. It's over. Now, I'm enforcing my own judgment. Turn it over."

Mr. Mora:     It's the latter, Your Honor. That's exactly what it was, the latter.

The Court:     Okay. Thank you.

Mr. Mora:     So, Your Honor, I'd like to turn to, then, the merits of Integretel's request that this court issue extraordinary relief in the form of a temporary restraining order against the government to prevent this from prosecuting a consumer protection action against Integretel. I think at ... uh ... page 1 of their brief, Integretel has conceded at the outset that the FTC's prosecution of the Florida action is not subject to the stay and while I won't argue ... I've briefed the merits of that issue in our opening brief...

The Court:     Let me just ask you a question.

-6-

| | |
|---|---|
| Mr. Mora: | Yes, Your Honor. |
| The Court: | The district court has made that determination right? |
| Mr. Mora: | Yes, Your Honor. |
| The Court: | Okay. So I'm not an appellate court. If I think in my heart of hearts and with my judicial knowledge and experience that it is subject to the automatic stay what can I do about it? |
| Mr. Mora: | We agree Your Honor. We think the District Court has decided issue already. |
| The Court: | Okay. So the fact that they haven't raised that issue with me doesn't mean they agree with the District Court. It just means that they agree that the issue has been decided. |
| Mr. Mora: | Your Honor, I'm reading from Page 1 of their opening brief. Integretel concedes that the FTC's prosecution of the Florida action is not subject to the automatic stay. |
| The Court: | Let me just go back. Mr. Ahrens or Mr. Sacks. Either one of you. Whoever is appropriate. |
| Mr. Sacks:[4] | Yes sir. |
| The Court: | Was it your position before the District Court that the stay was inapplicable?. |
| Mr. Sacks: | Well unfortunately we didn't get to brief that issue before the District Court. The Court ruled on their emergency motion without giving us a chance to respond. And I think our position was then and still is that there are aspects of their enforcement action that are excepted from the stay under 362(b)(4) but there are other aspects which unfortunately the Court has held are not subject, the Court in Florida has held they are not subject to the automatic stay that we think, are in fact, subject to the automatic stay. |

---

4.   Counsel for Integretel.

00483

The Court:      So there is your concession. It's not a concession. They basically deferred to the decision of the Florida Court with respect to those aspects they think are not subject to the stay.

Mr. Mora:       Then I'm not clear on which. I'm reading. I'm looking right at the face of there ...

The Court:      Well, I read that too and I thought it meant the same thing that they were just basically deferring to the Florida Court. They know that I'm not an appellate court and so there. Do you want him to explain to you which parts are and which parts aren't. I would take the Court's time to do that if that would be helpful to you.

Mr. Mora:       No, Your Honor. I'll proceed. Turning then to their request for an injunction pursuant to 105. As we understand it now, this hearing today only relates to the request for a temporary restraining order.

                                *   *   *

Court:          ...is debtor's request for a temporary restraining order against the continuation of the enforcement action sought by the Federal Trade Commission which I sometimes refer to as FTC, against the debtor and sixteen other defendants in the District Court for the Southern District of Florida. [break in recording]...I'll refer to as the 'Florida...[break in recording]

Court:          I am but I'm, I'm getting closer. Is that more helpful?

Ms. Guerrard:[5]   Yes.

Court:          Okay. Do you want me to start over?

Ms. Guerrard:   No. I think you can just continue...

_____

5.  Counsel for FTC.

00484

The Court:    I want you to hear all of me and without breaking into a Frank Sinatra song. In the enforcement action the FTC seeks, inter alia, a permanent injunction against debtor as well as other relief necessary to redress alleged injury to consumers resulting from the alleged violations.

The Florida action is in the final stages of discovery, with discovery scheduled to be completed by the end of this week on October 5, 2007. Dispositive motions are scheduled to be filed on November 6 with opposition to those motions to be filed on December 4. A two- to four-week trial is set to commence in the Florida action on February 25, 2008. The parties do not dispute the debtor has propounded and answered their written discovery and depositions of debtor and all of its employees have already been conducted. The debtor asserts that there are some remaining depositions noticed by the FTC and other defendants that will require the attendance of debtor's litigation counsel. Debtor does not state how many depositions scheduled in the next three weeks its litigation counsel will need to attend or the estimated amount of fees and costs debtor will incur as a result of that attendance.

