1   ///

2   B.   **Bill or Billing** means the submission of any billing information to a third party

3   billing processor or aggregator for the purpose of ultimate submission of that billing

4   information to a customer's bank account, local exchange company (telephone

5   company), credit card, or through any other automated billing channel intended to

6   elicit payment by the customer, but, for purposes of this Judgment, does not include a

7   written invoice delivered through the United States mail.

8   C.   **Activation Check Customer** means any individual, business, church, institution,

9   governmental agency or other organization which was initially solicited by YP Corp.

10   or Telco Billing, Inc. on behalf of YP Corp., through an Activation Check, was

11   subjected to billing by YP Corp. or Telco Billing, Inc., through an automated billing

12   channel including a Local Exchange Company (LEC) or telephone bill, an automatic

13   bank draft or ACH draft posted against the Activation Check Customer's bank account,

14   or a recurring charge posted against the credit card and that made at least one payment

15   to YP Corp. or Telco Billing, Inc.

16   D.   **Current Activation Check Customer** means any Activation Check Customer

17   which made a payment to YP Corp. or Telco Billing, Inc., directly or through a third

18   party, during the billing cycle which expired immediately prior to the Effective Date of

19   this Judgment or that billing cycle which includes December 1, 2006, whichever date

20   is earlier in time, through or in response to any automated billing channel.  Current

21   Activation Check Customer does not include any customer whose payment during this

22   same recent period was made by mailing a check to YP Corp. or Telco Billing, Inc., in

23   response to a written invoice mailed to it by YP Corp. or Telco Billing, Inc.

24   E.   **Effective Date** means the date this Judgment is filed with the Court.

25   F.   **Merchandise** shall include any objects, wares, goods, commodities, intangibles,

26   real estate, services or anything offered, directly or indirectly, to the public for sale.

27   G.   **Represent** means to state, or to imply through statements, questions, conduct,

28   graphics, symbols, lettering, formats, devices, language, documents, messages, or

3

Final Judgment Pursuant to Agreed Case

**Guerard Attachment E**
**p. 3**

Case: 07-05156    Doc #: 29    Filed: 10/15/2007    Page 46 of 55

RER-37                2617

1  through any other manner or means by which meaning might be conveyed.  For

2  purposes of this Judgment, this definition applies to other forms of the word

3  "Represent," including without limitation "Representation."  In determining the

4  express or implied meaning of a Representation that appears from the outside of a

5  mailing envelope, only matter visible without opening the envelope shall be

6  considered.

7    H.    **Settling States** are: Alaska, Arizona, Arkansas, California, Connecticut,

8  Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana,

9  Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska,

10  Nevada, New Hampshire, New Jersey, North Carolina, North Dakota, Oregon,

11  Pennsylvania, South Carolina, Tennessee, Texas, Washington, West Virginia, and

12  Wyoming.

13    I.    The **State** means the Office of the Attorney General.

14  4.    **INJUNCTIVE TERMS**.

15    A.    **Promotional Practices**

16      (1) <u>Termination of Use of Activation Checks</u>.  In connection with the

17  advertisement, offer for sale or sale of goods or services, YP Corp. and Telco

18  Billing, Inc., shall not, directly or indirectly, send to individuals, businesses,

19  churches, institutions, governmental agencies or other organizations any

20  solicitation that contains an Activation Check.

21    B.    **Notification of Current Activation Check Customers**

22      (1) <u>Notice to Current Activation Check Customers</u>.  YP Corp. and Telco Billing,

23  Inc., shall not bill any Activation Check Customer for merchandise  initially sold,

24  in part or in full, through the use of an Activation Check unless and until YP

25  Corp. and Telco Billing, Inc., mail to such customer the letter attached hereto and

26  incorporated herein as Exhibit "A" in compliance with the following terms:

27      (a) <u>Notice Mailing Requirements</u>.  YP Corp. and/or Telco Billing, Inc., shall

28  mail to each Current Activation Check Customer the letter and envelope

4

Final Judgment Pursuant to Agreed Case

1    attached hereto as Exhibit "A" by first class mail to the last known address of

2    each Current Activation Check Customer. Also enclosed with the Exhibit

3    "A" mailing shall be a return envelope addressed to YP Corp. Such mailing

4    shall occur within twenty (20) days of the Effective Date of this Judgment.

5    The letter and envelope attached hereto as Exhibit "A" shall have no other

6    purpose and shall not contain any documents or other information not

7    depicted by or expressly allowed by this sub-paragraph.

8    (b) <u>Customer Service</u>. YP Corp and Telco Billing, Inc., shall ensure that the

9    telephone number reflected on Exhibit "A" as a "customer service" number

10   is the same "customer service" number used in other contexts by YP Corp.

11   and Telco Billing, Inc., so as to ensure that recipients of Exhibit "A" might

12   also locate that "customer service" number through YP.com, YP.net.,

13   Yellow-Page.net, and other correspondence or communications between

14   them and YP Corp. or Telco Billing, Inc. That "customer service" number

15   shall be manned during regular business hours so that a recipient calling in

16   response to Exhibit "A" may speak to a representative of YP Corp. or Telco

17   Billing, Inc., following no more than one automated menu option.

18   (c) <u>Returned Mail and Non-Mailable Addresses</u>. YP Corp. and Telco

19   Billing, Inc. shall inform the State of any mailing made of Exhibit "A" which

20   is returned for either an incorrect or non-mailable address or due to a refusal

21   by the apparent addressee to receive the mailing. YP Corp. and Telco

22   Billing, Inc., shall not commence billing for the affected account unless and

23   until they obtain reliable third party confirmation that the address is currently

24   on file with the United States Postal Service as the valid and current address

25   for the Current Activation Check Customer. Evidence of that confirmation

26   shall be retained under the terms of this Judgment and made available to the

27   State upon request.  YP Corp. or Telco Billing, Inc., will mail (or re-mail)

28   Exhibit "A" to any confirmed or corrected address prior to commencing any

5

1      billing effort, making such modifications as necessary to allow recipients or

2      re-mailed recipients a sixty (60) day period to make any response.

3      (2) <u>Reporting</u>.   YP Corp. and Telco Billing, Inc., shall retain all written

4      responses to Exhibit "A" for a period of at least three years from the Effective

5      Date. YP Corp. and/or Telco Billing, Inc., shall identify, within twenty (20)

6      business days of receiving a request by the State, the name, address, telephone

7      number, and account number of any customer which responded to Exhibit "A,"

8      along with the amount paid to that customer by YP Corp. or Telco Billing, Inc.,

9      and the date that payment was made. YP Corp. and/or Telco Billing, Inc., shall

10      also provide, within twenty (20) days of receiving a request by the State, the

11      name, address and telephone number associated with any customer account for

12      which Exhibit "A" was returned to YP Corp. or Telco Billing, Inc., under

13      paragraph 1(C) or any address confirmation obtained pursuant to paragraph 1(C)

14      above.

15      (3) <u>Handling of Redress Offered to Current Activation Check Customers</u>.   YP

16      Corp. and Telco Billing, Inc., shall accept all qualified requests that were

17      postmarked within sixty (60) days following the last date on which Exhibit "A"

18      was mailed by first class mail.

19      (a) <u>Qualified Requests</u>. YP Corp. and Telco Billing, Inc., shall accept as

20      "qualified" all requests for refunds which substantially comply with the

21      requirements set forth in Exhibit "A." "Substantially complying" requests

22      would include those requests which may be completed on copies of Exhibit

23      "A" or replicated forms which otherwise reflect the content of the "refund

24      request" portion of Exhibit "A," including the affirmation contained thereon.

25      (b) <u>Payment to Qualified Requests for Refund</u>. YP Corp. and Telco Billing,

26      Inc., shall remain responsible for ensuring that payment of any requested

27      refund shall be made under the terms of this Section and shall take all

28      reasonable efforts to complete that payment.  If, after reasonable efforts, a

6

Final Judgment Pursuant to Agreed Case

1  /// 

2  payment has not been made to a qualified Current Activation Check

3  Customer, YP Corp. and Telco Billing, Inc., shall provide a written report to

4  the State identifying such recipients and the efforts made to complete

5  payment.  Within ninety days of receiving such report, the State may direct

6  payment by YP Corp. of those claimed amounts to any designated State

7  agency responsible for holding unclaimed funds for the benefit of that

8  qualified Current Activation Check Customer.

9  (4) Non-Exclusivity of Redress.  Nothing in this Judgment shall be construed as

10  limiting the ability of YP Corp. or Telco Billing, Inc., to offer additional refunds,

11  credits or other redress which exceeds the requirements of this judgment.  YP

12  Corp. and Telco Billing, Inc., shall continue to honor any private agreements

13  reached with individual customers in resolving any disputes, provided they offer

14  at least the refunds described by Exhibit "A."  YP Corp. will not, during the time

15  period covered by the above-described notification process change the

16  cancellation and refund policy that was in effect on August 31, 2006, and shall, if

17  applicable, pay any higher amount in response to qualified requests.  That policy

18  included an unconditional refund upon request by an Activation Check Customer

19  within 120 days from the date on which YP Corp. began providing its Internet

20  Advertising Package services to the Activation Check Customer.

21  (5) Limitation on Collection Efforts.  YP Corp. and Telco Billing, Inc., shall not,

22  directly or indirectly, pursue collection of unpaid or past-due amounts owed on

23  any account which was obtained through the deposit of an Activation Check, or

24  represent that such collection may occur.

25  (6) Reporting.      Within sixty (60) days following the conclusion of the 60-day

26  notification period described above, YP Corp. and/or Telco Billing, Inc., shall

27  provide to the State a record in electronic form (e.g., Microsoft Excel or other

28  compatible database) itemizing all customers which responded to Exhibit "A,"

7

Guerard Attachment E
p. 7

RER-37          2621

1    and the following details: their name, address, telephone number, account

2    number, the date their response was postmarked, and the amount they were paid

3    by YP Corp. or by Telco Billing, Inc. and the date that payment was mailed.

4    5.    **MONETARY PROVISIONS**

5        **A. Reimbursement and Redress Payment**

6        (1) <u>Payment</u>.  The Settling States shall recover and YP Corp. and Telco Billing,

7        Inc., shall pay the amount of Two Million Dollars ($2,000,000.00).  Such monies

8        shall be paid by YP Corp. and Telco Billing, Inc., upon the filing of the parties'

9        stipulation to the entry of this Judgment to the Attorney General of the State of

10       Missouri on behalf of the Settling States.  In the event such funds are not paid by

11       the date on which this Judgment is filed, interest on any unpaid balance shall

12       accrue at the rate of nine percent (9%) per annum from the date due until paid in

13       full.

14       (2) <u>Distribution</u>.  As soon as practicable following receipt of the above funds, the

15       Attorney General of the State of Missouri shall cause such funds to be distributed

16       among the Settling States pursuant to an agreement between and among the

17       Settling States, to which YP Corp. and Telco Billing, Inc., are not parties, for the

18       purposes of implementing restitution programs and being applied to their

19       consumer protection efforts, reimbursement of their litigation costs, attorneys

20       fees, and investigative costs.  The Attorney General, in his sole discretion, shall

21       determine the eligibility of recipients of restitution and the amount of restitution

22       to all claimants who apply for restitution within six months from the date of this

23       judgment. All amounts not paid as restitution pursuant to this Judgment shall, as

24       permitted by the laws of the State, be used for investigations of possible

25       violations of, and prosecutions for violations of Business and Professions Code

26       section 17200 and deposited in the Unfair Competition Fund.

