1   arguments properly belong in the Adversary Proceeding and should be considered therein, not in

2   the context of the Debtor's motion to use cash collateral on a further interim basis. The Receiver

3   himself acknowledges this in his prior objection. See Receiver October 10 Objection at 2:13-17.

4   The Receiver's arguments in his latest objection were and should have been the subject of the

5   October 17 hearing in the Adversary Proceeding, not the November 2 hearing on the Debtor's

6   motion to use cash collateral on a further interim basis.

7        The Receiver claims that the Debtor has never established that this Court has jurisdiction

8   over approximately $1.7 million which is the subject of the dispute between the Debtor and the

9   Receiver. Not so. This Court has exclusive jurisdiction over all of the Debtor's assets pursuant to

10   28 U.S.C. section 1334(e)(1). The Blocked Account is irrelevant to the Court's jurisdiction over

11   the Debtor's assets as it was created with the express understanding of all parties that doing so was

12   not an admission that these were the "Subject Funds" claimed by the Receiver.

13        The Receiver argues that the Debtor's use of cash collateral should be limited because the

14   Debtor purportedly represented to the Eleventh Circuit Court of Appeals that "it will hold the

15   [$1.7 million in funds] and not dissipate them." See Receiver's October 26 Objection at 4:8-9.

16   The Receiver's argument is nothing more than a mischaracterization, as what the Debtor actually

17   wrote was that the status quo should be maintained and that the status quo is "that enforcement of

18   the Omnibus Order is stayed and that [the Debtor] still holds the disputed funds." The status quo

19   is and was the Debtor's possession and use of all of its money and nothing the Debtor said to the

20   Eleventh Circuit is inconsistent with the Debtor using its money.

21        The Receiver's arguments were addressed at the October 17 Adversary Proceeding hearing,

22   and need not be addressed again at the November 2 cash collateral hearing. In any event, the

23   Receiver's arguments are incorrect, and should be overruled.

24   **I.    Similarly, the FTC's Opposition Is Not Properly the Subject of the November 2 Cash**

25         **Collateral Motion Hearing, But Rather the Subject of the Adversary Proceeding Hearing and Has Been Addressed and Should be Resolved in that Context.**

26        The FTC also filed a limited objection to the Debtor's continued use of cash collateral. For

27   the same reasons as just discussed with respect to the Receiver's objection, the FTC's arguments

28

-7-

W02-WEST:FJR\400509216.4

DEBTOR'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF USE OF CASH
COLLATERAL ON A FURTHER INTERIM BASIS

1  are not properly the subject of the November 2 cash collateral hearing, but instead are and were

2  properly the subject of the Adversary Proceeding and the October 17 hearing therein, and were

3  and will be considered by the Court in that context. The Debtor demonstrated at the October 17

4  hearing in the Adversary Proceeding that a stay of the FTC action should be granted to eliminate

5  the need to spend extensive funds defending that action. Nothing in the FTC's latest objection

6  demonstrates why a two week use of cash collateral supported by the Committee should not be

7  granted.

8                                          **CONCLUSION**

9        For the reasons set forth herein as well as the Debtor's other cash collateral motion papers,

10  good cause exists to approve the Debtor's use of cash collateral, including approval of the First

11  Amended PaymentOne Stipulation, for a further interim period through and including November

12  16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the

13  motion. If the Debtor is not permitted to use cash collateral, the result will be the forced cessation

14  of the Debtor's business as well as the forced closure of its most valuable asset, PaymentOne.

15  Such a result would be not be in the best interests of the Debtor's creditors or its bankruptcy estate.

16        The Committee supports the Debtor's use of cash collateral on an interim basis through and

17  including November 16, 2007. Granting the Debtor's use of its cash collateral on an interim basis

18  will permit time the Debtor to meet with the Committee regarding a possible plan of

19  reorganization contemplating a continuation of business operations, with the goal of allowing the

20  Debtor to exit bankruptcy as quickly as possible, while also maximizing value to unsecured

21  creditors.

22  Dated: October 30, 2007              Respectfully submitted,

23

24                                      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

25                          By    _____
                                        /s/ Jeffrey K. Rehfeld

26                                      JEFFREY K. REHFELD
                                        Attorneys for Debtor The Billing Resource, dba

27                                      Integretel

28

W02-WEST:FJR\400509216.4          -8-

DEBTOR'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF USE OF CASH
COLLATERAL ON A FURTHER INTERIM BASIS

Case: 07-52890    Doc #: 211    Filed: 10/30/2007    Page 9 of 28

RER-50          2964

# EXHIBIT 1

1  SHEPPARD, MULLIN, RICHTER &
   HAMPTON LLP
2    A Limited Liability Partnership
     Including Professional Corporations
3  MICHAEL H. AHRENS,
     Cal. Bar No. 44766
4  JEFFREY K. REHFELD,
     Cal. Bar No. 188128
5  ORI KATZ,
     Cal. Bar No. 209561
6  Four Embarcadero Center, 17th Floor
   San Francisco, CA 94111
7  Telephone:    415-434-9100
   Facsimile:    415-434-3947
8
9  Attorneys for Debtor and Debtor-in-
   Possession
10 The Billing Resource, dba Integretel

11              UNITED STATES BANKRUPTCY COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14

15 In re:                          )   Case No. 07-52890 ASW
                                   )
16 THE BILLING RESOURCE, dba       )   Chapter 11
   INTEGRETEL, a California corporation )
17                                 )   **FURTHER ORDER APPROVING**
          Debtor.                  )   **INTERIM USE OF CASH COLLATERAL**
18                                 )   **AND GRANTING REPLACEMENT**
                                   )   **LIENS AND APPROVING FIRST**
19                                 )   **AMENDED STIPULATION WITH**
                                   )   **PAYMENTONE CORPORATION**
20                                 )   **REGARDING USE OF CASH**
                                   )   **COLLATERAL AND ADEQUATE**
21                                 )   **PROTECTION ON A FURTHER**
                                   )   **INTERIM BASIS THROUGH AND**
22                                 )   **INCLUDING NOVEMBER 16, 2007**
                                   )
23                                 )   Date:     November 2, 2007
                                   )   Time:     1:00 p.m.
24                                 )   Place:    United States Bankruptcy Court
                                   )             280 South First Street
25                                 )             San Jose, California
                                   )   Judge:    Hon. Arthur S. Weissbrodt
26                                 )   Courtroom: 3020
                                   )
27                                 )
28

W02-WEST:FJR\400509031.4

1  The Billing Resource, dba Integretel, a California corporation (the "Debtor") filed
2  its "Emergency Motion For Use Of Cash Collateral And Granting Replacement Liens" (the
3  "Motion") in the above-referenced bankruptcy case (the "Bankruptcy Case"). Capitalized terms
4  not otherwise defined herein shall have the meanings ascribed to them in the Motion. A continued
5  interim hearing (the "September 26 Interim Hearing") with respect to the Motion was previously
6  held on September 26, 2007 before the undersigned United States Bankruptcy Judge at the above-
7  noted place. At the September 26 Interim Hearing, counsel for the Debtor presented to the Court a
8  "First Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash Collateral
9  And Adequate Protection" (the "First Amended PaymentOne Stipulation"), a blacklined version of
10 which the Debtor had previously presented to the Court at an initial hearing held on September 21,
11 2007, and requested that the Court approve the First Amended PaymentOne Stipulation on an
12 interim basis at the September 26 Interim Hearing.
13

14      Pursuant to the Motion, as revised in light of the First Amended PaymentOne
15 Stipulation, the pleadings filed by the Debtor in support of the Motion prior to the September 26
16 Interim Hearing and the statements made at the September 26 Interim Hearing, and Bankruptcy
17 Code Sections 105, 361, and 363, the Court at the September 26 Interim Hearing entered its
18 "Order Approving Interim Use Of Cash Collateral And Granting Replacement Liens And
19 Approving First Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash
20 Collateral And Adequate Protection On An Interim Basis" (the "September 26 Interim Order"). In
21 connection with the September 26 Interim Hearing, the Court also orally approved certain
22 stipulations regarding the Debtor's interim use of cash collateral between the Debtor and the
23 following entities: (a) POL, Inc.; (b) Public Communication Services, Inc.; and (c) David R.
24 Chase, as Receiver for certain entities (the "Receiver").

25      A further continued interim hearing (the "October 15 Interim Hearing") with
26 respect to the Motion was previously held on October 15, 2007 before the undersigned United
27 States Bankruptcy Judge at the above-noted place. Prior to the hearing, the Debtor and the
28 Official Committee of Unsecured Creditors (the "Committee") filed a stipulation (the "Committee

---

W02-WEST:FJR\400509031.4                    -1-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1    Support Stipulation") stipulating to the to the Debtor's use of cash collateral on a further interim

2    basis through and including November 2, 2007, or as soon thereafter as the Court and counsel are

3    available for a further hearing on the Motion. Pursuant to the Motion, as revised in light of the

4    First Amended PaymentOne Stipulation, the pleadings filed by the Debtor in support of the

5    Motion prior to the October 15 Interim Hearing and the statements made at the October 15 Interim

6    Hearing, and Bankruptcy Code Sections 105, 361, and 363, the Court on October 16 Interim

7    Hearing signed its "Further Order Approving Interim Use Of Cash Collateral And Granting

8    Replacement Liens And Approving First Amended Stipulation With PaymentOne Corporation

9    Regarding Use Of Cash Collateral And Adequate Protection On An Interim Basis Through And

10   Including November 2, 2007" (the "October 15 Interim Order").

11        A further interim hearing (the "November 2 Interim Hearing") with respect to the

12   Motion seeking further interim approval of the Debtor's use of cash collateral through and

13   including November 16, 2007, or as soon thereafter as the Court and counsel are available for a

14   further hearing on the Motion, including further interim approval of the First Amended

15   PaymentOne Stipulation duly came on for hearing before the undersigned United States

16   Bankruptcy Judge at the above-noted place and time set forth on the caption page of this Order.

17   Appearances were as noted in the record at the November 2 Interim Hearing.

18        Prior to the November 2 Interim Hearing, the Debtor and the Committee filed a

19   stipulation (the "Further Committee Support Stipulation") further stipulating to the to the Debtor's

20   use of cash collateral in accordance with the "Budget" (as such term is defined in the following

21   paragraph) on a further interim basis through and including November 16, 2007, or as soon

22   thereafter as the Court and counsel are available for a further hearing on the Motion.

