UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1    While they surely could file claims in the receivership,
2    the process for making and adjudicating such claims was
     not spelled out.

3  <u>Gilchrist</u>, 262 F.3d at 303-04.

4      While the facts in this case differ from those in <u>Gilchrist</u> --

5  the action in the Florida Court is an enforcement action rather

6  than an action to foreclose on collateral, and Debtor is not the

7  receivership entity as in <u>Gilchrist</u>, there are two primary

8  principles that apply here.  First, as noted in <u>Gilchrist</u>, once a

9  bankruptcy petition is filed, section 1334(e) of title 28 is

10 unequivocal in its grant of exclusive jurisdiction to the

11 bankruptcy court over all property, wherever located, of Debtor as

12 of the commencement of such case.  28 U.S.C. § 1334(e).  Property

13 of the bankruptcy estate includes all legal or equitable interests

14 of a debtor in property as of the commencement of the case.

15 11 U.S.C. § 541(a)(1).  Bankruptcy Code section 542 also provides

16 that entities -- other than custodians -- in possession, custody or

17 control of property that a debtor-in-possession may use, sell, or

18 lease under Bankruptcy Code section 363 shall deliver and account

19 for such property to that debtor, unless the property is of

20 inconsequential value or benefit to the estate.  11 U.S.C.

21 § 542(a).  Bankruptcy Code section 543 provides that a custodian

22 shall turn over property of the debtor unless excused by the

23 bankruptcy court.  11 U.S.C. §§ 543(b), (d).

24      Here Receiver asserts that because the Florida Court found in

25 the Omnibus Order that Integretel held "reserves" in the amount of

26 $1,762,762.56 on behalf of the Prior Customers as of June 30, 2007,

27 Integretel was required to turn over the Commingled Funds to

28 Receiver.  However, the Commingled Funds were nothing more than

MEMORANDUM DECISION RE
  ORDER TO SHOW CAUSE, ETC.          43

1   Integretel's commingled funds and were not any particular or

2   identifiable *res*, and the Florida Court did not find that a *res*

3   existed.   In fact the Omnibus Order does not require Integretel to

4   pay any specific amount of funds to Receiver.   Rather, in order to

5   comply with the Omnibus Order, Debtor would have to pay Receiver

6   out of Debtor's general account the "reserves" the Florida Court

7   determined Integretel held on behalf of the Prior Customers (the

8   Florida Court described such "reserves" but did not quantify them).

9   Integretel did not turn over any commingled funds to Receiver pre-

10   petition and Debtor did not segregate any such funds in any fashion

11   pre-petition.   As of the petition date, Debtor retained an interest

12   in all of its commingled funds and Receiver asserted an interest in

13   some as yet unquantified portion of those funds.   On the petition

14   date, this Court obtained exclusive jurisdiction over all of the

15   commingled funds under section 1334(e) of title 28.   Accord In re

16   Simon, 153 F.3d 991, 996 (9th Cir. 1998).[22]

17      It is this exclusive grant of in rem jurisdiction that

18   precludes the application of the Barton doctrine in this particular

19   set of circumstances.   Crown Vantage points out that

> 20   [p]art of the rationale underlying Barton is that the
> 21   court appointing the receiver has in rem subject matter
> jurisdiction over the receivership property.   As the
> 22   Supreme Court explained, allowing the unauthorized suit
> to proceed "would have been a usurpation of the powers
> 23   and duties which belonged exclusively to another court."
> (Citations and footnote omitted).

24

---

25     [22] Because there is no pre-petition *res*, it is difficult to understand how the Commingled

26   Funds could not be property of the bankruptcy estate. This Court is not reviewing the Florida Court's decision in the Omnibus Order; that decision is on appeal to the Eleventh Circuit. However,

27   this Court is of the opinion that the bankruptcy court has exclusive jurisdiction over what constitutes property of the estate. See Section III.C.2 of this decision, infra. In any event, the Court must

28   consider Debtor's likelihood of success on the merits on this issue in considering the stay issues currently before the Court.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  _Crown Vantage_, 421 F.3d at 971.  It is the unique situation here --

2  where the exclusive _in rem_ jurisdiction over the Commingled Funds

3  passed from the Florida Court to this Court upon Debtor filing its

4  bankruptcy petition -- that eliminates Debtor's need to request

5  leave from the Florida Court before suing Receiver in this

6  adversary proceeding.

7      The parties dispute the precise implication of the Omnibus

8  Order.  Receiver and the FTC assert that the Omnibus Order

9  determined in a final appealable order that the Commingled Funds

10 were property of the receivership estate and Debtor had no interest

11 in the Commingled Funds at the time Debtor commenced this

12 bankruptcy case.  Receiver bases this argument on the premise that

13 the Florida Court ordered the turnover of Commingled Funds.

14      Outside of bankruptcy, Receiver could perhaps compel adherence

15 to the Omnibus Order regardless of whether any actual, segregated

16 funds existed from which to make the payment ordered by the Florida

17 Court.  However, once Debtor filed for bankruptcy protection, the

18 Omnibus Order command could only be enforced at the expense of all

19 other creditors of Debtor -- secured and unsecured -- other than

20 Receiver.  This distinction is usually discussed in the context of

21 a constructive trust remedy, where courts have often expressed that

22 the "privileging of one unsecured claim over another clearly

23 thwarts the principle of ratable distribution underlying the

24 Bankruptcy Code."  _In re Flanagan_, -- F.3d --, 2007 WL 2915812, *8

25 (2d Cir. Oct. 9, 2007).

26      The Ninth Circuit has recognized this distinction for more

27 than 40 years.  In _Elliot v. Bumb_, 356 F.2d 749, 754-55 (9th Cir.

28 1966), the Ninth Circuit refused to allow state law to control

MEMORANDUM DECISION RE
  ORDER TO SHOW CAUSE, ETC.                45

1  whether a creditor would be entitled to claim that a trust existed

2  over a debtor's commingled funds because the state law yielded to

3  bankruptcy law and bankruptcy law requires tracing.  The Ninth

4  Circuit has followed that case in <u>Matter of Esgro, Inc.</u>, 645 F.2d

5  794, 798 (9th Cir. 1981); <u>In re North American Coin & Currency,</u>

6  <u>Ltd.</u>, 767 F.2d 1573, 1575 (9th Cir. 1985); and <u>In re Advent</u>

7  <u>Management Corp.</u>, 178 B.R. 480, 488 (9th Cir. BAP 1995), <u>aff'd</u>,

8  104 F.3d 293 (9th Cir. 1997).  As noted in <u>Flanagan</u>, the "equities

9  in bankruptcy are not the equities of the common law."  <u>Flanagan</u>,

10  2007 WL 2915812 at *8 (quoting <u>XL/Datacomp, Inc. v. Wilson (In re</u>

11  <u>Omegas Group, Inc.)</u>, 16 F.3d 1443, 1452 (9th Cir. 1994)).

12       Thus, the Omnibus Order is likely, at most, nothing more than

13  a money judgment determining Debtor's purported liability to the

14  receiver.[23]  While it is based on the concept that Receiver had a

15  property interest in Debtor's bank accounts as of the issuance of

16  the TRO, the Omnibus Order does not and could not call for the

17  turnover of any specific, identifiable property in Debtor's bank

18  accounts as of the TRO.  Rather the Omnibus Order merely directs

19  Debtor to pay over the amount of Debtor's "reserve" liability from

20  any funds Debtor has available to it.  Receiver never claimed that

21  Receiver can trace the funds received by Debtor from the Prior

22  Customers to an identifiable fund that still exists.  Rather,

23  Receiver correctly interprets the payment order as being a judgment

24  commanding the payment of an as yet unquantified amount of money.

25       Debtor filed its bankruptcy petition while the Commingled

26  Funds remained in Debtor's bank account.  Debtor has demonstrated a

27

28  _____

[23] It is not 100 percent clear that the Florida Court has determined that Receiver has a fully liquidated final appealable judgment for money against Debtor.

MEMORANDUM DECISION RE
ORDER TO SHOW CAUSE, ETC.                46

1   very strong likelihood of success on the merits -- that whether

2   measured at the outset of the Florida Action or as of the date of

3   the petition, Debtor holds no specific identifiable funds that can

4   be traced from the Prior Customers to Debtor's existing bank

5   accounts.    The determination that Receiver held an interest in the

6   Commingled Funds did not eliminate any interest Debtor's bankruptcy

7   estate had in the same funds.

8           To reclaim money or property from a bankruptcy estate on
            the basis that the property belongs to the reclaiming
9           party and not to the debtor, the reclaiming party must be
            able to definitively trace its property.    Even when
10          property is commingled, that property must be positively
            identified, or else the reclaiming party is relegated to
11          the status of a general unsecured creditor, regardless of
            the equities.    The manner in which the debtor or the
12          estate came into possession of the property is
            irrelevant. (Citations omitted.)
13

14  In re Graphics Technology, Inc., 306 B.R. 630, 635 (8th Cir. BAP),

15  aff'd, 113 Fed. Appx. 734 (8th Cir. 2004).    Thus, notwithstanding

16  any post-petition pronouncement by the Florida Court to the

17  contrary, the Commingled Funds are property of Debtor's bankruptcy

18  estate subject to whatever interest the Omnibus Order granted

19  Receiver in those funds -- along with the interests Debtor's other

20  secured and unsecured creditors assert in those funds.    Debtor can

21  sue Receiver without obtaining the permission of the Florida Court

22  here because any action by Receiver in furtherance of obtaining

23  possession of the Commingled Funds interferes with this Court's

24  exclusive in rem jurisdiction over those funds.

25          The second primary principle found in Gilchrist is that a

26  district court is limited in its ability to address competing

27  claims over the same assets.    As noted in Gilchrist, even where the

28  receiver held property of Spartan pursuant to the foreclosure

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  action initiated by GE, the South Carolina Court did not have in

2  place a mechanism to adjudicate the relative priority of liens

3  against that property.  In this case, the Florida Court had

4  jurisdiction only over part of Debtor's property pre-petition --

5  i.e., some portion of the commingled funds in Integretel's bank

6  account.  At the time that the Florida Court entered the Omnibus

7  Order, the only parties before that court with respect to the

8  Commingled Funds were Receiver, Integretel and possibly the FTC.

9  The Florida Court could not and did not adjudicate the competing

10  claims to the Commingled Funds asserted by Debtor's secured and

11  unsecured creditors.

