# I.

## INTRODUCTION

The Court has issued a Temporary Restraining Order and an Order to Show Cause on the Debtor's oral motion for a preliminary injunction against the Federal Trade Commission ("FTC") and David R. Chase, as Receiver (the "Receiver") enjoining pursuant to Section 105 of the Bankruptcy Code the enforcement of the Florida Court's orders requiring that the Debtor pay $1,762,762.56 to the Receiver.

The Debtor's present motion seeks a subset of the same relief as the Debtor's prior motion for issuance of a preliminary injunction which was extensively briefed by all parties in connection with the proceedings that led to the Court's thorough Memorandum Decision re Order to Show Cause re Preliminary Injunction issued on November 2, 2007 (the "Memorandum Decision"). The Debtor does not therefore repeat its previous briefs or re-submit the same declarations, but hereby incorporates them herein. The Court's findings of fact and conclusions of law in the Memorandum Decision are fully applicable to this motion and should be adopted here. What has changed since the Court's ruling on November 2 is that the Eleventh Circuit Court of Appeals on November 5 terminated the temporary stay it had granted and denied the Debtor's motion to enter a stay pending appeal. (The Eleventh Circuit's Order is attached hereto as Exhibit A). The Debtor had sought the stay pending appeal based on the argument that the automatic stay should have been found applicable to the contempt proceedings in the Florida Court and the Receiver's post-petition effort to collect money from the Debtor. Obviously, if the automatic stay had been held be in effect during the Debtor's Eleventh Circuit appeal, the Debtor would not need relief from this Court under Bankruptcy Code section 105. But this Court has jurisdiction to issue an injunction under section 105 even if the proceedings at issue are not subject to the automatic stay.

The Debtor has demonstrated the basis for issuance of an injunction against the Receiver and the FTC with regard to the enforcement of the Omnibus Order against the Debtor. First, the Florida Court's Omnibus Order "threaten[s] the integrity" of the

1   bankruptcy estate, which is "precisely" the instance in which "Section 105 contemplates

2   injunctive relief." Canter v. Canter (In re Canter), 299 F.3d 1150, 1155 (9th Cir. 2002)

3   (citation omitted). Second, the Debtor has satisfied the applicable legal standard. The

4   facts here demonstrate probability of success on the merits—i.e., through a successful

5   reorganization—as the Court has already indicated. Indeed, the Debtor has a productive

6   working relationship with the Committee, is working on term sheets for sales of

7   appropriate assets and for a plan of reorganization. The Debtor will suffer irreparable

8   injury unless the preliminary injunction is granted, and the balance of hardships tips in its

9   favor.

10      This is an appropriate case to issue an injunction under Section 105 because the

11  Debtor can only have an opportunity to reorganize if it preserves its existing resources

12  while it operates in Chapter 11.

13                                      **II.**

14                          **FACTUAL STATEMENT[1]**

15      The Debtor has continued aggressive pursuit of a reorganization. It has obtained the

16  support of the Official Unsecured Creditors' Committee (the "Committee") to continue

17  operations at this time while continuing to expeditiously negotiate with interested parties

18  concerning its future. During this period, the Debtor has functioned without over $1.7

19  million that was placed in a blocked account pending further rulings of this Court (the

20  "Blocked Account").

21      The Debtor has recently met with persons interested in acquiring various portions of

22  the Debtor's assets, including in one case the Debtor's equity in or the assets of

23  PaymentOne. The Committee is already aware of and involved in these negotiations. The

24  Committee has consented to the Debtor's continued use of cash collateral for an additional

25  two weeks and the Debtor reasonably expects to continue to obtain the Committee's

26  _____

27  [1] The facts set forth herein are supported by the accompanying Declaration of Steven B.
    Sacks.

28

W02-WEST:5SS1\400518281.1

-2-

MEMORANDUM OF P&A'S RE PRELIMINARY
INJUNCTION.

RER-55                3097

1  further consent, as the Debtor's operations have been generally in line with its budget.

2  ### III.

3  ### ARGUMENT

4  A.  **The Omnibus Order and Clarification Order Threaten the Integrity of the**
5  **Bankruptcy Estate.**

6  In its Memorandum Decision the Court found that the monies in the Debtor's
7  accounts on filing bankruptcy constituted property of the Debtor's bankruptcy estate. See
8  11 U.S.C. § 541(a)(1). The Court also held that the bankruptcy court had exclusive
9  jurisdiction following the filing of this bankruptcy case over the Debtor's property. 28
10  U.S.C. § 1334(e); In re Simon, 153 F.3d 991, 996 (9th Cir. 1998). Even assuming that the
11  Receiver had an interest in the reserve amounts traceable to the former customers' billings,
12  it is still up to this Court to determine whether any such amounts can be traced into the
13  current account balances so that the Receiver could claim to be an owner or lienholder of
14  these funds. Allowing the Omnibus Order to be enforced would be inconsistent with
15  allowing the Court to make that determination, as the Debtor would instead be subjected to
16  a different court's jurisdiction and forced, under penalty of civil contempt proceedings, to
17  pay money to the Receiver. As the Court has found, complying with the Omnibus Order
18  would take assets away from this Court's control, even though it is this Court that has
19  exclusive jurisdiction over the Debtor's property. The existence of any interest in property
20  that was in the Debtor's possession at the time it filed for bankruptcy protection needs to
21  be established in this Court. No other Court had or has jurisdiction to do so.

22  B.  **The Court Should Utilize its Authority Under Section 105 to Enjoin the**
   **Receiver and FTC from Enforcing the Omnibus Order and Clarification**
23  **Order as Against the Debtor.**

24  The Debtor has demonstrated its entitlement to equitable relief. It has shown
25  likelihood of success on the merits, meaning a reasonable likelihood of success in
26  reorganizing if the requested injunctive relief is granted, which "is not a high burden."
27  Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc., ___ F.3d
28  ___, 2007 WL 2555941, *7, 07 Cal. Daily Op. Serv. 10,857, (9th Cir. Sept. 7, 2007).

-3-

1    Further, unless the injunction is issued against the enforcement of the Omnibus and
2    Clarification Orders, the Debtor will suffer irreparable injury. It will not have use of all of
3    its cash so that it can operate and cover its post-petition obligations. Paying the Receiver
4    would prefer him over all other creditors, many of whom also have claims to be entitled to
5    reserves deducted from payments made to them by the Debtor. The Receiver has no
6    greater "property interest" in the Debtor's funds than any other such customer.

7    Nor does the Receiver have any greater claim to have the Debtor avoid dissipation
8    of its assets than any unsecured creditor. In general, pre-petition creditors do not want
9    Debtor's post-petition operations to deplete their recovery. The Committee, as the
10   representative of the creditor body has taken a keen interest in reviewing the Debtor's
11   operations and seeking to have the Debtor's current operations benefit creditors.
12   Moreover, the Court, by stipulation of the parties, has currently given the Receiver more
13   protection than other similarly situated creditors because the Debtor has deposited money
14   in the Blocked Account that would satisfy the Receiver's claim if paid to him. The Court
15   has set a separate procedure and briefing schedule to address the Debtor's access to that
16   money. There is thus no basis to deny a preliminary injunction against the Receiver based
17   on the Debtor's post-petition use of funds claimed by the Receiver. The balance of
18   hardships thus tips in the Debtor's favor.

19   Accordingly, this Court should enjoin further enforcement of the Omnibus Order
20   and Clarification Order, as the Receiver is seeking nothing less than actual control over the
21   assets of the estate. Doing so threatens "the bankruptcy court's exclusive jurisdiction over
22   the *res* of the debtor's estate and therefore can be enjoined." FTC v. First Alliance
23   Mortgage Co. (In re First Alliance Mortgage Co.), 264 B.R. 634, 655 (C.D. Calif. 2001).

24                                         **IV.**

25                                   **CONCLUSION**

26   The Court should exercise its jurisdiction under Section 105 to protect the Debtor's
27   property for the benefit of all of its creditors and to protect the Debtor's right to reorganize.

28

-4-

W02-WEST:5SS1\400518281.1                          MEMORANDUM OF P&A'S RE PRELIMINARY
Case: 07-05156    Doc #: 47    Filed: 11/07/2007    Page 5 of 10    INJUNCTION.

RER-55                    3099

1 | Dated: November 7, 2007

2

3                            Respectfully submitted,

4                            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6                            By          /s/ Steven B. Sacks
                                              STEVEN B. SACKS
7                                     Attorneys for Debtor The Billing Resource, dba
                                                      Integretel

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

W02-WEST:5SS1\400518281.1                                                    MEMORANDUM OF P&A'S RE PRELIMINARY
                    Case: 07-05156     Doc #: 47     Filed: 11/07/2007     Page 6 of 10     INJUNCTION.

