24

1   the Receiver in the omnibus order.  The Court will issue an

2   Order to Show Cause as to why a preliminary injunction

3   should not issue.  First, counsel for the Debtor -- the

4   order is effective immediately, this temporary restraining

5   order, even though the Debtor is instructed to prepare a

6   form of order and have it reviewed by counsel for the FTC

7   and the Receiver, but now we need to talk about when we

8   should have our hearing on the preliminary injunction.

9        Since I've had a hearing, I can issue this

10  injunction, the temporary restraining order that is, for 20

11  days and I'd like to know when you want a hearing on the

12  preliminary injunction.  Now we're all going to be together

13  on November 16th at 10:30.  I don't know whether that's --

14  that's not much time.  So I'd like the suggestions of the

15  Debtor and then the other parties as to when this hearing

16  should take place.

17        MR. SACKS: Your Honor, Steven Sacks.  I would

18  suggest we do it on the 16th.  The following week is the

19  Thanksgiving week.

20        THE COURT: Well, that's fine with me except that

21  means that your papers have to go out very soon and I need

22  a response very soon.  Now how soon can your papers go out?

23  I can't have papers coming in the day before.

24        MR. SACKS: I understand, Your Honor.  I would

25  think we could have papers out by Thursday, the 8th.

25

1          THE COURT: It's too long.

2          MR. SACKS: Wednesday, the 7th?

3          THE COURT: The 7th is okay.  Do you want to

4    respond by the 9th, FTC and Receiver?  Either that or you

5    could agree to a temporary restraining order of a longer

6    duration, which is okay with me, but otherwise we're

7    looking at the 7th, the 9th, and the reply on the 13th,

8    because the 12th is a Federal Holiday.

9          MR. SACKS: Well, Your Honor, why don't we set

10   that schedule and if we can come up --

11         THE COURT: Oh no, I want to hear from the

12   Receiver and the FTC.  They haven't said a word.

13         MR. SACKS: I'm sorry, Your Honor.

14         MR. KOLLITZ: Your Honor, this is Howard Kollitz.

15   On behalf of the Federal Receiver, in any event, and the

16   lawyers for the Federal Trade Commission can speak to their

17   position, we would just as soon proceed as expeditiously as

18   possible, and we have to live with this briefing schedule

19   and a hearing on the 16th of November.

20         THE COURT: Very good.  That's what we'll do.

21         MR. MORA: Your Honor, Michael Mora for the FTC.

22   Agreed.

23         THE COURT: Okay.  That's what we'll do then.

24         MR. KOLLITZ: And that would be, Your Honor, at

25   10:00 o'clock in the morning?

26

1          THE COURT: It's 10:30.

2          MR. KOLLITZ: 10:30.

3          THE COURT: Well, let's make it at 10:00 o'clock.

4    Let's make it at 10:00 o'clock.  We had the hearing at

5    10:30, but let's move it to 10:00 o'clock.

6          MR. KOLLITZ: And obviously papers are served

7    electronically so we'll have them the day of the deadline.

8          THE COURT: Yes.

9          MR. KOLLITZ: Or earlier.

10         THE COURT: I can't hear you.  You have to get

11   that closer to me, Tanya.

12         Yeah, don't forget to file your courtesy copies

13   with the court so my deputy will have them for

14   distribution.  They have to be -- you can Fed Ex them in,

15   do whatever you have to do.  All right.  So we're talking

16   about the Debtor's papers by the 7th, the FTC and the

17   Receiver's papers -- is the FTC going to file anything or

18   is it just the Receiver?

19         MR. MORA: We'll be filing something, Your Honor.

20         THE COURT: All right.  By the 9th, and the reply

21   by the 13th.

22         MS. DIEMER: Your Honor, this is Kathryn Diemer

23   speaking.

24         THE COURT: Yes.

25         MS. DIEMER: If other parties such as myself on

27

1  behalf of POL secured creditor --

2          THE COURT: You should go in -- assuming you're on

3  the Debtor's side, you should go in on the 7th.

4          MS. DIEMER: Your Honor, I was thinking that we

5  probably wouldn't have something, that it depended if there

6  were something that were raised by the FTC that we felt

7  needed addressing from our point of view.

8          THE COURT: Then you can do it on the 13th, but

9  only if it's something that comes up on the 9th that you

10  didn't anticipate.  Otherwise, you should come in on the

11  7th.

12          MS. DIEMER: Very good.

13          MR. MORA: Your Honor, Michael Mora for the FTC.

14  Then by the same token, if she raises something in a reply

15  brief, we will not have a chance to --

16          THE COURT: You're going to have to respond to it

17  orally.

18          MR. SACKS: Your Honor, Steven Sacks for the

19  Debtor.  May we make all of those do at midnight on each of

20  the dates?

21          THE COURT: If you want it at midnight.  I mean

22  for all I care, they could come in at 2:00 in the morning.

23  It doesn't make any difference.  I'm not going to be here

24  at midnight hoping to receive them.  If you want to make it

25  at midnight, Mr. Sacks, it's fine with me.  If you want to

28

1   make it at 2:00 a.m., it's fine with me.

2           MR. SACKS: Well, I think midnight on each of

3   those days would be perfect.

4           THE COURT: Midnight is perfect.

5           MR. KOLLITZ: Well, I really disagree.  I think

6   that, you know, the Debtor has the whole weekend to frame

7   up the reply, several days, and we're essentially being

8   given -- that is the --

9           THE COURT: Well, who cares whether it's midnight

10  or 2:00 a.m.?

11          MR. KOLLITZ: Well, if it's close of business by

12  5:00 o'clock Pacific Standard Time on the 7th, if that's

13  when their papers are due, we have the ability to work that

14  evening of the 7th.  If they serve us at midnight or 1:00

15  o'clock --

16          THE COURT: If they come in at 5:30 or so on the

17  7th or 5:00, you're not going to get them until 8:00 p.m.

18          MR. KOLLITZ:  Well, if they're electronically

19  filed and served, Your Honor, wouldn't we receive them at

20  that time?

21          THE COURT: Yeah, at 8:00 p.m.

22          MR. KOLLITZ: All right.  That's better than

23  midnight.

24          MR. SACKS: I'm not sure if Your Honor is just

25  referring to the East Coast/West Coast time difference?

29

 1          THE COURT: I was.  Because he wants your

 2    papers -- are you really going to be standing by to receive

 3    these papers at 8:00 o'clock at night?

 4          MR. KOLLITZ: Well, I can't represent to the Court

 5    that I'll be standing by, but somebody will be standing by.

 6          MR. SCHNEIDER: Your Honor, this is Jeff

 7    Schneider.  I'm in Miami, but Mr. Kollitz is in California.

 8          THE COURT: Oh, I see what you're saying.

 9          MR. KOLLITZ: We're local counsel, Your Honor.

10    We're on the same time zone.

11          THE COURT: Yeah, they only have a day and a half.

12    I'm going to give them til midnight on the 7th.  Everybody

13    has til midnight.  Unless -- let me just think.  They

14    really only have a day and a half, well, two days.  All

15    right.  All right.  I change my mind.  Mr. Sacks, get it

16    out by 6:00 p.m. on November 7th and 6:00 p.m. on November

17    9.  This is all California time.  6:00 p.m. on November 7;

18    6:00 p.m. on November 9; and 6:00 p.m. on November 13, all

19    California time.  But that means the FTC is going to have

20    to have -- the Receiver is going to have to have its papers

21    done by 3:00 p.m. on the 9th, if that's what you want.

22          MR. SACKS: 3:00 p.m., Eastern time, I understand.

23          THE COURT: 3:00 p.m., California time.  You

24    understand that, counsel for the Receiver?

25          MR. KOLLITZ: No, Your Honor, why would it be 3:00

30

1  p.m. California time?

2          THE COURT: Oh, that's right.  It's 6:00 p.m.,

3  California time.  It'll be 9:00 p.m. --

4          MR. KOLLITZ: Why wouldn't it just be close of

5  business on the 9th?

6          THE COURT: It would be.  I'm saying what close of

7  business is.  I'm making the 7th 6:00 p.m., the 9th 6:00

8  p.m., and the 13th 6:00 p.m., all California time.

9          MR. KOLLITZ: Thank you, Your Honor.

10          Your Honor, this is Howard Kollitz.  I had one

11  other question for the Court and that is that the Receiver

12  is obliged to keep the District Court that appointed him

13  apprised of developments, and I'm assuming that the Court

14  is not, by granting this temporary restraining order and

15  issuing an Order to Show Cause, in any way indicating that

16  the Receiver doesn't have the right to file a status

17  report.

18          THE COURT: The Receiver should not file anything

19  in the District Court by itself.  The Receiver should get

20  together with the Debtor and file a status report -- a

21  joint status report.  That way there's no chance of ex

22  parte contact, no chance of arguing the position; it's just

23  a status report.

24          MR. KOLLITZ: All right, Your Honor.  I raised the

25  question just because I want to make sure that we don't

31

1  have a situation where someone is accusing the Receiver of

2  violating this Court's order.

3        THE COURT: I agree, and I think it was a good

4  question.  It should be a joint status report to the

5  District Court.  Thank you.  Any other further questions?

6  When am I going to get your TRO order, Mr. Sacks?

7        MR. SACKS: We will circulate something at the

8  latest by tomorrow morning, and we'll get it to you as soon

9  as possible thereafter.

