1  Howard Kollitz [State Bar No. 059611],
   Walter K. Oetzell [State Bar No. 109769] and
2  Steven J. Schwartz [State Bar No. 200586] of
   DANNING, GILL, DIAMOND & KOLLITZ, LLP
3  2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904
4  Telephone: (310) 277-0077
   Facsimile: (310) 277-5735
5  Email: woetzell@dgdk.com
   Email: sschwartz@dgdk.com
6
   Jeffrey C. Schneider [Pro Hac Vice]
7  TEW CARDENAS LLP
   Four Seasons Tower, Fifteenth Floor
8  1441 Brickell Avenue
   Miami, Florida 33131-3407
9  Telephone: (305) 539-2481
   Facsimile: (305) 536-1116
10 Email: jcs@tewlaw.com

11 Attorneys for Defendant, David R. Chase, as Receiver

12             UNITED STATES BANKRUPTCY COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                   SAN JOSE DIVISION

15 In re                          ) Bankruptcy Case No. 07-52890-ASW
                                   )
16 THE BILLING RESOURCE, dba       )        [Chapter 11]
   INTEGRETEL, a California corporation, )
17                                 )
   [Taxpayer Identification No. 33-0289863] )
18                                 )
                                   )
19                                 ) FEDERAL RECEIVER'S LIMITED
                                   ) OBJECTION TO CASH COLLATERAL
20                                 ) ORDER
                                   )
21                                 ) Date:  November 16, 2007
              Debtor.             ) Time:  10:30 a.m.
22                                 ) Place: United States Bankruptcy Court
                                   )        280 South First Street
23                                 )        San Jose, California
                                   ) Judge: Hon. Arthur S. Weissbrodt
24                                 ) Ctrm:  3020
                                   )
25                                 )
   _____   )
26                                 )

27      David R. Chase, the Federal Receiver (the "Federal Receiver") hereby submits his Limited

28 Objection to Entry of Cash Collateral Order and Use of Cash Collateral (the "Objection").

                                -1-

1     As the Court is aware, the Debtor currently holds approximately $1.8 million in funds (the

2  "Subject Funds") that the United States District Court for the Southern District of Florida (the

3  "District Court") has determined to be property of the Federal Receiver, and which the same

4  District Court has specifically held are neither property of the estate nor property of the Debtor.

5  The District Court has further ordered, post petition and fully aware of the instant motion re cash

6  collateral, that the Subject Funds be turned over to the Federal Receiver or the Debtor appear

7  before it and show cause why it should not be held in contempt.

8     The Debtor appealed both District Court Orders to the Eleventh Circuit, and sought a stay,

9  which the Eleventh Circuit granted on a temporary basis. On November 5, 2007, the Eleventh

10  Circuit vacated its temporary stay and ruled that it has jurisdiction over the Clarification Order and

11  certain rulings with respect to the Omnibus Order and specifically, will "CARRY WITH THE

12  CASE the question of whether [the Eleventh Circuit has] jurisdiction of [that portion of the

13  Omnibus Order] (a) finding that the reserve funds were property of the receivership estate and (b)

14  directing Appellant to identify and turn over the reserve funds to the receiver."[1]

15     It is beyond question from the proceedings in this case, from pleadings filed by the Debtor,

16  and from Debtor's comments at the various cash collateral hearings that Debtor intends to use these

17  funds in its day-to-day operations, notwithstanding those two District Court Orders that are

18  currently on appeal to the Eleventh Circuit. The Debtor's budget specifically includes and

19  contemplates the use of those funds in December, 2007. Although the Subject Funds are currently

20  in a blocked account, the Debtor has requested, and this Court is considering, unblocking that

21  account. Pursuant to this Court's November 2, 2007 Memorandum Decision Re Order to Show

22  Cause Regarding Preliminary Injunction entered in Adversary Proceeding No. 07-5156 (the

23  "Adversary Proceeding"), a hearing will be held on December 7, 2007 for this Court to consider

24  unblocking the blocked account.

25

26

27  [1] See Exhibit "Y" to Federal Receiver's Seventh Request for Judicial Notice filed herewith.

28

1    The Federal Receiver objects to any cash collateral order or any request to spend cash
2    collateral or any funds which does not include a specific exclusion, prohibition against, or "carve
3    out" precluding Debtor spending or dissipating the Subject Funds.  First and foremost, the Subject
4    Funds do not constitute cash collateral or money that the Debtor may spend.  Section 363 of the
5    Bankruptcy Code is clear that the Debtor can only use, sell or lease property of the estate.  The
6    Subject Funds have not been determined to be property of the Bankruptcy Estate and there is no
7    pending adversary proceeding requesting such a determination.  Although this Court has opined
8    that it believes that the Subject Funds are property of the bankruptcy estate, it did so in the context
9    of the Debtor's Motions for a Temporary Restraining Order and Preliminary Injunction in the
10   Adversary Proceeding and has not made a final determination on that issue.

11   However, The District Court has already held that these funds are not property of the estate
12   or the Debtor, and the only Court with the jurisdiction or power to review or modify the effect of
13   this determination is the Eleventh Circuit.  Nor is either of these Orders, particularly the
14   Clarification Order, ambiguous or subject to interpretation.  The District Court's Clarification Order
15   of September 21, 2007 could not be clearer.  It specifically stated that, on September 14, 2007, the
16   District Court held that the Subject Funds were the property of the Receiver and were not property
17   of the Debtor or the Debtor's estate.  It further ordered that the Debtor was to turn over the Subject
18   Funds under pain of contempt.  The Clarification Order was heard, decided, and entered post
19   petition at a time when the District Court had full knowledge of the instant cash collateral motion.

20   Their terms and the compulsion under which they place can only be reviewed or their effect
21   modified by the Eleventh Circuit.  Clearly, it would be inappropriate for this Court to take action
22   that would frustrate the clear tone and intent of these Orders and the issues on appeal to the
23   Eleventh Circuit.  As discussed above, in its Omnibus Order, the District Court ruled that it has
24   exclusive in rem jurisdiction over the Subject Funds.  In its Clarification Order, the District Court
25   ruled that the automatic stay does not bar enforcement of the Omnibus Order and the Debtor is still
26   required to turnover the Subject Funds and show cause why it should not be held in contempt.
27   Both orders have been appealed by the Debtor to the Eleventh Circuit.

28

1       Just as allowing the Subject Funds to be spent would be directly contrary to and facilitate

2  the violation of the District Court Orders, it would also render the efforts of the Eleventh Circuit

3  meaningless. The Eleventh Circuit, which already vacated the temporary stay, clearing the way for

4  the Federal Receiver to enforce the District Court Orders, agreed to consider on appeal both the

5  Omnibus Order and the Clarification Order, and agreed to "CARRY WITH THE CASE the

6  question of whether [the Eleventh Circuit has] jurisdiction of order (3)" which is the "September

7  14, 2007 order (a) finding that the reserve funds were property of the receivership estate and (b)

8  directing Appellant to identify and turn over the reserve funds to the receiver." Jurisdiction here

9  means whether the Orders were final. As of this date, the Eleventh Circuit is the only court that has

10  before it the precise issue of whether the Subject Funds are Property of the Receivership Estate or

11  the Debtor's Bankruptcy Estate, and the District Court is the only Court that has ruled on this

12  subject. Again that ruling was that the Subject Funds were not property of the Debtor. The

13  Eleventh Circuit appeal also deals with numerous issues determined by the District Court which the

14  Debtor is attempting to relitigate here, including whether the Subject Funds are property of the

15  Receivership Estate, whether the Federal Receiver is an unsecured creditor and whether tracing is

16  necessary. As this Court is aware, the District Court rejected the Debtor's position on all those

17  issues and others.

18       It is also contradictory and improper for the Debtor to seek an order authorizing the use of

19  the Subject Funds (on a final basis) prior to a determination in this Court whether the Subject

20  Funds should be removed from or remain in the blocked account. Such relief presumes that this

21  Court will rule in favor of unblocking the account, which is prejudicial to the position of the

22  Federal Receiver. It is highly prejudicial to the Federal Receiver that this Court would grant any

23  relief that affects the dissipation of the Subject Funds in direct contravention of the District Court

24  Orders which are currently on appeal.

25       In the Debtor's Motions for Temporary Restraining Order and Preliminary Injunction, the

26  standard being applied was "likelihood of success on the merits." Here, the issue is one of adequate

27  protection. The Debtor has not provided the Federal Receiver with adequate protection in the event

28  that the Debtor is unsuccessful in its Eleventh Circuit appeal and District Court's turnover Orders

-4-

006

1  stand.  Indeed, the only adequate protection that could be afforded to the Federal Receiver is a
2  specific prohibition against the Debtor spending or dissipating the Subject Funds.  The Debtor has
3  refused to grant such adequate protection, and instead is asking this Court for a self-executing
4  Order that will spring into effect the moment that this Court unblocks the blocked account,
5  assuming that such an event occurs.

6      Finally, this Court should also exclude or carve out the Subject Funds because these funds
7  are under the exclusive jurisdiction of the District Court by virtue, inter alia, of 28 U.S.C. §§ 754
8  and 1692.  Moreover, the District Court exercised its exclusive in rem jurisdiction over the Subject
9  Funds prior to the filing herein.  It made that clear in its Omnibus Order, and that Order held, prior
10 to the filing herein, that the funds were the Federal Receiver's property.  The District Court
11 confirmed in its Clarification Order, entered after the filing herein, that the funds were the property
12 of the Federal Receiver, that the funds were not the property of the Bankruptcy Estate, and that the
13 funds were not the property of the Debtor.  Both Orders required the immediate turnover of the
14 funds to the Federal Receiver.

15     In sum, the Federal Receiver hereby requests that this Court exclude or carve out these
16 Subject Funds from any and every Cash Collateral Order and he objects to any cash collateral order
17 which does not so exclude or carve out.  This Court should order the Debtor to turn over the
18 Subject Funds forthwith to the Federal Receiver.

