1  Howard Kollitz [State Bar No. 059611],
   Walter K. Oetzell [State Bar No. 109769] and
2  Steven J. Schwartz [State Bar No. 200586] of
   DANNING, GILL, DIAMOND & KOLLITZ, LLP
3  2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904
4  Telephone: (310) 277-0077
   Facsimile: (310) 277-5735
5  Email: woetzell@dgdk.com
   Email: sschwartz@dgdk.com
6
   Jeffrey C. Schneider [Pro Hac Vice]
7  TEW CARDENAS LLP
   Four Seasons Tower, Fifteenth Floor
8  1441 Brickell Avenue
   Miami, Florida 33131-3407
9  Telephone: (305) 539-2481
   Facsimile: (305) 536-1116
10 Email: jcs@tewlaw.com

11 Attorneys for Defendant, David R. Chase, as Receiver

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No. 07-52890-ASW |
| THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | [Chapter 11] |
| [Taxpayer Identification No. 33-0289863] | Adversary Proceeding No. 07-05156 |
| Debtor. | |
| THE BILLING RESOURCE, dba INTEGRETAL, a California corporation, | OPPOSITION OF FEDERAL RECEIVER TO MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |
| Plaintiff, | |
| vs. | |
| FEDERAL TRADE COMMISSION, and DAVID R. CHASE, not individually, but solely in his capacity as receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, etc., et al; | Date: December 7, 2007<br>Time: 10:30 a.m.<br>Place: United States Bankruptcy Court<br>280 South First Street<br>San Jose, California<br>Judge: Hon. Arthur S. Weissbrodt<br>Ctrm: 3020 |
| Defendants. | |

TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE:

The Defendant in the above captioned Adversary Proceeding, David R. Chase, not individually, but solely in his capacity as Receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services and other related entities ("the Defendant" or "the Federal Receiver") hereby submits the Federal Receiver's Opposition to Motion for Leave to Amend Complaint (the "Motion"), in connection with the Complaint for Declaratory Relief, Temporary Restraining Order and Preliminary Injunction ("the Complaint") filed by the Plaintiff, The Billing Resource dba Integretel, as Chapter 11 Debtor and Debtor in Possession ("the Plaintiff" or "Integretel"):

1. **INTRODUCTION**

Having been granted a preliminary injunction prohibiting the execution of the September 14, 2007 and September 21, 2007 orders of the Florida District Court, Debtor now seeks to amend the Complaint (the "Proposed Amended Complaint") to add a claim for "Determination of Extent of Property Interest" in the $1,762,762.56 that was already determined by the Florida District Court to be property of the receiverships and not property of the Debtor. Such relief is futile, since the same issues that are sought to be litigated in this Adversary Proceeding have already been litigated in the Florida District Court and have been determined in favor of the Federal Receiver. Those determinations have been appealed to the Eleventh Circuit Court of Appeals by the Debtor. Notwithstanding this "dual track" litigation, the Debtor seeks to obtain a determination from this Court on issues substantively identical to those before the Eleventh Circuit, in order to attempt to render moot any determination to be made by the Eleventh Circuit.

Moreover, as is demonstrated by the Federal Receiver's Motion to Dismiss the Debtor's Complaint Pursuant to FRCP Rule 12(b)(1) which is incorporated herein by this reference, this Court lacks subject matter jurisdiction over the matters in the Complaint and in this Adversary Proceeding given the nature of the Federal Action and the determination of exclusive jurisdiction by the District Court in Florida. Nothing in the Debtor's Proposed Amended Complaint cures this

fatal deficiency, and the Proposed Amended Complaint, if allowed, will be subject to the same motion to dismiss as is presently before this Court. For these reasons, the Proposed Amended Complaint is futile and leave to amend should not be allowed.

2. **THE PROPSOED AMENDED COMPLAINT IS FUTILE**

Although Rule 15 states that leave to amend shall be "freely given," it may be denied where there is undue delay, bad faith, dilatory motive, a repeated failure to cure deficiencies, undue prejudice to the opponent, or where the amendment would be futile. Foman v. Davis, 371 U.S. 178, 183, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). An amendment is futile when it "merely restates the same facts using different language, or reasserts a claim previously determined." Wakeen v. Hoffman House, Inc., 724 F.2d 1238, 1244 (7th Cir.1983). A proposed amendment to a pleading may be futile, and thus may be denied, when it fails to state valid theory of liability, or cannot withstand motion to dismiss. Fed.R. Civ.Proc. Rule 15(a); Bower v. Jones, 978 F.2d 1004, 1008 (7th Cir. 1992). Futility of an amendment can, by itself, justify the denial of a motion for leave to amend. Bonin v. Calderon, 59 F. 3d 815, 845 (9th Cir. 1995), *cert. den.* 516 U.S. 1051 (1996). Additionally, a motion to amend shall be denied where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally. Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir.1990).

