1 Oetzell.  And if the FTC wants to speak, they're certainly

2 welcome.  Anybody can speak.  Go ahead, Mr. Sacks.

3          MR. SACKS: Thank you, Your Honor.  Steven Sacks

4 for the Debtor.  Your Honor, I don't think it's necessary

5 to respond fully other than to say that the Bankruptcy

6 Court frequently has occasion to require that parties

7 follow its orders and not those that have previously been

8 issued by State or Federal Courts.  This order really is no

9 different than a judgment that commands a payment of money

10 that would ordinarily and should be stayed.  In this case,

11 the District Court determined that it wasn't automatically

12 stayed, but ample authority provides that this Court has

13 authority to issue a stay anyway, and far from flaunting

14 the Florida Court's orders, we've come in an orderly way to

15 this Court and asked for protection, and the Court has

16 granted it and continues to grant it.  So there is not a

17 collision here.  There is exactly what Section 105

18 contemplates, indeed what the Celotex (Phonetic) case and

19 the U.S. Supreme Court said was perfectly appropriate, that

20 when the Bankruptcy Court issues a 105 injunction, that

21 injunction has to be obeyed unless a higher court overturns

22 it, not a court of a different circuit or a prior ruling of

23 another court.

24          I think that probably goes far enough to respond

25 to Mr. Oetzell, other than to say that I think he was

31

1   citing to Section 543 of the Bankruptcy Code, which deals

2   with the obligations of a custodian, and I think would

3   require that even had we turned over any money to the

4   Receiver or paid any money to the Receiver, prior to or

5   during the bankruptcy, under 543, the Receiver would have

6   to come to this Court and turn it over or at best, if the

7   Court allowed, protect it under the Court's auspices. But

8   it certainly doesn't say in 543 that the Receiver gets to

9   compel the Debtor to turn over money to it. That's all I

10  have, Your Honor.

11          THE COURT: Okay. Does anybody else want to speak

12  before I let Mr. Oetzell respond to everybody?

13          MR. MORA: Yes, Your Honor, Michael Mora for the

14  Commission.

15          THE COURT: Yes, sir.

16          MR. MORA: Your Honor, I just wanted to add that

17  of course the Commission, as we indicated yesterday, would

18  not stipulate and still would not stipulate to the first

19  order that the Court suggested. I think we're just

20  looking -- we of course don't want any order entered, but

21  we just want a decision and an order so that we can know,

22  you know, what our rights and obligations are going

23  forward.

24          THE COURT: I understand, Mr. Mora.

25          MR. MORA: Thank you.

32

1          THE COURT: Mr. Oetzell -- does anybody else want

2     to saying anything before I turn it back to Mr. Oetzell?

3          Thank you.  Go ahead, Mr. Oetzell.

4          MR. OETZELL: Just two things, Your Honor, a) I

5     said yesterday in respect of the order that you had

6     proposed and the order that you had ultimately, not entered

7     but stated on the record, that providing it was without any

8     prejudice to any party's position, which was our party's

9     position that I had no objection to it.  I was for that

10    order.  Secondly, I understood there is a District Court

11    order that is sitting there -- this is an 800-pound gorilla

12    that everybody is ignoring -- that compels the Debtor to

13    turn over the funds or show cause why it hasn't.  That

14    order is -- Mr. Sacks has not explained exactly how the

15    Bankruptcy Court can enjoin that order or its operation.

16    And enjoining the Receiver does not enjoin that order or

17    its operation; it's merely a band aid, and it is

18    interfering with the Receiver's duties.

19         THE COURT: I understand, Mr. Oetzell.  If I --

20         MR. OETZELL: You had a perfectly acceptable order

21    yesterday, and --

22         THE COURT: Well, apparently the FTC doesn't think

23    so, and they think --

24         MR. OETZELL: Oh, you know what, the FTC --

25         THE COURT: Mr. Oetzell, let me finish my sentence

33

1   because we're on a recording, and if you don't let me
2   finish my sentence, we're going to get a muffled record.
3           MR. OETZELL: Sorry, Your Honor, I apologize.
4           THE COURT: Muddled rather than muffled. It may
5   be both, but -- the FTC says that it is the real party in
6   interest, not you. And the FTC wouldn't go along with that
7   order. In fact, what they apparently want to do is
8   appeal -- if I issue any order, appeal it, so they get a
9   determination of their rights from a higher court. And I
10  respect that. So there's no way to work out an arrangement
11  that would be acceptable to all of the parties here. I've
12  tried extremely hard to do that, and I certainly understand
13  your position, Mr. Oetzell. I thought that if I just -- if
14  you agreed, that I would just keep the funds blocked here
15  and give you plenty of time if anybody sought to unblock
16  them, that you could accept that. And if you could accept
17  that, since you're the party before the District Court in
18  the contempt proceeding, you could go back to the District
19  Court and say I have agreed. They're going to give me
20  enough notice, so I'll have plenty of time to protect my
21  rights, if and when the Debtor ever comes back and says the
22  Debtor needs the money. And we could negotiate an amount
23  of time, a minimum amount of time the Debtor would need.
24          But that was unacceptable to you, and I frankly
25  far prefer that outcome to the current outcome, but you

34

1  wanted absolute certainty that nothing will be done until
2  the Eleventh Circuit rules, and we don't know when the
3  Eleventh Circuit will rule or what the Eleventh Circuit
4  will rule.  And of course, the Debtor has the right to seek
5  to amend its complaint and you acknowledge that.  So in any
6  event, I tried very hard to work something out so that the
7  Receiver wouldn't be enjoined, and I still am interested in
8  hearing if you can work something like that out.  Then I
9  don't have to enjoin the Receiver.  I'm a Federal Court.  I
10  will keep the funds blocked.  We'll give you plenty of
11  notice if the Debtor seeks to unblock the funds.  All this
12  litigation could stop.

13        I don't know whether the FTC would go into the
14  District Court if you worked out a stipulation with the
15  Debtor here.  I don't know whether the FTC would take an
16  independent course of action and go into the District Court
17  and say something contrary to what you say.  I can't
18  imagine it but perhaps they would.  I don't know the
19  relationship well enough between the Receiver and the FTC
20  to know whether that would be a possibility.

21        But maybe you should reconsider.  Maybe you
22  should consider the path that I suggested, and that is I'll
23  keep them in a blocked account here.  Nobody will touch
24  them.  If anybody wants to touch them, whether you want to
25  touch them or the FTC wants to touch them or the Debtor

1    wants to touch them, there will be a minimum amount of

2    notice to give all parties, and there would be no

3    injunction necessary.

4            MR. OETZELL: Your Honor, you know obviously we'll

5    consider everything, but I will tell you that from our

6    perspective as the Receiver, once the Receiver was

7    appointed, the Receiver's duties include --

8            THE COURT: Can you keep your voice up, please.

9            MR. OETZELL: I'm sorry.  Once the Receiver was

10    appointed in this FTC action, the Receiver took the role of

11    preserving the assets, and as a consequence, you know, when

12    there's a -- you can see when there's a difference of

13    opinion as between the FTC and the Receiver, the Receiver's

14    duty is to preserve the assets.  That's what our order

15    requires, and that's what everything that I am attempting

16    to do is being done.  And again, I would say that your

17    order yesterday did that.  And it also recognized the fact

18    that there is a standing order out there that, you know,

19    has to be complied with at some point, or it has to be

20    argued against in Florida.

21            THE COURT: Not necessarily.  That order could be

22    overturned by the Eleventh Circuit.

23            MR. OETZELL: That's true too, but once again,

24    what I'm saying is that we should not be on a collision

25    course with the District Court's order or the Eleventh

1  Circuit.  We should not be taking any action that will

2  conflict with either of those two courts.  The action is in

3  Florida, and things can be taken care of in Florida and

4  could be taken care of in Florida under your order

5  yesterday.

6        THE COURT: Well, I will say this, and that is,

7  that if for some reason this injunction is overturned on

8  appeal, then alternatively I will issue the injunction or I

9  do now issue the injunction that I issued or talked about

10 yesterday.  It'll be an alternative, so that if for some

11 reason this injunction were overturned as being erroneous,

12 then assuming that the Court has the power to issue an

13 injunction in the alternative, that's what I'll do.

14        But I understand you, sir.  I wish there were

15 some way to do it.  I guess you don't trust the fact that

16 the Bankruptcy Court will preserve the funds or at least

17 give you more time than you have now to go seek further

18 redress, and I can't -- you want something that's a

19 certainty and I understand that, and you don't want to

20 agree to anything less than that.

21        MR. OETZELL: Well, Your Honor, it's not a

22 question of trusting the Bankruptcy Court or not trusting

23 the Bankruptcy Court, and --

24        THE COURT: Sure it is.  Sure it is.

25        MR. OETZELL:  -- I appreciate all the effort and

37

1  thought that you have put into this, including, you know,

2  calling this hearing today to clarify your order.  There's

3  not many courts that would do that, and, you know, it's

4  obvious that you put so much thought into this and a lot of

5  worry into this, and I certainly appreciate that.  It's

6  just an issue that in the end the Debtor's goal in this

7  thing is to get those funds and to spend them.  And that is

8  just something that is not subject to argument, and it is

9  the Receiver's duties to preserve those funds.  And that is

10 why I am concerned, and that is why I'm asking for a

11 certainty.

