*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

8. Anhalt, Irwin, Trustee of the Irwin Anhalt Trust (receivership defendant)

9. Arnold, Risa (receivership defendant)

10. Austin, Michael Garrett (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

11. Barnett Bolt Kirkwood & Long (counsel for BMW Financial Services)

12. Berg, Andrew (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

13. BHD/WEB, LLC (third-party creditor of receivership defendants)

14. Billing Concepts, Inc. (defendant)

15. The Billing Resource d/b/a Integretel (defendant/appellant)

16. Bloch, Bruce

17. Blumenthal, William (counsel for plaintiff)

18. BMW Financial Services (third-party creditor of certain defendants and/or affiliated entities)

19. Brady, Rosanne (counsel for crossclaim defendant/third-party defendant Ronny Morillo)

20. BSG Clearing Solutions North America, LLC (defendant)

21. Built to Last, LLC (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika

0019
RER-84    3640

*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

Riaboukha)

22. Burnside, Cynthia (counsel for The Billing Resource d/b/a Integretel)

23. CELL-INFO-USA, Inc. (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

24. Chapman, John

25. Chase, David (Receiver for defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, and Willoughby Farr, and for affiliated entities)

26. China Cat Sunflower, LLC(entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

27. Cohen Norris Scherer Weinberger & Wolmer (counsel for Denise McCann))

28. Coleman, Ira (receivership defendant)

29. Coleman, Jill (receivership defendant)

30. Cripple Creek Holdings, LLC(entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir

*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

Kaid, and Erika Riaboukha)

