retel and against property of the estate of a pre-bankruptcy judgment (§ 362(a)(2)), and an act to obtain possession of property of Integretel's estate and property from Integretel's estate (§ 362(a)(3)).

In concluding that the automatic stay does not apply, the district court said that the stay applies "only to protect property of the bankruptcy estate or property of the debtor" and that the court "has already held that the reserve funds are neither the property of the 'bankruptcy estate' nor Integretel."[146] This conclusion was mistaken for several reasons.

First, the stay's protections are not limited to property of the estate or of the debtor. The provisions we rely on apply even in situations not involving such property. Subsection (a)(1) applies to the continuation of judicial actions or proceedings against the debtor; it does not even use the terms "property of the estate" or "property of the debtor." Subsection (a)(2) applies to judgment-enforcement not only against the bankruptcy estate, but also against the debtor. And subsection (a)(3) extends the stay not only to acts to obtain possession of "property of the estate" but also to acts to obtain possession "of property *from* the estate[.]" This means that the stay protects property that is merely in the debtor's possession, regardless of who owns it.[147] The district court disregarded the plain language of these provisions.

---

146. R619 at 4.

147. *E.g., In re Atlantic Business and Community Corp.*, 901 F.2d 325, 328 (3d Cir. 1990); *In re Turbowind, Inc.*, 42 B.R. 579, 585 (Bankr. S.D. Cal. 1984).

0096
RER-84    3717

Second, the district court erred in declaring that the funds claimed by the Receiver were not property of the estate or of the debtor. The court was of course mistaken in its underlying finding that the Receiver had a property interest, but even if that had not been the case, its conclusion could not be sustained.

Contrary to what the court said, it had *not* "already held that the reserve funds are neither the property of the 'bankruptcy estate' nor Integretel."[148] The Omnibus Order had said nothing about Integretel's bankruptcy estate, and could not possibly have done so, having been issued before Integretel went into bankruptcy. And of course the Omnibus Order did not address the bankruptcy-law issues involved in deciding whether a particular asset is property of the bankruptcy estate.

Furthermore, all the Omnibus Order held as a matter of nonbankruptcy law was that the Receiver had some sort of undefined interest in an abstraction that the district court referred to as "the reserve funds" but that was not embodied in any specific *res* in the real world. That is a far cry from a holding that Integretel no longer had any interest in some defined portion of its property. Thus, the situation immediately before the bankruptcy was, as the bankruptcy court held, that Integretel retained ownership of all of its funds, albeit subject to whatever interest the Receiver may have been granted.[149]

---

148. R619 at 4.

149. *See The Billing Resource v. FTC (In re The Billing Resource)*, 2007 WL 3254835 at *24.

0097

RER-84     3718

That should be the end of the matter because the Clarification Order merely stated a conclusion that the district court mistakenly believed the Omnibus Order had previously reached; it did not purport to decide the property-of-the-estate issue de novo. But even if the Clarification Order is regarded as having itself decided that issue, it was still erroneous. Determining what assets are or are not part of a bankruptcy estate is exclusively within the province of the bankruptcy court.[150] Under 28 U.S.C. § 1334(e), exclusive jurisdiction over property of the debtor and of the estate is vested in the district where the bankruptcy is pending. That jurisdiction supersedes the assertion by any other court of *in rem* jurisdiction over property in the debtor's possession.[151]

This case vividly demonstrates why the exclusivity of the bankruptcy court's jurisdiction is so important. A district-court judge on the opposite side of the country ruled on a vital bankruptcy issue without considering the governing bankruptcy law, without considering the interests of pre-existing secured creditors, without taking account of the interests bankruptcy is supposed to serve, and without even giving the

---

150. *E.g., In re Johnson*, 960 F.2d 396, 402 (4th Cir. 1992); *The Billing Resource v. FTC (In re The Billing Resource)*, 2007 WL 3254835 at *20, *24; *Universal Well Services, Inc. v. Avoca Nat. Gas Storage*, 222 B.R. 26, 30 (W.D.N.Y. 1998); *In re Rare, LLC*, 298 B.R. 762, 764 (Bankr. D. Colo. 2003); *In re True*, 285 B.R. 405, 412 (Bankr. W.D. Mo. 2002).

