27

1          "The IGT reserves relating to Access One and

2          Network One do not take the form of a segregated

3          fund of money, rather they represent nothing more

4          than a bookkeeping entry.  Thus Integretel holds

5          no identifiable pool of money that one can point

6          to as constituting the IGT reserves for these

7          clients."

8          This issue has been raised in the District Court.

9    This issue has been decided in the District Court, and this

10   issue is now on appeal before the Eleventh Circuit and it is

11   these concepts and these words that Mr. Sacks described to a

12   "T."

13         THE COURT: All right.  Wait a second.  Mr.

14   Oetzell, it seems to me that you both agree on something,

15   although I don't know whether Mr. Sacks will say this.  It

16   seems that to the extent that the District Court determined

17   what Integretel's pre-petition rights were, vis-a-vis the

18   Receiver, that that issue is on appeal to the Eleventh

19   Circuit.  To the extent that the bankruptcy filing changed

20   anything, that issue is before me, and that they have a

21   right to file a complaint that says that.  And if we make

22   that distinction, if that conforms with both of your

23   understandings, then I can deny the motion to dismiss and

24   allow the complaint, with the understanding that the

25   distinction that I made is the distinction that the

28

1  complaint can raise.

2      Now, I haven't reviewed the complaint in the

3  context of this bright line, but it seems to me that that's

4  what you're both saying.  Now first, Mr. Oetzell, is that

5  correct?

6      MR. OETZELL: I guess the answer is theoretically

7  it is correct, but I would -- I do not see when we have a

8  determination of ownership and there was an issue that was

9  decided in the determination of ownership, I don't see what

10  bankruptcy changes.

11      THE COURT: Okay.  But that's saying --

12      MR. OETZELL: If the Debtor had my car --

13      THE COURT: Wait a second.  Mr. Oetzell, be quiet

14  for a minute.  That's fine.  But that could be part of the

15  complaint and that will be part of your motion for summary

16  judgment or whatever you're going to file in the new

17  complaint.  But you agree that theoretically -- you don't

18  think -- you think the distinction is correct and that they

19  don't have a winning case, but that's a different matter.

20      Now, Mr. Mora, do you agree?

21      MR. MORA: Hello?

22      THE COURT: Mr. Mora, do you agree?

23      MR. MORA: I'm sorry, Your Honor.  One moment.

24      THE COURT: What?

25      MR. MORA: I'm sorry, Your Honor.  One moment.  I

29

1  was having trouble with my phone.  Do I agree with --

2          THE COURT: What I said.

3          MR. MORA: I disagree entirely with the premise,

4  Your Honor, because the property rights of the Receiver and

5  the FTC in these disputed funds are the same as the day

6  before the petition as they were the day after.

7          THE COURT: But that begs the question, Mr. Mora.

8          MR. MORA: I'm sorry, Your Honor.  I misunderstand

9  the question then.

10         THE COURT: Okay.  If Mr. Sacks' position is that

11 anything that occurred before the bankruptcy is before the

12 Eleventh Circuit and that anything that occurred starting

13 with the bankruptcy filing is before me, then you can have

14 the position that nothing changed, but that begs the

15 question.  The question is whether he should be able to file

16 a complaint that says that any respective rights of the

17 parties that occurred as of the date of the petition are

18 before the Bankruptcy Court.

19         MR. MORA: In theory, but I don't think that's what

20 his complaint says.

21         THE COURT: Well, that's what I'm going to ask him.

22 So now back to you.  It seems to me that what the Florida

23 Court did pre-petition is, from your briefs -- now I could

24 have them send them up and look at them more carefully -- is

25 before the Eleventh Circuit.  And the effect of all that

30

1  because of the bankruptcy is before me, and they both agree

2  with that.  They say it's a distinction without a

3  substantive meaning, but they both agree that that is in

4  fact the case.  And if you agree to limit your complaint to

5  the effect as of the date of the petition, then we don't

6  have a substantive disagreement, and I can grant the motion

7  and overrule the motion to dismiss on that basis.  But if I

8  misunderstand your position, then we're in terrible shape.

9  And if you don't understand your position, we're in terrible

10  shape.  So if you want a continuance of this, I'll give you

11  a continuance.  If you're ready to decide that, then I'm

12  ready to rule.

13          MR. SACKS: No, that's -- I think Your Honor has it

14  exactly right, which is that even if as either Mr. Mora or

15  Mr. Oetzell or both said, that the Florida District Court

16  gave them a property interest before bankruptcy, the

17  question here is whether that property interest translates

18  into an ownership of particular funds that we then have to

19  turn over to them.

20          THE COURT: In a bankruptcy case.

21          MR. SACKS: In a bankruptcy case, exactly, because

22  if Your Honor will recall, in the Memorandum of Decision I

23  believe it is, you cite and quote a case that says even if

24  somebody comes into bankruptcy with an ownership interest,

25  that still gets tested by doctrines like tracing if the

31

1   Debtor is in possession of the thing that the party claims
2   an ownership interest in.  And I think that's the
3   fundamental problem we have with their argument that because
4   they own it, we have to turn it over to them.  We say they
5   still have to do more than that, and they haven't and can't
6   do it.  And that's what we want to test with this complaint.
7            MR. OETZELL:  I'm sorry, Your Honor.  An ownership
8   interest that has been determined under State law is not
9   reversible because of a nicety of bankruptcy law.
10           THE COURT:  Okay.  But, Mr. Oetzell, I understand
11  your position and so maybe you'll win on a summary judgment.
12           MR. OETZELL:  I mean that's nonsense.
13           THE COURT:  Well, let's not -- I don't know whether
14  it's nonsense or not, but that issue isn't exactly before
15  me.  I'm not going to rule that it's futile for him to make
16  that argument at this point, and so it seems to me subject
17  to making a final decision today in the next few minutes,
18  that he's right and that you're right in the sense that
19  anything that occurred prior to the bankruptcy is before the
20  Eleventh Circuit; anything that occurred as of the minute of
21  the bankruptcy is before me, and the complaint can so state.
22  And if you think that he's incorrect as a matter of law in
23  his position, that's fine, but it certainly does not --
24  there's no problem with issue preclusion because the issue
25  that he is raising, however strong or not strong that issue

1   is, is not before the Eleventh Circuit.

2           MR. OETZELL: Your Honor, I understand, and I agree

3   with the idea that it would be proper in a bankruptcy

4   context to determine in light of the Code and the filing of

5   the bankruptcy what is the effect of that interest that has

6   been decided in the District Court.  But it's something

7   altogether different to say well, okay, we're going to

8   decide if that interest is still an ownership interest in

9   view of the Bankruptcy Code.  The answer is it is.  It was

10  an ownership interest before; it's an ownership interest

11  now.

12          THE COURT: Well, the Eleventh Circuit is going

13  to --

14          MR. OETZELL: The effect of it is something

15  altogether different.

16          THE COURT: Mr. Oetzell, the Eleventh Circuit is

17  going to decide whether it's an ownership interest at all.

18          MR. OETZELL: Correct.

19          THE COURT: And so -- but I'm going to decide,

20  based on everybody's understanding today, I'm going to

21  decide whether the fact of the bankruptcy had an effect on

22  the interest, if, you know, as determined by the Eleventh

23  Circuit.

24          MR. OETZELL: I understand, Your Honor, and just

25  let me say I feel that the Court's role in deciding the

1  effect of the interest that has been determined is certainly

2  appropriate, but the idea of the bankruptcy law having an

3  effect on that interest is another story, and that I believe

4  is inappropriate in our context because of the issue

5  preclusion and collateral estoppel, and indeed is what both

6  the FTC and we have argued.

7        THE COURT: Okay.  Thank you.

8        MR. OETZELL: That's the point that makes them --

9  that makes the proposed amended complaint improper.

10        THE COURT: All right.

11        MR. MORA: Your Honor, may I be heard just one more

12  time briefly?

13        THE COURT: All right.

14        MR. MORA: Thank you, Your Honor.  Michael Mora for

15  the FTC.  Your Honor, if the Court and Integretel will allow

16  me, I would just like to make another proffer by reading

17  from their appellate brief that they just filed, because you

18  will see that even the argument that Your Honor is

19  theorizing their amended complaint is limited to is an

20  argument that they have made to the Eleventh Circuit.  May

21  I, Your Honor?

22        THE COURT: Sure.

23        MR. MORA: And I am quoting now from pages 50 to 51

24  of Integretel's Eleventh Circuit brief:

25            "But if the Court nevertheless reaches that issue,

34

1          meaning the property of the estate issue, it
2          should hold that the District Court was mistaken.
3          Anyone who claims ownership property owed by a
4          debtor in bankruptcy must show that it has an
5          interest in particular dollars in the debtor's
6          possession or control.   To reclaim money ..."
7   And there are citations here to cases but I'm not reading
8   those.

9          THE COURT: I can't hear you, Mr. Mora.

10         MR. MORA: There are citations to cases here that I
11  was going to omit those unless Your Honor would like the
12  citations.

13         THE COURT: No, no, that's all right.  Go ahead.

14         MR. MORA: The next sentence begins:
15         "To reclaim money or property from a bankruptcy
16         estate on the basis that the property belongs to
17         the reclaiming party and not the debtor, the
18         reclaiming party must be able to definitively
19         trace its property.  Commingled funds in an
20         account under the debtor's unrestricted control
21         are presumed to be property of the estate.  And to
22         overcome that presumption, the Receiver had the
23         burden of specifically and directly tracing money
24         in Integretel's bank accounts back to funds
25         received by Integretel on accounts of the former

35

1          clients' transactions.  If the property in which

2          he asserts an interest cannot be positively

3          identified, he is relegated to the status of a

4          general unsecured creditor regardless of the

5          equities."

6     End of quote.

7          THE COURT: Thank you, Mr. Mora.  We'll go off the

8     record a minute.  Thank you.

9          (Off the record.)

10          MR. LITVAK: Your Honor, can I make a suggestion?

11          THE COURT: Sure.

12          MR. LITVAK: This is Max Litvak for the Creditors'

13    Committee.  The only request before the Court today is the

14    Debtor's request for leave to amend the complaint.  I think

15    what the FTC is essentially asking the Court to do is to

16    dismiss the substantive cause of action that the Debtor

17    seeks to --

18          THE COURT: Yeah, I've already -- let me see if

19    I've got -- I think I know what you're going to say.  I'm

20    inclined to allow the amended complaint with the

21    understanding that it's subject to the right of the FTC to

22    file a motion to dismiss.  It's subject to 12(b)(6).  It's

23    subject to a motion to stay.  It's subject to everything.

24    There's enough confusion about what is or isn't before the

25    Eleventh Circuit and being argued before the Eleventh

1   Circuit as of this point, and Mr. Mora wants to supplement
2   the record in that respect, so I think you should go back
3   and figure out what your amended complaint should say,
4   whether it's exactly the amended complaint you have here or
5   whether you need a slightly different amended complaint.  Go
6   ahead and file your amended complaint, and then it's without
7   prejudice to the FTC or the Receiver filing whatever it is
8   that they want to file and then Mr. Mora can include
9   whatever it is that he wants to in the motion and I'll deal
10  with it in that context.  Is that what you were going to
11  suggest?