Debtor also asserts that debtor will not be filing any dispositive motions but anticipates having to respond to dispositive motions filed by other parties. Debtor anticipates, on the other hand, having to spend $821,600 in litigation costs over the next six months related to depositions, discovery motions, dispositive motions, other motions, pretrial submissions, and trial. Debtor does not break out the estimated fees into the various subcategories. Debtor estimates that in addition to those fees there will be an estimated $10,000 in fees for local counsel and an estimated $50,000 to $70,000 in costs. In addition to these estimated fees and costs, debtor estimates that the debtor will incur an additional $50,000 to $150,000 in fees related to issues related to the receiver's request for the turnover of the over $1.7 million dollars that has been in dispute here.

The debtor also asserts that debtor has approximately 47 employees and at this stage of the reorganization, debtor's president is intimately involved in setting up a new program to permit Debtor to pay its customers on the front end for a portion of the receivables submitted to the debtor post-petition. The debtor's

President is also the Debtor's contact for counsel in the Florida action. The court is also aware that a 97% subsidiary of debtor is actively being marketed and Debtor's management is monitoring that potential sale.

The parties do not dispute that under Bankruptcy Code § 362(b)(4) the automatic stay does not stay portions of the Florida action. The FTC argues that this court does not have authority to stay that litigation against the debtor under Bankruptcy Code section 105. This court disagrees. Under *In Re First Alliance Mortgage Company*, 264 BR 634 (C.D. Calif. 2001), the case the parties have been referring to as *FAMCO*, this court has the legal authority to enjoin prosecution of governmental actions against the Debtor that fall within the regulatory and police powers exception of Bankruptcy Code 362(b)(4).

The standard for injunctive relief in the Ninth Circuit is well settled. The party must show either, one, a likelihood of success on the merits and the possibility of irreparable injury or, two, the existence of serious questions going to the merits and the balance of hardships tipping in its favor. The required showing of harm varies inversely with the required showing of meritoriousness. *Miss World, UK, Limited v. Miss America Pageants*, 856 F.2d 1445 at 1448 (9th Cir. 1988) and its progeny. In a reorganization context, a debtor seeking a stay against the nondebtor must show a reasonable likelihood of a successful reorganization. Here, debtor has demonstrated that debtor has a reasonable likelihood of a successful reorganization, it's called the possible sale of its 97%-owned subsidiaries, PaymentOne, or, a possible pot plan providing a pro rata distribution to unsecured creditors, or a possible plan that would issue new stock in exchange for debtor's unsecured debt. The Court finds, for TRO purposes, that debtor has shown a reasonable likelihood of a successful reorganization.

The general standard for enjoining the regulatory or police powers action under Bankruptcy Code section 105 is closely tied to the irreparable injury prong for the test for injunctive relief. *FAMCO*, 264 BR at 653. A section 105 injunction may be appropriate under circumstances where the cost of defending an action in terms of money and time taken away from the reorganization are so high in comparison to the assets of the Estate, that allowing the litigation to continue constitutes a threat to the Bankruptcy Estate. *FAMCO*, 264 BR at 655. Here,

-10-

the debtor has not made the requisite showing for a temporary restraining order for the next three weeks. Based on the record before the court, the harms of a temporary restraining order against FTC outweigh the threatened injury to the debtor. The Court acknowledges that the debtor has relatively few employees and that debtor's President is working full-time on debtor's reorganization. However, based on the declarations before the court, during the next three weeks in the enforcement action, parties other than the debtor will be completing discovery by the end of this week and then the parties will be preparing dispositive motions for filing on November 6, 2007. Debtor has acknowledged that debtor has already completed its discovery and provided its employees for deposition by the FTC and other parties. Debtor has stated that its debtor will not be filing any dispositive motions. Thus on the record before the Court, there is minimal amount of activity the debtor needs to take in the Florida action during the next three weeks. The Court notes that debtor has not provided evidence of the approximate amount of funds to be spent in this litigation, to be spent in this litigation over the next few weeks. Moreover, based on Mr. Dawson's declaration, the Florida action will require no more than several, perhaps extensive, but several telephone calls each week. On the other hand, issuing the temporary restraining order may interfere with the FTC's ability to complete discovery under the current scheduling order. Moreover, the FTC has apparently faced significant challenges trying to accommodate the schedules of multiple parties and has scheduled multiple depositions for the same day to complete discovery in the time permitted. The court finds that based on the record before the court, the harms of a temporary restraining order against FTC outweigh the threatened injury to the debtor.