27   6.    **RECORDS AND COMPLIANCE**

28       A.    <u>Provision of Records</u>.  Within twenty (20) business days of the Effective Date of

8

this Judgment, YP Corp. and Telco Billing, Inc., shall provide to the State:

    (1)  <u>Current Activation Check Customer Records</u>.  A record in electronic form (e.g., Microsoft Excel or other compatible database)  itemizing all Current Activation Check Customers (those customers to whom Exhibit "A" is to be mailed), including the following details:  the customer's full name, address, telephone number, current billing method, and account number.  Notwithstanding the above twenty (20) business day deadline, the foregoing record shall be provided by the date on which Exhibit "A" is mailed.

    (2)  <u>Other Activation Check Customer Records</u>.  YP Corp. shall provide, within two business days of receipt of any request from one of the Settling States, the customer's full name, address, telephone number, current method of billing (if any), account number, the dates during which the customer's account was open, the total amount paid by the customer to YP Corp. or Telco Billing, Inc., since January 1, 2003, and any amount that was refunded, reimbursed or credited against those amounts paid prior to the Effective Date of this Judgment (i.e., any set-off asserted by YP Corp. or Telco Billing, Inc.).  YP Corp. will accept such requests from a Settling State by e-mail, telefax or telephone, in addition to mail.

B.  <u>Availability of Records</u>.  In addition to all foregoing obligations to provide information or records to the States, YP Corp. and Telco Billing, Inc., shall maintain and make available to the State, upon its written request, all books, records and other documents reflecting the use of any Activation Check or any account created following the use of an Activation Check or which otherwise reflect the implementation of the terms of this Judgment and compliance with its terms.  Any such records requested by the State shall be made available for inspection within twenty (20) business days.  YP Corp. and Telco Billing, Inc., shall honor any request from the State to make such records available without further legal process.

7.  **GENERAL AND ADMINISTRATIVE PROVISIONS**

A.  <u>Modification</u>.  Jurisdiction is retained for the purpose of enabling any party to this

9

1    Judgment to apply to the Court at any time for such further orders and directions as

2    might be necessary or appropriate for the modification, construction, or carrying out of

3    the injunctive provisions of this Judgment, or for the enforcement of and the

4    punishment of violations of any provisions hereof.   The parties by stipulation may

5    agree to a modification of this Judgment, which agreement shall be presented to this

6    Court for consideration, provided that the parties may jointly agree to a modification

7    only by a written instrument signed by or on behalf of both the State and YP Corp. and

8    Telco Billing, Inc.

9        Any party to this Judgment may petition the Court for modification on thirty (30)

10   days' notice to all other parties to this Judgment.  If YP Corp. or Telco Billing, Inc.,

11   wishes to seek a stipulation for a modification from the State, it shall send a written

12   request for agreement to such modification to the Attorney General of the State at least

13   thirty (30) days prior to filing a motion with the Court for such modification.

14   B.    Modification for Conflict of Law.   If, after the Effective Date of this Judgment,

15   the State, its Attorney General, or any agency of the State charged with the

16   administration of its consumer protection statutes, enacts or promulgates legislation,

17   rules, or regulations with respect to the matters governed by this Judgment that conflict

18   with any provision of this Judgment, including, specifically allowing, under certain

19   conditions, that which is prohibited under this Judgment, or if the applicable law of the

20   State shall otherwise change so as to conflict with any provision of this Judgment, the

21   Attorney General of such State shall not unreasonably withhold its consent to the

22   modification of such provision to the extent necessary to eliminate such conflict.

23       Laws, rules, or regulations, or other change in State law, with respect to the

24   matters governed by this Judgment, shall be deemed to "conflict" with a provision of

25   this Judgment if YP Corp. and Telco Billing, Inc., cannot reasonably comply with both

26   such law, rule, or regulation and an applicable provision of this Judgment.  If YP Corp.

27   and Telco Billing, Inc. believe that they cannot reasonably comply both with this

28   Judgment and with applicable federal law, rules, or regulation, they may seek

10

Final Judgment Pursuant to Agreed Case

1   modification hereof.

2   C.   Release of Claims.  The State acknowledges by its execution hereof that this

3   Judgment constitutes a complete settlement and release of all civil claims on behalf of

4   the State against YP Corp. and Telco Billing, Inc., and all of their officers, directors,

5   employees, agents, servants, representatives, and their successors and assigns (all such

6   released parties shall be collectively referred to as the "Releasees"), with respect to all

7   claims and causes of action which were asserted or which could have been asserted

8   prior to the Effective Date under the above-cited consumer protection statutes and

9   which were based upon the use of Activation Checks.  The State agrees that it shall not

10  proceed with or institute any additional civil action or proceeding based upon the

11  above-cited consumer protection statutes against the Releasees (including but not

12  limited to an action or proceeding seeking restitution, injunctive relief, fines, penalties,

13  attorneys' fees, costs, or other relief) for the use of any Activation Check by the

14  Releasees prior to the Effective Date.

15      Notwithstanding the foregoing, the State may institute an action or proceeding to

16  enforce the terms and provisions of this Judgment or to take action based on future

17  conduct by the Releasees.  YP Corp. and Telco Billing, Inc., acknowledge that a

18  violation of this Judgment may be evidence of a violation of state law.

19  D.   Preservation of Law Enforcement Action.  Nothing herein precludes the State

20  from enforcing the provisions of this Judgment, or from pursuing any law enforcement

21  action with respect to the acts or practices of YP Corp. or Telco Billing, Inc., not

22  covered by this Judgment or any acts or practices conducted after the Effective Date of

23  this Judgment.

24  E.   Compliance with and Application of State Law.  Nothing in this Judgment will be

25  construed to limit the authority of the Attorney General to protect the interests of the

26  State or the people of the State.  Accordingly, nothing herein relieves YP Corp. and

27  Telco Billing, Inc., of their continuing duty to comply with applicable laws of the State

28  nor constitutes authorization by the State for YP Corp. or Telco Billing, Inc., to engage

11

Guerard Attachment E
p. 11

1  ///

2  in acts and practices prohibited by such laws. This Judgment shall be governed by the

3  laws of the State.

4  F.   Non-Admission. This Judgment shall not be construed as, or deemed to be

5  evidence of, an admission or concession on the part of YP Corp. or Telco Billing, Inc.,

6  of any liability or wrongdoing whatsoever, which is hereby expressly denied and

7  disclaimed by YP Corp. and Telco Billing, Inc.

8  G.   Past and Future Pactices. Nothing herein constitutes approval by the State of YP

9  Corp.'s or Telco Billing, Inc.'s past or future practices. YP Corp. and Telco Billing,

10  Inc., shall not make any representation contrary to this paragraph.

11  H.   No Change to Substantive Rights. Nothing herein shall be construed to waive,

12  modify or change any substantive rights of other persons or entities against YP Corp.

13  or Telco Billing, Inc., or of YP Corp. or Telco Billing, Inc., against other persons or

14  entities with respect to the acts and practices covered by this Judgment.

15  I.   Representations and Warranties. YP Corp. and Telco Billing, Inc., represent and

16  warrant that they ceased the mailing of Activation Checks by 5:00 p.m. P.S.T. on

17  October 30, 2006. YP Corp. and Telco Billing, Inc., further represent and warrant that

18  they will implement the terms of this Judgment in good faith and will advise the State

19  of any errors or omissions in the implementation discovered by them. YP Corp. and

20  Telco Billing, Inc., acknowledge the State's reliance on the foregoing representations.

21  J.   Assessment of Court Costs. Any court costs which may be assessed in this

22  action, including any filing fees or other charges, shall be assessed against YP Corp.

23  and Telco Billing, Inc. No charges shall be assessed against the State.

24  8.   This Judgment shall take effect immediately upon entry hereof.

25  9.   The clerk is ordered to enter this Judgment forthwith.

26

27  DATED:

28

_____
JUDGE OF THE SUPERIOR COURT

12

Final Judgment Pursuant to Agreed Case

**Guerard Attachment E
p. 12**

**RER - 38**

1  HOWARD KOLLITZ (State Bar No. 059611)
   WALTER K. OETZELL (State Bar No. 109769)
2  STEVEN J. SCHWARTZ (State Bar No. 200586)
   DANNING, GILL, DIAMOND & KOLLITZ, LLP
3  2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904
4  Telephone: (310) 277-0077
   Facsimile: (310) 277-5735
5  E-mail    sschwartz@dgdk.com
             woetzell@dgdk.com
6
   JEFFREY C. SCHNEIDER (pro-hac vice)
7  TEW CARDENAS LLP
   Four Seasons Tower, Fifteenth Floor
8  1441 Brickell Avenue
   Miami, Florida 33131-3407
9  Telephone: (305) 539-2481
   Facsimile: (305) 536-1116
10
   Attorneys for David R. Chase, Federal Receiver of Access
11 One Communications, Inc., and Network One Services, Inc.

ELECTRONICALLY
FILED:
Date: 10|16|07
Docket No: 152

12              **UNITED STATES BANKRUPTCY COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14                   **SAN JOSE DIVISION**

15 In re                              ) Case No. 07-52890-ASW
                                      )
16 THE BILLING RESOURCE, dba Integretal, a ) Chapter 11
   California corporation,            )
17                                    ) **FIFTH REQUEST FOR JUDICIAL**
                                      ) **NOTICE OF DAVID R. CHASE,**
18 [Taxpayer's Identification No. 33-0289863] ) **FEDERAL RECEIVER IN OPPOSITION**
                                      ) **TO DEBTOR'S MOTION TO RELEASE**
19                                    ) **SEGREGATED FUNDS**
                                      )
20                                    ) Date:  October 17, 2007
                          Debtor.     ) Time:  2:00 p.m.
21                                    ) Ctrm:  3020
                                      )
22                                    )
                                      )
23                                    )
                                      )
24                                    )
                                      )
25                                    )
                                      )
26                                    )
                                      )
27 _____ )

28

                            -1-

315644.01 [XP]    24774

1  **TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY**

2  **JUDGE:**

3       Pursuant to Rule 201(d) of the Federal Rules of Evidence, David R. Chase, the duly

4  appointed, qualified and acting Receiver serving under the authority of the United States District

5  Court for the Southern District of Florida in pending case number 06-80180-CIV-RYSKAMP,

6  entitled <u>Federal Trade Commission vs. Nationwide Connections, Inc., Access One</u>

7  <u>Communications, Inc., Network One Connections, Inc., et al.</u> (the "District Court Action"), hereby

8  requests that this Court take judicial notice of the following:

9       1.    Letter from Neal Goldfarb of Tighe Patton Armstrong Teasdale, PLLC, counsel for

10  The Billing Resource dba Integretel, to Thomas K. Kahn, Clerk, U.S. Court of Appeals for the 11th

11  Circuit, re: *Federal Trade Commission v. Nationwide Connections, Inc.,* No. 07-14531-E

12  Appellant's Motion for Stay Pending Appeal, attached hereto as **Exhibit "W"**.

13

14  Dated:  October 16, 2007          DANNING, GILL, DIAMOND & KOLLITZ, LLP

15

16

17                    By: _____
                         STEVEN J. SCHWARTZ

18                        Attorneys for David R. Chase, Court-
                         Appointed Receiver of Access One
                         Communications, Inc., and Network One