23        Pursuant to the Motion, as further revised by the pleadings filed by the Debtor in

24   support of the Motion prior to the September 26 Interim Hearing, the October 15 Interim Hearing

25   and the November 2 Interim Hearing, including without limitation the Notice of the November 2

26   Interim Hearing, the Notice of Signing of Order regarding the October 15 Interim Order, the

27   Declaration of Paul Weber dated October 11, 2007 in support of the Debtor's October 15 Interim

W02-WEST:FJR\400509031.4                     -2-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Case: 07-52890    Doc #: 211    Filed: 10/30/2007    Page 13 of 28

RER-50        2968

1  Hearing on Cash Collateral (the "October 11 Weber Declaration") including the revised budget

2  attached as <u>Exhibit B</u> to the October 11 Weber Declaration (the "Budget"), the Debtor's reply to

3  the oppositions to the Motion and in support of the Motion, the statements made at the November

4  2 Interim Hearing, and Bankruptcy Code Sections 105, 361, and 363, the Debtor seeks an order

5  from the Court: (1) authorizing the Debtor to use certain assets of the Debtor which constitute

6  "cash collateral" as defined in Bankruptcy Code section 363(a) (such assets of the Debtor shall be

7  referred to herein as the "Cash Collateral") on a an interim basis through and including November

8  16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the

9  Motion; (2) granting approval of the First Amended PaymentOne Stipulation and the terms and

10  conditions set forth therein as revised in this Order on an interim basis through and including

11  November 16, 2007, or as soon thereafter as the Court and counsel are available for a further

12  hearing on the Motion; and (3) granting PaymentOne Corporation ("PaymentOne"), POL, Inc.

13  ("POL")[1], Network Telephone Services, Inc. ("Network Telephone"), Personal Voice, Inc.

14  ("Personal Voice") and Public Communication Services, Inc. ("Public Communication")

15  (collectively, the "Alleged Cash Collateral Secured Creditors"), as adequate protection for the use

16  by the Debtor of Cash Collateral in which the Alleged Cash Collateral Secured Creditors have an

17  alleged interest, a replacement lien upon certain of the Debtor's personal property as set forth in

18  this Order (and in the case of PaymentOne as set forth in the First Amended PaymentOne

19  Stipulation), but only to the extent each respective Alleged Cash Collateral Secured Creditors

20  possessed valid, perfected and enforceable prepetition liens in the Cash Collateral; and (4) the

21

22

23  [1] The following entities are collectively referred to in this Order as "POL": Access Programs, Inc.;
   Action Date Connections, Inc.; Benchmark Communications, Inc.; Blazen Communications, Inc.;
24  Call Transfer Services, Inc.; Cassiopeia Group, Inc.; Clear Command Telecommunications, Inc.;
   Country Club Network Services, Inc.; Date Finders Singles, Inc.; Enhanced Phone Services, Inc.;
25  Inovate Telecommunications, Inc.; Invesco Telecommunications, Inc.; Listen Com. Inc.; LJ
   Internet, Inc.; Love Dating Network, Inc.;Lunar Tel, Inc.; Messenger Com, Inc.; Omnipresent
26  Digital, Inc.; Palisade Telcom, Inc.; POL, Inc.; Psychic, Inc.; Rebound Communications, Inc.;
   Singles Date Match, Inc.; Special Comtel, Ltd.; Spring Telecom, Inc.; Vesstone
27  Telecommunications, Inc.; Voicemail, Inc.; Voice Services, Ltd.; Vortex Communications &
   Telephone, Inc.; Wonder Network, Inc.
28

W02-WEST:FJR\400509031.4                                          -3-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1  setting of a final hearing on the Motion including approval of the First Amended PaymentOne

2  Stipulation (the "Final Hearing") pursuant to Rule 4001 of the Federal Rules of Bankruptcy

3  Procedure (the "Bankruptcy Rules").

4         The Court, having reviewed and considered the Motion, and all pleadings filed in

5  support thereof including without limitation the Notice of the Motion, the Introductory Statement

6  filed in support of the Motion, the Declaration of Ken Dawson filed in support of the Motion, the

7  Debtor's Stipulation with PaymentOne Corporation regarding the Debtor's use of Cash Collateral

8  which was attached as an exhibit to the Motion, the First Amended PaymentOne Stipulation

9  presented at the Interim Hearing, the two Declarations of Evan Meyer in support of the Motion

10  dated September 24, 2007, the Declaration of Joe Lynam in support of the Motion, the Notice of

11  the October 15 Interim Hearing, the Notice of Entry of Order regarding the Interim Order, the

12  October 11 Weber Declaration including the Budget, the Supplemental Declaration of Ken

13  Dawson filed in support of the Motion dated October 11, 2007 (the "October 11 Dawson

14  Declaration"), the Committee Support Stipulation, the Notice of the November 2 Interim Hearing,

15  the Notice of Signing of Order regarding the October 15 Interim Order, the Further Committee

16  Support Stipulation, the oppositions to the Motion filed in connection with the November 2

17  Interim Hearing, including the oppositions filed by the Receiver, the Federal Trade Commission

18  (the "FTC") and Personal Voice (collectively, the foregoing oppositions and joinder the

19  "Oppositions") as well as any other oppositions filed with the Court prior to the November 2

20  Interim Hearing or raised at the November 2 Interim Hearing, the reply to the oppositions and in

21  support of the Motion including the reply filed by the Debtor, the other matters of record in this

22  Bankruptcy Case, the arguments and representations of counsel at the November 2 Interim

23  Hearing, having completed both the September 26 Interim hearing, the October 15 Interim

24  Hearing, and the November 2 Interim Hearing in accordance with Rule 4001 of the Bankruptcy

25  Rules, and good cause appearing therefor,

26

27  **THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

28      1.    The Debtor filed a voluntary petition for relief under Chapter 11 of the

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

RER-50    2970

1    Bankruptcy Code on September 16, 2007 (the "Petition Date"). No trustee or examiner has been

2    appointed in this case, and the Debtor is authorized to operate its business as a debtor-in-

3    possession.

4         2.    The Court has jurisdiction over these proceedings and the parties and

5    property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding

6    within the meaning of 28 U.S.C. § 157(b)(2).

7         3.    Pursuant to §§ 102(1) and 363 of the Bankruptcy Code and Bankruptcy

8    Rule 4001 including Bankruptcy Rule 4001(b) and (d), the Debtor has provided such notice as was

9    practicable and appropriate under the circumstances of the time, place and nature of the November

10   2 Interim Hearing and opportunity to object to the entry of this Order to among others: (1) the

11   Alleged Cash Collateral Secured Creditors; (2) each creditor on the List of 30 Largest Creditors

12   filed pursuant to Bankruptcy Rule 1007(d); (3) the Office of the United States Trustee; (4) other

13   significant parties in interest, including the Receiver and the FTC; and (5) those parties who had

14   filed with the Court filed a request for service pursuant to Bankruptcy Rule 2002. The foregoing

15   notice is adequate and sufficient in light of the nature of the relief requested in the Motion as

16   revised.

17        4.    The Debtor must have the use of cash generated from the Debtor's assets

18   including without limitation the Debtor's prepetition assets which each of the Alleged Cash

19   Collateral Secured Creditors claims to be its Cash Collateral in order to continue to operate and

20   preserve the value of Debtor's estate.

21        5.    Unless the Debtor is permitted to use the Cash Collateral, the Debtor's

22   ability to operate its business, pay expenses of this Bankruptcy Case, and to preserve and maintain

23   the property and assets of its estate and to reorganize will be immediately and irreparably

24   jeopardized, and the Debtor's use of the Cash Collateral is necessary to avoid immediate and

25   irreparable harm to the Debtor and the Debtor's bankruptcy estate.

26        6.    The level of adequate protection for the Alleged Cash Collateral Secured

27   Creditors proposed to be provided by the Debtor in the Motion as revised and as more particularly

28   set forth below, in return for the use of the Cash Collateral, is reasonable.

W02-WEST:FJR\400509031.4                    -5-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Case: 07-52890    Doc #: 211    Filed: 10/30/2007    Page 16 of 28

RER-50        2971

7.    Good cause has been shown for entry of this Order, including without limitation the approval of the First Amended PaymentOne Stipulation and the terms and conditions set forth therein as revised by this Order on an interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion. Among other things, entry of this Order will preserve each of the Alleged Cash Collateral Secured Creditor's position vis-a-vis the Debtor and other creditors of the estate so that each of the respective Alleged Cash Collateral Secured Creditor's position vis-a-vis the Debtor and such other creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral.