12      **2.    Bankruptcy Court Jurisdiction Over Property of the Estate**

13      Receiver and the FTC assert that the Florida Court determined

14  that the Commingled Funds were not property of Debtor in the post-

15  petition Clarification Order.[24]  In particular, the Florida Court

16  stated with respect to its determination that there was no

17  automatic stay in place as to the contempt proceedings that:

18      First, the automatic stay applies only to protect
        property of the bankruptcy estate or property of the
19      debtor.  See 11 U.S.C. § 362(a)(2).  The Court has
        already ruled that the reserve funds are neither the
20      property of the "bankruptcy estate" nor Integretel.

21  Clarification Order at 4.  The issue of the Florida Court's

22  jurisdiction to determine the scope of the automatic stay is not

23  before this Court.  However, as discussed above, once Debtor filed

24  its bankruptcy petition, the bankruptcy court has exclusive

25

26      [24] The Clarification Order was issued post-petition. If this Court is correct, that the Florida

27  Court had no jurisdiction to determine post-petition what property constitutes property of the estate,
     then the Florida Court lacked jurisdiction to issue that aspect of the Clarification Order. The Court

28  considers this matter in the context of the stay issues before it, and not in review of the Florida
     Court.

MEMORANDUM DECISION RE
  ORDER TO SHOW CAUSE, ETC.          48

1   jurisdiction to determine what is property of the estate.

2   Gilchrist, 262 F.3d at 303 (once a bankruptcy petition is filed,

3   section 1334(e) of title 28 is unequivocal in its grant of

4   exclusive jurisdiction to the bankruptcy court over all property,

5   wherever located, of a debtor as of the commencement of such case).

6   Moreover, the pre-petition determination that Receiver held an

7   interest in the Commingled Funds did not eliminate any interest

8   Debtor's bankruptcy estate had in the same funds, especially since

9   those funds were not part of a specific pre-petition *res*.[25]   See

10  Graphics Technology, 306 B.R. at 635.   Thus, the post-petition

11  assertion by the Florida Court in the Clarification Order that the

12  Commingled Funds are not property of Debtor's bankruptcy estate

13  exceeded the Florida Court's post-petition jurisdiction over

14  property of Debtor's estate.[26]

15      **3.    Harms to Receiver**

16      Receiver asserts that several harms would occur should this

17  Court enjoin Receiver from implementing or enforcing the Omnibus

18  Order and/or unblock the funds held in the Blocked Account.

19  Primarily, Receiver argues that Debtor is attempting to interfere

20  with the administration of the receivership in seeking to enjoin

21  the enforcement of the Omnibus Order.   The purpose of the

22  receivership is to marshal and preserve the assets of the

23  receivership entities in order to return those assets to the

24

---

25      [25] The creation of the Blocked Account post-petition also does not create a pre-petition *res*
26  since Debtor and Receiver agreed that the temporary establishment of the Blocked Account did not
    in any way affect the merits of either parties' rights, claims or defenses with respect to the funds in
27  the Blocked Account.

28      [26] The Clarification Order is currently on appeal to the Eleventh Circuit, but that does not
    change this Court's legal analysis of the jurisdiction of the bankruptcy court. See footnote 24, supra.

MEMORANDUM DECISION RE
ORDER TO SHOW CAUSE, ETC.            49

1  victims of the fraud.  <u>Eller Industries, Inc. v. Indian Motorcycle</u>

2  <u>Manufacturing, Inc.</u>, 929 F. Supp. 369 (D. Colo. 1995); <u>Citibank,</u>

3  <u>N.A. v. Nyland (CF8) Ltd.</u>, 839 F.2d 93 (2d Cir. 1987).[27]  In some

4  federal governmental enforcement actions, a federal district court

5  may appoint a receiver and issue a temporary restraining order

6  and/or preliminary injunction to preserve the assets that result

7  from the actions of the receivership entities -- whether held by

8  parties or non-parties -- to provide redress for the legitimately-

9  defrauded investor.  <u>FTC v. Productive Marketing, Inc.</u>, 136 F.

10

---

11      [27] Receiver asserts that <u>Eller Industries</u> (a Colorado district court decision which is
12  distinguishable and not binding on this Court in any event) involves a strikingly similar set of facts.
    According to Receiver, the Colorado district court concluded that the Massachusetts bankruptcy
13  court's injunction could not be effective against a receiver appointed by the Colorado district court
    because the bankruptcy court's injunction interfered with the Colorado district court's mandated
14  obligations of the receiver -- who was a fiduciary of the Colorado district court and was responsible
15  for locating and protecting the assets of the receivership estate. The Colorado district court found
    that the purposes of the receivership can only be achieved by a stay of foreign equitable actions,
16  including the Massachusetts adversary proceeding.
        This Court disagrees. The facts of <u>Eller Industries</u> are distinguishable and the legal
17  proposition for which <u>Eller Industries</u> stands is not applicable to the instant case. In <u>Eller Industries</u>,
18  a chapter 7 trustee obtained a temporary restraining order against Indian Motorcycle Manufacturing,
    Inc. ("IMMI") precluding IMMI from soliciting funds by using a script "Indian" trademark. The
19  temporary restraining order enjoined IMMI from transferring, assigning, conveying, hypothecating or
    encumbering -- except in the ordinary course of business -- any and all of IMMI's assets. Shortly
20  thereafter, a federal receivership was established putting a receiver in as the only officer and director
21  of IMMI. After the federal receiver was appointed, the Massachusetts bankruptcy court converted
    the temporary restraining order into a preliminary injunction and the bankruptcy trustee asserted that
22  the preliminary injunction applied to the receiver. The Colorado district court held that the Colorado
23  district court had exclusive jurisdiction over the assets and administration of the receivership
    imposed on IMMI , only the Colorado district court could authorize equitable actions against the
24  receivership estate, and the bankruptcy court's preliminary injunction was not effective against the
    Colorado district court or the IMMI federal receivership.
25      In <u>Eller Industries</u> a bankruptcy trustee was enjoining a third party entity that itself was under
26  federal receivership. Such a pursuit was precluded by the federal receivership district court. Here,
    this Court is enjoining Receiver from dissipating property of Debtor's bankruptcy estate. Debtor is
27  not in receivership. As discussed in detail <u>supra</u>, once Debtor filed its bankruptcy petition, this Court
28  obtained exclusive <u>in rem</u> jurisdiction over the Commingled Funds. No such transfer from the
    bankruptcy estate to the IMMI federal receiver occurred in <u>Eller Industries</u>, and that case is
    distinguishable.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  Supp. 2d 1096, 1104-06 (C.D. Cal. 2001) (where the district court

2  found that the non-party's failure to turn over receivership funds

3  disrupted the district court's power to enforce its injunction and

4  the receiver's right to obtain such funds).  The Florida Action is

5  an enforcement action in which the FTC seeks injunctive relief

6  against Debtor -- among others -- for consumer redress for

7  deceptive and unfair practices for unauthorized billing of charges

8  on phone bills in violation of the Federal Trade Commission Act.

9  The Florida Court appointed Receiver, issued the Preliminary

10  Injunction and ordered Receiver, as the Florida Court's agent, to

11  locate, marshal and preserve receivership property.  Receiver

12  argues that if this Court enjoins Receiver from performing

13  Receiver's duties, this Court will also be enjoining the Florida

14  Court.  Receiver asserts that such a ruling would create an

15  unworkable, unthinkable, and grave conflict between this Court's

16  injunction order and the previously-issued orders of the Florida

17  Court.  However, that is not correct.  Bankruptcy courts enjoin

18  parties from proceeding outside of the bankruptcy court; they do

19  not normally enjoin any other courts from taking any action.  This

20  Court is not enjoining the Florida Court.

21       Receiver also argues that Debtor is merely seeking to re-

22  litigate the parties' disputes over the Commingled Funds as set

23  forth in the Omnibus and Clarification Orders.  Such re-litigation

24  is barred by res judicata.  According to Receiver, a review of the

25  Omnibus Order and the Clarification Order reveals that those orders

26  were not merely an interim measure to preserve the Commingled

27  Funds.  Rather those orders adjudicated ownership of the Commingled

28  Funds.  Moreover, the ownership issue is not predicated on whether

MEMORANDUM DECISION RE
ORDER TO SHOW CAUSE, ETC.                    51

1 the FTC ultimately prevails in the Enforcement Action, and the
2 turnover provisions of the Omnibus Order and Clarification Order
3 are final, appealable orders.  The FTC contends that any issue that
4 Debtor has with those orders should be brought before the Eleventh
5 Circuit.  However, the bankruptcy court has exclusive in rem
6 jurisdiction post-petition over property of the estate, as well as
7 jurisdiction to determine what constitutes property of the estate,
8 so Debtor necessarily should be permitted to assert that position
9 in this Court.

10     Additionally, Receiver is concerned about the dissipation of
11 the Commingled Funds should the Blocked Account be unblocked.  If
12 Debtor were to spend the funds in the Blocked Account, the purpose
13 of the Omnibus Order will be thwarted.  Also, if this Court were to
14 enjoin Receiver and permit Debtor to use the Commingled Funds in
15 the operation of its business, this Court would be exercising
16 control over property under which the Florida Court has exclusive
17 in rem jurisdiction and this Court would effectively be determining
18 the interests in the Commingled Funds without a final order in an
19 adversary proceeding in contravention of Federal Rule of Bankruptcy
20 Procedure 7001(2).

21     Debtor contends that Receiver is adequately protected, even
22 assuming Receiver has a specific interest in the Commingled Funds.
23 Because this Court is not unblocking the Blocked Account at this
24 time, there is no need to address Debtor's argument that Receiver
25 is adequately protected by Debtor's total assets even if at a later
26 time Receiver were to demonstrate an interest in the Commingled
27 Funds and the Court were to consider whether to unblock all or some
28 of the funds in the Blocked Account.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

### 4.    Harms to Debtor

Debtor asserts that it will face irreparable injury if enforcement of the Omnibus Order is not enjoined[28] and if the Blocked Account is not unblocked. First, Debtor's business will suffer very substantially and irreparably if Debtor is required to turn over $1,762,762.56 to Receiver under the Omnibus Order, particularly at this critical point in Debtor's reorganization efforts. Debtor's estate will lose the over $1.7 million that appears to be property of the estate. Those funds will not be available to Debtor or its creditors if they are turned over to Receiver.