RER-55                                                              3100

# EXHIBIT A

11/05/2007 16:14 FAX  4043356162        CLERK-USCA-11th        ☑002/004

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

NOV 0 5 2007

THOMAS K. KAHN
CLERK
```

———————

No. 06-16635-EE

———————

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

versus

THE BILLING RESOURCE,
d.b.a. Integretel

Defendant-Appellant.

———————

No. 07-14531-EE

———————

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

DAVID R. CHASE,

Receiver-Appellee,

versus

THE BILLING RESOURCE,
d.b.a. Integretel,

Defendant-Appellant.

———————

On Appeal from the United States District Court for the
Southern District of Florida

———————

RER-55      3102

11/05/2007 16:14 FAX  4043356162        CLERK-USCA-11th                    Ø003/004

BEFORE: TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

BY THE COURT:

Appellant's November 22, 2006 appeal from the district court's entry of the September 26, 2006, amended preliminary injunction, docketed here as No. 06-16635, is ALLOWED TO PROCEED.

The appeal docketed here as No. 07-14531 is from the district court's (1) September 21, 2007 "Order Granting Motion for Clarification As to Scope of Stay"; (2) September 14, 2007 order denying (a) Appellant's Motion to Modify Prior Injunctive Orders, and (b) Appellant's Motion to Stay Contract Claims; (3) September 14, 2007 order (a) finding that the reserve funds were the property of the receivership estate and (b) directing Appellant to identify and turn over the reserve funds to the receiver; and (4) September 14, 2007 order directing Appellant to show cause why it should not be held in contempt.

We ALLOW THE APPEALS OF THESE ORDERS TO PROCEED as follows:

We have jurisdiction of order (1) under 28 U.S.C. § 1291. See In re Red Carpet Corp., 902 F.2d 883, 890 n.5 (11th Cir. 1990); In re F.D.R. Hickory House, 60 F.3d 724, 725 n.2 (11th Cir. 1995); Safety-Kleen v. Wyche, 274 F.3d 846, 864 & n.4 (4th Cir. 2001).

2

We have jurisdiction of order (2) under 28 U.S.C. § 1292(a)(1); 9 U.S.C. § 16(a)(1)(A).

We CARRY WITH THE CASE the question of whether we have jurisdiction of order (3).

We have jurisdiction of order (4) under the pendant appellate jurisdiction doctrine. See Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1310 n. 10 (11th Cir. 2006).

On October 17, 2007, this Court temporarily granted Appellant's motion for stay or injunction pending appeal pending further order. We hereby terminate the temporary stay in light of the below resolution of Appellant's motion.

Appellant's motion for stay or injunction pending resolution of these appeals, filed in No. 07-14531, is DENIED.

3

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2       Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  STEVEN B. SACKS, Cal. Bar No. 98875
   JEFFREY K. REHFELD, Cal. Bar No. 188128
4  ORI KATZ, Cal. Bar No. 209561
   Four Embarcadero Center, 17th Floor
5  San Francisco, California  94111-4106
   Telephone:    415-434-9100
6  Facsimile:    415-434-3947
   Email:    mahrens@sheppardmullin.com
7           jrehfeld@sheppardmullin.com
           okatz@sheppardmullin.com
8
   Attorneys for THE BILLING RESOURCE, dba
9  INTEGRETEL

10               UNITED STATES BANKRUPTCY COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                     SAN JOSE DIVISION

13

14  In re                              Case No. 07-52890

15  THE BILLING RESOURCE, dba          Chapter 11
16  Integretel, a California corporation,
                                       **DECLARATION OF STEVEN B. SACKS**
17            Debtor.                   **IN SUPPORT OF MOTION FOR**
                                       **PRELIMINARY INJUNCTION**
18  Tax ID: 33-0289863
                                       Date:     November 16, 2007
19                                     Time:     10:00 a.m.
                                       Place:    United States Bankruptcy Court
20                                               280 South First Street
                                                 San Jose, California
21                                     Judge:    Hon. Arthur S. Weissbrodt
                                       Courtroom:    3020
22

23

24

25

26

27

28

                                    -1-
W02-WEST:5SS1\400519167.1                    SACKS DECLARATION IN SUPPORT OF MOTION
   Case: 07-05156    Doc #: 47    Filed: 11/07/2007    FOR PRELIMINARY INJUNCTION
                                                        Page 1 of 2

                                                        RER-55    3105

1  I, Steven B. Sacks, declare as follows:

2    1.  I am an attorney admitted to practice in the courts of this State and

3 before this Court. I am a member of Sheppard, Mullin, Richter & Hampton, LLP, counsel

4 to The Billing Resource, dba Integretel, a California corporation (the "Debtor"), the named

5 debtor in this case. I have personal knowledge of the matters set forth below. If called

6 upon to testify as to those matters I could and would do so competently.

7

8    2.  The Debtor is aggressively pursuing a reorganization. It has obtained

9 the support of the Official Unsecured Creditors' Committee (the "Committee") to continue

10 operations at this time while continuing to expeditiously negotiate with interested parties

11 concerning its future. During this period, the Debtor has functioned without over $1.7

12 million that was placed in a blocked account pending further rulings of this Court (the

13 "Blocked Account").

14

15    3.  The Debtor has recently met with persons interested in acquiring

16 various portions of the Debtor's assets, including in one case the Debtor's equity in or the

17 assets of PaymentOne. The Committee is already aware of and involved in these

18 negotiations. The Committee has consented to the Debtor's continued use of cash

19 collateral for an additional two weeks and the Debtor reasonably expects to continue to

20 obtain its consent, as the Debtor's operations have been generally in line with its budget.

21

22    I declare under penalty of perjury under the laws of the United States of

23 America that the foregoing is true and correct. Executed this 7th day of November, 2007,

24 at San Francisco, California.

25

26            /s/ Steven B. Sacks
              STEVEN B. SACKS

27

28

-2-

**RER - 56**

Entered on Docket
November 08, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1  SHEPPARD, MULLIN, RICHTER &
   HAMPTON LLP
2    A Limited Liability Partnership
     Including Professional Corporations
3  MICHAEL H. AHRENS,
   Cal. Bar No. 44766
4  STEVEN B. SACKS,
   Cal. Bar No. 98875
5  JEFFREY K. REHFELD,
   Cal. Bar No. 188128
6  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
7  Telephone:    415-434-9100
   Facsimile:    415-434-3947
8
   Attorneys for The Billing Resource, dba
9  Integretel

IT IS SO ORDERED.
Signed November 07, 2007

_Arthur S Weissbrodt_
**Arthur S. Weissbrodt**
**U.S. Bankruptcy Judge**

_____

10              UNITED STATES BANKRUPTCY COURT
                NORTHERN DISTRICT OF CALIFORNIA
11                     [SAN JOSE DIVISION]

12  In re                                     Case No. 07-52890

13  THE BILLING RESOURCE, dba                 Chapter 11
    INTEGRETEL, a California corporation,
14
15              Debtor.
16

17  THE BILLING RESOURCE, dba                 Adv. Proc. No. 07-05156
    INTEGRETEL, a California corporation,
18                                            **ORDER GRANTING MOTION FOR**
                Plaintiff,                    **PRELIMINARY INJUNCTION**
19
          v.
20
    FEDERAL TRADE COMMISSION, and
21  DAVID R. CHASE, not individually, but
    solely in his capacity as receiver for
22  Nationwide Connections, Inc., Access One
    Communications, Inc., Network One Services,
23  Inc., 411TXT, Inc., CELL-INFO-USA, INC.,
    Enhanced Billing Services, Inc., Toll Free
24  Connect, Inc., Cripple Creek Holdings, LLC,
    Built to Last, LLC, Not Fade Away, LLC, He's
25  Gone, LLC, The Other One, LLC, Turn on
    Your Love Light, LLC, China Cat Sunflower,
26  LLC, Lazy River Road Holdings, LLC,

27              Defendant.

28

W02-WEST:5SS1\400515041.2                     ORDER GRANTING MOTION FOR PRELIMINARY
                                                                    INJUNCTION
    Case: 07-05156    Doc #: 49    Filed: 11/07/2007    Page 1 of 5

1   The Court having previously issued an order to show cause re preliminary injunction in

2   connection with the motion filed by The Billing Resource, dba Integretel ("Integretel") herein,

3   held a hearing thereon on October 17, 2007, considered the pleadings and submissions of counsel

4   for the parties, and issued its Memorandum Decision re Order to Show Cause re Preliminary

5   Injunction on November 2, 2007, which set forth the Court's findings of fact and conclusions of

6   law pertaining hereto, and GOOD CAUSE APPEARING, it is hereby ordered as follows:

7       1.      The Federal Trade Commission and its officers, agents, servants, employees and

8   attorneys, and those in active concert or participation with them, are restrained and enjoined

9   through and including March 14, 2008 from pursuing or prosecuting any claims against Integretel

10  in that certain action captioned <u>Federal Trade Commission v. Nationwide Connections, Inc., et al.</u>,

11  Case No. 06-80180-Civ-Ryskamp (the "Florida Action") pending in the United States District

12  Court for the Southern District of Florida (the "Florida Court"). On March 7, 2008 at 1:00 p.m.,

13  the Court will hold a further hearing on whether this preliminary injunction shall remain in effect

14  beyond March 14, 2008. Any supplemental papers in support of continuing the preliminary

15  injunction of the Enforcement Action after March 14, 2008 shall be filed and served by February

16  22, 2008. Any opposition shall be filed by February 29, 2008. Either the Federal Trade

17  Commission or Integretel may request before March 7, 2008 that the preliminary injunction be

18  lifted for good cause based on facts that are not currently before this Court. The injunction issued

19  herein does not affect or restrain the parties from prosecuting and responding to appeals filed by

20  Integretel from orders issued by the Florida Court;

21      2.      Integretel's motion in respect of David R. Chase, the Receiver appointed in the

22  Florida Action, is denied without prejudice based upon the October 17, 2007 order of the Eleventh

23  Circuit in <i>FTC, et al. v. The Billing Resource</i>, No. 07-14531-E (11th Cir.), that temporarily

24  granted, pending further order of the Eleventh Circuit, Integretel's motion for a stay pending

25  appeal. In the event that the Eleventh Circuit's temporary stay pending appeal is lifted, then any

26  party may request further relief from this Court for good cause shown;

27      3.      Integretel's request for authority to unblock the debtor-in-possession account into

28  which it previously deposited $1,762,762.56 (the "Blocked Account") and use the monies therein

-1-

W02-WEST:5SS1\400515041.2          ORDER GRANTING MOTION FOR PRELIMINARY
                                                                    INJUNCTION

1  is denied without prejudice through December 14, 2007.  On December 7, 2007 at 10:00 a.m., the

2  Court will hold a further hearing on whether to unblock the Blocked Account as of December 14,

3  2007.  Any supplemental papers in support of unblocking the Blocked Account at that time shall

4  be filed and served by November 27, 2007.  Any opposition shall be filed by December 3, 2007.

5  Any party may request that the Blocked Account be unblocked prior to that time for good cause

6  shown based on facts that are not currently before this Court; and

7        4.      The Federal Trade Commission's motion for a stay of this preliminary injunction

8  pending its intended appeal of this order, made orally at the hearing hereon on November 2, 2007,

9  is denied.

** END OF ORDER **

10