10        THE COURT: All right, because I still don't have

11  the --

12        MR. MORA: Your Honor, may I interject?  We're

13  also waiting to receive from Mr. Sacks the order with

14  respect to the Court's preliminary injunction decision.

15        THE COURT: Absolutely.  What's the holdup on

16  that, Mr. Sacks?  All you have to do is say, for the

17  reasons stated by the Court in its memorandum of decision,

18  and then give the result.  You don't have to summarize it.

19        MR. SACKS: Yes, Your Honor.  We circulated a

20  draft of that on Sunday.  We received extensive comments

21  from the FTC.  I was in the process of preparing a revised

22  form of order when the Eleventh Circuit ruled, and we've

23  been taken up with that basically since that time.  But I

24  should be able to get out a revised form of order tonight

25  to everyone.

32

1       THE COURT: Very good.  These orders should not

2   attempt to do anything other than saying, for example, that

3   the Court issued its findings of fact and conclusions of

4   law orally on the record, and in this one, the one that I

5   issued today, the temporary restraining order, that the

6   Court incorporated fully its findings of fact and

7   conclusions of law from the previous memorandum of

8   decision.

9       MR. SACKS: All right.  Your Honor, we basically

10  in the first order tried to quote the Court's conclusion as

11  much as possible with the modifications that were made,

12  based on what happened at the hearing on Friday.

13      THE COURT: All right.  Thank you very much.  The

14  Court proposes to adjourn.

15      ALL COUNSEL: Thank you, Your Honor.

16      THE COURT: Thank you very much.  The court is

17  adjourned.

18      (Whereupon, the proceedings are concluded at 5:10

19  p.m.)

20

21

22

23

24

25

33

1

2

3

4

5

6                            CERTIFICATE OF TRANSCRIBER

7

8          I certify that the foregoing is a correct

9   transcript from the digital sound recording of the

10  proceedings in the above-entitled matter.

11

12  DATED: November 14, 2007

13

14                          By: ___/s/ Jo McCall_____

15

16

17

18

19

20

21

22

23

24

25

**RER - 66**

ORIGINAL

1  HOWARD KOLLITZ (State Bar No. 059611)
   WALTER K. OETZELL (State Bar No. 109769)
2  STEVEN J. SCHWARTZ (State Bar No. 200586)
   DANNING, GILL, DIAMOND & KOLLITZ, LLP
3  2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904
4  Telephone:  (310) 277-0077
   Facsimile:  (310) 277-5735
5  Email:    woetzell@dgdk.com
             sschwartz@dgdk.com
6
   JEFFREY C. SCHNEIDER (pro hac vice)
7  TEW CARDENAS LLP
   Four Seasons Tower, Fifteenth Floor
8  1441 Brickell Avenue
   Miami, Florida 33131-3407
9  Telephone:  (305) 539-2481
   Facsimile:  (305) 536-1116
10 Email:    jcs@tewlaw.com

11  Attorneys for Creditor, David R. Chase, Federal Receiver of
    Access One Communications, Inc. and Network One
12  Services, Inc.

## UNITED STATES BANKRUPTCY COURT

13

## NORTHERN DISTRICT OF CALIFORNIA

14

### SAN JOSE DIVISION

15

| | |
|---|---|
| 16  In re | ) Case No. 07-52890-ASW |
|  | ) |
| 17  THE BILLING RESOURCE, dba Integretel, a | ) [Chapter 11] |
|  California corporation, | ) |
| 18 | ) |
|  Debtor. | ) Adv. No. 07-05156 |
| 19 | ) |
| 20  [Taxpayer's Identification No. 33-0289863] | ) |

---

21  THE BILLING RESOURCE, dba
    INTEGRETAL, a California corporation,    ) **NOTICE OF ERRATA RE:  FEDERAL**
22                                           ) **RECEIVER'S RESPONSE TO ORDER**
             Plaintiff,                      ) **TO SHOW CAUSE WHY**
23        vs.                                ) **PRELIMINARY INJUNCTION SHOULD**
                                             ) **NOT BE ISSUED; MEMORANDUM OF**
24  FEDERAL TRADE COMMISSION, and            ) **POINTS AND AUTHORITIES IN**
    DAVID R. CHASE, not individually, but solely ) **SUPPORT THEREOF**
25  in his capacity as receiver for Nationwide )
    Connections, Inc., Access One Communications, ) Date:    November 16, 2007
26  Inc., Network One Services, Inc., etc., et al., ) Time:    10:00 a.m.
                                             ) Place:   Courtroom "3020"
27                                           )          United States Bankruptcy Court
             Defendants.                     )          280 South First Street
28                                           )          San Jose, California

-1-

1  PLEASE TAKE NOTICE, that the Federal Receiver's Response To Order To Show Cause Why

2  Preliminary Injunction Should Not Be Issued; Memorandum of Points And Authorities In Support

3  Thereof filed on November 9, 2007 contained an incorrect Table of Contents and Table of

4  Authorities.  Attached hereto as Exhibits "1" and "2" are the correct Table of Contents of Table of

5  Authorities, respectively.

6

7  Dated:  November 14, 2007                    DANNING, GILL, DIAMOND & KOLLITZ, LLP

8

9

10                                         By:  _____
                                               STEVEN J. SCHWARTZ
11                                             Attorneys for David R. Chase, Court-
                                               Appointed Receiver of Access One
12                                             Communications, Inc., and Network One
                                               Services, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        -2-

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................................2

II.   THE GILCHRIST DECISION IS WHOLLY DISTINGUISHABLE FROM
      THE CASE AT BAR AND DOES NOTHING TO UNDERMINE THE
      APPLICABILITY OF THE BARTON DOCTRINE ...........................................5

III.  THE FLORIDA COURTS' JURISDICTION IS NOT SUBJECT TO
      COLLATERAL ATTACK................................................................................9

IV.   THE DEBTOR HAS AGAIN FAILED TO MAKE A SHOWING UPON
      WHICH INJUNCTIVE RELIEF CAN BE BASED. ........................................11

V.    CONCLUSION.............................................................................................13

-i-    EXHIBIT ___I___

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Allard v. Weitzman (In re DeLorean Motor Co.),
991 F.2d 1236 (6th Cir. 1993) ................................................................................. 8

Barton v. Barbour,
104 U.S. 126, 26 L.Ed 672 *1881 ............................................................................. 8

Carter v. Rogers,
220 F.3d 1249, 1252 (11th Cir. 2000) ...................................................................... 8

Chicot County Drainage Dist. v. Baxter State Bank,
308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940)................................................... 10

Crown Vantage, Inc. v. Fort James Corporation,
421 F.3d 963 (9th Cir.2005) ...................................................................................... 8

Gilchrist v. General Electric Capital Corporation,
262 F.3d 295 (4th Cir. 2001) ............................................................................ 5, 6, 7, 8

Gordon v. Nick,
162 F.3d 1155 (4th Cir. 1998) .................................................................................. 8

In re Linton,
136 F.3d 544 (7th Cir. 1998) .................................................................................... 8

Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,
456 U.S. 694, 102 S.Ct. 2099, n. 9, 72 L.Ed.2d 492 (1982)................................... 10

Kashani v. Fulton (In re Kashani),
190 B.R. 875 (9th Cir.BAP 1995) ............................................................................ 9

Lebovits v. Scheffel (In re Lehal Realty Assocs.),
101 F.3d 272 (2d Cir. 1996) ...................................................................................... 8

Springer v. Infinity Group Co.,
189 F.3d 478 (10th Cir. 1999) (unpublished table decision), cert. denied, 529
U.S. 1020, 120 S.Ct. 1422, 146 L.Ed.2d 314 (2000);........................................... 8

Stoll v. Gottlieb,
305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938)................................................... 11

Vass v. Conron Bros. Co.,
59 F.2d 969 (2d Cir. 1932) ........................................................................................ 9

EXHIBIT ⸰2⸰

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

**Statutes**

28 United States Code

     Section 1334(e) ................................................................................................. 5, 6

**Rules**

Federal Rules of Bankruptcy Procedure

     Rule 7001(2). ...................................................................................................... 12

-iii-

EXHIBIT  2

## File a Notice:

07-05156 The Billing Resource v. Chase et al

Type: ap                         Office: 5 (San Jose)           Lead Case: 07-52890
Judge: ASW                       Case Flag: APPEAL

### U.S. Bankruptcy Court

### Northern District of California

Notice of Electronic Filing

The following transaction was received from Schwartz, Steven J. entered on 11/14/2007 at 4:01 PM PST
and filed on 11/14/2007

**Case Name:**       The Billing Resource v. Chase et al
**Case Number:**     07-05156
**Document Number:** 61

**Docket Text:**
Notice Regarding *Notice of Errata Re: Federal Receiver's Response To Order To Show Cause Why
Preliminary Injunction Should Not Be Issued; Memorandum Of Points And Authorities In Support
Thereof* (RE: related document(s)[56] Response, filed by Defendant David R Chase). Filed by
Defendant David R Chase. (Schwartz, Steven)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\ves\Desktop\INTEGRETEL Notice of Errata re Federal
Receiver's Response.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=11/14/2007] [FileNumber=6996239-
0] [830e7b5d2211bc7bb09cad9b916d759ee5915a8ed8bf24ead40082e67d456032f3
2c99dc3f5ae1a8fd014a08ec99daa18460a9a7f552c6411d38d78233ff8084]]