19

20 Dated: November 10, 2007          DANNING, GILL, DIAMOND & KOLLITZ, LLP

21

22                                  By:

23                                  Steven J. Schwartz
                                    Attorneys for Federal Receiver
24

25

26

27

28

-5-                    007

**RER - 71**

1   WILLIAM BLUMENTHAL
     General Counsel
2
   MICHAEL P. MORA
3   Federal Trade Commission
     600 Pennsylvania Ave. NW, Room NJ-2121
4   Washington, DC  20580
     Telephone:  (202) 326-3373
5   Facsimile:  (202) 326-2558
     Email: mmora@ftc.gov
6
   ATTORNEY FOR FEDERAL
7   TRADE COMMISSION

8             UNITED STATES BANKRUPTCY COURT
                NORTHERN DISTRICT OF CALIFORNIA
9                    SAN JOSE DIVISION

10

11   In re:

12   THE BILLING RESOURCE, dba Integretel, a
     California corporation,
13
                 Debtor
14

15

16

17

18

19

| | |
|---|---|
| **Case No. 07-52890** | |
| Chapter 11 | |
| **FEDERAL TRADE COMMISSION'S LIMITED FOURTH SUPPLEMENTAL OPPOSITION TO EMERGENCY MOTION FOR USE OF CASH COLLATERAL** | |
| Date:  November 30, 2007 | |
| Time:  10:15 a.m. | |
| Ctrm:  3020 | |

20        The Federal Trade Commission ("Commission") hereby:  (1) joins in the limited

21   opposition filed by the Federal Receiver to the Debtor's Emergency Motion for Use of Cash

22   Collateral; (2) incorporates herein by reference the Commission's previously filed Opposition

23   [DE 48], Supplemental Opposition [DE 129], Second Supplemental Opposition [DE 196], and

24

25

26

27

28                       -1-

1  Third Supplemental Opposition to the Cash Collateral Motion [DE 246]; and (3) renews its

2  objections.[1]

3      As set forth in the Commission's prior objections, before this case was filed, the District

4  Court for the Southern District of Florida ruled that approximately $1.7 million in Reserve Funds

5  nominally held by Integretel, the Debtor, are property of the federal equity receivership estate in

6  the Commission's consumer protection Enforcement Action against Integretel.[2] Integretel has

7  appealed the pertinent orders of the Florida District Court to the Eleventh Circuit Court of

8  Appeals. The Eleventh Circuit has denied Integretel's motion to stay the Florida District's orders

9  pending its appeal. Integretel is collaterally estopped by the Florida District Court's orders from

10 arguing that the Reserve Funds are property of its bankruptcy estate, as opposed to the

11 Receivership estate in the Enforcement Action, in the guise of a cash collateral proceeding. But

12 that is precisely what they are doing. There is simply no basis, under § 363 of the Bankruptcy

13 Code or otherwise, for this Bankruptcy Court to issue a conflicting order authorizing Integretel to

14 use the Reserve Funds for any purpose, other than complying with the District Court's order to

15 turn them over to the Receiver.

16 /

17 /

18 /

19 /

20

21 _____

22 [1] The Commission intends that neither this Limited Fourth Supplemental Opposition nor
any later appearance, pleading, claim, or suit shall waive: (1) the FTC's right to have final orders
23 in noncore matters entered only after *de novo* review by a District Court Judge; (2) the FTC's
right to have the District Court withdraw the reference in any matter subject to mandatory or
24 discretionary withdrawal; or (3) any other rights, claims, actions, defenses, setoffs, recoupments,
or remedies to which the FTC is or may be entitled, in law or equity, all of which rights, claims,
25 actions, defenses, setoffs, recoupments and remedies the FTC expressly reserves.

26 [2] All capitalized terms herein shall have the same meaning as defined and used in the
27 Commission's prior briefs opposing the Cash Collateral Motion.

28                                    -2-

1    Accordingly, the Commission objects to the Debtor's Cash Collateral Motion to the

2    extent that the Debtor seeks authority to use the Reserve Funds, and respectfully requests that the

3    Court tailor any final order granting the Motion accordingly.

4

5

6

7    Dated: November 26, 2007                         Respectfully submitted,

8

9                                                     WILLIAM BLUMENTHAL
                                                      General Counsel
10

11                                                    /s/ Michael P. Mora

12                                                    MICHAEL P. MORA
                                                      Federal Trade Commission
13                                                    600 Pennsylvania Ave. NW, Room NJ-2121
                                                      Washington, DC  20580
14                                                    Telephone:  (202) 326-3373
                                                      Facsimile:   (202) 326-2558
15                                                    Email: mmora@ftc.gov

16                                                    ATTORNEY FOR FEDERAL
                                                      TRADE COMMISSION
17

18

19

20

21

22

23

24

25

26

27

28                              -3-

**RER - 72**

11/26/2007 16:54 FAX  4154343947              SMR&H                                    ☑002/006

Entered on Docket
November 28, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2 |  A Limited Liability Partnership
Including Professional Corporations
3 | MICHAEL H. AHRENS,
Cal. Bar No. 44766
4 | STEVEN B. SACKS,
Cal. Bar No. 98875
5 | JEFFREY K. REHFELD,
Cal. Bar No. 188128
6 | Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
7 | Telephone:   415-434-9100
Facsimile:   415-434-3947
8 |
Attorneys for The Billing Resource, dba
9 | Integretel

**FILED**

NOV 2 6 2007

CLERK
United States Bankruptcy Court
San Jose, California
The following constitutes the
Order of the Court. Signed ___11/26_____  200 7

_Arthur S. Weissbrodt_
HON. **ARTHUR S. WEISSBRODT**
United States Bankruptcy Judge

10
UNITED STATES BANKRUPTCY COURT
11                                       NORTHERN DISTRICT OF CALIFORNIA
[SAN JOSE DIVISION]

12 | In re                                          Case No. 07-52890
13 | THE BILLING RESOURCE, dba                     Chapter 11
14 | INTEGRETEL, a California corporation,
15 |               Debtor.
16
17 | THE BILLING RESOURCE, dba
INTEGRETEL, a California corporation,          Adv. Proc. No. 07-05156
18
19 |               Plaintiff,                      **ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION**
20 |        v.
Date:  November 26, 2007
FEDERAL TRADE COMMISSION, and                  Time:  10:00 a.m.
21 | DAVID R. CHASE, not individually, but         Court: Room 3020, Hon. Arthur Weissbrodt
solely in his capacity as receiver for
22 | Nationwide Connections, Inc., Access One
Communications, Inc., Network One Services,
23 | Inc., 411TXT, Inc., CELL-INFO-USA, INC.,
Enhanced Billing Services, Inc., Toll Free
24 | Connect, Inc., Cripple Creek Holdings, LLC,
Built to Last, LLC, Not Fade Away, LLC, He's
25 | Gone, LLC, The Other One, LLC, Turn on
Your Love Light, LLC, China Cat Sunflower,
26 | LLC, Lazy River Road Holdings, LLC,
27 |               Defendant.
28

W02-WEST:5SS1\400529214.2

ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION RE: ENFORCING OMNIBUS ORDER

11/26/2007  16:54 FAX  4154343947                SMR&H                              ☑ 003/006

1    On November 26, 2007, the Court having previously issued a temporary restraining order

2    and an order to show cause re preliminary injunction, held a hearing in connection with the motion

3    filed by The Billing Resource, dba Integretel ("Integretel"), for a preliminary injunction against

4    the Federal Trade Commission ("FTC") and David R. Chase, not individually, but solely in his

5    capacity as receiver (the "Receiver"), preventing them from enforcing as to Integretel that certain

6    Omnibus Order entered on the docket on September 14, 2007 (the "Omnibus Order") in that

7    certain action captioned <u>Federal Trade Commission v. Nationwide Connections, Inc., et al.,</u> Case

8    No. 06-80180-Civ-Ryskamp (the "Florida Action") pending in the United States District Court for

9    the Southern District of Florida (the "Florida Court") and that certain Order Granting Motion for

10   Clarification as to Scope of Stay entered on the docket by the Florida Court in the Florida Action

11   on September 21, 2007 (the "Clarification Order"), insofar as the Clarification Order relates to the

12   Omnibus Order.  Appearances were as stated on the record.  The Court incorporates herein its

13   Memorandum Decision re Order to Show Cause Regarding Preliminary Injunction filed and

14   entered on November 2, 2007 and further stated its findings of fact and conclusions of law on the

15   record at the hearings it held on November 16, 2007, November 21, 2007 and November 26, 2007. ⊛

16         **GOOD CAUSE APPEARING,** it is hereby ordered as follows:

17         The FTC and the Receiver, and their officers, agents, servants, employees and attorneys

18   and upon those persons in active concert or participation with them who receive actual notice of

19   the order by personal service or otherwise, are hereby restrained and enjoined until further order of

20   this Court from seeking to implement or enforce in the Florida Court as to Integretel the Omnibus

21   Order or the Clarification Order, as it relates to the Omnibus Order, including without limitation

22   initiating, suggesting or participating in any proceedings to hold Integretel in contempt in

23   connection therewith, or otherwise seeking to compel Integretel to transfer any money or property

24   to the Receiver.  The preliminary injunction issued herein does not affect or restrain the parties

25   from prosecuting and responding to appeals filed by Integretel from orders issued by the Florida

26   Court.  The Court further orders that the Receiver shall submit any status reports that pertain to

27   Integretel to the Florida Court jointly with Integretel.

28   ⊛ See Exhibit "A"

W02-WEST:5SS1\400529214.2                                  -1-

                                        ORDER GRANTING MOTION FOR PRELIMINARY
                                        INJUNCTION RE: ENFORCING OMNIBUS ORDER

1    Integretel is directed that it shall continue to maintain the sum of $1,762,762.56 in the

2  blocked interest-bearing Debtor in Possession account to which they were transferred pursuant to

3  the terms and conditions of this Court's prior order entered on October 3, 2007, without prejudice

4  to the claims, rights, or defenses of any party, until further order of this Court.

5                              ** END OF ORDER **

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

The Court also relies on <u>Christopher Village, L.P. v. United States</u>, 360 F.3d 1319 (Fed. Cir. 2004), previously referenced by this Court.  In <u>Christopher Village</u>, the Federal Circuit held that the Court of Federal Claims had exclusive jurisdiction to adjudicate a breach of contract claim notwithstanding the fact that a district court and the Fifth Circuit had previously asserted jurisdiction over those claims.  The Federal Circuit acknowledged the general rule that in most circumstances a judgment may not be collaterally attacked on the ground that the original tribunal lacked subject matter jurisdiction, even if the issue of subject matter jurisdiction has not been litigated in the first action.  However, the Federal Circuit held that in an exception to that general rule includes situations where "[a]llowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government," quoting Restatement (Second) of Judgments § 12(2) (1982), and citing to <u>In re Bulldog Trucking, Inc. v. Productive Transp. Servs., Inc.</u>, 147 F.3d 347, 354 (4th Cir. 1998) and <u>Sterling v. United States</u>, 85 F.3d 1225, 1231 (7th Cir. 1996).  <u>Christopher Village</u>, 360 F.3d at 1329-30.  Here, under <u>Christopher Village</u>, where this Court has exclusive jurisdiction over determining what constitutes property of the bankruptcy estate, allowing the Clarification Order to determine Debtor's rights in property of the estate would both substantially infringe the authority of this Court and irreparably damage the Debtor and the Debtor's estate.