At the hearings on the Debtor's Motion for a Preliminary Injunction and at other hearings on use of cash collateral, the Debtor has repeatedly asserted that the issues sought to be litigated here are separate and distinct from those already litigated in the Federal District Court. However, a review of the proposed Amended Complaint reveals that this is untrue. Paragraph 34 of the proposed Amended Complaint reads, in relevant part, as follows:

> The Debtor filed a responsive [sic] opposing such relief on numerous grounds, including without limitation those set forth in this paragraph. The Debtor had no obligation to pay any funds to the Receiver under the Subject Contracts. In addition, the Debtor did not hold any specific funds allocable to reserves for the Prior Customers, because, consistent with the Debtor's general practice regarding reserves, the Debtor treated them solely as balance sheet entries, without maintaining, segregating or otherwise designating specific funds for purposes of the reserves. At the most, any rights of the Prior Customers had with respect to the reserves were simply those rights of a general, unsecured creditor.

The Florida District Court heard and rejected these arguments and determined that the $1,762,762.56 is property of the Receiverships in the September 14, 2007 order, and as reiterated in the September 21, 2007 order. It is these alleged facts, which were raised by the Debtor in the Florida Action and rejected by the Florida District Court, that the Debtor will again seek to prove in this Adversary Proceeding for the purpose of determining "that even if the Payment Orders are upheld on appeal, the Receiver has at most an unsecured claim against the Debtor and that the Receiver and the FTC had no interest as of the Petition Date, or thereafter in any funds or other property in the possession or control of the Debtor." Proposed Amended Complaint, paragraph 35.

Thus, the Debtor seeks merely to undercut any property interest determination made by the District Court by seeking a determination from this Court limiting the effectiveness of those orders. The Debtor has further expressed its intention to bring summary judgment proceedings after amending its Complaint, presumably in order to make sure that it gets a ruling from this Court before the Eleventh Circuit has an opportunity to weigh in on the issues. Clearly, the Debtor feels more confident about its chances before this Court than it does before the Eleventh Circuit. This is not a good enough reason for this Court to allow what is in essence a review of the Florida District Court and the Eleventh Circuit and their exercise of jurisdiction over the subject property.

3.   **THIS BANKRUPTCY COURT LACKS SUBJECT MATTER JURISDICTION**

The District Court in Florida has determined in the Federal Action, prior to the commencement of this Bankruptcy Case, that it has exclusive subject matter jurisdiction over the $1,762,762. Such exclusive jurisdiction is conferred by both statutory and judicial authority. See, 28 U.S.C. § 754, 28 U.S.C. § 1962; SEC v. Wolfson, 309 B.R. 612 (Bankr.D.Utah 2004).

This Court lacks subject matter jurisdiction over the matters in the Complaint and in this Adversary Proceeding given the nature of the Federal Action and the determination of exclusive jurisdiction by the District Court in Florida. Integretel has not obtained permission from the District Court in Florida to bring this action or any action against the Federal Receiver. It has been Federal law for over 100 years that before a litigant brings an action against a receiver, it must

1  obtain permission from the court that appointed that receiver. As explained and held by the 11th
2  Circuit in <u>Carter v. Rogers</u>, 220 F.3d 1249, 1252 (11th Cir. 2000).

> "An unbroken line of cases ... has imposed [this] requirement as a matter of federal common law." <u>Linton</u>, 136 F.3d at 545. In so holding, these circuit courts have applied the rule referred to as the "***Barton*** doctrine." *See id.*
> The Supreme Court in <u>Barton v. Barbour</u>, 104 U.S. 126, 127, 26 L.Ed. 672 (1881), stated that "**[i]t is a general rule that before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained.**"

Failure to obtain leave from the appointing court deprives the court in which the unauthorized action is brought of subject matter jurisdiction. <u>Crown Vantage, Inc. v. Fort James Corporation</u>, 421 F.3d 963, 970 (9th Cir.2005).