12         THE COURT: Okay.  But I stand between the Debtor

13 and those funds.

14         MR. OETZELL: I understand, Your Honor.

15         THE COURT: Thank you, sir.  Okay, ladies and

16 gentlemen, we'll issue a new order.  Does anybody else wish

17 to say anything before I wish you a good lunch or I guess

18 if you're at the FTC, it's 3:00 o'clock there.

19         MR. MORA: Your Honor, Michael Mora for the

20 Commission.

21         THE COURT: Yes, sir.

22         MR. MORA: Your Honor, may I just ask for

23 clarification, at the end there, that Your Honor will be

24 issuing the order that you entered last night but also an

25 alternative order?

38

1    THE COURT: You know, Mr. Mora, to be honest with

2    you, I'll ask all of you.  I've never done it before, so

3    I'll ask you.  Is a court allowed to issue an injunction

4    that has two components, the first component is the

5    injunction I issued today, and if for some reason that

6    overturned, then the injunction that I discussed on the

7    record yesterday.  If I have that power, that's what I

8    would like to do.

9    MR. MORA: I don't know the answer to that

10   question, Your Honor.

11   MR. OETZELL: Your Honor, I don't know the answer

12   to that question either, and I would -- you know, we can

13   look into it, but --

14   THE COURT: So I'll issue the first -- when I say

15   first, that could get confusing -- I'll issue the

16   injunction that I issued today and if I have the power, I'd

17   like everybody's position within a week in a brief -- I'd

18   like to know whether you think I have the power to issue

19   any alternative, so yesterday's injunction discussed on the

20   record yesterday would be in the alternative if for some

21   reason this injunction is overturned.

22   MR. SACKS: Your Honor, Steven Sacks.  It seems to

23   me that the Court has power to issue an order today that

24   says that a), the Receiver is enjoined; the FTC is

25   enjoined, as the Court issued yesterday.  And in addition,

39

1  if for any reason the Receiver comes into control of the

2  money that's presently in the blocked account or otherwise

3  is able to compel Integretel to pay it 1.7 million dollars,

4  that the Court enjoins the Receiver from doing anything

5  with that money --

6          THE COURT: Pending further order of this Court.

7          MR. SACKS: Right.

8          MR. OETZELL: That's not the issue.  The issue is

9  whether Your Honor can sit there and say that the -- on the

10  alternative that the Receiver is not enjoined and basically

11  go back to your order yesterday.

12          THE COURT: No, no, I think he's right, Mr.

13  Oetzell, with all due respect, and let me just explain to

14  you why, because the purpose would be to issue the

15  injunction that I discussed today on the record and issued

16  today on the record or in the alternative if for some

17  reason the Receiver were to obtain those funds, the

18  Receiver would be enjoined from distributing them to

19  anybody pending further order of the Court.  That's exactly

20  what I intend.

21          MR. OETZELL: Well, you know, I'm not so sure.  I

22  mean if the injunction is overturned, I guess the answer is

23  the injunction is overturned.

24          THE COURT: Right.  And you can argue that in the

25  appeal, that the alternative part of the injunction should

40

1    be stricken by the Appellate Court.

2         MR. OETZELL: I certainly would like Mr. Sacks to

3    explain the authority by which somebody can -- a court can

4    issue an injunction and then a back-up if it gets

5    overturned.

6         THE COURT: (Laughing.) Right.  I guess that is

7    the question, Mr. Sacks.  So, Mr. Sacks, rather than doing

8    that, I'll just go ahead and issue my injunction today and

9    if you can provide me some authority that I can have a

10   back-up injunction, that's what my intent would me.  I

11   would like to do it if I have the authority.

12        MR. SACKS: Your Honor, Steven Sacks again.  I

13   don't think it is a back-up; I think what it is, is an

14   alternative circumstance that may arise, which is, as the

15   Receiver and the FTC argue, somehow the District Court may

16   compel something to happen even though they're enjoined.

17   Let's say the injunction is not overturned, and somehow we

18   are required under penalty of otherwise going to jail I

19   guess, to pay money to the Receiver.  And in that case,

20   this Court's order would be in effect, which is that the

21   Receiver couldn't do anything with that money without the

22   Bankruptcy Court's further order.  I don't see it as an

23   alternative; I see it as part of the Court's review of the

24   situation and part of the Court's order.

25        THE COURT: So it wouldn't be only if I got

41

1   reversed.  It would be if for any reason the Receiver

2   became in possession of those funds.

3          MR. SACKS: That's my view, Your Honor.  Steven

4   Sacks speaking.

5          THE COURT: Go ahead, Mr. Oetzell.

6          MR. OETZELL: That's called a back-up.  And also I

7   think it's based upon speculative circumstances, and I

8   don't think that's appropriate for an injunction.

9          MR. MORA: And, Your Honor, this is Michael Mora

10  for the Commission.  Also this is obviously something new

11  that certainly we didn't have advance notice of, but on the

12  spot, I would say that a back-up order like that would be

13  tantamount to -- because it would only be the District

14  Court judge itself who would have acted under those

15  circumstances -- being postulated.  So that would be

16  tantamount to enjoining the District Court itself.

17         THE COURT: Well, but remember that's what the

18  order was yesterday and that's what Mr. Oetzell wanted.

19         MR. OETZELL: Well, that was in a situation -- in

20  somewhat of a compromised situation in respect to this

21  particular hearing, these particular circumstances.  Now we

22  have an order restraining us.  If that order gets

23  overturned, that order gets overturned.  We don't sit

24  there -- we don't sit there and put in back-up provisions

25  to ameliorate an order getting overturned.

42

1    THE COURT: Well, Mr. Sacks, I'm not sure because

2 nobody has had an opportunity to look at this, but I think

3 you may be right.  Take a few days and write a brief, and

4 I'll look at it, and I'll give you a couple of days and

5 I'll give the FTC and the Receiver a couple of days, and if

6 all you want to say is what you said in your papers, fine.

7 But if you can find some law on it, fine.  And we are now

8 November 27th, so why don't you take until November 30th, Mr.

9 Sacks, and do we still have a hearing on the 7th, by the

10 way?

11    MR. SACKS: We do have matters on calendar for the

12 7th, Your Honor.

13    THE COURT: All right.  And the FTC and the

14 Receiver can have until the 5th.  I need it by no later than

15 3:00 p.m. California time which is 6:00 p.m. the Receiver's

16 time on the 5th.

17    MR. SACKS: 3:00 p.m. on the -- I'm sorry.

18    THE COURT: It's not the Receiver's time, I'm

19 sorry; it's the FTC's time.  I need it by 3:00 p.m. on the

20 5th, California time.

21    MR. OETZELL: That's the response?

22    THE COURT: Yes, sir.

23    MR. OETZELL: I'm sorry, the actual --

24    THE COURT: The 30th.

25    MR. OETZELL: The 30th.

43

1          THE COURT: And we'll give it to you by 3:00 p.m.

2  on the 30th too.

3          MR. OETZELL: Thank you, Your Honor.

4          THE COURT: Thank you very much, counsel.

5          ALL COUNSEL: Thank you, Your Honor.

6          THE COURT: Mr. Sacks, you better get in a new

7  order right away.

8          MR. SACKS: I'm going to upload a new order.

9          THE COURT: Thank you, sir.  Court is adjourned.

10          (Whereupon, the proceedings are concluded at 12:05

11  p.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

44

1

2

3

4

5                    CERTIFICATE OF TRANSCRIBER

6

7           I certify that the foregoing is a correct

8    transcript from the digital sound recording of the

9    proceedings in the above-entitled matter.

10

11   DATED: December 4, 2007

12

13                       By:   /s/ Jo McCall

14

15

16

17

18

19

20

21

22

23

24

25

**RER - 80**

ELECTRONICALLY
FILED:
Date: 12|6|07
Docket No: 89

1   Howard Kollitz [State Bar No. 059611],
    Walter K. Oetzell [State Bar No. 109769] and
2   Steven J. Schwartz [State Bar No. 200586] of
    DANNING, GILL, DIAMOND & KOLLITZ, LLP
3   2029 Century Park East, Third Floor
    Los Angeles, California 90067-2904
4   Telephone:  (310) 277-0077
    Facsimile:  (310) 277-5735
5   Email:  woetzell@dgdk.com
    Email:  sschwartz@dgdk.com
6
    Jeffrey C. Schneider [Pro Hac Vice]
7   TEW CARDENAS LLP
    Four Seasons Tower, Fifteenth Floor
8   1441 Brickell Avenue
    Miami, Florida 33131-3407
9   Telephone:  (305) 539-2481
    Facsimile:  (305) 536-1116
10  Email:  jcs@tewlaw.com

11  Attorneys for Defendant, David R. Chase, as Receiver

12              UNITED STATES BANKRUPTCY COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                    SAN JOSE DIVISION