31. Daniel, Laurie Webb (counsel for The Billing Resource d/b/a Integretel)

32. Danning, Gill, Diamond & Kollitz

33. Davis Cedillo & Mendoza Inc (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

34. Davis, Michael (counsel for plaintiff)

35. Dean, Chad A. (counsel for Primus Automotive Financial Services and Ford Motor Co. Credit Co.)

36. Devine Goodman Pallet & Wells, PA (Counsel for Second Churchill Way, LLC)

37. Dinan, Kevin (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

38. Dunkel, Gary M. (Counsel for BHD/WEB, LLC)

39. Enhanced Billing Services, Inc. (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

40. Farr , Mary Lou (defendant)

41. Farr, Willoughby (defendant)

42. Federal Trade Commission (plaintiff/appellee)

C4 of 12

*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

43. Fialco, Lisa (counsel for plaintiff)

44. First Churchill Way, LLC (third-party creditor of certain defendants and/or affiliated entities)

45. Fitzsimmons, Robert V. (counsel for Americredit Financial Services, Inc.)

46. Flaxman, Charles, Trustee of the Flaxman and Lopez Profit Sharing Trust (receivership defendant)

47. Ford Motor Co. Credit Co. (third-party creditor of certain defendants and/or affiliated entities)

48. Freeman, Geraldine (counsel for The Billing Resource d/b/a Integretel)

49. Garcia, Yaret (defendant)

50. Goldfarb, Neal (counsel for The Billing Resource d/b/a Integretel)

51. Gomez, John (receivership defendant)

52. Gomez, Peter (receivership defendant)

53. Gomez, Tonya (receivership defendant)

54. Gordin, Richard H. (counsel for The Billing Resource d/b/a Integretel)

55. Greenberg Traurig (counsel for BHD/WEB, LLC)

56. Grunspan, Alan, Trustee of the Aron Grunspan Revocable Trust (receivership defendant)

57. Guerard, Collot (counsel for plaintiff)

58. Hartog, Ross R. (counsel for First Churchill Way, LLC)

0022
RER-84    3643

*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

59. Hawkins, Scott G. (former counsel for defendants Mary Lou Farr and Willoughby Farr)

60. He's Gone, LLC (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

61. Holland & Knight, LLP (counsel for The Billing Resource d/b/a Integretel)

62. Hume & Johnson

63. Information Services 900, L.L.C. (majority-owned subsidiary of The Billing Resource d/b/a Integretel)

64. Inmate Calling Solutions, L.L.C. (majority-owned subsidiary of The Billing Resource d/b/a Integretel)

65. Jackman, Steve (receivership defendant)

66. Smith, John J.

67. Johnson, Henry

68. Johnson, Mark Douglas (counsel for Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

69. Jones, Foster, Johnston & Stubbs, P.A. (former counsel for Mary Lou Farr and Willoughby Farr)

70. JP Morgan Chase Bank, N.A.

*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

71. Katz, Ori (counsel for The Billing Resource dba Integretel)

72. Kerst, Marilyn (counsel for plaintiff)

73. Kim, Laura (counsel for plaintiff)

74. King & Spalding, LLP (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

75. Kollitz, Howard

76. Kubicki Draper (counsel for Americredit Financial Services, Inc.)

77. Lancellotta, Steven A. (counsel for The Billing Resource d/b/a Integretel)

78. Law Offices of Peter N. Macaluso (counsel for crossclaim defendant/third party defendant Ronny Morillo)

79. Lazy River Road Holdings, LLC (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

80. Levitats, Carole (receivership defendant)

81. Leopold. Theodore

82. Long, Thomas G. (counsel for BMW Financial Services)

83. Macaluso, Peter (counsel for crossclaim defendant/third arty defendant Ronny Morillo)

84. Maccoby, Max (counsel for defendant/appellant The Billing Resource dba

0024
RER-84    3645

*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

Integretel

85. Markowitz, Jerry M. (counsel for First Churchill Way, LLC)

86. Markowitz, Davis, Ringel & Trusty (counsel for First Churchill Way, LLC)

87. Massington, Carole (receivership defendant)

88. Massington, Richard (receivership defendant)

89. McCann, Denise (third-party creditor of certain defendants and/or affiliated entities)

90. McDermott, Will & Emery, LLP (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

91. McDonough, Michael (counsel for crossclaim defendants/third party defendants German Miranda and Jesus Sandoval)

92. McKewen, Richard (counsel for plaintiff)

93. Medoza, Jessy (crossclaim defendant/third party defendant)

94. Mercantile Bank

95. Miranda, German (crossclaim defendant/third party defendant)

96. Mora, Michael (counsel for plaintiff)

97. Morillo, Ronny (crossclaim defendant/third party defendant)

98. Mortgage X, LLC (receivership defendant)

99. Nationwide Connections, Inc. (defendant)

0025

RER-84    3646

*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

100.  Network One Services, Inc. (defendant)

101.  Newman, Scott B. (counsel for The Billing Resource d/b/a Integretel)

102.  Norton Hammersley Lopez & Skakos

103.  Not Fade Away, LLC (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

104.  Oetzell, Walter (counsel for David Chase, receiver)

105.  Payment One Corporation (majority-owned subsidiary of The Billing Resource d/b/a Integretel)

106.  Ponsford, Terence (counsel for The Billing Resource dba Integretel)

107.  Primus Automotive Financial Services (third-party creditor of certain defendants and/or affiliated entities)

108.  Qaid, Kaadir (defendant)

109.  Rehfeld, Jeffrey (counsel for The Billing Resource d/b/a Integretel)

110.  Riaboukha, Erika (defendant)

111.  Rengstl, Patrick (counsel for David Chase, receiver)

112.  Leopold, Ricci

113.  Rodgers, Derick (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

C9 of 12

*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

114.  Royal Bank of Canada (owner of more than 10% of stock in The Billing Resource d/b/a Integretel)

115.  Ryskamp, Hon. Kenneth L. (district-court judge)

116.  Sacks, Steven (counsel for The Billing Resource dba Integretel)

117.  Jesus Sandoval (crossclaim defendant/third party defendant)

118.  Sapurstein & Block PA

119.  Schneider, Jeffrey (counsel for David Chase, receiver)

120.  Schochinski, Robert  (counsel for plaintiff)

121.  Schuyler Stewart Smith The Creditors Rights Law Firm of Florida, P.A. (counsel for Primus Automotive Financial Services and Ford Motor Co. Credit Co.)

122.  Schwartz, Steven

123.  Second Churchill Way, LLC (third-party creditor of certain defendants and/or affiliated entities)

124.  Segal Family Partners Ltd. (receivership defendant)

125.  Schwartz, Joanna  (receivership defendant)

126.  Schwartz, Scott (receivership defendant)

127.  Sheppard Mullin Richter & Hampton (counsel for The Billing Resource d/b/a Integretel)

128.  Siff, Steven E. (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

0027
RER-84        3648

129.    Tapie, Carolyn (counsel for ACI Billing Services, Inc. d/b/a OAN;

Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

130.    Tew Cardenas LLP (counsel for the Receiver)

131.    The Other One, LLC (entity in receivership; affiliated with defendants

Nationwide Connections, Inc., Access One Communications, Inc., Network One

Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika

Riaboukha)

132.    Thomas, John-David (counsel for ACI Billing Services, Inc. d/b/a OAN;

Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

133.    Tighe Patton Armstrong Teasdale PLLC (counsel for The Billing

Resource d/b/a Integretel)

134.    Toll Free Connect, Inc. (entity in receivership; affiliated with defendants

Nationwide Connections, Inc., Access One Communications, Inc., Network One

Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika

Riaboukha)