151. *Gilchrist v. General Electric Capital Corp.*, 262 F.3d 295, 303-04 (4th Cir. 2001); *In re U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997); *In re White*, 851 F.2d 170, 172-73 (6th Cir. 1988).

0098
RER-84    3719

debtor an opportunity to be heard. As a result, Integretel has been burdened with costly litigation in the bankruptcy court that would have been avoided if the district court had stayed within the limits of its authority and left property-of-the-estate determinations to the bankruptcy court.

Because the district court had no authority to decide what is or is not part of Integretel's bankruptcy estate, its ruling on that issue should be vacated. Given the bankruptcy court's exclusive jurisdiction, this Court need not and should not go further and address the merits of the property-of-the-estate issue. But if the Court nevertheless reaches that issue, it should hold that the district court was mistaken.

Anyone who claims ownership of property held by a debtor in bankrtuptcy must show that it has an interest in "particular dollars" in the debtor's possession or control.[152] "To reclaim money or property from a bankruptcy estate on the basis that the property belongs to the reclaiming party and not the debtor, the reclaiming party must be able to definitively trace its property."[153] Commingled funds in an account under the debtor's unrestricted control are presumed to be property of the estate,[154] and to overcome that presumption the Receiver had the burden of "specifically and directly" tracing money in Integretel's bank accounts back to funds received by

---

152. *Begier v. IRS*, 496 U.S. 53, 62, 110 S. Ct. 2258, 2264 (1990).

153. *In re Graphics Technology*, 306 B.R. 630, 635 (9th Cir. B.A.P. 2004).

154. *In re Bullion Reserve of North America*, 836 F.2d 1214, 1217 (9th Cir. 1988).

0099

RER-84    3720

Integretel on account of the Former Clients' transactions.[155] If the property in which he asserts an interest cannot be "positively identified," he "is relegated to the status of a general unsecured creditor, regardless of the equities."[156]

The district court failed to conduct the tracing analysis required under the Bankruptcy Code. Indeed, there was no evidence on which a tracing analysis could have been based. Since the burden of proof was on the Receiver,[157] the district court's decision regarding property of the bankruptcy estate cannot be sustained.

## B. The "regulatory exception" does not apply.

In addition to its mistaken property-of-the-estate analysis, the district court relied on the "regulatory exception" to the automatic stay, under which the relevant provisions of § 362(a) do not apply to proceedings "by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment[.]"[158] This holding, too, was incorrect.

---

155. *In re Advent Corp.*, 104 F.3d 293, 296 (9th Cir. 1997); *see, e.g., Begier*, 496 U.S. at 62, 110 S. Ct. at 2264–65; *In re Financial Federated Title & Trust, Inc.*, 347 F.3d 880, 891 (11th Cir. 2003); *In re Kennedy & Cohen, Inc.*, 612 F.2d 963, 965-66 (5th Cir. 1980).

156. *Graphics Technology*, 306 B.R. at 635.

157. *E.g., Financial Federated Title & Trust, Inc.*, 347 F.3d at 891; *In re Advent Corp.*, 104 F.3d at 296.

158. 11 U.S.C. § 362(b)(4).

0100
RER-84    3721

The regulatory exception applies only if the Receiver's claim against Integretel was asserted in order to carry out public policy rather than adjudicate private rights, or if it was asserted for regulatory as opposed to pecuniary purposes.[159] Neither of those tests is satisfied. As discussed above, the Receiver stands in the shoes of the Former Clients and he asserts what are, in substance, claims for money allegedly owed under the Former Clients' contracts—quintessential private rights. And the purpose of his claims is merely to recover the money that he claims is owed, not to enforce any sort of public policy against Integretel.