12          MR. LITVAK: That was it, Your Honor.

13          THE COURT: Right.  And that's what I had decided
14  when I walked in.  So that's fine.  So you're prescient.
15  And it's not clear to me that it's futile, so we'll see in
16  the context of the motions that will follow your amended
17  complaint.

18          Now, the only other issues before the Court are
19  the -- the issue of the Knudsen order.  Are you here to talk
20  about that or are you here to talk about that?  Who's here
21  to talk about that?

22          MR. SACKS: We're both here to talk about that,
23  Your Honor.

24          THE COURT: Good.  Okay.  So have you made an
25  agreement that it's ten days that the person who's seeking

1  the fees has to set up the hearing and then it'll be every

2  four months, not every three months?

3         MR. SACKS: Those are in the present draft of the

4  order; that's correct, Your Honor.

5         THE COURT: The motion shouldn't include

6  professionals that are not yet appointed.  The as yet to be

7  appointed professionals can include a request to have fees

8  paid under the Knudsen order.  I don't want to deal with

9  people who aren't before the Court.  And notice of the fee

10  apps obviously has to be served on the Debtor.  The Debtor

11  isn't listed there.  But the Debtor has to get notice of

12  everything.  And then all creditors have to get notice that

13  this is what was happening so that if they want to be on the

14  special notice list, they can be.  So in the notice to

15  creditors that says that this is the way the procedure is

16  going to work, they have to be told that the only way for

17  them to get notice of these interim requests is to be on the

18  special notice list and tell them how to do it.  So they

19  have to be able to know how to protect that right if they

20  want to.  They may not want to, but they have to get this.

21         MR. SACKS: Your Honor, we recently sent to all

22  creditors the Court's order limiting notice, and advised

23  creditors that if they wanted notice of things beyond --

24         THE COURT: Specifically fee apps?

25         MR. SACKS: Well, I don't have it in front of me

38

1  today --

2           THE COURT: Well, you better have it in front of

3  you because I want to make sure that the creditors know from

4  either that or what goes out now that if they want notice of

5  fee apps, they have to ask for special notice, and I want

6  that to be in very specific direct language.

7           MR. SACKS: Okay.  Why don't we do that then, Your

8  Honor.  I will check the form of the order limiting notice

9  and of the notice that we served pursuant to that, and if it

10  didn't specifically refer to we need to ask for special

11  notice for fee applications, we will serve a new notice.

12           THE COURT: Well, it can just be part of the order

13  approving this procedure too, that they get served on

14  everybody and then there's a big -- with nice big letters

15  saying that if you're a creditor and you want to get notice

16  of the fee apps, then you have to file a special notice

17  request and here's the address to which you do it.

18           MR. SACKS: So you're saying that regardless of

19  what we did before, we should just serve this order

20  approving the Knudsen order on all creditors.

21           THE COURT: That's what I would do.

22           MR. SACKS: We could do that, Your Honor.

23           THE COURT: Okay.  And then as far as the motion to

24  appoint the Committee as the estate representative, that

25  hasn't been opposed, right?

39

1          MR. SACKS: That's correct, Your Honor.

2          THE COURT: All right.  And that's approved.

3    That's fine.  The motion is properly noticed and appears to

4    be in the best interest of the creditors and the estate.

5          MR. LITVAK: With respect to the Knudsen motion, we

6    actually had an objection from the Receiver to the effect

7    that they don't --

8          THE COURT: Oh yeah, yeah.  The Receiver -- we're

9    not going to -- any fees of Pachulski related -- the Knudsen

10   order doesn't cover any fees of Pachulski that relate to

11   opposing the Receiver in any way until that issue is

12   resolved.

13         MR. LITVAK: Okay.

14         THE COURT: One way or the other.

15         MR. LITVAK: That's fine, Your Honor.

16         THE COURT: Does that take care of your concern,

17   Mr. Oetzell?

18         MR OETZELL: That's fine with me, Your Honor.

19         THE COURT: Thank you.  Is there anything else that

20   I need to do today?

21         MR. SACKS: No, Your Honor.  The only other thing I

22   was going to ask is that we get the order appointing estate

23   representative entered in the courtroom if we could because

24   there's an answer due to that complaint on Monday, so it

25   would be useful to have the order appointing the Committee.

40

1        THE COURT: Is there an order?

2        MR. SACKS: Yes.

3        THE COURT: Have you uploaded it?

4        MR. SACKS: I don't think it's been uploaded.  I

5    think we just brought it with us today.  But we could upload

6    it if the Court prefers, and handle it that way.

7        THE COURT: I have no preference.  I just didn't

8    understand why you didn't just upload it.  But that's fine.

9    Give me the -- I guess you can't upload it because it can't

10   be done pre-hearing.  That's fine.  Thank you.

11       Go off the record.

12       (Whereupon, the proceedings are concluded at 2:04 p.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25

41

1
2
3
4          CERTIFICATE OF TRANSCRIBER
5
6          I certify that the foregoing is a correct
7    transcript from the digital sound recording of the
8    proceedings in the above-entitled matter.
9
10   DATED: December 27, 2007
11
12                    By:    /s/ Jo McCall
13
14
15
16
17
18
19
20
21
22
23
24
25

**RER - 86**

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE ARTHUR S. WEISSBRODT, JUDGE

| | |
|---|---|
| In Re: | ) Case No. 07-52890-ASW |
| | ) Chapter 11 |
| THE BILLING RESOURCE, dba | ) |
| Integretel, a California | ) R.S. JLF-001 |
| corporation, | ) <u>MOTION for RELIEF from</u> |
| | ) <u>STAY by LSI CORPORATION</u> |
| Debtor. | ) |
| | ) |
| _____ | ) |
| | ) |
| THE BILLING RESOURCE, | ) Adv. No. 07-5156 |
| | ) |
| Plaintiff, | ) <u>PLAINTIFF'S MOTION for</u> |
| | ) <u>ORDER to SHOW CAUSE</u> |
| v. | ) <u>REGARDING PRELIMINARY</u> |
| | ) <u>INJUNCTION re ORDER to STAY</u> |
| DAVID R. CHASE, Federal Receiver, | ) <u>ENFORCEMENT of OMNIBUS ORDER</u> |
| et al., | ) |
| | ) |
| Defendants. | ) Wednesday, November 21, 2007 |
| | ) San Jose, California |
| _____ | ) |

<u>Appearances</u>:

| | |
|---|---|
| For the Debtor<br>and Plaintiff/Movant<br>(via telephone in the<br>afternoon): | Steven B. Sacks, Esq.<br>Sheppard Mullin Richter & Hampton<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California  94111-4109 |
| For the Committee<br>(via telephone): | Maxim B. Litvak, Esq.<br>Pachulski Stang Ziehl Young & Jones<br>150 California Street, 15th Floor<br>San Francisco, California  94111-4500 |
| For the Committee<br>(via telephone): | John D. Fiero, Esq.<br>Pachulski Stang Ziehl Young & Jones<br>3 Embarcadero Center, Suite 1020<br>San Francisco, California  94111-5994 |
| From the Federal Trade<br>Commission (via<br>telephone): | John Singer, Attorney<br>Michael Mora, Attorney<br>600 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20580 |

Appearances continued on next page.

2

Appearances:

| | |
|---|---|
| For the Federal Receiver, David R. Chase: | Walter K. Oetzell, Esq.<br>Danning, Gill, Diamond & Kollitz, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, California  90067-2904 |
| For LSI Corporation: | Jenny Fountain, Esq.<br>Robert A. Franklin, Esq.<br>Murray & Murray, P.C.<br>19400 Stevens Creek Boulevard, Suite 200<br>Cupertino, California  95014-2548 |
| For the Owner of the Property: | David M. Wiseblood, Esq.<br>Seyfarth Shaw LLP<br>560 Mission Street, Suite 3100<br>San Francisco, California  94105 |
| From the Federal Trade Commission (via telephone): | Collot Guerard, Esq.<br>Richard McKuen, Esq.<br>600 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20580 |
| For PaymentOne Corporation (via telephone): | Steven H. Warren, Esq.<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles, California  90071-2899 |
| Digital Court Recorder: | United States Bankruptcy Court<br>Clerk of the Court<br>Erin Coyle<br>280 South First Street, Room 3035<br>San Jose, California  95113<br>(408) 535-5003 |
| Certified Electronic Transcriber: | Palmer Reporting Services |

Proceedings recorded by digital recording;
transcript produced by federally-approved transcription service.

PALMER REPORTING SERVICES
1948 Diamond Oak Way     Manteca, California  95336-9124     (800) 665-6251
Case: 07-52890     Doc #: 340     Filed: 12/14/2007     Page 2 of 26

RER-86     3796

*Motion for Order to Show Cause re Preliminary Injunction*          3

1    Wednesday, November 21, 2007          10:58 o'clock a.m.

2                    P R O C E E D I N G S

3          THE COURT:  Oh, that's Billing Resource, fine.  Okay.

4    That makes sense now.

5          MS. FOUNTAIN:  Good morning.  Jenny Fountain and Bob

6    Franklin of Murray and Murray for LSI Corporation.

7          THE COURT:  Good morning.

8          MR. SACKS:  Good morning.  Steven Sacks, Sheppard

9    Mullin, for the debtor.

10         THE COURT:  Good morning.

11         MR. WISEBLOOD:  Good morning, Your Honor.  David

12   Wiseblood appearing on behalf of the owner of the property and

13   interested party.  Just listening in this morning.

14         THE COURT:  Good morning, Mr. Wiseblood.

15         MR. LITVAK:  Good morning, Your Honor.  Max Litvak

16   with Pachulski Stang for the Creditors' Committee.

17         THE COURT:  Can you tell me your last name?

18         MR. LITVAK:  Sure, Your Honor.  Litvak, L-i-t- —

19         THE COURT:  Oh.

20         MR. LITVAK:  — -v-a-k.  Good to meet you.

21         THE COURT:  Nice to meet you.  You're not a Goltziana;

22   you're a Litvak?  You don't know what that means?

23         MR. LITVAK:  No.

24         THE COURT:  You don't know the distinction?  Can you

25   write it down?  Write down Litvak and Goltziana, and then go

*Motion for Order to Show Cause re Preliminary Injunction*                    4

1   back to your firm and ask them what it means.

2            MR. LITVAK:  Okay.

3        (Laughter.)

4            MR. LITVAK:  Let me write — homework —

5            THE COURT:  Can you write —

6            MR. LITVAK:  — assignment.

7            THE COURT:  Can — yeah, homework assignment.

8            MR. LITVAK:  Okay.

9            THE COURT:  And no written memo back.

10       (Laughter.)

11           THE COURT:  But Litvak and Goltziana; do you have

12  that?