However, it also appears that the current situation is a temporary lull based in part on the debtor's completion of discovery prior to the discovery cut-off and the agreement of the parties to stay until October 17, 2007 any action related to the Florida Court's September 14 order requiring, *inter alia*, debtor to turn over approximately $1.7 million dollars to the receiver. Once the agreement to stay the contempt and turnover proceedings lifts, and from early November 2007 to March 2008 there will be a likely significant increase, a dramatic increase in the

-11-

amount of time Debtor's management will be required to devote to the Florida action. First, there may well be litigation over the turnover of the funds and the contempt proceedings. Second, it is likely the debtor will need to respond to dispositive motions scheduled to be filed on November 6. Such responses will likely consume the time of Mr. Dawson and also of Debtor's other employees as well as require substantial attorney's fees and costs. In addition, there will be trial preparation for the two-to-four week trial scheduled to start on February 25, 2007 [sic], not to mention the trial itself.

Moreover, based on the record before the Court, it appears that the FTC is probably only an unsecured creditor in the Debtor's bankruptcy case. There is no evidence in the record — uh, first, uh, well let me just go back — the record is unclear to this Court as to whether the Florida Court has finally adjudicated the merits of the respective rights of the debtor and the FTC and any funds held by the debtor. It is not clear to the Court, as of this juncture, whether the Florida District Court merely ordered the approximately $1.7 million dollars turned over to the receiver for safekeeping pending a determination of competing claims of the FTC, debtor, and debtors' other similarly situated creditors, to those funds. Even if the FTC, however, has a $1.7 million final judgment as to the debtor, the debtor asserts that it held the alleged reserve funds in a commingled account. The Ninth Circuit and California courts have consistently held that a party seeking to establish a trust over commingled funds must trace those funds. *In re Advent Management Corporation*, 178 BR 480 and 499, I'm sorry, 491, (9th Cir. BAP 1995. To trace commingled funds, the test is the lowest intermediate balance test. As far as this Court is aware, no party has made any effort to trace any funds over which there may be a constructive trust. So all the FTC likely has is an unsecured claim that will share pro rata with Debtor's other unsecured creditors. Plus, it's not clear at all whether there will be funds available to pay any unsecured creditors yet, in this case, in this bankruptcy case. Thus, the Court finds that there is cause, there is cause, to issue an Order to Show Cause as to why a preliminary injunction should not be issued to enjoin the FTC from pursuing the Florida action against Debtor and to enjoin the receiver and the FTC from taking action to obtain the turnover of the approximately $1.7

-12-

million the Florida Court ordered Debtor to turn over to the receiver in the
September 14, 2007 district court order. The Court will issue an Order to Show
Cause as to why a preliminary injunction should not issue. The hearing on the
Order to Show Cause will be held uh, on October 15, at 2:00 p.m. along with a
final hearing for use of cash collateral. Since counsel for the FTC prevailed on
the motion, or the application for a TRO, I'll ask counsel for the FTC to prepare
a Form of Order unless he wants to agree that the Debtor should prepare that
Order. Case adjourned. We've disconnected all parties. Does anybody else need
to be involved in this briefing schedule.

Speaker:          Hopefully not. [laughter]

EXHIBIT "4"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP

FEDERAL TRADE COMMISSION,

        Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC.,
ACCESS ONE COMMUNICATIONS, INC.,
NETWORK ONE SERVICES, INC.,
WILLOUGHBY FARR,
MARY LOU FARR,
YARET GARCIA,
ERIKA RIABOUKHA,
QAADIR KAID,

BILLING CONCEPTS, INC.,
ACI BILLING SERVICES, INC., d/b/a OAN,
BSG CLEARING SOLUTIONS NORTH
AMERICA, LLC, and
THE BILLING RESOURCE,
d/b/a INTEGRETEL

        Defendants.

_____/

## RECEIVER'S STATUS REPORT REGARDING
## INTEGRETEL BANKRUPTCY PROCEEDING

David R. Chase, as Court-appointed receiver (the "Receiver"), respectfully submits this status report regarding the pending bankruptcy proceeding of Defendant, The Billing Resource, d/b/a Integretel ("Integretel"). The Receiver will submit a status report regarding all aspects of the receivership at the appropriate time, but the Receiver felt obligated, as an agent of this Court,[1] to

---

[1] "The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order." [DE 223, Section VIII].