19                        Services, Inc.

20

21

22

23

24

25

26

27

28

315644.01 [XP]    24774

# TIGHE PATTON ARMSTRONG TEASDALE, PLLC

### ATTORNEYS AT LAW

1747 PENNSYLVANIA AVENUE, N.W.
SUITE 300
WASHINGTON, DC 20006-4604

———

TELEPHONE (202) 454-2800
FACSIMILE (202) 454-2805
WWW.TIGHEPATTON.COM

NEAL GOLDFARB
WRITER'S DIRECT DIAL: (202) 454-2826
EMAIL: NGOLDFARB@TIGHEPATTON.COM

October 16, 2007

By Hand
Thomas K. Kahn, Clerk
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St. N.W.
Atlanta, Georgia 30303

     Re: *Federal Trade Commission v. Nationwide Connections, Inc.*, No. 07-14531-E
         Appellant's Motion for Stay Pending Appeal

Dear Mr. Kahn:

     I represent the appellant in this case, The Billing Resource dba Integretel ("Integretel"), which filed a time-sensitive motion last week seeking a stay pending appeal. Integretel asked in the motion that the Court enter an immediate interim stay pending full consideration of the motion. I understand from a conversation with one of the deputy clerks responsible for processing this case (who I had called with a scheduling issue) that the Court is not going to rule on the stay motion, on the grounds that the Court is thought to lack jurisdiction over the appeal. I am writing to explain why the Court does, indeed, have jurisdiction, focusing in particular on issues relevant to Integretel's stay motion. I request that this letter be provided to the motions panel or judge considering that motion. Three copies of this letter are provided for that purpose.

     As is explained below, the Court's jurisdiction is not defeated by the fact that other defendants have filed motion for reconsideration regarding a determination that relates solely to that defendant and that is not at issue in this appeal. That motion cannot possibly have any effect on the rulings that Integretel is challenging here. This appeal concerns a group of related rulings included in an "Omnibus Order" entered on September 14 and a ruling made on September 21. The other defendants' motion does not seek reconsideration of the district court's September 21 ruling at all. Nor does the motion seek reconsideration of any of the September 14 rulings that pertain to Integretel. It deals only with an aspect of the September 14 rulings that pertain to the other defendants.

     Moreover, *the Court can and should grant at least an interim stay before definitively deciding the jurisdictional issue.* The Court has jurisdiction to determine its own jurisdiction, and it may enter any orders that may be necessary in order to preserve the status quo while the Court

**EXHIBIT W**

003

# TIGHE PATTON ARMSTRONG TEASDALE, PLLC

Thomas A. Kahn, Clerk
October 16, 2007
Page 2

conclusively decides whether it has jurisdiction. Such an interim stay is appropriate here because without a stay, the Court's ability to grant effective relief will be impaired.

**Background.** This appeal arises from receivership proceedings ancillary to a suit brought by the Federal Trade Commission. Specifically, this is an appeal from two orders entered by the district court: the "Omnibus Order" entered on September 14, 2007 (Exhibit 1 hereto) and an order entered on September 21, 2007 (Exhibit 2). In the Omnibus Order, the district court ruled that certain disputed funds held by Integretel were property of the receivership estate and ordered Integretel to pay them to the receiver. The September 21 order, which was entered after Integretel filed for bankruptcy protection as a result of the Omnibus Order, vacated a bankruptcy stay order that the district court had entered the day before (Exhibit 3) and held that the automatic stay in bankruptcy did not apply. We will refer to the September 21 order as "the Vacatur Order."

In the Omnibus Order, the district court addressed a number of separate motions. The order requiring Integretel to pay the disputed funds to the receiver was entered upon the receiver's motion for an order requiring Integretel to show cause why it should not be held in contempt ("the Show-Cause Motion"; D. Ct. DE 246). The court also granted an entirely separate motion by the receiver seeking to compel several other defendants ("the BSG Defendants") to make a separate payment ("the Receiver's BSG Motion"; D. Ct. DE 371). The Receiver's BSG Motion was filed almost three months after Show-Cause Motion.

On September 28, after Integretel noticed this appeal, the BSG Defendants moved in the district court for reconsideration of that aspect of the Omnibus Order that granted the Receiver's BSG Motion. (Exhibit 4.) The BSG Defendants' motion did not in any way challenge the Vacatur Order. Nor did it challenge any aspect of the Omnibus Order relating to the Receiver's claims against Integretel. Rather, the motion dealt solely with two issues applicable only to the BSG Defendants: whether the BSG Defendants had offered sufficient evidence of the terms of their contracts (contracts to which Integretel is not a party), and whether differences between the language of Integretel's contracts and the language of the BSG Defendants' contracts were sufficient to require the court to reach a different result as to the BSG Defendants than it had reached as to Integretel.

Those issues are not involved in this appeal. Integretel has neither the desire nor the right to challenge the district court's ruling with respect to the BSG Defendants. In order to make that point crystal clear, Integretel is filing an amended notice of appeal that expressly excludes that ruling from this appeal. (Exhibit 5.)

Integretel filed its pending stay motion on October 11, 2007. That motion sought a stay of the Vacatur Order, the effect of which, if granted, would be to reinstate the district court's prior bankruptcy stay order. Integretel has not sought a separate stay of any aspect of

004

# TIGHE PATTON ARMSTRONG TEASDALE, PLLC

Thomas A. Kahn, Clerk
October 16, 2007
Page 3

the Omnibus Order, because a stay of the Vacatur Order would provide Integretel the functional equivalent of a stay of the Omnibus Order.[1]

**Discussion.** As we understand it, the decision not to rule on Integretel's stay motion at this point was based on the view that this Court lacks jurisdiction because the BSG Defendants' motion for reconsideration in the district court has deprived the orders on appeal of finality. The Court has also issued a number of jurisdictional questions, the response to which is due later this week, but those questions do not address the issue of the BSG Defendants' motion for reconsideration. This letter is not intended to substitute for our full response to the Court's questions. Rather, it addresses only those issues that are directly relevant to Integretel's motion for a stay pending appeal.

As discussed below, the Court has jurisdiction over the appeal from the Vacatur Order, which is the order at issue in Integretel's motion for a stay pending appeal. However, the Court need not finally decide the jurisdictional question at this point, because it can and should rule on the stay motion before it definitively decides the jurisdictional issue.

*The BSG Defendants' motion for reconsideration does not defeat this Court's jurisdiction over Integretel's appeal from the Vacatur Order.* The BSG Defendants' motion for reconsideration is directed solely at the portion of the Omnibus Order that granted the receiver's motion to require the BSG Defendants to turn over certain disputed funds to the receiver. It does not seek reconsideration of any ruling by the district court that related to Integretel, and in particular it does not even arguably seek reconsideration of the Vacatur Order, which is the target of Integretel's stay motion. If the ruling as to BSG had been stated in a separate order, rather than included in the Omnibus Order, it surely would not be thought to have rendered the rulings as to Integretel nonfinal. That conclusion should not change simply because of the fortuitous fact that the order as to BSG was one of several separate rulings that was combined into a single Omnibus Order.

For these reasons, we submit that the motion for reconsideration does not affect the Court's jurisdiction over this appeal at all, but even if it is thought to have rendered those portions of the Omnibus Order dealing with Integretel unappealable, it had no such effect on

---

1. Integretel asked for a ruling on its request for an interim stay by Wednesday, October 17, because that is when an agreed temporary stay will expire. As Integretel stated in its motion, Integretel sought an agreement to extend that temporary stay, so that the Court would have more time to act on the stay motion, but was not able to obtain such an agreement. After filing its motion for a stay, Integretel asked the Receiver and the FTC whether they would consent to an interim stay pending the Court's consideration of the stay motion. But that request was refused. When the shoe has been on the other foot, and the party seeking a stay has been the FTC, the Commission has contended that the refusal to grant such an interim stay would "not [be] consistent with the fair, effective administration of justice[.]" Mem. of Pts. & Auths. in Support of Pltff's Mtn. for Inj. Pending Appeal at 6, *FTC v. Whole Foods Market, Inc.*, No. 07-cv-01021-PLF (D.D.C. filed Aug. 17, 2007) (available at <http://www.ftc.gov/os/ caselist/0710114/0710114 injpendpub.pdf>).

# TIGHE PATTON ARMSTRONG TEASDALE, PLLC

Thomas A. Kahn, Clerk
October 16, 2007
Page 4

the Vacatur Order, which is appealable independently of Omnibus Order. (The basis for the Court's jurisdiction is discussed in the Appendix to this letter.)

Both the FTC and the receiver have recognized in their oppositions to Integretel's stay motion that the Vacatur Order is final and appealable, and the receiver has recognized in addition that the portions of the Omnibus Order that relate to Integretel are similarly final and appealable. (FTC Response to Stay Mtn. at 8-10; Receiver's Response to Stay Mtn. at 10 & n.4.) While we recognize that the Court must make its own determination whether it has jurisdiction, these statements by the FTC and the receiver support the conclusion that the BSG Defendants' motion for reconsideration cannot possibly result in any modification of the district court's rulings with respect to Integretel.

*The court can and should grant at least an interim stay to preserve the status quo while it considers the jurisdictional issue more fully.* Although we think it is clear that the Court has jurisdiction, we recognize that the Court is unlikely to conclusively decide the jurisdictional issues before the current temporary agreed stay expires on October 17—the day after this letter is submitted. However, the Court need not reach a conclusive decision in order to grant an interim stay preserving the status quo while the Court decides whether it has jurisdiction. The Court has jurisdiction to determine its own jurisdiction, and as an incident of that power, the Court may grant stays and injunctions in order to preserve the status quo while it considers the jurisdictional issues. *United States v. United Mine Workers*, 330 U.S. 258, 292-93 (1947); *Ford v. Haley*, 179 F.3d 1342, 1345-46 (11th Cir. 1999), *stay vacated after decision on the merits*, 195 F.3d 603 (11th Cir. 1999); *United States Catholic Conference v. Baker*, 824 F.2d 156, 162-63 (2d Cir. 1987).

The Court should use that power in this case. The status quo is that enforcement of the Omnibus Order is stayed and that Integretel still holds the disputed funds. If this Court does not grant a stay, Integretel will (absent action by the bankruptcy court) immediately and irretrievably lose the protection of the automatic stay in bankruptcy. That stay is "'one of the fundamental debtor protections provided by the bankruptcy laws'" because it "'gives the debtor a breathing spell from his creditors.'" *Jove Engineering v. IRS*, 92 F.3d 1539, 1550 (11th Cir. 1996) (quoting from the legislative history). This Court has noted that when a party has "a right to be free from the burdens of litigation" (a right granted to Integretel by the automatic stay under the Bankruptcy Code), "an erroneous denial cannot be redressed through review of the final judgment." *McMahon v. Presidential Airways, Inc.*, No. 06-153093, 2007 WL 2891086 at *4 (11th Cir. Oct. 5, 2007). Indeed, this Court has held in a different context that when a nonfrivolous appeal is taken from the denial of a statutorily required stay of litigation, proceedings in the district court should be stayed. *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 12251-52 (11th Cir. 2004).