8.    To the extent that any of the foregoing findings constitute or include conclusions of law, they shall be so deemed.

**ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:**

1.    The Motion, as amended including by the relief sought in connection with PaymentOne, is approved on a further interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion, and the First Amended PaymentOne Stipulation and terms and conditions set forth therein as revised by this Order are approved on a further interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion. Use of Cash Collateral as set forth in the Budget which is attached as <u>Exhibit B</u> to the October 11 Weber Declaration is approved on a further interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion. Notwithstanding anything to the contrary contained in the First Amended PaymentOne Stipulation, no super-priority administrative expense claim pursuant to Bankruptcy Code Section 507(b) is granted or provided to PaymentOne or to any other Alleged Cash Collateral Secured Creditor on a further interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion, provided, however, that such claim will be determined at the Final Hearing. Notwithstanding the foregoing, PaymentOne (and any other Alleged Cash Collateral Secured Creditor beneficiary of this Order), reserves

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

RER-50        2972

1    statutory rights it may have as a matter of law under Bankruptcy Code section 507(b) or any other

2    provision of the Bankruptcy Code, and the Debtor and its bankruptcy estate reserve all defenses

3    thereto.  This Order is valid immediately and is fully effective upon its entry.

4        2.    Oppositions to the Motion, including without limitation the Oppositions, as

5    well as any other oppositions filed with the Court prior to the November 2 Interim Hearing or

6    raised at the November 2 Interim Hearing, to the extent not withdrawn, are overruled.

7        3.    The Debtor may use Cash Collateral in which PaymentOne has an alleged

8    interest in accordance with the First Amended PaymentOne Stipulation as revised by this Order.

9        4.    The Debtor is authorized to pay PaymentOne the Pipeline Collection

10   Property in accordance with the terms and conditions of the First Amended PaymentOne

11   Stipulation as revised by this Order and the October 11 Weber Declaration including its attached

12   Budget filed in this Bankruptcy Case.

13       5.    PaymentOne is granted, pursuant to Bankruptcy Code sections 361(2) and

14   363(e), valid, perfected and enforceable replacement liens upon all post-petition property of the

15   Debtor of the same type and character of any pre-petition property as to which PaymentOne had

16   valid, perfected and enforceable security interests or liens (including any proceeds thereof to the

17   extent that PaymentOne had valid, perfected and enforceable pre-petition security interests or pre-

18   petition liens in proceeds).  Notwithstanding anything to the contrary contained in the First

19   Amended PaymentOne Stipulation or this Order, the replacement liens granted to PaymentOne

20   shall not include any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof.  The

21   replacement liens granted to PaymentOne shall be automatically perfected pursuant to this Order

22   and PaymentOne shall not be required to take any further action to perfect such liens.

23       6.    PaymentOne's replacement liens on the post-petition property shall have the

24   same priority vis-a-vis other liens and interests as PaymentOne's pre-petition liens and security

25   interests have vis-a-vis such other liens and interests.   The replacement liens granted to

26   PaymentOne by this Order are intended to preserve PaymentOne's position vis-a-vis the Debtor

27   and other creditors of the estate so that PaymentOne's position vis-a-vis the Debtor and such other

W02-WEST:FJR\400509031.4                    -7-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Case: 07-52890    Doc #: 211    Filed: 10/30/2007    Page 18 of 28

RER–50                    2973

1  creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral and PaymentOne's

2  receipt of replacement liens.

3      7.    The replacement liens granted to PaymentOne shall be subordinated from

4  the Petition Date until further order of the Court to any allowed on an interim or final basis

5  expenses of this bankruptcy case including without limitation any allowed on an interim or final

6  basis fees and expenses of professionals retained by the Debtor and any official committee

7  appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the

8  bankruptcy case and such trustee's professionals, subject to the terms and conditions set forth in

9  the First Amended PaymentOne Stipulation, but amended for the time period up to and including

10  November 16, 2007 to strike the following language from Paragraph 8 of the First Amended

11  PaymentOne Stipulation: ", but only to the extent such fees and expenses are provided for in the

12  Budget and were actually incurred before this First Amended Stipulation terminated."

13      8.    Notwithstanding anything to the contrary set forth in this Order, this Order

14  does not determine whether PaymentOne has any valid, perfected or enforceable prepetition liens

15  or security interests in the Cash Collateral or any of the Debtor's other assets, and both the Debtor

16  and PaymentOne reserve all rights and defenses with respect thereto.  The replacement liens

17  granted to PaymentOne in consideration of its asserted prepetition liens pursuant to this Order are

18  effective only to the extent that PaymentOne's prepetition liens in the Cash Collateral are valid,

19  perfected and enforceable.

20      9.    The Debtor may use Cash Collateral in which POL has an alleged interest.

21      10.    POL is granted, pursuant to Bankruptcy Code sections 361(2) and 363(e),

22  valid, perfected and enforceable replacement liens upon all post-petition property of the Debtor of

23  the same type and character of any pre-petition property as to which POL had valid, perfected and

24  enforceable security interests or liens, but only to the extent of Cash Collateral used by the Debtor.

25  Notwithstanding anything to the contrary contained in this Order, the replacement liens granted to

26  POL shall not include any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof.

27  The replacement liens granted to POL shall be automatically perfected pursuant to this Order and

W02-WEST:FJR\400509031.4         -8-

1  POL shall not be required to take any further action to perfect such liens.

2      11.    POL's replacement liens on the post-petition property shall have the same
3  priority vis-a-vis other liens and interests as POL's pre-petition liens and security interests have
4  vis-a-vis such other liens and interests.  The replacement liens granted to POL by this Order are
5  intended to preserve POL's position vis-a-vis the Debtor and other creditors of the estate so that
6  POL's position vis-a-vis the Debtor and such other creditors is neither diminished nor enhanced by
7  Debtor's use of Cash Collateral and POL's receipt of replacement liens.

8      12.    The replacement liens granted to POL shall be subordinated from the
9  Petition Date until further order of the Court to any allowed on an interim or final basis expenses
10 of this bankruptcy case including without limitation any allowed on an interim or final basis fees
11 and expenses of professionals retained by the Debtor and any official committee appointed in this
12 bankruptcy case as well as those of any trustee subsequently appointed in the bankruptcy case and
13 such trustee's professionals.

14     13.    Notwithstanding anything to the contrary set forth in this Order, this Order
15 does not determine whether POL has any valid, perfected or enforceable prepetition liens or
16 security interests in the Cash Collateral or any of the Debtor's other assets, and both the Debtor
17 and POL reserve all rights and defenses with respect thereto.  The replacement liens granted to
18 POL pursuant to this Order are effective only to the extent that POL's prepetition liens in the Cash
19 Collateral are valid, perfected and enforceable.

20     14.    The Debtor may use Cash Collateral in which Network Telephone has an
21 alleged interest.

22     15.    Network    Telephone    is    granted,    pursuant    to    Bankruptcy    Code
23 sections 361(2) and 363(e), valid, perfected and enforceable replacement liens upon all post-
24 petition property of the Debtor of the same type and character of any pre-petition property as to
25 which Network Telephone had valid, perfected and enforceable security interests or liens, but only
26 to the extent of Cash Collateral used by the Debtor.  Notwithstanding anything to the contrary
27 contained in this Order, the replacement liens granted to Network Telephone shall not include any

W02-WEST:FJR\400509031.4                    -9-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Case: 07-52890    Doc #: 211    Filed: 10/30/2007    Page 20 of 28

RER-50    2975

1   Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof. The replacement liens
2   granted to Network Telephone shall be automatically perfected pursuant to this Order and
3   Network Telephone shall not be required to take any further action to perfect such liens.

4       16.    Network Telephone's replacement liens on the post-petition property shall
5   have the same priority vis-a-vis other liens and interests as Network Telephone's pre-petition liens
6   and security interests have vis-a-vis such other liens and interests. The replacement liens granted
7   to Network Telephone by this Order are intended to preserve Network Telephone's position vis-a-
8   vis the Debtor and other creditors of the estate so that Network Telephone's position vis-a-vis the
9   Debtor and such other creditors is neither diminished nor enhanced by Debtor's use of Cash
10  Collateral and Network Telephone's receipt of replacement liens.

11      17.    The replacement liens granted to Network Telephone shall be subordinated
12  from the Petition Date until further order of the Court to any allowed on an interim or final basis
13  expenses of this bankruptcy case including without limitation any allowed on an interim or final
14  basis fees and expenses of professionals retained by the Debtor and any official committee
15  appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the
16  bankruptcy case and such trustee's professionals.

17
18      18.    Notwithstanding anything to the contrary set forth in this Order, this Order
19  does not determine whether Network Telephone has any valid, perfected or enforceable
20  prepetition liens or security interests in the Cash Collateral or any of the Debtor's other assets, and
21  both the Debtor and Network Telephone reserve all rights and defenses with respect thereto. The
22  replacement liens granted to Network Telephone pursuant to this Order are effective only to the
23  extent that Network Telephone's prepetition liens in the Cash Collateral are valid, perfected and
24  enforceable.

25      19.    The Debtor may use Cash Collateral in which Personal Voice has an alleged
26  interest.