Second, Debtor asserts that it needs those funds to maintain adequate cash reserves relating to its post-petition operations. This in part is due to a shift in Debtor's actions with respect to "unremitted" funds. Specifically, under Debtor's pre-petition settlement process, when Debtor received payments from the LECs, Debtor would settle Debtor's obligations with its customers. Debtor had the right to retain some portion of those proceeds under the service contracts and pay the unremitted portion to the customer at a later time. When Debtor withheld funds during the pre-petition settlement process, Debtor used those funds for its general operating expenses. Post-petition, Debtor believes it is prudent for Debtor to retain sufficient cash to cover Debtor's possible administrative obligations to its customers to remit withheld funds to those customers, should Debtor have to remit those funds in the future. Under its new post-petition policy to retain sufficient cash to cover the unremitted funds, Debtor

---

[28] Debtor asserted this argument prior to obtaining the Stay Order.

1  requires additional excess cash to ensure the unremitted funds are
2  available to customers for billing transactions submitted post-
3  petition.

4      Receiver and the FTC both argue that based on Debtor's own
5  budgets, Debtor does not currently need the use of the funds in the
6  Blocked Account, at this time, so there is no basis for this Court
7  to release those funds.  Receiver and the FTC argue that Debtor has
8  made no attempt to supply any foundation for the financial figures.
9  Also, the budgets indicate that Debtor is never left without cash.
10  The total cash balance even during the monthly shortfalls never
11  falls below $3 million.  The question then arises as to whether the
12  claimed monthly shortfall in mid-December results from the
13  unsubstantiated legal costs related to the Enforcement Action, the
14  unexplained one-time drop in revenue in December, and/or the
15  unusual and questionable post-petition pre-payment arrangement.

16      In addition, as Debtor points out, such a turnover by Debtor
17  to Receiver of the funds in the Blocked Account would be a
18  preference of one unsecured creditor -- Receiver -- over all
19  similarly situated unsecured creditors.  The portion of the Omnibus
20  Order that requires Debtor to pay over the Commingled Funds likely
21  represents, at most, an ordinary judgment against Debtor which is
22  an unsecured claim in this bankruptcy estate.  From the issuance of
23  the TRO and Preliminary Injunction in the Florida Court to the
24  filing of Debtor's bankruptcy case, no money was set aside for
25  Receiver's claim.  The Omnibus Order requiring Debtor to pay over
26  to Receiver an amount denominated on Debtor's books as "reserves"
27  cannot create a property interest where none exists.  Debtor has
28  "reserve" amounts for each of Debtor's past and current customers,

1  and none of those customers are being afforded the right to invade

2  Debtor's bank account to retrieve funds that those customers might

3  wish to claim as their own.  Receiver's claim is not superior to

4  that of any other creditor, except that Receiver has obtained the

5  Omnibus Order from the Florida Court, which is currently on appeal

6  to the Eleventh Circuit.

7       In an effort to counter this alleged harm of Debtor, the FTC

8  argues that the Florida Court ruled in the Omnibus Order that the

9  Commingled Funds are property of the receivership estate and not

10  property of Integretel.  Moreover, Debtor's purported inability to

11  turn over the funds is a complete defense to contempt under FTC v.

12  Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999), if that

13  defense can be established.  FTC argues that if Debtor prevails on

14  the inability to pay defense, Debtor will not have to turn over the

15  Commingled Funds and Debtor will not have the irreparable harm

16  Debtor alleges.  Alternatively, if Receiver ultimately prevails,

17  then there is also no cognizable irreparable harm because the

18  property of the receivership estate will have been rightly restored

19  to the receivership at no cost to Debtor's estate.

20       The FTC further argues that Debtor's claim for irreparable

21  harm rings especially hollow given that Debtor only has itself to

22  blame for any predicament in which Debtor now finds itself.  Debtor

23  was served with the TRO in March 2006 and had 18 months to organize

24  its financial affairs in order to comply with the TRO.  Debtor had

25  ample opportunity to seek clarification of the Florida Court TRO

26  and Preliminary Injunction, secure a letter of credit, borrow from

27  one of Debtor's affiliated companies, cut costs, or put money into

28  savings.  Instead, Debtor allegedly chose to ignore the TRO and

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

MEMORANDUM DECISION RE
  ORDER TO SHOW CAUSE, ETC.          55

1    Preliminary Injunction, and Debtor should not now be heard to

2    complain about a harm that is in essence, self-inflicted.

3        Finally, Debtor will be harmed by incurring legal fees and

4    costs if enforcement of the Omnibus Order is not enjoined, as well

5    as the diversion of Debtor's management from the reorganization

6    process.   Debtor estimates that Debtor will incur an additional

7    $50,000 to $150,000 in fees related to Receiver's request for the

8    turnover of the Commingled Funds.   Receiver argues that the

9    contempt proceedings are largely complete and the orders are self-

10   executing.   However, the Omnibus Order is now on appeal.   If the

11   enforcement of the Omnibus Order is not enjoined, Debtor will have

12   to comply with the order to turn over the funds or show cause why

13   Debtor should not be held in contempt.

14       **5.    Balancing of the Harms and the Public Interest**

15       Even if the contempt proceeding is properly subject to the

16   exemption from the automatic stay under Bankruptcy Code

17   section 362(b)(4), this Court may enjoin the prosecution of the

18   contempt proceeding under Section 105 if the contempt proceeding

19   "threatens" the assets of the bankruptcy estate.   FAMCO, 264 B.R.

20   at 653.   A proceeding "that seeks actual physical control over the

21   assets of the debtor's estate threatens the bankruptcy court's

22   exclusive jurisdiction over the *res* of the debtor's estate and

23   therefore can be enjoined."   FAMCO, 264 B.R. at 655.[29]

24   _____

25       [29] This Court is not reviewing the Florida Court's decision in the Clarification Order that the
     contempt proceeding is exempt from the automatic stay under Bankruptcy Code section 362(b)(4);
26   that is on appeal to the Eleventh Circuit. The Florida Court determined that the contempt proceeding
     was an exercise of the government's police or regulatory power, and therefore exempt from the
27   automatic stay pursuant to Bankruptcy Code section 362(b)(4). However, as this Court understands
28   the situation, neither the FTC nor any other government agency is a party to Receiver's contempt

                                                              (continued...)

MEMORANDUM DECISION RE
  ORDER TO SHOW CAUSE, ETC.                  56

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

### a. Enjoining Enforcement of the Omnibus Order

Once Debtor filed its bankruptcy petition a bankruptcy estate came into being. Debtor is a debtor-in-possession and is a fiduciary to all of Debtor's creditors -- *inter alia*, secured creditors, unsecured creditors, customers, the FTC and Receiver. Receiver certainly does not represent all creditors of Debtor's estate. At most Receiver represents the receivership estates of the Prior Customers and the FTC. Receiver does not seek to have the Commingled Funds turned over to him to protect those funds for all creditors of Debtor's bankruptcy estate. Rather, Receiver seeks possession of those funds for the benefit of the receivership estates of the Prior Customers, to the exclusion of Debtor's other secured and unsecured creditors.

Although the Florida Court issued the Omnibus Order, Receiver -- in the shoes of the Prior Customers -- is no different from nearly all of Debtor's customers. The typical service contract provides for Debtor to maintain certain reserves for disputes, fees and other adjustments. These "reserves" on behalf of the Prior Customers were the "reserves" that were the subject of the Omnibus Order. It is undisputed that the "reserves" were held as bookkeeping entries and not as segregated funds. Permitting Receiver to implement the Omnibus Order would irreparably harm Debtor's bankruptcy estate by preferring one creditor -- Receiver -- over other similarly situated creditors of Debtor, since most if not all service contracts provide for the same "reserves."

---

[29](...continued)
proceeding.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1    Moreover, Debtor asserts that it needs the Commingled Funds to
2  operate post-petition.  This Court should not destroy Debtor's
3  business to "protect" a creditor that is likely an unsecured
4  creditor, and in the same position as Debtor's other customer
5  creditors.

6    As far as this Court knows, enforcement of the Omnibus Order
7  is presently stayed under the Stay Order.  This is so because on
8  September 20, 2007, the Florida Court issued an order staying
9  proceedings against Debtor.  The Clarification Order vacated the
10  September 20, 2007 order.  The Stay Order stays the Clarification
11  Order, so the end result is that the Stay Order reinstated the
12  September 20, 2007 order that stays, _inter alia_, enforcement of the
13  Omnibus Order.  At this point, this Court is not inclined to issue
14  a stay that is duplicative of the stay of the Eleventh Circuit.
15  Should there currently be no such stay or should the status of a
16  stay of the enforcement of the Omnibus Order change, any party may
17  request further relief from this Court for good cause based on
18  facts that are not currently before this Court.

19          **b.  Unblocking the Blocked Account**

20    Based on the record before the Court, Debtor's request for
21  authority to unblock the Blocked Account is denied through
22  December 14, 2007.  On December 7, 2007 at 10:00 a.m., the Court
23  will hold a further hearing on whether to unblock the Blocked
24  Account as of December 14, 2007.  Any party may request that the
25  Blocked Account be unblocked prior to that time for good cause
26  based on facts that are not currently before this Court.

27    Debtor concedes that pursuant to Debtor's projected budgets,
28  Debtor does not need to use the funds in the Blocked Account until

MEMORANDUM DECISION RE
ORDER TO SHOW CAUSE, ETC.                  58

1    December 14, 2007.  In reviewing Debtor's budget, Debtor projects

2    incurring litigation expenses related to the Florida Action, in the

3    amount of $333,333 for each week ending November 2, 2007,

4    December 7, 2007, and January 4, 2008.  This Court has stayed the

5    Enforcement Action against FTC through March 14, 2008, and the

6    Eleventh Circuit has stayed the Clarification Order.  The Eleventh

7    Circuit Stay Order effectively reinstates the Florida Court's

8    September 20, 2007 order stating that the automatic stay applies to

9    all aspects of the Florida Action, and so the Stay Order stays all

10   other proceedings against Debtor in the Florida Action.  Thus,

11   unless this Court's order is overturned, the $666,666 that Debtor

12   projects to spend in legal fees for the Florida Action between

13   November 2, 2007 and December 7, 2007 is moot.  Adding those funds

14   back into Debtor's budget means that Debtor should have sufficient

15   cash flow until the week ending December 21, 2007.