11  Approved as to form:

12  WILLIAM BLUMENTHAL
   General Counsel

13

14

15  By:___/s/ Michael Mora_____
          Michael Mora

16        John Andrew Singer
   Attorneys for the Federal Trade Commission

17

18  DANNING, GILL, DIAMOND & KOLLITZ, LLP

19

20  By:___/s/ Walter K. Oetzell_____
          Walter K. Oetzell

21  Attorneys for David R. Chase,

22  As Receiver

23

24

25

26

27

28

-2-

W02-WEST:5SS1\400515041.2                          ORDER GRANTING MOTION FOR PRELIMINARY
      Case: 07-05156      Doc #: 49      Filed: 11/07/2007      Page 3 of 5      INJUNCTION

                                                      RER-56      3109

## COURT SERVICE LIST

Office of the U.S. Trustee
Office of the U.S. Trustee
Attn: John Wesolowski, Esq.
280 South First Street, Room 268
San Jose, CA  95113

The Billing Resource dba Integretel
The Billing Resource dba Integretel
Attn:  Ken Dawson
5883 Rue Ferrari
San Jose, CA  95138

Counsel for The Billing Resource dba Integretel
Sheppard, Mullin, Richter & Hampton LLP
Attn:  Michael H. Ahrens, Esq.
4 Embarcadero Center, 17th Floor
San Francisco, CA  94111-4106

David R. Chase, Receiver
David R. Chase, Receiver for Access One Communications,
        Inc. and Network One Services, Inc.
David R. Chase, P.A.
Wachovia Center-Penthouse
1909 Tyler Street
Hollywood, FL  33020

Counsel for the Receiver David R. Chase
Jeffrey C. Schneider, Esq.
Michelle T. Visiedo, Esq.
Tew Cardenas LLP
Four Seasons Tower – 15th Floor
1441 Brickell Avenue
Miami, FL  33131

Counsel for the Receiver David R. Chase
Walter Oetzell, Esq.
Danning, Gill, Diamond & Kollitz,  LLP
2029 Century Park East, Third Floor
Los Angeles, CA  90067-2904

Counsel for the Federal Trade Commission
Laura M. Kim, Esq.
Michael J. Davis, Esq.
Collot Guerard, Esq.
Federal Trade Commission
600 Pennsylvania Avenue, NW, Room 286
Washington, DC  20580

Federal Trade Commission
Associate Director, Division of Marketing Practices
Federal Trade Commission, H-238
600 Pennsylvania Avenue, N.W.

-3-

1   Washington, D.C.   20580

2   <u>Proposed Counsel for the Official Unsecured Creditors Committee</u>
    John Fiero, Esq.
3   Maxim Litvak, Esq.
    Pachulski, Stang, Ziehl & Jones
4   150 California Street
    15th Floor
5   San Francisco, CA 94111-4500

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

**RER - 57**

1  HOWARD KOLLITZ (State Bar No. 059611)
   WALTER K. OETZELL (State Bar No. 109769)
2  STEVEN J. SCHWARTZ (State Bar No. 200586)
   DANNING, GILL, DIAMOND & KOLLITZ, LLP
3  2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904
4  Telephone: (310) 277-0077
   Facsimile: (310) 277-5735
5  Email:    woetzell@dgdk.com
             sschwartz@dgdk.com
6
   JEFFREY C. SCHNEIDER (pro hac vice)
7  TEW CARDENAS LLP
   Four Seasons Tower, Fifteenth Floor
8  1441 Brickell Avenue
   Miami, Florida 33131-3407
9  Telephone: (305) 539-2481
   Facsimile:  (305) 536-1116
10 Email:     jcs@tewlaw.com

11 Attorneys for Creditor, David R. Chase, Federal Receiver of
   Access One Communications, Inc. and Network One
12 Services, Inc.

**UNITED STATES BANKRUPTCY COURT**

13

**NORTHERN DISTRICT OF CALIFORNIA**

14

**SAN JOSE DIVISION**

15

| | |
|---|---|
| In re | ) Case No. 07-52890-ASW |
| 16 | ) |
| THE BILLING RESOURCE, dba Integretel, a | ) [Chapter 11] |
| 17 California corporation, | ) |
| | ) |
| 18 | ) |
| Debtor. | ) Adv. No. 07-05156 |
| 19 | ) |
| [Taxpayer's Identification No. 33-0289863] | ) |
| 20 | ) |
| | ) |
| 21 THE BILLING RESOURCE, dba | ) **FEDERAL RECEIVER'S THIRD** |
| INTEGRETAL, a California corporation, | ) **REQUEST FOR JUDICIAL NOTICE IN** |
| 22 | ) **RESPONSE TO ORDER TO SHOW** |
| Plaintiff, | ) **CAUSE WHY PRELIMINARY** |
| 23 vs. | ) **INJUNCTION SHOULD NOT BE** |
| | ) **ISSUED** |
| 24 FEDERAL TRADE COMMISSION, and | ) |
| DAVID R. CHASE, not individually, but solely | ) |
| 25 in his capacity as receiver for Nationwide | ) Date:   November 16, 2007 |
| Connections, Inc., Access One Communications, | ) Time:   10:00 a.m. |
| 26 Inc., Network One Services, Inc., etc., <u>et al.</u>, | ) Place:  Courtroom "3020" |
| | ) United States Bankruptcy Court |
| 27 | ) 280 South First Street |
| Defendants. | ) San Jose, California |
| 28 | ) |

-1-

1   **TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES**

2   **BANKRUPTCY JUDGE:**

3      Pursuant to Rule 201(d) of the Federal Rules of Evidence, David R. Chase, the duly

4   appointed, qualified and acting Receiver serving under the authority of the United States District

5   Court for the Southern District of Florida in pending case number 06-80180-CIV-RYSKAMP,

6   entitled <u>Federal Trade Commission vs. Nationwide Connections, Inc., Access One</u>

7   <u>Communications, Inc., Network One Connections, Inc., et al.</u> (the "District Court Action"), hereby

8   requests that this Court take judicial notice of the following:

9      <u>Order on Appeal from the United States District Court for the Southern District of Florida</u>

10  filed in the United States Court of Appeals for the Eleventh Circuit Case No. 07-14531-E, on

11  November 5, 2007, attached hereto as Exhibit "12".

12

13  Dated: November 9, 2007                    DANNING, GILL, DIAMOND & KOLLITZ, LLP

14

15                                             By: _____

16                                                  STEVEN J. SCHWARTZ
                                                    Attorneys for David R. Chase, Court-
17                                                  Appointed Receiver of Access One
                                                    Communications, Inc., and Network One
18                                                  Services, Inc.

19

20

21

22

23

24

25

26

27

28

-2-

11/05/2007 16:14 FAX  4043356162    CLERK-USCA-11th    ☒002/004

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

NOV 0 5 2007

THOMAS K. KAHN
CLERK

No. 06-16635-EE

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

versus

THE BILLING RESOURCE,
d.b.a. Integretel

Defendant-Appellant.

No. 07-14531-EE

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

DAVID R. CHASE,

Receiver-Appellee,

versus

THE BILLING RESOURCE,
d.b.a. Integretel,

Defendant-Appellant.

On Appeal from the United States District Court for the
Southern District of Florida

EXHIBIT 12

003

BEFORE: TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

BY THE COURT:

    Appellant's November 22, 2006 appeal from the district court's entry of the September 26, 2006, amended preliminary injunction, docketed here as No. 06-16635, is ALLOWED TO PROCEED.

    The appeal docketed here as No. 07-14531 is from the district court's (1) September 21, 2007 "Order Granting Motion for Clarification As to Scope of Stay"; (2) September 14, 2007 order denying (a) Appellant's Motion to Modify Prior Injunctive Orders, and (b) Appellant's Motion to Stay Contract Claims; (3) September 14, 2007 order (a) finding that the reserve funds were the property of the receivership estate and (b) directing Appellant to identify and turn over the reserve funds to the receiver; and (4) September 14, 2007 order directing Appellant to show cause why it should not be held in contempt.

    We ALLOW THE APPEALS OF THESE ORDERS TO PROCEED as follows:

    We have jurisdiction of order (1) under 28 U.S.C. § 1291. See In re Red Carpet Corp., 902 F.2d 883, 890 n.5 (11th Cir. 1990); In re F.D.R. Hickory House, 60 F.3d 724, 725 n.2 (11th Cir. 1995); Safety-Kleen v. Wyche, 274 F.3d 846, 864 & n.4 (4th Cir. 2001).

2

004

We have jurisdiction of order (2) under 28 U.S.C. § 1292(a)(1); 9 U.S.C. § 16(a)(1)(A).

We CARRY WITH THE CASE the question of whether we have jurisdiction of order (3).

We have jurisdiction of order (4) under the pendant appellate jurisdiction doctrine. See Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1310 n. 10 (11th Cir. 2006).

On October 17, 2007, this Court temporarily granted Appellant's motion for stay or injunction pending appeal pending further order. We hereby terminate the temporary stay in light of the below resolution of Appellant's motion.

Appellant's motion for stay or injunction pending resolution of these appeals, filed in No. 07-14531, is DENIED.

3

005

**RER - 58**

1  WILLIAM BLUMENTHAL
   General Counsel
2
   MICHAEL P. MORA
3  Federal Trade Commission
   600 Pennsylvania Ave. NW, Room NJ-2121
4  Washington, DC 20580
   Telephone: (202) 326-3373
5  Facsimile: (202) 326-2558
   Email: mmora@ftc.gov
6
   ATTORNEY FOR FEDERAL
7  TRADE COMMISSION

8             UNITED STATES BANKRUPTCY COURT
              NORTHERN DISTRICT OF CALIFORNIA
9                  SAN JOSE DIVISION

10

11 In re:                                  **Case No. 07-52890**

12 THE BILLING RESOURCE, dba Integretel, a
   California corporation,                 Chapter 11
13
                          Debtor           Adv. Proc. No. 07-05156
14
                                           FEDERAL TRADE
15 THE BILLING RESOURCE, d/b/a             COMMISSION'S
   INTEGRETEL, a California corporation,   SUPPLEMENTAL
16                                         OPPOSITION TO DEBTOR'S
                                           EMERGENCY MOTION FOR
17        Plaintiff,                       PRELIMINARY INJUNCTION
                                           AS TO CONTEMPT
18 v.                                      PROCEEDING

19 FEDERAL TRADE COMMISSION, et al.        Date:  November 17, 2007
                                           Time:  10:00 a.m.
20        Defendants.                      Ctrm:  3020

21        The Federal Trade Commission ("Commission") submits its Supplemental Opposition to

22 Integretel's Emergency Motion for Preliminary Injunction as to the Contempt Proceeding in the

23 FTC's Enforcement Action, as follows[1]:

24 _____

25        [1] The Commission intends that neither this Supplemental Opposition nor any later
   appearance, pleading, claim, or suit shall waive: (1) the FTC's right to have final orders in
26 noncore matters entered only after *de novo* review by a District Court Judge; (2) the FTC's right
   to have the District Court withdraw the reference in any matter subject to mandatory or
27

28                                      -1-

1

## PRELIMINARY STATEMENT

2      Integretel seeks a preliminary injunction, pursuant to § 105 of the Bankruptcy Code, of

3   the Contempt Proceeding instituted by the Receiver against Integretel in the FTC's Enforcement

4   Action.[2]  The FTC brought the Enforcement Action to halt a large-scale fraudulent scheme in

5   which Integretel and others crammed millions of dollars in unauthorized charges on consumers'

6   phone bills, and to protect consumers by obtaining appropriate injunctive and equitable relief

7   against Integretel.  In its Omnibus Order dated September 14, 2007, the Florida District Court

8   issued an order to show cause why Integretel should not be held in contempt for violating that

9   court's injunctive orders by failing to turn over approximately $1.7 million in Reserve Funds that

10  Integretel is holding, which that court has determined are property of the Receivership estate.

11  The Florida District Court has also issued a Clarification Order dated September 21, 2007,

12  holding that the Contempt Proceeding is not subject to the automatic stay by virtue of 11 U.S.C.

13  § 362(b)(4), which allows police and regulatory actions such as those at issue here to proceed

14  notwithstanding the pendency of bankruptcy proceedings, and also pursuant to the court's

15  inherent powers of civil contempt to vindicate its authority to enforce its own orders.

16      Contrary to, *inter alia*, the Florida District Court's orders and § 362(b)(4) of the

17  Bankruptcy Code, this Court has entered a temporary restraining order enjoining the FTC and the

18  Receiver from prosecuting the Contempt Proceeding.  The Court also issued an order to show

19  cause why a preliminary injunction should not be entered.  For all of the reasons previously

20  argued by the FTC in its opposition briefs in the course of this adversary proceeding and the cash

21