## 07-05156 Notice will be electronically mailed to:

Michael H. Ahrens    mahrens@sheppardmullin.com

Ori Katz    okatz@sheppardmullin.com, dwhitehead@sheppardmullin.com

Julie A. Mack    jmack@ftc.gov, dabueid@ftc.gov

Jeffrey K. Rehfeld    jrehfeld@sheppardmullin.com, ewalters@sheppardmullin.com

Steven B. Sacks    ssacks@sheppardmullin.com, ewalters@smrh.com

Steven J. Schwartz      sschwartz@dgdk.com

**07-05156 Notice will not be electronically mailed to:**

**RER - 67**

**Entered on Docket**
**November 20, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1   SHEPPARD, MULLIN, RICHTER &
    HAMPTON LLP
2       A Limited Liability Partnership
        Including Professional Corporations
3   MICHAEL H. AHRENS,
    Cal. Bar No. 44766
4   JEFFREY K. REHFELD,
    Cal. Bar No. 188128
5   ORI KATZ,
    Cal. Bar No. 209561
6   Four Embarcadero Center, 17th Floor
    San Francisco, CA 94111
7   Telephone:    415-434-9100
    Facsimile:    415-434-3947
8

The following constitutes the
Order of the Court. Signed ___11 | 16___ 200_7_

_[signature]_

HON. ARTHUR S. WEISSBRODT
United States Bankruptcy Judge

9   Attorneys for Debtor and Debtor-in-
    Possession
10  The Billing Resource, dba Integretel

11              UNITED STATES BANKRUPTCY COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE DIVISION

14

15  In re:                              )   Case No. 07-52890 ASW
                                        )
16  THE BILLING RESOURCE, dba          )   Chapter 11
    INTEGRETEL, a California corporation )
17                                      )
            Debtor.                      )   **FURTHER ORDER APPROVING**
18                                      )   **INTERIM USE OF CASH COLLATERAL**
                                        )   **AND GRANTING REPLACEMENT**
19                                      )   **LIENS AND APPROVING FIRST**
                                        )   **AMENDED STIPULATION WITH**
20                                      )   **PAYMENTONE CORPORATION**
                                        )   **REGARDING USE OF CASH**
21                                      )   **COLLATERAL AND ADEQUATE**
                                        )   **PROTECTION ON A FURTHER**
22                                      )   **INTERIM BASIS THROUGH AND**
                                        )   **INCLUDING NOVEMBER 30, 2007**
23                                      )
                                        )   Date:      November 16, 2007
24                                      )   Time:      10:30 a.m.
                                        )   Place:     United States Bankruptcy Court
25                                      )              280 South First Street
                                        )              San Jose, California
26                                      )   Judge:     Hon. Arthur S. Weissbrodt
                                        )   Courtroom: 3020
27                                      )

28

W02-WEST:5SS1\400527950.1

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Page 1 of 18

Case: 07-52890    Doc #: 275    Filed: 11/16/2007

RER-67        3274

The Billing Resource, dba Integretel, a California corporation (the "Debtor") filed its "Emergency Motion For Use Of Cash Collateral And Granting Replacement Liens" (the "Motion") in the above-referenced bankruptcy case (the "Bankruptcy Case"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion. A continued interim hearing (the "September 26 Interim Hearing") with respect to the Motion was previously held on September 26, 2007 before the undersigned United States Bankruptcy Judge at the above-noted place. At the September 26 Interim Hearing, counsel for the Debtor presented to the Court a "First Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash Collateral And Adequate Protection" (the "First Amended PaymentOne Stipulation"), a blacklined version of which the Debtor had previously presented to the Court at an initial hearing held on September 21, 2007, and requested that the Court approve the First Amended PaymentOne Stipulation on an interim basis at the September 26 Interim Hearing.

Pursuant to the Motion, as revised in light of the First Amended PaymentOne Stipulation, the pleadings filed by the Debtor in support of the Motion prior to the September 26 Interim Hearing and the statements made at the September 26 Interim Hearing, and Bankruptcy Code Sections 105, 361, and 363, the Court at the September 26 Interim Hearing entered its "Order Approving Interim Use Of Cash Collateral And Granting Replacement Liens And Approving First Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash Collateral And Adequate Protection On An Interim Basis" (the "September 26 Interim Order"). In connection with the September 26 Interim Hearing, the Court also orally approved certain stipulations regarding the Debtor's interim use of cash collateral between the Debtor and the following entities: (a) POL, Inc.; (b) Public Communication Services, Inc.; and (c) David R. Chase, as Receiver for certain entities (the "Receiver").

A further continued interim hearing (the "October 15 Interim Hearing") with respect to the Motion was previously held on October 15, 2007 before the undersigned United States Bankruptcy Judge at the above-noted place. Prior to the hearing, the Debtor and the Official Committee of Unsecured Creditors (the "Committee") filed a stipulation (the "Committee

W02-WEST:5SS1\400527950.1

-1-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1  Support Stipulation") stipulating to the to the Debtor's use of cash collateral on a further interim

2  basis through and including November 2, 2007.  Pursuant to the Motion, as revised in light of the

3  First Amended PaymentOne Stipulation, the pleadings filed by the Debtor in support of the

4  Motion prior to the October 15 Interim Hearing and the statements made at the October 15 Interim

5  Hearing, and Bankruptcy Code Sections 105, 361, and 363, the Court on October 16 Interim

6  Hearing signed its "Further Order Approving Interim Use Of Cash Collateral And Granting

7  Replacement Liens And Approving First Amended Stipulation With PaymentOne Corporation

8  Regarding Use Of Cash Collateral And Adequate Protection On An Interim Basis Through And

9  Including November 2, 2007" (the "October 15 Interim Order").

10          A further interim hearing (the "November 2 Interim Hearing") with respect to the

11  Motion seeking further interim approval of the Debtor's use of cash collateral through and

12  including November 16, 2007, including further interim approval of the First Amended

13  PaymentOne Stipulation duly came on for hearing before the undersigned United States

14  Bankruptcy Judge at the above-noted place and time set forth on the caption page of this Order.

15  Appearances were as noted in the record at the November 2 Interim Hearing.

16

17          Prior to the November 2 Interim Hearing, the Debtor and the Committee filed a

18  stipulation (the "Further Committee Support Stipulation") further stipulating to the to the Debtor's

19  use of cash collateral in accordance with the "Budget" (as such term is defined in the following

20  paragraph) on a further interim basis through and including November 16, 2007.

21          A further interim hearing (the "November 16 Interim Hearing") with respect to the

22  Motion seeking further interim approval of the Debtor's use of cash collateral through and

23  including November 30, 2007, including further interim approval of the First Amended

24  PaymentOne Stipulation duly came on for hearing before the undersigned United States

25  Bankruptcy Judge at the above-noted place and time set forth on the caption page of this Order.

26  Appearances were as noted in the record at the November 16 Interim Hearing.

27          Prior to the November 16 Interim Hearing, the Debtor and the Committee filed a

28  stipulation (the "Further Committee Support Stipulation") further stipulating to the Debtor's use of

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1  cash collateral in accordance with the "Budget" (as such term is defined in the following

2  paragraph) on a further interim basis through and including November 30, 2007.

3          Pursuant to the Motion, as further revised by the pleadings filed by the Debtor in

4  support of the Motion prior to the September 26 Interim Hearing, the October 15 Interim Hearing,

5  the November 2 Interim Hearing and the November 16 Interim Hearing, including without

6  limitation the Notice of the November 16 Interim Hearing, the Notice of Signing of Order

7  regarding the October 15 Interim Order, the Declaration of Paul Weber dated October 11, 2007 in

8  support of the Debtor's October 15 Interim Hearing on Cash Collateral (the "October 11 Weber

9  Declaration") including the revised budget attached as <u>Exhibit B</u> to the October 11 Weber

10  Declaration (the "Budget"), the Notice of Signing of Order regarding the November 2 Interim

11  Order, the Debtor's reply to the oppositions to the Motion and in support of the Motion, the

12  statements made at the November 16 Interim Hearing, and Bankruptcy Code Sections 105, 361,

13  and 363, the Debtor seeks an order from the Court: (1) authorizing the Debtor to use certain assets

14  of the Debtor which constitute "cash collateral" as defined in Bankruptcy Code section 363(a)

15  (such assets of the Debtor shall be referred to herein as the "Cash Collateral") on a an interim basis

16  through and including November 30, 2007, or as soon thereafter as the Court and counsel are

17  available for a further hearing on the Motion; (2) granting approval of the First Amended

18  PaymentOne Stipulation and the terms and conditions set forth therein as revised in this Order on

19  an interim basis through and including November 30, 2007, or as soon thereafter as the Court and

20  counsel are available for a further hearing on the Motion; and (3) granting PaymentOne

21  Corporation ("PaymentOne"), POL, Inc. ("POL")[1], Network Telephone Services, Inc. ("Network

22   

23  _____

24  [1] The following entities are collectively referred to in this Order as "POL": Access Programs, Inc.;

25  Action Date Connections, Inc.; Benchmark Communications, Inc.; Blazen Communications, Inc.;
    Call Transfer Services, Inc.; Cassiopeia Group, Inc.; Clear Command Telecommunications, Inc.;

26  Country Club Network Services, Inc.; Date Finders Singles, Inc.; Enhanced Phone Services, Inc.;
    Inovate Telecommunications, Inc.; Invesco Telecommunications, Inc.; Listen Com. Inc.; LJ

27  Internet, Inc.; Love Dating Network, Inc.;Lunar Tel, Inc.; Messenger Com, Inc.; Omnipresent

28  Digital, Inc.; Palisade Telcom, Inc.; POL, Inc.; Psychic, Inc.; Rebound Communications, Inc.;
    Singles Date Match, Inc.; Special Comtel, Ltd.; Spring Telecom, Inc.; Vesstone