| | |
|---|---|
| 1 | <p style="text-align:center">COURT SERVICE LIST</p> |
| 2 | Office of the U.S. Trustee<br>Office of the U.S. Trustee |
| 3 | Attn: John Wesolowski, Esq.<br>280 South First Street, Room 268 |
| 4 | San Jose, CA 95113 |
| 5 | The Billing Resource dba Integretel<br>The Billing Resource dba Integretel |
| 6 | Attn: Ken Dawson<br>5883 Rue Ferrari |
| 7 | San Jose, CA 95138 |
| 8 | Counsel for The Billing Resource dba Integretel<br>Sheppard, Mullin, Richter & Hampton LLP |
| 9 | Attn: Michael H. Ahrens, Esq.<br>4 Embarcadero Center, 17th Floor |
| 10 | San Francisco, CA 94111-4106 |
| 11 | David R. Chase, Receiver<br>David R. Chase, Receiver for Access One Communications, |
| 12 | Inc. and Network One Services, Inc.<br>David R. Chase, P.A. |
| 13 | Wachovia Center-Penthouse<br>1909 Tyler Street |
| 14 | Hollywood, FL 33020 |
| 15 | Counsel for the Receiver David R. Chase<br>Jeffrey C. Schneider, Esq. |
| 16 | Michelle T. Visiedo, Esq.<br>Tew Cardenas LLP |
| 17 | Four Seasons Tower – 15th Floor<br>1441 Brickell Avenue |
| 18 | Miami, FL 33131 |
| 19 | Counsel for the Receiver David R. Chase<br>Walter Oetzell, Esq. |
| 20 | Danning, Gill, Diamond & Kollitz, LLP<br>2029 Century Park East, Third Floor |
| 21 | Los Angeles, CA 90067-2904 |
| 22 | Counsel for the Federal Trade Commission<br>Laura M. Kim, Esq. |
| 23 | Michael J. Davis, Esq.<br>Collot Guerard, Esq. |
| 24 | Federal Trade Commission<br>600 Pennsylvania Avenue, NW, Room 286 |
| 25 | Washington, DC 20580 |
| 26 | Federal Trade Commission<br>Associate Director, Division of Marketing Practices |
| 27 | Federal Trade Commission, H-238 |
| 28 | 600 Pennsylvania Avenue, N.W. |

<p style="text-align:center">-3-</p>

| | |
|---|---|
| W02-WEST:5SS1\400529214.2 | ORDER GRANTING MOTION FOR PRELIMINARY<br>INJUNCTION RE: ENFORCING OMNIBUS ORDER |



1 | Washington, D.C.  20580

2 | Proposed Counsel for the Official Unsecured Creditors Committee
John Fiero, Esq.

3 | Maxim Litvak, Esq.
Pachulski, Stang, Ziehl & Jones

4 | 150 California Street
15th Floor

5 | San Francisco, CA 94111-4500

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

W02-WEST:5SS1\400529214.2

ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION RE: ENFORCING OMNIBUS ORDER

**RER - 73**

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  STEVEN B. SACKS, Cal. Bar No. 98875
   JEFFREY K. REHFELD, Cal. Bar No. 188128
4  ORI KATZ, Cal. Bar No. 209561
   Four Embarcadero Center, 17th Floor
5  San Francisco, California  94111-4106
   Telephone:    415-434-9100
6  Facsimile:    415-434-3947

7  Attorneys for The Billing Resource, dba Integretel

8               UNITED STATES BANKRUPTCY COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                   [SAN JOSE DIVISION]

| | |
|---|---|
| 11 In re | Case No. 07-52890 |
| 12 THE BILLING RESOURCE, dba | Chapter 11 |
| 13 INTEGRETEL, a California corporation, | |
| 14         Debtor. | |
| 15 Tax ID: 33-0289863 | |
| 16 | |
| 17 THE BILLING RESOURCE, dba | Adv. Proc. No. 07-05156 |
| INTEGRETEL, a California corporation, | **DEBTOR'S MOTION FOR LEAVE TO** |
| 18       Plaintiff, | **FILE AN AMENDED COMPLAINT** |
| 19     v. | Date:       December 7, 2007 |
| | Time:       10:30 a.m. |
| 20 FEDERAL TRADE COMMISSION, and | Place:      United States Bankruptcy Court |
| DAVID R. CHASE, not individually, but |             280 South First Street |
| 21 solely in his capacity as receiver for |             San Jose, California |
| Nationwide Connections, Inc., Access One | Judge:      Hon. Arthur S. Weissbrodt |
| 22 Communications, Inc., Network One Services, | Courtroom: 3020 |
| Inc., 411TXT, Inc., CELL-INFO-USA, INC., | |
| 23 Enhanced Billing Services, Inc., Toll Free | |
| Connect, Inc., Cripple Creek Holdings, LLC, | |
| 24 Built to Last, LLC, Not Fade Away, LLC, He's | |
| Gone, LLC, The Other One, LLC, Turn on | |
| 25 Your Love Light, LLC, China Cat Sunflower, | |
| LLC, Lazy River Road Holdings, LLC, | |
| 26 | |
|       Defendants. | |
| 27 | |
| 28 | |

W02-WEST:5SS1\400562860.1    Case: 07-05156    Doc #: 70    Filed: 11/27/2007    Page 1 of 5    MOTION TO FILE AMENDED COMPLAINT ..

RER-73    3320

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.

## INTRODUCTION

The Billing Resource, dba Integretel (the "Debtor"), seeks leave to file an amended complaint in this adversary proceeding.  The Debtor wishes to assert an additional claim against the defendants, the Federal Trade Commission ("FTC") and David R. Chase, as receiver (the "Receiver").  The Court should grant leave because extreme liberality is afforded to pleading amendments and there are no facts justifying denial of leave to amend.

# II.

## FACTUAL STATEMENT[1]

The Debtor filed for bankruptcy protection on September 16, 2007, after the U.S. District Court for the Southern District of Florida (the "Florida Court") granted the Receiver's motion in litigation pending there for an order requiring the Debtor to pay to the Receiver the "reserves" that the Receiver claimed were owed to the Debtor's former clients for whom the Receiver was appointed, or to show cause why it should not be held in contempt (the "Omnibus Order").

The Debtor filed this adversary proceeding on September 19, 2007, only three days after it filed its Chapter 11 petition.  At that time, the Debtor wanted to establish that the Omnibus Order was stayed pursuant to 11 U.S.C. §362 and to obtain, if the Omnibus Order was not subject to the automatic stay, a temporary restraining order and preliminary injunction preventing enforcement of the Omnibus Order against the Debtor.

Since the filing of the Debtor's adversary complaint, the Receiver and the FTC have claimed have claimed that the money in the Debtor's possession at the time that it filed for bankruptcy is not property of the Debtor's bankruptcy estate based on the Omnibus Order. On September 21, 2007, without affording the Debtor notice or an opportunity to be heard,

---

[1] The facts set forth herein are supported by the accompanying Declaration of Steven B. Sacks.

-1-

1   the Florida Court entered an order finding that the automatic stay did not apply to the

2   proceedings related to the Omnibus Order and that the current amount set forth in the

3   Debtor's accounting records as the reserves for the former customers was the Receiver's

4   "property" and was not property of the bankruptcy estate. The Debtor contends that the

5   Florida Court had no jurisdiction even to rule on the bankruptcy estate's property and that

6   its ruling was issued without affording the Debtor fair notice and an opportunity to be

7   heard. Moreover, the question before the Florida Court as to the Receiver's entitlement to

8   reserves withheld from the Debtor's former customers is distinct from the question of

9   whether anyone other than the Debtor and its secured creditors have an interest in the

10  funds held by the Debtor as of the time it filed for bankruptcy protection.

11      In the course of proceedings on the Debtor's motion for a preliminary injunction

12  against enforcement of the Omnibus Order, the Court has ruled that the bankruptcy court

13  has exclusive jurisdiction to determine what constitutes property of the bankruptcy estate.

14  *See* Memorandum Decision re Order to Show Cause re Preliminary Injunction, entered

15  November 2, 2007, at 44, 48-49.

16      Debtor therefore seeks to amend its complaint in this proceeding to have the

17  bankruptcy court determine the nature and extent of any interest that the FTC and the

18  Receiver have in any property of the Debtor. The Debtor intends to prove that the

19  Omnibus Order did not create any interest in or ownership over the Debtor's bank accounts

20  so as to give the Receiver the right to obtain funds from the estate on a basis different from

21  that of any other unsecured creditor. In addition, the Debtor asserts that the "reserve

22  funds" allegedly subject to the Omnibus Order, i.e., funds generated from Integretel's

23  billing and collection of charges submitted by the Debtor's former customers, do not exist,

24  as once the Debtor did not remit funds to the former customers it used them for other

25  purposes in the Debtor's business. Thus none of the funds in the Debtor's possession at the

26  time it filed its bankruptcy petition belong to the Receiver or the FTC.

27      The proposed Amended Complaint, which is attached to the accompanying

28  declaration as Exhibit A, also has been updated to reflect the present circumstances of this

-2-

1  matter and contains various non-substantive changes and corrections. This motion is

2  necessary because the defendants have declined to stipulate to the filing of the amended

3  complaint.

4                                    **III.**

5                                **ARGUMENT**

6  **THE DEBTOR SHOULD BE PERMITTED TO AMEND ITS COMPLAINT**

7

8     A.    There is a Liberal Policy in Favor of Granting Leave to Amend

9            It is well-settled that "[c]ases should be decided upon their merits whenever

10  reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *see also*

11  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Accordingly,

12  Fed.R.Civ.P. 15(a), applicable here pursuant to Fed.R.Bankr.P. 7015, provides that leave

13  to amend "shall be freely given when justice so requires."

14           In light of the strong federal policy in favor of the resolution of cases on their

15  merits, rather than on procedural technicalities, Rule 15 "is to be applied with extreme

16  liberality." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987) (citations

17  omitted). "This liberality in granting leave to amend is not dependent on whether the

18  amendment will add causes of action or parties." *Id*. Indeed, leave to amend is required

19  unless the opposing party makes a showing of undue prejudice, bad faith, futility or undue

20  delay by the moving party. *Id*. "Bald assertions of prejudice" are insufficient to overcome

21  the strong policy reflected in Rule 15(a) favoring the "proper disposition" of cases on their

22  merits. *Hurn v. Retirement Fund Trust of the Plumbing, Heating & Piping Indus.*, 648

23  F.2d 1252, 1254 (9th Cir. 1981), quoting *Conley v. Gibson*, 335 U.S. 41, 48, 78 S. Ct. 99, 2

24  L. Ed. 2d 80 (1957).

25     B.    Good Cause Exists To Justify the Granting of Leave to Debtor to Amend Its

26            Complaint and Defendants Will Not Suffer Any Prejudice

27           Here, the adversary proceeding is still in its infancy and there is no basis to deny

28  leave to amend. The Debtor has not delayed in bringing this motion and the defendants are

-3-

1   not prejudiced by the fact that the original complaint, filed two months ago, did not include
2   a claim for the Court to determine the validity and extent of any interest held by the FTC
3   and the Receiver in any property in the Debtor's possession.  This claim is within the core
4   jurisdiction of the bankruptcy court and thus it would not be futile for the Debtor to assert
5   it.  28 U.S.C. § 157(b)(2)(A), (K), (O).  The Debtor is asserting this new claim for relief in
6   a good faith effort to determine the nature and extent of the defendants' interest in its assets
7   so that this issue can be finally resolved in the Court that has exclusive jurisdiction to do
8   so.  28 U.S.C. § 1334(e); <u>Tennessee Student Assistance Corp. v. Hood</u>, 541 U.S. 440, 448
9   (2004) ("A bankruptcy court's *in rem* jurisdiction permits it to 'determin[e] all claims that
10  anyone, whether named in the action or not, has to the property or thing in question.").