At the last hearing on the Debtor's Motion for a Preliminary Injunction, this Court opined that the Debtor is not subject to the requirements of <u>Barton</u>, since the Federal Receiver had a duty to turnover property of the Debtor pursuant to 11 U.S.C. 543. However, section 543 of the Bankruptcy Code is inapplicable to our case, since the Federal Receiver was not and is not a "custodian" of the Debtor. 11 U.S.C. § 101; <u>Reilly v. Phillips (In re Reilly)</u>, 105 B.R. 59, 61-62 (Bankr. D. Mont. 1989) (deed of trust trustee was not acting on behalf of all of debtor's creditors and was therefore not custodian); <u>In re Meyer's Inc.</u>, 15 B.R. 390, 392 (Bankr. S.D. Cal. 1981) (creditor acting for its own benefit, rather than for the benefit of all creditors, is not within ambit of intent of Congress in defining custodian under section 101); <u>In re Gold Leaf Corp.</u>, 73 B.R. 146, 148-49 (Bankr. N.D. Fla. 1987) (escrow agent holding debtor's sales profits for distribution to limited number of creditors was not acting for benefit of all debtor's creditors and was therefore not custodian).

Thus, the Federal Receiver is not a custodian of the Debtor's property as is defined by section 101 of the Bankruptcy Code and intended by Congress, and could therefore not be compelled to turnover the $1,762,762.56 if such was turned over to the Federal Receiver in accordance with the September 14, 2007 and September 21, 2007 orders of the Federal District

Court. The Federal Receiver was not acting in the interests of the Debtor; rather, he was acting in the interests of creditors of the Federal Receiverships, which are separate and distinct entities of the Debtor. This is why the narrow exception to the <u>Barton</u> doctrine as stated by the Court only applies when the receivership is the same entity or represents the same interests as the debtor in possession or the bankruptcy trustee. To rule otherwise would ignore the statutory and judicial authority providing for the creation of Federal receiverships and would leave Federal receivers vulnerable to lawsuits from third party debtors in bankruptcy court without leave from the appointing court. The Bankruptcy Court's jurisdiction over receivers does not extend to third party receiverships and to hold otherwise would be in direct violation of <u>Barton</u>.

The Complaint fails for lack of subject matter jurisdiction, and the Proposed Amended Complaint fails to cure these defects. Accordingly, the Debtor's Proposed Amended Complaint is futile in that it could not withstand a Rule 12 motion to dismiss for want of subject matter jurisdiction.

### 4. **CONCLUSION**

This Bankruptcy Court lacks subject matter jurisdiction over all of the matters involved in the Complaint, the Proposed Amended Complaint and in this Adversary Proceeding. The Motion of the Debtor for leave to amend the Complaint must be denied and the Complaint of Integretel must be dismissed.

Dated, on this 3rd day of December, 2007, at Los Angeles, California.

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By _____
Steven J. Schwartz
Attorneys for the Federal Receiver

-6-

ORIGINAL

**Miscellaneous:**

07-05156 The Billing Resource v. Chase et al
Type: ap                  Office: 5 (San Jose)           Lead Case: 07-52890
Judge: ASW                Case Flag: APPEAL

**U.S. Bankruptcy Court**

**Northern District of California**

Notice of Electronic Filing

The following transaction was received from Schwartz, Steven J. entered on 12/3/2007 at 11:39 AM PST and filed on 12/3/2007
**Case Name:**        The Billing Resource v. Chase et al
**Case Number:**      07-05156
**Document Number:** 81

**Docket Text:**
Brief/Memorandum in Opposition to *Opposition of Federal Receiver to Motion for Leave to File an Amended Complaint* (RE: related document(s)[70] Motion to Amend). Filed by Defendant David R Chase (Schwartz, Steven)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\ves\Desktop\INTEGRETEL Opp to Mtn for Leave.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=12/3/2007] [FileNumber=7078658-0
] [a788f1ceeeeb61c1dad14683034dc0f29f76ef91af5b58ae0e8497962fce8ad4a4a
e66566d0780e6d2f9c69e9eea48606fe388c30f094cd0e5a606e7a09716f3]]

**07-05156 Notice will be electronically mailed to:**

Michael H. Ahrens      mahrens@sheppardmullin.com

Ori Katz     okatz@sheppardmullin.com, dwhitehead@sheppardmullin.com

Julie A. Mack     jmack@ftc.gov, dabueid@ftc.gov

Jeffrey K. Rehfeld     jrehfeld@sheppardmullin.com, ewalters@sheppardmullin.com

Steven B. Sacks     ssacks@sheppardmullin.com, ewalters@smrh.com

Steven J. Schwartz     sschwartz@dgdk.com

**07-05156 Notice will not be electronically mailed to:**