15  **In re**                                  )
                                               )
16  **THE BILLING RESOURCE**, dba              )
    **INTEGRETEL**, a California corporation,   )   **Bankruptcy Case No. 07-52890-ASW**
17                                             )
    [Taxpayer Identification No. 33-0289863]   )        [Chapter 11]
18                                             )
                                  **Debtor.**   )   **Adversary Proceeding No. 07-05156**
19  _____   )
                                               )
20  **THE BILLING RESOURCE**, dba              )
    **INTEGRETAL**, a California corporation,   )
21                                             )
                              **Plaintiff,**    )   **NOTICE OF APPEAL FILED BY**
22         vs.                                 )   **DEFENDANT/APPELLANT DAVID R.**
                                               )   **CHASE, AS FEDERAL RECEIVER**
23  **FEDERAL TRADE COMMISSION**, and          )
    **DAVID R. CHASE**, not individually, but solely )   **[Filed Concurrently With Statement of**
24  in his capacity as receiver for Nationwide )   **Election To Have Appeal Heard By**
    Connections, Inc., Access One Communications, )   **District Court]**
25  Inc., Network One Services, etc., et al;   )
                                               )
26                                             )
                                               )
27                             **Defendants.**  )
                                               )
28  _____   )

                            -1-

318007.01 [XP]     24774                              RER-80       3505

1  **NOTICE IS HEREBY GIVEN,** that, Appellant, David R. Chase, not individually, but

2  solely in his capacity as Receiver for Nationwide Connections, Inc., Access One Communications,

3  Inc., Network One Services and other related entities ("the Federal Receiver") hereby appeals

4  under 28 U.S.C. § 158(a) from the Order of the United States Bankruptcy Court for the Northern

5  District of California, San Jose Division, entered in Adversary Proceeding No. 07-05156 and

6  entitled, "Amended Order Granting Motion for Preliminary Injunction," which was entered on

7  November 30, 2007.  A true and correct copy of the Order entered by the Bankruptcy Court on

8  November 30, 2007 is appended hereto and, by this reference, incorporated herein, as Exhibit "1".

9  This appeal is related to an appeal filed by the Appellant, Federal Trade Commission from

10 the Order of the Bankruptcy Court entitled "Order Granting Motion for Preliminary Injunction"

11 which was entered on November 28, 2007.[1]

12 The names of all parties and the names, addresses, telephone and fax numbers, and email

13 addresses of their respective attorneys are as follows:

14

15 Party: Federal Trade Commission

16 Counsel to the Federal Trade Commission
   John Andrew Singer
17 Michael P. Mora
   Julie A. Mack
18 Attorneys for Federal Trade Commission
   600 Pennsylvania Avenue, N.W.
19 Washington, D.C. 20580
   (Tel) (202) 326-3234; 3373; 2312
20 (Fax) (202) 326-2477
   (Email) jsinger@ftc.gov
21            mmora@ftc.gov
              jmack@ftc.gov
22

23 Party: The Billing Resource, dba Integretel,
   A California corporation, as Debtor and Debtor in Possession
24

25 _____

26 [1] The Federal Receiver also hereby appeals from the Order entered by the Bankruptcy Court on
   November 28, 2007, to the extent, if at all, that the Amended Order entered on November 30, 2007
27 does not supersede the Order entered on November 28, 2007 (a copy of which is appended hereto
   as Exhibit "2").

28

-2-

1   <u>Counsel to The Billing Resource, dba Integretel,
    A California corporation, as Debtor and Debtor in Possession</u>
2   Michael H. Ahrens
    Jeffrey K. Rehfeld
3   Steven B. Sacks
    Sheppard, Mullin, Richter and Hampton
4   4 Embarcadero Center, 17th Floor
    San Francisco, CA 94111
5   (Tel) (415) 434-9100
    (Fax) (415) 434-3947
6   (Email) mahrens@sheppardmullin.com
    jrehfeld@sheppardmullin.com
7   sscaks@sheppardmullin.com

8
    Party: David R. Chase, as Federal Receiver
9
    <u>Counsel to David R. Chase, as Federal Receiver:</u>
10  Howard Kollitz
    Walter K. Oetzell
11  Steven J. Schwartz
    Danning, Gill, Diamond & Kollitz, LLP
12  2029 Century Park East, Third Floor
    Los Angeles, California 90067-2904
13  (Tel) (310) 277-0077
    (Fax) (310) 277-5735
14  (Email) hkollitz@dgdk.com
              woetzell@dgdk.com
15            sschwartz@dgdk.com

16        (and)

17  <u>Counsel to David R. Chase, as Federal Receiver</u>
    Jeffrey C. Schneider
18  Tew Cardenas LLP
    Four Seasons Tower, Fifteenth Floor
19  1441 Brickell Avenue
    Miami, Florida 33131
20  (Tel) (305) 536-1112
    (Fax) (305) 536-1116
21  (Email) jcs@tewlaw.com

22        Dated, on this 6th day of December, 2007, at Los Angeles, California.

23

24                                DANNING, GILL, DIAMOND & KOLLITZ, LLP

25

26                        By
27                               Steven J. Schwartz
                          Attorneys for the Appellant,
28                        David R. Chase, as Federal Receiver

                                     -3-

EXHIBIT "1"

Entered on Docket
November 30, 2007

GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  SHEPPARD, MULLIN, RICHTER &
   HAMPTON LLP
2    A Limited Liability Partnership
     Including Professional Corporations
3  MICHAEL H. AHRENS,
   Cal. Bar No. 44766
4  STEVEN B. SACKS,
   Cal. Bar No. 98875
5  JEFFREY K. REHFELD,
   Cal. Bar No. 188128
6  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
7  Telephone:    415-434-9100
   Facsimile:    415-434-3947
8
   Attorneys for The Billing Resource, dba
9  Integretel

The following constitutes the
Order of the Court. Signed _____ 11 2F _____ 20o7

_____
HON. ARTHUR S. WEISSBRODT
United States Bankruptcy Judge

NOV 2 7 2007

10            UNITED STATES BANKRUPTCY COURT
11             NORTHERN DISTRICT OF CALIFORNIA
                   [SAN JOSE DIVISION]

12  In re                                    Case No. 07-52890

13  THE BILLING RESOURCE, dba                Chapter 11
    INTEGRETEL, a California corporation,
14

15              Debtor.

16

17  THE BILLING RESOURCE, dba
    INTEGRETEL, a California corporation,    Adv. Proc. No. 07-05156
18
                Plaintiff,                   **AMENDED ORDER GRANTING**
19                                           **MOTION FOR PRELIMINARY**
         v.                                  **INJUNCTION**
20
    FEDERAL TRADE COMMISSION, and            Date:  November 26, 2007
21  DAVID R. CHASE, not individually, but    Time:  2:00 p.m.
    solely in his capacity as receiver for   Court: Room 3020, Hon. Arthur Weissbrodt
22  Nationwide Connections, Inc., Access One
    Communications, Inc., Network One Services,
23  Inc., 411TXT, Inc., CELL-INFO-USA, INC.,
    Enhanced Billing Services, Inc., Toll Free
24  Connect, Inc., Cripple Creek Holdings, LLC,
    Built to Last, LLC, Not Fade Away, LLC, He's
25  Gone, LLC, The Other One, LLC, Turn on
    Your Love Light, LLC, China Cat Sunflower,
26  LLC, Lazy River Road Holdings, LLC,

27              Defendant.

28

W02-WEST:5SS1\400529214.3          AMENDED ORDER GRANTING MOTION FOR PRELIMINARY
                                   INJUNCTION RE: ENFORCING OMNIBUS ORDER

10a030

**EXHIBIT**  **1**                              RER-80    004    3509

1       On November 26, 2007, the Court having previously issued a temporary restraining order

2 and an order to show cause re preliminary injunction, held a hearing in connection with the motion

3 filed by The Billing Resource, dba Integretel ("Integretel"), for a preliminary injunction against

4 the Federal Trade Commission ("FTC") and David R. Chase, not individually, but solely in his

5 capacity as receiver (the "Receiver"), preventing them from enforcing as to Integretel that certain

6 Omnibus Order entered on the docket on September 14, 2007 (the "Omnibus Order") in that

7 certain action captioned <u>Federal Trade Commission v. Nationwide Connections, Inc., et al.</u>, Case

8 No. 06-80180-Civ-Ryskamp (the "Florida Action") pending in the United States District Court for

9 the Southern District of Florida (the "Florida Court") and that certain Order Granting Motion for

10 Clarification as to Scope of Stay entered on the docket by the Florida Court in the Florida Action

11 on September 21, 2007 (the "Clarification Order"), insofar as the Clarification Order relates to the

12 Omnibus Order. Appearances were as stated on the record. The Court incorporates herein its

13 Memorandum Decision re Order to Show Cause Regarding Preliminary Injunction filed and

14 entered on November 2, 2007 and further stated its findings of fact and conclusions of law on the

15 record at the hearings it held on November 16, 2007, November 21, 2007, November 26, 2007 and

16 November 27, 2007.

17       **GOOD CAUSE APPEARING**, it is hereby ordered as follows:

18       The FTC and the Receiver, and their officers, agents, servants, employees and attorneys

19 and upon those persons in active concert or participation with them who receive actual notice of

20 the order by personal service or otherwise, are hereby restrained and enjoined until further order of

21 this Court from seeking to implement or enforce in the Florida Court as to Integretel the Omnibus

22 Order or the Clarification Order, as it relates to the Omnibus Order, including without limitation

23 initiating, suggesting or participating in any proceedings to hold Integretel in contempt in

24 connection therewith, or otherwise seeking to compel Integretel to transfer any money or property

25 to the Receiver. The preliminary injunction issued herein does not affect or restrain the parties

26 from prosecuting and responding to appeals filed by Integretel from orders issued by the Florida

27 Court. The Court further orders that the Receiver shall submit any status reports that pertain to

28 Integretel to the Florida Court jointly with Integretel.

-1-

AMENDED ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION RE: ENFORCING OMNIBUS ORDER

005

1     Integretel is directed that it shall continue to maintain the sum of $1,762,762.56 in the

2 blocked interest-bearing Debtor in Possession account to which they were transferred pursuant to

3 the terms and conditions of this Court's prior order entered on October 3, 2007, without prejudice

4 to the claims, rights, or defenses of any party, until further order of this Court.