135.    Turn On Your Love Light, LLC (entity in receivership; affiliated with

defendants Nationwide Connections, Inc., Access One Communications, Inc.,

Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir

Kaid, and Erika Riaboukha)

136.    Vargas, Roberto Mario (former counsel for Mary Lou Farr and

0028

RER-84      3649

*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

Willoughby Farr)

137.  Visiedo-Hidalgo, Michelle T. (former counsel for the Receiver)

138.  Vitunac, Hon. Ann E. (magistrate judge)

139.  Wagman, Laurence (counsel for Federal Trade Commission)

140.  Wanders, Hildegund P. (counsel for BMW Financial Services)

141.  Wedderburn, Jacobs and Alitowski, PA (counsel for receivership defendants Grunspan et al.)

142.  Weissbrodt, Hon. Arthur (bankruptcy court judge)

143.  Weinberger, Robert M. (counsel for Denise McCann)

144.  Wells, Diane Noller (counsel for Second Churchill Way, LLC)

145.  Woodbury & Santiago, P.A. (counsel for receivership defendants Grunspan et al.)

146.  Woodbury, Michael (counsel for receivership defendants Grunspan et al.)

*/s/ Neal Goldfarb*
Neal Goldfarb

## Statement Regarding Oral Argument

Appellant The Billing Resource dba Integretel requests oral argument. Oral argument would be useful for several reasons:

First, the Court has raised the question whether it has jurisdiction over one of the orders that are being appealed. Even after considering the parties' submissions on that issue, the Court has not decided whether it has jurisdiction. Oral argument would provide the Court with an opportunity to obtain answers to the specific questions that concern it.

Second, this case raises important questions about the scope of a district court's equity powers in the context of receivership proceedings ancillary to a governmental enforcement action. We believe that if the decision below were to be affirmed, the result would be to expand the courts' powers far beyond their proper limits and to put this Court in conflict with decisions of the Supreme Court and of other circuits. The appellees, on the other hand, will contend that reversing the decision will unduly limit the court's powers. While we disagree with the appellees on the merits, we think that all parties will agree that the stakes here are unusually important.

Third, because the appellant is in bankruptcy (in the Northern District of California), issues relevant to some of the orders on appeal from are also being litigated in the bankruptcy court. That litigation raises unusual complexities, particularly given that the bankruptcy court has exclusive jurisdiction over property of

the bankruptcy estate. In addition, it is quite possible that relevant decisions will be

handed down by the bankruptcy court (or by the district court on appeal from a

bankruptcy-court order) after briefing in this case has been completed. Oral argument

will provide the Court an opportunity to explore with counsel the relevance and effect

of the bankruptcy litigation

0031

RER-84    3652

## Statement Regarding Oral Argument

Appellant The Billing Resource dba Integretel requests oral argument in this case for several reasons:

First, this case raises important questions about the scope of a district court's equity powers in the context of receivership proceedings ancillary to a governmental enforcement action. We believe that if the decision below were to be affirmed, the result would be to expand the courts' powers far beyond their proper limits and to put this Court in conflict with decisions of the Supreme Court and of other circuits. The appellees, on the other hand, will most likely contend that reversing the decision will unduly limit the district courts' powers. While we disagree with the appellees on the merits, we think that all parties will agree that the stakes here are unusually important.

Second, because the appellant is in bankruptcy (in the Northern District of California), issues relevant to some of the orders on appeal from are also being litigated in the bankruptcy court. That litigation raises unusual complexities, particularly given that the bankruptcy court has exclusive jurisdiction over property of the bankruptcy estate. In addition, it is quite possible that relevant decisions will be handed down by the bankruptcy court (or by the district court on appeal from a bankruptcy-court order) after briefing in this case has been completed. Oral argument will provide the Court an opportunity to explore with counsel the relevance and effect of the bankruptcy litigation.

Finally, the Court has raised the question whether it has jurisdiction over one of the orders that are being appealed. Even after considering the parties' submissions on that issue, the Court has not decided whether it has jurisdiction. Oral argument would provide the Court with an opportunity to obtain answers to the specific questions that concern it.