Even if the regulatory exception otherwise applied, it does not extend to the enforcement of the order requiring Integretel to pay the amount of the reserves to the Receiver.[160] As stated above, the exception allows the enforcement of a regulatory judgment "other than a money judgment[.]"[161] Although the Omnibus Order takes the form of an injunction rather than a judgment at law,[162] the form of the order is not controlling.[163] For purposes of § 362(b)(4), an order constitutes a "money judgment" if (1) it is intended to remedy a past alleged harm rather than to prevent

---

159. *E.g.*, *In re Universal Life Church, Inc.*, 128 F.3d 1294, 1297 (9th Cir. 1997); *Edelman v. United States Dep't of Labor*, 923 F.2d 782, 791 (10th Cir. 1991).

160. *SEC v. Brennan*, 230 F.3d 65, 71-72 (2d Cir. 2000).

161. 11 U.S.C. § 362(b)(4).

162. See Statement of Jurisdiction, above.

163. *Penn Terra Ltd. v. Department of Environmental Resources*, 733 F.2d 267, 275-76 (3d Cir. 1984).

0101
RER-84    3722

harm in the future and (2) it can be satisfied by the payment of a sum certain.[164] The Omnibus Order qualifies on both counts.

## C. *Contempt proceedings are stayed.*

The district court erred in ruling that civil contempt proceedings against Integretel were not subject to the stay. The Bankruptcy Code does not exclude such proceedings from the scope of the stay, and several courts have held categorically that civil contempt proceedings are stayed.[165] Other courts have held that the stay applies to contempt proceedings whose primary purpose is to enforce the opposing party's entitlement to a remedy rather than to punish the contemnor.[166] That is much the same as saying that the stay applies to all civil contempt proceedings, because the hallmark of civil contempt is that it is remedial rather than punitive.[167]

---

164. *Penn Terra Ltd.*, 733 F.2d at 276-77, 278.

165. *In re Wiley*, 315 B.R. 682, 687 (E.D. La. 2004); *In re Maloney*, 204 B.R. 671, 674 (E.D.N.Y. 1996); *In re Allison*, 182 B.R. 881, 886 (N.D. Ala. 1995); *In re Atkins*, 176 B.R. 998, 1005-06 (D. Minn. 1994); *In re Cherry*, 78 B.R. 65, 70 (E.D. Penn. 1987), *cited with approval in In re Myers*, 491 F.3d 120, 128 (3d Cir. 2007); *In re Birchall*, 2007 WL 1992089 at *6, *8-9 (Bankr. D. Mass. 2007).

166. *Serio v. Black, Davis & Shue Agency, Inc.*, 2006 WL 176983 at *1-2 (S.D.N.Y. 2006); *In re Haas*, 2004 WL 3132027 at *3-4 (Bankr. E.D. Va. 2004); *In re Daniels*, 316 B.R. 342, 348-49 (Bankr. D. Idaho 2004); *In re Dill*, 300 B.R. 658, 667-68 (Bankr. E.D. Va. 2003); *In re Goodman*, 277 B.R. 839, 842 (Bankr. M.D. Ga. 2001).

167. *E.g.*, *Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006).

0102
RER-84          3723

To be sure, some cases hold that civil contempt proceedings are not stayed if their purpose is to uphold the dignity of the court.[168] But it is a contradiction in terms to describe civil contempt as serving such a purpose. Upholding the court's dignity is the function of *criminal* contempt, not civil.[169]

Assuming there nevertheless are cases where civil contempt need not be regarded as purely remedial, this is not one of them. When the Supreme Court distinguished remedial contempt orders from those that "vindicate the law's authority," it gave as an example of remedial contempt a situation on all fours with this case: a contempt order directed at someone who "refused . . . to surrender property ordered to be turned over to a receiver[.]"[170] As to such orders, "[u]nless there [are] special elements of contumacy, the refusal to pay or to comply with the order is treated as being rather in resistance to the opposite party than in contempt of court."[171]

Even apart from that, there is no basis for saying that the contempt proceedings here are intended to uphold the district court's dignity. Integretel did not thumb

---

168. *NRLB v. Sawulski*, 158 B.R. 971, 975 (E.D. Mich. 1993).