13           MR. LITVAK:  I got it.

14           THE COURT:  Good.  Okay.  Thank you.

15       Okay.  Counsel?

16           MS. FOUNTAIN:  Yes.  We have worked out a stipulation

17  whereby the Court will enter an order pursuant to Section 362(j)

18  providing that the relief from — or the automatic stay does not

19  apply to LSI Corporation and that the debtor may remain in

20  possession of the premises to and including 12/31/07, assuming

21  that the debtor will pay 150-percent rent, which is the

22  hold-over rate that LSI is currently required to pay.  In the

23  event that LSI remains in possession after 12/31/07, the debtor

24  may also remain in —

25           THE COURT:  Wait.

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca, California  95336-9124    (800) 665-6521
Case: 07-52890    Doc #: 340    Filed: 12/14/2007    Page 4 of 26

RER-86        3798

1          MS. FOUNTAIN:  — possession —

2          THE COURT:  Oh, I see.  If LSI —

3          MS. FOUNTAIN:  If LSI —

4          THE COURT:  — is in possession...

5          MS. FOUNTAIN:  — after 12/31/07, the debtor may also

6     remain in possession up to the day that LSI vacates.

7          We would also request that this order issue a writ of

8     possession upon the request of LSI in the event the debtor does

9     not vacate on 12/31/07 or the date that the debtor or that LSI

10    vacates.

11         THE COURT:  What kind of notice do you need to give

12    them that you're vacating after 12/31?  I mean, if you all of a

13    sudden pick up at three o'clock and vacate, you can't expect

14    them to have vacated by 4:30 the same day.  You need to give

15    them some kind of — what's going to happen?

16         MS. FOUNTAIN:  Certainly —

17         THE COURT:  How is it going to work?

18         MS. FOUNTAIN:  Sir, we can give the debtor three days'

19    notice, as we would under state the law.

20         THE COURT:  Okay.  Is that okay?

21         MR. SACKS:  Well, I think if this is going to go past

22    12/31 we should probably have more notice than that.  And I

23    think they will know earlier than that.  So maybe we can say

24    December —

25         THE COURT:  Seven days' notice?  Is it —

PALMER REPORTING SERVICES
1948 Diamond Oak Way   Manteca, California   95336-9124   (800) 665-6251
Case: 07-52890    Doc #: 340    Filed: 12/14/2007      Page 5 of 26

RER-86            3799

*Motion for Order to Show Cause re Preliminary Injunction*                6

1        MR. SACKS:  Given that that would make it the evening

2   before Christmas, I was going to suggest December 15th.

3        THE COURT:  No, no, no.  You have until the end of the

4   year.

5        And we're only talking about them vacating after the

6   first of the year, aren't we?

7        MS. FOUNTAIN:  Correct.

8        MR. SACKS:  Right.

9        MS. FOUNTAIN:  LSI intends to vacate on 12/31, but in

10  the event that it does hold over longer.

11       THE COURT:  Right.  So we're not talking about

12  Christmas at all.

13       MR. SACKS:  Well, I —

14       THE COURT:  Oh, you mean the notice would come

15  Christmas?

16       MR. SACKS:  What — right.  What I was suggesting was

17  that if they're going to be able to stay past December 31, if

18  they are not giving up possession, that they would know that by

19  the 15th of December and could give us notice by that date that

20  they —

21       THE COURT:  Do you think that's true, that by the 15th

22  you'll know whether you're staying past the 31st?

23       MS. FOUNTAIN:  Your Honor, —

24       THE COURT:  You have this man pacing behind you.

25       MS. FOUNTAIN:  — I don't know that that's true.

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca, California  95336-9124    (800) 665-6251
Case: 07-52890    Doc #: 340    Filed: 12/14/2007    Page 6 of 26

RER-86        3800

*Motion for Order to Show Cause re Preliminary Injunction*                    7

1    THE COURT:  I don't know that he's going to let you

2    finish the hearing without knocking you over and trying to

3    address the Court.  But I'm just mentioning it, because I don't

4    want it to get —

5        You obviously want to say something, Mr. Franklin.

6    MR. FRANKLIN:  Yeah.  LSI has every intention of being

7    out of the premises by 12/31.

8    THE COURT:  So they just want to know, so it's

9    reasonable, if you're going to stay over, since they have the

10   right to stay over, how they're going to know what you decided.

11   MR. FRANKLIN:  I don't know how to do that.  I mean, I

12   think that it — by 12/15, I don't know whether they will be —

13   will know whether they're going to be out or not.  Their

14   intention right now is to be out by 12/31.

15   THE COURT:  Okay.  But can't we say that you're going

16   to be out by 12/31, but if you're not, you'll give them at least

17   some minimum notice that they — that they can stay for these —

18   whatever —

19   MR. FRANKLIN:  Sure.  And if we're not going to be

20   out, we can give them notice, right.

21   MR. SACKS:  That's all we're talking about.

22   MR. FRANKLIN:  That's all they're talking about.

23   THE COURT:  Yeah, all right.  But we still haven't

24   quantified the notice.  We're still — I mean, as far as this

25   conversation goes, you could tell them on 12/30, on New Year's

1   Eve, "We're staying, we're staying."

2            Do you need a few minutes to talk, or —

3            MR. FRANKLIN:  I just don't — I'm — I'm trying to

4   conceive of what that situation would be.  I mean —

5            THE COURT:  You're not moved out, you're thinking —

6   you need a little more time.  People have —

7            MR. FRANKLIN:  We're — we're a subtenant.  We're a —

8   sorry — we're a tenant; we're subleasing to the debtor.

9            THE COURT:  I know.

10           MR. FRANKLIN:  And I think Mr. Weissbrodt's client

11  is —

12           THE COURT:  I am Weissbrodt, he's Wiseblood.

13       (Laughter.)

14           THE COURT:  We knew that would happen, didn't we, Mr.

15  Wiseblood?

16           MR. WISEBLOOD:  Your Honor, yes — yes, we did.  It's

17  nice to know that there's some consistency in our relationship.

18           MR. FRANKLIN:  Nice to know I'm so predictable, too.

19           THE COURT:  All right.  Well, what do you say, Your

20  Honor?  What was your ruling?

21           Go ahead.  So talk for five minutes among yourselves,

22  and let me do my calendar, and then come back.

23           [COUNSEL]:  Okay.

24       (The hearing was recessed at 11:03 a.m. and resumed at

25  11:16 a.m. as follows:)

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca, California  95336-9124    (800) 665-6251
Case: 07-52890    Doc #: 340    Filed: 12/14/2007    Page 8 of 26

RER-86          3802

*Motion for Order to Show Cause re Preliminary Injunction*          9

1    THE COURT:  Okay.  Billing resource.

2    MS. FOUNTAIN:  Robert Franklin and Jenny Fountain for

3  LSI Corporation.

4    THE COURT:  We're going to try again to see if he

5  let's you go through with this.

6    That's not going to affect you one bit, Mr. Franklin.

7    MR. SACKS:  Steven Sacks, Sheppard Mullin, for the

8  debtor.

9    MR. LITVAK:  Max Litvak for the Creditor's Committee.

10    THE COURT:  Did you find out yet?

11    MR. LITVAK:  Not yet.

12    THE COURT:  You've had plenty of time.

13    MR. LITVAK:  Not yet, Your Honor.

14    (Laughter.)

15    THE COURT:  And there was an appearance on the phone?

16  Was Mr. Wiseblood on this one, or no?

17    MR. SACKS:  He was, but —

18    THE OPERATOR:  He was.

19    THE COURT:  Mr. Wiseblood?

20    THE OPERATOR:  No, I just cut him off.

21    THE COURT:  We're off the record.

22    (Off the record from 11:17 a.m. to 11:18 a.m.)

23    MR. WISEBLOOD:  Still good morning, Your Honor.

24    THE COURT:  Go ahead.

25    MR. WISEBLOOD:  Still good morning, Your Honor.  David

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca, California  95336-9124    (800) 665-6251
Case: 07-52890    Doc #: 340    Filed: 12/14/2007    Page 9 of 26

RER-86          3803

1  Wiseblood for the owner.  And I did get disconnected by your

2  staff, perhaps.  The absence of a black robe this morning, Your

3  Honor.

4        THE COURT:  I understand.  Well, there's a little

5  competition, you know, Mr. Wiseblood.  They're —

6        MR. SACKS:  Are you wearing a bathrobe, Mr. Wiseblood?

7        THE COURT:  — very protective of the Court's

8  jurisdiction.

9        MR. WISEBLOOD:  Yes, Your Honor.  I respect that, Your

10 Honor.

11        THE COURT:  All right.  So my understanding is that

12 you may have a deal?

13        MS. FOUNTAIN:  Yes, I believe we do.  So, as we were

14 discussing earlier, the comfort order under Section 362, that

15 the stay does not apply, the debtor will vacate on 12/31/07 or

16 later, in the event that LSI is in possession of the premises

17 after 12/31/07.

18        However, the debtor must vacate on the date that LSI

19 vacates.  A writ of possession to issue in the event that the

20 debtor does not vacate.  However, LSI will give five days'

21 notice of the date that it will vacate the premises, so — five

22 business days' notice.

23        So on 12/31, we'll give five business days' notice

24 prior to that, and on a go-forward basis.  The writ may execute

25 upon the expiration of that five days.  The —

PALMER REPORTING SERVICES
1948 Diamond Oak Way   Manteca, California  95336-9124   (800) 665-6251
Case: 07-52890     Doc #: 340     Filed: 12/14/2007     Page 10 of 26

RER-86          3804

1        THE COURT:  Assuming you're really out.  You have to

2   be out, because they have the right to stay as long as you're

3   there.

4        MS. FOUNTAIN:  Correct.

5        THE COURT:  So the writ — you'd have to say — in your

6   request for the writ, you have to say, "We're out, they're not."

7        MS. FOUNTAIN:  And we gave the five-day —

8        THE COURT:  And we gave the five-day notice?

9        MS. FOUNTAIN:  Correct.

10       The debtor will pay the hold-over rent at 150 percent,

11  plus the concomitant expenses, the triple-net lease, and all

12  catch-up payments from past due arrearages from the expiration

13  of the lease through termination at 12/31 will be made on

14  December 1, 2007.

15       THE COURT:  Is that your agreement?

16       MR. SACKS:  It is, Your Honor, with the caveat that if

17  we agree with the landlord on a lower rent rate, then we would

18  pay that as opposed to the 150 percent.

19       THE COURT:  Well, any contract is modifiable by the

20  parties.  So if you've made an agreement that's different from

21  the — what you've recited on the record, then, of course, it

22  would be binding.

23       MR. SACKS:  Right.  I'm just recognizing that LSI is a

24  pass-through here.  And the reason that we're setting the 150

25  percent is that they are presently obligated to the landlord at

*Motion for Order to Show Cause re Preliminary Injunction*          12

1   150 percent.  If we were —

2          THE COURT:  Oh, I see.

3          MR. SACKS:  — if we were able to modify that for our

4   benefit on our space that the landlord, then LSI doesn't need a

5   150 percent.  So they're not intending to make a profit on the

6   rent payment here.

7          THE COURT:  And that's correct, isn't it?

8          MS. FOUNTAIN:  That's correct.

9          THE COURT:  Very good.  Thank you.  That will be fine.

10         Now who's preparing the order?  I'd like both of you

11   to sign off on it.  It's not your standard order, so you both

12   signed off — sign off on it.