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

00491

RER-33    2343

report that the Bankruptcy Court has issued an Order to Show Cause against the Receiver asking the Receiver to "show cause " why the Receiver should not be enjoined from continuing to pursue the contempt proceedings delineated in this Court's September 14, 2007 Omnibus Order (the "Omnibus Order") [DE 610].

As the Court knows from the Receiver's and Integretel's Joint Motion for Three-Week Stay of Omnibus Order [DE 639], Integretel agreed to deposit the $1,762,762.56 in reserve funds in a segregated and blocked account under the control of the Bankruptcy Court in exchange for the Receiver's agreement to join Integretel in seeking a three-week stay of this Court's Omnibus Order through October 17, 2007. At the same time, the Bankruptcy Court continued the hearing on Integretel's Motion to Use Cash Collateral to October 15, 2007.

Integretel also sought the Federal Trade Commission's ("FTC") consent to a three-week stay of this entire enforcement proceeding. Because of the other defendants involved, and the upcoming deadlines regarding discovery, motion practice, and the like, the FTC was not able to agree to that request. As a result, the Bankruptcy Court held a hearing on Integretel's Emergency Motion for a Temporary Restraining Order, which was filed in connection with the Complaint that Integretel filed in the Bankruptcy Court against the Receiver and the FTC (the "California Complaint").[2] The TRO hearing was held on October 2, 2007. A copy of the transcript of that hearing, which was just received, is attached as Exhibit A.

During the TRO hearing, the Bankruptcy Judge inquired about the meaning of this Court's Omnibus Order and the proceedings which led to its issuance. *See* Exhibit A, p. 21:2 to p. 23:6; and

---

[2] A copy of the California Complaint was attached as Exhibit A to the Receiver's Emergency Motion in Furtherance of Pending Contempt Proceeding [DE 623].

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

p. 24:9 to p. 27:10. The Bankruptcy Judge noted that "the FTC (*sic*: the Receiver) is probably only an unsecured creditor in the debtor's bankruptcy case." *See* Exhibit A, p. 48:14 to p. 48:16. The Bankruptcy Judge further noted that, "[e]ven if the FTC (*sic*: the Receiver), however, has a $1.7 million final judgment as to the debtor, the debtor asserts that it held the alleged reserves in a commingled account." *See* Exhibit A, p. 49:2 to p. 49:4. Based on the foregoing, the Bankruptcy Judge issued an Order to Show Cause as to why the Receiver should not be enjoined from continuing to pursue the contempt proceeding before this Court. *See* Exhibit A, p. 48:14 to p. 50:1.

The Receiver delayed filing this Status Report because he was waiting for the Bankruptcy Court to issue a written Order to Show Cause. That has not yet occurred, so the Receiver is attaching as Exhibit B the proposed Order to Show Cause that has been submitted to the Bankruptcy Court for issuance. The "show cause" hearing is scheduled for October 17, 2007, two days after the continued cash collateral hearing, at which the Bankruptcy Court could decide whether the rulings made by this Court in the Omnibus Order will be honored.

The Receiver feels compelled to report two concerns that arise from these developments. First, this Court has already ruled that Integretel's bankruptcy filing does not stay the Omnibus Order or the contempt proceeding against Integretel.[3] Accordingly, if the Bankruptcy Judge enjoins the Receiver from continuing to pursue the contempt proceedings, then the Receiver will be faced with conflicting Orders from this Court and the Bankruptcy Court and, quite possibly, two appeals in two fora regarding the same issue. In fact, although this Court granted Integretel's Emergency Motion for Stay Pending Appeal [DE 631], Integretel has just filed an Emergency Motion with the Eleventh

---

[3] "The commencement of Integretel's bankruptcy case does not stay either the pending contempt proceeding against Integretel, including the turnover order, or the FTC's prosecution of this consumer protection action against Integretel." [DE 619, p. 1].

3

00493

RER-33    2345

Circuit for a Stay Pending Appeal, a copy of which is attached as Exhibit C, so the Receiver is now litigating whether the Omnibus Order should be stayed in a third Court.