Conclusion. For the reasons set out above, we respectfully submit that the Court has jurisdiction with respect to this appeal. Furthermore, the Court has the power to grant an interim stay to preserve the status quo while it considers the jurisdictional issues more fully, and it should exercise that power here.

006

## TIGHE PATTON ARMSTRONG TEASDALE, PLLC

Thomas A. Kahn, Clerk
October 16, 2007
Page 5

Respectfully yours,

*Neal Goldfarb* with *express permission by CSB*

Neal Goldfarb (DC Bar No. 337881)
*Counsel for Appellant*

Enclosures
cc (with attachments):

Jeffrey C. Schneider, Esq. (by email and by hand)
Patrick Rengstl, Esq. (by email and by hand)
Marilyn Kerst, Esq. (by email and by hand)
John F. Daly, Esq. (by email and by hand)
John Andrew Singer, Esq. (by email and by hand)
Laura M. Kim, Esq. (by email and by hand)
Collot Guerard, Esq. (by email and by hand)
Richard McKewen, Esq. (by email and by hand)
Robert Schoshinksi, Esq. (by email and by hand)
Michael Garrett Austin, Esq. (by email and first-class mail)
Steven E. Siff, Esq. (by email and first-class mail)
Andrew G. Berg, Esq. (by email and first-class mail)
Kevin Dinan, Esq. (by email and first-class mail)
Carolyn Tapie, Esq. (by email and first-class mail)
John-David Thomas, Esq. (by email and first-class mail)
Derick J. Rodgers, Esq. (by email and first-class mail)
Mark Douglas Johnson, Esq. (by email and first-class mail)
Rosanne Brady, Esq. (by email and first-class mail)
Peter N. Macaluso, Esq. (by email and first-class mail)
Mary Lou Farr (by email and first-class mail)
Gary M. Dunkel, Esq. (by email and first-class mail)
Michael Woodbury, Esq. (by email and first-class mail)
Henry W. Johnson, Esq. (by email and first-class mail)
John W. Chapman, Jr., Esq. (by email and first-class mail)
Robert M. Weinberger, Esq. (by email and first-class mail)
Thomas G. Long, Esq. (by email and first-class mail)
Robert Voss Fitzsimmons, Esq. (by email and first-class mail)
Chad A. Dean, Esq. (by email and first-class mail)
Bruce Eric Bloch, Esq. (by email and first-class mail)
Theodore J. Leopold, Esq. (by email and first-class mail)
Michael David McDonough, Esq. (by hand and by first-class mail)
Jessy Mendoza (by hand and by first-class mail)
Willoughby Farr, Inmate No. 653974 (by first-class mail)

007

**U.S. Trustee**
Edwina Dowell, Esq., Office of the U.S. Trustee                    Facsimile: (408) 535-5532

**Debtor's Counsel**
Michael H. Ahrens, Sheppard, Mullin, Richter & Hampton LLP          mahrens@sheppardmullin.com
                                                                    Facsimile: (415) 434-3947
Steven B. Sacks, Sheppard, Mullin, Richter & Hampton LLP            ssacks@sheppardmullin.com
                                                                    Facsimile: (415) 434-3947
Jeffrey K. Rehfeld, Sheppard, Mullin, Richter & Hampton LLP         jrehfeld@sheppardmullin.com
                                                                    Facsimile: (415) 434-3947

Laura M. Kim, Federal Trade Commission                              lkim@ftc.gov
R. Elliott, Federal Trade Commission                                relliott@ftc.gov
Collot Guerard, Federal Trade Commission                            cguerard@ftc.gov
Jeffrey C. Schneider, for Receiver David R. Chase                   jcs@tewlaw.com
Joel R. Dichter, Counsel for POL, Inc. and other "Omni"             info@dichterlaw.com
Creditors
Steve Warren, Payment One                                           swarren@omm.com
Donald Schwartz, Royal Bank of Canada                               donaldschwartz@lw.com
Robert Drobnak, Royal Bank of Canada                                Robertdrobnak@lw.com
Roy Lin, Global YP                                                  rlin@globalyp.com
Anthony Franco, Info Telco.com                                      anthony.franco@hotmail.com
Jeffrey Bornstein, United Voice Messaging                           nelson@tfvmail.com
Steven Schwartz, for Receiver David R. Chase                        sschwartz@dgdk.com
Walter Oetzell, for Receiver David R. Chase                         woetzell@dgdk.com
Leslie Cohen, for Public Communications                             lcohen@linerlaw.com
Enid Colson, for Public Communications                              ecolson@linerlaw.com
Michael Mora, FTC                                                   mmora@ftc.gov
James Pardo, BSG                                                    jpardo@kslaw.com
Parrish Felton, BSG                                                 pfelton@kslaw.com
Kevin Dinan, BSG                                                    kdinan@kslaw.com
Andrew Berg, BSG                                                    aberg@kslaw.com
Sarah Taub, BSG                                                     staub@kslaw.com
Bruce Robin, RRV                                                    bruce@imagitel.com
Leslie Horowitz                                                     lhorowitz@clarktrev.com
Timothy Miller                                                      miller@taftlaw.com
Delores Cordell                                                     dcordell@earthlink.net
Austin Nagel                                                        austin@apnagellaw.com
Karen Muir                                                          Karen.Muir@usdoj.gov
Dan Coleman                                                         dcoleman@nts.net
Michaeline Correa                                                   michaeline.correa@hellerehrman.com
Craig Chiang                                                        cchiang@buchalter.com
John Fiero                                                          jfiero@pszjyw.com
Kathryn Diemer                                                      kdiemer@diemerwhitman.com
Peter Benvenutti
                                                                    Peter.benvenutti@hellerehrman.com
Darryl S. Laddin                                                    dladdin@agg.com
Shannon Mounger                                                     shannon.l.mounger-lum@usdoj.gov
Thomas Little                                                       janet@thomasclittle.com
Ellen A. Friedman                                                   efriedman@friedumspring.com
M. Elaine Hammond                                                   ehammond@friedumspring.com
John Fiero                                                          jfiero@pszjlaw.com
Maxim Litvak                                                        mlitvak@pszjlaw.com

## Miscellaneous:

07-52890 The Billing Resource

Type: bk                    Chapter: 11 v              Office: 5 (San Jose)
Judge: ASW                  Assets: y                 Case Flag: PlnDue, DsclsDue

### U.S. Bankruptcy Court

### Northern District of California

Notice of Electronic Filing

The following transaction was received from Schwartz, Steven J. entered on 10/16/2007 at 5:40 PM
PDT and filed on 10/16/2007
**Case Name:**      The Billing Resource
**Case Number:**    07-52890
**Document Number:** 152

**Docket Text:**
Fifth Request To Take Judicial Notice *of David R. Chase, Federal Receiver in Opposition to Debtor's
Motion to Release Segregated Funds, with Proof of Service* Filed by Creditor David R Chase (Schwartz,
Steven)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** J:\CYC\Integretel 5th RJN.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/16/2007] [FileNumber=6854967-
0] [6c252ce6daf5a476ad5fdcd699845e665ddf5c34c74a420583588997da68df7d8a
dbf2071a40d705e376a8f6465b7afb715d1309513f5f264d11a1789a670f9d]]

**07-52890 Notice will be electronically mailed to:**

Michael H. Ahrens    mahrens@sheppardmullin.com

Leslie A. Cohen    lcohen@linerlaw.com, jparrott@linerlaw.com;ecolson@linerlaw.com

Michaeline H. Correa    MCorrea@hewm.com

Kathryn S. Diemer    kdiemer@diemerwhitman.com

John D. Fiero    jfiero@pszyjw.com, AZaragoza@PSZYJW.com;pjeffries@pszyjw.com

Ellen A. Friedman    efriedman@friedumspring.com, mmyles@friedumspring.com

Jeffrey K. Garfinkle    bkgroup@buchalter.com

David M. Goodrich    dgoodrich@goodlawcorp.com

Ori Katz    okatz@sheppardmullin.com, dwhitehead@sheppardmullin.com

Darryl S. Laddin    bkrfilings@agg.com

John A. Lapinski    jlapinski@clarktrev.com

Bobby C. Lawyer    bl2153@att.com

Barry R. Levine    barlev@levineatlaw.com

Julie A. Mack    jmack@ftc.gov, dabueid@ftc.gov

Breck E. Milde    bmilde@terra-law.com

Shannon L. Mounger-Lum    shannon.l.mounger-lum@usdoj.gov

Office of the U.S. Trustee / SJ    USTPRegion17.SJ.ECF@usdoj.gov

Jeffrey K. Rehfeld    jrehfeld@sheppardmullin.com, ewalters@sheppardmullin.com

Karen Rinehart    krinehart@omm.com

Steven B. Sacks    ssacks@sheppardmullin.com, ewalters@smrh.com

Steven J. Schwartz    sschwartz@dgdk.com

Gilbert B. Weisman    notices@becket-lee.com

**07-52890 Notice will not be electronically mailed to:**

Daniel H. Coleman
Network Telephone Services, Inc.
21135 Erwin St.
Woodland Hills, CA 91367

Ken Dawson
5883 Rue Ferrari
San Jose, CA 95138

Holland & Knight LLP
,

Jerry Merkt
15680 Loma Vista Ave.
Los Gatos, CA 95032

Tighe Patton Armstrong Teasdale, PLLC
,

Julie S. Turner
The Turner Law Firm
344 Tennessee Ln.
Palo Alto, CA 94306

**RER - 39**

ELECTRONICALLY
FILED:
Date: 10/16/07
Docket No: 153

1  HOWARD KOLLITZ (State Bar No. 059611)
   WALTER K. OETZELL (State Bar No. 109769)
2  STEVEN J. SCHWARTZ (State Bar No. 200586)
   DANNING, GILL, DIAMOND & KOLLITZ, LLP
3  2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904
4  Telephone:    (310) 277-0077
   Facsimile:    (310) 277-5735
5  Email: woetzell@dgdk.com
   Email: sschwartz@dgdk.com
6
   JEFFREY C. SCHNEIDER (pro hac vice)
7  TEW CARDENAS LLP
   Four Seasons Tower, Fifteenth Floor
8  1441 Brickell Avenue
   Miami, Florida 33131-3407
9  Telephone:    (305) 539-2481
   Facsimile:    (305) 536-1116
10 Email:        jcs@tewlaw.com

11 Attorneys for Creditor, David R. Chase, Federal Receiver of
   Access One Communications, Inc., and Network One
12 Services, Inc.

13              UNITED STATES BANKRUPTCY COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16 In re                              ) Case No. 07-52890-ASW
                                      )
17 THE BILLING RESOURCE, dba Integretal, a   ) [Chapter 11]
   California corporation,            )
18                                    ) FEDERAL RECEIVER'S OPPOSITION
   [Taxpayer's Identification No. 33-0289863], ) AND OBJECTIONS TO DEBTOR'S
19                                    ) MOTION TO RELEASE SEGREGATED
                                      ) FUNDS
20                                    )
                                      ) Date:   October 17, 2007
21                                    ) Time:   2:00 p.m.
                                      ) Place:  United States Bankruptcy Court
22                                    )         280 S. First Street
                     Debtor.          )         San Jose, CA
23                                    )         Ctrm: 3020
                                      )
24 _____ ) Judge:  Hon. Arthur S. Weissbrodt

25 TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY

26 JUDGE:

27      David R. Chase, as Federal Receiver (the "Federal Receiver") hereby submits his

28 Opposition and Objections to the Debtor's motion to release segregated funds as follows:

                                      1

315609.01 [XP]    24774

1
2

## I.

## **INTRODUCTION**

At the second hearing on the Debtor's use of cash collateral, held on October 15, 2007 at 2:15 p.m., the Debtor indicated that it would be moving on October 17, 2007 at 2:00 p.m., either orally or by written motion ("Motion"), for an order releasing approximately $1.8 million presently held in a blocked and segregated account (the "Subject Funds"), which had been ordered segregated by stipulation of the parties until further Order of the Bankruptcy Court.  The purpose of the Debtor's Motion is purportedly to allow use of the Subject Funds to fund operations pursuant to its Cash Collateral Motion.