27      20.    Personal Voice is granted, pursuant to Bankruptcy Code sections 361(2) and
28  363(e), valid, perfected and enforceable replacement liens upon all post-petition property of the

W02-WEST:FJR\400509031.4                    -10-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Case: 07-52890    Doc #: 211    Filed: 10/30/2007    Page 21 of 28

RER-50    2976

1   Debtor of the same type and character of any pre-petition property as to which Personal Voice had

2   valid, perfected and enforceable security interests or liens, but only to the extent of Cash Collateral

3   used by the Debtor.   Notwithstanding anything to the contrary contained in this Order, the

4   replacement liens granted to Personal Voice shall not include any Bankruptcy Code chapter 5

5   avoidance actions or the proceeds thereof.  The replacement liens granted to Personal Voice shall

6   be automatically perfected pursuant to this Order and Personal Voice shall not be required to take

7   any further action to perfect such liens.

8          21.     Personal Voice's replacement liens on the post-petition property shall have

9   the same priority vis-a-vis other liens and interests as Personal Voice's pre-petition liens and

10  security interests have vis-a-vis such other liens and interests.  The replacement liens granted to

11  POL by this Order are intended to preserve Personal Voice's position vis-a-vis the Debtor and

12  other creditors of the estate so that Personal Voice's position vis-a-vis the Debtor and such other

13  creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral and Personal

14  Voice's receipt of replacement liens.

15         22.     The replacement liens granted to Personal Voice shall be subordinated from

16  the Petition Date until further order of the Court to any allowed on an interim or final basis

17  expenses of this bankruptcy case including without limitation any allowed on an interim or final

18  basis fees and expenses of professionals retained by the Debtor and any official committee

19  appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the

20  bankruptcy case and such trustee's professionals.

21

22         23.     Notwithstanding anything to the contrary set forth in this Order, this Order

23  does not determine whether Personal Voice has any valid, perfected or enforceable prepetition

24  liens or security interests in the Cash Collateral or any of the Debtor's other assets, and both the

25  Debtor and Personal Voice reserve all rights and defenses with respect thereto.  The replacement

26  liens granted to Personal Voice pursuant to this Order are effective only to the extent that Personal

27  Voice's prepetition liens in the Cash Collateral are valid, perfected and enforceable.

28         24.     The Debtor may use Cash Collateral in which Public Communication has an

W02-WEST:FJRW400509031.4                    -11-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

RER-50    2977

1    alleged interest.

2          25.    Public Communication is granted, pursuant to Bankruptcy Code

3    sections 361(2) and 363(e), valid, perfected and enforceable replacement liens upon all post-

4    petition property of the Debtor of the same type and character of any pre-petition property as to

5    which Public Communication had valid, perfected and enforceable security interests or liens, but

6    only to the extent of Cash Collateral used by the Debtor. Notwithstanding anything to the contrary

7    contained in this Order, the replacement liens granted to Public Communication shall not include

8    any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof. The replacement liens

9    granted to Public Communication shall be automatically perfected pursuant to this Order and

10   Public Communication shall not be required to take any further action to perfect such liens.

11         26.    Public Communication's replacement liens on the post-petition property

12   shall have the same priority vis-a-vis other liens and interests as Public Communication's pre-

13   petition liens and security interests have vis-a-vis such other liens and interests. The replacement

14   liens granted to Public Communication by this Order are intended to preserve Public

15   Communication's position vis-a-vis the Debtor and other creditors of the estate so that Public

16   Communication's position vis-a-vis the Debtor and such other creditors is neither diminished nor

17   enhanced by Debtor's use of Cash Collateral and Public Communication's receipt of replacement

18   liens.

19         27.    The replacement liens granted to Public Communication shall be

20   subordinated from the Petition Date until further order of the Court to any allowed on an interim

21   or final basis expenses of this bankruptcy case including without limitation any allowed on an

22   interim or final basis fees and expenses of professionals retained by the Debtor and any official

23   committee appointed in this bankruptcy case as well as those of any trustee subsequently

24   appointed in the bankruptcy case and such trustee's professionals.

25         28.    Notwithstanding anything to the contrary set forth in this Order, this Order

26   does not determine whether Public Communication has any valid, perfected or enforceable

27   prepetition liens or security interests in the Cash Collateral or any of the Debtor's other assets, and

28

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1  both the Debtor and Public Communication reserve all rights and defenses with respect thereto.

2  The replacement liens granted to Public Communication pursuant to this Order are effective only

3  to the extent that Public Communication's prepetition liens in the Cash Collateral are valid,

4  perfected and enforceable.

5      29.    The use of Cash Collateral shall be in the amounts, and for the purposes, set

6  forth on the Budget. Notwithstanding anything to the contrary in the First Amended PaymentOne

7  Stipulation or this Order, to the extent that the Debtor does not spend the full amount of funds

8  which it is authorized to spend in the Budget for a given week period, the Debtor does not "lose"

9  the right to spend thereafter such unused funds, but instead the Debtor may spend such unused

10  funds in a subsequent week period(s) in addition to whatever additional funds the Debtor is

11  authorized to spend in that subsequent week period(s) as provided in the Budget.

12      30.    The Court shall hold the Final Hearing on the Motion including the First

13  Amended PaymentOne Stipulation on _____, 2007 at __:__ .m.

14      31.    The Debtor shall, on or before _____, 2007, serve by U.S. mail

15  and email service to the extent that the Debtor's counsel has an email address for any party or its

16  counsel, a copy of this Order and a notice regarding the Final Hearing, to (i) the parties having

17  been given notice of the November 2 Interim Hearing, and (ii) any other party ordered by the

18  Court or who has filed with the Court and served on the Debtor's counsel a request for service

19  pursuant to Bankruptcy Rule 2002. Such notice shall state that any party in interest objecting to

20  the approval of the Motion on a final basis shall file a written objection with the Court no later

21  than _____, 2007, which objection shall be filed with the Court and served so that it is

22  received on or before 5:00 p.m. (Pacific Time) of such date by the Debtor's counsel, the

23  Committee's counsel, and the Office of the United States Trustee at the following contact

24  information:

25

26      Counsel to Debtor:

27      Sheppard, Mullin, Richter & Hampton LLP
       Four Embarcadero Center, Suite 1700

28      San Francisco, CA 94111

W02-WEST:FJR\400509031.4                    -13-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Case: 07-52890    Doc #: 211    Filed: 10/30/2007    Page 24 of 28

RER-50    2979

1    Attn:   Michael H. Ahrens, Esq.
2            Jeffrey K. Rehfeld, Esq.
            Ori Katz, Esq.
3    Email: mahrens@sheppardmullin.com
           jrehfeld@sheppardmullin.com
4          okatz@sheppardmullin.com

5    Counsel to Committee:

6    Pachulski Stang Ziehl Young & Jones LLP
7    150 California Street, 15th Floor
    San Francisco, CA 94111-4500
8    Attn:   John D. Fiero, Esq.
            Maxim B. Litvak, Esq.
9    Email: jfiero@pzjl.com
           mlitvak@pzjl.com
10

11    Office of the United States Trustee:

12    Office of the United States Trustee
    280 S. First Street, Suite 268
13    San Jose, CA 94113-0002
    Attn:   John Wesolowski, Esq.
14    Facsimile: (408) 535-5525

15

16          32.    If a timely objection is filed, served and received, a written reply thereto

17    shall not be required but may be filed with the Court and served so that it is received by the

18    objecting party no later than _____ , 2007 on or before 11:59 p.m. (Pacific Time).

19

20                              ** END OF ORDER **

21

22

23

24

25

26

27

28

W02-WEST:FJR\400509031.4                    -14-

COURT SERVICE LIST

Office of the U.S. Trustee
Office of the U.S. Trustee
Attn: Edwina Dowell, Esq.
280 South First Street, Room 268
San Jose, CA 95113

The Billing Resource dba Integretel
The Billing Resource dba Integretel
Attn: Ken Dawson
5883 Rue Ferrari
San Jose, CA 95138

Proposed counsel for The Billing Resource dba Integretel
The Billing Resource dba Integretel
c/o Sheppard, Mullin, Richter & Hampton LLP
Attn: Michael H. Ahrens, Esq.
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106

Counsel for PaymentOne Corporation
PaymentOne Corporation
c/o O'Melveny & Myers LLP
Attn: Steve Warren, Esq.
400 South Hope Street
Los Angeles, CA 90071-2899

POL, Inc.
POL, Inc.
c/o Joel R. Dichter, Esq.
Dichter Law Group, LLC
10 Rockefeller Plaza, Suite 816
New York, New York 10020
Email: info@dichterlaw.com
Fax: (212) 757-5002

POL, Inc.
c/o Kathryn Diemer, Esq.
Diemer, Whitman & Cardosi
75 East Santa Clara Street, Suite 290
San Jose, CA 95113

Personal Voice, Inc.
Personal Voice, Inc.
Attn: David Giorgione
16807 A U.S. Highway 19 North, Suite A
Clearwater, FL 33764

Personal Voice, Inc.
Attn: Thomas C. Little

W02-WEST:FJR\400509031.4

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

Case: 07-52890    Doc #: 211    Filed: 10/30/2007    Page 26 of 28

RER-50        2981

1   (Registered Agent for Service of Process)
   2123 NE Coachman Rd., Suite A
2   Clearwater, FL 33765

3   <u>Network Telephone Services, Inc.</u>
   Network Telephone Services, Inc.
4   Attn: Daniel Coleman, Esq.
   21135 Erwin Street
5   Woodland Hills, CA 91367

6   Ellen Friedman, Esq.
   Elaine Hammond, Esq.
7   Friedman, Dumas & Springwater LLP
   150 Spear Street, Suite 1600
8   San Francisco, CA 94105

9   <u>Public Communication Services, Inc.</u>
10   Public Communication Services, Inc.
   Attn: Leslie Cohen, Esq.
11   Liner Yankelvitz Sunshine & Regenstreif LLP
   1100 Glendon Avenue, 14th Floor
12   Los Angeles. CA 90024-3503