16       However, that is not the end of the analysis.  It is this

17   Court's understanding that part of the reason that Debtor's budget

18   indicates that Debtor will have insufficient cash flow as of the

19   week ending December 21, 2007 is based on Debtor's new post-

20   petition practice of holding funds equivalent to post-petition

21   collected and unremitted funds owed to customers.  Adding the

22   projected legal fees back into Debtor's pre-petition settlement

23   cash balance and retaining all other assumptions, Debtor will have

24   a deficit of $167,962 in funds held related to Debtor's obligations

25   to customers for collected and unremitted funds for the week ending

26   December 21, 2007 and a deficit of $185,556 in such funds for the

27   week ending December 28, 2007.  After that time, Debtor's

28   projections indicate that Debtor will have sufficient funds to

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

MEMORANDUM DECISION RE
  ORDER TO SHOW CAUSE, ETC.              59

1  cover Debtor's new post-petition practice of holding such funds.
2  If this Court's understanding is incorrect or Debtor needs to use
3  those funds, Debtor can always request further relief from this
4  Court for good cause based on facts that are not currently before
5  this Court or if Debtor believes the Court misunderstands the facts
6  before it.

7      The Court acknowledges Debtor's new commitment to addressing
8  an issue that resulted in Debtor's bankruptcy filing, namely
9  Debtor's pre-petition use of funds withheld during the settlement
10 process for Debtor's general operating expenses.  Thus, on the
11 balance sheet it appears that Debtor would have a deficit.
12 However, it appears possible that Debtor would for two weeks have a
13 deficit of less than $200,000 in an account that holds funds to be
14 paid to customers at a later time.  If that were true, would there
15 be a sufficient basis for this Court to unblock the over $1.7
16 million in funds held in the Blocked Account to provide a reserve
17 of less than $200,000 in case Debtor were required to remit
18 unremitted funds to customers?  By December 7, 2007, the Court and
19 all parties will have several more weeks of actual post-petition
20 financial information from Debtor, so a more accurate assessment of
21 Debtor's actual need for the funds in the Blocked Account can be
22 made.  In any event, as noted above, should Debtor need the partial
23 or full use of the funds in the Blocked Account for a period of
24 time, the Court will consider such a request at the December 7,
25 2007 hearing.  Moreover, should Debtor need use of the funds in the
26 Blocked Account prior to the December 7, 2007 hearing, Debtor may
27 request such relief before that hearing.

28

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

MEMORANDUM DECISION RE
ORDER TO SHOW CAUSE, ETC.                    60

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

## CONCLUSION

For the foregoing reasons, the Enforcement Action against Debtor is enjoined through March 14, 2008. On March 7, 2008 at 1:00 p.m., the Court will hold a further hearing on whether the preliminary injunction of the Enforcement Action should be continued beyond March 14, 2008. Any supplemental papers in support of continuing the preliminary injunction of the Enforcement Action after March 14, 2008 shall be filed and served by February 22, 2008. Any opposition shall be filed by February 29, 2008. Either FTC or Debtor may request that the preliminary injunction be lifted before March 7, 2008 for good cause based on facts that are not currently before this Court.

Based on the Stay Order, this Court will deny without prejudice Debtor's request for a preliminary injunction of the enforcement of the Omnibus Order. Should there currently be no such stay or should the status of a stay of the enforcement of the Omnibus Order change, any party may request further relief from this Court for good cause based on facts that are not currently before this Court.

Debtor's request for authority to unblock the Blocked Account is denied through December 14, 2007. On December 7, 2007 at 10:00 a.m., the Court will hold a further hearing on whether to unblock the Blocked Account as of December 14, 2007. Any supplemental papers in support of unblocking the Blocked Account at that time shall be filed and served by November 27, 2007. Any opposition shall be filed by December 3, 2007. Any party may request that the Blocked Account be unblocked prior to that time

MEMORANDUM DECISION RE
ORDER TO SHOW CAUSE, ETC.                    61

1  for good cause based on facts that are not currently before this

2  Court.

3      Counsel for Debtor shall submit a form of order consistent

4  with this decision after review by FTC and Receiver as to form.

5

6  Dated:  November 2, 2007

7

8

9                                    ARTHUR S. WEISSBRODT
                                     UNITED STATES BANKRUPTCY JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  Court Service List

2  The Billing Resource
   5883 Rue Ferrari
3  San Jose, CA 95138

4  Michael Ahrens, Esq.
   Steven B. Sacks, Esq.
5  Jeffrey K. Rehfeld, Esq.
   Sheppard, Mullin, Richter and Hampton
6  4 Embarcadero Center 17th Fl.
   San Francisco, CA 94111

7

8  David R Chase
   c/o Tew Cardenas LLP
   Attention Jeffrey C. Schneider
9  Four Seasons Tower, 15th Floor
   1441 Brickell Avenue
10  Miami, FL 33131-3407

11  Jeffrey Schneider, Esq.
    Tew Cardenas LLP
12  Four Seasons Tower, 15th Floor
    1441 Brickell Avenue
13  Miami, FL 33131-3407

14  Steven J. Schwartz, Esq.
    Danning, Gill, Diamond and Kollitz
15  2029 Century Park E 3rd Fl.
    Los Angeles, CA 90067

16
    Federal Trade Commission
17  c/o Laura Kim
    600 Pennsylvania Ave., N.W.
18  Room H-238
    Washington, DC 20580

19
    Julie A. Mack, Esq.
20  Michael Mora, Esq.
    Collot Guerard, Esq.
21  Richard McKuen, Esq.
    Federal Trade Commission
22  600 Pennsylvania Ave. N.W.
    Washington, DC 20580

23
    Kathryn S. Diemer, Esq.
24  Diemer Whitman & Cardosi, LLP
    75 East Santa Clara Street, Suite 290
25  San Jose, CA 95113-1806

26  Walter K. Oetzell, Esq.
    Danning, Gill, Diamond & Kollitz, Llp
27  2029 Century Park East, Third Floor
    Los Angeles, CA 90067-2904

28

MEMORANDUM DECISION RE
   ORDER TO SHOW CAUSE, ETC.                    63

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1   John D. Fiero, Esq.
    Pachulski Stang Ziehl Young & Jones
2   3 Embarcadero Center, Suite 1020
    San Francisco, CA 94111-5994
3
    Jeff Garfinkle, Esq.
4   Buchalter Nemer
    333 Market Street, 25th Floor
5   San Francisco, CA 94105-2130

6   Steven H. Warren, Esq.
    O'Melveny & Myers LLP
7   400 South Hope Street
    Los Angeles, Ca 90071-2899
8
    James Pardo, Jr., Esq.
9   King & Spalding
    1180 Peachtree Street, N.E.
10  Atlanta, GA 30309

11  Felton Parrish, Esq.
    King & Spalding
12  1180 Peachtree Street, N.E.
    Atlanta, GA 30309
13
    Ken Dawson
14  5883 Rue Ferrari
    San Jose, CA 95138
15
    U.S. Trustee
16  Office of the U.S. Trustee
    U.S. Federal Bldg.
17  280 S 1st St. #268
    San Jose, CA 95113-3004
18
    John S. Wesolowski, Esq.
19  Office of the United States Trustee
    280 S 1st St. #268
20  San Jose, CA 95113-0002

21

22

23

24

25

26

27

28

MEMORANDUM DECISION RE
  ORDER TO SHOW CAUSE, ETC.                64

**RER - 53**

1  Howard Kollitz [State Bar No. 059611],
   Walter K. Oetzell [State Bar No. 109769] and
2  Steven J. Schwartz [State Bar No. 200586] of
   DANNING, GILL, DIAMOND & KOLLITZ, LLP
3  2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904
4  Telephone: (310) 277-0077
   Facsimile: (310) 277-5735
5  Email: woetzell@dgdk.com
   Email: sschwartz@dgdk.com
6
   Jeffrey C. Schneider [Pro Hac Vice]
7  TEW CARDENAS LLP
   Four Seasons Tower, Fifteenth Floor
8  1441 Brickell Avenue
   Miami, Florida 33131-3407
9  Telephone: (305) 539-2481
   Facsimile: (305) 536-1116
10 Email: jcs@tewlaw.com

11 Attorneys for Defendant, David R. Chase, as Receiver

12                    UNITED STATES BANKRUPTCY COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                           SAN JOSE DIVISION

15 | In re                                | ) Bankruptcy Case No. 07-52890-ASW
                                          | )
16 | THE BILLING RESOURCE, dba            | )        [Chapter 11]
   | INTEGRETEL, a California corporation, | )
17 |                                      | ) Adversary Proceeding No. 07-05156
   | [Taxpayer Identification No. 33-0289863] | )
18 |                                      | )
   |                    Debtor.           | )
19 | _____ | )
   |                                      | ) OBJECTION TO INTEGRETEL'S
20 | THE BILLING RESOURCE, dba            | ) FORM OF PROPOSED ORDER
   | INTEGRETAL, a California corporation, | ) GRANTING TEMPORARY
21 |                                      | ) RESTRAINING ORDER AND ORDER
   |                    Plaintiff,        | ) TO SHOW CAUSE RE PRELIMINARY
22 |       vs.                            | ) INJUNCTION
   |                                      | )
23 | FEDERAL TRADE COMMISSION, and        | )
   | DAVID R. CHASE, not individually, but solely | )
24 | in his capacity as receiver for Nationwide | )
   | Connections, Inc., Access One Communications, | ) Date:  November 5, 2007
25 | Inc., Network One Services, etc., et al; | ) Time:  4:30 p.m.
   |                                      | ) Place  United States Bankruptcy Court
26 |                                      | )        280 South First Street
   |                                      | )        San Jose, California
27 |                    Defendants.       | ) Judge: Hon. Arthur S. Weissbrodt
   | _____ | ) Ctrm: 3020
28

-1-

**TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE:**

The Defendant in the above captioned Adversary Proceeding, David R. Chase, not individually, but solely in his capacity as Federal Receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services and other related entities ("the Federal Receiver"), hereby objects to the form of order attached hereto as Exhibit "1" submitted by the Plaintiff, The Billing Resource dba Integretel (the "Debtor"). A proposed alternate form of order is attached hereto as Exhibit "2". In support of this objection, the Federal Receiver represents as follows:

On November 5, 2007, this Court granted the Debtor's oral motion for a temporary restraining order and set a hearing on an Order to Show Cause regarding a Preliminary Injunction. The proposed order submitted by the Debtor contains vague and ambiguous language that was not part of this Court's ruling on November 5, 2007. In particular, the Federal Receiver objects to the language that he is enjoined from, "including without limitation initiating, suggesting or participating in any proceedings to hold Integretel in contempt in connection therewith, or otherwise seeking to compel Integretel to transfer any money or property to the Receiver." [Emphasis added]. This proposed language was not part of this Court's ruling. The Federal Receiver does not understand what is meant by "suggesting" or by "participating" in this context. If read literally, the Federal Receiver would not even be able to communicate with the District Court concerning the status of proceedings.