22

23  discretionary withdrawal; or (3) any other rights, claims, actions, defenses, setoffs, recoupments,

24  or remedies to which the FTC is or may be entitled, in law or equity, all of which rights, claims,
    actions, defenses, setoffs, recoupments and remedies the FTC expressly reserves.

25

26      [2]  All capitalized terms used herein shall have the same meaning as defined and used in
    FTC's prior briefs in this adversary proceeding and in connection with the cash collateral

27  proceeding.  Adversary Proceeding DE 9, 17, 29; Bankruptcy Case DE 48, 129, 196,

28                                         -2-

1  collateral proceeding, which are hereby incorporated by reference, the restraining order should be

2  dissolved and the request for a preliminary injunction should be denied.

3      In this Supplemental Opposition, the FTC further addresses: (1) the jurisdictional issues

4  pertinent to the Contempt Proceeding discussed at pp. 38-48 of the Court's Memorandum

5  Decision of November 2, 2007; and (2) the collateral estoppel effect of the District Court's

6  orders. These issues go hand in hand. Under the controlling authorities that the Commission

7  previously brought to the Court's attention, the filing of this bankruptcy case did not trump or

8  divest the Florida District Court's jurisdiction over the Reserve Funds and all other property of

9  the Receivership Estate. And Integretel is collaterally estopped from seeking a Preliminary

10 Injunction from this Court contrary to the District Court's orders in the Contempt Proceeding.

**ARGUMENT**

12     The issue of the Florida District Court's jurisdiction and power to determine that the

13 Reserve Funds are property of the Receivership estate was first raised in the context of the cash

14 collateral proceeding in this case. In its briefs opposing the Debtor's Motion for Authority to

15 Use Cash Collateral, the FTC explained that the Florida District Court has issued a final order

16 holding that the Reserve Funds are property of the equity receivership estate in the Enforcement

17 Action, which was created to preserve the possibility of providing equitable monetary relief to

18 the thousands of consumer victims of the Nationwide defendants' and Integretel's allegedly

19 unlawful billing scheme. The district court has broad powers to make such determinations in

20 summary proceedings in the context of a federal equity receivership. *SEC v. Hardy*, 803 F.2d

21 1034, 1037 (9th Cir. 1986); *FTC v. Crittenden,* 823 F. Supp. 699, 702 (C.D. Cal. 1993).

22     The Florida District Court has had in rem jurisdiction over all assets of the Receivership

23 estate, including the Reserve Funds, since the TRO establishing the Receivership was issued on

24 February 27, 2006. An order issued to preserve the assets of a receivership estate, such as the

25 Florida District Court's orders at issue here, is a classic example of an in rem injunction. It is not

26 a money judgment. *FTC v. Productive Marketing*, 136 F. Supp.2d 1096, 1105 (C.D. Cal. 2001).

27

28

-3-

1   *See also SEC v. Wencke*, 622 F.2d, 1363, 1369 (9th Cir. 1980) (the district court's power "to issue

2   a stay, effective against all persons, of all proceedings against the receivership entities rests as

3   much on its control over the property placed in receivership as on its jurisdiction over the parties

4   to the . . . action.").

5          The Florida District Court's in rem jurisdiction over the Reserve Funds and all other

6   property of the Receivership estate is well grounded in federal statute and, as shown above, under

7   the law of federal equity receiverships in fraud cases brought by the government. And under

8   controlling precedent in the Ninth Circuit, it is not trumped or divested by this Court's

9   jurisdiction over property of the Debtor's estate under 28 U.S.C. § 1334(e).

10         Pursuant to 28 U.S.C. §§ 754 and 1692, the Florida District Court has exclusive in rem

11  jurisdiction over property of the receivership, in all districts where property of the receivership

12  estate may be located. In relevant part, § 754 provides that "[a] receiver appointed in any civil

13  action or proceeding involving property, real, personal or mixed, situated in different districts

14  shall, upon giving bond as required by the court, be vested with complete jurisdiction and control

15  of all such property with the right to take possession thereof." *See 12 Wright, Miller & Marcus,*

16  *Federal Practice & Procedure Civ.2d § 2985 (West 2005). See also, e.g., Warfield v. Arpe*, 2007

17  WL 549467 at *11 (N.D. Tex. 2007). Here, the Florida District Court, through its Omnibus

18  Order, properly exercised that jurisdiction before this bankruptcy case was ever filed, and

19  expressly held that the Reserve Funds, though held by Integretel, are property of the Receivership

20  estate. Thus, by definition, they are *not* part of Integretel's bankruptcy estate, and issuing an

21  injunction under § 105 premised on the faulty assumption that they are is unwarranted.

22         It is well established in the Ninth Circuit and other courts that the enforcement of a

23  district court's injunctive orders in a governmental law enforcement action like the FTC's

24  Enforcement Action, including its orders with respect to an ancillary receivership proceeding in

25  such an action, are excepted from the automatic stay, and do not infringe on a bankruptcy court's

26  jurisdiction. *CFTC v. Co Petro Marketing Group, Inc.,* 700 F.2d 1279, 1281-844 (9th Cir. 1983)

27

28                                          -4-

1  (in context of equity receivership in CFTC commodities fraud law enforcement case, district

2  court's jurisdiction to order turnover of funds alleged to be property of a bankruptcy estate was

3  not divested by bankruptcy court's jurisdiction, and was not subject to the automatic stay). *See*

4  *also SEC v. First Financial Group of Texas*, 645 F.2d 429, 439 (5th Cir. 1981) (defendant's

5  bankruptcy filing does not deprive district court of jurisdiction to appoint an equity receiver in an

6  SEC enforcement action); *FTC v. R.A. Walker & Assocs*, 37 B.R. 608, 610-613 (D.D.C. 1983)

7  (maintenance of asset freeze in FTC enforcement action, pending appointment of a receiver, was

8  appropriate notwithstanding defendant's bankruptcy filing); *SEC v. Wolfson*, 309 B.R. 612, 62-

9  623 (D. Utah 2004) (district court's appointment of equity receiver and enforcement of turnover

10  order not precluded by defendant's bankruptcy filing in SEC securities fraud case).

11      The *Gilchrist v. GE Capital Corp.* case cited by the Court and discussed at pp. 39-49 of

12  its Memorandum Decision, 262 F.3d 295 (4th Cir. 2001), is inapposite because: (i) it did not

13  involve an equity receivership in a governmental law enforcement action excepted from the

14  automatic stay, as this case does; (ii) the Debtor here is not the entity in receivership, as in

15  *Gilchrist* ; and (iii) the assets at issue in *Gilchrist* were indisputably the property of Gilchrist that

16  had, pre-bankruptcy, been placed into the control of a federal receiver at the request of GE

17  Capital. In any event, *Gilchrist* is not controlling authority here. *CoPetro* is. And other courts

18  addressing this jurisdictional issue in cases analogous to *Co Petro* and this case have reached the

19  same result.

20      Issuing a preliminary injunction as to the Contempt Proceeding would also exceed the

21  Court's discretionary authority under § 105 because the Florida District Court's orders preclude

22  Integretel from relitigating the issue of the ownership of the Reserve Funds.

23      "Issue preclusion, or collateral estoppel, refers to 'the preclusive effect of a judgment in

24  foreclosing relitigation of issues that have been actually and necessarily decided in earlier

25  litigation.'" *In re Reynoso*, 477 F.3d 1117, 1122 (9th Cir. 2007), *quoting Frank v. United*

26  *Airlines, Inc.,* 216 F.3d 845, 850 n. 4 (9th Cir. 2000). Issue preclusion bars relitigation of issues

27

28  -5-

1  adjudicated in an earlier proceeding if three requirements are met:  (1) the issue necessarily

2  decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the

3  first proceeding ended with a final judgment on the merits; and (3) the party against whom

4  [preclusion] is asserted was a party in the first proceeding. *Reynoso*, 477 F.3d at 1122.  The

5  Court made reference to the collateral estoppel issue in its Memorandum Decision, but has not

6  addressed it.  Here, all three requirements for collateral estoppel are easily met.  The issues and

7  parties are identical, and as Integretel itself admits in its appeal of the Florida District Court's

8  orders to the Eleventh Circuit, those orders are final judgments on the merits.  The Court should

9  not allow Integretel to relitigate these same issues in the guise of a § 105 injunction proceeding.

10

11                                                      **CONCLUSION**

12        Integretel has failed to satisfy the stringent standard for granting discretionary injunctive

13  relief pursuant to § 105 as to the Contempt Proceeding.  Accordingly, the Commission

14  respectfully requests that the Court deny Integretel's Motion for a Preliminary Injunction.

15

16

17  Dated: November 9, 2007                          Respectfully submitted,

18

19                                                   WILLIAM BLUMENTHAL
                                                     General Counsel

20

21                                                   /s/ Michael P. Mora

22                                                   MICHAEL P. MORA
                                                     Federal Trade Commission

23                                                   600 Pennsylvania Ave. NW, Room NJ-2121
                                                     Washington, DC  20580

24                                                   Telephone:  (202) 326-3373
                                                     Facsimile:  (202) 326-2558

25                                                   Email: mmora@ftc.gov

26                                                   ATTORNEY FOR FEDERAL TRADE
                                                     COMMISSION

27

28                                          -6-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-7-

**RER - 59**

1  HOWARD KOLLITZ (State Bar No. 059611)
   WALTER K. OETZELL (State Bar No. 109769)
2  STEVEN J. SCHWARTZ (State Bar No. 200586)
   DANNING, GILL, DIAMOND & KOLLITZ, LLP
3  2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904
4  Telephone: (310) 277-0077
   Facsimile: (310) 277-5735
5  Email:   woetzell@dgdk.com
            sschwartz@dgdk.com
6
   JEFFREY C. SCHNEIDER (pro hac vice)
7  TEW CARDENAS LLP
   Four Seasons Tower, Fifteenth Floor
8  1441 Brickell Avenue
   Miami, Florida 33131-3407
9  Telephone: (305) 539-2481
   Facsimile: (305) 536-1116
10 Email:   jcs@tewlaw.com

11 Attorneys for Creditor, David R. Chase, Federal Receiver of
   Access One Communications, Inc. and Network One
12 Services, Inc.

### UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re | ) Case No. 07-52890-ASW |
| | ) |
| THE BILLING RESOURCE, dba Integretel, a | ) [Chapter 11] |
| California corporation, | ) |
| | ) |
| Debtor. | ) Adv. No. 07-05156 |
| | ) |
| [Taxpayer's Identification No. 33-0289863] | ) |
| _____ | ) |
| | ) |
| THE BILLING RESOURCE, dba | ) **FEDERAL RECEIVER'S RESPONSE** |
| INTEGRETAL, a California corporation, | ) **TO ORDER TO SHOW CAUSE WHY** |
| | ) **PRELIMINARY INJUNCTION SHOULD** |
| Plaintiff, | ) **NOT BE ISSUED; MEMORANDUM OF** |
| vs. | ) **POINTS AND AUTHORITIES IN** |
| | ) **SUPPORT THEREOF** |
| FEDERAL TRADE COMMISSION, and | ) |
| DAVID R. CHASE, not individually, but solely | ) |
| in his capacity as receiver for Nationwide | ) Date:  November 16, 2007 |
| Connections, Inc., Access One Communications, | ) Time:  10:00 a.m. |