W02-WEST:5SS1\400527950.1      -3-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

RER-67    3277

1    Telephone"), Personal Voice, Inc. ("Personal Voice") and Public Communication Services, Inc.

2    ("Public Communication") (collectively, the "Alleged Cash Collateral Secured Creditors"), as

3    adequate protection for the use by the Debtor of Cash Collateral in which the Alleged Cash

4    Collateral Secured Creditors have an alleged interest, a replacement lien upon certain of the

5    Debtor's personal property as set forth in this Order (and in the case of PaymentOne as set forth in

6    the First Amended PaymentOne Stipulation), but only to the extent each respective Alleged Cash

7    Collateral Secured Creditors possessed valid, perfected and enforceable prepetition liens in the

8    Cash Collateral; and (4) the setting of a final hearing on the Motion including approval of the First

9    Amended PaymentOne Stipulation (the "Final Hearing") pursuant to Rule 4001 of the Federal

10   Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

11        The Court, having reviewed and considered the Motion, and all pleadings filed in

12   support thereof, the other matters of record in this Bankruptcy Case, the arguments and

13   representations of counsel at the November 16 Interim Hearing, having completed both the

14   September 26 Interim hearing, the October 15 Interim Hearing, the November 2 Interim Hearing

15   and the November 16 Interim Hearing in accordance with Rule 4001 of the Bankruptcy Rules, and

16   good cause appearing therefor,

17

18              **THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

19        1.    The Debtor filed a voluntary petition for relief under Chapter 11 of the

20   Bankruptcy Code on September 16, 2007 (the "Petition Date"). No trustee or examiner has been

21   appointed in this case, and the Debtor is authorized to operate its business as a debtor-in-

22   possession.

23        2.    The Court has jurisdiction over these proceedings and the parties and

24   property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding

25   within the meaning of 28 U.S.C. § 157(b)(2).

26        3.    Pursuant to §§ 102(1) and 363 of the Bankruptcy Code and Bankruptcy

27

28   Telecommunications, Inc.; Voicemail, Inc.; Voice Services, Ltd.; Vortex Communications &
     Telephone, Inc.; Wonder Network, Inc.

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1  Rule 4001 including Bankruptcy Rule 4001(b) and (d), the Debtor has provided such notice as was

2  practicable and appropriate under the circumstances of the time, place and nature of the November

3  16 Interim Hearing and opportunity to object to the entry of this Order to among others: (1) the

4  Alleged Cash Collateral Secured Creditors; (2) each creditor on the List of 30 Largest Creditors

5  filed pursuant to Bankruptcy Rule 1007(d); (3) the Office of the United States Trustee; (4) other

6  significant parties in interest, including the Receiver and the FTC; and (5) those parties who had

7  filed with the Court filed a request for service pursuant to Bankruptcy Rule 2002. The foregoing

8  notice is adequate and sufficient in light of the nature of the relief requested in the Motion as

9  revised.

10     4.     The Debtor must have the use of cash generated from the Debtor's assets

11  including without limitation the Debtor's prepetition assets which each of the Alleged Cash

12  Collateral Secured Creditors claims to be its Cash Collateral in order to continue to operate and

13  preserve the value of Debtor's estate.

14     5.     Unless the Debtor is permitted to use the Cash Collateral, the Debtor's

15  ability to operate its business, pay expenses of this Bankruptcy Case, and to preserve and maintain

16  the property and assets of its estate and to reorganize will be immediately and irreparably

17  jeopardized, and the Debtor's use of the Cash Collateral is necessary to avoid immediate and

18  irreparable harm to the Debtor and the Debtor's bankruptcy estate.

19     6.     The level of adequate protection for the Alleged Cash Collateral Secured

20  Creditors proposed to be provided by the Debtor in the Motion as revised and as more particularly

21  set forth below, in return for the use of the Cash Collateral, is reasonable.

22     7.     Good cause has been shown for entry of this Order, including without

23  limitation the approval of the First Amended PaymentOne Stipulation and the terms and

24  conditions set forth therein as revised by this Order on an interim basis through and including

25  November 30, 2007, or as soon thereafter as the Court and counsel are available for a further

26  hearing on the Motion. Among other things, entry of this Order will preserve each of the Alleged

27  Cash Collateral Secured Creditor's position vis-a-vis the Debtor and other creditors of the estate so

28  that each of the respective Alleged Cash Collateral Secured Creditor's position vis-a-vis the Debtor

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

RER-67        3279

1   and such other creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral.

2        8.    To the extent that any of the foregoing findings constitute or include

3   conclusions of law, they shall be so deemed.

4   ## ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:

5        1.    The Motion, as amended including by the relief sought in connection with

6   PaymentOne, is approved on a further interim basis through and including November 30, 2007, or

7   as soon thereafter as the Court and counsel are available for a further hearing on the Motion, and

8   the First Amended PaymentOne Stipulation and terms and conditions set forth therein as revised

9   by this Order are approved on a further interim basis through and including November 30, 2007,

10  or as soon thereafter as the Court and counsel are available for a further hearing on the Motion.

11  Use of Cash Collateral as set forth in the Budget which is attached as <u>Exhibit B</u> to the October 11

12  Weber Declaration is approved on a further interim basis through and including November 30,

13  2007, or as soon thereafter as the Court and counsel are available for a further hearing on the

14  Motion.  Notwithstanding anything to the contrary contained in the First Amended PaymentOne

15  Stipulation, no super-priority administrative expense claim pursuant to Bankruptcy Code Section

16  507(b) is granted or provided to PaymentOne or to any other Alleged Cash Collateral Secured

17  Creditor on a further interim basis through and including November 30, 2007, or as soon thereafter

18  as the Court and counsel are available for a further hearing on the Motion, provided, however, that

19  such claim will be determined at the Final Hearing.  Notwithstanding the foregoing, PaymentOne

20  (and any other Alleged Cash Collateral Secured Creditor beneficiary of this Order), reserves

21  statutory rights it may have as a matter of law under Bankruptcy Code section 507(b) or any other

22  provision of the Bankruptcy Code, and the Debtor and its bankruptcy estate reserve all defenses

23  thereto.  This Order is valid immediately and is fully effective upon its entry.

24       2.    Oppositions to the Motion filed prior to the November 16 Interim Hearing

25  or raised at the November 16 Interim Hearing, to the extent not withdrawn, are overruled.

26       3.    The Debtor may use Cash Collateral in which PaymentOne has an alleged

27  interest in accordance with the First Amended PaymentOne Stipulation as revised by this Order.

28

1      4.    The Debtor is authorized to pay PaymentOne the Pipeline Collection

2  Property in accordance with the terms and conditions of the First Amended PaymentOne

3  Stipulation as revised by this Order and the October 11 Weber Declaration including its attached

4  Budget filed in this Bankruptcy Case.

5      5.    PaymentOne is granted, pursuant to Bankruptcy Code sections 361(2) and

6  363(e), valid, perfected and enforceable replacement liens upon all post-petition property of the

7  Debtor of the same type and character of any pre-petition property as to which PaymentOne had

8  valid, perfected and enforceable security interests or liens (including any proceeds thereof to the

9  extent that PaymentOne had valid, perfected and enforceable pre-petition security interests or pre-

10  petition liens in proceeds).    Notwithstanding anything to the contrary contained in the First

11  Amended PaymentOne Stipulation or this Order, the replacement liens granted to PaymentOne

12  shall not include any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof. The

13  replacement liens granted to PaymentOne shall be automatically perfected pursuant to this Order

14  and PaymentOne shall not be required to take any further action to perfect such liens.

15
      6.    PaymentOne's replacement liens on the post-petition property shall have the

16  same priority vis-a-vis other liens and interests as PaymentOne's pre-petition liens and security

17  interests have vis-a-vis such other liens and interests.    The replacement liens granted to

18  PaymentOne by this Order are intended to preserve PaymentOne's position vis-a-vis the Debtor

19  and other creditors of the estate so that PaymentOne's position vis-a-vis the Debtor and such other

20  creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral and PaymentOne's

21  receipt of replacement liens.

22
      7.    The replacement liens granted to PaymentOne shall be subordinated from

23  the Petition Date until further order of the Court to any allowed on an interim or final basis

24  expenses of this bankruptcy case including without limitation any allowed on an interim or final

25  basis fees and expenses of professionals retained by the Debtor and any official committee

26  appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the

27  bankruptcy case and such trustee's professionals, subject to the terms and conditions set forth in

28

W02-WEST:5SS1\400527950.1                    -7-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1    the First Amended PaymentOne Stipulation, but amended for the time period up to and including

2    November 30, 2007 to strike the following language from Paragraph 8 of the First Amended

3    PaymentOne Stipulation: ", but only to the extent such fees and expenses are provided for in the

4    Budget and were actually incurred before this First Amended Stipulation terminated."

5        8.    Notwithstanding anything to the contrary set forth in this Order, this Order

6    does not determine whether PaymentOne has any valid, perfected or enforceable prepetition liens

7    or security interests in the Cash Collateral or any of the Debtor's other assets, and both the Debtor

8    and PaymentOne reserve all rights and defenses with respect thereto.  The replacement liens

9    granted to PaymentOne in consideration of its asserted prepetition liens pursuant to this Order are

10    effective only to the extent that PaymentOne's prepetition liens in the Cash Collateral are valid,

11    perfected and enforceable.