11                                           IV.

12                                     <u>CONCLUSION</u>

13      The Court should grant leave to the Debtor to file its Amended Complaint in this

14  adversary proceeding.

15  Dated: November 27, 2007

16                          Respectfully submitted,

17                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

18

19                          By _____
                                        /s/ Steven B. Sacks
20                                      STEVEN B. SACKS
                            Attorneys for Debtor The Billing Resource, dba
21                                          Integretel

22

23

24

25

26

27

28

-4-

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  STEVEN B. SACKS, Cal. Bar No. 98875
   JEFFREY K. REHFELD, Cal. Bar No. 188128
4  ORI KATZ, Cal. Bar No. 209561
   Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4106
   Telephone:    415-434-9100
6  Facsimile:    415-434-3947

7  Attorneys for The Billing Resource, dba Integretel

8              UNITED STATES BANKRUPTCY COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                    [SAN JOSE DIVISION]

11 | In re                                | Case No. 07-52890
12 | THE BILLING RESOURCE, dba            | Chapter 11
13 | INTEGRETEL, a California corporation, |
14 |              Debtor.                  |
15 | Tax ID: 33-0289863                    |

16 | THE BILLING RESOURCE, dba            | Adv. Proc. No. 07-05156
17 | INTEGRETEL, a California corporation, |
   |                                       | DECLARATION OF STEVEN B. SACKS
18 |              Plaintiff,               | IN SUPPORT OF DEBTOR'S MOTION
   |                                       | FOR LEAVE TO FILE AN AMENDED
19 |         v.                            | COMPLAINT
20 | FEDERAL TRADE COMMISSION, and        | Date:     December 7, 2007
   | DAVID R. CHASE, not individually, but | Time:     10:30 a.m.
21 | solely in his capacity as receiver for | Place:    United States Bankruptcy Court
   | Nationwide Connections, Inc., Access One |        280 South First Street
22 | Communications, Inc., Network One Services, |     San Jose, California
   | Inc., 411TXT, Inc., CELL-INFO-USA, INC., | Judge:  Hon. Arthur S. Weissbrodt
23 | Enhanced Billing Services, Inc., Toll Free | Courtroom: 3020
   | Connect, Inc., Cripple Creek Holdings, LLC, |
24 | Built to Last, LLC, Not Fade Away, LLC, He's |
   | Gone, LLC, The Other One, LLC, Turn on |
25 | Your Love Light, LLC, China Cat Sunflower, |
   | LLC, Lazy River Road Holdings, LLC, |
26 |                                       |
27 |              Defendants.              |
28

W02-WEST:5SS1\400562880.1                    SACKS DECLARATION IN SUPPORT OF MOTION

1    I, Steven B. Sacks, declare as follows:

2    1.    I am an attorney admitted to practice in the courts of this State and before

3    this Court. I am a member of Sheppard, Mullin, Richter & Hampton, LLP, counsel to The

4    Billing Resource, dba Integretel, a California corporation (the "Debtor"), the debtor in this

5    case. I have personal knowledge of the matters set forth below. If called upon to testify as

6    to those matters I could and would do so competently.

7    2.    The Debtor filed for bankruptcy protection on September 16, 2007, after the

8    U.S. District Court for the Southern District of Florida (the "Florida Court") granted the

9    Receiver's motion in litigation pending there for an order requiring the Debtor to pay to the

10   Receiver the "reserves" that the Receiver claimed were owed to the Debtor's former clients

11   for whom the Receiver was appointed, or to show cause why it should not be held in

12   contempt (the "Omnibus Order").

13   3.    The Debtor filed this adversary proceeding on September 19, 2007, only

14   three days after it filed its Chapter 11 petition. At that time, the Debtor wanted to establish

15   that the Omnibus Order was stayed pursuant to 11 U.S.C. § 362 and to obtain, if the

16   Omnibus Order was not subject to the automatic stay, a temporary restraining order and

17   preliminary injunction preventing enforcement of the Omnibus Order against the Debtor.

18   4.    Since the filing of the Debtor's adversary complaint, the Receiver and the

19   FTC have claimed that the money in the Debtor's possession at the time that it filed for

20   bankruptcy is not property of the Debtor's bankruptcy estate based on the Omnibus Order.

21   On September 21, 2007, without affording the Debtor notice or an opportunity to be heard,

22   the Florida Court entered an order finding that the automatic stay did not apply to the

23   proceedings related to the Omnibus Order and that the current amount set forth in the

24   Debtor's accounting records as the reserves for the former customers was the Receiver's

25   "property" and was not property of the bankruptcy estate. The Debtor contends that the

26   Florida Court had no jurisdiction even to rule on the bankruptcy estate's property and that

27   its ruling was issued without affording the Debtor fair notice and an opportunity to be

28   heard. Moreover, the question before the Florida Court as to the Receiver's entitlement to

-1-

W02-WEST:5SS1\400562880.1

SACKS DECLARATION IN SUPPORT OF MOTION
TO FILE AMENDED COMPLAINT

1 | reserves withheld from the Debtor's former customers is distinct from the question of
2 | whether anyone other than the Debtor and its secured creditors have an interest in the
3 | funds held by the Debtor as of the time it filed for bankruptcy protection.

4 |   5.    Debtor therefore seeks to amend its complaint in this proceeding to have the
5 | bankruptcy court determine the nature and extent of any interest that the FTC and the
6 | Receiver have in any property of the Debtor.   The Debtor intends to prove that the
7 | Omnibus Order did not create any interest in or ownership over the Debtor's bank accounts
8 | so as to give the Receiver the right to obtain funds from the estate on a basis different from
9 | that of any other unsecured creditor.   In addition, the Debtor asserts that the "reserve
10 | funds" allegedly subject to the Omnibus Order, i.e., funds generated from Integretel's
11 | billing and collection of charges submitted by the Debtor's former customers, do not exist,
12 | as once the Debtor did not remit funds to the former customers it used them for other
13 | purposes in the Debtor's business.  Thus none of the funds in the Debtor's possession at the
14 | time it filed its bankruptcy petition belong to the Receiver or the FTC.

15 |   6.    The proposed Amended Complaint, which is attached hereto, also has been
16 | updated to reflect the present circumstances of this matter and contains various non-
17 | substantive changes and corrections.  This motion is necessary because the defendants
18 | have declined to stipulate to the filing of the amended complaint.

19 |   I declare under penalty of perjury under the laws of the United States of
20 | America that the foregoing is true and correct.  Executed this 27th day of November, 2007,
21 | at San Francisco, California.

22 |                                    /s/ Steven B. Sacks
23 |                                  STEVEN B. SACKS

24
25
26
27
28

W02-WEST:5SS1\400562880.1

SACKS DECLARATION IN SUPPORT OF MOTION
TO FILE AMENDED COMPLAINT

# EXHIBIT A

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  STEVEN B. SACKS, Cal. Bar No. 98875
   JEFFREY K. REHFELD, Cal. Bar No. 188128
4  ORI KATZ, Cal. Bar No. 209561
   Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4106
   Telephone:    415-434-9100
6  Facsimile:    415-434-3947
   email: mahrens@sheppardmullin.com
7
8  Attorneys for The Billing Resource, dba Integretel

9              UNITED STATES BANKRUPTCY COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                    [SAN JOSE DIVISION]

12 | In re                          | Case No. 07-052890

13 | THE BILLING RESOURCE, dba      | Chapter 11
   | INTEGRETEL, a California corporation,
14
15 |                Debtor.
   | Tax ID: 33-0289863
16
17 | THE BILLING RESOURCE, dba
   | INTEGRETEL, a California corporation,   Adv. Proc. No. 07-05156
18 |                Plaintiff,        **AMENDED COMPLAINT FOR
19 |         v.                       DECLARATORY RELIEF,
                                      TEMPORARY RESTRAINING ORDER
20 | FEDERAL TRADE COMMISSION, and   AND PRELIMINARY INJUNCTION
   | DAVID R. CHASE, not individually, but   AND TO DETERMINE VALIDITY,
21 | solely in his capacity as receiver for   PRIORITY AND EXTENT OF
   | Nationwide Connections, Inc., Access One   INTEREST IN PROPERTY**
22 | Communications, Inc., Network One Services,
   | Inc., 411TXT, Inc., CELL-INFO-USA, INC.,
23 | Enhanced Billing Services, Inc., Toll Free
   | Connect, Inc., Cripple Creek Holdings, LLC,
24 | Built to Last, LLC, Not Fade Away, LLC, He's
   | Gone, LLC, The Other One, LLC, Turn on
25 | Your Love Light, LLC, China Cat Sunflower,
   | LLC, Lazy River Road Holdings, LLC,
26
27 |                Defendant.

28

W02-WEST:5SS1\400435989.4

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND
PRELIMINARY INJUNCTION...

The Billing Resource, dba Integretel, a California corporation, plaintiff herein (the "Debtor"), alleges as follows:

1.    This is an adversary proceeding seeking declaratory and injunctive relief, including determination of the validity and extent of defendants' interest in property, pursuant to 28 U.S.C. Sections 1334(e), 2201 and 2202; 11 U.S.C. §§ 105, 362(a) and 541; Federal Rule of Bankruptcy Procedure Rules 7001(2), (7) and (9); and Federal Rule of Civil Procedure 65 incorporated by Federal Rule of Bankruptcy Procedure 7065.

**THE PARTIES**

2.    The Debtor is a corporation organized and existing under the laws of the State of California with its principal place of business in San Jose, California.  The Debtor performs data processing, account reconciliation, customer service and related services in the telecommunications industry.  The Debtor is the debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Bankruptcy Case"), to which this adversary proceeding "relates" pursuant to Federal Rule of Bankruptcy Procedure 7008(a).  The Debtor commenced this Bankruptcy Case by filing a voluntary petition under chapter 11 of the United States Code (i.e., the "Bankruptcy Code") on September 16, 2007 (the "Petition Date").  The Bankruptcy Case is pending in the United States Bankruptcy Court for the Northern District of California, San Jose Division.

3.    Defendant the Federal Trade Commission (the "FTC") is an independent agency of the United States Government created by statute.  15 U.S.C. §§ 41, *et seq.*

4.    David R. Chase (the "Receiver" and the Receiver and the FTC each a "Defendant" and together the "Defendants") is the receiver for the following entities Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., 411TXT, Inc., CELL-INFO-USA, INC., Enhanced Billing Services, Inc., Toll Free Connect, Inc., Cripple Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's Gone, LLC, The Other One, LLC, Turn on Your Love Light, LLC, China Cat Sunflower, LLC, Lazy River Road Holdings, LLC, appointed by the United States District Court for the Southern District of Florida in the lawsuit captioned <u>Federal Trade Commission v. Nationwide Connections, Inc., et al.</u>, Case No. 06-80180-Civ-

-1-

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND
PRELIMINARY INJUNCTION

RER-73                    3330

1 | Ryskamp. The Debtor has brought this action against the Receiver, not individually, but solely in
2 | the Receiver's capacity as receiver for the foregoing entities.