5                   ** END OF ORDER **

W02-WEST:5SS1\400529214.3

AMENDED ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION RE: ENFORCING OMNIBUS
ORDER

006

RER-80    3511

1          <u>COURT SERVICE LIST</u>

2    <u>Office of the U.S. Trustee</u>
     Office of the U.S. Trustee
3    Attn: John Wesolowski, Esq.
     280 South First Street, Room 268
4    San Josc, CA  95113

5    <u>The Billing Resource dba Integretel</u>
     The Billing Resource dba Integretel
6    Attn:  Ken Dawson
     5883 Rue Ferrari
7    San Jose, CA  95138

8    <u>Counsel for The Billing Resource dba Integretel</u>
     Sheppard, Mullin, Richter & Hampton LLP
9    Attn:  Michael H. Ahrens, Esq.
     4 Embarcadero Center, 17th Floor
10   San Francisco, CA  94111-4106

11   <u>David R. Chase, Receiver</u>
     David R. Chase, Receiver for Access One Communications,
12         Inc. and Network One Services, Inc.
     David R. Chase, P.A.
13   Wachovia Center-Penthouse
     1909 Tyler Street
14   Hollywood, FL  33020

15   <u>Counsel for the Receiver David R. Chase</u>
     Jeffrey C. Schneider, Esq.
16   Michelle T. Visiedo, Esq.
     Tew Cardenas LLP
17   Four Seasons Tower – 15th Floor
     1441 Brickell Avenue
18   Miami, FL  33131

19   <u>Counsel for the Receiver David R. Chase</u>
     Walter Oetzell, Esq.
20   Danning, Gill, Diamond & Kollitz,  LLP
     2029 Century Park East, Third Floor
21   Los Angeles, CA  90067-2904

22   <u>Counsel for the Federal Trade Commission</u>
     Laura M. Kim, Esq.
23   Michael J. Davis, Esq.
     Collot Guerard, Esq.
24   Federal Trade Commission
     600 Pennsylvania Avenue, NW, Room 286
25   Washington, DC  20580

26   <u>Federal Trade Commission</u>
     Associate Director, Division of Marketing Practices
27   Federal Trade Commission, H-238
     600 Pennsylvania Avenue, N.W.
28

                              -3-

AMENDED ORDER GRANTING MOTION FOR
                                       PRELIMINARY INJUNCTION RE: ENFORCING OMNIBUS
                                                            ORDER
                                       007

                                       RER-80    3512

1  Washington, D.C.   20580

2  Proposed Counsel for the Official Unsecured Creditors Committee
   John Fiero, Esq.
3  Maxim Litvak, Esq.
   Pachulski, Stang, Ziehl & Jones
4  150 California Street
   15th Floor
5  San Francisco, CA 94111-4500

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

AMENDED ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION RE: ENFORCING OMNIBUS
ORDER

008

EXHIBIT "2"

1  SHEPPARD, MULLIN, RICHTER &
   HAMPTON LLP
2      A Limited Liability Partnership
       Including Professional Corporations
3  MICHAEL H. AHRENS,
   Cal. Bar No. 44766
4  STEVEN B. SACKS,
   Cal. Bar No. 98875
5  JEFFREY K. REHFELD,
   Cal. Bar No. 188128
6  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
7  Telephone:    415-434-9100
   Facsimile:    415-434-3947
8
   Attorneys for The Billing Resource, dba
9  Integretel

**FILED**

NOV 2 6 2007

CLERK
United States Bankruptcy Court
San Jose, California
The following constitutes the
Order of the Court. Signed ___11/26_____ 200 7

_Arthur S. Weissbrodt_
HON. **ARTHUR S. WEISSBRODT**
United States Bankruptcy Judge

10              UNITED STATES BANKRUPTCY COURT
                NORTHERN DISTRICT OF CALIFORNIA
11                    [SAN JOSE DIVISION]

12  In re                                    Case No. 07-52890

13  THE BILLING RESOURCE, dba                Chapter 11
    INTEGRETEL, a California corporation,
14
15              Debtor.

16

17  THE BILLING RESOURCE, dba
    INTEGRETEL, a California corporation,    Adv. Proc. No. 07-05156
18
                Plaintiff,                   **ORDER GRANTING MOTION FOR**
19                                           **PRELIMINARY INJUNCTION**
            v.
20                                           Date:  November 26, 2007
    FEDERAL TRADE COMMISSION, and            Time:  10:00 a.m.
21  DAVID R. CHASE, not individually, but    Court: Room 3020, Hon. Arthur Weissbrodt
    solely in his capacity as receiver for
22  Nationwide Connections, Inc., Access One
    Communications, Inc., Network One Services,
23  Inc., 411TXT, Inc., CELL-INFO-USA, INC.,
    Enhanced Billing Services, Inc., Toll Free
24  Connect, Inc., Cripple Creek Holdings, LLC,
    Built to Last, LLC, Not Fade Away, LLC, He's
25  Gone, LLC, The Other One, LLC, Turn on
    Your Love Light, LLC, China Cat Sunflower,
26  LLC, Lazy River Road Holdings, LLC,

27              Defendant.

28

W02-WEST:5SS1\400529214.2                    ORDER GRANTING MOTION FOR PRELIMINARY
                                             INJUNCTION RE: ENFORCING OMNIBUS ORDER

**EXHIBIT**  **2**

1       On November 26, 2007, the Court having previously issued a temporary restraining order

2   and an order to show cause re preliminary injunction, held a hearing in connection with the motion

3   filed by The Billing Resource, dba Integretel ("Integretel"), for a preliminary injunction against

4   the Federal Trade Commission ("FTC") and David R. Chase, not individually, but solely in his

5   capacity as receiver (the "Receiver"), preventing them from enforcing as to Integretel that certain

6   Omnibus Order entered on the docket on September 14, 2007 (the "Omnibus Order") in that

7   certain action captioned <u>Federal Trade Commission v. Nationwide Connections, Inc., et al.</u>, Case

8   No. 06-80180-Civ-Ryskamp (the "Florida Action") pending in the United States District Court for

9   the Southern District of Florida (the "Florida Court") and that certain Order Granting Motion for

10  Clarification as to Scope of Stay entered on the docket by the Florida Court in the Florida Action

11  on September 21, 2007 (the "Clarification Order"), insofar as the Clarification Order relates to the

12  Omnibus Order. Appearances were as stated on the record. The Court incorporates herein its

13  Memorandum Decision re Order to Show Cause Regarding Preliminary Injunction filed and

14  entered on November 2, 2007 and further stated its findings of fact and conclusions of law on the

15  record at the hearings it held on November 16, 2007, November 21, 2007 and November 26, 2007.

16      **GOOD CAUSE APPEARING**, it is hereby ordered as follows:

17      The FTC and the Receiver, and their officers, agents, servants, employees and attorneys

18  and upon those persons in active concert or participation with them who receive actual notice of

19  the order by personal service or otherwise, are hereby restrained and enjoined until further order of

20  this Court from seeking to implement or enforce in the Florida Court as to Integretel the Omnibus

21  Order or the Clarification Order, as it relates to the Omnibus Order, including without limitation

22  initiating, suggesting or participating in any proceedings to hold Integretel in contempt in

23  connection therewith, or otherwise seeking to compel Integretel to transfer any money or property

24  to the Receiver. The preliminary injunction issued herein does not affect or restrain the parties

25  from prosecuting and responding to appeals filed by Integretel from orders issued by the Florida

26  Court. The Court further orders that the Receiver shall submit any status reports that pertain to

27  Integretel to the Florida Court jointly with Integretel.

28  ※ See Exhibit "A"

-1-

W02-WEST:5SS1\400529214.2

ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION RE: ENFORCING OMNIBUS ORDER

010

RER-80      3516

1        Integratel is directed that it shall continue to maintain the sum of $1,762,762.56 in the

2    blocked interest-bearing Debtor in Possession account to which they were transferred pursuant to

3    the terms and conditions of this Court's prior order entered on October 3, 2007, without prejudice

4    to the claims, rights, or defenses of any party, until further order of this Court.