0033

RER-84    3654

# Contents

Certificate of Interested Parties and Corporate Disclosure Statement ........................ C1

Statement Regarding Oral Argument .................................................................................... i

Table of Authorities ........................................................................................................... vi

Jurisdictional Statement .................................................................................................... xv

Introduction and Statement of Issues ................................................................................. 1

Statement of the Case ......................................................................................................... 4

    A. Nature of the case, course of proceedings, and disposition below ...................... 4

    B. Statement of facts ..................................................................................................... 5

    C. Standard of review .................................................................................................. 19

Summary of Argument ...................................................................................................... 20

Argument    23

I. As applied to Integretel, portions of the TRO and amended
   preliminary injunction—including those the Omnibus Order was
   intended to enforce—are invalid. .............................................................................. 23

    A. The provisions at issue must be evaluated under the standards
      governing the application of injunctions to nonparties because
      they do not purport to bind Integretel in its capacity as a party
      and because the requirements for enjoining a party were not
      satisfied. ................................................................................................................. 24

    B. The TRO and amended preliminary injunction exceeded the
      bounds of Fed. R. Civ. P. 65(d) .......................................................................... 26

0034

RER-84    3655

C. The TRO and amended preliminary injunction cannot be justified as exercises of the district court's in rem jurisdiction over receivership property. ........................................................................28

II. The district court erred in holding that the reserve amounts were due and owing to the Receiver and that Integretel was holding them for the Former Clients' benefit or on their behalf. ................................................30

  A. Whatever rights the Receiver may have are based solely on Integretel's contracts with the receivership entities. ................................31

  B. By resolving the Receiver's claim on the merits, the district court violated Integretel's rights under the contracts' ADR/arbitration and forum-selection provisions and under the Seventh Amendment. ........................................................................34

    1. The district court should have stayed litigation pending completion of the arbitration process. ................................35

    2. If litigation was permitted, the agreed-upon venue was California. ........................................................................38

    3. If litigation was permitted, Integretel was been entitled to trial by jury. ........................................................................38

  C. The reserve amounts were not due and owing and in any event the Former Clients had no property interest that the Receiver could have asserted. ................................................................39

    1. The reserve amounts were not due and owing. ................................40

    2. The Former Clients had no property interest in the reserve amounts. ........................................................................44

0035
RER-84    3656

III. Even if the Omnibus Order were correct, its enforcement would be suspended by the Bankruptcy Code's automatic stay. ................................................. 46

   A. The Omnibus Order is covered by the stay as defined by 11 U.S.C. § 362(a). ............................................................................................................... 46

   B. The "regulatory exception" does not apply. ............................................. 51

   C. Contempt proceedings are stayed. ............................................................. 53

Conclusion ...................................................................................................................... 55

Certificate of Compliance with Fed. R. App. P. 32

Certificate of Service

Addendum

0036

RER-84    3657

## Table of Authorities

*Federal Cases*

*Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.,*
96 F.3d 1390 (Fed. Cir. 1996)........................................................................27

*Allied-Bruce Terminix Cos., Inc. v. Dobson,* 513 U.S. 265 (1995) ........................35

*\*Begier v. IRS,* 496 U.S. 53, 110 S. Ct. 2258 (1990) ..................................50, 51

*\*Bessette v. W.B. Conkey Co.,* 194 U.S. 324, 24 S. Ct. 665 (1904) ......................54

*\*The Billing Resource v. FTC (In re Billing Resource),* 2007 WL 3254835
(Bankr. N.D. Cal. Nov. 2, 2007), *appeal pending,* No. C-07-05758 RMW
(N.D. Cal. filed Nov. 8, 2007)..........................................19, 28, 48, 49

*The Brig Ann,* 13 U.S. 289 (1815).............................................................29

*\*Butner v. United States,* 440 U.S. 48 (1979)...............................................34

*Capitol Life Ins. Co. v. Gallagher,* 839 F. Supp. 767 (D. Colo. 1993)....................36

*Caplin v. Marine Midland Grace Trust Co.,* 406 U.S. 416 (1972) .........................32

*Carey v. McMillan,* 289 F. 380  (8th Cir. 1923) ............................................39

*Carter v. Rodgers,* 220 F.3d 1249 (11th Cir. 2000)........................................34

*CFTC v. Topworth International, Ltd.,* 205 F.3d 1107 (9th Cir. 1999) ....................xvi

*\*Dairy Queen, Inc. v. Wood,* 369 U.S. 469 (1962)......................................38, 39

*\*Grupo Mexicano Desarrollo, S.A. v. Alliance Bond Fund,* 527 U.S. 308 (1999)..........44

*East Tennessee Natural Gas Co. v. Sage,* 361 F.3d 808 (4th Cir. 2004)....................33

*Edelman v. United States Dep't of Labor,* 923 F.2d 782 (10th Cir. 1991) .................52

---

\*Authorities principally relied upon are marked with an asterisk.