169. *Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 328, 24 S. Ct. 665, 666 (1904); *Jones v. Louisiana State Bar Ass'n*, 602 F.2d 94, 97 (5th Cir. 1979); *Skinner v. White*, 505 F.2d 685, 689 (5th Cir. 1974); *Walling v. Crane*, 158 F.2d 80, 83 (5th Cir. 1946).

170. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442, 31 S. Ct. 492, 498 (1911).

171. *Id.*

0103
RER-84    3724

its nose at the court or act in bad faith. It had reasonable grounds for believing that it was not violating the district court's orders and it showed the court no disrespect. Moreover, because there has not yet been any finding of contempt, it would be premature to characterize the contempt proceedings here as anything but remedial. Although the Clarification Order makes a conclusory reference to the dignity of the court,[172] that is not determinative.[173] Indeed, it is entitled to no weight because the Order was entered without allowing Integretel an opportunity to be heard.

## Conclusion

For the foregoing reasons, the Court hold the challenged portions of the Injunctions invalid and should vacate or reverse the Omnibus Order (insofar as it applies to Integretel) and the Clarification Order. The Court should remand with instructions to deny the Receiver's show-cause motion and to grant Integretel's motion to modify the district court's prior injunctive orders and Integretel's motion for a stay pending arbitration. The district court should be instructed to modify the prior injunctive orders in order to cure their invalidity.

---

172. R619 at 4.

173. *E.g., Goodman,* 277 B.R. at 842.

0104

RER-84    3725

Respectfully submitted,

Laurie Webb Daniel (GA Bar # 204225)
Cynthia G. Burnside (GA Bar # 097107)
Holland & Knight LLP
1201 West Peachtree Street, NE
One Atlantic Center, Suite 2000
Atlanta GA 30309
(404) 817-8500

December 3, 2007

/s/ Neal Goldfarb
Neal Goldfarb (DC Bar # 337881)
Richard H. Gordin (DC Bar # 727925)
Tighe Patton Armstrong Teasdale PLLC
1747 Pennsylvania Ave., NW, Suite 300
Washington, D.C. 20006
(202) 454-2800

*Attorneys for Appellant/Movant*
*The Billing Resource dba Integretel*

-56-

0105
RER-84    3726

## Certificate of Compliance
### with Fed. R. App. P. 32

I HEREBY CERTIFY that the foregoing brief complies with the requirements of Fed. R. App. P. 32 regarding type style, type size, and word-volume limitations. The brief contains 13425 words (as computed by the word-count function of Word 2002), excluding those portions that may be excluded under 11th Cir. R. 32-4. The typeface is 14-point Garamond.

*/s/ Neal Goldfarb*
Neal Goldfarb

## Certificate of Service

I HEREBY CERTIFY that on this 3rd day of December, 2007, the original and six copies of the foregoing brief were sent to the Clerk by first-class mail, postage prepaid that two copies of the brief were served on the following by first-class mail, postage prepaid:[174]

> John Andrew Singer, Esq.
> Marilyn Kerst, Esq.
> Lawrence Wagman, Esq.
> John F. Daly, Esq.
> Federal Trade Commission
> 600 Pennsylvania Ave., N.W., Room 582
> Washington, D.C. 20580
>
> Laura M. Kim, Esq.
> Collot Guerard, Esq.
> Richard McKewen, Esq.
> Robert Schoshinksi, Esq.
> Federal Trade Commission
> 600 Pennsylvania Ave., N.W., Room 286
> Washington, DC 20580
>
> Jeffrey C. Schneider, Esq.
> Patrick Rengstl, Esq.
> Tew Cardenas LLP
> Four Seasons Tower—15th Floor
> 1441 Brickell Avenue
> Miami, FL 33131

---

174. Service is not being made on (a) counsel who have consented in writing to being removed from the service list, (b) counsel for the BSG defendants other than lead counsel, with the written consent of the BSG defendants' lead counsel, (c) defendant Mary Lou Farr, against whom a consent judgment has been entered and who is therefore no longer actively involved in the litigation, and (d) third-party Jesse Mendoza, who is in default for failure to appear in the district court.