13         MS. FOUNTAIN:  We will prepare the order, Your Honor.

14         THE COURT:  Very good.  Thank you.

15         MS. FOUNTAIN:  Thank you, Your Honor.

16         [COUNSEL]:  Thank you very much, Your Honor.

17         THE COURT:  Thank you.  Court is adjourned.  We're off

18   the record.

19     (The hearing was recessed at 11:21 o'clock a.m. and

20   continued at 2:07 o'clock p.m. as follows with all parties

21   appearing telephonically:)

22         THE CLERK:  This is the United States Bankruptcy Court

23   for the Northern District of California.  Court is now in

24   session.

25         THE COURT:  Good afternoon, ladies and gentlemen.

PALMER REPORTING SERVICES
1948 Diamond Oak Way   Manteca, California  95336-9124   (800) 665-6251
Case: 07-52890    Doc #: 340    Filed: 12/14/2007    Page 12 of 26

RER-86          3806

1    This is the case of Billing Resource.  And I'm going to take

2    appearances of counsel in the order I have them.  We'll start

3    with Steven Sacks.

4         MR. SACKS:  Yes, Your Honor Steven Sacks and Michael

5    Ahrens, Sheppard Mullin, appearing for the debtor.

6         THE COURT:  Walter Oetzell.

7         MR. OETZELL:  Good afternoon, Your Honor.  Walter

8    Oetzell of Danning, Gill, Diamond & Kollitz, LLP, on behalf of

9    David R. Chase, the Federal Receiver.

10         THE COURT:  Collot Guerard?

11         MS. GUERARD:  Collot Guerard, the Federal Trade

12    Commission.

13         THE COURT:  Maxim Litvak?

14         MR. LITVAK:  I'm here, Your Honor.

15         THE COURT:  Okay.  John Fiero?

16         MR. FIERO:  Good afternoon, Your Honor.  John Fiero

17    also for the Committee.

18         THE COURT:  Stephen Warren?

19         MR. WARREN:  Good afternoon, Your Honor.  Stephen

20    Warren of O'Melveny & Myers on behalf of Payment One.

21         THE COURT:  John Singer?

22         MR. SINGER:  John Singer on behalf of the Federal

23    Trade Commission, here, Your Honor.

24         THE COURT:  Neal Goldfarb?

25         THE OPERATOR:  Your Honor, this is the operator.  We

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca, California  95336-9124    (800) 665-6251
Case: 07-52890    Doc #: 340    Filed: 12/14/2007    Page 13 of 26

RER-86    3807

1    still have no appearance for Mr. Goldfarb as of yet.

2              THE COURT:  Michael Mora?

3              MR. MORA:  Good afternoon, Your Honor.  Michael Mora

4    for the Federal Trade Commission.

5              THE COURT:  Is there anybody else on the phone whose

6    name I have not called?

7         (No audible response.)

8              THE COURT:  Okay.  Counsel, I have written a draft

9    decision granting a preliminary injunction.  I also have some

10   concerns.

11             The argument that the Eleventh Circuit has before it

12   now, the propriety of the Florida District Court's order before

13   it, and that the Eleventh Circuit has granted and then lifted a

14   stay.  And that the argument that what the Eleventh Circuit does

15   in terms of the stay issue is either identical to or very

16   similar to what this Court would do in the context of issuing an

17   injunction.  Those arguments are not lost on me.

18             And so if I issued an injunction, we're going to

19   become embroiled in appeals on that.  And, frankly, there's not

20   a lot of law out there on this issue.  There is law on related

21   issues.

22             Plus, in the meantime, I've done some more research

23   and come up with a couple of cases that probably the parties

24   should look at.  One is *Bulldog Trucking*, 147 Fed.3d 347 Fourth

25   Circuit.  And it's 19.  The last digit is 8, but I can't read

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca, California  95336-9124    (800) 665-6251
Case: 07-52890    Doc #: 340    Filed: 12/14/2007    Page 14 of 26

RER-86        3808

1    whether it's 1958 or — no, it must be 1998 — I don't know.   I

2    don't have it — I can't read my digit.

3              And the other one is *Christopher Village versus United*

4    *States* 360 Fed.3d 1319 Fed Circuit 2004.

5              MR. [SPEAKER]:  Could you please repeat the last

6    number, please, Your Honor?  I'm sorry.

7              THE COURT:  Yeah.  Christopher Village versus United

8    States 360 Fed.3d 1319 Fed. Circuit 2004.

9              MR. [SPEAKER]:  Thank you, Your Honor.

10             THE COURT:  And if I'm right that I have exclusive

11   jurisdiction to what constitutes property of the estate, then

12   those cases will be particularly instructive.

13             The other thing I've been looking at is 362(a)(3),

14   which basically — and cases, too.  And basically what that says

15   is that even if something isn't property of the estate, if it's

16   from the estate — and we'll talk about what that means in a

17   minute — then the stay applies, and that the debtor can have a

18   possessory interest in something, even if the other party has

19   been adjudicated as owning it.

20             So just to give you a very simplistic example, if

21   there has been prepetition litigation regarding the ownership of

22   a car and the nondebtor party has been determined by a court to

23   own the car, if the car is sitting in the debtor's lot, the

24   debtor has a possessory interest in the car.  The owner of that

25   car, or the person who has a judgment saying they own the car

1  can't come pick up the car without relief from stay from the

2  Bankruptcy Court.

3       Now, I'm not — I'm not doing anything more than

4  raising some of these issues with you.  I have real questions

5  how the receivership action for contempt could possibly be part

6  of the police or regulatory power exception to 362(b)(4), since

7  I don't understand that the Government was a party to the

8  contempt proceeding.  So that's problematic.

9       But in any event, I have several options.  And I'm

10  considering these options.  And as one party said to me the

11  other day, "The Court has been blunt with us and direct with

12  us."  And I intend to go on doing that.  And by "blunt," I don't

13  mean any disrespect to you.  It's just I basically want you to

14  know where I am in terms of my thinking about the case.  And I

15  appreciate your being candid with me to the extent you feel it's

16  appropriate.

17       I thought of issuing a preliminary — I got the FTC's

18  brief on the fact that the argument that it — if I issue a TRO

19  again, it's in effect a preliminary injunction, subject to

20  appeal.  So I'm aware of that argument.

21       And so one possibility would be, for example, to issue

22  a preliminary injunction of limited duration and take it through

23  December 14.

24       I've also considered whether I should abstain from the

25  whole injunction question for the reasons that I articulated

1    earlier and, that is, the Eleventh Circuit has the issue.

2          But what I was hoping to do today is to obviate the

3    need for further litigation, at least for the indefinite future,

4    by structuring an agreement whereby the funds would remain in a

5    blocked account, the 1.7 that we've put in the blocked account,

6    through this Court, not through anything the debtor did

7    prepetition or postpetition, until we reached an agreement.

8          And the FTC and the Receiver have made it very clear

9    that what they're concerned about is that I would unblock the

10   funds and they wouldn't have time to appeal.

11         And the debtor presumably wants maximum flexibility to

12   unblock the funds, if they need the funds.  And to some extent

13   those are mutually-exclusive goals.

14         But what I would suggest is that as of the present

15   time the funds wouldn't get unblocked until a decision on

16   December 7.  And they wouldn't be unblocked before December 14,

17   absent some, you know, enormous emergency.

18         And I was going to suggest that we work out some

19   arrangement, pursuant to which the funds will remain blocked

20   indefinitely, without prejudice to the debtor's ability to come

21   back and ask them to be unblocked.  And if they do make that

22   request, it has to be on at least a week's notice to the FTC and

23   to the Receiver.

24         And then I wouldn't, even if they screamed emergency,

25   unblock them for a minimum of 10 days until after the hearing.

1  So that's the FTC and the Receiver aren't going to be in any

2  worse position.  They'll be in a slightly better position than

3  they are now.

4        Now, if we were able to agree to that, the funds would

5  remain blocked and the FTC would have — and then the Receiver

6  would have their respective goals of having the funds blocked

7  and having time to get to an Appellate Court.

8        If I abstain, for example, then the debtor is going to

9  be in a potentially-contempt posture almost immediately.  If I

10  issue a preliminary injunction of limited duration, then

11  potentially the FTC is going to have much less time, although

12  the FTC could appeal from the PI of a limited duration, I

13  suppose.  And I assume that's what they would do.  Whether

14  they'd find a court that was willing to hear it if the

15  preliminary injunction was only going to last a couple of weeks.

16  I don't know.

17        But my goal would be to structure something that

18  served both of your interests.  I, frankly, don't see the debtor

19  needing these funds on an immediate basis.  And it's not clear

20  to me whether they're going to need them at all, depending on

21  upon how, in particular, how the reorganization goes.

22        And when I say, "not need them at all," I mean not

23  need them for ongoing business operations.  I don't mean that

24  the debtor would in any way give up its claim that those are

25  property of the estate, that those funds are property of the

1    estate.  I just mean to need to use in an ongoing business

2    sense.

3            And it seems to me that we ought to be able to work

4    out a structure that served everybody's interest, with everybody

5    having to give up something, some — you know, the debtor

6    wouldn't have maximum flexibility.  And the FTC wouldn't have a

7    hundred-percent protection.

8            But if we could structure something that made you

9    comfortable enough on both sides, that that would be an

10   everybody's interest, more than me just deciding between one of

11   these three options, PI until March, PI of limited duration,

12   abstention, and then bringing in all these other problems,

13   including the possibility that we'd be doing additional briefing

14   on all of these issues, anyway, by the issues.

15           I've also taken a look at *Gruns*, the *Gruns'* case, but

16   that was under *Rooker-Feldman*.  And it deals with a state court,

17   so I'm not sure that's going to be helpful.  I'm not a hundred —

18   I still don't understand, frankly, the argument that the

19   District Court has jurisdiction — I'm sorry — that the FTC's

20   action is a function of the police or regulatory power of the

21   government, the FTC's consent proceeding.  I don't understand

22   that.  But, in any event, if we can work something out, none of

23   that would be litigated at this point.

24           Now let me start with the Receiver's side or the FTC

25   side.  But I don't know to whom I should address this question.

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca, California  95336-9124    (800) 665-6162
Case: 07-52890    Doc #: 340    Filed: 12/14/2007    Page 19 of 26

RER-86          3813

1   And you're all in different cities.  So if you want me to recess

2   for ten minutes, and you can talk among yourselves, the debtor

3   can talk to the Creditors' Committee.

4        One of the questions I have — and I still don't

5   understand it — is whether the Creditors' Committee in Florida

6   or in the Eleventh Circuit, filing briefs and, if not, why not?

7        It seems to me that if the Creditors' Committee thinks

8   that debtor is correct, having its presence be shown as part of

9   the bankruptcy, — you know, is having a very strong interest in

10  the bankruptcy estate, it might be extremely helpful to that

11  side of the picture.

12       But, in any event, — and I certainly understand that

13  counsel for Payment One has input.  And I don't see Ms. Diemer

14  on the line.  I assume we contacted her, but she's not on the

15  line.

16       So, in any event, I'll do whatever you want, but I'd

17  be glad to take a ten-minute recess.  If people want to

18  articulate what their positions are now, I'd be glad to hear

19  that, too.