The Receiver's second concern is self-evident – a substantial amount of receivership funds are being depleted as a result of the Motions that the Receiver is being forced to respond to in the three Courts. Integretel's bankruptcy filing alone created the need for the Receiver to engage California bankruptcy counsel, but Integretel's California Complaint, Emergency Motion to Use Cash Collateral, and injunction papers – along with its recently-filed emergency motion in the Eleventh Circuit – have forced the Receiver's attorneys to spend an inordinate amount of time responding to the various pleadings that are being filed in the various Courts.

The Receiver will continue to provide this Court with periodic reports should the need arise.

Dated: October 12, 2007.                    Respectfully submitted,

TEW CARDENAS LLP
Counsel for David R. Chase, Receiver [4]
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131
Telephone: 305.536.1112
Facsimile: 305.536.1116

By: s:/Jeffrey C. Shneider
    Jeffrey C. Schneider, P.A.
    Florida Bar No. 933244
    E-mail: jcs@tewlaw.com

---

[4] The Receiver was appointed to take control of the assets of Willoughby Farr and Mary Lou Farr, and serve as receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., 411TXT, Inc., CELL-INFO-USA, Inc., Enhanced Billing Services, Inc., Toll Free Connect, Inc., Cripple Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's Gone, LLC, The Other One, LLC, Turn on Your Love Light, LLC, China Cat Sunflower, LLC, and Lazy River Road Holdings, LLC.

4

00494

RER-33        2346

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on October 12, 2007, we electronically filed the foregoing document with the Clerk of the Court using CS/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s:/Jeffrey C. Schneider
JEFFREY C. SCHNEIDER, P.A.

@PFDesktop\::ODMA/MHODMA/DMS_NT;Miami;494302;1

5

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

00495

RER-33       2347

*FTC v. NCI, et al*
Case No. 06-80180-CIV-RYSKAMP

### SERVICE LIST

**David R. Chase, Receiver**
David R. Chase, Receiver
1700 East Las Olas Boulevard
Penthouse 2
Fort Lauderdale, Florida 33301
Telephone: 954.920.7779
david@davidchaselaw.com

**Laura Kim, Esquire**
**Michael Davis, Esquire**
**Collot Guerard, Esquire**
**Richard McKewen, Esq.**
Federal Trade Commission
600 Pennsylvania Avenue NW
Room H-238
Washington, DC 20580
Telephone: 202.326.3734
Facsimile: 202.326.3395
lkim@ftc.gov
mdavis@ftc.gov
cguerard@ftc.gov
rmckewen@ftc.gov

**Robert Carey, Deputy Receiver**
6278 North Federal Highway
Number 418
Fort Lauderdale, Florida 33308
Telephone: 305.666.4663
careyrg@comcast.net

**Mark D. Johnson, Esquire**
*Counsel for Defendants Qaadir Kaid, Yaret Garcia, and Erika Riaboukha*
Mark D. Johnson, P.A.
10 Central Parkway
Suite 210
Stuart, Florida 34994
Telephone: 772.223.7700
Facsimile: 772.223.1177
markdjohnson@bellsouth.net

**Robert M. Weinberger, Esquire**
Cohen, Norris, Scherer, Weinberger & Wolmer
*Counsel for Creditor Denise McCann*
712 U.S. Highway 1
Suite 400
North Palm Beach, Florida 33408
Telephone: 561.844.3600
Facsimile: 561.842.4104
rmw@fcohenlaw.com

**Steven E. Siff, Esquire**
*Counsel for BSG Clearing Solutions, North America, LLC, ACI Billing Services, Inc., d/b/a OAN and Billing Concepts, Inc.*
McDermott Will & Emery, LLP
2200 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.358.3500
Facsimile: 305.347.6500
ssiff@mwe.com
maustin@mwe.com

6

00496

RER-33      2348

Thomas G. Long, Esquire
Hildegund P. Wanders, Esquire
Barnett Bolt Kirkwood Long & McBride
*Counsel for BMW Financial Services NA,LLC*
601 Bayshore Boulevard
Suite 700
Tampa, Florida 33606
Telephone: 813.253.2020
Facsimile: 813.251.6711
tlong@barnettbolt.com
hwanders@barnettbolt.com

Henry W. Johnson, Esquire
*Counsel for John J. Smith*
Johnson, Zippay & Walters, P.A
1401 North University Drive, Suite 301
Coral Springs, Florida 33701
Telephone: 954.755.9880
Facsimile: 954.755.9899
*Via U.S. Mail*