In the Receiver's oppositions to the use of cash collateral and to the issuance of a temporary restraining order and/or preliminary injunction filed with this Court, which are incorporated herein by this reference, the Receiver has consistently correctly pointed out that this Court lacks subject matter jurisdiction over the Subject Funds, which have already been determined to be property of the Federal Receivership by the District Court in Florida.  Nonetheless, should this Court determine that it has jurisdiction over the issue of ownership of the Subject Funds and proceed to allow the Debtor to re-litigate this issue in Bankruptcy Court, the Receiver opposes and objects to the Debtor's Motion, on the alternative grounds that:  1) proceedings to determine the validity, priority or extent of an interest in property are properly the subject to the protections of an adversary proceeding pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure ("FRBP"); 2) the Federal Receiver is entitled to the protections afforded by an adversary proceeding, including a jury trial before a District Judge on the merits; and in any event, 3) the Debtor's Motion is not properly noticed and fails to comply with numerous other provisions of the Local Bankruptcy Rules of this Court and is, therefore, defective and should be denied on that basis.  Finally, as demonstrated yet again by the Debtor's recent filing in the Eleventh Circuit, this Court should abstain from ruling on issues relating to the Subject Funds, in favor of the Florida District Court and the Eleventh Circuit.

///
///

2

315609.01 [XP]    24774

1

II.

2  **DETERMINATION OF OWNERSHIP REQUIRES AN ADVERSARY PROCEEDING**

3      Under the FRBP, the determination of interests in property requires an adversary

4  proceeding. Fed. R. Bankr. P. Rule 7001(2). See, e.g., In re Johnson 346 B.R. 190, 195 (9th Cir.

5  BAP 2006) ("Thus, in a relief from stay motion that is a Rule 9014 contested matter, not a Rule

6  7001 adversary proceeding, the bankruptcy court is not authorized by the rules of procedure to

7  enter an "in rem" order that determines interests in property.")  A motion procedure cannot be used

8  to circumvent the requirement of an adversary proceeding. Bear v. Coben (In re Golden Plan), 829

9  F.2d 705, 711-12 (9th Cir. 1986).

10     Here, the Debtor seeks to release the Bankruptcy Court-ordered segregation of the Subject

11  Funds so that it may use those funds in order to operate its business.  It requests this

12  notwithstanding multiple Orders of the District Court determining that the Subject Funds are

13  property of the Receivership Estate.  For the Debtor to use any of the Subject Funds, at a minimum,

14  an adversary proceeding must be filed to first determine that the Debtor owns the funds, despite all

15  evidence to the contrary.  See F.R.B.P. Rule 7001(2).[1]

16     The Debtor has not offered the Federal Receiver any adequate protection for his ownership

17  of the Subject Funds in exchange for any release of the Subject Funds, and further contends that the

18  Federal Receiver is not a secured creditor and does not require adequate protection.  Nevertheless,

19  the Debtor now seeks to use the Subject Funds in connection with a Cash Collateral Motion, prior

20  to and without an adversary proceeding to determine ownership.  The Debtor cannot hide behind 11

21  U.S.C. § 363(p), as it has attempted to do with regard to creditors asserting security interests, to

22  argue that it is the creditor's burden to file such an adversary proceeding.  See, Supplemental

23  Response of Debtor in Support of Use of Cash Collateral filed on October 16, 2007.  The Federal

24  Receiver has already satisfied his burden to determine ownership in the District Court and obtained

25  Orders of the District Court.  Allowing the Debtor to now spend the Receivership Estate's money

26  _____

[1] The Federal Receiver also expressly reserves his right to a jury trial before a District Judge in any
27  proceeding to determine ownership of the Subject Funds.

28

3

315609.01 [XP]    24774

1 | is, in effect, a *de facto* reversal of the District Court Orders, moots any appeal before the Eleventh

2 | Circuit, and would moot any adversary proceeding to determine ownership. See, e.g., In re

3 | Goldberg, 158 B.R. 188, 193 (Bankr.E.D.Cal.,1993) (confirmation of plan funded by disputed

4 | property is procedurally improper as it effectively moots pending adversary proceeding to

5 | determine ownership of property). Accordingly, the Debtor's Motion is wholly improper as a

6 | contested matter and at a minimum requires an adversary proceeding.

7

8 | III.

9 | DEBTOR'S MOTION VIOLATES THE LOCAL BANKRUPTCY RULES OF THIS COURT

10 | Debtor's *ex parte* Motion to release the funds, whether brought orally or by written motion,

11 | on less than 48 hour's notice, is procedurally defective, violating numerous Local Rules of this

12 | Court, including, but not limited to, Local Bankruptcy Rule 7007-1 (in the event such motion is

13 | made in the pending adversary proceeding, such motion would require not less than 28 days notice

14 | with 14 days notice of opportunity to respond), Local Bankruptcy Rule 9006-1 (requires separate

15 | motion for order modifying time and notice period accompanied by a declaration stating the

16 | reasons for such shortening of time, previous time modifications, the effect of the requested time

17 | modification, etc.), Local Bankruptcy Rule 9013-1 (requires filing and service of motion papers,

18 | including Notice of Hearing), and Local Bankruptcy Rule 9014-1 (c) (requires papers to be filed

19 | and served at least 28 days before the actual scheduled hearing date).

20 | The Debtor has attempted for the past month to convince this Court that a dispute exists

21 | over ownership of the Subject Funds. Now the Debtor wants this Court to concurrently enjoin the

22 | Receiver's enforcement of the District Court Orders, and allow the Debtor to spend the Subject

23 | Funds, on inadequate and improper notice, and without any trial or evidentiary hearing to

24 | adjudicate the Debtor's fabricated dispute.[2] The Federal Receiver submits that such approach is in

25

26 | [2] In any event, should the Debtor go ahead and use the Federal Receiver's money, it does so at its
own peril, since the District Court Contempt Order still stands, and attempts to stay the

27 | enforcement thereof have been rejected by both the District Court and the Eleventh Circuit.

28

4

315609.01 [XP]    24774

1  derogation of the Federal Receiver's due process rights, and is in direct violation of the Federal

2  Rules of Bankruptcy Procedure and the Local Rules of this Court.

3                                              IV.

4                   THIS COURT SHOULD ABSTAIN FROM RULING

5                   WITH RESPECT TO THE SUBJECT FUNDS

6          Additionally, the Debtor has attempted to convince this Court that it has subject matter

7  jurisdiction over subject dispute, while simultaneously arguing to the Eleventh Circuit that it has

8  jurisdiction. The Debtor's most recent example of this arises in the form of a letter to the Clerk of

9  the Court for the Eleventh Circuit, a copy of which is attached to the Federal Receiver's Fifth

10  Request for Judicial Notice as Exhibit "W," wherein the Debtor argues that the Eleventh Circuit

11  "does, indeed have jurisdiction, focusing in particular on issues relevant to Integretel's stay

12  motion." The Debtor is simply working in multiple courts, hoping that one of them will grant the

13  relief they are requesting. Such a waste of judicial resources should not be tolerated. The Receiver

14  respectfully requests that this Court abstain from all issues relating to the Subject Funds, and allow

15  the parties to resolve their dispute in Florida District Court and the Eleventh Circuit.

16

17                                              V.

18                                        CONCLUSION

19          Should this Court be inclined to allow the Debtor to re-litigate issues already determined in

20  the District Court, at a minimum, an adversary proceeding is required to do so. It is improper for

21  the Debtor to ask this Court to entertain its Motion to release the funds by oral or written motion on

22  less than 48 hours notice, effectively mooting the actions pending in the District Court of Florida in

23  and the Eleventh Circuit, and rendering moot any adversary proceeding to determine ownership.

24  ///

25  ///

26  ///

27  ///

28  ///

                                               5

315609.01 [XP]    24774

1    Therefore, the Federal Receiver respectfully requests that this Court deny the Debtor's

2  Motion to release the Subject Funds and requests that this Court order the Debtor to deliver the

3  Receivership money, the Subject Funds, to the Federal Receiver.  The Federal Receiver also

4  requests all other appropriate relief.

5

6  Dated:  October 16, 2007                    DANNING, GILL, DIAMOND & KOLLITZ, LLP

7

8                                                          By:  _____

9                                                               STEVEN J. SCHWARTZ
                                                               Attorneys for Creditor, David R. Chase,
                                                               Federal Receiver of Access One
10                                                             Communications, Inc., and Network One
                                                               Services, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

315609.01 [XP]    24774

# PROOF OF SERVICE

I, Cheryl Caldwell, declare:

I am employed by the law firm of DANNING, GILL, DIAMOND & KOLLITZ, LLP, in the County of Los Angeles, State of California. I am employed in the office of a member of the bar of this court at whose direction the service was made. I am over the age of 18 years and am not a party to the within action. My business address is 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904.

On October 16, 2007, I served the following document(s):

**FEDERAL RECEIVER'S OPPOSITION AND OBJECTIONS TO DEBTOR'S MOTION TO RELEASE SEGREGATED FUNDS**

on the interested parties addressed as follows:

[SEE ATTACHED SERVICE LIST.]