13   <u>The Receiver David Chase</u>
   Walter Oetzell, Esq.
14   Steven J. Schwartz, Esq.
   Danning, Gill, Diamond & Kollitz, LLP
15   2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904
16

17   Jeffrey C. Schneider, Esq.
   Tew Cardenas LLP
18   Four Seasons Tower, Fifteenth Floor
   1441 Brickell Avenue
19   Miami, Florida 33131-3407

20   <u>Federal Trade Commission</u>
   Michael Mora, Esq.
21   Julie A. Mack, Esq.
   Federal Trade Commission
22   600 Pennsylvania Ave. N.W.
   Washington, DC 20580
23

24   <u>Thermo Credit</u>
   John A. Lapinski, Esq.
25   Leslie R. Horowitz, Esq.
   Dolores Cordell, Esq.
26   Clark & Trevithick
   800 Wilshire Boulevard, 12th Floor
   Los Angeles, California 90017
27

28   W. Timothy Miller, Esq.
   Taft Stettinius & Hollister LLP

W02-WEST:FJR\400509031.4       -16-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Case: 07-52890     Doc #: 211     Filed: 10/30/2007     Page 27 of 28

RER-50     2982

1    425 Walnut Street, Suite 1800
      Cincinnati, Ohio 45202

2

     Certain Creditors
3    Peter Benvenutti, Esq.
      Michaeline H. Correa, Esq.
4    Heller, Ehrman, White and McAuliffe
      333 Bush St.
5    San Francisco, CA 94104-2878

6
     Email Discount Network and Intelicom Messaging
7    c/o David M. Goodrich, Esq.
      7700 Irvine Center Drive, Suite 800
8    Irvine, CA 92618

9    Austin P. Nagel, Esq.
      Law Offices of Austin P. Nagel
10   111 Deerwood Place, Suite 338
      San Ramon, California 94583

11
     Official Creditors' Committee
12   John Fiero, Esq.
      Pachulski, Stang, Ziehl, Young & Jones
13   150 California Street, 15th Floor
      San Francisco, CA 94111-4500

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:FJRW00509031.4          -17-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

Case: 07-52890    Doc #: 211    Filed: 10/30/2007    Page 28 of 28

RER-50      2983

**RER - 51**

Entered on Docket
November 02, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2      Including Professional Corporations
3  MICHAEL H. AHRENS,
     Cal. Bar No. 44766
4  JEFFREY K. REHFELD,
     Cal. Bar No. 188128
5  ORI KATZ,
     Cal. Bar No. 209561
6  Four Embarcadero Center, 17th Floor
7  San Francisco, CA 94111
   Telephone:    415-434-9100
8  Facsimile:    415-434-3947

9  Attorneys for Debtor and Debtor-in-Possession
10 The Billing Resource, dba Integretel

**FILED**

NOV 0 2 2007

CLERK
UNITED STATES BANKRUPTCY COURT
SAN JOSE, CALIFORNIA

The following constitutes the
Order of the Court. Signed _____ 2  20 _ 7

_____
HON. ARTHUR S. WEISSBRODT
United States Bankruptcy Judge

11          UNITED STATES BANKRUPTCY COURT

12          NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14

15  In re:                                  )   Case No. 07-52890 ASW
                                            )
16  THE BILLING RESOURCE, dba               )   Chapter 11
    INTEGRETEL, a California corporation     )
17                                          )   **FURTHER ORDER APPROVING
               Debtor.                       )   INTERIM USE OF CASH COLLATERAL
18                                          )   AND GRANTING REPLACEMENT
                                            )   LIENS AND APPROVING FIRST
19                                          )   AMENDED STIPULATION WITH
                                            )   PAYMENTONE CORPORATION
20                                          )   REGARDING USE OF CASH
                                            )   COLLATERAL AND ADEQUATE
21                                          )   PROTECTION ON A FURTHER
                                            )   INTERIM BASIS THROUGH AND
22                                          )   INCLUDING NOVEMBER 16, 2007**
                                            )
23                                          )   Date:     November 2, 2007
                                            )   Time:     1:00 p.m.
24                                          )   Place:    United States Bankruptcy Court
                                            )              280 South First Street
25                                          )              San Jose, California
                                            )   Judge:    Hon. Arthur S. Weissbrodt
26                                          )   Courtroom:  3020
                                            )
27                                          )

28

W02-WEST:FJR\400509031.4

1    The Billing Resource, dba Integretel, a California corporation (the "Debtor") filed

2    its "Emergency Motion For Use Of Cash Collateral And Granting Replacement Liens" (the

3    "Motion") in the above-referenced bankruptcy case (the "Bankruptcy Case"). Capitalized terms

4    not otherwise defined herein shall have the meanings ascribed to them in the Motion. A continued

5    interim hearing (the "September 26 Interim Hearing") with respect to the Motion was previously

6    held on September 26, 2007 before the undersigned United States Bankruptcy Judge at the above-

7    noted place. At the September 26 Interim Hearing, counsel for the Debtor presented to the Court a

8    "First Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash Collateral

9    And Adequate Protection" (the "First Amended PaymentOne Stipulation"), a blacklined version of

10   which the Debtor had previously presented to the Court at an initial hearing held on September 21,

11   2007, and requested that the Court approve the First Amended PaymentOne Stipulation on an

12   interim basis at the September 26 Interim Hearing.

13

14    Pursuant to the Motion, as revised in light of the First Amended PaymentOne

15   Stipulation, the pleadings filed by the Debtor in support of the Motion prior to the September 26

16   Interim Hearing and the statements made at the September 26 Interim Hearing, and Bankruptcy

17   Code Sections 105, 361, and 363, the Court at the September 26 Interim Hearing entered its

18   "Order Approving Interim Use Of Cash Collateral And Granting Replacement Liens And

19   Approving First Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash

20   Collateral And Adequate Protection On An Interim Basis" (the "September 26 Interim Order"). In

21   connection with the September 26 Interim Hearing, the Court also orally approved certain

22   stipulations regarding the Debtor's interim use of cash collateral between the Debtor and the

23   following entities: (a) POL, Inc.; (b) Public Communication Services, Inc.; and (c) David R.

24   Chase, as Receiver for certain entities (the "Receiver").

25    A further continued interim hearing (the "October 15 Interim Hearing") with

26   respect to the Motion was previously held on October 15, 2007 before the undersigned United

27   States Bankruptcy Judge at the above-noted place. Prior to the hearing, the Debtor and the

28   Official Committee of Unsecured Creditors (the "Committee") filed a stipulation (the "Committee

W02-WEST:FJR\400509031.4                        -1-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

RER-51    2985

1  Support Stipulation") stipulating to the to the Debtor's use of cash collateral on a further interim

2  basis through and including November 2, 2007, or as soon thereafter as the Court and counsel are

3  available for a further hearing on the Motion. Pursuant to the Motion, as revised in light of the

4  First Amended PaymentOne Stipulation, the pleadings filed by the Debtor in support of the

5  Motion prior to the October 15 Interim Hearing and the statements made at the October 15 Interim

6  Hearing, and Bankruptcy Code Sections 105, 361, and 363, the Court on October 16 Interim

7  Hearing signed its "Further Order Approving Interim Use Of Cash Collateral And Granting

8  Replacement Liens And Approving First Amended Stipulation With PaymentOne Corporation

9  Regarding Use Of Cash Collateral And Adequate Protection On An Interim Basis Through And

10  Including November 2, 2007" (the "October 15 Interim Order").

11

12          A further interim hearing (the "November 2 Interim Hearing") with respect to the

13  Motion seeking further interim approval of the Debtor's use of cash collateral through and

14  including November 16, 2007, or as soon thereafter as the Court and counsel are available for a

15  further hearing on the Motion, including further interim approval of the First Amended

16  PaymentOne Stipulation duly came on for hearing before the undersigned United States

17  Bankruptcy Judge at the above-noted place and time set forth on the caption page of this Order.

18  Appearances were as noted in the record at the November 2 Interim Hearing.

19          Prior to the November 2 Interim Hearing, the Debtor and the Committee filed a

20  stipulation (the "Further Committee Support Stipulation") further stipulating to the to the Debtor's

21  use of cash collateral in accordance with the "Budget" (as such term is defined in the following

22  paragraph) on a further interim basis through and including November 16, 2007, or as soon

23  thereafter as the Court and counsel are available for a further hearing on the Motion.