In addition, the Debtor's proposed order seeks to enjoin third parties who were not present at the hearing, conducted on less than two hours notice to the Receiver and the FTC only, including "those persons who receive actual notice of the entry of this order." This is clearly overreaching on the part of the Debtor.

The Federal Receiver e-mailed his proposed changes to the Debtor this afternoon. The Debtor's response was that the changes were unacceptable and that it would be filing the two orders and will ask this Court to act accordingly.

-2-

1    Debtor's proposed form of order demonstrates the inherent danger in granting an oral

2  motion where the proposed relief is not specifically drawn out. Debtor is including vague,

3  ambiguous and overreaching language "out of thin air," needlessly augmenting the proposed order

4  of this Court. Wherefore, the Federal Receiver respectfully requests that this Court enter the

5  Federal Receiver's proposed alternate form of order, which is more consistent with the Court's

6  ruling at the November 5, 2007 telephonic hearing.

7

8  Dated: November _6_, 2007                    DANNING, GILL, DIAMOND & KOLLITZ, LLP

9

10                                              By: _____

11                                                  Steven J. Schwartz
                                                    Attorneys for Federal Receiver
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

1 | SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2 |   A Limited Liability Partnership
    Including Professional Corporations
3 | MICHAEL H. AHRENS,
Cal. Bar No. 44766
4 | STEVEN B. SACKS,
Cal. Bar No. 98875
5 | JEFFREY K. REHFELD,
Cal. Bar No. 188128
6 | Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
7 | Telephone:    415-434-9100
Facsimile:    415-434-3947
8 |
Attorneys for The Billing Resource, dba
9 | Integretel

10 |                UNITED STATES BANKRUPTCY COURT
                 NORTHERN DISTRICT OF CALIFORNIA
11 |                    [SAN JOSE DIVISION]

| 12 In re | Case No. 07-52890 |
|---|---|
| 13 THE BILLING RESOURCE, dba | Chapter 11 |
| 14 INTEGRETEL, a California corporation, | |
| 15     Debtor. | |
| 16 | |
| 17 THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | Adv. Proc. No. 07-05156 |
| 18     Plaintiff, | **ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |
| 19 | |
| 20     v. | |
| 21 FEDERAL TRADE COMMISSION, and DAVID R. CHASE, not individually, but | |
| 22 solely in his capacity as receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, | |
| 23 Inc., 411TXT, Inc., CELL-INFO-USA, INC., Enhanced Billing Services, Inc., Toll Free | |
| 24 Connect, Inc., Cripple Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's | |
| 25 Gone, LLC, The Other One, LLC, Turn on Your Love Light, LLC, China Cat Sunflower, | |
| 26 LLC, Lazy River Road Holdings, LLC, | |
| 27     Defendant. | |

28 |                    EXHIBIT_____

0004

1    This matter came before the Court on November 5, 2007 to consider the motion of the

2 Debtor, The Billing Resource, dba Integretel ("Integretel"), for a temporary restraining order and a

3 preliminary injunction against the Federal Trade Commission ("FTC") and David R. Chase, not

4 individually, but solely in his capacity as receiver (the "Receiver"), preventing them from

5 enforcing as to Integretel that certain Omnibus Order entered on the docket on September 14, 2007

6 (the "Omnibus Order") in that certain action captioned <u>Federal Trade Commission v. Nationwide</u>

7 <u>Connections, Inc., et al.</u>, Case No. 06-80180-Civ-Ryskamp (the "Florida Action") pending in the

8 United States District Court for the Southern District of Florida (the "Florida Court") and that

9 certain Order Granting Motion for Clarification as to Scope of Stay entered on the docket by the

10 Florida Court in the Florida Action on September 21, 2007 (the "Clarification Order"), insofar as

11 the Clarification Order relates to the Omnibus Order.  Appearances were as stated on the record.

12 The Court incorporates herein its Memorandum Decision re Order to Show Cause Regarding

13 Preliminary Injunction filed and entered on November 2, 2007 and further stated its findings of

14 fact and conclusions of law on the record.

15    **GOOD CAUSE APPEARING**, it is hereby ordered as follows:

16    The FTC and the Receiver, and their officers, agents, servants, employees and attorneys

17 and those in active concert or participation with them, and those persons who receive actual notice

18 of the entry of this order, are hereby restrained and enjoined from seeking to implement or enforce

19 as to Integretel the Omnibus Order or the Clarification Order, as it relates to the Omnibus Order,

20 including without limitation initiating, suggesting or participating in any proceedings to hold

21 Integretel in contempt in connection therewith, or otherwise seeking to compel Integretel to

22 transfer any money or property to the Receiver.  The restraining order issued herein does not affect

23 or restrain the parties from prosecuting and responding to appeals filed by Integretel from orders

24 issued by the Florida Court. The Court further orders that the Receiver shall submit any status

25 reports that pertain to Integretel to the Florida Court jointly with Integretel.

26    **FURTHER, AS ORDERED BY THE COURT AT THE HEARING, THE FTC AND**

27 **THE RECEIVER ARE HEREBY ORDERED TO SHOW CAUSE** at 10:00 a.m. on

28 November 16, 2007, or as soon thereafter as counsel may be heard in the courtroom of the

-1-

W02-WEST:5SS1\400516862.2                  ORDER GRANTING TRO AND TO SHOW CAUSE5

1  Honorable Arthur S. Weissbrodt, located at 280 South First Street, San Jose, California,

2  Courtroom 3020, why the Court should not issue a preliminary injunction against the above

3  actions pending the entry of a plan confirmation order in this bankruptcy case, or further order of

4  this Court.

5      **IT IS ALSO HEREBY ORDERED THAT** this "Order To Show Cause Re Preliminary

6  Injunction" (the "Order To Show Cause") shall be served upon the FTC and the Receiver by

7  personal service, email or facsimile within three days of issuance hereof.  Plaintiff, and any other

8  party in interest, shall file and serve all pleadings and papers in connection with the hearing on the

9  Order to Show Cause on the FTC, the Receiver and the United States Trustee's representative by

10  personal service, email or facsimile by no later than November 7, 2007 at 6:00 p.m. PST, and

11  proof of service thereof shall be filed no later than November 9, 2007.  Any response or opposition

12  to this Order To Show Cause must be filed and served by personal service, email or facsimile on

13  Integretel's counsel, proposed counsel for the unsecured creditors committee, and the United

14  States Trustee's representative no later than November 9, 2007 at 6:00 p.m. PST, and proof of

15  service shall be filed no later than November 12, 2007.  Any reply by any party in interest shall be

16  filed by November 13, 2007 at 6:00 p.m. PST, and proof of service shall be filed no later than

17  November 14, 2007.

18                          ** END OF ORDER **

19
    Approved as to form:
20
    WILLIAM BLUMENTHAL
21  General Counsel

22

23  By:_____
24        Michael Mora
          John Andrew Singer
25  Attorneys for the Federal Trade Commission

26

27

28

1                                COURT SERVICE LIST

2   Office of the U.S. Trustee
    Office of the U.S. Trustee
3   Attn: John Wesolowski, Esq.
    280 South First Street, Room 268
4   San Jose, CA 95113

5   The Billing Resource dba Integretel
    The Billing Resource dba Integretel
6   Attn: Ken Dawson
    5883 Rue Ferrari
7   San Jose, CA 95138

8   Counsel for The Billing Resource dba Integretel
    Sheppard, Mullin, Richter & Hampton LLP
9   Attn: Michael H. Ahrens, Esq.
    4 Embarcadero Center, 17th Floor
10  San Francisco, CA 94111-4106

11  David R. Chase, Receiver
    David R. Chase, Receiver for Access One Communications,
12      Inc. and Network One Services, Inc.
    David R. Chase, P.A.
13  Wachovia Center-Penthouse
    1909 Tyler Street
14  Hollywood, FL 33020

15  Counsel for the Receiver David R. Chase
    Jeffrey C. Schneider, Esq.
16  Michelle T. Visiedo, Esq.
    Tew Cardenas LLP
17  Four Seasons Tower – 15th Floor
    1441 Brickell Avenue
18  Miami, FL 33131

19  Counsel for the Receiver David R. Chase
    Walter Oetzell, Esq.
20  Danning, Gill, Diamond & Kollitz, LLP
    2029 Century Park East, Third Floor
21  Los Angeles, CA 90067-2904

22  Counsel for the Federal Trade Commission
    Laura M. Kim, Esq.
23  Michael J. Davis, Esq.
    Collot Guerard, Esq.
24  Federal Trade Commission
    600 Pennsylvania Avenue, NW, Room 286
25  Washington, DC 20580

26  Federal Trade Commission
    Associate Director, Division of Marketing Practices
27  Federal Trade Commission, H-238
    600 Pennsylvania Avenue, N.W.
28

                                                      -4-                                0007

1  Washington, D.C.   20580

2  Proposed Counsel for the Official Unsecured Creditors Committee
   John Fiero, Esq.
3  Maxim Litvak, Esq.
   Pachulski, Stang, Ziehl & Jones
4  150 California Street
   15th Floor
5  San Francisco, CA 94111-4500

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:5SS1\400516862.2                    ORDER GRANTING TRO AND TO SHOW CAUSE

Case: 07-05156      Doc #: 43      Filed: 11/06/2007      Page 8 of 11

RER-53      3073

1   Howard Kollitz [State Bar No. 059611],
    Walter K. Oetzell [State Bar No. 109769] and
2   Steven J. Schwartz [State Bar No. 200586] of
    DANNING, GILL, DIAMOND & KOLLITZ, LLP
3   2029 Century Park East, Third Floor
    Los Angeles, California 90067-2904
4   Telephone: (310) 277-0077
    Facsimile: (310) 277-5735
5   Email:  woetzell@dgdk.com
    Email:  sschwartz@dgdk.com
6