| Inc., Network One Services, Inc., etc., et al., | ) Place: Courtroom "3020" |
| | )        United States Bankruptcy Court |
| | )        280 South First Street |
| Defendants. | )        San Jose, California |
| | ) |

-1-

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3   I.      INTRODUCTION ...................................................................................... 2

4   II.     DEBTOR FAILED TO OBTAIN PERMISSION FROM THE DISTRICT
            COURT TO SUE THE FEDERAL RECEIVER...................................................5
5

6   III.    THE REQUESTED INJUNCTION WILL SERVE NO PURPOSE EXCEPT
            TO ESTABLISH A CONFLICT BETWEEN THE ORDERS OF THIS
7           COURT AND THE DISTRICT COURT............................................................ 8

8   IV.     THE DEBTOR HAS FAILED TO MAKE A SHOWING UPON WHICH
            INJUNCTIVE RELIEF CAN BE BASED.........................................................11
9

10  V.      THE DEBTOR FAILS TO SATISFY ANY OF THE BASIC EVIDENTIARY
            REQUIREMENTS NECESSARY TO OBTAIN A PRELIMINARY INJUNCTION......14
11
    VI      THE DISTRICT COURT HAS JURISDICTION OVER THE SUBJECT
12          FUNDS ...................................................................................................... 15

13  VII.    THE DISTRICT COURT'S JURISDICTION IS NOT SUBJECT TO
            COLLATERAL ATTACK............................................................................17
14
    VIII.   RE-LITIGATION OF THE PARTIES' DISPUTES OVER THE SUBJECT
15          FUNDS ARE BARRED BY RES JUDICATA...................................................21

16  IX.     THE DEBTOR MISCONSTRUES THE FEDERAL RECEIVER'S
            OWNERSHIP INTEREST AS A TRUST ........................................................ 24
17
    X.      EVEN IF CONSTRUED TO BE TRUST, THE RECEIVER'S CLAIM
18          WAS ESTABLISHED PRE-PETITION AND THE SUBJECT FUNDS
            ARE THEREFORE EXCLUDED FROM THE BANKRUPTCY ESTATE.....................25
19
    XI.     CONCLUSION........................................................................................26

20

21

22

23

24

25

26

27

28

-i-

1

## TABLE OF AUTHORITIES

2                                                                                   **Page(s)**

3  **Cases**

4  Allard v. Weitzman (In re DeLorean Morot Co., 991 F.2d 1236
   1240 (6th Cir. 1993) ............................................................................. 8
5

6  Barton v. Barbour, 104 U.S. 126, 127, 26 L.Ed 672 (1881) ............................ 8

   Carter v. Rogers, 220 F.3d 1249, 1252 (11th Cir. 2000) ................................ 8
7

8  Crown Vantage, Inc. v. Fort James Corporation, 421 F.3d 963 (9th Cir.2005) .............. 8

9  Gilchrist v. General Electric Capital Corporation, 262 F.3d 295 (4th Cir. 2001); ................ 5-8

   Gordon v. Nick, No. 96-1858, 162 F3d 1155 (4th Cir. Sep2, 1998)
10 (unpublished table decision) ................................................................ 8

11 Kashani v. Fulton, (In re Kashani), 190 B.R. 875, 885 (9th Cir. BAP 1995)

12 In re Linton, 136 F.3d 544, 546 7th Cir. 1998) ........................................... 8

13 Lebovits v. Scheffel (In re Lehal realty Assocs.) 101 f.3d 272 (2d Cir. 1996)

14 Springer v. Infinity Group Co., No. 98-5182, 189 F.3d 478
   (10th Cir. Aug.26, 1999)  (unpublished table decision), cert. denied,
15 529 U.S. 1020, 120 S.Ct. 1422, 146 L.Ed2d 314 (2000) ................................ 8

16 Vass v. Conron Bros. Co., 59 F.2d 969, 970 (2d Cir. 1932)

17  .

   **Statutes**
18
   28 U.S.C. § 1334(e). ........................................................................... 5
19

20  .

21

22

23

24

25

26

27

28

-ii-

3126

1    **TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES**

2    **BANKRUPTCY JUDGE:**

3        David R. Chase, the United States District Court-Appointed Receiver (the "Federal

4    Receiver") of Access One Communications, Inc. ("Access One"), and Network One Services, Inc.

5    ("Network One") (collectively, the "Receiverships"), hereby submits his Response to Order to

6    Show Cause Why Preliminary Injunction Should Not be Issued in Favor of The Billing Resource,

7    dba Integretel, a California corporation (the "Debtor" or "Integretel"), as follows:[1]

8

9    **I.**

10   **INTRODUCTION**

11       Debtor's Motion for a Preliminary Injunction is in aid of a two step process allowing or

12   facilitating Debtor's spending the Subject Funds, thus defying the clear Orders of the United States

13   District Court for the Southern District of Florida (the "District Court") and issues now on appeal in

14   the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit"). The first step

15   is to obtain a broad cash collateral order which includes the Subject Funds. The second related step

16   is to seek a release of the Subject Funds ($1,762,762.56) on December 14, 2007. To avoid the

17   likelihood of the District Court acting to enforce its Orders, the Debtor asks for this Court to grant a

18   preliminary injunction barring the agent of the District Court, the Federal Receiver, from

19   _____

20   [1] The Receiver incorporates herein by reference each of the papers the Receiver filed with this
     Court in the Adversary Proceeding or in the Bankruptcy Case, including the following: 1)

21   Memorandum of Points and Authorities in Opposition to the Emergency Motion For Temporary
     Restraining Order and Order to Show Cause Re: Preliminary Injunction and Declaratory Relief; 2)

22   [First] Opposition to the Motion for Preliminary Injunction; 3) the First and Second Requests for
     Judicial Notice in opposition to the Temporary Restraining Order and Preliminary Injunction; 4)

23   Opposition to the Motions of The Billing Resource, dba Integretal, a California corporation For
     Use of Cash Collateral and Granting Replacement Liens; For an Order Authorizing Use of Existing

24   Bank Accounts and Cash Management Systems and the Ex Parte Application For Order Approving
     Ken Dawson as Debtor's Designated Responsible Individual; Memorandum of Points and

25   Authorities; 5) Declaration of David R. Chase filed in support of the Opposition to Motion for Use
     of Cash Collateral; 6) Federal Receiver's Supplemental Opposition to Motion for Authority to Use

26   Cash Collateral With Memorandum of Points and Authorities; 7) Federal Receiver's Second
     Supplemental Opposition to Motion for Authority to Use Cash Collateral; Memorandum of Points

27   and Authorities; and 8) the First, Second, Third, Fourth and Fifth Requests for Judicial Notice of
     David R. Chase, Federal Receiver in Opposition to Motion for Authority to Use Cash Collateral.

28

-2-

1  performing his duty to enforce the District Court Orders.   If this scheme and its results are not

2  apparent, each should be clear from Debtor's new position that the issues concerning access to the

3  Subject Funds not be considered here.  Contrary to the position it took on October 15, 2007, the

4  Debtor states in its latest brief that "the Court has set a separate procedure and briefing schedule to

5  address the Debtor's access to that money.  There is thus no basis to deny a preliminary injunction

6  against the Receiver based on the Debtor's post-petition use of funds claimed by the Receiver."[2]

7         Of course, this Motion cannot be viewed in a vacuum.  Even this Court's November 2, 2007

8  Memorandum Decision addressed both the injunction issue and the release of the Subject Funds

9  simultaneously, notwithstanding there being no motion currently before this Court on the latter

10 issue.  And there are additional and new facts that render the requested injunction inappropriate in

11 addition to those reasons already before this Court, including an additional jurisdictional conflict

12 created by the Debtor by virtue of this Motion and the Debtor's pending Eleventh Circuit appeal.

13 The Eleventh Circuit is deciding in an appeal filed by the Debtor, its jurisdiction over the District

14 Court's determinations, notwithstanding this Court's belief, expressed in its November 2, 2007

15 Memorandum Decision, that it has exclusive jurisdiction over all issues concerning the Subject

16 Funds and notwithstanding any assertion or concern that the District Court Orders were not final.

17 On November 5, 2007, the Eleventh Circuit vacated its temporary stay and ruled that it has

18 jurisdiction over the Omnibus and Clarification Orders and specifically, will "CARRY WITH THE

19 CASE the question of whether [the Eleventh Circuit has] jurisdiction of order (3)" which is the

20 "September 14, 2007 order (a) finding that the reserve funds were property of the receivership

21 estate and (b) directing Appellant to identify and turn over the reserve funds to the receiver."[3]

22        In addition, as of this date, the Eleventh Circuit is the only court that has before it the

23 precise issue of whether the Subject Funds are Property of the Receivership Estate or the Debtor's

24

_____

25 [2] Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction at p. 4,
   lines 14-17.
26

27 [3] See Exhibit "12" to Federal Receiver's Third Request for Judicial Notice in Adversary Proceeding
   filed herewith.

28

-3-

1   Bankruptcy Estate, and the District Court is the only Court that has ruled on this subject. That
2   ruling, of course, was that the Subject Funds were <u>not</u> property of the Debtor. The Debtor
3   continues to pursue this appeal in the Eleventh Circuit, notwithstanding its argument, and this
4   Court's ruling, that the Bankruptcy Court has exclusive jurisdiction over the issues on that appeal.
5   This Court has acknowledged that it should give deference to the Eleventh Circuit over its review
6   of the Omnibus Order and Clarification Order. <u>See</u>, page 58 of the Memorandum Decision ("At
7   this point, this Court is not inclined to issue a stay that is duplicative of the stay of the Eleventh
8   Circuit"). However, the Debtor is asking that the Federal Receiver be enjoined <u>beyond</u> the
9   Eleventh Circuit determination, through plan confirmation, assuming this Bankruptcy Case ever
10  gets there. The effect of Debtor's requested relief for an injunction is to insulate itself in the event
11  of an adverse ruling in the Eleventh Circuit, rendering such a decision moot. This process of
12  pitting two courts against each other undermines the integrity of both courts and should not be
13  tolerated.

14      Absent this looming threat that the Debtor will spend the Receiver's money
15  ($1,762,762.56), the Receiver would agree to maintain the status quo pending a ruling by the
16  Eleventh Circuit over the issues it has agreed to take up on the Debtor's own appeal, including the
17  jurisdictional issue. However, as things currently stand, the Receiver is faced with a Motion for
18  Preliminary Injunction extending beyond the Eleventh Circuit ruling, and the threat of a Motion to
19  release (and spend) the Receiver's money. The only fair way to resolve this jurisdictional quagmire
20  is for this Court to defer to the Eleventh Circuit to rule on the Debtor's appeal, thus determining the
21  ownership issue once and for all, and to make sure that the Receiver's money still exists once the
22  Eleventh Circuit has ruled. Any other result would be inappropriate and would degrade the entire
23  judicial process. It would render the efforts of the Eleventh Circuit meaningless, facilitate that
24  result, and it would, in effect work to prevent the District Court, <u>on its own initiative,</u> from
25  enforcing its own Orders and preserving the integrity of its proceedings.

26
27
28

-4-