12        9.    The Debtor may use Cash Collateral in which POL has an alleged interest.

13        10.    POL is granted, pursuant to Bankruptcy Code sections 361(2) and 363(e),

14    valid, perfected and enforceable replacement liens upon all post-petition property of the Debtor of

15    the same type and character of any pre-petition property as to which POL had valid, perfected and

16    enforceable security interests or liens, but only to the extent of Cash Collateral used by the Debtor.

17    Notwithstanding anything to the contrary contained in this Order, the replacement liens granted to

18    POL shall not include any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof.

19    The replacement liens granted to POL shall be automatically perfected pursuant to this Order and

20    POL shall not be required to take any further action to perfect such liens.

21

22        11.    POL's replacement liens on the post-petition property shall have the same

23    priority vis-a-vis other liens and interests as POL's pre-petition liens and security interests have

24    vis-a-vis such other liens and interests.  The replacement liens granted to POL by this Order are

25    intended to preserve POL's position vis-a-vis the Debtor and other creditors of the estate so that

26    POL's position vis-a-vis the Debtor and such other creditors is neither diminished nor enhanced by

27    Debtor's use of Cash Collateral and POL's receipt of replacement liens.

28        12.    The replacement liens granted to POL shall be subordinated from the

W02-WEST:5SS1\400527950.1                -8-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

Petition Date until further order of the Court to any allowed on an interim or final basis expenses of this bankruptcy case including without limitation any allowed on an interim or final basis fees and expenses of professionals retained by the Debtor and any official committee appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the bankruptcy case and such trustee's professionals.

13.    Notwithstanding anything to the contrary set forth in this Order, this Order does not determine whether POL has any valid, perfected or enforceable prepetition liens or security interests in the Cash Collateral or any of the Debtor's other assets, and both the Debtor and POL reserve all rights and defenses with respect thereto. The replacement liens granted to POL pursuant to this Order are effective only to the extent that POL's prepetition liens in the Cash Collateral are valid, perfected and enforceable.

14.    The Debtor may use Cash Collateral in which Network Telephone has an alleged interest.

15.    Network Telephone is granted, pursuant to Bankruptcy Code sections 361(2) and 363(e), valid, perfected and enforceable replacement liens upon all post-petition property of the Debtor of the same type and character of any pre-petition property as to which Network Telephone had valid, perfected and enforceable security interests or liens, but only to the extent of Cash Collateral used by the Debtor. Notwithstanding anything to the contrary contained in this Order, the replacement liens granted to Network Telephone shall not include any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof. The replacement liens granted to Network Telephone shall be automatically perfected pursuant to this Order and Network Telephone shall not be required to take any further action to perfect such liens.

16.    Network Telephone's replacement liens on the post-petition property shall have the same priority vis-a-vis other liens and interests as Network Telephone's pre-petition liens and security interests have vis-a-vis such other liens and interests. The replacement liens granted to Network Telephone by this Order are intended to preserve Network Telephone's position vis-a-vis the Debtor and other creditors of the estate so that Network Telephone's position vis-a-vis the

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1   Debtor and such other creditors is neither diminished nor enhanced by Debtor's use of Cash

2   Collateral and Network Telephone's receipt of replacement liens.

3         17.    The replacement liens granted to Network Telephone shall be subordinated

4   from the Petition Date until further order of the Court to any allowed on an interim or final basis

5   expenses of this bankruptcy case including without limitation any allowed on an interim or final

6   basis fees and expenses of professionals retained by the Debtor and any official committee

7   appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the

8   bankruptcy case and such trustee's professionals.

9         18.    Notwithstanding anything to the contrary set forth in this Order, this Order

10  does not determine whether Network Telephone has any valid, perfected or enforceable

11  prepetition liens or security interests in the Cash Collateral or any of the Debtor's other assets, and

12  both the Debtor and Network Telephone reserve all rights and defenses with respect thereto. The

13  replacement liens granted to Network Telephone pursuant to this Order are effective only to the

14  extent that Network Telephone's prepetition liens in the Cash Collateral are valid, perfected and

15  enforceable.

16        19.    The Debtor may use Cash Collateral in which Personal Voice has an alleged

17  interest.

18        20.    Personal Voice is granted, pursuant to Bankruptcy Code sections 361(2) and

19  363(e), valid, perfected and enforceable replacement liens upon all post-petition property of the

20  Debtor of the same type and character of any pre-petition property as to which Personal Voice had

21  valid, perfected and enforceable security interests or liens, but only to the extent of Cash Collateral

22  used by the Debtor. Notwithstanding anything to the contrary contained in this Order, the

23  replacement liens granted to Personal Voice shall not include any Bankruptcy Code chapter 5

24  avoidance actions or the proceeds thereof. The replacement liens granted to Personal Voice shall

25  be automatically perfected pursuant to this Order and Personal Voice shall not be required to take

26  any further action to perfect such liens.

27        21.    Personal Voice's replacement liens on the post-petition property shall have

28

W02-WEST:5SS1\400527950.1                        -10-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1   the same priority vis-a-vis other liens and interests as Personal Voice's pre-petition liens and

2   security interests have vis-a-vis such other liens and interests. The replacement liens granted to

3   POL by this Order are intended to preserve Personal Voice's position vis-a-vis the Debtor and

4   other creditors of the estate so that Personal Voice's position vis-a-vis the Debtor and such other

5   creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral and Personal

6   Voice's receipt of replacement liens.

7       22.    The replacement liens granted to Personal Voice shall be subordinated from

8   the Petition Date until further order of the Court to any allowed on an interim or final basis

9   expenses of this bankruptcy case including without limitation any allowed on an interim or final

10  basis fees and expenses of professionals retained by the Debtor and any official committee

11  appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the

12  bankruptcy case and such trustee's professionals.

13      23.    Notwithstanding anything to the contrary set forth in this Order, this Order

14  does not determine whether Personal Voice has any valid, perfected or enforceable prepetition

15  liens or security interests in the Cash Collateral or any of the Debtor's other assets, and both the

16  Debtor and Personal Voice reserve all rights and defenses with respect thereto. The replacement

17  liens granted to Personal Voice pursuant to this Order are effective only to the extent that Personal

18  Voice's prepetition liens in the Cash Collateral are valid, perfected and enforceable.

19

20      24.    The Debtor may use Cash Collateral in which Public Communication has an

21  alleged interest.

22      25.    Public Communication is granted, pursuant to Bankruptcy Code

23  sections 361(2) and 363(e), valid, perfected and enforceable replacement liens upon all post-

24  petition property of the Debtor of the same type and character of any pre-petition property as to

25  which Public Communication had valid, perfected and enforceable security interests or liens, but

26  only to the extent of Cash Collateral used by the Debtor. Notwithstanding anything to the contrary

27  contained in this Order, the replacement liens granted to Public Communication shall not include

28  any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof. The replacement liens

W02-WEST:5SS1\400527950.1                    -11-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Case: 07-52890     Doc #: 275     Filed: 11/16/2007     Page 12 of 18

RER-67     3285

1   granted to Public Communication shall be automatically perfected pursuant to this Order and

2   Public Communication shall not be required to take any further action to perfect such liens.

3        26.    Public Communication's replacement liens on the post-petition property

4   shall have the same priority vis-a-vis other liens and interests as Public Communication's pre-

5   petition liens and security interests have vis-a-vis such other liens and interests. The replacement

6   liens granted to Public Communication by this Order are intended to preserve Public

7   Communication's position vis-a-vis the Debtor and other creditors of the estate so that Public

8   Communication's position vis-a-vis the Debtor and such other creditors is neither diminished nor

9   enhanced by Debtor's use of Cash Collateral and Public Communication's receipt of replacement

10  liens.

11

12       27.    The replacement liens granted to Public Communication shall be

13  subordinated from the Petition Date until further order of the Court to any allowed on an interim

14  or final basis expenses of this bankruptcy case including without limitation any allowed on an

15  interim or final basis fees and expenses of professionals retained by the Debtor and any official

16  committee appointed in this bankruptcy case as well as those of any trustee subsequently

17  appointed in the bankruptcy case and such trustee's professionals.

18       28.    Notwithstanding anything to the contrary set forth in this Order, this Order

19  does not determine whether Public Communication has any valid, perfected or enforceable

20  prepetition liens or security interests in the Cash Collateral or any of the Debtor's other assets, and

21  both the Debtor and Public Communication reserve all rights and defenses with respect thereto.

22  The replacement liens granted to Public Communication pursuant to this Order are effective only

23  to the extent that Public Communication's prepetition liens in the Cash Collateral are valid,

24  perfected and enforceable.

25       29.    The use of Cash Collateral shall be in the amounts, and for the purposes, set

26  forth on the Budget. Notwithstanding anything to the contrary in the First Amended PaymentOne

27  Stipulation or this Order, to the extent that the Debtor does not spend the full amount of funds

28  which it is authorized to spend in the Budget for a given week period, the Debtor does not "lose"

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1  the right to spend thereafter such unused funds, but instead the Debtor may spend such unused

2  funds in a subsequent week period(s) in addition to whatever additional funds the Debtor is

3  authorized to spend in that subsequent week period(s) as provided in the Budget.