3 | **JURISDICTION AND VENUE**

4 | 5.    This adversary proceeding arises under title 11, or arises in or is related to the
5 | Bankruptcy Case, within the meaning of 28 U.S.C. Section 1334(b). This Court therefore has
6 | jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157(a), 157(b), 1334(b)
7 | and 1334(e) and Rule 5011-1 of the Bankruptcy Local Rules of the United States District Court
8 | for the Northern District of California.

9 | 6.    This Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202.

10 | 7.    This adversary proceeding is a core proceeding pursuant to 28 U.S.C. Sections
11 | 157(b)(2)(A), (G), (K) & (O).

12 | 8.    Venue is proper in this district pursuant to 28 U.S.C. Section 1409(a).

13 | 9.    The FTC is subject to the jurisdiction of this Court.

14 | 10.    The Receiver is subject to the jurisdiction of this Court.

15 | **GENERAL FACTUAL ALLEGATIONS**

16 | A.    **The Debtor's Background and the Debtor's Business.**

17 | 11.    The Debtor was formed in 1988 based on a need for aggregators to facilitate billing
18 | and collections on behalf of smaller telecommunications companies that provided "alternative
19 | operator services" ("AOS") which otherwise could not afford to compete with the larger local
20 | exchange carriers ("LECs" or "Telcos") such as AT&T.

21 | 12.    AOS involves providing long-distance calling on an occasional or as-needed basis
22 | in situations where often the consumer uses the service provider's assets or services without the
23 | consumer or the service provider knowing each other's identity. For example, a service provider
24 | owning the service contract for a hotel chain has no idea as to the identity of the consumer using
25 | its phones. If an AOS provider facilitates a collect call it needs a way to bill the consumer for that
26 | call.

27 | 13.    The Debtor addressed a significant industry void by creating a service bureau
28 | focused entirely on billing-related services for AOS providers and others needing a means of

-2-

AMENDED COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION. . .

Case: 07-05156    Doc #: 70    Filed: 11/27/2007    Page 7 of 18

RER-73    3331

1   billing consumers for their services. As the cornerstone to its billing capability, the Debtor

2   maintains a full complement of billing and collection agreements with an estimated 1,400 or more

3   LECs and independent service providers so that it can place calls made through an AOS on a LEC

4   bill. This infrastructure enables telecommunication service providers to incorporate their charges

5   within the phone bills of greater than 90% of business and residential consumers throughout the

6   United States and Canada. By using a billing aggregator like the Debtor, the fixed overhead is

7   already in place and the per unit billing cost is typically lower than the direct approach. Moreover,

8   the LEC bill adds credibility to the charge and provides a substantially higher collection rate.

9       14.    The Debtor quickly established itself as a leader in providing LEC billing solutions

10  for diverse and emerging products and services. The Debtor presently offers a complete array of

11  complementary services including internet-delivered management and settlement reporting, direct

12  billing, customer care and collection support. As a strategic back-room business partner, the

13  Debtor frees its clients to focus their efforts on promoting and selling products and services.

14      15.    In addition to AOS providers, the Debtor services customers offering enhanced

15  products and services such as voice mail, online directory listings and bundled calling plans.

16  While these services may be billed to credit cards, often consumers are hesitant to use their credit

17  cards for such intangible purchases and, therefore, may prefer alternate billing choices such as the

18  LEC phone bill.

19      16.    The Debtor has served thousands of service providers over the years. The vast

20  majority of the processed billings have been in support of smaller sized businesses that otherwise

21  would not have been able to compete. It is the competitive pressure of these smaller companies

22  that has forced down the rates charged to consumers by the larger telecommunication companies.

23      17.    The Debtor's office is in San Jose, California. The Debtor leases that office space.

24  The Debtor has no other offices or real estate leases. The Debtor owns no real estate. The Debtor

25  has approximately thirty-seven employees. Twenty-two of those employees have been with the

26  company for over five years, and thirteen have been with the Debtor for over ten years. In

27  addition, the Debtor's services support, through outsourced relationships, approximately 20-30 call

28  center personnel in several different call centers who are employed by a third-party vendor.

-3-

W02-WEST:5SS1\400435989.4

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
AND PRELIMINARY INJUNCTION...

Case: 07-05156    Doc #: 70    Filed: 11/27/2007    Page 8 of 18

RER-73    3332

**B.    Access One and Network One.**

18.    Access One Communications, Inc. ("Access One") and Network One Services, Inc. ("Network One") were two of the Debtor's prior AOS provider customers (Access One and Network One collectively shall be referred to as the "Prior Customers").

19.    The relationship between the Debtor and its AOS provider customers, including each of the Prior Customers, is governed by a contract between the Debtor and the customer.

20.    The Debtor's contracts with the Prior Customers (the "Subject Contracts") provide that the customer submitted to the Debtor the customer's billing transactions (the "Billing Transactions") in a data format acceptable to the Debtor.  The Billing Transaction became an account receivable of the Debtor and not the customer.  The Debtor's Billing Contracts with the LECs are structured as a purchase of accounts receivable between the Debtor and the LECs and the Subject Contracts provided that all necessary rights were transferred to the Debtor.  In fact, the Debtor's contract with Access One included a provision which explicitly recognizes this "Client [i.e., the customer] acknowledges that the Billing Contracts with Telcos [i.e., LECs] are structured as a purchase of accounts receivable..."

21.    The Prior Customers had no ownership interest in their Billing Transactions after the Billing Transactions were submitted to the Debtor.  The Prior Customers were unsecured creditors of the Debtor, with claims for certain "distributions" under the contract between the Debtor and the customer.  Generally, those "distributions" were paid by the Debtor about 90 or so days after the Billing Transaction is submitted to the Debtor by the customer.  The Debtor was authorized to withhold from the Prior Customers its fees as well as amounts that may be used by the Debtor to resolve disputes, make other adjustments and maintain reserves against future disputes and adjustments.

22.    The Subject Contracts provide that each week the Debtor shall transfer by wire to the customer's bank account the Net Proceeds identified in the prior week.  "Net Proceeds" is defined as the gross value of the Billing Transactions that are remitted to the LECs, less amounts withheld by the LECs, less amounts due to the Debtor, and less other fees and reserves.  This

-4-

W02-WEST:5SS1\400435989.4

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
AND PRELIMINARY INJUNCTION...

Case: 07-05156    Doc #: 70    Filed: 11/27/2007    Page 9 of 19

RER-73    3333

1    amount is due only as such amounts are determined from the information provided from the LECs,

2    and that is generally 90 days after submission of the Billing Transactions.

3          23.    Nowhere in either of the Subject Contracts is there any language purporting to give

4    the Prior Customers any rights against the Debtor with respect to payments due the Prior

5    Customers other than those of a general unsecured creditor.  Neither of the Subject Contracts

6    contains language granting the Prior Customers a security interest – or any other property interest,

7    either legal or equitable – in any funds the Debtor receives from a LEC on account of a Billing

8    Transaction.

9          24.    When the Debtor withheld reserve amounts from the Net Proceeds paid to the Prior

10   Customers, the Debtor recorded that amount as a bookkeeping entry.  However, the Debtor does

11   not have a corresponding asset, such as a bank account, that contains the monies that were

12   withheld as reserves from the Prior Customers.  Moreover, there is no segregated account

13   containing the reserves of any customer, including either of the Prior Customers.  The Debtor does

14   not have enough monies to cover the full amount of reserves for all of the Debtor's customers.  All

15   "Net Proceeds" that could possibly have arisen from the Debtor's relationship with the Prior

16   Customer have long since passed through Debtor's bank accounts.

17                    **C.    The Florida Action.**

18         25.    On February 27, 2006, the FTC filed a complaint commencing the Florida Action

19   in the Florida Court against three AOS providers, Nationwide Connections, Inc. ("Nationwide"),

20   Access One and Network One (collectively, the "Nationwide Parties"), as well as their principals,

21   alleging deceptive and unfair practices for unauthorized billing of charges on phone bills –

22   referred to as "cramming" – in violation of the Federal Trade Commission Act (the "FTCA").

23         26.    The Florida Court entered a temporary restraining order and later a preliminary

24   injunction.  The Florida Court appointed a receiver (i.e., the Receiver) for Nationwide, Access

25   One and Network One and certain of their affiliates.  An "Amended Preliminary Injunction Order"

26   was filed on September 25, 2006.  (The temporary restraining order and preliminary injunction

27   orders entered by the Florida Court are referred to herein as the "Florida Preliminary Injunction.")

28

-5-

W02-WEST:5SS1\400435989.4

Case: 07-05156      Doc #: 70      Filed: 11/27/2007      Page 110 of 143

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION...

RER-73          3334

27.    On or about September 21, 2006, the FTC filed an amended complaint (the "Amended Complaint") which Amended Complaint now named as defendants the Debtor as well as another billing aggregator which is comprised of three related companies:  Billing Concepts, Inc., ACI Billing Services, Inc. d/b/a OAN, and BSG Clearing Solutions North America, LLC (collectively, "BSG").

28.    The FTC alleged in its Amended Complaint that the Debtor caused certain of the Prior Customers' fraudulent charges to be placed on end users' phone bills and that the Debtor was liable under the FTCA in spite of the fact that the LECs, not the Debtor, perform the billing.

29.    The FTC has sought injunctive relief against the Debtor as well as monetary redress including restitution for the allegedly defrauded consumers.

30.    The Debtor voluntarily stopped providing services for the Prior Customers over a year prior to the FTC filing of its Amended Complaint.  At the time that it stopped providing services, the Debtor set the reserve at 100 percent of the Net Proceeds received on account of the Prior Customers' Billing Transactions and made no further payments to the Prior Customers.  This was done because of the Debtor's possible exposure to claims for refunds of the Prior Customers' Billing Transactions.

31.    The Debtor filed an answer denying the FTC's allegations.

32.    The Receiver is seeking to collect all assets of the Prior Customers.  Toward that end, the Receiver sought relief in the Florida Action by motion against the Debtor.  The Receiver asserted that the Debtor owes the Prior Customers the amount of the reserves.

33.    The Receiver's motion asserting the rights of the Prior Customers sought to compel the Debtor to turn over to the Receiver the amount of the reserves contained in the Debtor's bookkeeping entries, which the Receiver alleged was an asset of the Prior Customers in an amount in excess of $1.4 million.  The Receiver further alleged that the Debtor had violated the Amended Preliminary Injunction Order and should be held in contempt for failing to turn over the sums demanded by the Receiver.

34.    The Debtor filed a response opposing such relief on numerous grounds, including without limitation those set forth in this paragraph  The Debtor had no obligation to pay any funds

-6-

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
AND PRELIMINARY INJUNCTION...