5                          ** END OF ORDER **

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION RE: ENFORCING OMNIBUS ORDER

011

RER-80        3517

EXHIBIT A

The Court also relies on <u>Christopher Village, L.P. v. United States</u>,
360 F.3d 1319 (Fed. Cir. 2004), previously referenced by this Court.    In
<u>Christopher Village</u>, the Federal Circuit held that the Court of Federal
Claims had exclusive jurisdiction to adjudicate a breach of contract claim
notwithstanding the fact that a district court and the Fifth Circuit had
previously asserted jurisdiction over those claims.    The Federal Circuit
acknowledged the general rule that in most circumstances a judgment may not
be collaterally attacked on the ground that the original tribunal lacked
subject matter jurisdiction, even if the issue of subject matter
jurisdiction has not been litigated in the first action.    However, the
Federal Circuit held that in an exception to that general rule includes
situations where "[a]llowing the judgment to stand would substantially
infringe the authority of another tribunal or agency of government,"
quoting Restatement (Second) of Judgments § 12(2) (1982), and citing to
<u>In re Bulldog Trucking, Inc. v. Productive Transp. Servs., Inc.</u>, 147 F.3d
347, 354 (4th Cir. 1998) and <u>Sterling v. United States</u>, 85 F.3d 1225, 1231
(7th Cir. 1996).    <u>Christopher Village</u>, 360 F.3d at 1329-30.    Here, under
<u>Christopher Village</u>, where this Court has exclusive jurisdiction over
determining what constitutes property of the bankruptcy estate, allowing
the Clarification Order to determine Debtor's rights in property of the
estate would both substantially infringe the authority of this Court and
irreparably damage the Debtor and the Debtor's estate.

012

**CERTIFICATE OF SERVICE**

I, Cheryl Caldwell, declare:

I am employed by the law firm of DANNING, GILL, DIAMOND & KOLLITZ, LLP, in the County of Los Angeles, State of California. I am employed in the office of a member of the bar of this court at whose direction the service was made. I am over the age of 18 years and am not a party to the within action. My business address is 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904.

On December 6, 2007, I served the following document(s):

**NOTICE OF APPEAL FILED BY DEFENDANT/APPELLANT DAVID R. CHASE, AS FEDERAL RECEIVER**

on the interested parties addressed as follows:

[SEE ATTACHED SERVICE LIST.]

Electronic Transmission (E-Mail)

(By Mail) I placed the document for collection and deposit in the mail. I am familiar with this firm's practice for the collection and processing of correspondence for mailing. Under that practice, the document would be placed in a sealed envelope and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904, in the ordinary course of business. The documents served were placed in sealed envelopes and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed on December 6, 2007, at Los Angeles, California.

| | |
|---|---|
| Cheryl Caldwell | *Cheryl Caldwell* |
| (Type or print name) | (Signature) |

-2-

315853.01 [XP]    24774                                        RER-80        3519

## SERVICE LIST

Office of the United States Trustee
John Wesolowski, Esq.
United States Department of Justice
280 S. First Street, Suite 268
San Jose, CA 95113-0002
**Via Regular Mail**

Debtor
The Billing Resource
5883 Rue Farrari
San Jose, CA 95138
**Via Regular Mail**

Counsel for Plaintiff Federal Trade
Commission
c/o Laura Kim
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
**Via Regular Mail**

POL, Inc.
Law Offices of Joel Dichter, Esq.
10 Rockefeller Palce, Suite 816
New York, NY 10020
**Via Regular Mail**

Counsel for POL, Inc.
Kathryn S. Diemer
Diemer, Whitman and Cardosi
75 E. Santa Clara Street
San Jose, CA 95113
**Via Regular Mail**

Counsel for Debtor The Billing Resource
Michael H. Ahrens
Sheppard Mullin Richter and Hampton
mahrens@sheppardmullin.com

Ori Katz
Sheppard Mullin Richter and Hampton
okatz@sheppardmullin.com,
dwhitehead@sheppardmullin.com

Jeffery K .Rehfeld
Sheppard Mullin Richter and Hampton
jrehfeld@sheppardmullin.com,
ewalters@sheppardmullin.com

Steven B. Sacks
Sheppard Mullin Richter and Hampton
ssacks@sheppardmullin.com
ewalters@smrh.com

Counsel for David R. Chase,
Federal Receiver
Jeffrey Schneider, Esq.
Tew Cardenas LLP
jcs@tewlaw.com

Counsel for the Federal Trade Commission
John Andrew Singer
jsinger@ftc.gov
Michael Morra
mmora@ftc.gov
Julie Mack
jmack@ftc.gov

Counsel to the Unsecured Creditors'
Committee
John D. Fierro
Pachulski, Stang, Ziehl, Young and Jones
jfiero@pszjlaw.com

-3-

## File an Appeal:

<u>07-05156 The Billing Resource v. Chase et al</u>
Type: ap                    Office: 5 (San Jose)              Lead Case: 07-52890
Judge: ASW                  Case Flag: APPEAL

### U.S. Bankruptcy Court

### Northern District of California

Notice of Electronic Filing

The following transaction was received from Schwartz, Steven J. entered on 12/6/2007 at 5:02 PM PST
and filed on 12/6/2007
**Case Name:**       The Billing Resource v. Chase et al
**Case Number:**     <u>07-05156</u>
**Document Number:** <u>89</u>

**Docket Text:**
Notice of Appeal to District Court *filed by Defendant/Appellant David R. Chase, as Federal Receiver,
with Certificate of Service*, Fee Amount $ 255. (RE: related document(s)[78] Amended Order).
Appellant Designation due by 12/17/2007. Transmission to District Court due by 1/7/2008. Filed by
Defendant David R Chase (Schwartz, Steven)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**J:\CYC\integretel notice of appeal.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=12/6/2007] [FileNumber=7100097-0
] [86e1d21c3a46632e08d39bfa916d258c5f895c5e7f38072c244ca71d70e99a8cfbd
c3326802dcdc7b6c3d73a8ab71b96d08647e88bf9b447c2d142ada67053e7]]

**07-05156 Notice will be electronically mailed to:**

Michael H. Ahrens     mahrens@sheppardmullin.com

Ori Katz    okatz@sheppardmullin.com, dwhitehead@sheppardmullin.com

Julie A. Mack     jmack@ftc.gov, dabueid@ftc.gov

Jeffrey K. Rehfeld     jrehfeld@sheppardmullin.com, ewalters@sheppardmullin.com

Steven B. Sacks     ssacks@sheppardmullin.com, ewalters@smrh.com

Steven J. Schwartz     sschwartz@dgdk.com

**07-05156 Notice will not be electronically mailed to:**

RER-89 3522

# RER - 81

ELECTRONICALLY
FILED:
Date: __12/6/07__
Docket No: __90__

1  Howard Kollitz [State Bar No. 059611],
   Walter K. Oetzell [State Bar No. 109769] and
2  Steven J. Schwartz [State Bar No. 200586] of
   DANNING, GILL, DIAMOND & KOLLITZ, LLP
3  2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904
4  Telephone:  (310) 277-0077
   Facsimile:  (310) 277-5735
5  Email:  woetzell@dgdk.com
   Email:  sschwartz@dgdk.com
6
   Jeffrey C. Schneider [Pro Hac Vice]
7  TEW CARDENAS LLP
   Four Seasons Tower, Fifteenth Floor
8  1441 Brickell Avenue
   Miami, Florida 33131-3407
9  Telephone:  (305) 539-2481
   Facsimile:  (305) 536-1116
10 Email:  jcs@tewlaw.com

11 Attorneys for Defendant, David R. Chase, as Receiver

12            UNITED STATES BANKRUPTCY COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                   SAN JOSE DIVISION

15 **In re**                          )
                                      )
16 **THE BILLING RESOURCE**, dba      )
   **INTEGRETEL**, a California corporation,  )
17                                    )   **Bankruptcy Case No. 07-52890-ASW**
   [Taxpayer Identification No. 33-0289863]  )
18                                    )        [Chapter 11]
                          **Debtor.** )
19 _____)   **Adversary Proceeding No. 07-05156**
                                      )
20 **THE BILLING RESOURCE**, dba      )
   **INTEGRETAL**, a California corporation,  )
21                                    )
                         **Plaintiff,** )   **STATEMENT OF ELECTION TO HAVE**
22          vs.                       )   **APPEAL HEARD BY DISTRICT**
                                      )   **COURT MADE BY**
23 **FEDERAL TRADE COMMISSION**, and  )   **DEFENDANT/APPELLANT DAVID R.**
   **DAVID R. CHASE**, not individually, but solely )   **CHASE, AS FEDERAL RECEIVER**
24 in his capacity as receiver for Nationwide )
   Connections, Inc., Access One Communications, )
25 Inc., Network One Services, etc., et al; )
                                      )
26                                    )
                                      )
27                       **Defendants.** )
                                      )
28 _____)

                          -1-

318008.01 [XP]    24774                    RER-81      3523

1    Pursuant to 28 U.S.C. § 158(c)(1) and Fed. R. Bankr. P. 8001(e), Defendant/Appellant

2    David R. Chase, not individually, but solely in his capacity as Receiver for Nationwide

3    Connections, Inc., Access One Communications, Inc., Network One Services and other related

4    entities ("the Appellant" or "the Federal Receiver") hereby elects to have his appeal from the

5    Bankruptcy Court Order entitled, "Amended Order Granting Motion for Preliminary Injunction,"

6    which was entered on November 30, 2007, heard by the United States District Court for the

7    Northern District of California.[1]

8    Notice of the Federal Receiver's foregoing appeal is being filed concurrently with this

9    Statement of Election.

10

11    Dated, on this 6th day of December, 2007, at Los Angeles, California.

12

13    DANNING, GILL, DIAMOND & KOLLITZ, LLP

14

15    By_____
           Steven J. Schwartz

16    Attorneys for Defendant/Appellant
      David R. Chase, as Federal Receiver

17

18

19

20

21

22

23

24

25

26    [1] To the extent, if at all, that the Amended Order Granting Motion for Preliminary Injunction does
      not supersede the Order entered on November 28, 2007 by the Bankruptcy Court and entitled,

27    "Order Granting Motion for Preliminary Injunction" the Appellant, the Federal Receiver, also
      hereby elects to have his appeal from the November 28, 2007 Order heard by the District Court.