0037
RER-84        3658

*Employers Ins. of Wausau v. Bright Metal Specialties, Inc.,*
  251 F.3d 1316 (11th Cir. 2001) ............................................................. 36

*FDIC v. Ernst & Young LLP*, 374 F.3d 579 (7th Cir. 2004) ........................ 36

*\*Fleming v. Lind-Waldock & Co.*, 922 F.2d 20 (1st Cir. 1990) .................... 31

*Four Seasons Hotsls & Resorts, B.V. v. Consorcio Barr, S.A.C.A.,*
  320 F.3d 1205 (11th Cir. 2003) ............................................................. 25

*FTC v. Productive Marketing, Inc.*, 136 F. Supp. 2d 1096 (C.D. Cal. 2001) ........... 27, 30

*G & C Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29 (1st Cir. 1980) ........... 27

*Gilchrist v. General Electric Capital Corp.*, 262 F.3d 295 (4th Cir. 2001) ........... 49

*\*Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 31 S. Ct. 492 (1911) ........... 54

*\*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782 (1989) ........... 39

*Gross v. Regnor Fin. Co.*, 96 F.2d 37 (5th Cir. 1938) ................................ 36

*Hart v. Wiltsee*, 19 F.2d 903 (1st Cir. 1927) ....................................... 39

*\*Hedges v. Dixon*, 150 U.S. 182 (1893) ............................................. 33

*\*Hodgson v. Gilmartin*, 2006 WL 2707397 (E.D. Penn. 2006) ......................... 38

*In re Advanced Telecommunication Network, Inc.,*
  490 F.3d 1325 (11th Cir 2007) ............................................................. 19

*In re Advent Corp.*, 104 F.3d 293 (9th Cir. 1997) .................................. 51

*In re Allison*, 182 B.R. 881 (N.D. Ala. 1995) ..................................... 53

*In re Atkins*, 176 B.R. 998 (D. Minn. 1994) ....................................... 53

*In re Atlantic Business and Community Corp.*, 901 F.2d 325 (3d Cir. 1990) ........... 47

*In re The Billing Resource*, No. 07-52890 (Bankr. N.D. Cal. 2007) ................. 16

-vii-

*In re Birchall*, 2007 WL 1992089 (Bankr. D. Mass. 2007) ........................................53

*In re Bullion Reserve of North America*, 836 F.2d 1214 (9th Cir. 1988) ........................50

*In re Cherry*, 78 B.R. 65 (E.D. Penn. 1987) ........................................53

*In re Daniels*, 316 B.R. 342 (Bankr. D. Idaho 2004) ........................................53

*In re Dill*, 300 B.R. 658 (Bankr. E.D. Va. 2003) ........................................53

*In re Electric Machinery Enterprises, Inc.*, 479 F.3d 791 (11th Cir. 2007) ........................36

*In re Financial Federated Title & Trust, Inc.*, 347 F.3d 880 (11th Cir. 2003)........................51

*In re Goodman*, 277 B.R. 839 (Bankr. M.D. Ga. 2001) ........................................53, 55

*\*In re Graphics Technology*, 306 B.R. 630 (9th Cir. B.A.P. 2004) ........................50, 51

*In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000) (en banc) ........................................19

*In re Haas*, 2004 WL 3132027 (Bankr. E.D. Va. 2004) ........................................53

*\*In re Johnson*, 960 F.2d 396 (4th Cir. 1992) ........................................49

*In re Kansas City Journal-Post Co.*, 144 F.2d 812 (8th Cir. 1944)........................................29

*\*In re Kennedy & Cohen, Inc.*, 612 F.2d 963 (5th Cir. 1980) ........................................51

*In re Maloney*, 204 B.R. 671 (E.D.N.Y. 1996) ........................................53

*In re Mercurio*, 402 F.3d 62 (1st Cir. 2005) ........................................38

*In re Myers*, 491 F.3d 120 (3d Cir. 2007)........................................53

*In re Rare, LLC*, 298 B.R. 762 (Bankr. D. Colo. 2003) ........................................49

*In re Reading Co.*, 711 F.2d 509 (3d Cir. 1983) ........................................29

*In re Southeast Banking Corp.*, 156 F.3d 1114 (11th Cir. 1998)........................................34

*In re Southmark Corp.*, 49 F.3d 1111 (5th Cir. 1995) ........................................33

*In re True*, 285 B.R. 405 (Bankr. W.D. Mo. 2002)........................................49

0039

RER-84    3660

*In re Turbowind, Inc.*, 42 B.R. 579 (Bankr. S.D. Cal. 1984) .................................................. 47

*In re U.S. Brass Corp.*, 110 F.3d 1261 (7th Cir. 1997) ......................................................... 49

*In re Universal Life Church, Inc.*, 128 F.3d 1294 (9th Cir. 1997) ......................................... 52

*In re White*, 851 F.2d 170 (6th Cir. 1988) ............................................................................. 49

*In re Wiley*, 315 B.R. 682 (E.D. La. 2004) ............................................................................ 53