-2-

Andrew G. Berg, Esq.
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-4704

Mark Douglas Johnson, Esq.
Mark D. Johnson, P.A.
10 Central Parkway, Suite 210
Stuart, Florida 34994

Michael David McDonough, Esq.
12794 Forest Hill Blvd., Suite 19D
Wellington, FL 33414

Willoughby Farr, Inmate No. 653974
Avon Park Correctional Institution
PO Box 1100
County Road 64 East
Avon Park, FL 33926-1100

John W. Chapman, Jr., Esq.
Norton Hammersley Lopez & Skokos
1819 Main Street, Suite 610
Sarasota, FL 34236

Thomas G. Long, Esq.
Hildegund P. Wanders, Esq.
Barnett Bolt Kirkwood & Long
601 Bayshore Boulevard, Suite 700
Tampa, FL 33606

Theodore J. Leopold, Esq.
Ricci Leopold
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410


/s/ Neal Goldfarb
Neal Goldfarb

# Addendum

United States Constitution:
    Fifth Amendment (due-process clause) ......................................................... A1
    Seventh Amendment........................................................................................ A1

Federal Arbitration Act:
    9 U.S.C. § 1................................................................................................... A2
    9 U.S.C. § 2................................................................................................... A2
    9 U.S.C. § 3................................................................................................... A2

11 U.S.C. § 362(a)(1)-(3), -(b)(4) ...................................................................... A3

28 U.S.C. § 1334(e)............................................................................................. A5

Federal Rules of Civil Procedure
    Rule 65(a)(1), (d) ........................................................................................ A6

Excerpt from transcript of telephonic hearing,
*The Billing Resource v. FTC* (*In re the Billing Resource*), Adv. Pro. No. 07-5156
(Bankr. N.D. Cal. Nov. 5 2007)........................................................................... A7

Preliminary injunction, *The Billing Resource v. FTC* (*In re the Billing Resource*),
Adv. Pro. No. 07-5156 (Bankr. N.D. Cal. Nov. 5 2007) ............................... A17

# United States Constitution

## Fifth Amendment

No person shall . . . be deprived of life, liberty, or property, without due process of law . . . .

## Seventh Amendment

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

0110

RER-84    3731

United States Code
Title 9. Arbitration
Chapter 1. General Provisions

## § 1. "Maritime transactions" and "commerce" defined; exceptions to operation of title

"Maritime transactions", as herein defined, means charter parties, bills of lading of water carriers, agreements relating to wharfage, supplies furnished vessels or repairs to vessels, collisions, or any other matters in foreign commerce which, if the subject of controversy, would be embraced within admiralty jurisdiction; "commerce", as herein defined, means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation, but nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce.

## § 2. Validity, irrevocability, and enforcement of agreements to arbitrate

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

## § 3. Stay of proceedings where issue therein referable to arbitration

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

-A2-

0111
3732

United States Code
Title 11. Bankruptcy
Chapter 3. Case Administration
Subchapter IV. Administrative Powers

§ 362.    Automatic stay

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

. . .

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—

. . .

(4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit or any organization exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on Their Destruction, opened for signature on January 13, 1993, to enforce such governmental

-A3-

unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power;

...

0113
RER-84    3734

United States Code
### Title 28. Judiciary and Judicial Procedure
### Part IV. Jurisdiction and Venue
### Chapter 85. District Courts; Jurisdiction

## § 1334.    Bankruptcy cases and proceedings

. . .

(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—

> (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and

> (2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.