20       MR. SACKS:  Your Honor, this is Stephen Sachs.  It may

21  be helpful if I go first.  And so I would propose to do that for

22  just a second.

23       We've been doing our analysis, obviously, as to

24  whether we need immediate use of $1.7 million.  And our

25  conclusion at this time is that, subject to working out an

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca, California  95336-9124    (800) 665-6251
Case: 07-52890    Doc #: 340    Filed: 12/14/2007    Page 20 of 26

RER-86        3814

*The Court's Decision on the Preliminary Injunction*                    21

1    arrangement, as the Court is describing, being protected from a

2    contempt proceeding and being able to go forward in this Court

3    with an amended adversary complaint of which we would seek a

4    ruling that this is, indeed, property of the estate, as well as

5    property — but it doesn't matter at that point whether it's

6    property from the estate, but I certainly agree with you that

7    would be taking property from the estate, that we would agree to

8    the proposal that the money remaining in the blocked account

9    while that litigation is going forward and only come out if we

10   gave notice as the Court has described.  So essentially we're

11   onboard.

12        What we'd like to do is get an agreement that we could

13   amend our complaint.  We would then most likely bring a summary

14   judgment motion to establish that this is property of the

15   estate, and everybody can litigate whether it is or it isn't.

16        And we would then only be releasing the money,

17   hopefully, upon a final judgment, as opposed to having to

18   litigate preliminary-injunction-type of issues here.

19        THE COURT:  Counsel for the Receiver, Mr. Oetzell, you

20   and Mr. Mora have been here most frequently.  Just procedurally

21   what do you want me to do?  I'll ask Mr. Oetzell first and then

22   Mr. Mora.

23        I'm only asking procedurally.  I'm not asking you to

24   do anything more than tell me whether you want me to recess for

25   ten minutes, or what you want me to?

*The Court's Decision on the Preliminary Injunction*          22

1      MR. MORA:  I would prefer recessing for ten minutes.

2   Our client's on the East Coast.  And, you know, it's the weekend

3   before Thanksgiving and all that.

4      THE COURT:  Well, but they're on the phone.  Most —

5   the lawyers are on the phone.  All the lawyers who have appeared

6   regularly, Ms. Guerard has appeared regularly and, of course,

7   Mr. Mora.

8      But, anyway, — okay.  So if I — and, by the way, if

9   you'll agree that nothing gets done, we could have this hearing

10  on Monday.  It's not — there's no emergency, except for the

11  emergency that's raised by the possibility of having to issue

12  yet another injunction and, you know, having a one-day

13  injunction be appealable becomes a little crazy.  But I also

14  understand the FTC's concerned about the clock ticking, and all

15  of that.

16      So I'd be glad to recess.  How long do you propose,

17  Mr. Oetzell?

18      MR. OETZELL:  Fifteen minutes would be fine.

19      THE COURT:  That's fine.  Okay.  Is anybody opposed to

20  a 15-minute recess?

21      (No audible response.)

22      THE COURT:  So Gentner, or CourtCall?  Operator,

23  operator?

24      THE OPERATOR:  Yes, Your Honor.  I'm sorry.

25      THE COURT:  Okay.  Operator, put everybody back.

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca, California  95336-9124    (800) 665-6251
Case: 07-52890    Doc #: 340    Filed: 12/14/2007    Page 22 of 26

RER-86          3816

1  They're going to all have their little, you know, little

2  colloquies and discussions.  And everybody needs to be called

3  back.  And we'll make it a quarter to 3:00.

4          THE OPERATOR:  Yes, Your Honor.

5          THE COURT:  Thank you, sir.

6          [COUNSEL]:  Thank you, Your Honor.

7          THE COURT:  Thank you.

8          THE OPERATOR:  John and Collot, I'll call you.  I have

9  conference...

10          MS. GUERARD:  All right.  Let me give you...

11      (Proceedings recessed from 2:24 p.m. to 2:47 p.m.)

12          THE COURT:  The Court is back in session.

13          Mr. Sacks, have you had an opportunity to talk your

14  clients, or whatever you're doing?

15          MR. SACKS:  Yes, Your Honor.

16          THE COURT:  Okay.  And, Mr. Mora, have you had an

17  opportunity to talk your client?

18          And, Mr. Oetzell, the same?

19          But first Mr. Mora.

20          MR. MORA:  Your Honor, we haven't had an opportunity

21  to talk to our client.  But the attorneys caucused amongst

22  ourselves.  And we are prepared to explain to the Court what

23  we're prepared to do today.

24          THE COURT:  Very good.  Okay.  So why don't we start

25  with you, Mr. Mora?  Are you the spokesperson, or is Mr.

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca, California  95336-9124    (800) 665-6161
Case: 07-52890    Doc #: 340    Filed: 12/14/2007    Page 23 of 26

RER-86          3817

*The Court's Decision on the Preliminary Injunction*                    24

1    Oetzell?

2            MR. MORA:  I'm counsel for the Federal Trade

3    Commission, Your Honor.

4            THE COURT:  I'm sorry.  What?

5            MR. MORA:  It is Mr. Mora, like in —

6            THE COURT:  Fine.  I'm just asking whether you'd

7    agreed that you'd have a particular spokesperson?

8            MR. MORA:  Yes.  Mr. Oetzell represents the Receiver.

9            THE COURT:  No, I know that.  I understand that.

10           MR. MORA:  Okay.

11           THE COURT:  But I —

12           MR. SINGER:  Your Honor, we — Your Honor, this is John

13   Singer.  We didn't have a chance to confer with Mr. Oetzell.  I

14   don't know if Mr. Mora did, but I don't think we —

15           MR. OETZELL:  Yes, I did, John.

16           MR. SINGER:  Okay.  I apologize, then.

17           THE COURT:  Okay.  So, Mr. Mora, you're on deck.

18           MR. MORA:  Thank you, Your Honor.

19           Your Honor, it's really — in this short timeframe,

20   this was quite unexpected.  Frankly, we expected to, you know,

21   have a ruling read into the record today.  So I'm —

22           THE COURT:  Yes.  Well, that's what I told you I was

23   going to do, until I had my Deputy call you and say we were

24   going to have this conversation.

25           MR. MORA:  Understood.  So the most we can consent to

PALMER REPORTING SERVICES
1948 Diamond Oak Way   Manteca, California  95336-9124   (800) 665-6251
Case: 07-52890    Doc #: 340    Filed: 12/14/2007    Page 24 of 26

RER-86        3818

1    today amongst ourselves, is we would agree to, notwithstanding

2    our position, that we believe that the temporary restraining

3    order expires on the 25th, which is Sunday, we would agree to

4    consent to treat the temporary restraining order currently in

5    effect as continuing in effect through the close of business on

6    Monday, so that we would have a chance to, frankly, confer with

7    our clients on responding to Your Honor's suggestion.

8            THE COURT:  Oh, I see.  Okay.

9            Well, Mr. Sacks, is that good for you?  Shall we have

10   a hearing on Monday?

11           MR. SACKS:  We can have a hearing on Monday, Your

12   Honor.

13           THE COURT:  Yeah.  I have — I can — I can hear you on

14   Monday.  It's no problem.  Let me just look at my calendar.

15   Yes, I have an Inns-of-Court meeting at noon.  But we can meet

16   either — you know, you're not going to have much time, because

17   tomorrow is the last bus- — no, today is the last business day

18   before Thanksgiving.  So maybe it would be best if we did it in

19   the afternoon like 1:30-ish, or 2:00?

20           MR. SACKS:  That would be —

21           THE COURT:  That way you'd have the morning.

22   Otherwise, I don't know how much time you're going to have to

23   consult with...

24       (End of the recording at 2:49 o'clock p.m.)

25                           —o0o—

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca, California  95336-9124    (800) 665-6251
Case: 07-52890    Doc #: 340    Filed: 12/14/2007    Page 25 of 26

RER-86    3819

State of California          )
                             )     SS.
County of San Joaquin        )


            I, Susan Palmer, certify that the foregoing is a true

and correct transcript, to the best of my ability, of the above

pages, of the digital recording provided to me by the United

States Bankruptcy Court, Northern District of California, of the

proceedings taken on the date and time previously stated in the

above matter.

            I further certify I am not a party to nor in any way

interested in the outcome of this matter.

            I am a Certified Electronic Reporter and Transcriber

through the American Association of Electronic Reporters and

Transcribers, Certificate No. 00124.  Palmer Reporting Services

is approved by the Administrative Office of the United States

Courts to officially prepare transcripts for the U.S. District

and Bankruptcy Courts.



                              Susan Palmer
                              Palmer Reporting Services

                              Dated December 4, 2007

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca, California  95336-9124    (800) 665-6251
Case: 07-52890    Doc #: 340    Filed: 12/14/2007    Page 26 of 26

RER-86    3820

**RER - 87**

Exhibits

# U.S. Bankruptcy Court
## Northern District of California (San Jose)
## Bankruptcy Petition #: 07-52890

*Assigned to:* Judge Arthur S. Weissbrodt
Chapter 11
Voluntary
Asset

*Date Filed:* 09/16/2007

**Debtor**
**The Billing Resource**
5883 Rue Ferrari
San Jose, CA 95138
Tax id: 33-0289863
*dba*
**Integretel**
*aka*
**Integretel Billing Solutions**

represented by **Jeffrey K. Rehfeld**
Sheppard, Mullin, Richter and
Hampton
4 Embarcadero Center 17th Fl.

San Francisco, CA 94111
(415) 434-9100
Email:
jrehfeld@sheppardmullin.com

**Michael H. Ahrens**
Sheppard, Mullin, Richter and
Hampton
4 Embarcadero Center 17th Fl.

San Francisco, CA 94111
(415) 434-9100
Email:
mahrens@sheppardmullin.com

**Ori Katz**
Sheppard, Mullin, Richter and
Hampton
4 Embarcadero Center 17th Fl.

San Francisco, CA 94111
(415) 434-9100
Email:
okatz@sheppardmullin.com

**Steven B. Sacks**
Sheppard, Mullin, Richter and
Hampton
4 Embarcadero Center 17th Fl.

San Francisco, CA 94111
(415) 434-9100
Email:

RER-87    3821

ssacks@sheppardmullin.com

**Responsible Ind**
**Ken Dawson**                                 represented by **Jeffrey K. Rehfeld**
5883 Rue Ferrari                                              (See above for address)
San Jose, CA 95138
(408) 362-4000

**U.S. Trustee**
**Office of the U.S. Trustee / SJ**            represented by **John S. Wesolowski**
U.S. Federal Bldg.                                            Office of the United States
280 S 1st St. #268                                            Trustee
San Jose, CA 95113-3004                                       280 S 1st St. #268
( )                                                           San Jose, CA 95113-0002
                                                              (408)535-5525
                                                              Email:
                                                              john.wesolowski@usdoj.gov

                                                              **Shannon L. Mounger-Lum**
                                                              Office of the U.S. Trustee
                                                              280 S 1st St. #268
                                                              San Jose, CA 95113-0002
                                                              (408) 535-5525