Richard Gordin, Esquire
Steven A. Lancellotta, Esquire
Tighe Patton Armstrong Teasdale, PLLC
*Counsel for The Billing Resource d/b/a Integretel*
1747 Pennsylvania Avenue, N.W.
Third Floor
Washington, D.C. 20006-4604
Telephone: 202.565.2881
Facsimile: 202.454.2805
rgordin@tighepatton.com
slancellotta@tighepatton.com
ngoldfarb@tighepatton.com

Michael Woodbury, Esquire
*Counsel for Grunspan Trust, et al*
Woodbury & Santiago, P.A.
Two Datran Center - Penthouse 1A
9130 South Dadeland Boulevard
Miami, Florida 33156
Telephone: 305.669.9570
Facsimile: 305.669.8616
michael.woodbury@woodbury-santiago.com

Jeffrey C. Schneider, Esquire
*Counsel for David R. Chase, Receiver*
Tew Cardenas LLP
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131
Telephone: 305.536.1112
Facsimile: 305.536.1116
jcs@tewlaw.com

Martin J. Alexander, Esquire
Scott B. Newman, Esquire
*Counsel for The Billing Resource d/b/a Integretel*
Holland & Knight LLP
222 Lakeview Avenue, Suite 1000
West Palm Beach, Florida 33401
Telephone: 561.650.8036
Facsimile: 561.650.8399
marty.alexander@hklaw.com
scott.newman@hklaw.com

00497

RER-33     2349

**Andrew G. Berg, Esquire**
**Carolyn Tapie, Esquire**
*Counsel for BSG Clearing Solutions, North*
*America, LLC, ACI Billing Services, Inc., d/b/a*
*OAN and Billing Concepts, Inc.*
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4706
Telephone: 202.626.2924
Facsimile:  202.626.3737
aberg@kslaw.com
ctapie@kslaw.com

**Mary Lou Farr**
*Pro Se Defendant*
1006 Churchill Circle South
West Palm Beach, Florida 33405
Telephone: 561.582.2876
*(Via U.S. Mail)*

**Willoughby Farr**
*Pro Se Defendant*
Century Correctional Institution
Willoughby Farr, Inmate Number 653974
400 Tedder Road
Century, Florida 32535-3659
*(Via U.S. Mail)*

**Jeffrey K. Rehfeld, Esq.**
**Michael H. Ahrens, Esq.**
**Geraldine A. Freeman, Esq.**
**Ori Katz, Esq.**
*Counsel for The Billing Resource d/b/a*
*Integregel*
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
*(Via U.S. Mail)*

8

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

00498

# EXHIBIT A

00499

RER-33    2351

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE ARTHUR S. WEISSBRODT, JUDGE

In Re:                              ) Case No. 07-52890-ASW
                                    ) Chapter 11
THE BILLING RESOURCE, dba           )
Integretel, a California            )
corporation,                        )
                                    )
                Debtor.             )
                                    )
_____)
                                    )
THE BILLING RESOURCE,               ) Adv. No. 07-5156
                                    )
                Plaintiff,          ) CONTINUED HEARING on
                                    ) EMERGENCY MOTION for TRO
        v.                          ) and ORDER to SHOW CAUSE
                                    ) re PRELIMINARY INJUNCTION
CHASE, et al.,                      ) and DECLARATORY RELIEF
                                    )
                Defendants.         ) Tuesday, October 2, 2007
_____) San Jose, California

Appearances:

For the Debtor              Michael H. Ahrens, Esq.
and Plaintiff/Movant:       Steven B. Sacks, Esq.
                            Sheppard Mullin Richter & Hampton
                            Four Embarcadero Center, 17th Floor
                            San Francisco, California  94111

From the Federal Trade      Michael Mora, Attorney
Commission:                 600 Pennsylvania Avenue, N.W.
                            Washington, D.C.  20580

Telephonic appearances:

Observing for               Walter K. Oetzell, Esq.
the Federal Trustee:        Danning, Gill, Diamond & Kollitz, LLP
                            2029 Century Park East, Third Floor
                            Los Angeles, California  90067-2904


                Appearances continued on next page.


PALMER REPORTING SERVICES
P. O. Box 30727   Stockton, California   95213-0727   (800) 665-6251



EXHIBIT A

00500

RER-33          2352