**[By Email]** By sending the document via electronic email.

**[By Facsimile]** I'm readily familiar with this firm's practice of sending documents by facsimile. Under that practice, a cover sheet is prepared showing the telephone number of the recipient. The facsimile telephone number is shown on the attached service list. The documents were sent by facsimile and a confirmation was obtained from the facsimile machine that the transmission occurred without error.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed on October 16, 2007, at Los Angeles, California.

| | |
|---|---|
| Cheryl Caldwell | *Cheryl Caldwell* |
| (Type or print name) | (Signature) |

315609.01 [XP]    24774

**U.S. Trustee**
Edwina Dowell, Esq., Office of the U.S. Trustee                      Facsimile:  (408) 535-5532

**Debtor's Counsel**
Michael H. Ahrens, Sheppard, Mullin, Richter & Hampton LLP          mahrens@sheppardmullin.com
                                                                    Facsimile:  (415) 434-3947
Steven B. Sacks, Sheppard, Mullin, Richter & Hampton LLP            ssacks@sheppardmullin.com
                                                                    Facsimile:   (415) 434-3947
Jeffrey K. Rehfeld, Sheppard, Mullin, Richter & Hampton LLP         jrehfeld@sheppardmullin.com
                                                                    Facsimile:   (415) 434-3947

Laura M. Kim, Federal Trade Commission                              lkim@ftc.gov
R. Elliott, Federal Trade Commission                                relliott@ftc.gov
Collot Guerard, Federal Trade Commission                            cguerard@ftc.gov
Jeffrey C. Schneider, for Receiver David R. Chase                   jcs@tewlaw.com
Joel R. Dichter, Counsel for POL, Inc. and other "Omni"             info@dichterlaw.com
Creditors
Steve Warren, Payment One                                           swarren@omm.com
Donald Schwartz, Royal Bank of Canada                               donaldschwartz@lw.com
Robert Drobnak, Royal Bank of Canada                                Robertdrobnak@lw.com
Roy Lin, Global YP                                                  rlin@globalyp.com
Anthony Franco, Info Telco.com                                      anthony.franco@hotmail.com
Jeffrey Bornstein, United Voice Messaging                           nelson@tfvmail.com
Steven Schwartz, for Receiver David R. Chase                        sschwartz@dgdk.com
Walter Oetzell, for Receiver David R. Chase                         woetzell@dgdk.com
Leslie Cohen, for Public Communications                             lcohen@linerlaw.com
Enid Colson, for Public Communications                              ecolson@linerlaw.com
Michael Mora, FTC                                                   mmora@ftc.gov
James Pardo, BSG                                                    jpardo@kslaw.com
Parrish Felton, BSG                                                 pfelton@kslaw.com
Kevin Dinan, BSG                                                    kdinan@kslaw.com
Andrew Berg, BSG                                                    aberg@kslaw.com
Sarah Taub, BSG                                                     staub@kslaw.com
Bruce Robin, RRV                                                    bruce@imagitel.com
Leslie Horowitz                                                     lhorowitz@clarktrev.com
Timothy Miller                                                      miller@taftlaw.com
Delores Cordell                                                     dcordell@earthlink.net
Austin Nagel                                                        austin@apnagellaw.com
Karen Muir                                                          Karen.Muir@usdoj.gov
Dan Coleman                                                         dcoleman@nts.net
Michaeline Correa                                                   michaeline.correa@hellerehrman.com
Craig Chiang                                                        cchiang@buchalter.com
John Fiero                                                          jfiero@pszjyw.com
Kathryn Diemer                                                      kdiemer@diemerwhitman.com
Peter Benvenutti
                                                                    Peter.benvenutti@hellerehrman.com
Darryl S. Laddin                                                    dladdin@agg.com
Shannon Mounger                                                     shannon.l.mounger-lum@usdoj.gov
Thomas Little                                                       janet@thomasclittle.com
Ellen A. Friedman                                                   efriedman@friedumspring.com
M. Elaine Hammond                                                   ehammond@friedumspring.com
John Fiero                                                          jfiero@pszjlaw.com
Maxim Litvak                                                        mlitvak@pszjlaw.com

315531.01 [XP] 24774

## Miscellaneous:

07-52890 The Billing Resource

Type: bk                    Chapter: 11 v                    Office: 5 (San Jose)
Judge: ASW                  Assets: y                        Case Flag: PlnDue, DsclsDue

### U.S. Bankruptcy Court

### Northern District of California

Notice of Electronic Filing

The following transaction was received from Schwartz, Steven J. entered on 10/16/2007 at 5:44 PM
PDT and filed on 10/16/2007

**Case Name:**       The Billing Resource
**Case Number:**     07-52890
**Document Number:** 153

**Docket Text:**
Brief/Memorandum in Opposition to *Federal Receiver's Opposition and Objections to Debtor's Motion
to Release Segregated Funds, with Proof of Service* Filed by Creditor David R Chase (Schwartz, Steven)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** J:\CYC\Integretel Opp.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/16/2007] [FileNumber=6854973-
0] [a604088f0a01f1e0324f277807f987fece86f907b6aa8acbe92cffd26a440e7aeb
a01f90c07482c4d5f99453f3adf1918bd007c6fb746984ef1ff4b6f87f9170]]

**07-52890 Notice will be electronically mailed to:**

Michael H. Ahrens     mahrens@sheppardmullin.com

Leslie A. Cohen     lcohen@linerlaw.com, jparrott@linerlaw.com;ecolson@linerlaw.com

Michaeline H. Correa     MCorrea@hewm.com

Kathryn S. Diemer     kdiemer@diemerwhitman.com

John D. Fiero     jfiero@pszyjw.com, AZaragoza@PSZYJW.com;pjeffries@pszyjw.com

Ellen A. Friedman     efriedman@friedumspring.com, mmyles@friedumspring.com

Jeffrey K. Garfinkle     bkgroup@buchalter.com

David M. Goodrich     dgoodrich@goodlawcorp.com

Ori Katz    okatz@sheppardmullin.com, dwhitehead@sheppardmullin.com

Darryl S. Laddin    bkrfilings@agg.com

John A. Lapinski    jlapinski@clarktrev.com

Bobby C. Lawyer    bl2153@att.com

Barry R. Levine    barlev@levineatlaw.com

Julie A. Mack    jmack@ftc.gov, dabueid@ftc.gov

Breck E. Milde    bmilde@terra-law.com

Shannon L. Mounger-Lum    shannon.l.mounger-lum@usdoj.gov

Office of the U.S. Trustee / SJ    USTPRegion17.SJ.ECF@usdoj.gov

Jeffrey K. Rehfeld    jrehfeld@sheppardmullin.com, ewalters@sheppardmullin.com

Karen Rinehart    krinehart@omm.com

Steven B. Sacks    ssacks@sheppardmullin.com, ewalters@smrh.com

Steven J. Schwartz    sschwartz@dgdk.com

Gilbert B. Weisman    notices@becket-lee.com

**07-52890 Notice will not be electronically mailed to:**

Daniel H. Coleman
Network Telephone Services, Inc.
21135 Erwin St.
Woodland Hills, CA 91367

Ken Dawson
5883 Rue Ferrari
San Jose, CA 95138

Holland & Knight LLP
,

Jerry Merkt
15680 Loma Vista Ave.
Los Gatos, CA 95032

Tighe Patton Armstrong Teasdale, PLLC
,

Julie S. Turner

The Turner Law Firm
344 Tennessee Ln.
Palo Alto, CA 94306

**RER - 40**

Entered on Docket
October 19, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  SHEPPARD, MULLIN, RICHTER &
   HAMPTON LLP
2    A Limited Liability Partnership
     Including Professional Corporations
3  MICHAEL H. AHRENS,
   Cal. Bar No. 44766
4  JEFFREY K. REHFELD,
   Cal. Bar No. 188128
5  ORI KATZ,
   Cal. Bar No. 209561
6  Four Embarcadero Center, 17th Floor
   San Francisco, CA 94111
7  Telephone:    415-434-9100
   Facsimile:    415-434-3947
8

The following constitutes the
Order of the Court. Signed _____10/16____ 20 0 7

_____
HON. ARTHUR S. WEISSBRODT
United States Bankruptcy Judge

9  Attorneys for Debtor and Debtor-in-
   Possession
10 The Billing Resource, dba Integretel

OCT 1 5 2007

11              UNITED STATES BANKRUPTCY COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14

15 In re:                        )   Case No. 07-52890 ASW
                                 )
16 THE BILLING RESOURCE, dba     )   Chapter 11
   INTEGRETEL, a California corporation )
17                               )   FURTHER ORDER APPROVING
               Debtor.           )   INTERIM USE OF CASH COLLATERAL
18                               )   AND GRANTING REPLACEMENT
                                 )   LIENS AND APPROVING FIRST
19                               )   AMENDED STIPULATION WITH
                                 )   PAYMENTONE CORPORATION
20                               )   REGARDING USE OF CASH
                                 )   COLLATERAL AND ADEQUATE
21                               )   PROTECTION ON AN INTERIM BASIS
                                 )   THROUGH AND INCLUDING
22                               )   NOVEMBER 2, 2007
                                 )
23                               )   Date:     October 15, 2007
                                 )   Time:     2:00 p.m.
24                               )   Place:    United States Bankruptcy Court
                                 )             280 South First Street
25                               )             San Jose, California
                                 )   Judge:    Hon. Arthur S. Weissbrodt
26                               )   Courtroom: 3020
                                 )
27                               )

28

W02-WEST:FJR\400466319.5

ORDER APPROVING FURTHER INTERIM
USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1          The Billing Resource, dba Integretel, a California corporation (the "Debtor") filed

2    its "Emergency Motion For Use Of Cash Collateral And Granting Replacement Liens" (the

3    "Motion") in the above-referenced bankruptcy case (the "Bankruptcy Case"). Capitalized terms

4    not otherwise defined herein shall have the meanings ascribed to them in the Motion. A continued

5    interim hearing (the "September 26 Interim Hearing") with respect to the Motion was previously

6    held on September 26, 2007 before the undersigned United States Bankruptcy Judge at the above-

7    noted place. At the September 26 Interim Hearing, counsel for the Debtor presented to the Court a

8    "First Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash Collateral

9    And Adequate Protection" (the "First Amended PaymentOne Stipulation"), a blacklined version of

10   which the Debtor had previously presented to the Court at an initial hearing held on September 21,

11   2007, and requested that the Court approve the First Amended PaymentOne Stipulation on an

12   interim basis at the September 26 Interim Hearing.

13

14         Pursuant to the Motion, as revised in light of the First Amended PaymentOne

15   Stipulation, the pleadings filed by the Debtor in support of the Motion prior to the September 26

16   Interim Hearing and the statements made at the September 26 Interim Hearing, and Bankruptcy

17   Code Sections 105, 361, and 363, the Court at the September 26 Interim Hearing entered its

18   "Order Approving Interim Use Of Cash Collateral And Granting Replacement Liens And

19   Approving First Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash

20   Collateral And Adequate Protection On An Interim Basis" (the "September 26 Interim Order"). In

21   connection with the September 26 Interim Hearing, the Court also orally approved certain

22   stipulations regarding the Debtor's interim use of cash collateral between the Debtor and the

23   following entities: (a) POL, Inc.; (b) Public Communication Services, Inc.; and (c) David R.

24   Chase, as Receiver for certain entities (the "Receiver").

25         A further interim hearing (the "October 15 Interim Hearing") with respect to the

26   Motion seeking further interim approval of the Debtor's use of cash collateral through and

27   including November 2, 2007, or as soon thereafter as the Court and counsel are available for a

28   further hearing on the Motion, including further interim approval of the First Amended

ORDER APPROVING FURTHER INTERIM
USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1  PaymentOne Stipulation duly came on for hearing before the undersigned United States

2  Bankruptcy Judge at the above-noted place and time set forth on the caption page of this Order.

3  Appearances were as noted in the record at the October 15 Interim Hearing.

4          Prior to the hearing, the Debtor and the Official Committee of Unsecured Creditors

5  (the "Committee") filed a stipulation (the "Committee Support Stipulation") stipulating to the to

6  the Debtor's use of cash collateral in accordance with the "Budget" (as such term is defined in the

7  following paragraph) on a further interim basis through and including November 2, 2007, or as

8  soon thereafter as the Court and counsel are available for a further hearing on the Motion.