24          Pursuant to the Motion, as further revised by the pleadings filed by the Debtor in

25  support of the Motion prior to the September 26 Interim Hearing, the October 15 Interim Hearing

26  and the November 2 Interim Hearing, including without limitation the Notice of the November 2

27  Interim Hearing, the Notice of Signing of Order regarding the October 15 Interim Order, the

28  Declaration of Paul Weber dated October 11, 2007 in support of the Debtor's October 15 Interim

W02-WEST:FJR\400509031.4                        -2-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

Hearing on Cash Collateral (the "October 11 Weber Declaration") including the revised budget attached as Exhibit B to the October 11 Weber Declaration (the "Budget"), the Debtor's reply to the oppositions to the Motion and in support of the Motion, the statements made at the November 2 Interim Hearing, and Bankruptcy Code Sections 105, 361, and 363, the Debtor seeks an order from the Court: (1) authorizing the Debtor to use certain assets of the Debtor which constitute "cash collateral" as defined in Bankruptcy Code section 363(a) (such assets of the Debtor shall be referred to herein as the "Cash Collateral") on a an interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion; (2) granting approval of the First Amended PaymentOne Stipulation and the terms and conditions set forth therein as revised in this Order on an interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion; and (3) granting PaymentOne Corporation ("PaymentOne"), POL, Inc. ("POL")[1], Network Telephone Services, Inc. ("Network Telephone"), Personal Voice, Inc. ("Personal Voice") and Public Communication Services, Inc. ("Public Communication") (collectively, the "Alleged Cash Collateral Secured Creditors"), as adequate protection for the use by the Debtor of Cash Collateral in which the Alleged Cash Collateral Secured Creditors have an alleged interest, a replacement lien upon certain of the Debtor's personal property as set forth in this Order (and in the case of PaymentOne as set forth in the First Amended PaymentOne Stipulation), but only to the extent each respective Alleged Cash Collateral Secured Creditors possessed valid, perfected and enforceable prepetition liens in the Cash Collateral; and (4) the

---

[1] The following entities are collectively referred to in this Order as "POL": Access Programs, Inc.; Action Date Connections, Inc.; Benchmark Communications, Inc.; Blazen Communications, Inc.; Call Transfer Services, Inc.; Cassiopeia Group, Inc.; Clear Command Telecommunications, Inc.; Country Club Network Services, Inc.; Date Finders Singles, Inc.; Enhanced Phone Services, Inc.; Inovate Telecommunications, Inc.; Invesco Telecommunications, Inc.; Listen Com. Inc.; LJ Internet, Inc.; Love Dating Network, Inc.;Lunar Tel, Inc.; Messenger Com, Inc.; Omnipresent Digital, Inc.; Palisade Telcom, Inc.; POL, Inc.; Psychic, Inc.; Rebound Communications, Inc.; Singles Date Match, Inc.; Special Comtel, Ltd.; Spring Telecom, Inc.; Vesstone Telecommunications, Inc.; Voicemail, Inc.; Voice Services, Ltd.; Vortex Communications & Telephone, Inc.; Wonder Network, Inc.

1    setting of a final hearing on the Motion including approval of the First Amended PaymentOne

2    Stipulation (the "Final Hearing") pursuant to Rule 4001 of the Federal Rules of Bankruptcy

3    Procedure (the "Bankruptcy Rules").

4            The Court, having reviewed and considered the Motion, and all pleadings filed in

5    support thereof including without limitation the Notice of the Motion, the Introductory Statement

6    filed in support of the Motion, the Declaration of Ken Dawson filed in support of the Motion, the

7    Debtor's Stipulation with PaymentOne Corporation regarding the Debtor's use of Cash Collateral

8    which was attached as an exhibit to the Motion, the First Amended PaymentOne Stipulation

9    presented at the Interim Hearing, the two Declarations of Evan Meyer in support of the Motion

10   dated September 24, 2007, the Declaration of Joe Lynam in support of the Motion, the Notice of

11   the October 15 Interim Hearing, the Notice of Entry of Order regarding the Interim Order, the

12   October 11 Weber Declaration including the Budget, the Supplemental Declaration of Ken

13   Dawson filed in support of the Motion dated October 11, 2007 (the "October 11 Dawson

14   Declaration"), the Committee Support Stipulation, the Notice of the November 2 Interim Hearing,

15   the Notice of Signing of Order regarding the October 15 Interim Order, the Further Committee

16   Support Stipulation, the oppositions to the Motion filed in connection with the November 2

17   Interim Hearing, including the oppositions filed by the Receiver, the Federal Trade Commission

18   (the "FTC") and Personal Voice (collectively, the foregoing oppositions and joinder the

19   "Oppositions") as well as any other oppositions filed with the Court prior to the November 2

20   Interim Hearing or raised at the November 2 Interim Hearing, the reply to the oppositions and in

21   support of the Motion including the reply filed by the Debtor, the other matters of record in this

22   Bankruptcy Case, the arguments and representations of counsel at the November 2 Interim

23   Hearing, having completed both the September 26 Interim hearing, the October 15 Interim

24   Hearing, and the November 2 Interim Hearing in accordance with Rule 4001 of the Bankruptcy

25   Rules, and good cause appearing therefor,

26

27            **THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

28            1.    The Debtor filed a voluntary petition for relief under Chapter 11 of the

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

Case: 07-52890    Doc #: 225    Filed: 11/02/2007    Page 5 of 18

RER-51    2988

1  Bankruptcy Code on September 16, 2007 (the "Petition Date"). No trustee or examiner has been
2  appointed in this case, and the Debtor is authorized to operate its business as a debtor-in-
3  possession.

4        2.     The Court has jurisdiction over these proceedings and the parties and
5  property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding
6  within the meaning of 28 U.S.C. § 157(b)(2).

7        3.     Pursuant to §§ 102(1) and 363 of the Bankruptcy Code and Bankruptcy
8  Rule 4001 including Bankruptcy Rule 4001(b) and (d), the Debtor has provided such notice as was
9  practicable and appropriate under the circumstances of the time, place and nature of the November
10  2 Interim Hearing and opportunity to object to the entry of this Order to among others: (1) the
11  Alleged Cash Collateral Secured Creditors; (2) each creditor on the List of 30 Largest Creditors
12  filed pursuant to Bankruptcy Rule 1007(d); (3) the Office of the United States Trustee; (4) other
13  significant parties in interest, including the Receiver and the FTC; and (5) those parties who had
14  filed with the Court filed a request for service pursuant to Bankruptcy Rule 2002. The foregoing
15  notice is adequate and sufficient in light of the nature of the relief requested in the Motion as
16  revised.

17        4.     The Debtor must have the use of cash generated from the Debtor's assets
18  including without limitation the Debtor's prepetition assets which each of the Alleged Cash
19  Collateral Secured Creditors claims to be its Cash Collateral in order to continue to operate and
20  preserve the value of Debtor's estate.

21        5.     Unless the Debtor is permitted to use the Cash Collateral, the Debtor's
22  ability to operate its business, pay expenses of this Bankruptcy Case, and to preserve and maintain
23  the property and assets of its estate and to reorganize will be immediately and irreparably
24  jeopardized, and the Debtor's use of the Cash Collateral is necessary to avoid immediate and
25  irreparable harm to the Debtor and the Debtor's bankruptcy estate.

26        6.     The level of adequate protection for the Alleged Cash Collateral Secured
27  Creditors proposed to be provided by the Debtor in the Motion as revised and as more particularly
28  set forth below, in return for the use of the Cash Collateral, is reasonable.

W02-WEST:FJR\400509031.4                         -5-

7.      Good cause has been shown for entry of this Order, including without limitation the approval of the First Amended PaymentOne Stipulation and the terms and conditions set forth therein as revised by this Order on an interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion. Among other things, entry of this Order will preserve each of the Alleged Cash Collateral Secured Creditor's position vis-a-vis the Debtor and other creditors of the estate so that each of the respective Alleged Cash Collateral Secured Creditor's position vis-a-vis the Debtor and such other creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral.

8.      To the extent that any of the foregoing findings constitute or include conclusions of law, they shall be so deemed.

**ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The Motion, as amended including by the relief sought in connection with PaymentOne, is approved on a further interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion, and the First Amended PaymentOne Stipulation and terms and conditions set forth therein as revised by this Order are approved on a further interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion. Use of Cash Collateral as set forth in the Budget which is attached as <u>Exhibit B</u> to the October 11 Weber Declaration is approved on a further interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion. Notwithstanding anything to the contrary contained in the First Amended PaymentOne Stipulation, no super-priority administrative expense claim pursuant to Bankruptcy Code Section 507(b) is granted or provided to PaymentOne or to any other Alleged Cash Collateral Secured Creditor on a further interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion, provided, however, that such claim will be determined at the Final Hearing. Notwithstanding the foregoing, PaymentOne (and any other Alleged Cash Collateral Secured Creditor beneficiary of this Order), reserves

RER-51      2990

1    statutory rights it may have as a matter of law under Bankruptcy Code section 507(b) or any other

2    provision of the Bankruptcy Code, and the Debtor and its bankruptcy estate reserve all defenses

3    thereto. This Order is valid immediately and is fully effective upon its entry.

4          2.    Oppositions to the Motion, including without limitation the Oppositions, as

5    well as any other oppositions filed with the Court prior to the November 2 Interim Hearing or

6    raised at the November 2 Interim Hearing, to the extent not withdrawn, are overruled.

7          3.    The Debtor may use Cash Collateral in which PaymentOne has an alleged

8    interest in accordance with the First Amended PaymentOne Stipulation as revised by this Order.

9          4.    The Debtor is authorized to pay PaymentOne the Pipeline Collection

10   Property in accordance with the terms and conditions of the First Amended PaymentOne

11   Stipulation as revised by this Order and the October 11 Weber Declaration including its attached

12   Budget filed in this Bankruptcy Case.

13

14         5.    PaymentOne is granted, pursuant to Bankruptcy Code sections 361(2) and

15   363(e), valid, perfected and enforceable replacement liens upon all post-petition property of the

16   Debtor of the same type and character of any pre-petition property as to which PaymentOne had

17   valid, perfected and enforceable security interests or liens (including any proceeds thereof to the

18   extent that PaymentOne had valid, perfected and enforceable pre-petition security interests or pre-

19   petition liens in proceeds). Notwithstanding anything to the contrary contained in the First

20   Amended PaymentOne Stipulation or this Order, the replacement liens granted to PaymentOne

21   shall not include any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof. The

22   replacement liens granted to PaymentOne shall be automatically perfected pursuant to this Order

23   and PaymentOne shall not be required to take any further action to perfect such liens.