7   Jeffrey C. Schneider [Pro Hac Vice]
    TEW CARDENAS LLP
    Four Seasons Tower, Fifteenth Floor
8   1441 Brickell Avenue
    Miami, Florida 33131-3407
9   Telephone:  (305) 539-2481
    Facsimile:  (305) 536-1116
10  Email:  jcs@tewlaw.com

11  Attorneys for Defendant, David R. Chase, as Receiver

12              UNITED STATES BANKRUPTCY COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                    SAN JOSE DIVISION

15  In re                              )  Bankruptcy Case No. 07-52890-ASW
                                       )
16  THE BILLING RESOURCE, dba          )
    INTEGRETEL, a California corporation, )        [Chapter 11]
17                                     )
    [Taxpayer Identification No. 33-0289863] )  Adversary Proceeding No. 07-05156
18                                     )
                                       )
19              Debtor.                )
    _____ )
20  THE BILLING RESOURCE, dba          )  ORDER GRANTING TEMPORARY
    INTEGRETAL, a California corporation, )  RESTRAINING ORDER AND ORDER
21                                     )  TO SHOW CAUSE RE PRELIMINARY
                        Plaintiff,     )  INJUNCTION
22       vs.                           )
                                       )
23  FEDERAL TRADE COMMISSION, and      )
    DAVID R. CHASE, not individually, but solely )  Date:   November 5, 2007
24  in his capacity as receiver for Nationwide )  Time:   4:30 p.m.
    Connections, Inc., Access One Communications, )  Place   United States Bankruptcy Court
25  Inc., Network One Services, etc., et al; )          280 South First Street
                                       )          San Jose, California
26                                     )  Judge: Hon. Arthur S. Weissbrodt
                                       )  Ctrm: 3020
27                      Defendants.    )
    _____ )
28

                          EXHIBIT ___-1-2___

1    This matter came before the Court on November 5, 2007 to consider the oral motion of the

2  Debtor, The Billing Resource, dba Integretel ("Integretel"), for a temporary restraining order and a

3  preliminary injunction against the Federal Trade Commission ("FTC") and David R. Chase, not

4  individually, but solely in his capacity as receiver (the "Receiver"), preventing them from enforcing

5  as to Integretel that certain Omnibus Order entered on the docket on September 14, 2007 (the

6  "Omnibus Order") in that certain action captioned <u>Federal Trade Commission v. Nationwide</u>

7  <u>Connections, Inc., et al.</u>, Case No. 06-80180-Civ-Ryskamp (the "Florida Action") pending in the

8  United States District Court for the Southern District of Florida (the "District Court") and that

9  certain Order Granting Motion for Clarification as to Scope of Stay entered on the docket by the

10  Florida Court in the Florida Action on September 21, 2007 (the "Clarification Order"), insofar as

11  the Clarification Order relates to the Omnibus Order.  Appearances were as stated on the record.

12  The Court incorporates herein its Memorandum Decision re Order to Show Cause Regarding

13  Preliminary Injunction filed and entered on November 2, 2007 and further stated its findings of fact

14  and conclusions of law on the record.

15    **GOOD CAUSE APPEARING**, it is hereby ordered as follows:

16    The FTC and the Receiver are hereby restrained from seeking to implement or enforce as to

17  Integretel in the District Court the Omnibus Order or the Clarification Order, as it relates to the

18  Omnibus Order.  The restraining order issued herein does not affect or restrain the parties from

19  prosecuting and responding to appeals filed by Integretel from orders issued by the District Court.

20  The Court further orders that the Receiver shall submit any status reports that pertain to Integretel

21  to the District Court jointly with Integretel.

22    **FURTHER, AS ORDERED BY THE COURT AT THE HEARING, THE FTC AND**

23  **THE RECEIVER ARE HEREBY ORDERED TO SHOW CAUSE** at 10:00 a.m. on November

24  16, 2007, or as soon thereafter as counsel may be heard in the courtroom of the Honorable Arthur

25  S. Weissbrodt, located at 280 South First Street, San Jose, California, Courtroom 3020, why the

26  Court should not issue a preliminary injunction against the above actions pending the entry of a

27  plan confirmation order in this bankruptcy case, or further order of this Court.

28

-2-

1    **IT IS ALSO HEREBY ORDERED THAT** this "Order To Show Cause Re Preliminary

2  Injunction" (the "Order To Show Cause") shall be served upon the FTC and the Receiver by

3  personal service, email or facsimile within three days of issuance hereof. Plaintiff, and any other

4  party in interest, shall file and serve all pleadings and papers in connection with the hearing on the

5  Order to Show Cause on the FTC, the Receiver and the United States Trustee's representative by

6  personal service, email or facsimile by no later than November 7, 2007 at 6:00 p.m. PST, and proof

7  of service thereof shall be filed no later than November 9, 2007. Any response or opposition to this

8  Order To Show Cause must be filed and served by personal service, email or facsimile on

9  Integretel's counsel, proposed counsel for the unsecured creditors committee, and the United States

10  Trustee's representative no later than November 9, 2007 at 6:00 p.m. PST, and proof of service

11  shall be filed no later than November 12, 2007. Any reply by any party in interest shall be filed by

12  November 13, 2007 at 6:00 p.m. PST, and proof of service shall be filed no later than November

13  14, 2007.

14                      **\*\* END OF ORDER \*\***

15

16

17

18

19

20

21

22

23

24

25

26

27

28

0011

**RER - 54**

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        A Limited Liability Partnership
2       Including Professional Corporations
    MICHAEL H. AHRENS, Cal. Bar No. 44766
3   STEVEN B. SACKS, Cal. Bar No. 98875
    JEFFREY K. REHFELD, Cal. Bar No. 188128
4   ORI KATZ, Cal. Bar No. 209561
    Four Embarcadero Center, 17th Floor
5   San Francisco, California 94111-4106
    Telephone:     415-434-9100
6   Facsimile:     415-434-3947

7   Attorneys for The Billing Resource, dba
    Integretel
8
                    UNITED STATES BANKRUPTCY COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                        [SAN JOSE DIVISION]
11

12  | In re | Case No. 07-52890 |

13  THE BILLING RESOURCE, dba            Chapter 11
    INTEGRETEL, a California corporation,
14
                        Debtor.
15
    Tax ID: 33-0289863
16
    _____
17  THE BILLING RESOURCE, dba            Adv. Proc. No. 07-05156
    INTEGRETEL, a California corporation,
18                                       **RESPONSE TO RECEIVER'S**
                        Plaintiff,       **OBJECTION TO PROPOSED FORM OF**
19                                       **ORDER GRANTING TEMPORARY**
             v.                          **RESTRAINING ORDER**
20
    FEDERAL TRADE COMMISSION, and
21  DAVID R. CHASE, not individually, but
    solely in his capacity as receiver for
22  Nationwide Connections, Inc., Access One
    Communications, Inc., Network One Services,
23  Inc., 411TXT, Inc., CELL-INFO-USA, INC.,
    Enhanced Billing Services, Inc., Toll Free
24  Connect, Inc., Cripple Creek Holdings, LLC,
    Built to Last, LLC, Not Fade Away, LLC, He's
25  Gone, LLC, The Other One, LLC, Turn on
    Your Love Light, LLC, China Cat Sunflower,
26  LLC, Lazy River Road Holdings, LLC,

27                      Defendants.

28

---
RESPONSE TO RECEIVER'S OBJECTION TO
PROPOSED FORM OF ORDER

                                                        RER-54     3077

1   The debtor, the Billing Resource, dba Integretel, a California corporation (the "Debtor"),

2   hereby files this response to the objection filed by David R. Chase, as Receiver (the "Receiver") to

3   the proposed form of order submitted by the Debtor memorializing the temporary restraining order

4   and order to show cause re preliminary injunction issued by the Court on November 5, 2007. The

5   Debtor has electronically submitted and attaches here as Exhibit A a slightly modified order that

6   corrects an error in the prior draft order's use of the language from Rule 7065(d).[1]  As so

7   modified, the Debtor's order should be entered because it, not the Receiver's version, complies

8   with the applicable rule. The Receiver's changes fail to adequately describe the people and the

9   conduct enjoined by the Court so as to assure that the Court's injunction is effective.

10      Rule 7065(d) states that:

11          Every order granting an injunction and every restraining order shall
            set forth the reasons for its issuance; shall be specific in terms and
12          describe in reasonable detail, and not by reference to the complaint
            or other document, the act or acts sought to be restrained; and is
13          binding only upon the parties to the action, their officers, agents,
            servants, employees, and attorneys, and upon those persons in active
14          concert or participation with them who receive actual notice of the
            order by personal service or otherwise.
15

16      The amended order offered by the Debtor complies with these requirements, while the

17   Receiver's does not. First, the Receiver proposes to limit the persons enjoined to himself and the

18   Federal Trade Commission, deleting the reference to "their officers, agents, servants, employees

19   and attorneys and upon those persons in active concert or participation with them who receive

20   actual notice of the entry of this order. . .."  Unless these persons are included, the Receiver can

21   merely have his counsel or other agents and representatives do what he is forbidden by the Court

22   to do. The Receiver and the FTC have been acting through counsel in the Florida proceedings and

23   in this Court and thus the Court's injunction should plainly encompass counsel and other

24   representatives in its ambit. The persons affected by the temporary restraining order should also

25   include persons who act in concert with the FTC or the Receiver who obtain notice of the order.

26

27   [1]  Attached as Exhibit B is a blackline comparison between the amended order and the one that is
     the subject of the Receiver's objection.

28

-1-

W02-WEST:5SS1\400518010.1            RESPONSE TO RECEIVER'S OBJECTION TO
Case: 07-05156    Doc #: 44    Filed: 11/07/2007    Page 2 of 10 PROPOSED FORM OF ORDER

RER-54        3078

1  The FTC or the Receiver should not be able to ask others to instigate contempt proceedings
2  against the Debtor.

3      The Receiver would also limit the temporary restraining order to simply prohibiting him
4  from implementing and enforcing the Omnibus and Clarification Orders.  The Debtor requests that
5  these terms be defined as "including without limitation initiating, suggesting or participating in
6  any proceedings to hold Integretel in contempt in connection therewith, or otherwise seeking to
7  compel Integretel to transfer any money or property to the Receiver."  Again, Rule 7065(d)
8  mandates "specific terms" and "reasonable detail" to avoid any confusion about what the
9  injunction prohibits.  The Receiver and the FTC should not be able to do indirectly what they are
10  prohibited from doing directly.  This Court is entitled to assure that the defendants do not take any
11  actions that seek to bring about a contempt ruling from the Florida Court or which would require
12  the Debtor to pay the Receiver the sums he seeks.