## II.

## THE GILCHRIST DECISION IS WHOLLY DISTINGUISHABLE FROM THE CASE
## AT BAR AND DOES NOTHING TO UNDERMINE THE APPLICABILITY
## OF THE BARTON DOCTRINE

It is expected that the Court will be urged to rely upon the Gilchrist v. General Electric Capital Corporation, 262 F.3d 295 (4th Cir. 2001) for the proposition that the filing herein vested the Bankruptcy Court with exclusive in rem jurisdiction over the subject funds and that such jurisdiction obviates the clear bar on this action imposed by the Barton doctrine. Initially, it should be observed although 28 U.S.C. § 1334(e) does confer such jurisdiction on the Bankruptcy Court (after reference) over property of the debtor or property of the bankruptcy estate, the Subject Funds are neither. Nor has this Court ruled on the issue of ownership. There is not even an adversary proceeding pending seeking such a determination. However, the District Court has made that determination. It ruled clearly and unambiguously that the Subject Funds are neither property of the Debtor nor property of the Bankruptcy Estate. That ruling is currently on appeal to the Eleventh Circuit and the Eleventh Circuit's exercise of jurisdiction here argues against the idea that this Court is vested with exclusive jurisdiction over the Subject Funds.

Gilchrist is not applicable to the issues before this Court, and it certainly does not provide sufficient authority to enjoin the appointed agent of a District Court from performing the duties required by that court or render appropriate any order that renders meaningless or facilitates the frustration of the Eleventh Circuit's consideration of these issues on appeal. Gilchrist is instructive for what it did not hold and the differences between it and the issues herein.

- Gilchrist did not hold that the filing of a bankruptcy suspends the Barton doctrine or renders it inapplicable, nor does such a result necessarily follow from its holdings.

- Gilchrist did not hold that the filing of a bankruptcy divests the District Court of the in rem jurisdiction that it had exercised prior to that filing.

- Gilchrist did not allow or even address a Bankruptcy Court's enjoining of a District Court receiver.

-5-

1    • Gilchrist did not hold that § 1334(e) granted a bankruptcy court exclusive

2        jurisdiction over property that a District Court has held was not property of the

3        debtor.

4
        Instead, in Gilchrist, after an action by a secured creditor, a receiver was appointed to take

5
    charge of and liquidate a debtor's assets. The District Court issued an injunction enjoining the

6
    commencement of prosecution of any action affecting the receivership estate. A group of creditors

7
    filed an involuntary petition, and the District Court sought to hold them in contempt for violation of

8
    the injunction.

9
        The Fourth Circuit, sitting in review of the District Court's enforcement of its injunction,

10
    found that the automatic stay in § 1334(e) operated to stay the proceedings of the District Court,

11
    and, more importantly, that the District Court had not provided an explanation of why the

12
    automatic stay was not applicable.

13
        Here, the facts and result are different. First, in Gilchrist, the Fourth Circuit was called

14
    upon to review the propriety of the District Court's injunction against the creditors that had filed the

15
    involuntary petition against the Debtor. It ruled on the record before it, and it found that the

16
    District Court certainly was within its power to protect its jurisdiction over receivership property

17
    under the All Writs Act, but that the automatic stay applied to the District Court proceedings and

18
    the District Court had not explained why the stay did not apply. Here, the District Court is entitled

19
    to its jurisdiction over receivership property, as acknowledged in Gilchrist, and the District Court

20
    has determined and explained why the automatic stay does not apply. This Bankruptcy Court does

21
    not stand in review of the District Court's Omnibus Order and Clarification Order. The Bankruptcy

22
    Court even acknowledges this repeatedly in its Memorandum Decision.[4]

23
        In Gilchrist, the subject property was clearly property of the estate. The receiver had been

24
    appointed to take control of the assets of the debtor, and that debtor was put in bankruptcy by the

25

26  [4] See Footnote 22: "This Court is not reviewing the Florida Court's decision in the Omnibus Order;
    that decision is on appeal to the Eleventh Circuit", and Footnote 24: "The Court considers this
27  matter in the context of the stay issues before it, and not in review of the Florida Court."

28

-6-

1  involuntary petition. The Fourth Circuit was concerned that although the receivership could
2  liquidate the debtor, the bankruptcy process was designed for that purpose and it was the more
3  appropriate process. Here, however, the opposite is true. There has been no determination, nor is
4  there even any pending proceeding to determine, that the Subject Funds were property of the estate.
5  To the contrary, the District Court has specifically determined that the Subject Funds are not the
6  property of the Debtor, and the Eleventh Circuit is reviewing this ruling. For this Court to rule that
7  the Barton Doctrine does not apply because the Bankruptcy Court has exclusive jurisdiction over
8  Subject Funds assumes that a determination has been made that the Subject Funds are in fact
9  property of the Bankruptcy Estate. In fact, the opposite determination was made by the District
10 Court and is on appeal in the Eleventh Circuit. By ignoring the Barton Doctrine, this Bankruptcy
11 Court is reversing the District Court's determination that the Subject Funds are property of the
12 Receivership Estate, notwithstanding the Bankruptcy Court's assertion that it does not stand "in
13 review of the Florida Court."

14      Moreover, the more critical factor in Gilchrist was that the District Court had provided no
15 explanation of why the automatic stay did not apply to the proceedings in front of it. Here, again,
16 the District Court has determined that those proceedings are not subject to the automatic stay.
17 Again, that determination is on review in the Eleventh Circuit.

18      Gilchrist did not present or resolve a conflict between courts as is present here. In Gilchrist,
19 the enjoined parties appealed to a reviewing court, and that court determined the propriety of the
20 District Court's enforcement of its injunction. Gilchrist did not allow or even consider a situation,
21 as here, where the Court is being asked to ignore and facilitate the Debtor's disobedience of a clear,
22 unambiguous District Court order by enjoining that District Court's agent from seeking to enforce
23 that District Court's order and then allowing the Debtor to spend the funds which the District Court
24 ordered be turned over.

25      Gilchrist did not allow or consider a situation where the Bankruptcy Court was being asked
26 to effectively moot or render meaningless the efforts and appellate jurisdiction of a Court of
27 Appeals by entering orders concerning the issues that the Court of Appeals is presently deciding,
28

-7-

1  and allowing, by those orders, the dissipation of the property at the center of those issues. Gilchrist

2  certainly does not in any way make such orders appropriate.

3      In Gilchrist, both the bankruptcy and the receivership estate were congruent. They

4  extended to all assets of the Debtor and its liquidation, and the secured creditor who obtained the

5  receiver in Gilchrist was basically in the same position regardless of whether the debtor was

6  liquidated by the receiver or by the bankruptcy process. Here, however, the receivership does not

7  extend to property of the estate and, should the Debtor succeed in its scheme and dissipate the

8  Subject Funds, the Receiver will be harmed, the orders of the District Court will have been

9  flaunted, and the Court of Appeals will spend valuable judicial resources only to find those

10  resources have been spent in vain if this Court allows the Debtor's scheme to dissipate the assets.[5]

11      Finally, Gilchrist simply has nothing to do with the Debtor's flagrant violation of the Barton

12  Doctrine. The fact remains that the Debtor has not obtained permission from the District Court to

13  bring this action or any action against the Federal Receiver, in violation of over 100 years of

14  Federal law that before a litigant brings an action against a receiver, it must obtain permission from

15  the court that appointed that receiver. See, Carter v. Rogers, 220 F.3d 1249, 1252 (11th Cir. 2000)

16  (citing Barton v. Barbour, 104 U.S. 126, 127, 26 L.Ed 672 *1881); Crown Vantage, Inc. v. Fort

17

18  James Corporation, 421 F.3d 963 (9th Cir.2005); Springer v. Infinity Group Co., No. 98-5182, 189

19  F.3d 478 (10th Cir. Aug.26, 1999) (unpublished table decision), cert. denied, 529 U.S. 1020, 120

20  S.Ct. 1422, 146 L.Ed2d 314 (2000); Gordon v. Nick, No. 96-1858, 162 F3d 1155 (4th Cir. Sep2,

21  1998 (unpublished table decision); In re Linton, 136 F.3d 544, 546 7th Cir. 1998); Lebovits v.

22

23  _____

24  [5] Debtor has argued in its Memorandum of Points and Authorities in support of the preliminary
    injunction that the issues of unblocking the account holding the Subject funds is a matter that
25  should be considered and adjudicated separately from the preliminary injunction. Of course, as this
    Court recalls, this was not its position on October 15th. Then it argued that the unblocking of the
26  account should not be part of the cash collateral motion, but instead, part of the first hearing in
    respect of the requested preliminary injunction. As this Court is aware, however, Debtor's scheme
27  to dissipate the subject funds is incremental in nature and the Cash Collateral Motion and this
    Preliminary Injunction Request are component parts of that scheme.

28

-8-

1   Scheffel (In re Lehal realty Assocs.) 101 f.3d 272 (2d Cir. 1996); Allard v. Weitzman (In re

2   DeLorean Morot Co., 991 F.2d 1236, 1240 (6th Cir. 1993); Vass v. Conron Bros. Co., 59 F.2d 969,

3   970 (2d Cir. 1932); Kashani v. Fulton, (In re Kashani), 190 B.R. 875, 885 (9th Cir. BAP 1995.  Nor

4   is the Debtor's bare assertion that the Barton Doctrine is confined to actions against the Receiver

5
    for dereliction of duty an accurate or even considered statement of the law.  The Supreme Court
6
7   announced the Barton Doctrine in 1881 in the context of action against a receiver based on

8   negligence, it applies to all acts taken by the receiver in his duties, and it is limited only by statute

9   excluding actions in respect of the receiver's operation of a business.  The rationale of Barton is

10  based on the effect of such an action on the receivership estate and this is exactly the effect here.

11
    The Debtor is terrified at the prospect of appearing before the District Court and is attempting to
12
13  cause this Court to improperly try to protect the Debtor from its contempt of court.

14                                              III.

15              THE FLORIDA COURTS' JURISDICTION IS NOT

16                  SUBJECT TO COLLATERAL ATTACK

17          As discussed above, the issues critical to the request herein have been taken up for review

18  by the Eleventh Circuit.  This Bankruptcy Court should afford both the District Court and the

19  Eleventh Circuit the ability to determine their jurisdiction over the Subject Funds, and not, in

20  effect, undermine it.  If the Eleventh Circuit affirms the District Court's Order that the Subject

21  Funds is property of the Receivership Estate and not property of the Debtor's Bankruptcy Estate as

22  well as the District Court's exercise of its in rem jurisdiction over the Subject Funds, such a

23  determination would not be subject to collateral attack by this Court.

24          In its Omnibus Order, the District Court ruled that it has exclusive in rem jurisdiction over

25  the Subject Funds.  In its Clarification Order, the District Court ruled that the automatic stay does

26  not bar enforcement of the Omnibus Order and the Debtor is still required to turnover the Subject