4         30.    The Court shall hold the Final Hearing on the Motion including the First

5  Amended PaymentOne Stipulation on *November 30*, 2007 at *10:15* a.m.

6         31.    The Debtor shall, on or before *November 19*, 2007, serve by U.S. mail

7  and email service to the extent that the Debtor's counsel has an email address for any party or its

8  counsel, a copy of this Order and a notice regarding the Final Hearing, to (i) the parties having

9  been given notice of the November 2 Interim Hearing, and (ii) any other party ordered by the

10  Court or who has filed with the Court and served on the Debtor's counsel a request for service

11  pursuant to Bankruptcy Rule 2002. Such notice shall state that any party in interest objecting to

12  the approval of the Motion on a final basis shall file a written objection with the Court no later

13  than *November 26*, 2007, which objection shall be filed with the Court and served so that it is

14  received on or before *12*:00 p.m. (Pacific Time) of such date by the Debtor's counsel, the

15  Committee's counsel, and the Office of the United States Trustee at the following contact

16  information:

18          <u>Counsel to Debtor:</u>

19          Sheppard, Mullin, Richter & Hampton LLP
        Four Embarcadero Center, Suite 1700

20          San Francisco, CA 94111
        Attn:  Michael H. Ahrens, Esq.

21                Jeffrey K. Rehfeld, Esq.

22                Steven B. Sacks, Esq.
        Email: mahrens@sheppardmullin.com

23                 jrehfeld@sheppardmullin.com
               ssacks@sheppardmullin.com

25          <u>Counsel to Committee:</u>

26          Pachulski Stang Ziehl & Jones LLP
        150 California Street, 15th Floor

27          San Francisco, CA 94111-4500
        Attn:  John D. Fiero, Esq.

28                Maxim B. Litvak, Esq.

W02-WEST:5SS1\400527950.1       -13-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Case: 07-52890   Doc #: 275   Filed: 11/16/2007   Page 14 of 18

RER-67    3287

1

Email: jfiero@pzjl.com
2              mlitvak@pzjl.com

3    <u>Office of the United States Trustee:</u>

4    Office of the United States Trustee
     280 S. First Street, Suite 268
5    San Jose, CA 94113-0002
     Attn:   John Wesolowski, Esq.
6    Facsimile:  (408) 535-5525

7         32.    If a timely objection is filed, served and received, a written reply thereto
8
shall not be required but may be filed with the Court and served so that it is received by the
9
objecting party no later than *November 27* , 2007 on or before 11:59 p.m. (Pacific Time).
10

11

12                         ** END OF ORDER **

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:5SS1\400527950.1                    -14-

1

## COURT SERVICE LIST

2

3    <u>Office of the U.S. Trustee</u>
     Office of the U.S. Trustee
4    Attn: Edwina Dowell, Esq.
     280 South First Street, Room 268
5    San Jose, CA  95113

6    <u>The Billing Resource dba Integretel</u>
     The Billing Resource dba Integretel
7    Attn:  Ken Dawson
     5883 Rue Ferrari
8    San Jose, CA  95138

9    <u>Proposed counsel for The Billing Resource dba Integretel</u>
     The Billing Resource dba Integretel
10   c/o Sheppard, Mullin, Richter & Hampton LLP
     Attn:  Michael H. Ahrens, Esq.
11   4 Embarcadero Center, 17th Floor
     San Francisco, CA  94111-4106
12

13   <u>Counsel for PaymentOne Corporation</u>
     PaymentOne Corporation
14   c/o O'Melveny & Myers LLP
     Attn:  Steve Warren, Esq.
15   400 South Hope Street
     Los Angeles, CA  90071-2899
16

17   <u>POL, Inc.</u>
     POL, Inc.
     c/o Joel R. Dichter, Esq.
18   Dichter Law Group, LLC
     10 Rockefeller Plaza, Suite 816
19   New York, New York 10020
     Email:  info@dichterlaw.com
20   Fax:  (212) 757-5002

21
     POL, Inc.
22   c/o Kathryn Diemer, Esq.
     Diemer, Whitman & Cardosi
23   75 East Santa Clara Street, Suite 290
     San Jose, CA  95113
24

25   <u>Personal Voice, Inc.</u>
     Personal Voice, Inc.
     Attn:  David Giorgione
26   16807 A U.S. Highway 19 North, Suite A
     Clearwater, FL  33764
27
     Personal Voice, Inc.
28   Attn:  Thomas C. Little

---

W02-WEST:5SS1\400527950.1                    -15-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS
Case: 07-52890     Doc #: 275     Filed: 11/16/2007     Page 16 of 18

RER-67        3289

1   (Registered Agent for Service of Process)
2   2123 NE Coachman Rd., Suite A
    Clearwater, FL 33765

3   <u>Network Telephone Services, Inc.</u>
    Network Telephone Services, Inc.
4   Attn: Daniel Coleman, Esq.
    21135 Erwin Street
5   Woodland Hills, CA 91367

6   Ellen Friedman, Esq.
    Elaine Hammond, Esq.
7   Friedman, Dumas & Springwater LLP
    150 Spear Street, Suite 1600
8   San Francisco, CA 94105

9

10   <u>Public Communication Services, Inc.</u>
    Public Communication Services, Inc.
    Attn: Leslie Cohen, Esq.
11   Liner Yankelvitz Sunshine & Regenstreif LLP
    1100 Glendon Avenue, 14th Floor
12   Los Angeles, CA 90024-3503

13   <u>The Receiver David Chase</u>
    Walter Oetzell, Esq.
14   Steven J. Schwartz, Esq.
    Danning, Gill, Diamond & Kollitz, LLP
15   2029 Century Park East, Third Floor
    Los Angeles, California 90067-2904
16

17   Jeffrey C. Schneider, Esq.
    Tew Cardenas LLP
18   Four Seasons Tower, Fifteenth Floor
    1441 Brickell Avenue
19   Miami, Florida 33131-3407

20   <u>Federal Trade Commission</u>
    Michael Mora, Esq.
21   Julie A. Mack, Esq.
    Federal Trade Commission
22   600 Pennsylvania Ave. N.W.
    Washington, DC 20580
23

24   <u>Thermo Credit</u>
    John A. Lapinski, Esq.
    Leslie R. Horowitz, Esq.
25   Dolores Cordell, Esq.
    Clark & Trevithick
26   800 Wilshire Boulevard, 12th Floor
    Los Angeles, California 90017
27

28   W. Timothy Miller, Esq.
    Taft Stettinius & Hollister LLP

W02-WEST:5SS1\400527950.1       -16-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1    425 Walnut Street, Suite 1800
     Cincinnati, Ohio 45202

2

3    Certain Creditors
     Peter Benvenutti, Esq.
     Michaeline H. Correa, Esq.

4    Heller, Ehrman, White and McAuliffe
     333 Bush St.

5    San Francisco, CA 94104-2878

6    Email Discount Network and Intelicom Messaging
     c/o David M. Goodrich, Esq.

7    7700 Irvine Center Drive, Suite 800
     Irvine, CA 92618

8

9    Austin P. Nagel, Esq.
     Law Offices of Austin P. Nagel

10   111 Deerwood Place, Suite 338
     San Ramon, California 94583

11

     Official Creditors' Committee

12   John Fiero, Esq.
     Pachulski, Stang, Ziehl, & Jones

13   150 California Street, 15th Floor
     San Francisco, CA  94111-4500

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:5SS1\400527950.1                        -17-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

Case: 07-52890    Doc #: 275    Filed: 11/16/2007    Page 18 of 18

RER-67          3291

**RER - 68**

Entered on Docket
November 16, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2    A Limited Liability Partnership
    Including Professional Corporations
3  MICHAEL H. AHRENS,
Cal. Bar No. 44766
4  STEVEN B. SACKS,
Cal. Bar No. 98875
5  JEFFREY K. REHFELD,
Cal. Bar No. 188128
6  Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
7  Telephone:    415-434-9100
Facsimile:    415-434-3947
8
Attorneys for The Billing Resource, dba
9  Integretel

The following constitutes the
Order of the Court. Signed ___ 11 \ 16 ___ 200 7

_____
HON. ARTHUR S. WEISSBRODT
United States Bankruptcy Judge

10         UNITED STATES BANKRUPTCY COURT
            NORTHERN DISTRICT OF CALIFORNIA
11                 [SAN JOSE DIVISION]

12  In re                                    Case No. 07-52890

13  THE BILLING RESOURCE, dba                Chapter 11
    INTEGRETEL, a California corporation,
14

15         Debtor.

16

17  THE BILLING RESOURCE, dba
    INTEGRETEL, a California corporation,
18
                                            Adv. Proc. No. 07-05156
         Plaintiff,
19                                          **ORDER GRANTING TEMPORARY
         v.                                 RESTRAINING ORDER AND ORDER
20                                          TO SHOW CAUSE RE PRELIMINARY
    FEDERAL TRADE COMMISSION, and           INJUNCTION**
21  DAVID R. CHASE, not individually, but
    solely in his capacity as receiver for
22  Nationwide Connections, Inc., Access One
    Communications, Inc., Network One Services,
23  Inc., 411TXT, Inc., CELL-INFO-USA, INC.,
    Enhanced Billing Services, Inc., Toll Free
24  Connect, Inc., Cripple Creek Holdings, LLC,
    Built to Last, LLC, Not Fade Away, LLC, He's
25  Gone, LLC, The Other One, LLC, Turn on
    Your Love Light, LLC, China Cat Sunflower,
26  LLC, Lazy River Road Holdings, LLC,

27         Defendant.

28

W02-WEST:5SS1\400516862.3                  ORDER GRANTING TRO AND TO SHOW CAUSE

1    This matter came before the Court on November 5, 2007 to consider the oral motion of the

2    Debtor, The Billing Resource, dba Integretel ("Integretel"), for a temporary restraining order and a

3    preliminary injunction against the Federal Trade Commission ("FTC") and David R. Chase, not

4    individually, but solely in his capacity as receiver (the "Receiver"), preventing them from

5    enforcing as to Integretel that certain Omnibus Order entered on the docket on September 14, 2007

6    (the "Omnibus Order") in that certain action captioned <u>Federal Trade Commission v. Nationwide</u>

7    <u>Connections, Inc., et al.</u>, Case No. 06-80180-Civ-Ryskamp (the "Florida Action") pending in the

8    United States District Court for the Southern District of Florida (the "Florida Court") and that

9    certain Order Granting Motion for Clarification as to Scope of Stay entered on the docket by the

10   Florida Court in the Florida Action on September 21, 2007 (the "Clarification Order"), insofar as

11   the Clarification Order relates to the Omnibus Order.  Appearances were as stated on the record.