1  to the Receiver under the Subject Contracts. In addition, the Debtor did not hold any specific

2  funds allocable to reserves for the Prior Customers, because, consistent with the Debtor's general

3  practice regarding reserves, the Debtor treated them solely as balance sheet entries, without

4  maintaining, segregating or otherwise designating specific funds for purposes of the reserves. At

5  the most, any rights the Prior Customers had with respect to the reserves were simply those rights

6  of a general, unsecured creditor. The Debtor also asserted that it had offsetting claims under the

7  Subject Contracts against the Prior Customers which exceeded the amount of the Prior Customers'

8  alleged reserves. In particular, to the extent the Debtor has any liability in the Florida Action, it

9  arises from the misconduct of the Prior Customers, not the Debtor, and pursuant to the Subject

10 Contracts, the Prior Customers are liable to the Debtor for such liability, as well as the costs and

11 fees incurred in the Florida Action. These costs and fees, and the liability asserted against the

12 Debtor in the Florida Action, far exceed the amount of any sums withheld from the Prior

13 Customers as reserves.

14     35.     The Florida Court entered an order on September 14, 2007 and a further order on

15 September 21, 2007 (the "Payment Orders") requiring that the Debtor pay over the amounts

16 sought by the Receiver into a segregated receivership account. The Florida Court held that it was

17 of no significance that that the Debtor did not maintain any funds in a segregated reserve account

18 for the benefit of the Prior Customers and did not determine that any funds of the Prior Customers

19 could be traced to any funds currently held by the Debtor. Though the FTC is a party to the

20 Florida Action, the Payment Orders were entered upon the motion of the Receiver, not the FTC.

21 The Debtor has appealed the Payment Orders to the Eleventh Circuit Court of Appeals. The

22 Debtor brings this action, in part, to have this Court determine that even if the Payment Orders are

23 upheld on appeal, the Receiver has at most an unsecured claim against the Debtor and that the

24 Receiver and the FTC had no interest as of the Petition Date, or thereafter, in any funds or other

25 property in the possession or control of the Debtor.

26     36.     The Debtor has expended over $700,000 in legal fees and costs to date in defending

27 the Florida Action. That case is set for trial in February 2008. The Debtor expects that unless the

28 Florida Action is stayed or the FTC is enjoined from proceeding as to the Debtor that it will be

-7-

W02-WEST:5SS1\400435989.4

Case: 07-05156     Doc #: 70     Filed: 11/27/2007     Page 34 of 56

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION...

RER-73

3336

1  required to spend as much as $1 million in legal fees and costs in defending the matter.  The

2  Debtor has also had to devote substantial and valuable management and employee time and

3  resources to this issue and would be forced to further incur such items, to the detriment of its

4  reorganization efforts, if this action were not stayed as against the Debtor.

5                    **FIRST CLAIM FOR RELIEF**

6  **(Declaratory Relief Pursuant To 28 U.S.C. Sections 2201 and 2202; 11 U.S.C. Sections 105,**
   **362(a)(1), (2), (3) and (6); Rules 7001(7) and (9) of the Federal Rules of Bankruptcy**
7                            **Procedure)**

8        37.     The Debtor repeats the allegations set forth in Paragraphs 1 through 36 as if fully

9  set forth herein.

10       38.     This is a claim for declaratory relief brought under the provisions of 28 U.S.C.

11 Sections 2201 and 2202; 11 U.S.C. Sections 105, 362(a)(1), (2), (3) and (6); and Rules 7001(7) &

12 (9) of the Federal Rules of Bankruptcy Procedure.

13       39.     An actual controversy has arisen and now exists between the Debtor and the

14 Receiver relating to their legal rights and duties for which The Debtor seeks a judicial declaration

15 of rights as to such matters, as well as further necessary or proper relief, including injunctive

16 relief.

17       40.     A declaratory judgment is necessary and appropriate at this time in that the

18 Debtor contends and the Receiver may deny that the implementation or enforcement of the

19 Payment Orders are automatically stayed including without limitation pursuant to 11 U.S.C.

20 §§ 362(a)(1), (a)(2), (a)(3), and/or (a)(6).

21       WHEREFORE, the Debtor prays for relief as set forth below.

22                   **SECOND CLAIM FOR RELIEF**

23 **(Declaratory Relief Pursuant To 28 U.S.C. Sections 2201 and 2202; 11 U.S.C. Sections 105,**
   **362(a)(1), (2), (3) and (6); Rules 7001(7) and (9) of the Federal Rules of Bankruptcy**
24                           **Procedure)**

25       41.     The Debtor repeats the allegations set forth in Paragraphs 1 through 36 as if fully

26 set forth herein.

27

28

-8-

W02-WEST:5SS1\400435989.4

Case: 07-05156      Doc #: 70      Filed: 11/27/2007      Page 35 of 48

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION. . .

RER-73      3337

42.    This is a claim for declaratory relief brought under the provisions of 28 U.S.C. Sections 2201 and 2202; 11 U.S.C. Sections 105, 362(a)(1), (2), (3) and (6); and Rules 7001(7) & (9) of the Federal Rules of Bankruptcy Procedure.

43.    An actual controversy has arisen and now exists between the Debtor and the FTC relating to their legal rights and duties for which the Debtor seeks a judicial declaration of rights as to such matters, as well as further necessary or proper relief, including injunctive relief.

44.    A declaratory judgment is necessary and appropriate at this time in that the Debtor contends and the FTC may deny that

a.    the claims made in the Florida Action against the Debtor, the Debtor's property, property of the Debtor's estate, and/or property held by the Debtor's estate, including without limitation the implementation or enforcement of the Payment Orders, are automatically stayed including without limitation pursuant to 11 U.S.C. §§ 362(a)(1), (a)(2), (a)(3), and/or (a)(6).

b.    while there is an exception, under 11 U.S.C. § 362(b)(4), for regulatory actions, from the Bankruptcy Code's automatic stay provisions set forth in 11 U.S.C. § 362(a), the gist of the Florida Action and the claims made therein against the Debtor, the Debtor's property, property of the Debtor's estate, and/or property held by the Debtor's estate, are monetary in nature and are therefore stayed.

WHEREFORE, the Debtor prays for relief as set forth below.

**THIRD CLAIM FOR RELIEF**

**(Temporary Restraining Order and Preliminary Injunction Pursuant To 28 U.S.C. Sections 2201 and 2202; 11 U.S.C. Section 105; Rules 7001(7) and (9) of the Federal Rules of Bankruptcy Procedure; and Federal Rule of Civil Procedure 65 incorporated by Federal Rule of Bankruptcy Procedure 7065)**

45.    The Debtor repeats the allegations set forth in Paragraphs 1 through 36 as if fully set forth herein.

-9-

W02-WEST:5SS1\400435989.4

AMENDED COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION...

Case: 07-05156    Doc #: 70    Filed: 11/27/2007    Page 44 of 98

RER-73    3338

46.    This is a claim for a temporary restraining order and preliminary injunction brought under the provisions of 28 U.S.C. Sections 2201 and 2202; 11 U.S.C. Section 105; Rules 7001(7) and (9) of the Federal Rules of Bankruptcy Procedure; and Federal Rule of Civil Procedure 65 incorporated by Federal Rule of Bankruptcy Procedure 7065.

47.    If and to the extent that a court determines that the Florida Action is not stayed as to the Debtor, then the Debtor requests that the Court temporarily restrain and preliminarily enjoin the FTC and the Receiver until a plan of reorganization is entered in this Bankruptcy Case from proceeding against the Debtor in the Florida Action, including as to the claims made therein against the Debtor, the Debtor's property, property of the Debtor's estate, and/or property held by the Debtor's estate.

48.    Money damages will not be adequate and there exists no adequate remedy at law.

49.    Permitting the Florida Action to continue against the Debtor, threatens the Debtor's ability to continue its business operations, affects whether the Debtor's other creditors receive their appropriate share of monies paid by the Debtor to unsecured creditors, threatens the Debtor's ability to successfully confirm a plan of reorganization, interferes with this Court's ability to enforce its jurisdiction over the Debtor's assets and this bankruptcy case, and threatens the integrity of the bankruptcy estate by, among other things, upsetting the well-established and Congressionally-approved goals underlying the uniform bankruptcy laws of rehabilitation of debtors and equality of treatment of creditors.  The objectives of the Bankruptcy Code would be served by issuing a preliminary injunction staying the Defendants' continued pursuit in the Florida Action of the Debtor, the Debtor's property, property of the Debtor's estate, and/or property held by the Debtor's estate.

50.    The Debtor has a strong likelihood of successfully reorganizing if the requested temporary restraining order and preliminary injunction are entered.

51.    The Debtor is threatened with the possibility of immediate irreparable injury if the temporary restraining order and preliminary injunction are not granted.

52.    At the least, serious questions are raised with respect to the FTC's continued pursuit in the Florida Action of claims against the Debtor, the Debtor's property, property of the

-10-

W02-WEST:5SS1\400435989.4

Case: 07-05156    Doc #: 70    Filed: 11/27/2007    Page 35 of 48

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION...

RER-73

3339

1   Debtor's estate, and/or property held by the Debtor's estate, and the balance of the hardships tip

2   strongly in the Debtor's favor.

3       53.    The requested preliminary injunction is in the public interest. While the FTC

4   action seek to gain, at most five or six dollars for consumers, each or which may have been billed

5   a single collect call by the Prior Clients, the Debtor's efforts to reorganize its operations affects the

6   livelihoods of its employees, the Debtor's ability to pay its creditors and the continued viability of

7   its customers.

8       WHEREFORE, the Debtor prays for relief as set forth below.

9                              **FOURTH CLAIM FOR RELIEF**

10                          **(Determination of Extent of Property Interest)**

11      54.    The Debtor repeats the allegations set forth in Paragraphs 1 through 36 as if fully

12  set forth herein.

13      55.    The Receiver and the FTC claim that the Receiver has a property or other interest

14  in funds held by the Debtor as of the Petition Date and thereafter based on the Florida Preliminary

15  Injunction and/or the Payment Orders. In fact and in law, the Florida Preliminary Injunction and

16  the Payment Orders did not determine the ownership of or transfer any property of the Debtor to

17  the Receiver or the FTC. Instead, the Debtor at all times remained the owner of the funds in its

18  bank accounts and all of its other property to and including the Petition Date.

19      56.    This Court should determine that the Debtor's funds and other property are free of

20  any property interest therein claimed by the Receiver or the FTC.

21      WHEREFORE, the Debtor prays for relief as set forth below.

22                                  **PRAYER FOR RELIEF**

23      WHEREFORE, the Debtor prays for relief as follows:

24      1.    For the FIRST CLAIM FOR RELIEF that the Court declare that the

25  implementation or enforcement of the Payment Order is automatically stayed including

26  without limitation pursuant to 11 U.S.C. §§ 362(a)(1), (a)(2), (a)(3), and/or (a)(6).

27      2.    For the SECOND CLAIM FOR RELIEF that:

28

-11-

W02-WEST:5SS1\400435989.4

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
AND PRELIMINARY INJUNCTION. . .