28

-2-

1

<b><u>CERTIFICATE OF SERVICE</u></b>

2      I, Cheryl Caldwell, declare:

3      I am employed by the law firm of DANNING, GILL, DIAMOND & KOLLITZ, LLP, in the County of Los Angeles, State of California. I am employed in the office of a member of the bar

4   of this court at whose direction the service was made. I am over the age of 18 years and am not a party to the within action. My business address is 2029 Century Park East, Third Floor, Los

5   Angeles, California 90067-2904.

6      On December 6, 2007, I served the following document(s):

7   **STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT MADE BY DEFENDANT/APPELLANT DAVID R. CHASE, AS FEDERAL RECEIVER**

8
on the interested parties addressed as follows:

9
[SEE ATTACHED SERVICE LIST.]

10
Electronic Transmission (E-Mail)

11
(By Mail) I placed the document for collection and deposit in the mail. I am familiar with this

12   firm's practice for the collection and processing of correspondence for mailing. Under that practice, the document would be placed in a sealed envelope and deposited with the U.S. Postal

13   Service on that same day with postage thereon fully prepaid at 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904, in the ordinary course of business. The documents

14   served were placed in sealed envelopes and placed for collection and mailing following ordinary business practices.

15
      I declare under penalty of perjury under the laws of the State of California and of the United

16   States of America that the foregoing is true and correct.

17      Executed on December 6, 2007, at Los Angeles, California.

18
       _____                    _____

19        Cheryl Caldwell                                 *Cheryl Caldwell*
          (Type or print name)                            (Signature)

20

21

22

23

24

25

26

27

28

-2-

1

## SERVICE LIST

2

3
Office of the United States Trustee
John Wesolowski, Esq.
United States Department of Justice
4
280 S. First Street, Suite 268
San Jose, CA 95113-0002
5
**Via Regular Mail**

6
Debtor
The Billing Resource
7
5883 Rue Farrari
San Jose, CA 95138
8
**Via Regular Mail**

9
Counsel for Plaintiff Federal Trade
Commission
10
c/o Laura Kim
Federal Trade Commission
11
600 Pennsylvania Avenue, NW
Washington, DC 20580
12
**Via Regular Mail**

13
POL, Inc.
Law Offices of Joel Dichter, Esq.
14
10 Rockefeller Palce, Suite 816
New York, NY 10020
15
**Via Regular Mail**

16
Counsel for POL, Inc.
Kathryn S. Diemer
17
Diemer, Whitman and Cardosi
75 E. Santa Clara Street
18
San Jose, CA 95113
**Via Regular Mail**

19

20
Counsel for Debtor The Billing Resource
Michael H. Ahrens
Sheppard Mullin Richter and Hampton
21
mahrens@sheppardmullin.com

22
Ori Katz
Sheppard Mullin Richter and Hampton
23
okatz@sheppardmullin.com,
dwhitehead@sheppardmullin.com
24

25
Jeffery K .Rehfeld
Sheppard Mullin Richter and Hampton
jrehfeld@sheppardmullin.com,
26
ewalters@sheppardmullin.com

27

28

Steven B. Sacks
Sheppard Mullin Richter and Hampton
ssacks@sheppardmullin.com
ewalters@smrh.com

Counsel for David R. Chase,
Federal Receiver
Jeffrey Schneider, Esq.
Tew Cardenas LLP
jcs@tewlaw.com

Counsel for the Federal Trade Commission
John Andrew Singer
jsinger@ftc.gov
Michael Morra
mmora@ftc.gov
Julie Mack
jmack@ftc.gov

Counsel to the Unsecured Creditors'
Committee
John D. Fierro
Pachulski, Stang, Ziehl, Young and Jones
jfiero@pszjlaw.com

-3-

315853.01 [XP]    24774

## File an Appeal:

07-05156 The Billing Resource v. Chase et al

| | | |
|---|---|---|
| Type: ap | Office: 5 (San Jose) | Lead Case: 07-52890 |
| Judge: ASW | Case Flag: APPEAL | |

### U.S. Bankruptcy Court

### Northern District of California

Notice of Electronic Filing

The following transaction was received from Schwartz, Steven J. entered on 12/6/2007 at 5:08 PM PST and filed on 12/6/2007

**Case Name:**    The Billing Resource v. Chase et al
**Case Number:**    07-05156
**Document Number:** 90

**Docket Text:**
Statement of Election to District Court,*Made By Defendant/Appellant David R. Chase, as Federal Receiver, with Certificate of Service* (RE: related document(s)[89] Notice of Appeal, filed by Defendant David R Chase). Filed by Defendant David R Chase (Schwartz, Steven)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**J:\CYC\integretel statement of election.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=12/6/2007] [FileNumber=7100139-0
] [296ad8a61a664ab5956b065d153e6b3b231f7e79f79f2eebf8eca296182edc81908
502850aa36a4aba16aaa77a8526cf5b84196f4acdda8e47060503b08ab2f5]]

**07-05156 Notice will be electronically mailed to:**

Michael H. Ahrens    mahrens@sheppardmullin.com

Ori Katz    okatz@sheppardmullin.com, dwhitehead@sheppardmullin.com

Julie A. Mack    jmack@ftc.gov, dabueid@ftc.gov

Jeffrey K. Rehfeld    jrehfeld@sheppardmullin.com, ewalters@sheppardmullin.com

Steven B. Sacks    ssacks@sheppardmullin.com, ewalters@smrh.com

Steven J. Schwartz    sschwartz@dgdk.com

**07-05156 Notice will not be electronically mailed to:**

RER-81    3528
12/6/2007

**RER - 82**

**Entered on Docket**
**December 12, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  SHEPPARD, MULLIN, RICHTER &
   HAMPTON LLP
2      A Limited Liability Partnership
       Including Professional Corporations
3  MICHAEL H. AHRENS,
   Cal. Bar No. 44766
4  STEVEN B. SACKS,
   Cal. Bar No. 98875
5  JEFFREY K. REHFELD,
   Cal. Bar No. 188128
6  Four Embarcadero Center, 17th Floor
   San Francisco, CA 94111
7  Telephone:    415-434-9100
   Facsimile:    415-434-3947
8

The following constitutes the
Order of the Court. Signed **12 7** 20**07**

9  Attorneys for Debtor and Debtor-in-
   Possession
10 The Billing Resource, dba Integretel

HON. ARTHUR S. WEISSBRODT
United States Bankruptcy Judge

DEC 0 4 2007

11              UNITED STATES BANKRUPTCY COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE DIVISION

14

15 In re:                          )  Case No. 07-52890 ASW
                                    )
16 THE BILLING RESOURCE, dba        )  Chapter 11
   INTEGRETEL, a California corporation )
17                                  )  **FURTHER ORDER APPROVING**
              Debtor.               )  **INTERIM USE OF CASH COLLATERAL**
18                                  )  **AND GRANTING REPLACEMENT**
                                    )  **LIENS AND APPROVING FIRST**
19                                  )  **AMENDED STIPULATION WITH**
                                    )  **PAYMENTONE CORPORATION**
20                                  )  **REGARDING USE OF CASH**
                                    )  **COLLATERAL AND ADEQUATE**
21                                  )  **PROTECTION ON A FURTHER**
                                    )  **INTERIM BASIS THROUGH AND**
22                                  )  **INCLUDING DECEMBER 17, 2007**
                                    )
23                                  )  Date:      November 30, 2007
                                    )  Time:      10:15 a.m.
24                                  )  Place:     United States Bankruptcy Court
                                    )             280 South First Street
25                                  )             San Jose, California
                                    )  Judge:     Hon. Arthur S. Weissbrodt
26                                  )  Ctrm:      3020
                                    )
27 _____ )

28

W02-WEST:FJR\400593456.4

                          FURTHER ORDER APPROVING FURTHER
                          INTERIM USE OF CASH COLLATERAL AND
                          GRANTING REPLACEMENT LIENS

1    The Billing Resource, dba Integretel, a California corporation (the "Debtor") filed

2    its "Emergency Motion For Use Of Cash Collateral And Granting Replacement Liens" (the

3    "Motion") in the above-referenced bankruptcy case (the "Bankruptcy Case"). Capitalized terms

4    not otherwise defined herein shall have the meanings ascribed to them in the Motion. A continued

5    interim hearing (the "September 26 Interim Hearing") with respect to the Motion was previously

6    held on September 26, 2007 before the undersigned United States Bankruptcy Judge at the above-

7    noted place. At the September 26 Interim Hearing, counsel for the Debtor presented to the Court a

8    "First Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash Collateral

9    And Adequate Protection" (the "First Amended PaymentOne Stipulation"), a blacklined version of

10    which the Debtor had previously presented to the Court at an initial hearing held on September 21,

11    2007, and requested that the Court approve the First Amended PaymentOne Stipulation on an

12    interim basis at the September 26 Interim Hearing.