*ITT Community Dev. Corp. v. Barton*, 569 F.2d 1351 (5th Cir. 1978) .................................. 23

\*Jarrett v. Kassel*, 972 F.2d 1415) (6th Cir. 1992) ............................................................ 31, 32

\*Javitch v. First Union Securities, Inc.*, 315 F.3d 619 (6th Cir. 2003) ................................ 31, 36

*Johnson v. First National Bank*, 719 F.2d 270 (8th Cir. 1983) ............................................. 33

*Jones v. Louisiana State Bar Ass'n*, 602 F.2d 94 (5th Cir. 1979) ......................................... 54

\*Kelley v. Gill*, 245 U.S. 116 (1917) ....................................................................................... 39

\*Liberte Capital Group, LLC v. Capwill*, 2007 WL 2733335
      (6th Cir. Sept. 20, 2007) ............................................................................................... 32

*Liggio v. FDIC*, 847 F.2d 1499 (11th Cir. 1988) .................................................................... 36

*L'Invincible*, 14 U.S. 238 (1816) ........................................................................................... 29

*Martin v. Guillot*, 875 F.2d 839 (11th Cir. 1989) .................................................................. 24

*Marwil v. Farah*, 2003 WL 2309565 (S.D. Ind. 2003) .......................................................... 32

*Menke v. Willcox*, 275 F. 57 (D.D.N.Y. 1921) ....................................................................... 36

*National Partnership Inv. Corp. v. National Housing Development Corp.*,
      153 F.3d 1289 (11th Cir. 1991) .................................................................................... 33

*NRLB v. Sawulski*, 158 B.R. 971 (E.D. Mich. 1993) ............................................................. 54

0040
RER-84    3661

*Office & Professional Employees Intern. Union, Local 2 v. FDIC,*
  962 F.2d 63 (D.C. Cir. 1992) ........................................................................34

*O'Melveny & Myers v. FDIC,* 512 U.S. 79, 114 S. Ct. 2048 (1994) ....................36

*\*Penn General Casualty Co. v. Commonwealth of Pennsylvania ex rel. Schnader,*
  294 U.S. 189 (1935) ......................................................................................29

*\*Penn Terra Ltd. v. Department of Environmental Resources,*
  733 F.2d 267 (3d Cir. 1984) ...................................................................52, 53

*\*Pusey & Jones Co. v. Hanssen,* 261 U.S. 491, 43 S. Ct. 454 (1923) ..................33

*R.M.S. Titanic, Inc. v. Haver,* 171 F.3d 943 (4th Cir. 1999) ..............................29

*Regal Knitwear Co. v. NLRB,* 324 U.S. 9 (1945) .........................................26, 27

*Robinson v. Mutual Reserve Life Ins. Co.,* 175 F. 629 (S.D.N.Y. 1909) ..............39

*Ross v. Bernhard,* 396 U.S. 531 (1970) .............................................................39

*Schoenthal v. Irving Trust Co.,* 287 U.S. 92 (1932) ...........................................39

*Scholes v. Schroeder,* 744 F. Supp. 1419 (N.D. Ill. 1990) ..................................32

*Scholes v. Tomlinson,* 1991 WL 152062 (N.D. Ill. 1991) ....................................32

*\*SEC v. Brennan,* 230 F.3d 65 (2d Cir. 2000) ..................................................52

*Serio v. Black, Davis & Shue Agency, Inc.,* 2006 WL 17698 (S.D.N.Y. 2006) ......53

*\*Serra Chevrolet, Inc. v. General Motors Corp.,* 446 F.3d 1137 (11th Cir. 2006) ......53

*Shearson/American Exp., Inc. v. McMahon,* 482 U.S. 220 (1987) ......................35

*Skelton v. General Motors Corp.,* 860 F.2d 250 (7th Cir. 1988) .........................36

*Skinner v. White,* 505 F.2d 685 (5th Cir. 1974) ...............................................54

*\*Taubel-Scott-Kitzmiller Co. v. Fox,* 264 U.S. 426 (1924) ................................29

-x-

*Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.,
127 S. Ct. 1199 (2007) ..................................................................... 34

United States v. Goodman, 182 F.3d 987 (D.C. Cir. 1999) .......................... 32

United States v. "A" Mfg. Co., 541 F.2d 504, 505-06 (5th Cir. 1976) ............... xvii

*United States v. Nordic Village, Inc., 503 U.S. 30, 112 S. Ct. 1011 (1992) ......... 28

United States v. United Mine Workers, 330 U.S. 258 (1947) ...................... 23, 24