-A5-

United States Code
Federal Rules of Civil Procedure for the United States District Courts
VIII. Provisional and Final Remedies

## Rule 65.  Injunctions

**(a) Preliminary Injunction.**

*(1) Notice.* No preliminary injunction shall be issued without notice to the adverse party.

. . .

. . .

**(d) Form and Scope of Injunction or Restraining Order.** Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

. . .

075612-A
TRANSCRIPTS:
11/5/07

1

1      UNITED STATES BANKRUPTCY COURT

2      NORTHERN DISTRICT OF CALIFORNIA

3          (SAN JOSE DIVISION)

4

5   In re:

6   THE BILLING RESOURCE,                Case No. 07-52890-ASW

7                                        Chapter 11

8                                        San Jose, California
                                         November 5, 2007
9                                        4:34 p.m.
            Debtor.
10   _____/

11   THE BILLING RESOURCE, dba
     INTEGRETEL, a California
12   corporation,

13          Plaintiff,

14      v.                               A.P. No. 07-5156

15   DAVID R. CHASE, et al.,

16          Defendants.
17   _____/

18         TRANSCRIPT OF TELEPHONIC PROCEEDINGS
        EMERGENCY HEARING RE MOTION FOR RESTRAINING ORDER
19   TO STAY ENFORCEMENT OF OMNIBUS ORDER BY PLAINTIFF
          THE BILLING RESOURCE, dba INTEGRETEL,
20            A CALIFORNIA CORPORATION

21

        BEFORE THE HONORABLE ARTHUR WEISSBRODT
22         UNITED STATES BANKRUPTCY JUDGE

23

24

25

-A7-

16

1   before the Court rules?

2          MR. MORA: Your Honor, this is Michael Mora for

3   the Federal Trade Commission.

4          THE COURT: Yes, sir.

5          MR. MORA: Your Honor, the Federal Trade

6   Commission joins in all the arguments raised by the

7   Receiver --

8          THE COURT: Thank you, Mr. Mora.

9          MR. MORA: And I think, as the other parties have

10  said, we have fully argued our position on all of the

11  underlying issues, and clearly the Debtor is not entitled

12  to the relief that they're asking for today.

13         THE COURT: Thank you, Mr. Mora.  Does anybody

14  else wish to say anything before I rule?  Was somebody else

15  talking?

16         MR. KOLLITZ: Yes, Your Honor, I'm sorry.  This is

17  Howard Kollitz.  One final comment, and that is in looking

18  at the Eleventh Circuit order on page 2, it's fairly clear,

19  I would submit, Your Honor, that the Eleventh Circuit is

20  considering all the issues, not just the issue of whether

21  the automatic stay in the bankruptcy case for Integretel

22  somehow applies to the Receiver or the Federal Trade

23  Commission.

24         THE COURT: Thank you.

25         Before the Court is Debtor's request for a

-A8-

17

1   temporary restraining order against the continued
2   enforcement of the omnibus order entered by the Florida
3   District Court pre-petition. I'll refer to the Florida
4   District Court as the Florida Court. This Court hereby
5   incorporates all of the findings of fact and conclusions of
6   law as set forth in this Court's memorandum of decision
7   filed and entered on November 2, 2007. I'll refer to that
8   as the memorandum decision.
9        In the memorandum decision, this Court did not
10  discuss -- I'm sorry -- this Court discussed but did not
11  rule on the merits of a temporary restraining order as to
12  enforcement of the omnibus order since that order was at
13  that time stayed by the Eleventh Circuit. The Court has
14  been advised that the Eleventh Circuit lifted that stay
15  today. The Debtor now requests such a temporary
16  restraining order.
17       The standard for injunctive relief in the Ninth
18  Circuit is well settled. A party must show either one, a
19  likelihood of success on the merits and the possibility of
20  irreparable injury or two, the existence of serious
21  questions going to the merits and the balance of hardships
22  tipping in its favor. The required showing of harm varies
23  inversely with the required showing of meritoriousness.
24       Here, there's no question that the Debtor has
25  demonstrated the existence of serious questions going to

-A9-

0118
3739