**Creditor Committee**
**Official Committee Of Unsecured Creditors**  represented by **John D. Fiero**
Pachulski Stang Ziehl & Jones LLP                             Pachulski, Stang, Ziehl, Young
150 California Street                                         and Jones
15th Floor                                                    150 California St. 15th Fl.
San Francisco, CA 94111-4500                                  San Francisco, CA 94111-
(415) 263-7000                                                4500
                                                              (415) 263-7000
                                                              Email: jfiero@pszyjw.com

                                                              **Kenneth H. Brown**
                                                              Pachulski, Stang, Ziehl, Young
                                                              and Jones
                                                              150 California St. 15th Fl.
                                                              San Francisco, CA 94111-
                                                              4500
                                                              (415) 263-7000
                                                              Email: kbrown@pszyj.com

                                                              **Maxim B. Litvak**
                                                              Pachulski, Stang, Ziehl and
                                                              Jones
                                                              150 California St. 15th Fl.
                                                              San Francisco, CA 94111-
                                                              4500
                                                              (415) 263-7000
                                                              Email: mlitvak@pszjlaw.com

RER-87    3822

**Trustee Attorney**
**Raymond P. Bolanos**
AT&T Services, Inc.
525 Market St., 20th Floor
San Francisco, CA 94105
U.S.A.
(415) 778-1357

represented by **Bobby C. Lawyer**
Pacific Telesis Group Legal
Dept.
140 New Montgomery St.
#1025
San Francisco, CA 94105
(415) 778-1213

| Filing Date | # | Docket Text |
|---|---|---|
| 09/16/2007 | 1 | Chapter 11 Voluntary Petition, Fee Amount $1039, Filed by The Billing Resource. Order Meeting of Creditors due by 9/24/2007.Incomplete Filings due by 10/1/2007. (Katz, Ori) CORRECTIVE ENTRY: COURT REMOVED SECTION 521 FILINGS DUE DEADLINE. COURT ADDED DEBTOR'S ALIAS NAME TO CM/ECF TO MATCH VOLUNTARY PETITION PDF. ERROR: CREDITORS NOT UPLOADED INTO CM/ECF AT THE TIME OF FILING. ATTORNEY TO TAKE IMMEDIATE ACTION. Modified on 9/17/2007 (er, ). (Entered: 09/16/2007) |
| 09/16/2007 | 2 | Declaration of Ken Dawson in Support of *Authority to Sign and File Voluntary Petition* (RE: related document(s)1 Voluntary Petition (Chapter 11)). Filed by Debtor The Billing Resource. (Katz, Ori) (Entered: 09/16/2007) |
| 09/16/2007 | 3 | List of 30 Largest Unsecured Creditors Filed by Debtor The Billing Resource (Katz, Ori) CORRECTIVE ENTRY: COURT MODIFIED DOCKET TEXT TO MATCH PDF. Modified on 9/18/2007 (er, ). (Entered: 09/16/2007) |
| 09/16/2007 | | Receipt of filing fee for Voluntary Petition (Chapter 11)(07-52890) [misc,volp11] (1039.00). Receipt number 4629782, amount $1039.00 (U.S. Treasury) (Entered: 09/16/2007) |
| 09/16/2007 | 4 | Creditor Matrix Filed by Debtor The Billing Resource (Katz, Ori) (Entered: 09/16/2007) |
| 09/16/2007 | 5 | Statement of Corporate Ownership *Under Bankruptcy Rule 1007(a) (1)* Filed by Debtor The Billing Resource (Katz, Ori) (Entered: 09/16/2007) |
| 09/16/2007 | 6 | Application to Designate Ken Dawson as Responsible Individual Filed by Debtor The Billing Resource (Attachments: # 1 Exhibit A) (Katz, Ori) (Entered: 09/16/2007) |
| 09/16/2007 | 7 | Emergency Motion *for Order Authorizing Use of Existing Cash Management System and Bank Accounts* Filed by Debtor The Billing |

| | | |
|---|---|---|
| | | Resource (Attachments: # <u>1</u> Exhibit A# <u>2</u> Exhibit B# <u>3</u> Exhibit C# <u>4</u> Declaration of Ken Dawson) (Katz, Ori) (Entered: 09/16/2007) |
| 09/16/2007 | | First Meeting of Creditors with 341(a) meeting to be held on 10/17/2007 at 11:00 AM at San Jose Room 130. Proof of Claim due by 01/15/2008. (admin, ) (Entered: 09/16/2007) |
| 09/17/2007 | <u>8</u> | Emergency Motion to Use Cash Collateral *and Granting Replacement Liens* Filed by Debtor The Billing Resource, dba Integretel (Attachments: # <u>1</u> Exhibit A through D# <u>2</u> Exhibit E) (Katz, Ori) (Entered: 09/17/2007) |
| 09/17/2007 | <u>9</u> | Declaration of Ken Dawson in Support of *Emergency Motion for Use of Cash Collateral and Granting Replacement Liens* (RE: related document(s)<u>8</u> Motion to Use Cash Collateral). Filed by Debtor The Billing Resource, dba Integretel (Attachments: # <u>1</u> Exhibit A through F# <u>2</u> Exhibit G through K) (Katz, Ori) (Entered: 09/17/2007) |
| 09/17/2007 | <u>10</u> | Statement of Debtor *re Cash Collateral and Certification in Connection With Same* (RE: related document(s)<u>8</u> Motion to Use Cash Collateral). Filed by Debtor The Billing Resource, dba Integretel (Katz, Ori) (Entered: 09/17/2007) |
| 09/18/2007 | <u>11</u> | Notice of Hearing (RE: related document(s)<u>8</u> Emergency Motion to Use Cash Collateral *and Granting Replacement Liens* Filed by Debtor The Billing Resource, dba Integretel (Attachments: # (1) Exhibit A through D# (2) Exhibit E) (Katz, Ori), <u>7</u> Emergency Motion *for Order Authorizing Use of Existing Cash Management System and Bank Accounts* Filed by Debtor The Billing Resource, dba Integretel (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Declaration of Ken Dawson) (Katz, Ori)). Hearing scheduled for 9/20/2007 at 02:00 PM at San Jose Courtroom 3020 - Weissbrodt. Filed by Debtor The Billing Resource (Katz, Ori) (Entered: 09/18/2007) |
| 09/18/2007 | <u>12</u> | Order To File Required Documents and Notice Regarding Dismissal. . (er, ) (Entered: 09/18/2007) |
| 09/18/2007 | <u>13</u> | Unsecured Creditors Committee Acceptance or Rejection Form (er, ) (Entered: 09/18/2007) |
| 09/18/2007 | <u>14</u> | Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, and Deadlines (Generated) (er, ) (Entered: 09/18/2007) |
| 09/18/2007 | <u>15</u> | Notice of Status Conference to be held on 10/26/2007 at 02:00 PM at San Jose Courtroom 3020 - Weissbrodt. (er, ) (Entered: 09/18/2007) |
| | | |

| 09/18/2007 | <u>16</u> | Certificate of Service *by Facsimile* (RE: related document(s)<u>11</u> Notice of Hearing,, ). (Katz, Ori) (Entered: 09/18/2007) |
| 09/18/2007 | <u>17</u> | Certificate of Service *by Electronic Mail* (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 11), Voluntary Petition (Chapter 11), <u>11</u> Notice of Hearing,,, <u>8</u> Motion to Use Cash Collateral, <u>7</u> Motion Miscellaneous Relief, <u>9</u> Declaration,, <u>10</u> Statement). (Katz, Ori) (Entered: 09/18/2007) |
| 09/18/2007 | <u>18</u> | Certificate of Service *by Facsimile* (RE: related document(s)<u>11</u> Notice of Hearing,, ). (Katz, Ori) (Entered: 09/18/2007) |
| 09/19/2007 | <u>19</u> | Certificate of Service (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 11), Voluntary Petition (Chapter 11), <u>2</u> Declaration, <u>11</u> Notice of Hearing,,, <u>8</u> Motion to Use Cash Collateral, <u>7</u> Motion Miscellaneous Relief, <u>9</u> Declaration,, <u>10</u> Statement). (Katz, Ori) (Entered: 09/19/2007) |
| 09/19/2007 | <u>20</u> | Request for Notice *Request for Special Notice and Inclusion on Mailing List by Public Communications Services, Inc. with Proof of Service* Filed by Creditor Public Communications Services, Inc. (Cohen, Leslie) (Entered: 09/19/2007) |
| 09/19/2007 | <u>21</u> | Objection *of PCS to Debtor's Emergency Motion for Use of Cash Collateral and Granting Replacement Liens with proof of service* (RE: related document(s)<u>8</u> Motion to Use Cash Collateral). Filed by Creditor Public Communications Services, Inc. (Cohen, Leslie) (Entered: 09/19/2007) |
| 09/19/2007 | <u>22</u> | Declaration of Tommie Joe in Support of Objection to *Debtor's Emergency Motion for Use of Cash Collateral and Granting Replacement Liens with proof of service* (RE: related document(s)<u>21</u> Objection, <u>8</u> Motion to Use Cash Collateral). Filed by Creditor Public Communications Services, Inc. (Attachments: # <u>1</u> Exhibit # <u>2</u> Exhibit Pages 51 to 55 with proof of service) (Cohen, Leslie) **CORRECTIVE ENTRY: COURT ADDED LINKAGE TO DOCUMENT #21, WHICH THIS DECLARATION SUPPORTS.** Modified on 9/20/2007 (cvt, ). (Entered: 09/19/2007) |
| 09/19/2007 | <u>23</u> | Notice of Continued Hearing *at the Request of the Court* (RE: related document(s)<u>8</u> Emergency Motion to Use Cash Collateral *and Granting Replacement Liens* Filed by Debtor The Billing Resource, dba Integretel (Attachments: # (1) Exhibit A through D# (2) Exhibit E) (Katz, Ori), <u>7</u> Emergency Motion *for Order Authorizing Use of Existing Cash Management System and Bank Accounts* Filed by Debtor The Billing Resource (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Declaration of Ken Dawson) (Katz, Ori)). Hearing to be held on 9/21/2007 at 1:30 PM San Jose |