9          Pursuant to the Motion, as further revised after the September 26 Interim Hearing

10 by the pleadings filed by the Debtor in support of the Motion prior to the October 15 Interim

11 Hearing including without limitation the Notice of the October 15 Interim Hearing, the Notice of

12 Entry of Order regarding the September 26 Interim Order, the Declaration of Paul Weber in

13 support of the Debtor's October 15 Interim Hearing on Cash Collateral dated October 11, 2007

14 (the "October 11 Weber Declaration") including the revised budget attached as Exhibit B to the

15           *as modified on the record with respect to Pol,*

16 October 11 Weber Declaration (the "Budget"), the Debtor's reply to the oppositions to the Motion

17 and in support of the Motion, the statements made at the October 15 Interim Hearing, and

18 Bankruptcy Code Sections 105, 361, and 363, the Debtor seeks an order from the Court: (1)

19 authorizing the Debtor to use certain assets of the Debtor which constitute "cash collateral" as

20 defined in Bankruptcy Code section 363(a) (such assets of the Debtor shall be referred to herein as

21 the "Cash Collateral") on a an interim basis through and including November 2, 2007, or as soon

22 thereafter as the Court and counsel are available for a further hearing on the Motion; (2) granting

23 approval of the First Amended PaymentOne Stipulation and the terms and conditions set forth

24 therein as revised in this Order on an interim basis through and including November 2, 2007, or as

25 soon thereafter as the Court and counsel are available for a further hearing on the Motion; and (3)

26

27

28

W02-WEST:FJR\400466319.5                        -2-

1  granting PaymentOne Corporation ("PaymentOne"), POL, Inc. ("POL")[1], Network Telephone

2  Services, Inc. ("Network Telephone"), Personal Voice, Inc. ("Personal Voice") and Public

3  Communication Services, Inc. ("Public Communication") (collectively, the "Alleged Cash

4  Collateral Secured Creditors"), as adequate protection for the use by the Debtor of Cash Collateral

5  in which the Alleged Cash Collateral Secured Creditors have an alleged interest, a replacement

6  lien upon certain of the Debtor's personal property as set forth in this Order (and in the case of

7  PaymentOne as set forth in the First Amended PaymentOne Stipulation), but only to the extent

8  each respective Alleged Cash Collateral Secured Creditors possessed valid, perfected and

9  enforceable prepetition liens in the Cash Collateral; and (4) the setting of a final hearing on the

10  Motion including approval of the First Amended PaymentOne Stipulation (the "Final Hearing")

11  pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

12            The Court, having reviewed and considered the Motion, and all pleadings filed in

13  support thereof including without limitation the Notice of the Motion, the Introductory Statement

14  filed in support of the Motion, the Declaration of Ken Dawson filed in support of the Motion, the

15  Debtor's Stipulation with PaymentOne Corporation regarding the Debtor's use of Cash Collateral

16  which was attached as an exhibit to the Motion, the First Amended PaymentOne Stipulation

17  presented at the Interim Hearing, the two Declarations of Evan Meyer in support of the Motion

18  dated September 24, 2007, the Declaration of Joe Lyman in support of the Motion, the Notice of

19  the October 15 Interim Hearing, the Notice of Entry of Order regarding the Interim Order, the

20  October 11 Weber Declaration including the Budget, the Supplemental Declaration of Ken

21

22

23  [1] The following entities are collectively referred to in this Order as "POL": Access Programs, Inc.;
   Action Date Connections, Inc.; Benchmark Communications, Inc.; Blazen Communications, Inc.;

24  Call Transfer Services, Inc.; Cassiopeia Group, Inc.; Clear Command Telecommunications, Inc.;

25  Country Club Network Services, Inc.; Date Finders Singles, Inc.; Enhanced Phone Services, Inc.;
   Inovate Telecommunications, Inc.; Invesco Telecommunications, Inc.; Listen Com. Inc.; LJ

26  Internet, Inc.; Love Dating Network, Inc.;Lunar Tel, Inc.; Messenger Com, Inc.; Omnipresent

27  Digital, Inc.; Palisade Telcom, Inc.; POL, Inc.; Psychic, Inc.; Rebound Communications, Inc.;
   Singles Date Match, Inc.; Special Comtel, Ltd.; Spring Telecom, Inc.; Vesstone

28  Telecommunications, Inc.; Voicemail, Inc.; Voice Services, Ltd.; Vortex Communications &
   Telephone, Inc.; Wonder Network, Inc.

W02-WEST:FJR\400466319.5                -3-

Case: 07-52890    Doc #: 162    Filed: 10/16/2007    ORDER APPROVING FURTHER INTERIM
USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Page 39 of 48

RER-40                2652

1   Dawson filed in support of the Motion dated October 11, 2007, the Committee Support

2   Stipulation, the oppositions to the Motion filed in connection with the October 15 Interim Hearing,

3   including the oppositions filed by POL, Public Communications, Thermo-Credit, the Office of the

4   United States Trustee, the Receiver, the Federal Trade Commission (the "FTC") and Personal

5   Voice (collectively, the foregoing oppositions and joinder the "Oppositions") as well as any other

6   oppositions filed with the Court prior to the October 15 Interim Hearing or raised at the October

7   15 Interim Hearing, the reply to the oppositions and in support of the Motion including the replies

8   filed by the Debtor and PaymentOne, the other matters of record in this Bankruptcy Case, the

9   arguments and representations of counsel at the October 15 Interim Hearing, having completed

10  both the September 26 Interim hearing and the October 15 Interim Hearing in accordance with

11  Rule 4001 of the Bankruptcy Rules, and good cause appearing therefor,

12          **THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

13          1.      The Debtor filed a voluntary petition for relief under Chapter 11 of the

14  Bankruptcy Code on September 16, 2007 (the "Petition Date"). No trustee or examiner has been

15  appointed in this case, and the Debtor is authorized to operate its business as a debtor-in-

16  possession.

17          2.      The Court has jurisdiction over these proceedings and the parties and

18  property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding

19  within the meaning of 28 U.S.C. § 157(b)(2).

20          3.      Pursuant to §§ 102(1) and 363 of the Bankruptcy Code and Bankruptcy

21  Rule 4001 including Bankruptcy Rule 4001(b) and (d), the Debtor has provided such notice as was

22  practicable and appropriate under the circumstances of the time, place and nature of the October

23  15 Interim Hearing and opportunity to object to the entry of this Order to among others: (1) the

24  Alleged Cash Collateral Secured Creditors; (2) each creditor on the List of 30 Largest Creditors

25  filed pursuant to Bankruptcy Rule 1007(d); (3) the Office of the United States Trustee; (4) other

26  significant parties in interest, including the Receiver and the FTC; and (5) those parties who had

27  filed with the Court filed a request for service pursuant to Bankruptcy Rule 2002. The foregoing

28

W02-WEST:FJR\400466319.5          -4-

Case: 07-52890     Doc #: 162    Filed: 10/16/2007

ORDER APPROVING FURTHER INTERIM
USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

RER-40          2653

1  notice is adequate and sufficient in light of the nature of the relief requested in the Motion as

2  revised.

3      4.    The Debtor must have the use of cash generated from the Debtor's assets

4  including without limitation the Debtor's prepetition assets which each of the Alleged Cash

5  Collateral Secured Creditors claims to be its Cash Collateral in order to continue to operate and

6  preserve the value of Debtor's estate.

7      5.    Unless the Debtor is permitted to use the Cash Collateral, the Debtor's

8  ability to operate its business, pay expenses of this Bankruptcy Case, and to preserve and maintain

9  the property and assets of its estate and to reorganize will be immediately and irreparably

10  jeopardized, and the Debtor's use of the Cash Collateral is necessary to avoid immediate and

11  irreparable harm to the Debtor and the Debtor's bankruptcy estate.

12      6.    The level of adequate protection for the Alleged Cash Collateral Secured

13  Creditors proposed to be provided by the Debtor in the Motion as revised and as more particularly

14  set forth below, in return for the use of the Cash Collateral, is reasonable.

15      7.    Good cause has been shown for entry of this Order, including without

16  limitation the approval of the First Amended PaymentOne Stipulation and the terms and

17  conditions set forth therein as revised by this Order on an interim basis through and including

18  November 2, 2007, or as soon thereafter as the Court and counsel are available for a further

19  hearing on the Motion. Among other things, entry of this Order will preserve each of the Alleged

20  Cash Collateral Secured Creditor's position vis-a-vis the Debtor and other creditors of the estate so

21  that each of the respective Alleged Cash Collateral Secured Creditor's position vis-a-vis the Debtor

22  and such other creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral.

23      8.    To the extent that any of the foregoing findings constitute or include

24  conclusions of law, they shall be so deemed.

25      **ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:**

26      1.    The Motion, as amended including by the relief sought in connection with

27  PaymentOne, is approved on a further interim basis through and including November 2, 2007, or

28

---

W02-WEST:FJR\400466319.5                    -5-

1   as soon thereafter as the Court and counsel are available for a further hearing on the Motion, and

2   the First Amended PaymentOne Stipulation and terms and conditions set forth therein as revised

3   by this Order are approved on a further interim basis through and including November 2, 2007, or

4   as soon thereafter as the Court and counsel are available for a further hearing on the Motion. Use

5   of Cash Collateral as set forth in the Budget which is attached as an exhibit to the October 11

6   Weber Declaration is approved on a further interim basis through and including November 2,

7   2007, or as soon thereafter as the Court and counsel are available for a further hearing on the

8   Motion. Notwithstanding anything to the contrary contained in the First Amended PaymentOne

9   Stipulation, no super-priority administrative expense claim pursuant to Bankruptcy Code Section

10   507(b) is granted or provided to PaymentOne or to any other Alleged Cash Collateral Secured

11   Creditor on a further interim basis through and including November 2, 2007, or as soon thereafter

12   as the Court and counsel are available for a further hearing on the Motion, provided, however, that

13   such claim will be determined at the Final Hearing. Notwithstanding the foregoing, PaymentOne

14   (and any other Alleged Cash Collateral Secured Creditor beneficiary of this Order), reserves

15   statutory rights it may have as a matter of law under Bankruptcy Code section 507(b) or any other

16   provision of the Bankruptcy Code, and the Debtor and its bankruptcy estate reserve all defenses

17   thereto. This Order is valid immediately and is fully effective upon its entry.

18

19         2.     Oppositions to the Motion, including without limitation the Oppositions, as

20   well as any other oppositions filed with the Court prior to the October 15 Interim Hearing or raised

21   at the October 15 Interim Hearing, to the extent not withdrawn, are overruled.

22         3.     The Debtor may use Cash Collateral in which PaymentOne has an alleged

23   interest in accordance with the First Amended PaymentOne Stipulation as revised by this Order.

24         4.     The Debtor is authorized to pay PaymentOne the Pipeline Collection

25   Property in accordance with the terms and conditions of the First Amended PaymentOne

26   Stipulation as revised by this Order and the October 11 Weber Declaration including its attached

27   Budget filed in this Bankruptcy Case.

28         5.     PaymentOne is granted, pursuant to Bankruptcy Code sections 361(2) and

---

W02-WEST:FJR\400466319.5         -6-

ORDER APPROVING FURTHER INTERIM
USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

363(e), valid, perfected and enforceable replacement liens upon all post-petition property of the Debtor of the same type and character of any pre-petition property as to which PaymentOne had valid, perfected and enforceable security interests or liens (including any proceeds thereof to the extent that PaymentOne had valid, perfected and enforceable pre-petition security interests or pre-petition liens in proceeds). Notwithstanding anything to the contrary contained in the First Amended PaymentOne Stipulation or this Order, the replacement liens granted to PaymentOne shall not include any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof. The replacement liens granted to PaymentOne shall be automatically perfected pursuant to this Order and PaymentOne shall not be required to take any further action to perfect such liens.