24         6.    PaymentOne's replacement liens on the post-petition property shall have the

25   same priority vis-a-vis other liens and interests as PaymentOne's pre-petition liens and security

26   interests have vis-a-vis such other liens and interests. The replacement liens granted to

27   PaymentOne by this Order are intended to preserve PaymentOne's position vis-a-vis the Debtor

28   and other creditors of the estate so that PaymentOne's position vis-a-vis the Debtor and such other

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1    creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral and PaymentOne's

2    receipt of replacement liens.

3        7.    The replacement liens granted to PaymentOne shall be subordinated from

4    the Petition Date until further order of the Court to any allowed on an interim or final basis

5    expenses of this bankruptcy case including without limitation any allowed on an interim or final

6    basis fees and expenses of professionals retained by the Debtor and any official committee

7    appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the

8    bankruptcy case and such trustee's professionals, subject to the terms and conditions set forth in

9    the First Amended PaymentOne Stipulation, but amended for the time period up to and including

10   November 16, 2007 to strike the following language from Paragraph 8 of the First Amended

11   PaymentOne Stipulation: ", but only to the extent such fees and expenses are provided for in the

12   Budget and were actually incurred before this First Amended Stipulation terminated."

13

14       8.    Notwithstanding anything to the contrary set forth in this Order, this Order

15   does not determine whether PaymentOne has any valid, perfected or enforceable prepetition liens

16   or security interests in the Cash Collateral or any of the Debtor's other assets, and both the Debtor

17   and PaymentOne reserve all rights and defenses with respect thereto.  The replacement liens

18   granted to PaymentOne in consideration of its asserted prepetition liens pursuant to this Order are

19   effective only to the extent that PaymentOne's prepetition liens in the Cash Collateral are valid,

20   perfected and enforceable.

21       9.    The Debtor may use Cash Collateral in which POL has an alleged interest.

22       10.   POL is granted, pursuant to Bankruptcy Code sections 361(2) and 363(e),

23   valid, perfected and enforceable replacement liens upon all post-petition property of the Debtor of

24   the same type and character of any pre-petition property as to which POL had valid, perfected and

25   enforceable security interests or liens, but only to the extent of Cash Collateral used by the Debtor.

26   Notwithstanding anything to the contrary contained in this Order, the replacement liens granted to

27   POL shall not include any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof.

28   The replacement liens granted to POL shall be automatically perfected pursuant to this Order and

W02-WEST:FJR\400509031.4                    -8-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Case: 07-52890    Doc #: 225    Filed: 11/02/2007    Page 9 of 18

RER-51    2992

1    POL shall not be required to take any further action to perfect such liens.

2        11.    POL's replacement liens on the post-petition property shall have the same

3    priority vis-a-vis other liens and interests as POL's pre-petition liens and security interests have

4    vis-a-vis such other liens and interests.  The replacement liens granted to POL by this Order are

5    intended to preserve POL's position vis-a-vis the Debtor and other creditors of the estate so that

6    POL's position vis-a-vis the Debtor and such other creditors is neither diminished nor enhanced by

7    Debtor's use of Cash Collateral and POL's receipt of replacement liens.

8        12.    The replacement liens granted to POL shall be subordinated from the

9    Petition Date until further order of the Court to any allowed on an interim or final basis expenses

10    of this bankruptcy case including without limitation any allowed on an interim or final basis fees

11    and expenses of professionals retained by the Debtor and any official committee appointed in this

12    bankruptcy case as well as those of any trustee subsequently appointed in the bankruptcy case and

13    such trustee's professionals.

14        13.    Notwithstanding anything to the contrary set forth in this Order, this Order

15    does not determine whether POL has any valid, perfected or enforceable prepetition liens or

16    security interests in the Cash Collateral or any of the Debtor's other assets, and both the Debtor

17    and POL reserve all rights and defenses with respect thereto.  The replacement liens granted to

18    POL pursuant to this Order are effective only to the extent that POL's prepetition liens in the Cash

19    Collateral are valid, perfected and enforceable.

20

21        14.    The Debtor may use Cash Collateral in which Network Telephone has an

22    alleged interest.

23        15.    Network    Telephone    is    granted,    pursuant    to    Bankruptcy    Code

24    sections 361(2) and 363(e), valid, perfected and enforceable replacement liens upon all post-

25    petition property of the Debtor of the same type and character of any pre-petition property as to

26    which Network Telephone had valid, perfected and enforceable security interests or liens, but only

27    to the extent of Cash Collateral used by the Debtor.  Notwithstanding anything to the contrary

28    contained in this Order, the replacement liens granted to Network Telephone shall not include any

W02-WEST:FJR\400509031.4                    -9-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Case: 07-52890    Doc #: 225    Filed: 11/02/2007    Page 10 of 18

RER–51    2993

1  Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof. The replacement liens

2  granted to Network Telephone shall be automatically perfected pursuant to this Order and

3  Network Telephone shall not be required to take any further action to perfect such liens.

4        16.   Network Telephone's replacement liens on the post-petition property shall

5  have the same priority vis-a-vis other liens and interests as Network Telephone's pre-petition liens

6  and security interests have vis-a-vis such other liens and interests. The replacement liens granted

7  to Network Telephone by this Order are intended to preserve Network Telephone's position vis-a-

8  vis the Debtor and other creditors of the estate so that Network Telephone's position vis-a-vis the

9  Debtor and such other creditors is neither diminished nor enhanced by Debtor's use of Cash

10  Collateral and Network Telephone's receipt of replacement liens.

11        17.   The replacement liens granted to Network Telephone shall be subordinated

12  from the Petition Date until further order of the Court to any allowed on an interim or final basis

13  expenses of this bankruptcy case including without limitation any allowed on an interim or final

14  basis fees and expenses of professionals retained by the Debtor and any official committee

15  appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the

16  bankruptcy case and such trustee's professionals.

17        18.   Notwithstanding anything to the contrary set forth in this Order, this Order

18  does not determine whether Network Telephone has any valid, perfected or enforceable

19  prepetition liens or security interests in the Cash Collateral or any of the Debtor's other assets, and

20  both the Debtor and Network Telephone reserve all rights and defenses with respect thereto. The

21  replacement liens granted to Network Telephone pursuant to this Order are effective only to the

22  extent that Network Telephone's prepetition liens in the Cash Collateral are valid, perfected and

23  enforceable.

24        19.   The Debtor may use Cash Collateral in which Personal Voice has an alleged

25  interest.

26        20.   Personal Voice is granted, pursuant to Bankruptcy Code sections 361(2) and

27  363(e), valid, perfected and enforceable replacement liens upon all post-petition property of the

W02-WEST:FJR\400509031.4           -10-

1   Debtor of the same type and character of any pre-petition property as to which Personal Voice had

2   valid, perfected and enforceable security interests or liens, but only to the extent of Cash Collateral

3   used by the Debtor. Notwithstanding anything to the contrary contained in this Order, the

4   replacement liens granted to Personal Voice shall not include any Bankruptcy Code chapter 5

5   avoidance actions or the proceeds thereof. The replacement liens granted to Personal Voice shall

6   be automatically perfected pursuant to this Order and Personal Voice shall not be required to take

7   any further action to perfect such liens.

8           21.     Personal Voice's replacement liens on the post-petition property shall have

9   the same priority vis-a-vis other liens and interests as Personal Voice's pre-petition liens and

10  security interests have vis-a-vis such other liens and interests. The replacement liens granted to

11  POL by this Order are intended to preserve Personal Voice's position vis-a-vis the Debtor and

12  other creditors of the estate so that Personal Voice's position vis-a-vis the Debtor and such other

13  creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral and Personal

14  Voice's receipt of replacement liens.

15          22.     The replacement liens granted to Personal Voice shall be subordinated from

16  the Petition Date until further order of the Court to any allowed on an interim or final basis

17  expenses of this bankruptcy case including without limitation any allowed on an interim or final

18  basis fees and expenses of professionals retained by the Debtor and any official committee

19  appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the

20  bankruptcy case and such trustee's professionals.

21

22          23.     Notwithstanding anything to the contrary set forth in this Order, this Order

23  does not determine whether Personal Voice has any valid, perfected or enforceable prepetition

24  liens or security interests in the Cash Collateral or any of the Debtor's other assets, and both the

25  Debtor and Personal Voice reserve all rights and defenses with respect thereto. The replacement

26  liens granted to Personal Voice pursuant to this Order are effective only to the extent that Personal

27  Voice's prepetition liens in the Cash Collateral are valid, perfected and enforceable.

28          24.     The Debtor may use Cash Collateral in which Public Communication has an

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1   alleged interest.

2       25.    Public Communication is granted, pursuant to Bankruptcy Code

3   sections 361(2) and 363(e), valid, perfected and enforceable replacement liens upon all post-

4   petition property of the Debtor of the same type and character of any pre-petition property as to

5   which Public Communication had valid, perfected and enforceable security interests or liens, but

6   only to the extent of Cash Collateral used by the Debtor.  Notwithstanding anything to the contrary

7   contained in this Order, the replacement liens granted to Public Communication shall not include

8   any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof.  The replacement liens

9   granted to Public Communication shall be automatically perfected pursuant to this Order and

10  Public Communication shall not be required to take any further action to perfect such liens.

11      26.    Public Communication's replacement liens on the post-petition property

12  shall have the same priority vis-a-vis other liens and interests as Public Communication's pre-

13  petition liens and security interests have vis-a-vis such other liens and interests.  The replacement

14  liens granted to Public Communication by this Order are intended to preserve Public

15  Communication's position vis-a-vis the Debtor and other creditors of the estate so that Public

16  Communication's position vis-a-vis the Debtor and such other creditors is neither diminished nor

17  enhanced by Debtor's use of Cash Collateral and Public Communication's receipt of replacement

18  liens.