13      Finally, there is no basis for the Receiver's proposed limitation of the relief granted here to
14  actions taken by the Receiver and the FTC in the Florida Court.  The Receiver and the FTC should
15  be enjoined from bringing contempt proceedings or trying to collect money from the Debtor
16  regardless of the forum in which they might do it in.

17                              **CONCLUSION**

18      The Debtor respectfully requests that the Court enter its proposed amended form of order.

19

20  Dated: November 7, 2007        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

21

22                      By        _____
                                        /s/ Steven B. Sacks
23                                      STEVEN B. SACKS
                                Attorneys for Debtor The Billing Resource, dba
24                                         Integretel

25

26

27

28

                              -2-

W02-WEST:5SS1\400518010.1                                    RESPONSE TO RECEIVER'S OBJECTION TO
Case: 07-05156    Doc #: 44    Filed: 11/07/2007    Page 9 of 10   PROPOSED FORM OF ORDER

RER-54    3079

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

W02-WEST:5SS1\400518010.1

RESPONSE TO RECEIVER'S OBJECTION TO
PROPOSED FORM OF ORDER

RER-54     3080

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2 |    Including Professional Corporations
3 | MICHAEL H. AHRENS,
   Cal. Bar No. 44766
4 | STEVEN B. SACKS,
   Cal. Bar No. 98875
5 | JEFFREY K. REHFELD,
   Cal. Bar No. 188128
6 | Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
7 | Telephone:   415-434-9100
   Facsimile:   415-434-3947
8 |
9 | Attorneys for The Billing Resource, dba Integretel

10 | UNITED STATES BANKRUPTCY COURT
11 | NORTHERN DISTRICT OF CALIFORNIA
   [SAN JOSE DIVISION]

| | |
|---|---|
| In re | Case No. 07-52890 |
| THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | Chapter 11 |
| Debtor. | |
| | |
| THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | Adv. Proc. No. 07-05156 |
| Plaintiff, | **ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |
| v. | |
| FEDERAL TRADE COMMISSION, and DAVID R. CHASE, not individually, but solely in his capacity as receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., 411TXT, Inc., CELL-INFO-USA, INC., Enhanced Billing Services, Inc., Toll Free Connect, Inc., Cripple Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's Gone, LLC, The Other One, LLC, Turn on Your Love Light, LLC, China Cat Sunflower, LLC, Lazy River Road Holdings, LLC, | |
| Defendant. | |

1    This matter came before the Court on November 5, 2007 to consider the oral motion of the

2  Debtor, The Billing Resource, dba Integretel ("Integretel"), for a temporary restraining order and a

3  preliminary injunction against the Federal Trade Commission ("FTC") and David R. Chase, not

4  individually, but solely in his capacity as receiver (the "Receiver"), preventing them from

5  enforcing as to Integretel that certain Omnibus Order entered on the docket on September 14, 2007

6  (the "Omnibus Order") in that certain action captioned <u>Federal Trade Commission v. Nationwide</u>

7  <u>Connections, Inc., et al.</u>, Case No. 06-80180-Civ-Ryskamp (the "Florida Action") pending in the

8  United States District Court for the Southern District of Florida (the "Florida Court") and that

9  certain Order Granting Motion for Clarification as to Scope of Stay entered on the docket by the

10  Florida Court in the Florida Action on September 21, 2007 (the "Clarification Order"), insofar as

11  the Clarification Order relates to the Omnibus Order.  Appearances were as stated on the record.

12  The Court incorporates herein its Memorandum Decision re Order to Show Cause Regarding

13  Preliminary Injunction filed and entered on November 2, 2007 and further stated its findings of

14  fact and conclusions of law on the record.

15    **GOOD CAUSE APPEARING**, it is hereby ordered as follows:

16    The FTC and the Receiver, and their officers, agents, servants, employees and attorneys

17  and upon those persons in active concert or participation with them who receive actual notice of

18  the order by personal service or otherwise, are hereby restrained and enjoined from seeking to

19  implement or enforce as to Integretel the Omnibus Order or the Clarification Order, as it relates to

20  the Omnibus Order, including without limitation initiating, suggesting or participating in any

21  proceedings to hold Integretel in contempt in connection therewith, or otherwise seeking to

22  compel Integretel to transfer any money or property to the Receiver.  The restraining order issued

23  herein does not affect or restrain the parties from prosecuting and responding to appeals filed by

24  Integretel from orders issued by the Florida Court.  The Court further orders that the Receiver

25  shall submit any status reports that pertain to Integretel to the Florida Court jointly with Integretel.

26    **FURTHER, AS ORDERED BY THE COURT AT THE HEARING, THE FTC AND**

27  **THE RECEIVER ARE HEREBY ORDERED TO SHOW CAUSE** at 10:00 a.m. on

28  November 16, 2007, or as soon thereafter as counsel may be heard in the courtroom of the

-1-

1  Honorable Arthur S. Weissbrodt, located at 280 South First Street, San Jose, California,

2  Courtroom 3020, why the Court should not issue a preliminary injunction against the above

3  actions pending the entry of a plan confirmation order in this bankruptcy case, or further order of

4  this Court.

5  　　　**IT IS ALSO HEREBY ORDERED THAT** this "Order To Show Cause Re Preliminary

6  Injunction" (the "Order To Show Cause") shall be served upon the FTC and the Receiver by

7  personal service, email or facsimile within three days of issuance hereof.  Plaintiff, and any other

8  party in interest, shall file and serve all pleadings and papers in connection with the hearing on the

9  Order to Show Cause on the FTC, the Receiver and the United States Trustee's representative by

10  personal service, email or facsimile by no later than November 7, 2007 at 6:00 p.m. PST, and

11  proof of service thereof shall be filed no later than November 9, 2007.  Any response or opposition

12  to this Order To Show Cause must be filed and served by personal service, email or facsimile on

13  Integretel's counsel, proposed counsel for the unsecured creditors committee, and the United

14  States Trustee's representative no later than November 9, 2007 at 6:00 p.m. PST, and proof of

15  service shall be filed no later than November 12, 2007.  Any reply by any party in interest shall be

16  filed by November 13, 2007 at 6:00 p.m. PST, and proof of service shall be filed no later than

17  November 14, 2007.

18  　　　　　　　　　　　** END OF ORDER **

19

20  Approved as to form:

　　WILLIAM BLUMENTHAL
21  General Counsel

22

23  By:_____

24  　　　Michael Mora
　　　John Andrew Singer
25  Attorneys for the Federal Trade Commission

26

27

28

-2-

1  DANNING, GILL, DIAMOND & KOLLITZ, LLP

2

3  By:_____

4        Walter K. Oetzell
   Attorneys for David R. Chase,
5  As Receiver

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT SERVICE LIST

1

2  Office of the U.S. Trustee
   Office of the U.S. Trustee
3  Attn: John Wesolowski, Esq.
   280 South First Street, Room 268
4  San Jose, CA 95113

5  The Billing Resource dba Integretel
   The Billing Resource dba Integretel
6  Attn: Ken Dawson
   5883 Rue Ferrari
7  San Jose, CA 95138

8  Counsel for The Billing Resource dba Integretel
   Sheppard, Mullin, Richter & Hampton LLP
9  Attn: Michael H. Ahrens, Esq.
   4 Embarcadero Center, 17th Floor
10 San Francisco, CA 94111-4106

11 David R. Chase, Receiver
   David R. Chase, Receiver for Access One Communications,
12       Inc. and Network One Services, Inc.
   David R. Chase, P.A.
13 Wachovia Center-Penthouse
   1909 Tyler Street
14 Hollywood, FL 33020

15 Counsel for the Receiver David R. Chase
   Jeffrey C. Schneider, Esq.
16 Michelle T. Visiedo, Esq.
   Tew Cardenas LLP
17 Four Seasons Tower – 15th Floor
   1441 Brickell Avenue
18 Miami, FL 33131

19 Counsel for the Receiver David R. Chase
   Walter Oetzell, Esq.
20 Danning, Gill, Diamond & Kollitz, LLP
   2029 Century Park East, Third Floor
21 Los Angeles, CA 90067-2904

22 Counsel for the Federal Trade Commission
   Laura M. Kim, Esq.
23 Michael J. Davis, Esq.
   Collot Guerard, Esq.
24 Federal Trade Commission
   600 Pennsylvania Avenue, NW, Room 286
25 Washington, DC 20580

26 Federal Trade Commission
   Associate Director, Division of Marketing Practices
27 Federal Trade Commission, H-238
   600 Pennsylvania Avenue, N.W.
28

-4-

1   Washington, D.C.   20580

2   <u>Proposed Counsel for the Official Unsecured Creditors Committee</u>
    John Fiero, Esq.
3   Maxim Litvak, Esq.
    Pachulski, Stang, Ziehl & Jones
4   150 California Street
    15th Floor
5   San Francisco, CA 94111-4500

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING TRO AND TO SHOW CAUSE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
    MICHAEL H. AHRENS, Cal. Bar No. 44766
3   STEVEN B. SACKS, Cal. Bar No. 98875
    JEFFREY K. REHFELD, Cal. Bar No. 188128
4   Four Embarcadero Center, 17th Floor
    San Francisco, California  94111-4106
5   Telephone:    415-434-9100
    Facsimile:    415-434-3947
6
    Attorneys for The Billing Resource, dba Integretel
7
                 UNITED STATES BANKRUPTCY COURT
8                NORTHERN DISTRICT OF CALIFORNIA
                        [SAN JOSE DIVISION]
9

| 10 | In re | Case No. 07-52890 |
|---|---|---|
| 11 | THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | Chapter 11 |
| 12 | | |
| 13 | Debtor. | |
| 14 | THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | |
| 15 | Plaintiff, | Adv. Proc. No. 07-05156 |
| 16 | v. | **ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |
| 17 | FEDERAL TRADE COMMISSION, and DAVID R. CHASE, not individually, but solely in his capacity as receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., 411TXT, Inc., CELL-INFO-USA, INC., Enhanced Billing Services, Inc., Toll Free Connect, Inc., Cripple Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's Gone, LLC, The Other One, LLC, Turn on Your Love Light, LLC, China Cat Sunflower, LLC, Lazy River Road Holdings, LLC, | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | Defendant. | |