27  Funds and show cause why it should not be held in contempt.  Both orders have been appealed by

28  the Debtor to the Eleventh Circuit.  The Debtor is not challenging the Eleventh Circuit's exercise of

                                              -9-

1  jurisdiction to decide this property dispute and is, in fact, inviting the Eleventh Circuit to do so by

2  its appeal.

3       The Debtor after having been conditionally granted a stay of both the Omnibus and

4  Clarification Orders by the District Court which would have required them to turnover the

5  $1,762,762.56 to the Receiver, then sought an emergency stay from the Eleventh Circuit, only as to

6  the Clarification Order.[6] This change of course appears to have been designed by the Debtor to

7  avoid the appearance of forum shopping on the part of the Debtor, and to avoid a tacit admission

8  that the Omnibus Order is a final order and, therefore, subject to the doctrine of res judicata.[7] The

9  Debtor accomplishes neither of these goals. This purported "distinction" was apparently not

10  recognized by the Eleventh Circuit, which vacated the temporary stay, agreed to consider on appeal

11  both the Omnibus Order and the Clarification Order, and agreed to "CARRY WITH THE CASE

12  the question of whether [the Eleventh Circuit has] jurisdiction of order (3)" which is the

13  "September 14, 2007 order (a) finding that the reserve funds were property of the receivership

14  estate and (b) directing Appellant to identify and turn over the reserve funds to the receiver."[8]

15       In a classic case of "be careful what you wish for," the Eleventh Circuit has agreed to

16  determine the issue of jurisdiction over the $1,762,762.56. This Bankruptcy Court would be remiss

17  to determine that it has exclusive jurisdiction over the $1,762,762.56 before the Eleventh Circuit

18  has had the opportunity to "weigh in" on the subject.

19       A court's determination of its own jurisdiction is subject to the principles of res judicata; it

20  generally may not be challenged in a collateral proceeding. Insurance Corp. of Ireland v.

21  Compagnie des Bauxites de Guinee, 456 U.S. 694, 102 S.Ct. 2099, 2104 n. 9, 72 L.Ed.2d 492

22

23  [6] See, Exhibit "T" to the Federal Receiver's Fourth Request for Judicial Notice in Opposition to
24  Motion for Authority to Use Cash Collateral.

25  [7] See, Id. at p. 11 ("Finally, the issues before the two courts are entirely different. The issue here is
    the purely legal question whether the Omnibus Order and contempt proceedings are subject to the
26  automatic stay. In the bankruptcy court, on the other hand, the issue is whether the court should
    grant an injunction in the exercise of its discretion.")

27  [8] See Exhibit "12" to Third Request for Judicial Notice in Adversary Proceeding.

28

-10-

1 (1982); <u>Chicot County Drainage Dist. v. Baxter State Bank</u>, 308 U.S. 371, 60 S.Ct. 317, 319, 84

2 L.Ed. 329 (1940).   "A party that has had an opportunity to litigate the question of subject-matter

3 jurisdiction may not, however, reopen that question in a collateral attack upon an adverse

4 judgment." <u>Id.</u>  It has long been the rule that principles of res judicata apply to jurisdictional

5 determinations-both subject matter and personal. <u>Id; see also, Stoll v. Gottlieb</u>, 305 U.S. 165, 59

6 S.Ct. 134, 83 L.Ed. 104 (1938).

### IV.

### THE DEBTOR HAS AGAIN FAILED TO MAKE A SHOWING

### UPON WHICH INJUNCTIVE RELIEF CAN BE BASED.

10       The Debtor now comes before this Court yet again with no evidence, in general, and, in

11 particular, no evidence whatsoever demonstrating the Federal Receiver should be enjoined.[9]  The

12 Debtor essentially "rests" on its alleged prior showing, offering only unsupported assertions that it

13 continues to negotiate with potential purchasers with the Committee's involvement, that the

14 Committee has consented to the use of cash collateral for an additional two weeks, and that its

15 operations have been generally in line with its budget.

16       As discussed in the Federal Receiver's first Opposition to the Motion for Preliminary

17 Injunction, the Debtor has made no evidentiary showing and this Court denied the Debtor's request

18 for a TRO, and later, its request for a preliminary injunction.  The problems with the Debtor's prior

19 "showing" have already been pointed out by the Federal Receiver in his first Opposition, which is

20 incorporated herein by reference, and all of them need not be reiterated here.  Suffice it to say that

21 the Debtor's "litigation" budget is purely speculative and without evidentiary foundation, and is

22 now functionally obsolete, since for one thing, it should only include its disputes with the Receiver

23 now that the FTC Action has been enjoined through at least March, 2008.  The Debtor does not

24 _____

25 [9] In fact, footnote one to the Debtor's Memorandum of Points and Authorities In Support of Motion for Preliminary Injunction says that "the facts set forth herein are supported by the accompanying Declaration of Steven B. Sacks."  No such declaration was filed or served upon the Federal

26 Receiver before the briefing deadline imposed by this Court in connection with the Order to Show Cause.  Therefore, the Debtor's Memorandum is devoid of any evidence, and any such Declaration

27 to be filed should be stricken as untimely.

28

-11-

1   even attempt to differentiate between attorney's fees that will allegedly be necessitated in respect of

2   the FTC's Actions (which has been enjoined) and those that will be necessitated by proceedings

3   brought by or on behalf of the Federal Receiver.  These latter fees in respect of the expected

4   proceedings brought by the Federal Receiver are minimal.  The District Court has entered its

5   Orders.  All that is required is for the Debtor to comply or show cause.  The Debtor can avoid all

6   fees complying with the District Court Orders.  The Subject Funds will not be dissipated.

7   Moreover, the Debtor's budgets assume that the Debtor will spend $1,000,000 in legal fees and still

8   not obtain the Receiver's $1,762,762.56.  There is no line item for recovery of the $1,762,762.56.

9           In addition, and critically, the Debtor's budget assumes that these Subject Funds are the

10   property of the Bankruptcy Estate.  That assumption is in direct conflict with two standing Orders

11   of the District Court finding that the funds are not property of the Debtor and not property of the

12   Debtor's Bankruptcy Estate, but instead, property of the Federal Receiverships.  If this Court were

13   to enjoin the Federal Receiver, and allow the Debtor to spend the Subject Funds on December 15,

14   2007, it would be exercising control over property as to which the District Court has exclusive in

15   rem jurisdiction, and it would be effectively determining the interests in the Subject Funds without

16   a final order in an adversary proceeding in derogation of Rule 7001(2) of the  Federal Rules of

17   Bankruptcy Procedure.

18           Finally, Debtor's Exhibits, although lacking in any evidentiary value, are interesting for

19   what they do show.  In the Debtor's worst case scenario, it will not experience any operating

20   monthly shortfall until mid December, 2007.  The Cash Collateral proposal presently before this

21   Court extends only to November, 2007, and, apparently, even the unsecured creditors are still not

22   sufficiently convinced with Debtor's "budget" to agree to a permanent cash collateral order.

23   Finally, the budgets demonstrate that, Debtor never runs out of cash.  Its ending total cash balance

24   during the times where it claims it will have shortfalls never falls below $3,000,000.  The Debtor

25   still does not require the Subject Funds to operate its business, and the Debtor still has presented no

26   evidence on which the Federal Receiver may be enjoined.

27

28

-12-

## V.

### CONCLUSION

For the reasons stated above, the Receiver requests that the Debtor's Motion for a Preliminary Injunction be denied. This Court is also respectfully requested to Order the immediate turnover of the $1,762,762.56 to the Receiver to be held by the Receiver pending further Orders of the District Court and the Eleventh Circuit.

Dated: November 7, 2007

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
STEVEN J. SCHWARTZ
Attorneys for David R. Chase, Court-
Appointed Receiver of Access One
Communications, Inc., and Network One
Services, Inc.

-13-

# RER - 60

1 | HOWARD KOLLITZ (State Bar No. 059611)
WALTER K. OETZELL (State Bar No. 109769)
2 | STEVEN J. SCHWARTZ (State Bar No. 200586)
DANNING, GILL, DIAMOND & KOLLITZ, LLP
3 | 2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
4 | Telephone: (310) 277-0077
Facsimile: (310) 277-5735
5 | E-mail    sschwartz@dgdk.com
              woetzell@dgdk.com
6 |
JEFFREY C. SCHNEIDER (Pro Hac Vice)
7 | TEW CARDENAS LLP
Four Seasons Tower, Fifteenth Floor
8 | 1441 Brickell Avenue
Miami, Florida 33131-3407
9 | Telephone: (305) 539-2481
Facsimile: (305) 536-1116
10 |
Attorneys for David R. Chase, Federal Receiver of Access
11 | One Communications, Inc., and Network One Services, Inc.

12 | **UNITED STATES BANKRUPTCY COURT**

13 | **NORTHERN DISTRICT OF CALIFORNIA**

14 | **SAN JOSE DIVISION**

| | |
|---|---|
| 15  In re | ) Case No. 07-52890-ASW |
| | ) |
| 16  THE BILLING RESOURCE, dba Integretal, a California corporation, | ) Chapter 11 |
| 17 | ) **SEVENTH REQUEST FOR JUDICIAL** |
| | ) **NOTICE OF DAVID R. CHASE,** |
| 18  [Taxpayer's Identification No. 33-0289863] | ) **FEDERAL RECEIVER IN LIMITED** |
| | ) **OBJECTION TO CASH COLLATERAL** |
| 19 | ) **ORDER** |
| | ) |
| 20 | ) Date:    November 16, 2007 |
|          Debtor. | ) Time:   10:30 a.m. |
| 21 | ) Place:  United States Bankruptcy Court |
| | )          280 S. First Street |
| 22 | )          San Jose, CA |
| | )          Ctrm: 3020 |
| 23 | ) |
| | ) Judge: Hon. Arthur S. Weissbrodt |
| 24 | ) |
| 25 | ) |
| 26 | ) |
| 27 _____ | ) |

28 |

-1-

1  **TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY**

2  **JUDGE:**

3       Pursuant to Rule 201(d) of the Federal Rules of Evidence, David R. Chase, the duly

4  appointed, qualified and acting Receiver serving under the authority of the United States District

5  Court for the Southern District of Florida in pending case number 06-80180-CIV-RYSKAMP,

6  entitled <u>Federal Trade Commission vs. Nationwide Connections, Inc., Access One</u>

7  <u>Communications, Inc., Network One Connections, Inc., et al.</u> (the "District Court Action"), hereby

8  requests that this Court take judicial notice of the following:

9      1.    Order on Appeal from the United States District Court for the Southern District of

10  Florida filed in the United States Court of Appeals for the Eleventh Circuit Case No. 07-14531-E,

11  on November 5, 2007, attached hereto as **Exhibit "Y"**.

12

13  Dated: November 12, 2007           DANNING, GILL, DIAMOND & KOLLITZ, LLP

14

15

16                             By: _____

                                STEVEN J. SCHWARTZ

17                                  Attorneys for David R. Chase, Court-

                                Appointed Receiver of Access One

18                                  Communications, Inc., and Network One

                                Services, Inc.

19

20

21

22

23

24

25

26

27

28

11/05/2007 16:14 FAX 4043356162        CLERK-USCA-11th                      ☑002/004

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

NOV 0 5 2007

THOMAS K. KAHN
CLERK

No. 06-16635-EE

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

versus

THE BILLING RESOURCE,
d.b.a. Integretel

Defendant-Appellant.

No. 07-14531-EE

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

DAVID R. CHASE,

Receiver-Appellee,

versus

THE BILLING RESOURCE,
d.b.a. Integretel,

Defendant-Appellant.

On Appeal from the United States District Court for the
Southern District of Florida

# EXHIBIT Y

003

11/05/2007 16:14 FAX  4043356162          CLERK-USCA-11th                    ☑003/004