12   The Court incorporates herein its Memorandum Decision re Order to Show Cause Regarding

13   Preliminary Injunction filed and entered on November 2, 2007 and further stated its findings of

14   fact and conclusions of law on the record.

15       **GOOD CAUSE APPEARING**, it is hereby ordered as follows:

16       The FTC and the Receiver, and their officers, agents, servants, employees and attorneys

17   and upon those persons in active concert or participation with them who receive actual notice of

18   the order by personal service or otherwise, are hereby restrained and enjoined *through December 6, 2007* from seeking to

19   implement or enforce *in the Florida Court* as to Integretel the Omnibus Order or the Clarification Order, as it relates to

20   the Omnibus Order, including without limitation initiating, suggesting or participating in any

21   proceedings to hold Integretel in contempt in connection therewith, or otherwise seeking to

22   compel Integretel to transfer any money or property to the Receiver.  The restraining order issued

23   herein does not affect or restrain the parties from prosecuting and responding to appeals filed by

24   Integretel from orders issued by the Florida Court.  The Court further orders that the Receiver

25   shall submit any status reports that pertain to Integretel to the Florida Court jointly with Integretel.

26       **FURTHER, AS ORDERED BY THE COURT AT THE HEARING, THE FTC AND**

27   **THE RECEIVER ARE HEREBY ORDERED TO SHOW CAUSE** at 10:00 a.m. on

28   November 16, 2007, or as soon thereafter as counsel may be heard in the courtroom of the

-1-

W02-WEST:5SS1\400516862.3

ORDER GRANTING TRO AND TO SHOW CAUSE

1   Honorable Arthur S. Weissbrodt, located at 280 South First Street, San Jose, California,

2   Courtroom 3020, why the Court should not issue a preliminary injunction against the above

3   actions pending the entry of a plan confirmation order in this bankruptcy case, or further order of

4   this Court.

5       **IT IS ALSO HEREBY ORDERED THAT** this "Order To Show Cause Re Preliminary

6   Injunction" (the "Order To Show Cause") shall be served upon the FTC and the Receiver by

7   personal service, email or facsimile within three days of issuance hereof.  Plaintiff, and any other

8   party in interest, shall file and serve all pleadings and papers in connection with the hearing on the

9   Order to Show Cause on the FTC, the Receiver and the United States Trustee's representative by

10  personal service, email or facsimile by no later than November 7, 2007 at 6:00 p.m. PST, and

11  proof of service thereof shall be filed no later than November 9, 2007.  Any response or opposition

12  to this Order To Show Cause must be filed and served by personal service, email or facsimile on

13  Integretel's counsel, proposed counsel for the unsecured creditors committee, and the United

14  States Trustee's representative no later than November 9, 2007 at 6:00 p.m. PST, and proof of

15  service shall be filed no later than November 12, 2007.  Any reply by any party in interest shall be

16  filed by November 13, 2007 at 6:00 p.m. PST, and proof of service shall be filed no later than

17  November 14, 2007.

18                          ** END OF ORDER **

19

    Approved as to form:
20
    WILLIAM BLUMENTHAL
21  General Counsel

22

23  By: _____

24      Michael Mora
        John Andrew Singer
25  Attorneys for the Federal Trade Commission

26

27

28



1  DANNING, GILL, DIAMOND & KOLLITZ, LLP

2

3  By:_____

4        Walter K. Oetzell
   Attorneys for David R. Chase,
5  As Receiver

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:5SS1\400516862.3

-3-

ORDER GRANTING TRO AND TO SHOW CAUSE

<u>COURT SERVICE LIST</u>

<u>Office of the U.S. Trustee</u>
Office of the U.S. Trustee
Attn: John Wesolowski, Esq.
280 South First Street, Room 268
San Jose, CA 95113

<u>The Billing Resource dba Integretel</u>
The Billing Resource dba Integretel
Attn: Ken Dawson
5883 Rue Ferrari
San Jose, CA 95138

<u>Counsel for The Billing Resource dba Integretel</u>
Sheppard, Mullin, Richter & Hampton LLP
Attn: Michael H. Ahrens, Esq.
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106

<u>David R. Chase, Receiver</u>
David R. Chase, Receiver for Access One Communications,
      Inc. and Network One Services, Inc.
David R. Chase, P.A.
Wachovia Center-Penthouse
1909 Tyler Street
Hollywood, FL 33020

<u>Counsel for the Receiver David R. Chase</u>
Jeffrey C. Schneider, Esq.
Michelle T. Visiedo, Esq.
Tew Cardenas LLP
Four Seasons Tower – 15th Floor
1441 Brickell Avenue
Miami, FL 33131

<u>Counsel for the Receiver David R. Chase</u>
Walter Oetzell, Esq.
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, Third Floor
Los Angeles, CA 90067-2904

<u>Counsel for the Federal Trade Commission</u>
Laura M. Kim, Esq.
Michael J. Davis, Esq.
Collot Guerard, Esq.
Federal Trade Commission
600 Pennsylvania Avenue, NW, Room 286
Washington, DC 20580

<u>Federal Trade Commission</u>
Associate Director, Division of Marketing Practices
Federal Trade Commission, H-238
600 Pennsylvania Avenue, N.W.

-4-

W02-WEST:5SS1\400516862.3

ORDER GRANTING TRO AND TO SHOW CAUSE

1  Washington, D.C.  20580

2  <u>Proposed Counsel for the Official Unsecured Creditors Committee</u>
   John Fiero, Esq.
3  Maxim Litvak, Esq.
   Pachulski, Stang, Ziehl & Jones
4  150 California Street
   15th Floor
5  San Francisco, CA 94111-4500

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:5SS1\400516862.3

-5-

ORDER GRANTING TRO AND TO SHOW CAUSE

**RER - 69**

1  WILLIAM BLUMENTHAL
   General Counsel

2

3  MICHAEL P. MORA
   Federal Trade Commission
   600 Pennsylvania Ave. NW, Room NJ-2121
4  Washington, DC 20580
   Telephone: (202) 326-3373
5  Facsimile: (202) 326-2558
   Email: mmora@ftc.gov

6

7  ATTORNEY FOR FEDERAL
   TRADE COMMISSION

8              UNITED STATES BANKRUPTCY COURT
                NORTHERN DISTRICT OF CALIFORNIA
9                     SAN JOSE DIVISION

10

11  In re:                                    **Case No. 07-52890**

12  THE BILLING RESOURCE, dba Integretel, a
    California corporation,                    Chapter 11

13                         Debtor             Adv. Proc. No. 07-05156

14

15                                            FEDERAL TRADE
                                              COMMISSION'S POST-
    THE BILLING RESOURCE, d/b/a               HEARING OBJECTION TO
16  INTEGRETEL, a California corporation,     DURATION OF (OR
                                              ALTERNATIVELY, MOTION TO
17        Plaintiff,                          MODIFY) TEMPORARY
                                              RESTRAINING ORDER AS TO
18  v.                                        CONTEMPT PROCEEDING
                                              AND MEMORANDUM IN
19  FEDERAL TRADE COMMISSION, et al.          SUPPORT THEREOF

20        Defendants.                         Date:  November 16, 2007
                                              Time:  10:00 a.m.
21                                            Ctrm:  3020

22         As the Court directed at the November 16, 2007 hearing on the Debtor's Motion for a

23  Preliminary Injunction as to the Contempt Proceeding,[1] the Federal Trade Commission

24

25  _____

26         [1] All capitalized terms used herein shall have the same meaning as defined and used in
    FTC's prior briefs in opposition to the Debtor's Motion for injunctive relief in this adversary
27  proceeding. [DE 9, 17, 29, 55].

28                                     -1-

("Commission") submits its objection to the duration of – or alternatively, moves to modify – the

Temporary Restraining Order entered in this proceeding on November 16 as follows[2]:

### Background

1. On November 2, the Court issued a memorandum decision [DE 41] denying without prejudice, *inter alia*, Debtor's motion to preliminarily enjoin the Receiver and the Commission from pursuing the Contempt Proceeding against the Debtor in the Commission's Enforcement Action, in light of the Eleventh Circuit's temporary stay of the Enforcement Action. The Eleventh Circuit issued that order pending its consideration of certain jurisdictional issues raised by the Debtor, in Debtor's appeal of the Florida District Court's Omnibus Order and Clarification Order related to the Contempt Proceeding.