Case: 07-05156    Doc #: 70    Filed: 11/27/2007    Page 16 of 19

RER-73      3340

1          a.      the claims made in the Florida Action against the Debtor, the Debtor's

2                    property, property of the Debtor's estate, and/or property held by the

3                    Debtor's estate, including without limitation the implementation or

4                    enforcement of the Payment Orders, are automatically stayed including

5                    without limitation pursuant to 11 U.S.C. §§ 362(a)(1), (a)(2), (a)(3), and/or

6                    (a)(6).

7          b.      while there is an exception, under 11 U.S.C. § 362(b)(4), for regulatory

8                    actions, from the Bankruptcy Code's automatic stay provisions set forth in

9                    11 U.S.C. § 362(a), the gist of the Florida Action and the claims made

10                 therein against the Debtor, the Debtor's property, property of the Debtor's

11                 estate, and/or property held by the Debtor's estate, are monetary in nature

12                 and are therefore stayed.

13      3.      For the THIRD CLAIM FOR RELIEF that the Court temporarily restrain and

14 preliminarily enjoin the FTC and the Receiver until a plan of reorganization is entered in this

15 Bankruptcy Case from proceeding against the Debtor in the Florida Action, including as to the

16 claims made therein against the Debtor, the Debtor's property, property of the Debtor's estate,

17 and/or property held by the Debtor's estate;

18      4.      For the FOURTH CLAIM FOR RELIEF that the Court declare that the

19 Debtor's funds and other property are free of any property interest therein claimed by the

20 Receiver and/or the FTC; and

21

22

23

24

25

26

27

28

-12-

W02-WEST:5SS1\400435989.4

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION...

Case: 07-05156    Doc #: 70    Filed: 11/27/2007    Page 17 of 43

RER-73    3341

1         5.     That the Court grant such other and further relief as the Court deems just and

2 proper under the circumstances.

3

4 Dated: November __, 2007

5                                        Respectfully submitted,

6                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8                           By     _____

9                                       MICHAEL H. AHRENS

                                    STEVEN B. SACKS

10                      Attorneys for Plaintiff and Debtor The Billing

                             Resource, dba Integretel

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION. . .

RER-73     3342

**RER - 74**

Entered on Docket
November 30, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  SHEPPARD, MULLIN, RICHTER &
   HAMPTON LLP
2    A Limited Liability Partnership
     Including Professional Corporations
3  MICHAEL H. AHRENS,
   Cal. Bar No. 44766
4  STEVEN B. SACKS,
   Cal. Bar No. 98875
5  JEFFREY K. REHFELD,
   Cal. Bar No. 188128
6  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106      The following constitutes the
7  Telephone:    415-434-9100                 Order of the Court. Signed _____ 11 2⸍ ___ 20 ⸍ 7
   Facsimile:    415-434-3947
8
   Attorneys for The Billing Resource, dba      _____
9  Integretel                                   HON. ARTHUR S. WEISSBRODT
                                                 United States Bankruptcy Judge
10        UNITED STATES BANKRUPTCY COURT
11          NORTHERN DISTRICT OF CALIFORNIA
                 [SAN JOSE DIVISION]
12  In re                                      Case No. 07-52890
13  THE BILLING RESOURCE, dba                  Chapter 11
14  INTEGRETEL, a California corporation,
15              Debtor.
16
17  THE BILLING RESOURCE, dba
    INTEGRETEL, a California corporation,      Adv. Proc. No. 07-05156
18
                Plaintiff,                     **AMENDED ORDER GRANTING**
19                                             **MOTION FOR PRELIMINARY**
         v.                                    **INJUNCTION**
20
    FEDERAL TRADE COMMISSION, and              Date:   November 26, 2007
21  DAVID R. CHASE, not individually, but      Time:   2:00 p.m.
    solely in his capacity as receiver for     Court:  Room 3020, Hon. Arthur Weissbrodt
22  Nationwide Connections, Inc., Access One
    Communications, Inc., Network One Services,
23  Inc., 411TXT, Inc., CELL-INFO-USA, INC.,
    Enhanced Billing Services, Inc., Toll Free
24  Connect, Inc., Cripple Creek Holdings, LLC,
    Built to Last, LLC, Not Fade Away, LLC, He's
25  Gone, LLC, The Other One, LLC, Turn on
    Your Love Light, LLC, China Cat Sunflower,
26  LLC, Lazy River Road Holdings, LLC,
27              Defendant.
28

W02-WEST:5SS1\400529214.3                     AMENDED ORDER GRANTING MOTION FOR PRELIMINARY
                                              INJUNCTION RE: ENFORCING OMNIBUS ORDER

                                                                    RER-74        3343

NOV 27 2007

102030

1       On November 26, 2007, the Court having previously issued a temporary restraining order

2  and an order to show cause re preliminary injunction, held a hearing in connection with the motion

3  filed by The Billing Resource, dba Integretel ("Integretel"), for a preliminary injunction against

4  the Federal Trade Commission ("FTC") and David R. Chase, not individually, but solely in his

5  capacity as receiver (the "Receiver"), preventing them from enforcing as to Integretel that certain

6  Omnibus Order entered on the docket on September 14, 2007 (the "Omnibus Order") in that

7  certain action captioned <u>Federal Trade Commission v. Nationwide Connections, Inc., et al.</u>, Case

8  No. 06-80180-Civ-Ryskamp (the "Florida Action") pending in the United States District Court for

9  the Southern District of Florida (the "Florida Court") and that certain Order Granting Motion for

10  Clarification as to Scope of Stay entered on the docket by the Florida Court in the Florida Action

11  on September 21, 2007 (the "Clarification Order"), insofar as the Clarification Order relates to the

12  Omnibus Order.  Appearances were as stated on the record.  The Court incorporates herein its

13  Memorandum Decision re Order to Show Cause Regarding Preliminary Injunction filed and

14  entered on November 2, 2007 and further stated its findings of fact and conclusions of law on the

15  record at the hearings it held on November 16, 2007, November 21, 2007, November 26, 2007 and

16  November 27, 2007.

17      **GOOD CAUSE APPEARING,** it is hereby ordered as follows:

18      The FTC and the Receiver, and their officers, agents, servants, employees and attorneys

19  and upon those persons in active concert or participation with them who receive actual notice of

20  the order by personal service or otherwise, are hereby restrained and enjoined until further order of

21  this Court from seeking to implement or enforce in the Florida Court as to Integretel the Omnibus

22  Order or the Clarification Order, as it relates to the Omnibus Order, including without limitation

23  initiating, suggesting or participating in any proceedings to hold Integretel in contempt in

24  connection therewith, or otherwise seeking to compel Integretel to transfer any money or property

25  to the Receiver.  The preliminary injunction issued herein does not affect or restrain the parties

26  from prosecuting and responding to appeals filed by Integretel from orders issued by the Florida

27  Court.  The Court further orders that the Receiver shall submit any status reports that pertain to

28  Integretel to the Florida Court jointly with Integretel.

-1-

W02-WEST:5SS1\400529214.3

AMENDED ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION RE: ENFORCING OMNIBUS ORDER

1        Integretel is directed that it shall continue to maintain the sum of $1,762,762.56 in the

2    blocked interest-bearing Debtor in Possession account to which they were transferred pursuant to

3    the terms and conditions of this Court's prior order entered on October 3, 2007, without prejudice

4    to the claims, rights, or defenses of any party, until further order of this Court.

5                       ** END OF ORDER **

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:5SS1\400529214.3

-2-

AMENDED ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION RE: ENFORCING OMNIBUS
ORDER

COURT SERVICE LIST

1

2    Office of the U.S. Trustee
     Office of the U.S. Trustee
3    Attn: John Wesolowski, Esq.
     280 South First Street, Room 268
4    San Jose, CA 95113

5    The Billing Resource dba Integretel
     The Billing Resource dba Integretel
6    Attn: Ken Dawson
     5883 Rue Ferrari
7    San Jose, CA 95138

8    Counsel for The Billing Resource dba Integretel
     Sheppard, Mullin, Richter & Hampton LLP
9    Attn: Michael H. Ahrens, Esq.
     4 Embarcadero Center, 17th Floor
10   San Francisco, CA 94111-4106

11   David R. Chase, Receiver
     David R. Chase, Receiver for Access One Communications,
12            Inc. and Network One Services, Inc.
     David R. Chase, P.A.
13   Wachovia Center-Penthouse
     1909 Tyler Street
14   Hollywood, FL 33020

15   Counsel for the Receiver David R. Chase
     Jeffrey C. Schneider, Esq.
16   Michelle T. Visiedo, Esq.
     Tew Cardenas LLP
17   Four Seasons Tower – 15th Floor
     1441 Brickell Avenue
18   Miami, FL 33131

19   Counsel for the Receiver David R. Chase
     Walter Oetzell, Esq.
20   Danning, Gill, Diamond & Kollitz, LLP
     2029 Century Park East, Third Floor
21   Los Angeles, CA 90067-2904

22   Counsel for the Federal Trade Commission
     Laura M. Kim, Esq.
23   Michael J. Davis, Esq.
     Collot Guerard, Esq.
24   Federal Trade Commission
     600 Pennsylvania Avenue, NW, Room 286
25   Washington, DC 20580

26   Federal Trade Commission
     Associate Director, Division of Marketing Practices
27   Federal Trade Commission, H-238
     600 Pennsylvania Avenue, N.W.
28

-3-

W02-WEST:5SS1\400529214.3

AMENDED ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION RE: ENFORCING OMNIBUS
ORDER

RER-74    3346

1   Washington, D.C.  20580

2   <u>Proposed Counsel for the Official Unsecured Creditors Committee</u>
    John Fiero, Esq.
3   Maxim Litvak, Esq.
    Pachulski, Stang, Ziehl & Jones
4   150 California Street
    15th Floor
5   San Francisco, CA 94111-4500

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:5SS1\400529214.3                           -4-
                                    AMENDED ORDER GRANTING MOTION FOR
                                    PRELIMINARY INJUNCTION RE: ENFORCING OMNIBUS
                                                                        ORDER

**RER - 75**

1

1    UNITED STATES BANKRUPTCY COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3    (SAN JOSE DIVISION)

4

5    In re:

6    THE BILLING RESOURCE,                Case No. 07-52890-ASW

7                                         Chapter 11

8                                         San Jose, California
                                          November 16, 2007
9                                         10:05 a.m.
          Debtor.
10    _____/

11    THE BILLING RESOURCE, dba
      INTEGRETEL, a California
12    corporation,

13          Plaintiff,

14    v.                                   A.P. No. 07-5156

15    DAVID R. CHASE, et al.,

16          Defendants.
      _____/

17

18                TRANSCRIPT OF PROCEEDINGS
          a) FINAL HEARING RE EMERGENCY MOTION FOR
19      USE OF CASH COLLATERAL AND GRANTING REPLACEMENT
        LIENS AND APPROVING FIRST AMENDED STIPULATION WITH
20    PAYMENTONE CORPORATION REGARDING USE OF CASH COLLATERAL AND
              ADEQUATE PROTECTION BY DEBTOR
21        b) LIMITED THIRD SUPPLEMENTAL OPPOSITION BY
                  FEDERAL TRADE COMMISSION
22          c) LIMITED OBJECTION BY DAVID R. CHASE
          d) STATUS CONFERENCE RE APPLICATION FOR ORDER
23    APPROVING EMPLOYMENT OF PACHULSKI, STANG, ZIEHL, YOUNG,
      JONES & WEINTRAUB, LLP AS COMMITTEE COUNSEL BY DEBTOR
24          e) LIMITED OBJECTIONS BY DAVID R. CHASE