13

14    Pursuant to the Motion, as revised in light of the First Amended PaymentOne

15    Stipulation, the pleadings filed by the Debtor in support of the Motion prior to the September 26

16    Interim Hearing and the statements made at the September 26 Interim Hearing, and Bankruptcy

17    Code Sections 105, 361, and 363, the Court at the September 26 Interim Hearing entered its

18    "Order Approving Interim Use Of Cash Collateral And Granting Replacement Liens And

19    Approving First Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash

20    Collateral And Adequate Protection On An Interim Basis" (the "September 26 Interim Order"). In

21    connection with the September 26 Interim Hearing, the Court also orally approved certain

22    stipulations regarding the Debtor's interim use of cash collateral between the Debtor and the

23    following entities: (a) POL, Inc.; (b) Public Communication Services, Inc.; and (c) David R.

24    Chase, as Receiver for certain entities (the "Receiver").

25    A further continued interim hearing (the "October 15 Interim Hearing") with

26    respect to the Motion was previously held on October 15, 2007 before the undersigned United

27    States Bankruptcy Judge at the above-noted place. Prior to the hearing, the Debtor and the

28    Official Committee of Unsecured Creditors (the "Committee") filed a stipulation stipulating to the

W02-WEST:FJR\400593456.4                          -1-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1   to the Debtor's use of cash collateral on a further interim basis through and including November 2,

2   2007. Pursuant to the Motion, as revised in light of the First Amended PaymentOne Stipulation,

3   the pleadings filed by the Debtor in support of the Motion prior to the October 15 Interim Hearing

4   and the statements made at the October 15 Interim Hearing, and Bankruptcy Code Sections 105,

5   361, and 363, the Court on October 16 Interim Hearing signed its "Further Order Approving

6   Interim Use Of Cash Collateral And Granting Replacement Liens And Approving First Amended

7   Stipulation With PaymentOne Corporation Regarding Use Of Cash Collateral And Adequate

8   Protection On An Interim Basis Through And Including November 2, 2007" (the "October 15

9   Interim Order").

10        A further interim hearing (the "November 2 Interim Hearing") with respect to the

11   Motion was previously held on November 2, 2007 before the undersigned United States

12   Bankruptcy Judge at the above-noted place. Prior to the hearing, the Debtor and the Committee

13   filed a stipulation stipulating to the to the Debtor's use of cash collateral on a further interim basis

14   through and including November 16, 2007. Pursuant to the Motion, as revised in light of the First

15   Amended PaymentOne Stipulation, the pleadings filed by the Debtor in support of the Motion

16   prior to the November 2 Interim Hearing and the statements made at the November 2 Interim

17   Hearing, and Bankruptcy Code Sections 105, 361, and 363, the Court signed its "Further Order

18   Approving Interim Use Of Cash Collateral And Granting Replacement Liens And Approving First

19   Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash Collateral And

20   Adequate Protection On An Interim Basis Through And Including November 16, 2007" (the

21   "November 2" Interim Order").

22

23        A further interim hearing (the "November 16 Interim Hearing") with respect to the

24   Motion was previously held on November 16, 2007 before the undersigned United States

25   Bankruptcy Judge at the above-noted place. Prior to the hearing, the Debtor and the Committee

26   filed a stipulation stipulating to the to the Debtor's use of cash collateral on a further interim basis

27   through and including November 30, 2007. Pursuant to the Motion, as revised in light of the First

28   Amended PaymentOne Stipulation, the pleadings filed by the Debtor in support of the Motion

W02-WEST:FJR\400593456.4          -2-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

Case: 07-52890   Doc #: 338   Filed: 12/07/2007   Page 3 of 19

RER-82   3531

1   prior to the November 16 Interim Hearing and the statements made at the November 16 Interim

2   Hearing, and Bankruptcy Code Sections 105, 361, and 363, the Court signed its "Further Order

3   Approving Interim Use Of Cash Collateral And Granting Replacement Liens And Approving First

4   Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash Collateral And

5   Adequate Protection On An Interim Basis Through And Including November 30, 2007" (the

6   "November 16 Interim Order").

7         A further interim hearing (the "November 30 Interim Hearing") with respect to the

8   Motion seeking further interim approval of the Debtor's use of cash collateral through and

9   including December 17, 2007, including further interim approval of the First Amended

10  PaymentOne Stipulation duly came on for hearing before the undersigned United States

11  Bankruptcy Judge at the above-noted place and time set forth on the caption page of this Order.

12  Appearances were as noted in the record at the November 30 Interim Hearing.

13        Pursuant to the Motion, as further revised by the pleadings filed by the Debtor in

14  support of the Motion prior to the September 26 Interim Hearing, the October 15 Interim Hearing,

15  the November 2 Interim Hearing, the November 16 Interim Hearing and the November 30 Interim

16  Hearing, including without limitation the Notice of the November 30 Interim Hearing, the Notice

17  of entry of the November 16 Interim Order, the Declaration of Evan Meyer dated November 29,

18  2007 in support of the Debtor's November 30 Interim Hearing on Cash Collateral (the "November

19  29 Meyer Declaration") including the revised budget attached as <u>Exhibit A</u> to the November 29

20  Meyer Declaration (the "Budget"), and Bankruptcy Code Sections 105, 361, and 363, the Debtor

21  seeks an order from the Court: (1) authorizing the Debtor to use certain assets of the Debtor which

22  constitute "cash collateral" as defined in Bankruptcy Code section 363(a) (such assets of the

23  Debtor shall be referred to herein as the "Cash Collateral") on a further interim basis through and

24  including December 17, 2007, or as soon thereafter as the Court and counsel are available for a

25  further hearing on the Motion; (2) granting approval of the First Amended PaymentOne

26  Stipulation and the terms and conditions set forth therein as revised in this Order on an interim

27  basis through and including December 17, 2007, or as soon thereafter as the Court and counsel are

28

W02-WEST:FJRV400593456.4                          -3-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

available for a further hearing on the Motion; (3) granting PaymentOne Corporation ("PaymentOne"), POL, Inc. ("POL")[1], Network Telephone Services, Inc. ("Network Telephone"), Personal Voice, Inc. ("Personal Voice") and Public Communication Services, Inc. ("Public Communication") (collectively, the "Alleged Cash Collateral Secured Creditors"), as adequate protection for the use by the Debtor of Cash Collateral in which the Alleged Cash Collateral Secured Creditors have an alleged interest, a replacement lien upon certain of the Debtor's personal property as set forth in this Order (and in the case of PaymentOne as set forth in the First Amended PaymentOne Stipulation), but only to the extent each respective Alleged Cash Collateral Secured Creditors possessed valid, perfected and enforceable prepetition liens in the Cash Collateral; and (4) the setting of a further interim hearing on the Motion through and including January 4, 2008 including further interim approval of the First Amended PaymentOne Stipulation through and including January 4, 2008 (the "Further Interim Hearing") pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

The Court, having reviewed and considered the Motion, and all pleadings filed in support thereof, the other matters of record in this Bankruptcy Case, the arguments and representations of counsel at the November 30 Interim Hearing, having completed the September 26 Interim hearing, the October 15 Interim Hearing, the November 2 Interim Hearing, the November 16 Interim Hearing and the November 30 Interim Hearing in accordance with Rule 4001 of the Bankruptcy Rules, and good cause appearing therefor,

1. _____

[1] The following entities are collectively referred to in this Order as "POL": Access Programs, Inc.; Action Date Connections, Inc.; Benchmark Communications, Inc.; Blazen Communications, Inc.; Call Transfer Services, Inc.; Cassiopeia Group, Inc.; Clear Command Telecommunications, Inc.; Country Club Network Services, Inc.; Date Finders Singles, Inc.; Enhanced Phone Services, Inc.; Inovate Telecommunications, Inc.; Invesco Telecommunications, Inc.; Listen Com. Inc.; LJ Internet, Inc.; Love Dating Network, Inc.;Lunar Tel, Inc.; Messenger Com, Inc.; Omnipresent Digital, Inc.; Palisade Telcom, Inc.; POL, Inc.; Psychic, Inc.; Rebound Communications, Inc.; Singles Date Match, Inc.; Special Comtel, Ltd.; Spring Telecom, Inc.; Vesstone Telecommunications, Inc.; Voicemail, Inc.; Voice Services, Ltd.; Vortex Communications & Telephone, Inc.; Wonder Network, Inc.

W02-WEST:FJR\400593456.4                    -4-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

## THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:

1.    The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 16, 2007 (the "Petition Date"). No trustee or examiner has been appointed in this case, and the Debtor is authorized to operate its business as a debtor-in-possession.

2.    The Court has jurisdiction over these proceedings and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.    Pursuant to §§ 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rule 4001 including Bankruptcy Rule 4001(b) and (d), the Debtor has provided such notice as was practicable and appropriate under the circumstances of the time, place and nature of the November 30 Interim Hearing and opportunity to object to the entry of this Order to among others:  (1) the Alleged Cash Collateral Secured Creditors; (2)  each creditor on the List of 30 Largest Creditors filed pursuant to Bankruptcy Rule 1007(d); (3) the Office of the United States Trustee; (4)  other significant parties in interest, including the Receiver and the FTC; and (5) those parties who had filed with the Court filed a request for service pursuant to Bankruptcy Rule 2002. The foregoing notice is adequate and sufficient in light of the nature of the relief requested in the Motion as revised.