Universal Well Services, Inc. v. Avoca Nat. Gas Storage,
222 B.R. 26 (W.D.N.Y. 1998) ............................................................ 49

Walling v. Crane, 158 F.2d 80 (5th Cir. 1946) ...................................... 54

Wheaton v. Daily Telegraph Co., 124 F. 61 (2d Cir. 1903) .......................... 29

Whelan v. Enterprise Transp. Co., 164 F. 95 (D. Mass. 1908) ...................... 39

*White v. Ewing, 159 U.S. 36 (1895) .................................................. 31

Young v. New Process Steel, LP, 419 F.3d 1201 (11th Cir. 2005) .................. 19

### State Cases

*381651 Alberta, Ltd. v. 279298 Alberta, Ltd., 675 So. 2d 1385 (Fla. App. 1996) .......... 44

America Online, Inc. v. Booker, 781 So. 2d 423 (Fla App. 2001) .................... 38

*Delaney Producing & Refining Co. v. Crystal Petroleum Prods. Corp.,
264 P. 521 (Cal. 1928) .................................................................. 44

Fassberg Const. Co. v. Housing Authority, 60 Cal. Rptr. 3d 375 (Ct. App. 2007) .......... 43

Lu v. Dryclean-U.S.A. of California, Inc., 14 Cal. Rptr. 2d 906\ (Ct. App. 1992) .......... 38

0042
RER-84      3663

*Statutes and Rules*

9 U.S.C.:

  § 2................................................................................................................35

\*  § 3.................................................................................................................37

  § 16(a)(1)(A).................................................................................................xv

11 U.S.C.:

  § 105.............................................................................................................18

\*  § 362.......................................................................................................17, 19

\*  § 362(a).........................................................................................................46

\*  § 362(a)(1).....................................................................................................46

\*  § 362(a)(2)................................................................................................46, 47

\*  § 362(a)(3)................................................................................................46, 47

  § 362(b)(4)...............................................................................................51, 52

15 U.S.C.:

  § 45(a)..........................................................................................................xv

  §53(b)...........................................................................................................xv

28 U.S.C.:

  § 1291....................................................................................................xv, xvi

  § 1291(a)......................................................................................................xv

  § 1292(a)......................................................................................................xv,

  § 1292(a)(1).........................................................................................xv, xvi, xvii

  § 1292(a)(2)...........................................................................................xv, xvii

0043

RER-84          3664

§ 1331 ................................................................................................ xv

\* § 1334(e) ..................................................................................... 19, 49

§ 1337(a) .......................................................................................... xv

§ 1345 ................................................................................................ xv

Fed. R. App. P. 4(a)(1)(B) ............................................................... xv

Federal Rules of Civil Procedure:

\* Rule 65(a)(1) ................................................................................. 25

\* Rule 65(d) ................................................................................ 20, 26

### Dictionaries

*Black's Law Dictionary* (7th ed. 1999) ............................................ 28

*Webster's Third New International Dictionary* (1986) ..................... 40

### Miscellaneous

Amended preliminary injunction (DE 78), *The Billing Resource v. FTC*
(*In re the Billing Resource*), Adv. Pro. No. 07-5156 (Bankr. N.D. Cal.
Nov. 28, 2007), *appeal pending*, No. C-07-05758 RMW
(N.D. Cal. filed Nov. 30, 2007) ...................................................... 18

Remarks from the bench, *The Billing Resource v. Federal Trade Commission*
(*In re the Billing Resource*), Adv. Pro. No. 07-5156 (Bankr. N.D. Cal.
Nov. 21, 2007), *appeal pending*, No. C-07-05758 RMW (N.D. Cal.
filed Nov. 30, 2007) ......................................................................... 19

0044

RER-84    3665

Tr. of telephonic hearing at 16-24 (DE 60), *The Billing Resource v. Federal Trade Commission (In re the Billing Resource)*, Adv. Pro. No. 07-5156 (Bankr. N.D. Cal. Nov. 5, 2007), *appeal pending*, No. C-07-05758 RMW (N.D. Cal. filed Nov. 30, 2007) ...................................................................................................................18

Receiver's Second Supp. Opp. to Mtn. for Use of Cash Collateral, *In re The Billing Resource*, No. 07-52890 (Bankr. N.D. Cal. filed Oct. 10, 2007) (DE 128) ...........................................................................................................................xvii

FTC's Supp. Opp. to Emergency Mtn. for Use of Cash Collateral, *In re The Billing Resource*, No. 07-52890 (Bankr. N.D. Cal. filed Oct. 10, 2007) (DE 129) ...........................................................................................................................xvii

0045
RER-84
3666

## Statement of Jurisdiction

The district court had jurisdiction over the FTC's enforcement claims under 15 U.S.C. §§ 45(a) & 53(b) and 28 U.S.C. §§ 1331, 1337(a) & 1345. The court had ancillary or supplemental jurisdiction over the receiver's claim.

In appeal no. 06-16635-EE, the order being appealed from was entered on September 25, 2006. The notice of appeal was timely filed on November 22, 2006. Under Fed. R. App. P. 4(a)(1)(B), the period for noticing an appeal in this case is 60 days because the plaintiff is an agency of the United States government. This Court has jurisdiction over the appeal under 28 U.S.C. § 1291(a). The order being appealed from is an interlocutory injunction.

In appeal no. 07-14531-EE, the orders appealed from were entered on September 14, 2007 and September 21, 2007. The notice of appeal was timely filed on September 26, 2007. This Court has jurisdiction over the order being appealed from as follows:

*September 21, 2007 order vacating bankruptcy stay*—Appealable under 28 U.S.C. § 1291 as a final order, or in the alternative under § 1292(a) as an interlocutory injunction.

*September 14, 2007 order requiring payment to Receiver*—Appealable under 28 U.S.C. § 1291 as a final order under 28 U.S.C. § 1292(a)(2) as an order taking steps to accomplish the purposes of the receivership. In the alternative, appealable under § 1292(a) as an interlocutory injunction or under pendent

0046

RER-84    3667

appellant jurisdiction based on the order's being inextricably intertwined with the appeal from the denial of the motion to modify the injunctions and the denial of the motion for a stay pending arbitration.

*September 14, 2007 order to shows cause*—Appealable under pendent jurisdiction based on based on the order's being inextricably intertwined with the appeal from the denial of the motion to modify the injunctions.

*September 14, 2007 order denying motion to modify injunctions*—Appealable under § 1292(a)(1) as an order denying a motion to modify an interlocutory injunction.

*September 14, 2007 order denying motion for a stay pending arbitration*—Appealable under § 16(a)(1)(A) of the Federal Arbitration Act, 9 U.S.C. § 16(a)(1)(A).

By order dated November 5, 2007, the Court determined that it had jurisdiction over the appeal from each of these orders, except that it deferred decision as to whether it has jurisdiction over the September 14, 2007 order requiring payment to the Receiver.

We argued in our response to the jurisdictional questions that the September 14 payment order is appealable as a final judgment under 28 U.S.C. § 1291.[1] The order is

---

1.   *See CFTC v. Topworth International, Ltd.*, 205 F.3d 1107, 1111-12 (9th Cir. 1999).

0047
RER-84    3668

also appealable under 28 U.S.C. § 1292(a)(2) as an order taking steps to accomplish the purposes of the receivership.[2]

Further, if the order is held not to be a final judgment, it is appealable under 28 U.S.C. 1292(a)(1) as an interlocutory injunction. Although orders to pay money are not usually appealable as injunctions, the district court explicitly relied on its equitable powers in issuing the order and rejected the argument that the receiver's claim arose at law.[3] And about the only thing the parties agree on is that the district court intended the order to be enforceable by contempt.[4] In addition, the court justified its use of summary procedures to decide the Receiver's claim by stating that such procedures were typical "in the federal court equity receivership context."[5]

We explained in our jurisdictional submission that if the Court concludes that it lacks statutory jurisdiction over the appeal from the payment order, it has pendent jurisdiction over it. We pointed out several ways in which that appeal is inextricably intertwined with the appeal of other orders over which the Court has statutory jurisdiction. There are also two additional connections.

---

2.    *United States v. "A" Mfg. Co.*, 541 F.2d 504, 505-06 (5th Cir. 1976).

3.    R610 at 4, 5.

4.    *See* Receiver's Second Supp. Opp. to Mtn. for Use of Cash Collateral at 5, *In re The Billing Resource*, No. 07-52890 (Bankr. N.D. Cal. filed Oct. 10, 2007) (DE 128); FTC's Supp. Opp. to Emergency Mtn. for Use of Cash Collateral at 8-9, *In re The Billing Resource, supra* (filed Oct. 10, 2007) (DE 129).

5.    R610 at 5.

0048

RER-84    3669

First, the Court will be unable to grant complete relief on the appeal from the denial of Integretel's motion for a stay pending arbitration unless the September 14 payment order is reversed as well. Second, the appeal from the payment order is inextricably intertwined with the appeal from the Clarification Order. The latter order incorporates and is in part expressly based on the payment order's conclusion that the reserve amounts are receivership assets. Second, our argument that the regulatory exception to the automatic stay does not apply is based to a large extent on the argument that the Receiver stands in the shoes of the receivership entities, which is central to our appeal from the payment order.