| | | |
|---|---|---|
| | | Courtroom 3020 - Weissbrodt for <u>7</u>, Hearing to be held on 9/21/2007 at 1:30 PM San Jose Courtroom 3020 - Weissbrodt for <u>8</u>, Filed by Debtor The Billing Resource (Rehfeld, Jeffrey) (Entered: 09/19/2007) |
| 09/19/2007 | <u>24</u> | Brief/Memorandum in Opposition to *(1) Emergency Motion for Use of Cash Collateral and Granting Replacement Liens; (2) Emergency Motion for Order Authroizing Use of Existing Bank Accounts and Cash Management Systems; and (3) Ex Parte Application for Order Approvin Ken Dawson as Debtor's Desgnated Resopnsible Individual; Memorandum of Points and Authorities* (RE: related document(s)<u>8</u> Motion to Use Cash Collateral, <u>7</u> Motion Miscellaneous Relief, <u>6</u> Application to Designate Responsible Individual). Filed by Creditor David R Chase (Schwartz, Steven) (Entered: 09/19/2007) |
| 09/19/2007 | <u>25</u> | First Request To Take Judicial Notice *of David R. Chase, Federal Receiver* (RE: related document(s)<u>24</u> Opposition Brief/Memorandum,, ). Filed by Creditor David R Chase (Schwartz, Steven) (Entered: 09/19/2007) |
| 09/19/2007 | <u>26</u> | Declaration of David R. Chase, Federal Receiver in Opposition of *(1) EMERGENCY MOTION FOR USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS; (2) EMERGENCY MOTION FOR ORDER AUTHORIZING USE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEMS; AND (3) EX PARTE APPLICATION FOR ORDER APPROVING KEN DAWSON AS DEBTOR'S DESIGNATED RESPONSIBLE INDIVIDUAL* (RE: related document(s)<u>8</u> Motion to Use Cash Collateral, <u>7</u> Motion Miscellaneous Relief, <u>6</u> Application to Designate Responsible Individual). Filed by Creditor David R Chase (Attachments: # <u>1</u> Appendix # <u>2</u> Appendix # <u>3</u> Appendix # <u>4</u> Appendix # <u>5</u> Appendix # <u>6</u> Appendix # <u>7</u> Appendix # <u>8</u> Appendix) (Schwartz, Steven) (Entered: 09/19/2007) |
| 09/19/2007 | <u>27</u> | Adversary case <u>07-05156</u>. 91 (Declaratory judgment), 72 (Injunctive relief - other) Complaint by The Billing Resource against David R Chase, Federal Trade Comission. Fee Amount $250. (Katz, Ori) (Entered: 09/19/2007) |
| 09/20/2007 | <u>28</u> | Certificate of Service (RE: related document(s)<u>23</u> Notice of Continued Hearing,,, ). (Rehfeld, Jeffrey) (Entered: 09/20/2007) |
| 09/20/2007 | <u>29</u> | Certificate of Service (RE: related document(s)<u>23</u> Notice of Continued Hearing,,, ). (Rehfeld, Jeffrey) (Entered: 09/20/2007) |
| 09/20/2007 | <u>30</u> | Request for Notice Filed by Creditor POL, Inc. (Attachments: # <u>1</u> proof of service) (Diemer, Kathryn) (Entered: 09/20/2007) |
| | | |

| 09/20/2007 | 31 | Certificate of Service (RE: related document(s)26 Declaration,,, 24 Opposition Brief/Memorandum,,, 25 Request To Take Judicial Notice). (Schwartz, Steven) (Entered: 09/20/2007) |
| --- | --- | --- |
| 09/20/2007 | 32 | Reply to *Oppositions* (RE: related document(s)21 Objection,, 24 Opposition Brief/Memorandum,, ). Filed by Debtor The Billing Resource (Attachments: # 1 Declaration of Michael H. Ahrens# 2 Exhibit A - C to Ahrens Declaration# 3 Exhibit D - E to Ahrens Declaration) (Katz, Ori) (Entered: 09/20/2007) |
| 09/20/2007 | 33 | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s)14 Generate 341 Notices). Service Date 09/20/2007. (Admin.) (Entered: 09/20/2007) |
| 09/20/2007 | 34 | BNC Certificate of Mailing (RE: related document(s)12 Order to File Missing Documents). Service Date 09/20/2007. (Admin.) (Entered: 09/20/2007) |
| 09/20/2007 | 35 | BNC Certificate of Mailing - Notice of Status Conference in Ch 11. (RE: related document(s)15 Notice of Status Conference). Service Date 09/20/2007. (Admin.) (Entered: 09/20/2007) |
| 09/20/2007 | 36 | BNC Certificate of Mailing - Unsecured Creditors' Comm Acc/Rej Form. (RE: related document(s)13 Unsecured Creditors Committee Acc/Rej Form). Service Date 09/20/2007. (Admin.) (Entered: 09/20/2007) |
| 09/21/2007 | 37 | Notice of Appearance and Request for Notice by Barry R. Levine. Filed by Creditor Americom Technologies, Inc. (Levine, Barry) (Entered: 09/21/2007) |
| 09/21/2007 | 38 | Notice Regarding *Pending Enforcement Action and Related Proceedings Against Debtor* Filed by Creditor Federal Trade Commission (Attachments: # 1 Exhibit Attachment A) (Mack, Julie) (Entered: 09/21/2007) |
| 09/21/2007 | 39 | Certificate of Service *by Email and Overnight Delivery* (RE: related document(s)32 Reply, ). (Katz, Ori) (Entered: 09/21/2007) |
| 09/21/2007 | 40 | Certificate of Service (RE: related document(s)32 Reply, ). (Katz, Ori) (Entered: 09/21/2007) |
| 09/21/2007 | 41 | Opposition Objection *of Thermo Credit LLC to Emergency Motion for Use of Cash Collateral and Granting Replacement Liens* (RE: related document(s)8 Motion to Use Cash Collateral). Filed by Creditor Thermo Credit LLC (Attachments: # 1 Exhibit Exhibit 1# 2 Certificate of Service) (Lapinski, John) (Entered: 09/21/2007) |

| | | |
|---|---|---|
| 09/21/2007 | 42 | Notice Regarding *District Court Order Granting Motion for Clarification as to Scope of Stay in FTC Enforcement Action* (RE: related document(s)38 Notice Regarding *Pending Enforcement Action and Related Proceedings Against Debtor* Filed by Creditor Federal Trade Commission (Attachments: # 1 Exhibit Attachment A) (Mack, Julie)). Filed by Creditor Federal Trade Commission (Attachments: # 1 Exhibit Attachment A) (Mack, Julie) (Entered: 09/21/2007) |
| 09/21/2007 | | Hearing Continued (RE: related document(s)8 Emergency Motion to Use Cash Collateral *and Granting Replacement Liens* Filed by Debtor The Billing Resource, dba Integretel. Hearing to be held on 9/26/2007 at 2:15 PM San Jose Courtroom 3020 - Weissbrodt for 8, parties to respond to revised cash collateral by COB on 9/24/07, debtor to respond by 9/25/07. (tb, ) (Entered: 09/27/2007) |
| 09/21/2007 | | Hearing Held (RE: related document(s)7 Emergency Motion *for Order Authorizing Use of Existing Cash Management System and Bank Accounts* Filed by Debtor The Billing Resource. GRANTED. (Mr Dawson is appointed as responsible individual for purposes of the bankruptcy case). (tb, ) (Entered: 09/27/2007) |
| 09/22/2007 | 43 | Notice of Continued Hearing *Re Emergency Motion for Use of Cash Collateral and Granting Replacement Liens* (RE: related document(s) 8 Emergency Motion to Use Cash Collateral *and Granting Replacement Liens* Filed by Debtor The Billing Resource, dba Integretel (Attachments: # (1) Exhibit A through D# (2) Exhibit E) (Katz, Ori)). Hearing to be held on 9/26/2007 at 2:15 PM San Jose Courtroom 3020 - Weissbrodt for 8, Filed by Debtor The Billing Resource (Rehfeld, Jeffrey) (Entered: 09/22/2007) |
| 09/22/2007 | 44 | Certificate of Service *of Notice of Continued Hearing re Emergency Motion for Use of Cash Collateral and Granting Replacement Liens* (RE: related document(s)43 Notice of Continued Hearing, ). (Rehfeld, Jeffrey) (Entered: 09/22/2007) |
| 09/24/2007 | 45 | Request for Notice *Notice of Appearance and Demand for Notices and Papers* Filed by Creditor Verizon Communications, Inc.. (Laddin, Darryl) (Entered: 09/24/2007) |
| 09/24/2007 | 46 | Request for Notice *and Inclusion in Master Mailing List* Filed by Creditors Intelicom Messaging, Email Discount Network (Goodrich, David) (Entered: 09/24/2007) |
| 09/24/2007 | 47 | Supplemental Document *SUPPLEMENTAL OBJECTION OF PUBLIC COMMUNICATIONS SERVICES TO DEBTOR'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS WITH PROOF OF SERVICE* in (RE: related document(s)8 Motion to Use Cash Collateral). Filed by |

RER-87    3828

| | | |
|---|---|---|
| | | Creditor Public Communications Services, Inc. (Cohen, Leslie) ERROR: WRONG EVENT CODE SELECTED. Modified on 9/25/2007 (aw, ). (Entered: 09/24/2007) |
| 09/24/2007 | 48 | Brief/Memorandum in Opposition to *Motion for Authority to Use Cash Collateral* (RE: related document(s)8 Motion to Use Cash Collateral). Filed by Creditor Federal Trade Commission (Mack, Julie) (Entered: 09/24/2007) |
| 09/24/2007 | 49 | Supplemental Brief/Memorandum in Opposition to *Motion for Authority to Use Cash Collateral; Memorandum of Points and Authorities* (RE: related document(s)[8Motion to Use Cash Collateral). Filed by Creditor David R Chase (Schwartz, Steven) ERROR: INCORRECT LINKAGE. CORRECTIVE ENTRY: COURT CORRECTED INCORRECTED LINKAGE AND MODIFIED DOCKET TEXT TO SHOW CORRECT LINKAGE. Modified on 9/25/2007 (aw, ). (Entered: 09/24/2007) |
| 09/24/2007 | 50 | Second Request To Take Judicial Notice 8Emergency Motion to Use Cash Collateral, 6Application to Designate Ken Dawson, 7Emergency Motion for Order Authorizing Use of Existing Cash Management System and Bank Accounts (RE: related document(s)[). Filed by Creditor David R Chase (Schwartz, Steven) ERROR: INCORRECT LINKAGE. CORRECTIVE ENTRY: COURT CORRECTED INCORRECT LINKAGE AND MODIFIED DOCKET TEXT TO SHOW CORRECT LINKAGE. Modified on 9/25/2007 (aw, ). (Entered: 09/24/2007) |
| 09/24/2007 | 51 | Objection *of Creditors American Premium Warehouse, Total I Project, LLC, Horizon Telecom, Inc., RRV Enterprises, D.D.D. Calling, Inc., Telecom Access Network, Inc., National Toll Free, and Norstar Marketing aka NS Marketing LLC* (RE: related document(s)8 Motion to Use Cash Collateral). Filed by Creditor American Premium Warehouse, et al. (Corréa, Michaeline) (Entered: 09/24/2007) |
| 09/24/2007 | 52 | Supplemental Objection *OF THERMO CREDIT LLC TO EMERGENCY MOTION FOR USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS AND OBJECTIONTO CASH MANAGEMENT ORDER. 8Emergency Motion to Use Cash Collateral and Granting Replacement Liens* Filed by Creditor Thermo Credit LLC (Attachments: # 1 Certificate of Service) (Lapinski, John) ERROR: LINKAGE. CORRECTIVE ENTRY: COURT ADDED LINKAGE AND MODIFIED DOCKET TEXT TO SHOW CORRECT LINKAGE. Modified on 9/25/2007 (aw, ). (Entered: 09/24/2007) |
| 09/24/2007 | 53 | Supplemental Memorandum of Points and Authorities in Support of *Motion to Approve Use of Cash Collateral and in Reply to Certain* |

| | | |
|---|---|---|
| | | *Objections to Such Use* (RE: related document(s)8 Motion to Use Cash Collateral). Filed by Debtor The Billing Resource (Attachments: # 1 Exhibit A# 2 Declaration of Evan Meyer in Support of Supplemental Memorandum# 3 Exhibit A to Declaration of Evan Meyer in Support of Supplemental Memorandum# 4 Declaration of Joe Lynam# 5 Declaration of Evan Meyer re Certain Transactions# 6 Exhibit A to Declaration of Evan Meyer re Certain Transactions# 7 Exhibit B through D to Declaration of Evan Meyer re Certain Transactions# 8 Declaration of Ken Dawson# 9 Exhibit 1, Part A (1 of 2) to Dawson Declaration# 10 Exhibit 1, Part A (2 of 2) to Dawson Declaration# 11 Exhibit 1, Part B to Dawson Declaration# 12 Exhibit 2 and 3 to the Dawson Declaration) (Katz, Ori) (Entered: 09/24/2007) |
| 09/24/2007 | 54 | Joinder *to PCS' Objection to Debtor's Emergency Motion for Use of Cash Collateral* (RE: related document(s)21 Objection,, 52 Objection, ). Filed by Creditor Email Discount Network (Goodrich, David) (Entered: 09/24/2007) |
| 09/24/2007 | 55 | Objection (RE: related document(s)8 Motion to Use Cash Collateral, 7 Motion Miscellaneous Relief). Filed by Creditor POL, Inc. (Attachments: # 1 Declaration Kathryn S. Diemer in Support of Opposition to Objection Debtor's Emergency Motion for Use of Cash Collateral) (Diemer, Kathryn) ERROR: OBJECTION IS NOT SIGNED. Modified on 9/25/2007 (aw, ). (Entered: 09/24/2007) |
| 09/25/2007 | 56 | Objection (RE: related document(s)8 Motion to Use Cash Collateral). Filed by Creditor Network Telephone Services, Inc. (aw, ) (Entered: 09/25/2007) |
| 09/25/2007 | 57 | Exhibit *1 for the Proposed Order Approving Emergency Motion For Order Authorizing Use of Existing Cash Management System and Bank Accounts* Filed by Debtor The Billing Resource (Katz, Ori) ERROR: NO CASE NUMBER OR DEBTOR'S NAME ON EXHIBIT. UNABLE TO DETERMINE IF THE EXHIBIT IS FILED IN THE RIGHT CASE NUMBER. Modified on 9/26/2007 (aw, ). (Entered: 09/25/2007) |
| 09/25/2007 | 58 | Certificate of Service *Blacklined Version of First Amended Stipulation with PaymentOne Corporation Regarding Use of Cash Collateral and Adequate Protection; and Revised Budget* (RE: related document(s)8 Motion to Use Cash Collateral). (Rehfeld, Jeffrey) (Entered: 09/25/2007) |
| 09/25/2007 | 59 | Supplemental Certificate of Service *Notice of Continued Hearing re Emergency Motion for Use of Cash Collateral and Granting Replacement Liens* (RE: related document(s)43 Notice of Continued Hearing, ). (Rehfeld, Jeffrey) (Entered: 09/25/2007) |
| | | |

| 09/25/2007 | 60 | Brief/Memorandum in Opposition to *Emergency Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction and Declaratory Relief* Filed by Creditor David R Chase (Schwartz, Steven) ERROR: FILED INCORRECTLY IN THE MAIN CASE INSTEAD OF THE ADVERSARY PROCEEDING. Modified on 9/26/2007 (aw, ). (Entered: 09/25/2007) |
| 09/25/2007 | 61 | Reply to *to Objection to Cash Collateral Stipulation Filed by Public Communications Services* (RE: related document(s)21 Objection, ). Filed by Creditor Paymentone Corp. (Rinehart, Karen) (Entered: 09/25/2007) |
| 09/25/2007 | 62 | Omnibus Reply to *Objections to Debtor's Emergency Cash Collateral Motion* (RE: related document(s)21 Objection,, 56 Objection, 8 Motion to Use Cash Collateral, 52 Objection,, 41 Objection,, 51 Objection,, 55 Objection, ). Filed by Debtor The Billing Resource (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 63 | Notice Regarding *Emergency Motion filed in USDC, Southern District of Florida* Filed by Debtor The Billing Resource (Attachments: # 1 Exhibit A# 2 Exhibit A, continued# 3 Exhibit A, continued) (Sacks, Steven) (Entered: 09/25/2007) |
| 09/25/2007 | 64 | Certificate of Service (RE: related document(s)63 Notice). (Sacks, Steven) (Entered: 09/25/2007) |
| 09/25/2007 | 65 | Application to Employ Sheppard, Mullin, Richter & Hampton LLP as Debtor's Counsel Filed by Debtor The Billing Resource (Attachments: # 1 Application Part 2# 2 Exhibit A# 3 Exhibit B# 4 Declaration of Michael H. Ahrens) (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 66 | Statement of Disclosure of Compensation Pursuant to Federal Rule of Bankruptcy Procedure 2016(b) (RE: related document(s)65 Application to Employ, ). Filed by Debtor The Billing Resource (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 67 | Certificate of Service *of Blacklined Version of First Amended Stipulation with PaymentOne and Budget* (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 68 | Certificate of Service *by Email* (RE: related document(s)53 Memo of Points & Authorities,,, ). (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 69 | Certificate of Service *by Facsimile* (RE: related document(s)53 Memo of Points & Authorities,,, ). (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | 70 | Certificate of Service *by Overnight Delivery* (RE: related document(s) |

| | | |
|---|---|---|
| | | <u>53</u> Memo of Points & Authorities,,, ). (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | <u>71</u> | Certificate of Service *by Email* (RE: related document(s)<u>62</u> Reply, ). (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | <u>72</u> | Certificate of Service *by Facsimile* (RE: related document(s)<u>62</u> Reply, ). (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | <u>73</u> | Certificate of Service (RE: related document(s)<u>65</u> Application to Employ,, <u>66</u> Statement). (Katz, Ori) (Entered: 09/25/2007) |
| 09/25/2007 | <u>77</u> | Request for Notice Filed by Creditor Network Telephone Services, Inc. (aw, ) (Entered: 09/26/2007) |
| 09/25/2007 | <u>78</u> | Order Apprving Emergency Motion for Miscellaneous Relief(Related Doc # <u>7</u>) (aw, ) Modified on 9/26/2007 to correct filed date (aw, ). (Entered: 09/26/2007) |
| 09/26/2007 | <u>74</u> | Certificate of Service *of Federal Trade Commission's Notice of Pending Enforcement Action and Related Proceedings Against Debtor* (RE: related document(s)<u>38</u> Notice). (Mack, Julie) (Entered: 09/26/2007) |
| 09/26/2007 | <u>75</u> | Certificate of Service *of Federal Trade Commission's Notice of District Court Order Granting Motion for Clarification as to Scope of Stay in FTC Enforcement Action* (RE: related document(s)<u>42</u> Notice, ). (Mack, Julie) (Entered: 09/26/2007) |
| 09/26/2007 | <u>76</u> | Certificate of Service *of Federal Trade Commission's Opposition to Motion for Authority to Use Cash Collateral* (RE: related document (s)<u>48</u> Opposition Brief/Memorandum). (Mack, Julie) (Entered: 09/26/2007) |
| 09/26/2007 | <u>79</u> | First Amended Stipulation With Paymentone Corporation Regarding Use of Cash Collateral and Adequate Protection Filed by Creditor Paymentone Corp. , Debtor The Billing Resource (RE: related document(s)<u>8</u> Motion to Use Cash Collateral) . (aw, ) (Entered: 09/26/2007) |
| 09/26/2007 | <u>80</u> | Order Approving Interim Use of Cash Collateral and Granting Replacement Liens and Approving First Amended Stipulation (RE: related document(s)<u>79</u> Stipulation for Miscellaneous Relief filed by Debtor The Billing Resource, Creditor Paymentone Corp.). (aw, ) (Entered: 09/26/2007) |
| 09/26/2007 | <u>81</u> | Notice of Entry of Order Regarding: *Approving Emergency Motion* |

RER-87    3832

| | | |
|---|---|---|
| | | *for Order Authorizing Use of Existing Cash Management System and Bank Accounts* (RE: related document(s)<u>78</u> Order Apprving Emergency Motion for Miscellaneous Relief(Related Doc # <u>7</u>) (aw, ) Modified on 9/26/2007 to correct filed date (aw, ).). Filed by Debtor The Billing Resource (Attachments: # <u>1</u> Exhibit A) (Ahrens, Michael) (Entered: 09/26/2007) |
| 09/26/2007 | <u>82</u> | Notice of Entry of Order Regarding: *Approving Interim Use of Cash Collateral and Granting Replacement Liens and Approving First Amended Stipulation with PaymentOne Corporation Regarding Use of Cash Collateral and Adequate Protection on an Interim Basis* (RE: related document(s)<u>80</u> Order Approving Interim Use of Cash Collateral and Granting Replacement Liens and Approving First Amended Stipulation (RE: related document(s)<u>79</u> Stipulation for Miscellaneous Relief filed by Debtor The Billing Resource, Creditor Paymentone Corp.). (aw, )). Filed by Debtor The Billing Resource (Attachments: # <u>1</u> Exhibit A# <u>2</u> Exhibit B) (Ahrens, Michael) (Entered: 09/26/2007) |
| 09/26/2007 | | Hearing Continued for a final hearing (RE: related document(s)<u>8</u> Emergency Motion to Use Cash Collateral *and Granting Replacement Liens* Filed by Debtor The Billing Resource, dba Integretel. Hearing to be held on 10/15/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for <u>8</u>, debtor to put approximately $1.7 million into a blocked account which cannot be used without further order of the court; all opposition is withdrawn and the court authorizes use of cash collateral; any new objections to be filed by 10/10/07 and debtor to reply by 12:00 PM on 10/11/07; an Official Unsecured Creditors Committee is to be formed by Monday, 10/1/07. (tb, ) (Entered: 09/27/2007) |
| 09/27/2007 | <u>83</u> | Certificate of Service (RE: related document(s)<u>81</u> Notice of Entry of Order,, <u>82</u> Notice of Entry of Order,, ). (Rehfeld, Jeffrey) (Entered: 09/27/2007) |
| 09/27/2007 | <u>84</u> | Certificate of Service (RE: related document(s)<u>81</u> Notice of Entry of Order,, <u>82</u> Notice of Entry of Order,, ). (Rehfeld, Jeffrey) (Entered: 09/27/2007) |
| 09/27/2007 | <u>85</u> | Supplemental Certificate of Service (RE: related document(s)<u>65</u> Application to Employ, ). (Rehfeld, Jeffrey) (Entered: 09/27/2007) |
| 09/27/2007 | <u>86</u> | Notice of Appearance and Request for Notice by Breck E. Milde. Filed by Creditor INFOTELCO.COM (Milde, Breck) (Entered: 09/27/2007) |
| 09/28/2007 | <u>87</u> | Notice of Appearance and Request for Notice by Jeffrey K. Garfinkle. Filed by Creditor United Online, Inc. (Garfinkle, Jeffrey) (Entered: |