6.     PaymentOne's replacement liens on the post-petition property shall have the same priority vis-a-vis other liens and interests as PaymentOne's pre-petition liens and security interests have vis-a-vis such other liens and interests. The replacement liens granted to PaymentOne by this Order are intended to preserve PaymentOne's position vis-a-vis the Debtor and other creditors of the estate so that PaymentOne's position vis-a-vis the Debtor and such other creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral and PaymentOne's receipt of replacement liens.

7.     The replacement liens granted to PaymentOne shall be subordinated from the Petition Date until further order of the Court to any allowed on an interim or final basis expenses of this bankruptcy case including without limitation any allowed on an interim or final basis fees and expenses of professionals retained by the Debtor and any official committee appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the bankruptcy case and such trustee's professionals, subject to the terms and conditions set forth in the First Amended PaymentOne Stipulation, but amended to strike the following language from Paragraph 8 of the First Amended PaymentOne Stipulation: ", but only to the extent such fees and expenses are provided for in the Budget and were actually incurred before this First Amended Stipulation terminated."

8.     Notwithstanding anything to the contrary set forth in this Order, this Order

W02-WEST:FJR\400466319.5                              -7-

1    does not determine whether PaymentOne has any valid, perfected or enforceable prepetition liens

2    or security interests in the Cash Collateral or any of the Debtor's other assets, and both the Debtor

3    and PaymentOne reserve all rights and defenses with respect thereto. The replacement liens

4    granted to PaymentOne in consideration of its asserted prepetition liens pursuant to this Order are

5    effective only to the extent that PaymentOne's prepetition liens in the Cash Collateral are valid,

6    perfected and enforceable.

7        9.    The Debtor may use Cash Collateral in which POL has an alleged interest.

8        10.    POL is granted, pursuant to Bankruptcy Code sections 361(2) and 363(e),

9    valid, perfected and enforceable replacement liens upon all post-petition property of the Debtor of

10    the same type and character of any pre-petition property as to which POL had valid, perfected and

11    enforceable security interests or liens, but only to the extent of Cash Collateral used by the Debtor.

12    Notwithstanding anything to the contrary contained in this Order, the replacement liens granted to

13    POL shall not include any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof.

14    The replacement liens granted to POL shall be automatically perfected pursuant to this Order and

15    POL shall not be required to take any further action to perfect such liens.

16

17        11.    POL's replacement liens on the post-petition property shall have the same

18    priority vis-a-vis other liens and interests as POL's pre-petition liens and security interests have

19    vis-a-vis such other liens and interests. The replacement liens granted to POL by this Order are

20    intended to preserve POL's position vis-a-vis the Debtor and other creditors of the estate so that

21    POL's position vis-a-vis the Debtor and such other creditors is neither diminished nor enhanced by

22    Debtor's use of Cash Collateral and POL's receipt of replacement liens.

23        12.    The replacement liens granted to POL shall be subordinated from the

24    Petition Date until further order of the Court to any allowed on an interim or final basis expenses

25    of this bankruptcy case including without limitation any allowed on an interim or final basis fees

26    and expenses of professionals retained by the Debtor and any official committee appointed in this

27    bankruptcy case as well as those of any trustee subsequently appointed in the bankruptcy case and

28    such trustee's professionals.

W02-WEST:FJR\400466319.5                    -8-

ORDER APPROVING FURTHER INTERIM
USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

13.     Notwithstanding anything to the contrary set forth in this Order, this Order does not determine whether POL has any valid, perfected or enforceable prepetition liens or security interests in the Cash Collateral or any of the Debtor's other assets, and both the Debtor and POL reserve all rights and defenses with respect thereto. The replacement liens granted to POL pursuant to this Order are effective only to the extent that POL's prepetition liens in the Cash Collateral are valid, perfected and enforceable.

14.     The Debtor may use Cash Collateral in which Network Telephone has an alleged interest.

15.     Network Telephone is granted, pursuant to Bankruptcy Code sections 361(2) and 363(e), valid, perfected and enforceable replacement liens upon all post-petition property of the Debtor of the same type and character of any pre-petition property as to which Network Telephone had valid, perfected and enforceable security interests or liens, but only to the extent of Cash Collateral used by the Debtor. Notwithstanding anything to the contrary contained in this Order, the replacement liens granted to Network Telephone shall not include any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof. The replacement liens granted to Network Telephone shall be automatically perfected pursuant to this Order and Network Telephone shall not be required to take any further action to perfect such liens.

16.     Network Telephone's replacement liens on the post-petition property shall have the same priority vis-a-vis other liens and interests as Network Telephone's pre-petition liens and security interests have vis-a-vis such other liens and interests. The replacement liens granted to Network Telephone by this Order are intended to preserve Network Telephone's position vis-a-vis the Debtor and other creditors of the estate so that Network Telephone's position vis-a-vis the Debtor and such other creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral and Network Telephone's receipt of replacement liens.

17.     The replacement liens granted to Network Telephone shall be subordinated from the Petition Date until further order of the Court to any allowed on an interim or final basis expenses of this bankruptcy case including without limitation any allowed on an interim or final

ORDER APPROVING FURTHER INTERIM
USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1   basis fees and expenses of professionals retained by the Debtor and any official committee

2   appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the

3   bankruptcy case and such trustee's professionals.

4          18.    Notwithstanding anything to the contrary set forth in this Order, this Order

5   does not determine whether Network Telephone has any valid, perfected or enforceable

6   prepetition liens or security interests in the Cash Collateral or any of the Debtor's other assets, and

7   both the Debtor and Network Telephone reserve all rights and defenses with respect thereto. The

8   replacement liens granted to Network Telephone pursuant to this Order are effective only to the

9   extent that Network Telephone's prepetition liens in the Cash Collateral are valid, perfected and

10  enforceable.

11         19.    The Debtor may use Cash Collateral in which Personal Voice has an alleged

12  interest.

13         20.    Personal Voice is granted, pursuant to Bankruptcy Code sections 361(2) and

14  363(e), valid, perfected and enforceable replacement liens upon all post-petition property of the

15  Debtor of the same type and character of any pre-petition property as to which Personal Voice had

16  valid, perfected and enforceable security interests or liens, but only to the extent of Cash Collateral

17  used by the Debtor.  Notwithstanding anything to the contrary contained in this Order, the

18  replacement liens granted to Personal Voice shall not include any Bankruptcy Code chapter 5

19  avoidance actions or the proceeds thereof. The replacement liens granted to Personal Voice shall

20  be automatically perfected pursuant to this Order and Personal Voice shall not be required to take

21  any further action to perfect such liens.

22

23         21.    Personal Voice's replacement liens on the post-petition property shall have

24  the same priority vis-a-vis other liens and interests as Personal Voice's pre-petition liens and

25  security interests have vis-a-vis such other liens and interests. The replacement liens granted to

26  POL by this Order are intended to preserve Personal Voice's position vis-a-vis the Debtor and

27  other creditors of the estate so that Personal Voice's position vis-a-vis the Debtor and such other

28  creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral and Personal

W02-WEST:FJR\400466319.5                    -10-

ORDER APPROVING FURTHER INTERIM
USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

Case: 07-52890    Doc #: 162    Filed: 10/16/2007    Page 46 of 48

RER-40    2659

1    Voice's receipt of replacement liens.

2        22.    The replacement liens granted to Personal Voice shall be subordinated from
3    the Petition Date until further order of the Court to any allowed on an interim or final basis
4    expenses of this bankruptcy case including without limitation any allowed on an interim or final
5    basis fees and expenses of professionals retained by the Debtor and any official committee
6    appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the
7    bankruptcy case and such trustee's professionals.

8        23.    Notwithstanding anything to the contrary set forth in this Order, this Order
9    does not determine whether Personal Voice has any valid, perfected or enforceable prepetition
10   liens or security interests in the Cash Collateral or any of the Debtor's other assets, and both the
11   Debtor and Personal Voice reserve all rights and defenses with respect thereto. The replacement
12   liens granted to Personal Voice pursuant to this Order are effective only to the extent that Personal
13   Voice's prepetition liens in the Cash Collateral are valid, perfected and enforceable.

14       24.    The Debtor may use Cash Collateral in which Public Communication has an
15   alleged interest.

16       25.    Public Communication is granted, pursuant to Bankruptcy Code
17   sections 361(2) and 363(e), valid, perfected and enforceable replacement liens upon all post-
18   petition property of the Debtor of the same type and character of any pre-petition property as to
19   which Public Communication had valid, perfected and enforceable security interests or liens, but
20   only to the extent of Cash Collateral used by the Debtor. Notwithstanding anything to the contrary
21   contained in this Order, the replacement liens granted to Public Communication shall not include
22   any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof. The replacement liens
23   granted to Public Communication shall be automatically perfected pursuant to this Order and
24   Public Communication shall not be required to take any further action to perfect such liens.

25       26.    Public Communication's replacement liens on the post-petition property
26   shall have the same priority vis-a-vis other liens and interests as Public Communication's pre-
27   petition liens and security interests have vis-a-vis such other liens and interests. The replacement

ORDER APPROVING FURTHER INTERIM
USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Case: 07-52890    Doc #: 162    Filed: 10/16/2007    Page 47 of 48

RER-40        2660

1   liens granted to Public Communication by this Order are intended to preserve Public

2   Communication's position vis-a-vis the Debtor and other creditors of the estate so that Public

3   Communication's position vis-a-vis the Debtor and such other creditors is neither diminished nor

4   enhanced by Debtor's use of Cash Collateral and Public Communication's receipt of replacement

5   liens.

6           27.    The replacement liens granted to Public Communication shall be

7   subordinated from the Petition Date until further order of the Court to any allowed on an interim

8   or final basis expenses of this bankruptcy case including without limitation any allowed on an

9   interim or final basis fees and expenses of professionals retained by the Debtor and any official

10  committee appointed in this bankruptcy case as well as those of any trustee subsequently

11  appointed in the bankruptcy case and such trustee's professionals.

12          28.    Notwithstanding anything to the contrary set forth in this Order, this Order

13  does not determine whether Public Communication has any valid, perfected or enforceable

14  prepetition liens or security interests in the Cash Collateral or any of the Debtor's other assets, and

15  both the Debtor and Public Communication reserve all rights and defenses with respect thereto.

16  The replacement liens granted to Public Communication pursuant to this Order are effective only

17  to the extent that Public Communication's prepetition liens in the Cash Collateral are valid,

18  perfected and enforceable.

19          29.    The use of Cash Collateral shall be in the amounts, and for the purposes, set

20  forth on the Budget. Notwithstanding anything to the contrary in the First Amended PaymentOne

21  Stipulation or this Order, to the extent that the Debtor does not spend the full amount of funds

22  which it is authorized to spend in the Budget for a given week period, the Debtor does not "lose"

23  the right to spend thereafter such unused funds, but instead the Debtor may spend such unused

24  funds in a subsequent week period(s) in addition to whatever additional funds the Debtor is

25  authorized to spend in that subsequent week period(s) as provided in the Budget.

26          30.    The Court shall hold the Final Hearing on the Motion including the First

27  Amended PaymentOne Stipulation on _November 2_, 2007 at _1:00_ _p.m._

28

ORDER APPROVING FURTHER INTERIM
USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

Case: 07-52890    Doc #: 162    Filed: 10/16/2007    Page 48 of 48

RER-40                2661