19

20      27.    The replacement liens granted to Public Communication shall be

21  subordinated from the Petition Date until further order of the Court to any allowed on an interim

22  or final basis expenses of this bankruptcy case including without limitation any allowed on an

23  interim or final basis fees and expenses of professionals retained by the Debtor and any official

24  committee appointed in this bankruptcy case as well as those of any trustee subsequently

25  appointed in the bankruptcy case and such trustee's professionals.

26      28.    Notwithstanding anything to the contrary set forth in this Order, this Order

27  does not determine whether Public Communication has any valid, perfected or enforceable

28  prepetition liens or security interests in the Cash Collateral or any of the Debtor's other assets, and

W02-WEST:FJR\400509031.4                    -12-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Case: 07-52890    Doc #: 225    Filed: 11/02/2007    Page 13 of 18

RER-51    2996

1    both the Debtor and Public Communication reserve all rights and defenses with respect thereto.

2    The replacement liens granted to Public Communication pursuant to this Order are effective only

3    to the extent that Public Communication's prepetition liens in the Cash Collateral are valid,

4    perfected and enforceable.

5           29.    The use of Cash Collateral shall be in the amounts, and for the purposes, set

6    forth on the Budget.  Notwithstanding anything to the contrary in the First Amended PaymentOne

7    Stipulation or this Order, to the extent that the Debtor does not spend the full amount of funds

8    which it is authorized to spend in the Budget for a given week period, the Debtor does not "lose"

9    the right to spend thereafter such unused funds, but instead the Debtor may spend such unused

10   funds in a subsequent week period(s) in addition to whatever additional funds the Debtor is

11   authorized to spend in that subsequent week period(s) as provided in the Budget.

12          30.    The Court shall hold the Final Hearing on the Motion including the First

13   Amended PaymentOne Stipulation on ⎯11|16|⎯⎯⎯ , 2007 at⎯o :3⎯⎯.

14

15          31.    The Debtor shall, on or before _November 5_ , 2007, serve by U.S. mail

16   and email service to the extent that the Debtor's counsel has an email address for any party or its

17   counsel, a copy of this Order and a notice regarding the Final Hearing, to (i) the parties having

18   been given notice of the November 2 Interim Hearing, and (ii) any other party ordered by the

19   Court or who has filed with the Court and served on the Debtor's counsel a request for service

20   pursuant to Bankruptcy Rule 2002.  Such notice shall state that any party in interest objecting to

21   the approval of the Motion on a final basis shall file a written objection with the Court no later

22   than _November 12_ , 2007, which objection shall be filed with the Court and served so that it is

23   received on or before 5:00 p.m. (Pacific Time) of such date by the Debtor's counsel, the

24   Committee's counsel, and the Office of the United States Trustee at the following contact

25   information:

26                      Counsel to Debtor:

27                      Sheppard, Mullin, Richter & Hampton LLP
                        Four Embarcadero Center, Suite 1700
28                      San Francisco, CA 94111

Case: 07-52890      Doc #: 225      Filed: 11/02/2007      Page 14 of 18

Attn:   Michael H. Ahrens, Esq.
        Jeffrey K. Rehfeld, Esq.
        Ori Katz, Esq.
Email: mahrens@sheppardmullin.com
        jrehfeld@sheppardmullin.com
        okatz@sheppardmullin.com

Counsel to Committee:

Pachulski Stang Ziehl Young & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Attn:   John D. Fiero, Esq.
        Maxim B. Litvak, Esq.
Email: jfiero@pzjl.com
        mlitvak@pzjl.com

Office of the United States Trustee:

Office of the United States Trustee
280 S. First Street, Suite 268
San Jose, CA 94113-0002
Attn:   John Wesolowski, Esq.
Facsimile:  (408) 535-5525

32.     If a timely objection is filed, served and received, a written reply thereto shall not be required but may be filed with the Court and served so that it is received by the objecting party no later than _November 14_ , 2007 on or before 11:59 p.m. (Pacific Time).

** END OF ORDER **

W02-WEST:FJR\400509031.4                    -14-

1

2

## COURT SERVICE LIST

3
Office of the U.S. Trustee

4
Office of the U.S. Trustee
Attn: Edwina Dowell, Esq.
280 South First Street, Room 268

5
San Jose, CA 95113

6
The Billing Resource dba Integretel

7
The Billing Resource dba Integretel
Attn: Ken Dawson

8
5883 Rue Ferrari
San Jose, CA 95138

9
Proposed counsel for The Billing Resource dba Integretel

10
The Billing Resource dba Integretel
c/o Sheppard, Mullin, Richter & Hampton LLP

11
Attn: Michael H. Ahrens, Esq.
4 Embarcadero Center, 17th Floor

12
San Francisco, CA 94111-4106

13
Counsel for PaymentOne Corporation
PaymentOne Corporation

14
c/o O'Melveny & Myers LLP
Attn: Steve Warren, Esq.

15
400 South Hope Street
Los Angeles, CA 90071-2899

16

17
POL, Inc.
POL, Inc.

18
c/o Joel R. Dichter, Esq.
Dichter Law Group, LLC

19
10 Rockefeller Plaza, Suite 816
New York, New York 10020

20
Email: info@dichterlaw.com
Fax: (212) 757-5002

21

22
POL, Inc.
c/o Kathryn Diemer, Esq.

23
Diemer, Whitman & Cardosi
75 East Santa Clara Street, Suite 290
San Jose, CA 95113

24

25
Personal Voice, Inc.
Personal Voice, Inc.
Attn: David Giorgione

26
16807 A U.S. Highway 19 North, Suite A
Clearwater, FL 33764

27

28
Personal Voice, Inc.
Attn: Thomas C. Little

W02-WEST:FJR\400509031.4                    -15-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Page 16 of 18

Case: 07-52890    Doc #: 225    Filed: 11/02/2007

RER-51        2999

1    (Registered Agent for Service of Process)
2    2123 NE Coachman Rd., Suite A
     Clearwater, FL 33765

3    Network Telephone Services, Inc.
4    Network Telephone Services, Inc.
     Attn: Daniel Coleman, Esq.
5    21135 Erwin Street
     Woodland Hills, CA 91367

6    Ellen Friedman, Esq.
7    Elaine Hammond, Esq.
     Friedman, Dumas & Springwater LLP
8    150 Spear Street, Suite 1600
     San Francisco, CA 94105

9    Public Communication Services, Inc.
10   Public Communication Services, Inc.
     Attn: Leslie Cohen, Esq.
11   Liner Yankelvitz Sunshine & Regenstreif LLP
     1100 Glendon Avenue, 14th Floor
12   Los Angeles, CA 90024-3503

13   The Receiver David Chase
     Walter Oetzell, Esq.
14   Steven J. Schwartz, Esq.
     Danning, Gill, Diamond & Kollitz, LLP
15   2029 Century Park East, Third Floor
     Los Angeles, California 90067-2904
16
     Jeffrey C. Schneider, Esq.
17   Tew Cardenas LLP
     Four Seasons Tower, Fifteenth Floor
18   1441 Brickell Avenue
     Miami, Florida 33131-3407
19
20   Federal Trade Commission
     Michael Mora, Esq.
21   Julie A. Mack, Esq.
     Federal Trade Commission
22   600 Pennsylvania Ave. N.W.
     Washington, DC 20580
23
     Thermo Credit
24   John A. Lapinski, Esq.
     Leslie R. Horowitz, Esq.
25   Dolores Cordell, Esq.
     Clark & Trevithick
26   800 Wilshire Boulevard, 12th Floor
     Los Angeles, California 90017
27
     W. Timothy Miller, Esq.
28   Taft Stettinius & Hollister LLP

W02-WEST:FJR\400509031.4                    -16-

                                    FURTHER ORDER APPROVING FURTHER
                                    INTERIM USE OF CASH COLLATERAL AND
Case: 07-52890    Doc #: 225    Filed: 11/02/2007    GRANTING REPLACEMENT LIENS
                                    Page 17 of 18

                                                        RER-51        3000

1  425 Walnut Street, Suite 1800
   Cincinnati, Ohio 45202
2

3  Certain Creditors
   Peter Benvenutti, Esq.
4  Michaeline H. Correa, Esq.
   Heller, Ehrman, White and McAuliffe
5  333 Bush St.
   San Francisco, CA 94104-2878
6
   Email Discount Network and Intelicom Messaging
7  c/o David M. Goodrich, Esq.
   7700 Irvine Center Drive, Suite 800
8  Irvine, CA 92618

9  Austin P. Nagel, Esq.
   Law Offices of Austin P. Nagel
10 111 Deerwood Place, Suite 338
   San Ramon, California 94583
11
   Official Creditors' Committee
12 John Fiero, Esq.
   Pachulski, Stang, Ziehl, Young & Jones
13 150 California Street, 15th Floor
   San Francisco, CA 94111-4500
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:FJR\400509031.4                -17-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
Case: 07-52890    Doc #: 225    Filed: 11/02/2007    GRANTING REPLACEMENT LIENS
                                                     Page 18 of 18

RER-51        3001