25

26

27

28

W02-WEST:5SS1\400516862.2400516862.3
Case: 07-05156    Doc #: 44    Filed: 11/07/2007    ORDER GRANTING TRO AND TO SHOW CAUSE
                                                    Page 12 of 18

RER-54      3088

1      This matter came before the Court on November 5, 2007 to consider the oral motion of the

2    Debtor, The Billing Resource, dba Integretel ("Integretel"), for a temporary restraining order and a

3    preliminary injunction against the Federal Trade Commission ("FTC") and David R. Chase, not

4    individually, but solely in his capacity as receiver (the "Receiver"), preventing them from

5    enforcing as to Integretel that certain Omnibus Order entered on the docket on September 14, 2007

6    (the "Omnibus Order") in that certain action captioned <u>Federal Trade Commission v. Nationwide</u>

7    <u>Connections, Inc., et al.</u>, Case No. 06-80180-Civ-Ryskamp (the "Florida Action") pending in the

8    United States District Court for the Southern District of Florida (the "Florida Court") and that

9    certain Order Granting Motion for Clarification as to Scope of Stay entered on the docket by the

10   Florida Court in the Florida Action on September 21, 2007 (the "Clarification Order"), insofar as

11   the Clarification Order relates to the Omnibus Order.  Appearances were as stated on the record.

12   The Court incorporates herein its Memorandum Decision re Order to Show Cause Regarding

13   Preliminary Injunction filed and entered on November 2, 2007 and further stated its findings of

14   fact and conclusions of law on the record.

15      **GOOD CAUSE APPEARING,** it is hereby ordered as follows:

16      The FTC and the Receiver, and their officers, agents, servants, employees and attorneys

17   and <u>upon those</u> <u>persons</u> in active concert or participation with them, ~~and those persons~~ who receive

18   actual notice of the ~~entry of this~~ order <u>by personal service or otherwise</u>, are hereby restrained and

19   enjoined from seeking to implement or enforce as to Integretel the Omnibus Order or the

20   Clarification Order, as it relates to the Omnibus Order, including without limitation initiating,

21   suggesting or participating in any proceedings to hold Integretel in contempt in connection

22   therewith, or otherwise seeking to compel Integretel to transfer any money or property to the

23   Receiver.  The restraining order issued herein does not affect or restrain the parties from

24   prosecuting and responding to appeals filed by Integretel from orders issued by the Florida Court.

25   The Court further orders that the Receiver shall submit any status reports that pertain to Integretel

26   to the Florida Court jointly with Integretel.

27

28

-1-

1    **FURTHER, AS ORDERED BY THE COURT AT THE HEARING, THE FTC AND**

2    **THE RECEIVER ARE HEREBY ORDERED TO SHOW CAUSE** at 10:00 a.m. on

3    November 16, 2007, or as soon thereafter as counsel may be heard in the courtroom of the

4    Honorable Arthur S. Weissbrodt, located at 280 South First Street, San Jose, California,

5    Courtroom 3020, why the Court should not issue a preliminary injunction against the above

6    actions pending the entry of a plan confirmation order in this bankruptcy case, or further order of

7    this Court.

8    **IT IS ALSO HEREBY ORDERED THAT** this "Order To Show Cause Re Preliminary

9    Injunction" (the "Order To Show Cause") shall be served upon the FTC and the Receiver by

10    personal service, email or facsimile within three days of issuance hereof. Plaintiff, and any other

11    party in interest, shall file and serve all pleadings and papers in connection with the hearing on the

12    Order to Show Cause on the FTC, the Receiver and the United States Trustee's representative by

13    personal service, email or facsimile by no later than November 7, 2007 at 6:00 p.m. PST, and

14    proof of service thereof shall be filed no later than November 9, 2007. Any response or opposition

15    to this Order To Show Cause must be filed and served by personal service, email or facsimile on

16    Integretel's counsel, proposed counsel for the unsecured creditors committee, and the United States

17    Trustee's representative no later than November 9, 2007 at 6:00 p.m. PST, and proof of service

18    shall be filed no later than November 12, 2007. Any reply by any party in interest shall be filed by

19    November 13, 2007 at 6:00 p.m. PST, and proof of service shall be filed no later than November

20    14, 2007.

21                                    ** END OF ORDER **

22    Approved as to form:

23    WILLIAM BLUMENTHAL
24    General Counsel

25

26    By:_____

27          Michael Mora
            John Andrew Singer
28    Attorneys for the Federal Trade Commission

-2-

W02-WEST:5SSJ1\400516862.2400516862.2    Case: 07-05156    Doc #: 44    Filed: 11/07/2007    Page 14 of 18    ORDER GRANTING TRO AND TO SHOW CAUSE

RER-54    3090

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1     DANNING, GILL, DIAMOND & KOLLITZ, LLP

2

3     By:_____

4          Walter K. Oetzell
      Attorneys for David R. Chase,
5     As Receiver

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

W02-WEST:5SS1\400516862.2400516862.3
Case: 07-05156     Doc #: 44     Filed: 11/07/2007     Page 16 of 18     ORDER GRANTING TRO AND TO SHOW CAUSE

RER-54     3092

1                             <u>COURT SERVICE LIST</u>

2   <u>Office of the U.S. Trustee</u>
Office of the U.S. Trustee

3   Attn: John Wesolowski, Esq.
280 South First Street, Room 268

4   San Jose, CA 95113

5   <u>The Billing Resource dba Integretel</u>
The Billing Resource dba Integretel

6   Attn: Ken Dawson
5883 Rue Ferrari

7   San Jose, CA 95138

8   <u>Counsel for The Billing Resource dba Integretel</u>
Sheppard, Mullin, Richter & Hampton LLP

9   Attn: Michael H. Ahrens, Esq.
4 Embarcadero Center, 17th Floor

10  San Francisco, CA 94111-4106

11  <u>David R. Chase, Receiver</u>
David R. Chase, Receiver for Access One Communications,

12        Inc. and Network One Services, Inc.
David R. Chase, P.A.

13  Wachovia Center-Penthouse
1909 Tyler Street

14  Hollywood, FL 33020

15  <u>Counsel for the Receiver David R. Chase</u>
Jeffrey C. Schneider, Esq.

16  Michelle T. Visiedo, Esq.
Tew Cardenas LLP

17  Four Seasons Tower – 15th Floor
1441 Brickell Avenue

18  Miami, FL 33131

19  <u>Counsel for the Receiver David R. Chase</u>
Walter Oetzell, Esq.

20  Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, Third Floor

21  Los Angeles, CA 90067-2904

22  <u>Counsel for the Federal Trade Commission</u>
Laura M. Kim, Esq.

23  Michael J. Davis, Esq.
Collot Guerard, Esq.

24  Federal Trade Commission
600 Pennsylvania Avenue, NW, Room 286

25  Washington, DC 20580

26  <u>Federal Trade Commission</u>
Associate Director, Division of Marketing Practices

27  Federal Trade Commission, H-238
600 Pennsylvania Avenue, N.W.

28

-5-

W02-WEST:5SS1\400516862 2400516862.1            ORDER GRANTING TRO AND TO SHOW CAUSE
Case: 07-05156    Doc #: 44    Filed: 11/07/2007    Page 17 of 18

RER-54    3093

1    Washington, D.C.  20580

2    <u>Proposed Counsel for the Official Unsecured Creditors Committee</u>
     John Fiero, Esq.

3    Maxim Litvak, Esq.
     Pachulski, Stang, Ziehl & Jones

4    150 California Street
     15th Floor

5    San Francisco, CA 94111-4500

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

**RER - 55**

| | |
|---|---|
| 1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>  A Limited Liability Partnership |
| 2 |   Including Professional Corporations<br>MICHAEL H. AHRENS, Cal. Bar No. 44766 |
| 3 | STEVEN B. SACKS, Cal. Bar No. 98875<br>JEFFREY K. REHFELD, Cal. Bar No. 188128 |
| 4 | ORI KATZ, Cal. Bar No. 209561<br>Four Embarcadero Center, 17th Floor |
| 5 | San Francisco, California 94111-4106<br>Telephone:  415-434-9100 |
| 6 | Facsimile:   415-434-3947 |
| 7 | Attorneys for The Billing Resource, dba Integretel |

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   [SAN JOSE DIVISION]

| | |
|---|---|
| 11 | In re | Case No. 07-52890 |
| 12 | THE BILLING RESOURCE, dba | Chapter 11 |
| 13 | INTEGRETEL, a California corporation, | |
| 14 | Debtor. | |
| 15 | Tax ID: 33-0289863 | |

| | | |
|---|---|---|
| 16 | THE BILLING RESOURCE, dba | Adv. Proc. No. 07-05156 |
| 17 | INTEGRETEL, a California corporation, | **MEMORANDUM OF POINTS AND** |
| 18 | Plaintiff, | **AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY** |
| 19 | v. | **INJUNCTION** |
| 20 | FEDERAL TRADE COMMISSION, and | Date:    November 16, 2007 |
| 21 | DAVID R. CHASE, not individually, but<br>solely in his capacity as receiver for | Time:   10:00 a.m.<br>Place:  United States Bankruptcy Court |
| 22 | Nationwide Connections, Inc., Access One<br>Communications, Inc., Network One Services, |         280 South First Street<br>        San Jose, California |
| 23 | Inc., 411TXT, Inc., CELL-INFO-USA, INC.,<br>Enhanced Billing Services, Inc., Toll Free | Judge:  Hon. Arthur S. Weissbrodt<br>Courtroom: 3020 |
| 24 | Connect, Inc., Cripple Creek Holdings, LLC,<br>Built to Last, LLC, Not Fade Away, LLC, He's | |
| 25 | Gone, LLC, The Other One, LLC, Turn on<br>Your Love Light, LLC, China Cat Sunflower,<br>LLC, Lazy River Road Holdings, LLC, | |
| 26 | Defendants. | |
| 27 | | |
| 28 | | |