BEFORE: TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

BY THE COURT:

Appellant's November 22, 2006 appeal from the district court's entry of the September 26, 2006, amended preliminary injunction, docketed here as No. 06-16635, is ALLOWED TO PROCEED.

The appeal docketed here as No. 07-14531 is from the district court's (1) September 21, 2007 "Order Granting Motion for Clarification As to Scope of Stay"; (2) September 14, 2007 order denying (a) Appellant's Motion to Modify Prior Injunctive Orders, and (b) Appellant's Motion to Stay Contract Claims; (3) September 14, 2007 order (a) finding that the reserve funds were the property of the receivership estate and (b) directing Appellant to identify and turn over the reserve funds to the receiver; and (4) September 14, 2007 order directing Appellant to show cause why it should not be held in contempt.

We ALLOW THE APPEALS OF THESE ORDERS TO PROCEED as follows:

We have jurisdiction of order (1) under 28 U.S.C. § 1291. See In re Red Carpet Corp., 902 F.2d 883, 890 n.5 (11th Cir. 1990); In re F.D.R. Hickory House, 60 F.3d 724, 725 n.2 (11th Cir. 1995); Safety-Kleen v. Wyche, 274 F.3d 846, 864 & n.4 (4th Cir. 2001).

2

004

11/05/2007 16:14 FAX  4043356162        CLERK-USCA-11th                     ☑004/004

We have jurisdiction of order (2) under 28 U.S.C. § 1292(a)(1); 9 U.S.C. § 16(a)(1)(A).

We CARRY WITH THE CASE the question of whether we have jurisdiction of order (3).

We have jurisdiction of order (4) under the pendant appellate jurisdiction doctrine. See Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1310 n. 10 (11th Cir. 2006).

On October 17, 2007, this Court temporarily granted Appellant's motion for stay or injunction pending appeal pending further order. We hereby terminate the temporary stay in light of the below resolution of Appellant's motion.

Appellant's motion for stay or injunction pending resolution of these appeals, filed in No. 07-14531, is DENIED.

3

005

**RER - 61**

1   Howard Kollitz [State Bar No. 059611],
    Walter K. Oetzell [State Bar No. 109769] and
2   Steven J. Schwartz [State Bar No. 200586] of
    DANNING, GILL, DIAMOND & KOLLITZ, LLP
3   2029 Century Park East, Third Floor
    Los Angeles, California 90067-2904
4   Telephone:  (310) 277-0077
    Facsimile:  (310) 277-5735
5   Email:  woetzell@dgdk.com
    Email:  sschwartz@dgdk.com
6
    Jeffrey C. Schneider [Pro Hac Vice]
7   TEW CARDENAS LLP
    Four Seasons Tower, Fifteenth Floor
8   1441 Brickell Avenue
    Miami, Florida 33131-3407
9   Telephone:  (305) 539-2481
    Facsimile:  (305) 536-1116
10  Email:  jcs@tewlaw.com

11  Attorneys for Defendant, David R. Chase, as Receiver

12              UNITED STATES BANKRUPTCY COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                    SAN JOSE DIVISION

15  In re                              )  Bankruptcy Case No. 07-52890-ASW
                                       )
16  THE BILLING RESOURCE, dba          )            [Chapter 11]
    INTEGRETEL, a California corporation, )
17                                      )
    [Taxpayer Identification No. 33-0289863] )
18                                      )
                                        )
19                                      )  FEDERAL RECEIVER'S LIMITED
                                        )  OBJECTION TO CASH COLLATERAL
20                                      )  ORDER
                                        )
21                                      )  Date:  November 16, 2007
                        Debtor.         )  Time:  10:30 a.m.
22                                      )  Place: United States Bankruptcy Court
                                        )         280 South First Street
23                                      )         San Jose, California
                                        )  Judge: Hon. Arthur S. Weissbrodt
24                                      )  Ctrm:  3020
                                        )
25                                      )
                                        )
26  _____)

27          David R. Chase, the Federal Receiver (the "Federal Receiver") hereby submits his Limited

28  Objection to Entry of Cash Collateral Order and Use of Cash Collateral (the "Objection").

                                    -1-

1    As the Court is aware, the Debtor currently holds approximately $1.8 million in funds (the

2  "Subject Funds") that the United States District Court for the Southern District of Florida (the

3  "District Court") has determined to be property of the Federal Receiver, and which the same

4  District Court has specifically held are neither property of the estate nor property of the Debtor.

5  The District Court has further ordered, post petition and fully aware of the instant motion re cash

6  collateral, that the Subject Funds be turned over to the Federal Receiver or the Debtor appear

7  before it and show cause why it should not be held in contempt.

8    The Debtor appealed both District Court Orders to the Eleventh Circuit, and sought a stay,

9  which the Eleventh Circuit granted on a temporary basis. On November 5, 2007, the Eleventh

10  Circuit vacated its temporary stay and ruled that it has jurisdiction over the Clarification Order and

11  certain rulings with respect to the Omnibus Order and specifically, will "CARRY WITH THE

12  CASE the question of whether [the Eleventh Circuit has] jurisdiction of [that portion of the

13  Omnibus Order) (a) finding that the reserve funds were property of the receivership estate and (b)

14  directing Appellant to identify and turn over the reserve funds to the receiver."[1]

15    It is beyond question from the proceedings in this case, from pleadings filed by the Debtor,

16  and from Debtor's comments at the various cash collateral hearings that Debtor intends to use these

17  funds in its day-to-day operations, notwithstanding those two District Court Orders that are

18  currently on appeal to the Eleventh Circuit. The Debtor's budget specifically includes and

19  contemplates the use of those funds in December, 2007. Although the Subject Funds are currently

20  in a blocked account, the Debtor has requested, and this Court is considering, unblocking that

21  account. Pursuant to this Court's November 2, 2007 Memorandum Decision Re Order to Show

22  Cause Regarding Preliminary Injunction entered in Adversary Proceeding No. 07-5156 (the

23  "Adversary Proceeding"), a hearing will be held on December 7, 2007 for this Court to consider

24  unblocking the blocked account.

25

26

_____

27  [1] See Exhibit "Y" to Federal Receiver's Seventh Request for Judicial Notice filed herewith.

28

1    The Federal Receiver objects to any cash collateral order or any request to spend cash

2  collateral or any funds which does not include a specific exclusion, prohibition against, or "carve

3  out" precluding Debtor spending or dissipating the Subject Funds. First and foremost, the Subject

4  Funds do not constitute cash collateral or money that the Debtor may spend. Section 363 of the

5  Bankruptcy Code is clear that the Debtor can only use, sell or lease property of the estate. The

6  Subject Funds have not been determined to be property of the Bankruptcy Estate and there is no

7  pending adversary proceeding requesting such a determination. Although this Court has opined

8  that it believes that the Subject Funds are property of the bankruptcy estate, it did so in the context

9  of the Debtor's Motions for a Temporary Restraining Order and Preliminary Injunction in the

10  Adversary Proceeding and has not made a final determination on that issue.

11    However, The District Court has already held that these funds are not property of the estate

12  or the Debtor, and the only Court with the jurisdiction or power to review or modify the effect of

13  this determination is the Eleventh Circuit. Nor is either of these Orders, particularly the

14  Clarification Order, ambiguous or subject to interpretation. The District Court's Clarification Order

15  of September 21, 2007 could not be clearer. It specifically stated that, on September 14, 2007, the

16  District Court held that the Subject Funds were the property of the Receiver and were not property

17  of the Debtor or the Debtor's estate. It further ordered that the Debtor was to turn over the Subject

18  Funds under pain of contempt. The Clarification Order was heard, decided, and entered post

19  petition at a time when the District Court had full knowledge of the instant cash collateral motion.

20    Their terms and the compulsion under which they place can only be reviewed or their effect

21  modified by the Eleventh Circuit. Clearly, it would be inappropriate for this Court to take action

22  that would frustrate the clear tone and intent of these Orders and the issues on appeal to the

23  Eleventh Circuit. As discussed above, in its Omnibus Order, the District Court ruled that it has

24  exclusive in rem jurisdiction over the Subject Funds. In its Clarification Order, the District Court

25  ruled that the automatic stay does not bar enforcement of the Omnibus Order and the Debtor is still

26  required to turnover the Subject Funds and show cause why it should not be held in contempt.

27  Both orders have been appealed by the Debtor to the Eleventh Circuit.

28

-3-

1       Just as allowing the Subject Funds to be spent would be directly contrary to and facilitate

2  the violation of the District Court Orders, it would also render the efforts of the Eleventh Circuit

3  meaningless. The Eleventh Circuit, which already vacated the temporary stay, clearing the way for

4  the Federal Receiver to enforce the District Court Orders, agreed to consider on appeal both the

5  Omnibus Order and the Clarification Order, and agreed to "CARRY WITH THE CASE the

6  question of whether [the Eleventh Circuit has] jurisdiction of order (3)" which is the "September

7  14, 2007 order (a) finding that the reserve funds were property of the receivership estate and (b)

8  directing Appellant to identify and turn over the reserve funds to the receiver." Jurisdiction here

9  means whether the Orders were final. As of this date, the Eleventh Circuit is the only court that has

10  before it the precise issue of whether the Subject Funds are Property of the Receivership Estate or

11  the Debtor's Bankruptcy Estate, and the District Court is the only Court that has ruled on this

12  subject. Again that ruling was that the Subject Funds were not property of the Debtor. The

13  Eleventh Circuit appeal also deals with numerous issues determined by the District Court which the

14  Debtor is attempting to relitigate here, including whether the Subject Funds are property of the

15  Receivership Estate, whether the Federal Receiver is an unsecured creditor and whether tracing is

16  necessary. As this Court is aware, the District Court rejected the Debtor's position on all those

17  issues and others.

18       It is also contradictory and improper for the Debtor to seek an order authorizing the use of

19  the Subject Funds (on a final basis) prior to a determination in this Court whether the Subject

20  Funds should be removed from or remain in the blocked account. Such relief presumes that this

21  Court will rule in favor of unblocking the account, which is prejudicial to the position of the

22  Federal Receiver. It is highly prejudicial to the Federal Receiver that this Court would grant any

23  relief that affects the dissipation of the Subject Funds in direct contravention of the District Court

24  Orders which are currently on appeal.

25       In the Debtor's Motions for Temporary Restraining Order and Preliminary Injunction, the

26  standard being applied was "likelihood of success on the merits." Here, the issue is one of adequate

27  protection. The Debtor has not provided the Federal Receiver with adequate protection in the event

28  that the Debtor is unsuccessful in its Eleventh Circuit appeal and District Court's turnover Orders

-4-