2. On November 5, the Eleventh Circuit denied Debtor's motion for a stay pending appeal and terminated its temporary stay of the Clarification Order. Within 3.5 hours later, this Court, at an emergency telephonic hearing requested by the Debtor, and notwithstanding the Eleventh Circuit's ruling to the contrary, orally announced (i) a temporary restraining order effective immediately enjoining the Receiver and the Commission from pursuing the Contempt Proceeding, and (ii) an order to show cause why a preliminary injunction should not be granted.

3. The Court scheduled the hearing on the preliminary injunction for November 16. Prior to the hearing, no formal written temporary restraining order was entered, although an unnumbered docket entry dated November 6 appears on the docket, summarizing the Court's November 5 oral ruling.

---

[2] The Commission intends that neither this Post-Hearing Objection nor any later appearance, pleading, claim, or suit shall waive: (1) the FTC's right to have final orders in noncore matters entered only after *de novo* review by a District Court Judge; (2) the FTC's right to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (3) any other rights, claims, actions, defenses, setoffs, recoupments, or remedies to which the FTC is or may be entitled, in law or equity, all of which rights, claims, actions, defenses, setoffs, recoupments and remedies the FTC expressly reserves.

-2-

1    4. On November 16, a preliminary injunction hearing was held. At the conclusion of the

2  hearing, the Court announced that it intended to issue a further temporary restraining order as to

3  the Contempt Proceeding effective through December 6. Counsel for the FTC objected to the

4  duration of the order, pointing to the limits under Fed. R.Civ. P. Rule 65(b) on the duration of a

5  temporary restraining order. The Court indicated that the Commission should file a brief with

6  the Court before 5 p.m. on November 19, if the Commission wished to preserve its objection.

7    5. On November 16, the Court issued a written "Temporary Restraining Order" as to the

8  Contempt Proceeding, effective through December 6. [DE 63].

9                                            **Argument**

10    6. Pursuant to Fed. R. Bankr. P. Rule 7065, Rule 65 of the Fed. R. Civ. P. generally

11  applies in adversary proceedings. Rule 65(b) provides that a temporary restraining order:

12          shall expire by its terms within such time after entry, not to exceed 10 days, as the
            court fixes, unless within the time so fixed the order, for good cause shown, is
13          extended for a like period or unless the party against whom the order is directed
            consents that it may be extended for a longer period.
14

15    7. Ordinarily, temporary restraining orders, in contrast to preliminary injunctions, are not

16  appealable. But if kept in force by a district court for more than a total of 20 days in violation of

17  Rule 65(b), without the consent of the parties, the order will be deemed an appealable,

18  preliminary injunction. Otherwise, a district court – or a bankruptcy court, as is the case here –

19  could by the simple expedient of extending the TRO circumvent and prejudice an aggrieved

20  party's right to appeal. *See Sampson v. Murray*, 415 U.S. 61, 87-88 (1974) ("where an adversary

21  hearing has been held, and the court's basis for issuing the order strongly challenged,

22  classification of [a] potentially unlimited order as a temporary restraining order seems

23  particularly unjustified"); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 804 (9th Cir. 2002)

24  (temporary restraining order entered for a period of thirty days, three times the period

25  contemplated by Rule 65(b), does not comply with the strictures of a temporary order). *See also,*

26  *San Francisco Real Estate Investors v. Real Estate Inv. Trust of Am.*, 692 F.2d 814, 816 (1st Cir.

27

28                                            -3-

1   1982) (TRO treated as preliminary injunction where district court improperly entered order

2   temporarily restraining challenged action for 13 days, in violation of the 10-day limit under Rule

3   65(b), and where parties had notice and submitted briefs); *United States v. Crawford*, 329 F.3d

4   131, 136-138 (2d Cir. 2003) (when district court extends temporary restraining order beyond

5   20-day period specified by Fed. R. Civ. P. 65(b) (10 days plus 10-day extension), temporary

6   restraining order becomes preliminary injunction for all purposes, including appealability);

7   *United States v. Board of Educ.*, 11 F.3d 668, 671-672 (7th Cir. 1993) (temporary restraining

8   order extended for more than 20 days becomes immediately appealable as preliminary

9   injunction).

10      8.  Moreover, while a plausible reading of the temporal strictures of Rule 65(b) is that

11  they only apply when a TRO is issued without notice, courts of appeal directly addressing the

12  issue have rejected that notion, and held that Rule 65(b) applies to both ex parte and noticed

13  TROs. *See Chicago United Industries. Ltd. v. City of Chicago*, 445 F.3d 940, 946 (7th Cir. 2006)

14  (citing cases); *Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 692-694 (3d Cir. 1997)

15  (citing cases).

16      9.  Here, the Court first issued a temporary restraining order orally on November 5, 2007.

17  On November 16, the Court issued another order that, however denominated, effectively extends

18  its November 5 order through December 6, for a total of 31 days.  Pursuant to Rule 65(b) and the

19  case authorities cited above, the Commission objects to the duration of the Court's November 16

20  order on the grounds that it violates the strict limits for the duration of a TRO.  The Commission

21  /

22  /

23  /

24  /

25  /

26  /

27

28                                          -4-

respectfully requests that the Court modify its November 16 order by limiting its duration to November 25, 2007.

Dated: November 19, 2007                         Respectfully submitted,

                                                 WILLIAM BLUMENTHAL
                                                 General Counsel

                                                 /s/ Michael P. Mora
                                                 _____
                                                 MICHAEL P. MORA
                                                 Federal Trade Commission
                                                 600 Pennsylvania Ave. NW, Room NJ-2121
                                                 Washington, DC  20580
                                                 Telephone:  (202) 326-3373
                                                 Facsimile:  (202) 326-2558
                                                 Email: mmora@ftc.gov

                                                 ATTORNEY FOR FEDERAL TRADE
                                                 COMMISSION

-5-

RER-69     3302

**RER - 70**

1  Howard Kollitz [State Bar No. 059611],
   Walter K. Oetzell [State Bar No. 109769] and
2  Steven J. Schwartz [State Bar No. 200586] of
   DANNING, GILL, DIAMOND & KOLLITZ, LLP
3  2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904
4  Telephone: (310) 277-0077
   Facsimile: (310) 277-5735
5  Email: woetzell@dgdk.com
   Email: sschwartz@dgdk.com
6
   Jeffrey C. Schneider [Pro Hac Vice]
7  TEW CARDENAS LLP
   Four Seasons Tower, Fifteenth Floor
8  1441 Brickell Avenue
   Miami, Florida 33131-3407
9  Telephone: (305) 539-2481
   Facsimile: (305) 536-1116
10 Email: jcs@tewlaw.com

11 Attorneys for Defendant, David R. Chase, as Receiver

12               UNITED STATES BANKRUPTCY COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                     SAN JOSE DIVISION

15 **In re**                          ) **Bankruptcy Case No. 07-52890-ASW**
                                       )
16 **THE BILLING RESOURCE, dba**       )        [Chapter 11]
   **INTEGRETEL, a California corporation,** )
17                                     )
   [Taxpayer Identification No. 33-0289863] )
18                                     )
                                       )
19                                     ) **FEDERAL RECEIVER'S LIMITED**
                                       ) **OBJECTION TO CASH COLLATERAL**
20                                     ) **ORDER**
                                       )
21                                     ) **Date:  November 30, 2007**
                   **Debtor.**         ) **Time:  10:15 a.m.**
22                                     ) **Place: United States Bankruptcy Court**
                                       )        **280 South First Street**
23                                     )        **San Jose, California**
                                       ) **Judge: Hon. Arthur S. Weissbrodt**
24                                     ) **Ctrm: 3020**
                                       )
25                                     )
                                       )
26 _____ )

27 ///

28 ///

                          -1-

1       David R. Chase, the Federal Receiver (the "Federal Receiver") hereby submits his Limited

2  Objection to Entry of Cash Collateral Order and Use of Cash Collateral (the "Objection").

3       The Federal Receiver hereby incorporates by reference and renews his objections to the

4  entry of a cash collateral order as stated in his Limited Objection to Use of Cash Collateral as filed

5  on November 13, 2007 and as overruled by this Court on November 16, 2007. A copy of the

6  Federal Receiver's November 13, 2007 Limited Objection is attached hereto, marked as Exhibit

7  "A" and incorporated herein by this reference.

8       The Federal Receiver again requests that this Court exclude or carve out the $1,762,762.56

9  in segregated funds (the "Subject Funds") from any and every cash collateral order and he objects

10  to any cash collateral order which does not so exclude or carve out. The Debtor has not proven any

11  new or compelling circumstances to justify the entry of an order authorizing the use of the Subject

12  Funds. Rather, at the hearing on Wednesday, November 21, 2007 at 2:00 p.m. at which the Court

13  was to rule on the Debtor's Motion for a Preliminary Injunction, the Debtor essentially admitted

14  that it does not need to use the Subject Funds at this time in order to operate. The Court shall re-

15  convene at 2:00 p.m. today, November 26, 2007, to further consider the requested injunctive relief

16  and to discuss alternatives thereto.

17       Wherefore, the Federal Receiver requests that this Court require that the Subject Funds be

18  excluded or carved out from any further Cash Collateral Order. This Court should further order the

19  Debtor to turn over the Subject Funds forthwith to the Federal Receiver. The Federal Receiver

20  further requests such other appropriate relief.

21

22  Dated: November 26, 2007        DANNING, GILL, DIAMOND & KOLLITZ, LLP

23

24

25                           By: _____

26                             Steven J. Schwartz

                                Attorneys for Federal Receiver

27

28

-2-

# EXHIBIT "A"