25

2

1           TRANSCRIPT OF PROCEEDINGS IN ADVERSARY RE:
          a) MOTION FOR ORDER TO SHOW CAUSE REGARDING
2     PRELIMINARY INJUNCTION RE ORDER TO STAY ENFORCEMENT
                       OF OMNIBUS ORDER
3     b) SUPPLEMENTAL OPPOSITION BY FEDERAL TRADE COMMISSION
                  c) RESPONSE BY DAVID R. CHASE
4

5           BEFORE THE HONORABLE ARTHUR WEISSBRODT
               UNITED STATES BANKRUPTCY JUDGE
6

7

8     APPEARANCES:

9

      For the Debtor:           SHEPPARD, MULLIN, RICHTER and
10                              HAMPTON
                                BY:   STEVEN SACKS, ESQ.
11                              Four Embarcadero Center, 17th Floor
                                San Francisco, California 94111
12

13

14    For the Federal          DANNING, GILL, DIAMOND &
      Receiver:                 KOLLITZ, LLP
15                              BY: WALTER OETZELL, ESQ.
                                2029 Century Park East, 3rd Floor
16                              Los Angeles, California 90067

17

18    For PaymentOne:           O'MELVENY & MYERS, LLP
                                BY: STEPHEN H. WARREN, ESQ.
19                              400 South Hope Street
                                Los Angeles, California 90071
20

21

      For the Committee:       PACHULSKI, STANG, ZIEHL, JONES
22                              BY: JOHN FIERO, ESQ.
                                150 California Street, 15th Floor
23                              San Francisco, California 94111

24

25

3

```
 1  APPEARANCES (CONTINUED):

 2
    For the Federal              TEW CARDENAS, LLP
 3  Receiver:                    BY: JEFFREY SCHNEIDER, ESQ.

 4

 5  For the Federal Trade        MICHAEL P. MORA, ESQ.
    Commission:                          -and-
 6                               COLLET GUERARD
                                 (APPEARING TELEPHONICALLY)
 7

 8
    For POL, Inc.:               DIEMER, WHITMAN and CARDOSI
 9                               BY: KATHRYN S. DIEMER, ESQ.
                                 75 E. Santa Clara Street
10                               San Jose, California 95113

11

12  For BSG:                     KING & SPALDING
                                 BY: FELTON E. PARRISH, ESQ.
13                               (APPEARING TELEPHONICALLY)

14

15  For United Online:          BUCHALTER, NEMER, P.C.
                                 BY: PAUL ARROW, ESQ.
16                               18400 Von Karman Avenue #800
                                 Irvine, California 92612
17                               (APPEARING TELEPHONICALLY)

18

19  For Personal Voice:         LAW OFFICES OF THOMAS C. LITTLE
                                 BY: THOMAS C. LITTLE, ESQ.
20                               2123 N.E. Coachman Road #A
                                 Clearwater, FL 33765
21                               (APPEARING TELEPHONICALLY)

22

23  For PCS:                    LINER, YANKELEVITZ, SUNSHINE
                                 BY: CHARLES LIU, ESQ.
24                               1100 Glendon Avenue, 14th Floor
                                 Los Angeles, California 90024
25
```

4

1  APPEARANCES (CONTINUED:)

2

3  For the Federal Trade        UNITED STATES FEDERAL TRADE
   Commission:                  COMMISSION
4                               OFFICE OF THE GENERAL COUNSEL
                                BY: JOHN ANDREW SINGER, ESQ.
5                               600 Pennsylvania Avenue, NW
                                Washington, DC 20580
6

7

8  For Thermo Credit:           TAFT, STETTINIUS & HOLLISTER
                                BY: W. TIMOTHY MILLER, ESQ.
9                               (APPEARING TELEPHONICALLY)

10

11 Court Recorder:              ERIN COYLE
                                UNITED STATES BANKRUPTCY COURT
12                              280 South First Street
                                San Jose, California 95113
13

14 Transcription Service:       Jo McCall
                                Electronic Court
15                              Recording/Transcribing
                                2868 E. Clifton Court
16                              Gilbert, Arizona 85297
                                Telephone: (480-361-3790)
17

18

19

20

21

22

23

24

25

5

1                    P R O C E E D I N G S

2    November 16, 2007                    10:05 a.m.

3                       ---oOo---

4              THE CLERK: Please rise.  This is the United

5    States Bankruptcy Court for the Northern District of

6    California.  The court is now in session.

7              THE COURT: Good morning ladies and gentlemen.

8    Please be seated.  This is the case of <u>The Billing</u>

9    <u>Resource.</u>  I'll take appearances first of those in the

10   courtroom, and then I'll call the telephone list that I

11   have on the phone.

12             MR. SACKS: Steven Sacks of Sheppard, Mullin,

13   Richter and Hampton for the Debtor.

14             MR. FIERO: Good morning, Your Honor, John Fiero

15   of Pachulski Stang for the Committee.

16             MR. WARREN: Good morning, Your Honor, Stephen

17   Warren of O'Melveny & Myers on behalf of secured creditor,

18   PaymentOne.

19             MS. DIEMER: Good morning, Your Honor, Kathryn

20   Diemer on behalf of secured creditor, POL, Inc.

21             THE COURT: Good morning.

22             MR. OETZELL: Good morning, Your Honor.  Can you

23   hear me?

24             THE COURT: Very well.

25             MR. OETZELL: Is this mike on?

6

1          THE COURT: No, the mike doesn't work.  We had
2   that problem yesterday.

3          MR. OETZELL: Good morning, Your Honor, Walter
4   Oetzell of Danning, Gill, Diamond & Kollitz on behalf of
5   David R. Chase, the Federal Receiver.

6          MR. MORA: God morning, Your Honor, Michael Mora
7   for the Federal Trade Commission.

8          THE COURT: Just pull back from the mike just a
9   little bit.  Okay.  Going from my phone list.  Jeffrey
10  Schneider:

11         MR. SCHNEIDER: Good morning, Your Honor, Jeff
12  Schneider from Tew Cardenas in Miami on behalf of the
13  Federal Receiver.

14         THE COURT: Good morning.  Felton Parrish?

15         MR. PARRISH: Yes, Good morning, Your Honor,
16  Felton Parrish of King & Spalding on behalf of BSG Clearing
17  Solutions.

18         THE COURT: Paul Arrow?

19         MR. ARROW: Good morning, Your Honor, Paul Arrow,
20  Buchalter Nemer for United Online.

21         THE COURT: Candace Carlyon?

22         THE OPERATOR: This is the operator.  We contacted
23  her office.  She was unavailable today.  We're looking for
24  a substitute.  They have not connected yet.

25         THE COURT: That will be fine.  Thomas Little?

7

1          MR. LITTLE: Yes, Your Honor, Thomas Little

2   representing Personal Voice, Inc.

3          THE COURT: Charles Liu?

4          MR. LIU: Good morning, Your Honor, Charles Liu of

5   Liner, Yankelevitz, Sunshine appearing for Public

6   Communications Service, Inc.

7          THE COURT: John Singer?

8          MR. SINGER: John Singer, representing the Federal

9   Trade Commission, Your Honor.  Good morning.

10          THE COURT: Good morning.  Collot Guerard?

11          MS. GUERARD: Collot Guerard, Your Honor, for the

12   Federal Trade Commission.

13          THE COURT: Very good.  And I have Felton Parrish

14   listed twice.  Okay.  Is there anybody else on the phone

15   whose name I haven't called?

16          MR. MILLER: Yes, Your Honor, W. Timothy Miller,

17   Taft Stettinius & Hollister on behalf of Thermo Credit.

18          THE COURT: Thank you, sir.  Anybody else?

19          We'll start with the cash collateral motion,

20   which is Item a).  Does anybody wish to say anything that

21   isn't in the papers?

22          MR. SACKS: No, Your Honor.

23          MR. MORA: No, Your Honor.

24          THE COURT: Before the Court is Debtor's Motion

25   for final use of cash collateral.  Pursuant to the Debtor's

8

1   papers filed on November 14, the Debtor seeks authority

2   from this Court for further interim use of cash collateral

3   through November 30, 2007, or as soon thereafter as the

4   Court can hold a further hearing on this motion.  I'm

5   attempting to move things around so that I can hear this on

6   November 30.  I should know within an hour or so whether I

7   can do that.  Maybe I won't know till this afternoon, but I

8   think I'll be able to hold a hearing on November 30.  The

9   Debtor currently seeks authority to use cash collateral on

10  an interim basis pursuant to the Debtor's proposed budget

11  for the next two weeks in exchange for Debtor's stipulated

12  use of that creditor's cash collateral.

13        The FTC and Receiver have filed objections to the

14  Debtor's motion.  Pursuant to Bankruptcy Code Section

15  363(c)(2), the Debtor may use cash collateral -- oh, do you

16  consent to the use of cash collateral -- Creditors'

17  Committee?

18        MR. FIERO: Oh, yes, Your Honor.  We've

19  stipulated, the Committee has.

20        THE COURT: Okay.  And you had your hand in the

21  air?

22        MS. DIEMER: Yes, Your Honor, my apologies.  I

23  meant to speak earlier.  I had spoken to Mr. Sacks about

24  this, and POL, Inc. has no objection to the continued use

25  of cash collateral in an interim basis.

9

1          THE COURT: Thank you.  And I haven't received any

2  other objections.  Have you received any other objections?

3          MR. SACKS: No, Your Honor.  The only objections

4  were filed by the FTC and the Federal Receiver.

5          THE COURT: Right.  Okay.  Pursuant to Bankruptcy

6  Code Section 363(c)(2), the Debtor may use cash collateral

7  with the consent of an entity that has an interest in that

8  cash collateral or upon authorization of the Court after

9  notice and a hearing.  If the Court authorizes the use of

10  cash collateral under Bankruptcy Code Section 363(e), the

11  Court must condition such use on providing adequate

12  protection to any entity requesting such adequate

13  protection.

14          Under Bankruptcy Code Section 361, adequate

15  protection requires the Debtor grant a replacement lien or

16  other such relief such that the use of cash collateral does

17  not decrease any entity's interest in that cash collateral.

18  Debtor asserts that the FTC and Receiver are not secured

19  creditors and are not entitled to adequate protection.  In

20  granting the use of cash collateral, this Court also must

21  find the Debtor's use of cash collateral is in the best

22  interest of creditors in the Debtor's bankruptcy estate to

23  permit the interim use of cash collateral under the current

24  cash collateral stipulation with PaymentOne.

25          The FTC and Receiver assert that because the