4.    The Debtor must have the use of cash generated from the Debtor's assets including without limitation the Debtor's prepetition assets which each of the Alleged Cash Collateral Secured Creditors claims to be its Cash Collateral in order to continue to operate and preserve the value of Debtor's estate.

5.    Unless the Debtor is permitted to use the Cash Collateral, the Debtor's ability to operate its business, pay expenses of this Bankruptcy Case, and to preserve and maintain the property and assets of its estate and to reorganize will be immediately and irreparably jeopardized, and the Debtor's use of the Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtor and the Debtor's bankruptcy estate.

6.    The level of adequate protection for the Alleged Cash Collateral Secured

W02-WEST:FJR\400593456.4                    -5-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

Case: 07-52890    Doc #: 338    Filed: 12/07/2007    Page 6 of 19

RER-82    3534

1  Creditors proposed to be provided by the Debtor in the Motion as revised and as more particularly

2  set forth below, in return for the use of the Cash Collateral, is reasonable.

3          7.      Good cause has been shown for entry of this Order, including without

4  limitation the approval of the First Amended PaymentOne Stipulation and the terms and

5  conditions set forth therein as revised by this Order on an interim basis through and including

6  December 17, 2007, or as soon thereafter as the Court and counsel are available for a further

7  hearing on the Motion.  Among other things, entry of this Order will preserve each of the Alleged

8  Cash Collateral Secured Creditor's position vis-a-vis the Debtor and other creditors of the estate so

9  that each of the respective Alleged Cash Collateral Secured Creditor's position vis-a-vis the Debtor

10  and such other creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral.

11          8.      To the extent that any of the foregoing findings constitute or include

12  conclusions of law, they shall be so deemed.

13          **ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:**

14          1.      The Motion, as amended including by the relief sought in connection with

15  PaymentOne, is approved on a further interim basis through and including December 17, 2007, or

16  as soon thereafter as the Court and counsel are available for a further hearing on the Motion, and

17  the First Amended PaymentOne Stipulation and terms and conditions set forth therein as revised

18  by this Order are approved on a further interim basis through and including December 17, 2007, or

19  as soon thereafter as the Court and counsel are available for a further hearing on the Motion.  Use

20  of Cash Collateral as set forth in the Budget which is attached as <u>Exhibit A</u> to the November 29

21  Meyer Declaration is approved on a further interim basis through and including December 17,

22  2007, or as soon thereafter as the Court and counsel are available for a further hearing on the

23  Motion.  Notwithstanding anything to the contrary contained in the First Amended PaymentOne

24  Stipulation, no super-priority administrative expense claim pursuant to Bankruptcy Code Section

25  507(b) is granted or provided to PaymentOne or to any other Alleged Cash Collateral Secured

26  Creditor on a further interim basis through and including December 17, 2007, or as soon thereafter

27  as the Court and counsel are available for a further hearing on the Motion, provided, however, that

28

W02-WEST:FJR\400593456.4                    -6-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1    such claim will be determined at the hearing seeking approval of the Debtor's use of cash

2    collateral on a final basis. Notwithstanding the foregoing, PaymentOne (and any other Alleged

3    Cash Collateral Secured Creditor beneficiary of this Order), reserves statutory rights it may have

4    as a matter of law under Bankruptcy Code section 507(b) or any other provision of the Bankruptcy

5    Code, and the Debtor and its bankruptcy estate reserve all defenses thereto. This Order is valid

6    immediately and is fully effective upon its entry.

7          2.      Oppositions to the Motion filed prior to the November 30 Interim Hearing

8    or raised at the November 30 Interim Hearing, to the extent not withdrawn, are overruled.

9          3.      The Debtor may use Cash Collateral in which PaymentOne has an alleged

10   interest in accordance with the First Amended PaymentOne Stipulation as revised by this Order.

11         4.      The Debtor is authorized to pay PaymentOne the Pipeline Collection

12   Property in accordance with the terms and conditions of the First Amended PaymentOne

13   Stipulation as revised by this Order and the November 29 Meyer Declaration including its

14   attached Budget filed in this Bankruptcy Case.

15         5.      PaymentOne is granted, pursuant to Bankruptcy Code sections 361(2) and

16   363(e), valid, perfected and enforceable replacement liens upon all post-petition property of the

17   Debtor of the same type and character of any pre-petition property as to which PaymentOne had

18   valid, perfected and enforceable security interests or liens (including any proceeds thereof to the

19   extent that PaymentOne had valid, perfected and enforceable pre-petition security interests or pre-

20   petition liens in proceeds). Notwithstanding anything to the contrary contained in the First

21   Amended PaymentOne Stipulation or this Order, the replacement liens granted to PaymentOne

22   shall not include any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof. The

23   replacement liens granted to PaymentOne shall be automatically perfected pursuant to this Order

24   and PaymentOne shall not be required to take any further action to perfect such liens.

25         6.      PaymentOne's replacement liens on the post-petition property shall have the

26   same priority vis-a-vis other liens and interests as PaymentOne's pre-petition liens and security

27   interests have vis-a-vis such other liens and interests. The replacement liens granted to

W02-WEST:FJR\400593456.4                    -7-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1  PaymentOne by this Order are intended to preserve PaymentOne's position vis-a-vis the Debtor

2  and other creditors of the estate so that PaymentOne's position vis-a-vis the Debtor and such other

3  creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral and PaymentOne's

4  receipt of replacement liens.

5          7.      The replacement liens granted to PaymentOne shall be subordinated from

6  the Petition Date until further order of the Court to any allowed on an interim or final basis

7  expenses of this bankruptcy case including without limitation any allowed on an interim or final

8  basis fees and expenses of professionals retained by the Debtor and any official committee

9  appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the

10 bankruptcy case and such trustee's professionals, subject to the terms and conditions set forth in

11 the First Amended PaymentOne Stipulation, but amended for the time period up to and including

12 November 30, 2007 to strike the following language from Paragraph 8 of the First Amended

13 PaymentOne Stipulation: ", but only to the extent such fees and expenses are provided for in the

14 Budget and were actually incurred before this First Amended Stipulation terminated."

15         8.      Notwithstanding anything to the contrary set forth in this Order, this Order

16 does not determine whether PaymentOne has any valid, perfected or enforceable prepetition liens

17 or security interests in the Cash Collateral or any of the Debtor's other assets, and both the Debtor

18 and PaymentOne reserve all rights and defenses with respect thereto. The replacement liens

19 granted to PaymentOne in consideration of its asserted prepetition liens pursuant to this Order are

20 effective only to the extent that PaymentOne's prepetition liens in the Cash Collateral are valid,

21 perfected and enforceable.

22         9.      The Debtor may use Cash Collateral in which POL has an alleged interest.

23         10.     POL is granted, pursuant to Bankruptcy Code sections 361(2) and 363(e),

24 valid, perfected and enforceable replacement liens upon all post-petition property of the Debtor of

25 the same type and character of any pre-petition property as to which POL had valid, perfected and

26 enforceable security interests or liens, but only to the extent of Cash Collateral used by the Debtor.

27 Notwithstanding anything to the contrary contained in this Order, the replacement liens granted to

W02-WEST:FJR\400593456.4                        -8-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1   POL shall not include any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof.

2   The replacement liens granted to POL shall be automatically perfected pursuant to this Order and

3   POL shall not be required to take any further action to perfect such liens.

4         11.    POL's replacement liens on the post-petition property shall have the same

5   priority vis-a-vis other liens and interests as POL's pre-petition liens and security interests have

6   vis-a-vis such other liens and interests.  The replacement liens granted to POL by this Order are

7   intended to preserve POL's position vis-a-vis the Debtor and other creditors of the estate so that

8   POL's position vis-a-vis the Debtor and such other creditors is neither diminished nor enhanced by

9   Debtor's use of Cash Collateral and POL's receipt of replacement liens.

10         12.    The replacement liens granted to POL shall be subordinated from the

11   Petition Date until further order of the Court to any allowed on an interim or final basis expenses

12   of this bankruptcy case including without limitation any allowed on an interim or final basis fees

13   and expenses of professionals retained by the Debtor and any official committee appointed in this

14   bankruptcy case as well as those of any trustee subsequently appointed in the bankruptcy case and

15   such trustee's professionals.

16

17         13.    Notwithstanding anything to the contrary set forth in this Order, this Order

18   does not determine whether POL has any valid, perfected or enforceable prepetition liens or

19   security interests in the Cash Collateral or any of the Debtor's other assets, and both the Debtor

20   and POL reserve all rights and defenses with respect thereto.  The replacement liens granted to

21   POL pursuant to this Order are effective only to the extent that POL's prepetition liens in the Cash

22   Collateral are valid, perfected and enforceable.

23         14.    The Debtor may use Cash Collateral in which Network Telephone has an

24   alleged interest.

25         15.    Network Telephone is granted, pursuant to Bankruptcy Code

26   sections 361(2) and 363(e), valid, perfected and enforceable replacement liens upon all post-

27   petition property of the Debtor of the same type and character of any pre-petition property as to

28   which Network Telephone had valid, perfected and enforceable security interests or liens, but only

W02-WEST:FJR\400593456.4               -9-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS